**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AARON RICH<br><br>                      Plaintiff,<br><br>      v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH,<br>AMERICA FIRST MEDIA,<br>and<br>THE WASHINGTON TIMES,<br>                              Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>    Hon. Richard J. Leon |

## JOINT RULE 26(F) CONFERENCE REPORT AND DISCOVERY PLAN

In accordance with Local Rule 16.3(a) and (c) and Federal Rule of Civil Procedure 26(f), a telephone conference was held on May 2, 2018 by and between counsel for Plaintiff Rich and counsel for Defendants Butowsky and The Washington Times ("The Times"). Counsel for Plaintiff Rich held a separate telephone conference on May 7, 2018 with Defendant Couch in his own capacity and as representative for Defendant American First Media ("AFM") as neither has yet appointed counsel in this matter. All parties respectfully submit this joint Local Rule 16.3(d) and Rule 26(f) Conference Report and Discovery Plan. As indicated below, Defendants Butowsky, Couch, and AFM largely adopt the positions of The Times for purposes of this Report. The parties agree that nothing in this Report constitutes a waiver of any kind, including as to any party's right to propound discovery not described in this report or as to any objection to any discovery described in this Report.

1

**1. Dispositive Motions (Local Rule 16.3(c)(1))**

The parties agree that dispositive motions are likely to be filed.  Counsel for Defendant Butowsky indicated that he would be filing a Motion to Dismiss.  Defendant Couch indicated that he and Defendant AFM would be filing a Motion to Dismiss and a Motion to Transfer Venue.  Both the Plaintiff and Defendant The Times indicated that they would file dispositive motions after discovery.  The parties did not agree on whether discovery should begin prior to the Court's ruling on the anticipated motion to dismiss by Defendants Butowsky, Couch and AFM.  The parties' respective positions are set forth below:

a. Plaintiff's Position: The Plaintiff believes it is unlikely that the case will be disposed of by dispositive motions prior to discovery.  The Plaintiff understands that Defendants Butowsky, Couch, and AFM plan to file motions to dismiss, but contends that staying discovery is premature and unnecessary.  Pursuant to Rule 26(c), Defendants Butowsky, Couch, and AFM bear the burden of asking this Court to stay discovery and proving "good cause" exists to do so, including by demonstrating "beyond mere allegations that resources will be conserved by granting the stay." *People With Aids Health Grp. v. Burroughs Wellcome Co.*, No. CIV. A. 91-0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991).   "[B]are assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Id.*  The Plaintiff does not believe there is "good cause" to depart from the ordinary rules of discovery, including because the Plaintiff considers it unlikely that Mr. Butowsky, Mr. Couch, or AFM will prevail on their motions.  Even if the Court determines that staying discovery is warranted pending the resolution of Defendant Butowsky, Couch, and AFM's motions to dismiss, it should limit the stay to Defendants Butowsky, Couch, and AFM.  There is no reason to stay discovery as to The Times given that it does not intend to file pre-discovery dispositive motions.

2

b.  <u>Defendant The Times' Position:</u> The Times thinks that it is most appropriate that discovery be stayed until the Court has an opportunity to consider and rule upon Defendant Butowsky's jurisdictional motion and to consider and rule upon the motions to dismiss and/or transfer to be filed by Defendants Couch and AFM. Defendant Butowsky ought not have to participate in discovery, The Times respectfully submits, unless and until the Court determines that it properly has jurisdiction over him, and discovery ought not proceed until the Court determines the proper venue.  The Times respectfully submits that it would be inefficient for the other parties to begin discovery in the absence of Defendant Butowsky's participation, particularly in the event that any depositions are scheduled or held before a determination is made as to whether Defendant Butowsky is properly in the case.  If Defendant Butowsky is not participating in discovery until that determination is made, it seems possible that that could result in the need to take discovery for a second time – particularly if any depositions were taken as to which Defendant Butowsky did not participate.

c.  <u>Defendant Butowsky's Position</u>:  Defendant Butowsky adopts the position of The Times.

d.  <u>Defendant Couch's Position:</u>  Defendant Couch adopts the position of The Times.

e.  <u>Defendant AFM's Position:</u>  Defendant AFM adopts the position of The Times.

