## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AARON RICH**, <br><br> Plaintiff, <br><br> vs. <br><br> **EDWARD BUTOWSKY, MATTHEW COUCH, AMERICA FIRST MEDIA** and **THE WASHINGTON TIMES**, <br><br> Defendants | Case No. 1:18-cv-000681 |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

NOW COMES Defendant Edward Butowsky, moving the Court to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction:

### INTRODUCTION

Mr. Butowsky is a resident of Texas who does not have any business relationship with the District of Columbia or its residents. The Plaintiff's COMPLAINT offers conclusory allegations of a wide-ranging conspiracy that involves one Defendant in D.C., namely *The Washington Times*, but the COMPLAINT fails to establish personal jurisdiction over Mr. Butowsky. According to the longstanding case law of this jurisdiction, the Court cannot assert personal jurisdiction over Mr. Butowsky simply because he communicated by telephone with a writer or reporter for a D.C. publication while he (*i.e.*, Mr. Butowsky) was elsewhere.

# ARGUMENT

Under the heading of "Jurisdiction and Venue," the Plaintiff makes a boilerplate accusation against all Defendants collectively: "Defendants have regularly done or solicited business in the District of Columbia; Defendants have engaged in a persistent course of conduct in the District of Columbia; and Defendants derive substantial revenue from goods used or consumed, or services rendered in the District of Columbia." COMPLAINT 11, ¶22. These conclusory accusations are completely false with respect to Mr. Butowsky, *see* DECLARATION OF EDWARD BUTOWSKY ("DECLARATION") (Exhibit 1), and they do not establish personal jurisdiction:

> On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C.Cir.1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C.Cir.2001); *see First Chi. Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988) ("[T]he general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts."). Bare allegations and conclusory statements are insufficient. *Second Amendment*, 274 F.3d at 524. Further, a plaintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any single defendant. *See Rush v. Savchuk*, 444 U.S. 320, 331–32, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980).
>
> In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. However, the court need not treat all of the plaintiff's allegations as true. *Plesha v. Ferguson*, 760 F.Supp.2d 90, 92 (D.D.C.2011). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id*. (internal quotation marks and citation omitted).

*Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, 135–36 (D.D.C. 2016), aff'd, 690 F. App'x 1 (D.C. Cir. 2017). The Plaintiff makes only one specific factual allegation for purposes of establishing jurisdiction over Mr. Butowsky, namely that Mr. Butowsky "encouraged the publication of defamatory content about the Plaintiff in [a] D.C.-based publication." COMPLAINT 10, ¶20.  That allegation is likewise false, and it fails as a matter of law to establish jurisdiction over Mr. Butowsky.

Mr. Butowsky communicated by telephone with the author of the column referenced in Paragraph 9 of the COMPLAINT, and Mr. Butowsky was not in D.C. at the time of those communications. DECLARATION ¶7.  The D.C. Circuit has long held that communications from outside D.C. into D.C. cannot form the basis for personal jurisdiction:

> Plaintiffs contend that the defendant's utterance of the defamatory statements in the course of telephone communications between him in Massachusetts and New York and individuals within the District is sufficient to establish personal jurisdiction for purposes of the present suit. We think otherwise. The defendant's telephone conversations do not amount to tortious acts within the District of Columbia necessary to satisfy the requirements of subsection (a)(3). *Margoles v. Johns*, 483 F.2d 1212 (D.C.Cir.1973), presented a comparable situation. There the plaintiff brought an action for allegedly slanderous comments made in the course of telephone calls placed by the defendant from her office in Wisconsin to the District of Columbia. We rejected the contention that those calls amounted to tortious acts in the District of Columbia, concluding that "[u]nless we wish to delve into a magical mystery tour of 'projecting presences,' we must find that no jurisdiction can be afforded by virtue of section (a)(3)." *Id*. at 1218. Because all of defendant Comnas's acts with respect to the telephone calls took place outside of the District, we find that they do not satisfy (a)(3).
>
> Plaintiffs assert that the telephone conversations in this case nonetheless satisfy (a)(4), since their frequency makes them "a persistent course of conduct." It may indeed—but not, as the statute requires, "a persistent course of conduct in the District." The same non-presence within the District that prevents the calls from

>being an "act within the District" for purposes of (a)(3) prevents them from being a "course of conduct in the District" for purposes of (a)(4). The *Margoles* court considered and rejected a similar argument. *Margoles v. Johns, supra*, 483 F.2d at 1218 n. 10.

*Tavoulareas v. Comnas*, 720 F.2d 192, 193–94 (D.C. Cir. 1983). This Court recently held that "[p]ublishing defamatory statements within the District that were made outside the District does not meet the terms of § 13-423(a)(3) or (4)" of the District's long-arm jurisdiction statute, *Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, 138 (D.D.C. 2016), aff'd. 690 F. App'x 1 (D.C. Cir. 2017), ergo any statements that Mr. Butowsky made from Texas to *The Washington Times* or its writer cannot establish jurisdiciton in D.C.  Meanwhile, the Plaintiff did not suffer any injury in D.C. because "[i]n defamation actions, the injury is deemed to occur where the defamed person is located," *Etchebarne-Bourdin v. Radice*, 982 A.2d 752, 763 (D.C. 2009), citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and the Plaintiff is located in Colorado. COMPLAINT 7, ¶13.

## CONCLUSION

This Court lacks personal jurisdiction over Mr. Butowsky and the claims against him should be dismissed.

>Respectfully submitted,
>
>Respectfully submitted,
>
>/s/     Kenneth A. Martin
>
>Kenneth A. Martin
>The Martin Law Firm
>6718 Whittier Avenue, Suite 200
>McLean, Virginia 22101
>Telephone (703) 918-0350
>Email: Ken@martin-lawfirm.com
>Bar #420600
>**Attorney for Defendant Edward Butowsky**

## CERTIFICATE OF SERVICE

      I certify that I filed the foregoing document on May 17, 2018 using the Court's ECF system, which automatically provides notice to Plaintiff's Counsel and counsel for *The Washington Times*. I further certify that a copy of the foregoing document was provided to Defendants Matt Couch and America First Media via email to mattcouch@af-mg.com on May 17, 2018.

                              **/s/ Kenneth A. Martin**
                              Kenneth A. Martin