

# OFFICE OF BAR COUNSEL

Certified Article Number
7160 3901 9849 0761 3826
SENDERS RECORD

July 13, 2011

Wallace E. Shipp, Jr.
*Bar Counsel*

Elizabeth A. Herman
*Deputy Bar Counsel*

Senior Assistant Bar Counsel
Judith Hetherton
Julia L. Porter

*Assistant Bar Counsel*
Joseph N. Bowman
Ross T. Dicker
Gayle Marie Brown Driver
Hamilton P. Fox, III
Catherine L. Kello
Becky Neal
William Ross
H. Clay Smith, III
Traci M. Tait

*Senior Staff Attorney*
Lawrence K. Bloom
Dolores Dorsainvil
Joseph C. Perry
Mary-Helen Perry

Richard W. Balsamo, Esquire
1455 Pennsylvania Avenue, NW
Washington, D.C. 20004

*via certified and regular mail*

Re:   ***Richard W. Balsamo, Esquire***
D.C. Bar Membership No. 248823
Bar Docket No. 2010-D433

Dear Mr. Balsamo:

This office has completed its investigation of the above-referenced matter. We find that your conduct reflected a disregard of certain ethical standards under the District of Columbia Rules of Professional Conduct (the "Rules"). We are therefore, issuing you this Informal Admonition pursuant to D. C. Bar Rule XI, §§ 3, 6, and 8.

Based upon our investigation of this matter, we conclude that you violated Rules 3.3(a)(1) and 8.4(c). These Rules state, respectively, that,

> A lawyer shall not knowingly make a false statement of fact or law to a tribunal, or fail to correct a false statement of material fact of law previously made to the tribunal by the lawyer . . . .

and,

> It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

We find that, in connection with a matter where you were representing a client, you filed a motion for *pro hac vice* admission to the District Court of the Virgin Islands, Division of St. Croix. In that motion, you stated,

> However, I was formerly a member of the bar of the United States District Court for the District of Colorado and lost my admission to that Bar automatically upon a 30-day suspension which arose in

Richard W. Balsamo, Esquire
Bar Docket No. 2010-D433
Page 2

the District of Columbia in connection with the one-day late filing of an appellate brief.

The wording of this statement makes it appear that you were suspended for 30 days in the District of Columbia because you filed a brief one day out of time and for no other reason. Actually, the grounds for the suspension, while they may have arisen because of a late-filed brief, included several misrepresentations to the court and conduct that seriously interfered with the administration of justice. Therefore, your *pro hac vice* motion was a misrepresentation by omission and a false statement to the tribunal. Further, when questioned by the federal court in the Virgin Islands, you failed to clarify the misrepresentation by omission.

In deciding to issue this letter of Informal Admonition rather than institute formal disciplinary charges against you, we have taken into consideration that you took this matter seriously, that you cooperated with our investigation, that the misrepresentation was by omission rather than an affirmative misrepresentation and that you have accepted responsibility for your misconduct including by accepting this Informal Admonition.

If you would like to have a formal hearing, you must submit a written request for a hearing within 14 days of the date of this letter to the Office of Bar Counsel, with a copy to the Board on Professional Responsibility, unless Bar Counsel grants an extension of time. If a hearing is requested, this Informal Admonition will be vacated and Bar Counsel will institute formal charges pursuant to D.C. Bar R. XI, §§ 8(b) and (c). The case will then be assigned to a Hearing Committee and a hearing will be scheduled by the Executive Attorney for the Board on Professional Responsibility pursuant to D.C. Bar R. XI, § 8(c). Such a hearing could result in a recommendation to dismiss the charges against you or a recommendation for a finding of culpability, in which case the sanction recommended by the Hearing Committee is not limited to an Informal Admonition.

Sincerely,

Wallace E. Shipp, Jr.
Bar Counsel

Enclosure: Attachment letter to Informal Admonition

cc: P.U. (w/o enclosure)

WES/EAH/jnb