## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**AARON RICH**,

     Plaintiff,

vs.

**EDWARD BUTOWSKY, MATTHEW COUCH, AMERICA FIRST MEDIA and THE WASHINGTON TIMES,**

     Defendants

**Case No. 1:18-cv-000681**

## DEFENDANT EDWARD BUTOWSKY'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

NOW COMES Defendant Edward Butowsky, replying in support of his MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION pursuant to Fed. R. Civ. P. 12(b)(2):

### INTRODUCTION

As a preliminary matter, Mr. Butowsky respectfully encourages the Court to review the cases cited by the Plaintiff very carefully. The Plaintiff repeatedly cherry picks quotes that seem to support his argument while omitting the facts that undermine or refute his argument. On the other hand, the Plaintiff deserves credit for acknowledging the adverse authority found at *Capel v. Capel*, 272 F.Supp.3d 33, 39 (2017), because that case is fatal to his claim of personal jurisdiction over Mr. Butowsky.

In *Capel*, this Court rejected exactly the sort of argument that the Plaintiff is asserting in this case:

- 1 -

Our Circuit has held that D.C. Code § 13–423(a)(3) "requires that both act and injury occur in the District of Columbia" and that "the situs of the injury is the location of the original event which caused the injury, *not* the location where the resultant damages are subsequently felt by the plaintiff." *Helmer*, 393 F.3d at 208 (emphasis added) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). In the defamation context, the relevant act is the "uttering [of] defamatory statements." *Moncrief v. Lexington Herald–Leader Co.*, 807 F.2d 217, 220 (D.C. Cir. 1986). And merely "alleging that 'the brunt of the injury, in particular the damage to [plaintiff's] professional reputation, occurred in Washington, D.C.' falls far short of triggering subsection (a)(3) of the long-arm statute." *Forras*, 812 F.3d at 1107 (quoting *Moncrief*, 807 F.2d at 221 n.7).

Here, plaintiffs have not alleged that Ms. Capel or Norman [*i.e.*, the defendants] were in the District of Columbia when the defamatory statements were allegedly made. Similarly, the fact that Mr. Capel may have lived in D.C. when Ms. Capel allegedly made misrepresentations to him is insufficient to establish personal jurisdiction because the relevant act occurred outside of the District. *See Helmer*, 393 F.3d at 208. And our Circuit has made clear that defamatory statements made via a telephone call from a non-resident into the District are not sufficient to establish personal jurisdiction under subsection (a)(3). *Tavoulareas v. Comnas*, 720 F.2d 192, 193–94 (D.C. Cir. 1983) (Scalia, J.) (affirming dismissal for lack of personal jurisdiction where non-resident defendant placed phone calls from outside the District to individuals within the District). Thus, plaintiffs have failed to state facts sufficient to establish personal jurisdiction over Ms. Capel pursuant to the "tortious activity" provision of the statute.

272 F. Supp. 3d at 40. At its core, the Plaintiff's argument for jurisdiction is that "the brunt of the injury, in particular the damage to [plaintiff's] professional reputation, occurred in Washington, D.C." Accordingly, he has failed to establish personal jurisdiction.

## ARGUMENT

The Plaintiff glosses over the authorities cited by Mr. Butowsky, instead offering isolated quotes from cases that are easily distinguishable. In an effort to prove a nexus between Mr. Butowsky and D.C., for example, he cites *Shoppers Food Warehouse v.*

*Moreno*, 746 A.2d 320 (D.C. 2000), a slip-and-fall case between a District resident and a Maryland grocery chain that heavily advertised in the District. That's not remotely similar to the facts of this case, where *neither* party is located in the District. Equally dissimilar is *Rundquist v. Vapiano SE*, 2012 WL 5954706, at *8 (D.D.C. Nov. 9, 2012), a copyright case where an artist sued an international company that used her photographs in D.C. restaurants. *Blumenthal v. Drudge*, 992 F.Supp. 44, 54 (D.D.C. 1998) is *slightly* more comparable because it is a defamation case, but the injury occurred in the District because the defendants were District residents. As noted above, neither the Plaintiff nor Mr. Butowsky are residents of the District.

The Plaintiff relies on *Akbar v. New York Magazine Co.*, 490 F. Supp. 60 (D.D.C. 1980) to establish jurisdiction under D.C. Code 13-423(a)(4), but that reliance is badly misplaced.  Unlike *New York Magazine*, Mr. Butowsky is not a publisher who conducted business in the District. As noted in his original motion to dismiss, Mr. Butowsky has not published anything, and he has not conducted business in the District at all.  Mr. Butowksy would direct the Court's attention to *Formica v. Cascade Candle Co.*, 125 F. Supp. 2d 552, 554 (D.D.C. 2001), where the Court distinguished several of the cases cited by the Plaintiff, including *Akbar*. "In [*Akbar* and two other cases], the Court not only found that substantial revenue had been derived from the small number of sales that occurred, but as required by statute, there was no question that the injury complained of had occurred in the District of Columbia." *Formica*, 125 F. Supp. 2d 552, 554.  In this

case, by contrast, Mr. Butowsky did not derive *any* revenue from the District, while the "injury complained of" did *not* occur in the District.

