UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH,<br>AMERICA FIRST MEDIA,<br>and<br>THE WASHINGTON TIMES,<br>　　　　　　Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon<br><br>**PLAINTIFF AARON RICH'S NOTICE OF SUBPOENA DUCES TECUM TO NONPARTY TWITTER INC.** |

**TO:**

**DRINKER BIDDLE & REATH LLP**
Allen V. Farber
James A. Barker, Jr.
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C. 20005
*Counsel for Defendant The Washington Times*

**TY CLEVENGER**
P.O. Box 20753
Brooklyn, New York 11202-0753
*Counsel for Defendant Edward Butowsky*

**MATTHEW COUCH**
2300 West Ash Street
Rogers, AR 72758
Tel: (479) 601-9740
mattcouch@af-mg.com
*In his own capacity as Defendant and on behalf of Defendant AFM pending appointment of counsel*

## **NOTICE OF INTENT TO SERVE THIRD-PARTY SUBPOENA**

TO ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Aaron Rich intends to serve a third-party subpoena on Twitter C/O CT Corporation System. The subpoena is attached to this Notice.

Dated: June 1, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Michael J. Gottlieb*
Michal J. Gottlieb
D.C. Bar No. 974960
mgottlieb@bsfllp.com
Meryl C. Governski
D.C. Bar No. 1023549
mgovernski@bsfllp.com
Andrea R. Flores (*Admission Pending*)
aflores@bsfllp.com
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Randall Jackson
D.C. Bar No. 490798
rjackson@bsfllp.com
Boies Schiller Flexner LLP
575 Lexington Ave
7th Floor
New York, NY 10022
Telephone: (212) 303-3650
Facsimile: (323) 446-2350

*Attorneys for Plaintiff Aaron Rich*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.

Additionally, a copy of the foregoing document was emailed to Defendants Couch and AFM via Defendant Couch at mattcouch@af-mg.com (pending appointment of counsel).  These Defendants consented in writing to receive filings via email pending registration to receive electronic notification of filings.

Dated: June 1, 2018

/s/ *Michael J. Gottlieb*

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
mgottlieb@bsfllp.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Aaron Rich | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-00681-RJL |
| Edward Butowsky et al. | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Twitter C/O CT Corporation System

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Boies Schiller Flexner LLP<br>1401 New York Ave.<br>Washington, D.C. 20005 | Date and Time:<br>06/15/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/01/2018

*CLERK OF COURT*

OR  /s/ signature

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Aaron Rich , who issues or requests this subpoena, are:

Michael Gottlieb, 1401 New York Ave NW, Washington D.C. 20015, mgottlieb@bsfllp.com, 202-237-2727

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00681-RJL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH

                Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,
and
THE WASHINGTON TIMES,

                Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## PLAINTIFF'S SUBPOENA FOR DOCUMENTS TO TWITTER INC.

YOU ARE HEREBY COMMANDED, pursuant to Federal Rule of Civil Procedure 45, to produce the documents and things designated herein for inspection at the offices of Boies Schiller Flexner LLP, 1401 New York Ave. Washington D.C. 20005, within 14 days of service, as provided under the Federal Rules of Civil Procedure. This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## GENERAL DEFINITIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following definitions shall apply:

1.    Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such

1

words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

2. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

4. The present tense shall be construed to include the past tense and vice-versa. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

5. The word "any" shall be construed to include "all" and vice-versa.

6. The term "concerning" means "relating to," "referring to," "describing," "evidencing," or "constituting."

7. A draft of a non-identical copy is considered a separate document.

8. The terms "Electronically Stored Information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. 34(a)(1)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

9. The terms "You" and "Your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives, and attorneys.

10. The term "including" shall be construed as "including, but not limited to."

11. You should construe negative terms to include the positive, and vice-versa. For example, you should construe the word "preference" to mean "preference or lack of preference."

12. Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors, and franchisees; each other person directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

## SPECIFIC DEFINITIONS

1. The term "Twitter Handle" is the series of characters beginning with "@" followed by letters and numbers used to identify particular Twitter Accounts.