**2.  Joinder of Parties, Amendments, Stipulation to Facts or Legal Issues (Local Rule 16.3(c)(2))**

All parties agree that other parties shall be joined or the pleadings amended by July 10, 2018 absent modification by stipulation of the parties or by the Court for good cause shown.  The

parties reserve the right to seek an enlargement of the case schedule should either circumstance occur.

All parties agree that there very likely are certain factual and/or legal issues that will not be in dispute.  The parties plan to confer on a stipulation as to the specific issues and, if agreement is reached by and among all parties, will file the stipulation with the Court.  While there is an agreed-upon preference to not file piecemeal stipulations, the parties are amenable to considering an initial stipulation.

**3.  Assignment to Magistrate (Local Rule 16.3(c)(3))**

None of the parties consent to the case being assigned to a magistrate judge for all purposes.

**4.  Likelihood of Settlement (Local Rule 16.3(c)(4))**

All parties are amenable to the possibility of settlement, but the parties are not presently prepared to settle.  The parties will promptly apprise the Court if the case or any portions of it are resolved by settlement or significant progress is made.

    a.  <u>Defendant Couch's Position:</u>  Defendant Couch finds it unlikely to reach a settlement until the Court has ruled on Motion to Dismiss.

    b.  <u>Defendant AFM's Position:</u>  Defendant AFM finds it unlikely to reach a settlement until the Court has ruled on Motion to Dismiss.

**5.  Alternative Dispute Resolution (Local Rule 16.3(c)(5))**

All parties would be willing to explore the possibility of ADR at a future date, but agree that the case would not currently benefit from ADR.  Counsel for the Plaintiff and Defendants

Butowsky and The Times represent that they have consulted with their respective clients regarding ADR.  The parties' respective positions are set forth below:

    a.  <u>Plaintiff's Position</u>:  The Plaintiff believes that ADR would benefit the case only after judicial resolution of key legal issues and/or discovery is substantially completed. The Plaintiff would consider ADR prior to those points, however, if agreement is reached with any of the Defendants regarding undisputed legal and/or factual issues.

    b.  <u>Defendant The Times' Position</u>:  The Times believes that the parties should consider whether ADR would be beneficial after the Court makes a determination as to whether Defendant Butowsky is properly within this case and determines the proper venue.  If consideration at that time were deemed to be premature, then perhaps at some midpoint through discovery ADR could prove to be beneficial.

    c.  <u>Defendant Butowsky's Position</u>: Defendant Butowsky adopts the position of The Times.

    d.  <u>Defendant Couch's Position</u>:  Defendant Couch adopts the position of The Times.

    e.  <u>Defendant AFM's Position</u>:  Defendant AFM adopts the position of The Times.

**6.  Summary Judgment and Dispositive Motions Deadlines (Local Rule 16.3(c)(6))**

As discussed previously, the parties were unable to reach agreement on the likelihood that the case will be disposed of by dispositive motions. The parties also were unable to reach agreement on the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.  The parties' respective positions are set forth below:

    a.  <u>Plaintiff's Position</u>: Disposing of the case would be appropriate only after discovery is completed.  As discussed below, the Plaintiff is proposing a trial within 10 months

of the Rule 26(f) scheduling conference (March 4, 2019).  As such, it proposes the following schedule for purposes of dispositive motions:

| Motion to Dismiss (already set by the Court) | May 17, 2018 |
| Opposition to Motion to Dismiss (already set by the Court) | June 7, 2018 |
| Reply in Favor of Motion to Dismiss | June 14, 2018 |
| Proposed Date for Decision on Motion to Dismiss | July 12, 2018 |
| Motion for Summary Judgment | November 5, 2018 |
| Opposition to Motion for Summary Judgment | December 3, 2018 |
| Reply in Favor of Motion for Summary Judgment | December 17, 2018 |
| Proposed Date for Decision on Motion for Summary Judgment | January 14, 2019 |

b. <u>Defendant The Times' Position:</u>  The Times submits that the schedule proposed by Plaintiff does not afford sufficient time for discovery, particularly considering the upcoming vacation season, July and August, and potential discovery motions that may be before the Court.