The Plaintiff cites Paragraph 3 of his COMPLAINT for the premise that his "livelihood has been based in D.C. since the day he graduated from college." MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS 12 ("MEMORANDUM").  His Complaint says nothing of the sort.  It reads as follows:

> Aaron is an intensely private person who has devoted his entire professional life to protecting U.S. national security. Since 2004, he has worked for the same U.S. defense contractor. Consistent with his professional obligations, Aaron has eschewed public attention throughout his adult life. Although he was horrified by the allegations about his brother, Aaron has kept private his disagreement with scores of individuals who took to social media and Internet discussion forums to accuse Seth of having conspired with WikiLeaks to defraud his former employer.

COMPLAINT 3, ¶3. In support of Plaintiff's argument that his "livelihood is based in D.C.," he writes, "the federal agencies and clients with whom Aaron works are located in the D.C. Metropolitan area," and "[t]he federal agencies and clients that grant and adjudicate Aaron's security clearance are located in D.C." MEMORANDUM, 12. That's ridiculous. Under the Plaintiff's theory, anyone who holds a security clearance or gets a Social Security check could argue that his or her "livelihood has been based in D.C." And his quote from *Crane v. New York Zoological Society*, 894 F.2d 454, 457-458 (D.C. Cir. 1990) provides another example of Plaintiff quoting the Court's holdings out of context. In *Crane*, as in *Drudge*, the defamation claim was asserted by a D.C. resident.  *Steinberg v. Int'l Criminal Police Org.*, 627 F.2d 927 (D.C. Cir. 1981) is likewise inapposite because the defendant had a contractual relationship to share information with the U.S. Department of Justice.  In contrast, Mr. Butowsky has no contract to do anything with

anybody in D.C.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1980) is readily

distinguishable for the same reason as *Akbar*:  Mr. Butowsky is not a publisher, and he

has not sold or published anything in D.C.

D.C. Code ¶13-423(a)(4) permits D.C. courts to exercise jurisdiction where the

defendant caused "tortious injury in the District of Columbia by an act or omission

outside the District of Columbia if he regularly does or solicits business, engages in any

other persistent course of conduct, or derives substantial revenue from goods used or

consumed, or services rendered, in the District of Columbia." In an attempt to connect

Mr. Butowsky to D.C. via a "persistent course of conduct," Plaintiff misrepresents Mr.

Butowsky's activities in the District. Mr. Butowsky indeed meets with people in D.C.

from time to time about political or personal matters, but that is a far cry from "doing

business" in D.C.

The Plaintiff next relies on *Dooley v. United Techs. Corp.*, 786 F.Supp. 65, 72

(D.D.C. 1992) and *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 511 (D.C. Cir.

2002) for the premise that phone calls into the District are sufficient to confer

jurisdiction, but these are only two more examples of incomplete quotes.  Both Dooley

and Gorman involved defendants who used telephone or internet to conduct ongoing,

commercial business in the District. That's a far cry from being interviewed by an op-ed

writer in D.C.  The Plaintiff's quote from *Calder v. Jones*, 465 U.S. 783, 788–89 (1984) is

equally misleading. In *Calder*, the Supreme Court upheld jurisdiction in California over

Florida residents where the damage was inflicted in California on a California resident. The Plaintiff in this case is not a resident of the forum where Plaintiff brings suit.

Ironically, the Plaintiff sues the Defendants for allegedly peddling conspiracy theories, even as the Plaintiff himself asserts jurisdiction on the basis of some ill-defined conspiracy involving Mr. Butowsky and *The Washington Times*.  In his declaration in support of the motion to dismiss, however, Mr. Butowsky explained the extent of his "relationship" with *The Washington Times*: he granted an interview. That is not a conspiracy.  The Plaintiff, however, seeks discovery on the theory that it would produce "emails from Butowsky repeatedly attempting to arrange meetings in D.C. with members of the Rich family and related acquaintances," MEMORANDUM 35. That begs a question: since the Plaintiff is part of the Rich family, why didn't he produce those emails as exhibits to his MEMORANDUM? And why didn't he attach his own declaration in support of the MEMORANDUM? Mr. Rich had an opportunity to demonstrate the Plaintiff's connections to D.C., and he squandered it.  He should not be rewarded with additional time and delay.

## CONCLUSION

This Court lacks personal jurisdiction over Mr. Butowsky and the claims against him should be dismissed.  He has not demonstrated any diligence in supporting his claim for jurisdiction, therefore his request for discovery should be denied.

Respectfully submitted,

/s/      Kenneth A. Martin
Kenneth A. Martin
The Martin Law Firm
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
Telephone (703) 918-0350
Email: Ken@martin-lawfirm.com
Bar #420600

**Attorney for Defendant Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on June 15, 2018 using the Court's ECF system, which automatically provides notice to Plaintiff's Counsel and counsel for *The Washington Times*. I further certify that a copy of the foregoing document was provided to Defendants Matt Couch and America First Media via email to mattcouch@af-mg.com on June 15, 2018.

**/s/ Kenneth A. Martin**
Kenneth A. Martin