2. The term "Twitter Account" refers to the data associated with a Twitter Handle, including the Twitter handle following, the Twitter handle it follows, the tweets from that Twitter handle, the timeline associated with that Twitter handle, the direct messages associated with the Twitter handle, and any data such as the user name, location, or associated website for that Twitter handle. "Twitter Accounts" include both active and inactive accounts.

3. The term "Primary Accounts" refers to the Twitter accounts associated with the following Twitter handles: @RealMattCouch; @americafirstmg; @EdButowsky; @WashTimes;

@JamesALyonsJr, @ThinBlueLR; @Hannibalmoot; @FITE4THEUSERS; @Eddie_Graham23; @TruthinGovernment201; @therealbp65; @jflippo1327; @Ty_Clevenger; @JaredBeck ; @CassandraRules; @gatewaypundit; @KimDotcom; @JulianAssange; @Wikileaks; @RogerJStoneJr.

4. The term "Secondary Accounts" means any Account that communicated with the Primary Account, including but not limited to tweeting, re-tweeting, direct messages, and replies from January 1, 2015 until the present.

5. The terms "Communication" and "Communications" are defined to include any tweets, re-tweets, likes, or replies on Twitter, and incorporate any image or audiovisual media included in the tweet. A "Communication" is considered sent to a Twitter handle when it includes that Twitter handle. Production of Communications shall include related metadata.

6. The term "Direct Messages" refer to any refers to all private messages between users on the Twitter platform as defined by Twitter's Terms of Service. Production of Direct Messages shall include related metadata.

7. The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "Documents" in Fed. R. Civ. P. 34(a)(1)(A). The terms "Document" and "Documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, and other bibliographic or historical data describing or relating to the documents created, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings in hard copy or in electronic form, and all other material stored on computers, computer

discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems. Production of every kind of ESI shall include related metadata.

8. The term "Topics" refers to: Aaron Rich; America First Media; Brad Bauman; Cassandra Fairbanks; Democratic National Committee (or DNC); Donna Brazile; Gateway Pundit; James Lyons; Joel Rich; Kelsey Mulka; Malia Zimmerman; Matthew Couch; Mary Rich; Rod Wheeler; Seth Rich; Washington Times ; and WikiLeaks.  The Topics include all phrases or words that immediately precede or follow "#" or the hashtag, including, but not limited to, the following:  #SethRich, #HisNameWasSethRich, #AmericaFirstMedia, #AFMG, #DNCLeak, #JusticeForSethRich, #AmericaFirst, #AaronRich, #EdButowsky, #FactsOverFeelings, #CoverUp.  The case of the lettering used in the Topic is immaterial; any Topics that include these letters presented in that order, whether lowercase or uppercase, should be produced as responsive.  For the avoidance of doubt, "#sethrich" is the same as "#sethRich" and the same as

9. The "Time Period" to which these Requests refer is from January 1, 2015 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

## INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

1. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

2. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

3. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.  In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

4. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

5. Documents attached to each other should not be separated.

6. If identical copies of a document are in the possession, custody, or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

7. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

8. If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

9. If you are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located. If any responsive document once was, but is no longer, in your possession, custody or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

10. To the extent you object to producing any document under the Stored Communications Act, you should identify the nature of the document and the basis for your more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

11. These Requests are continuing and require supplemental responses in accordance with the requirements of Fed. R. Civ. P. 26(e).

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

All Communications, Direct Messages, and Documents that (1) relate to any of the Topics and (2) were sent by or to any of the Primary Account or Secondary Accounts during the Time Period.

**Document Request No. 2**

Documents sufficient to identify the owner of each Secondary Account.


Dated: June 1, 2018
      Washington, D.C.

                                        */s/ Michael Gottlieb*
                                        Michael Gottlieb
                                        mgottlieb@bsfllp.com
                                        BOIES SCHILLER FLEXNER LLP
                                        1401 New York Ave NW
                                        Washington, DC  20005
                                        Tel: (202) 237-2727
                                        Fax: (202) 237-6131
                                        *Attorney for Plaintiffs*