| Motion to Dismiss (already set by the Court) | May 17, 2018 |
| Opposition to Motion to Dismiss (already set by the Court) | June 7, 2018 |
| Reply in Favor of Motion to Dismiss | June 14, 2018 |
| Proposed Date for Decision on Motion to Dismiss | July 12, 2018 |
| Motion for Summary Judgment | April 12, 2019 |
| Opposition to Motion for Summary Judgment | May 15, 2019 |
| Reply in Favor of Motion for Summary Judgment | May 29, 2019 |
| Proposed Date for Decision on Motion for Summary Judgment | July 1, 2019 |

    c.  <u>Defendant Butowsky's Position:</u> Defendant Butowsky adopts the position of The Times.

    d.  <u>Defendant Couch's Position:</u> Defendant Couch adopts the position of The Times.

    e.  <u>Defendant AFM's Position:</u>  Defendant AFM adopts the position of The Times.

**7.  Initial Disclosures (Local Rule 16.3(c)(7); Federal Rule 26(f)(3)(A))**

The parties were unable to reach agreement on the timing for initial disclosures.

    a.  <u>Plaintiff's Position:</u> The parties should file initial disclosures by May 23, which provides a one-week extension to the deadline provided for in Local Rule 26.2 and would mark nearly two months since the filing of Plaintiff's Complaint.  During the Rule 26(f) Conference, the Plaintiff proposed that initial disclosures be submitted contemporaneously to this Report as contemplated by Local Rule 26.2 and, alternatively, proposed a May 23 deadline.  At that time, the Plaintiff and Defendants Butowsky and The Times agreed to move the initial disclosure deadline to May 30. Defendant Couch separately agreed to the May 30 deadline.  On May 15, Defendant Butowsky indicated his altered position (moving the initial disclosure deadline until after a decision on motions to dismiss), to which the other Defendants subsequently agreed.  The Plaintiff does not agree to postpone initial disclosures pending a ruling on a motion to dismiss and sees no reason to depart from the timelines established by the Federal Rules and the ordinary rules of discovery.

    b.  <u>Defendant The Times' Position:</u>  Defendant The Times adopts the position of Defendant Butowsky.

    c.  <u>Defendant Butowsky's Position:</u>  Initial disclosures should be due ten days after the Court rules on Mr. Butowsky's motion to dismiss for lack of jurisdiction.

    d.  <u>Defendant Couch's Position:</u>  Defendant Couch adopts the position of Defendant Butowsky.

e. <u>Defendant AFM's Position:</u>   Defendant AFM adopts the position of Defendant Butowsky.

## 8.  Joint Discovery Plan (Local Rule 16.3(c)(8); Federal Rule 26(f)(3))

i.   *Subjects of Discovery (Federal Rule 26(f)(3)(B))*

All parties agree that the Plaintiff's Complaint and the responsive answer(s) and the claims, issues, defenses and allegations in this case set forth the scope and subjects of discovery.

ii.   *Extent/Limits (Local Rule 16.3(c)(8); Federal Rule 26(f)(3)(B))*

All parties agree that discovery should be conducted in two phases: 1) fact discovery and 2) expert discovery.  Expert discovery would commence at the close of fact discovery.  The parties agree to meet and confer about the appropriate number of Requests for Admission and will inform the Court of that agreement at a later date.  The parties did not reach an agreement as to the number of depositions and interrogatories.  The parties' respective positions are set forth below:

a. <u>Plaintiff's Position:</u>   The Plaintiff would agree to adopt the limits regarding depositions (10 per side) set forth in Rule 30(2) and Local Rule 26.2(b), and the limits of interrogatories (25 per side) set forth in Rule 33(a) and Local Rule 26.2(b).  The Plaintiff is amenable to modifying the limits, as long as the number of depositions and interrogatories to which the Plaintiff would be entitled is reciprocal.  For example, if two Defendants requested 15 depositions and 15 interrogatories, and one Defendant requested 20 depositions and 20 interrogatories, the Plaintiff would request 20 interrogatories as to the one Defendant (requesting 20), 15 interrogatories each as to the two Defendants (requesting 15), and a limit of 50 depositions in total. The Plaintiff proposes that the parties may alter the one-day, seven-hour limit on depositions by agreement; however, an additional day with a single deponent will

8

count as two depositions.  Should a party designate two separate witnesses to address a single request for a 30(b)(6) witness, both depositions shall count as one.

b.  <u>Defendant The Times' Position</u>:  There are multiple Defendants in this case, each defending, to an extent, against different claims and each addressing different issues. The Defendants here are not precisely aligned by any stretch.  Nor are they represented by the same counsel or otherwise share a common defense as to all claims.  In these circumstances, The Times respectfully submits that a per side allocation or allowance of, for example, depositions to be taken or interrogatories to be propounded is inappropriate and would likely be prejudicial to it and the other Defendants.  Accordingly, The Times requests that it be allowed to take twenty (20) fact depositions, plus additional expert witness depositions, and that The Times be allowed to propound forty (40) interrogatories.  The Times anticipates that it will request consent by Plaintiff to alter the one day seven-hour limit on depositions, at least with respect to the deposition of Plaintiff, and perhaps others.  As each party will have a right and opportunity to question a deponent, it seems entirely possible that the seven-hour limit may need to be adjusted on a deposition-by-deposition basis so that no party is deprived of a fair opportunity to inquire.  In these circumstances, The Times does not agree that a deposition that carries over, for example, to a second day should be deemed to count as two depositions.

c.  <u>Defendant Butowsky's Position</u>: Defendant Butowsky adopts the position of The Times.

d.  <u>Defendant Couch's Position</u>: Defendant Couch adopts the position of The Times.

e.  <u>Defendant AFM's Position</u>:  Defendant AFM adopts the position of The Times.

iii.    *Length/Timing (Local Rule 16.3(c)(8); Federal Rule 26(f)(3)(B)*

The parties were unable to agree on the length or timing of discovery.  The parties'

respective positions are set forth below:

a.    Plaintiff's Position: The Plaintiff estimates a trial length of ten days, and proposes a

trial start date within 10 months of the Rule 26(f) conference with the following

discovery schedule:

| Rule 26(f) Conference | May 2, 2018 | Within 10 months of Trial. |
|---|---|---|
| Close of Fact Discovery (including answers to interrogatories, document production, requests for admissions, and depositions) | August 25, 2018 | 150 Days Prior to trial. |
| Opening Expert Reports | September 14, 2018 | 130 Days Prior to Trial |
| Rebuttal Expert Reports | October 14, 2018 | 100 Days Prior to Trial |
| Complete Expert Discovery | October 29, 2018 | 85 Days Prior to Trial |
| Trial | March 4, 2019 | Within 10 months of Rule 26(f) Conference |

b.    Defendant The Times' Position:  The Times estimates that trial, particularly before a

jury, is likely to take not less than two weeks and proposes a trial date that affords the

parties a reasonable opportunity to take discovery, to file dispositive motions, and for

the Court to consider and rule upon those dispositive motions:

| Rule 26(f) Conference | May 2, 2018 |
|---|---|
| Close of Fact Discovery (including answers to interrogatories, document production, requests for admissions, and depositions) | January 15, 2019 |
| Opening Expert Reports | January 30, 2019 |
| Rebuttal Expert Reports | February 20, 2019 |
| Complete Expert Discovery | March 15, 2019 |
| Pretrial Conference | August 30, 2019 |
| Trial | October 30, 2019 |

c.  Defendant Butowsky's Position: Defendant Butowsky adopts the position of The Times.

a.  Defendant Couch's Position: Defendant Couch adopts the position of The Times.

b.  Defendant AFM's Position:  Defendant AFM adopts the position of The Times.

## 9.  Electronic Information (Local Rule 16.3(c)(9); Federal Rule 26(f)(3)(C))

All parties agree to meet and confer to establish a robust ESI protocol to be entered by the Court.  All parties agree that the parties should be preserving relevant information and all parties represent that each is taking appropriate steps to preserve such information.

## 10. Privilege or Protective Order (Local Rule 16.3(c)(10); Federal Rule 26(f)(3)(D); (F))

All parties are amenable to establishing a procedure by which the parties will endeavor to resolve any issues about claims of privilege or of protection as trial-preparation materials.  The parties will meet and confer and upon reaching an agreement will submit it to the Court to include in an Order.  All parties also agree that a confidentiality order is appropriate in this case. The parties will meet and confer, and submit a proposed confidentiality order, or competing proposed orders, to the Court this month.

## 11. Expert Reports/Depositions (Local Rule 16.3(c)(11))

All parties agree that expert discovery should take place after the close of fact discovery, should include depositions, and that it is unnecessary to alter the requirements for exchange of expert reports or other information as provide by Rule 26(a)(2).  The parties were unable to reach agreement as to the specific dates for expert discovery.  The parties' respective positions are set forth below:

a. <u>Plaintiff's Position:</u> As the schedule proposed below indicates, both sides would disclose expert testimony via opening expert reports 105 days prior to trial (in excess of the 90-day requirement in Rule 26(a)(2)(D)(i)), and rebuttal reports would be due within 30 days (as required by Rule 26(a)(2)(D)(ii)).  The Plaintiff believes depositions should occur between the date proposed for rebuttal reports and the close of expert discovery:

| Opening Expert Reports | September 14, 2018 | 130 Days Prior to Trial |
| Rebuttal Expert Reports | October 14, 2018 | 100 Days Prior to Trial |
| Complete Expert Discovery | October 29, 2018 | 85 Days Prior to Trial |

b. <u>Defendant The Times' Position:</u>  The Times proposes the following schedule for experts.  The Times also believes that depositions should occur between the date proposed for rebuttal reports and the close of expert discovery.

| Opening Expert Reports | January 30, 2019 |
| Rebuttal Expert Reports | February 20, 2019 |
| Complete Expert Discovery | March 15, 2019 |

c. <u>Defendant Butowsky's Position:</u> Defendant Butowsky adopts the position of The Times.

d. <u>Defendant Couch's Position</u>: Defendant Couch adopts the position of The Times.

e. <u>Defendant AFM's Position:</u>  Defendant AFM adopts the position of The Times.

**12. Class Actions (Local Rule 16.3(c)(12)**: Not Applicable.

**13. Trial (Local Rule 16.3(c)(13))**

All parties agree that neither trial nor discovery should be bifurcated.

**14. Pre-Trial Conference Date (Local Rule 16.3(c)(14))**

All parties agree that a pretrial conference should be held on or shortly after resolution of the last-filed dispositive motion, meaning the pretrial conference could be held approximately 60 days before trial.

**15. Proposed Scheduling Order (Local Rule 16.3(c)(15))**

All parties agree that the Court should set a firm trial date at the first scheduling conference.

**16. Other Matters (Local Rule 16.3(c)(15))**

The parties will promptly apprise the Court of any other matters that should be addressed in the scheduling order.

Respectfully Submitted,

DATED:   May 16, 2018


/s/ *Michael J. Gottlieb*                              /s/ *Allen V. Farber*

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)    ALLEN V. FARBER (D.C. Bar No. 912865)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)   JAMES A. BARKER (D.C. Bar No. 410974)
ANDREA R. FLORES (*Admission Pending*)       Drinker Biddle & Reath LLP
1401 New York Ave NW                         1500 K Street, NW
Washington, DC  20005                        Suite 1100
Tel: (202) 237-2727                          Washington, DC 20005
Fax: (202) 237-6131                          Tel:  (202) 230-5154
mgottlieb@bsfllp.com                         Fax:  (202) 230-5354
mgovernski@bsfllp.com                        Allen.farber@dbr.com
aflores@bsfllp.com                           James.barker@dbr.com


BOIES SCHILLER FLEXNER LLP                   *Attorneys for Defendant, The Washington Times*
RANDALL JACKSON (D.C. Bar No. 490798)
575 Lexington Ave                            /s/ *Ty Clevenger*
7th Floor
New York, NY 10022                           TY CLEVENGER (Texas Bar No. 24034380)*
Tel: (212) 303-3650                          P.O. Box 20753
Fax: (323) 446-2350                          Brooklyn, New York 11202-0753
rjackson@bsfllp.com                          Telephone: (979) 985-5289
                                             Facsimile: (979) 530-9523
                                             Email: tyclevenger@yahoo.com
*Attorneys for Plaintiff Aaron Rich*
                                             *Counsel for Defendant Edward Butowsky*
                                             * Applying for admission pro hac vice.


                                             /s/ *Matthew Couch*

                                             MATTHEW COUCH
                                             2300 West Ash Street
                                             Rogers, AR 72758
                                             Tel: (479) 601-9740
                                             mattcouch@af-mg.com


                                             *In his own capacity as Defendant and on behalf of*
                                             *Defendant AFM pending appointment of counsel*

14

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>             Plaintiff,<br><br>    v.<br><br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH,<br>AMERICA FIRST MEDIA,<br>and<br>THE WASHINGTON TIMES,<br>             Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

## [PLAINTIFF'S PROPOSED] SCHEDULING ORDER

IT IS HEREBY ORDERED that the following Scheduling Order is entered, subject to the rights of the parties to modify the schedule by stipulation and the right of any party to request that the Court modify the Scheduling Order for good cause shown:

| | |
|---|---|
| Rule 26(a)(1) Initial Disclosures | May 23, 2018 |
| Amendment of pleadings and/or joinder of other parties without leave of Court | July 10, 2018 |
| Motion to Dismiss | May 17, 2018 |
| Opposition to Motion to Dismiss | June 7, 2018 |
| Reply in Favor of Motion to Dismiss | June 14, 2018 |
| Close of Fact Discovery (including answers to interrogatories, document production, requests for admissions, and depositions) | August 15, 2018 |
| Opening Expert Reports | September 14, 2018 |
| Rebuttal Expert Reports | October 14, 2018 |
| Complete Expert Discovery | October 29, 2018 |
| Motion for Summary Judgment | November 5, 2018 |

| Opposition to Motion for Summary Judgment | December 3, 2018 |
|---|---|
| Reply in Favor of Motion for Summary Judgment | December 17, 2018 |
| Pretrial Conference | Within 60 days of Trial |
| Trial | March 4, 2019 |

**SO ORDERED.**

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE
United States District Court for the District
of Columbia

DATED:_____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>               Plaintiff,<br><br>    v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH,<br>AMERICA FIRST MEDIA,<br>and<br>THE WASHINGTON TIMES,<br>               Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**[DEFENDANTS' PROPOSED] SCHEDULING ORDER**

IT IS HEREBY ORDERED that the following Scheduling Order is entered, subject to the

rights of the parties to modify the schedule by stipulation and the right of any party to request

that the Court modify the Scheduling Order for good cause shown:

| | |
|---|---|
| Rule 26(a)(1) Initial Disclosures | Ten days after the Court rules on Mr. Butowsky's motion to dismiss for lack of jurisdiction. |
| Amendment of pleadings and/or joinder of other parties without leave of Court | July 10, 2018 |
| Motion to Dismiss | May 17, 2018 |
| Opposition to Motion to Dismiss | June 7, 2018 |
| Reply in Favor of Motion to Dismiss | June 14, 2018 |
| Close of Fact Discovery (including answers to interrogatories, document production, requests for admissions, and depositions) | January 15, 2019 |
| Opening Expert Reports | January 30, 2019 |
| Rebuttal Expert Reports | February 20, 2019 |
| Complete Expert Discovery | March 15, 2019 |
| Motion for Summary Judgment | April 12, 2019 |

| Opposition to Motion for Summary Judgment | May 15, 2019 |
| Reply in Favor of Motion for Summary Judgment | May 29, 2019 |
| Pretrial Conference | August 30, 2019 |
| Trial | October 30, 2019 |

**SO ORDERED.**

_____

THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE
United States District Court for the District
of Columbia

DATED:_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2018, this document was filed with the Clerk of the

Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which

will automatically generate and serve notices of this filing to all counsel of record.

Additionally, a copy of the foregoing document was emailed to Defendant Butowsky via

counsel at tyclevenger@yahoo.com and to Defendants Couch and AFM via Defendant Couch at

mattcouch@af-mg.com (pending appointment of counsel).  These Defendants consented in

writing to receive filings via email pending registration to receive electronic notification of

filings.

Dated: May 16, 2018

/s/ *Michael J. Gottlieb*

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
mgottlieb@bsfllp.com