# TY CLEVENGER
P.O. Box 20753
Brooklyn, New York 11202

*telephone: 979.985.5289*                                                           *tyclevenger@yahoo.com*
*facsimile:  979.530.9523*                                                       Texas Bar No. 24034380

June 5, 2018

Mr. Michael J. Gottlieb, Partner
Boies Schiller Flexner LLP
1401 New York Ave, NW
Washington, DC 20005
Fax: (202) 237-6131
*mgottlieb@bsfllp.com*

*Via facsimile and email attachment*

       Re:  *Aaron Rich v. Edward Butowsky, et al.*, Case No. 1:18-cv-0681 (DDC)

Mr. Gottlieb:

       Thank you for your very interesting letter dated June 2, 2018. According to that letter, I "suggested" that you and your colleagues "engaged in fraud upon the court." In reality, I have never suggested any such thing. At most, I assumed that you might not be aware of certain background information, and all of my correspondence reflects that. Your overreaction to my letter might lead reasonable people to wonder if you have a guilty conscience.

       For what it's worth, I have never had any direct or indirect communications with Julian Assange, Wikileaks, or Kim Dotcom, nor do I represent any of them in any capacity. Likewise, I did not consult with eBay or PayPal about the contents of the proposed waiver.  I agree with you that eBay and PayPal can be subpoenaed, therefore a waiver is unnecessary for those third parties. I sought the waiver for Mr. Assange, et al., however, in the event that your client or his brother may have executed some contract obligating Wikileaks to keep certain information confidential.

       We both know that it will be nigh impossible to serve a subpoena on Wikileaks or Mr. Assange, who was granted asylum in the Ecuadorian embassy in London. I would hope that Wikileaks would construe any such subpoena as an implied waiver of confidentiality with respect to your client, but it would be far simpler and more straightforward to authorize Wikileaks to release that information directly.

       With regard to Seth Rich, I am well aware that a dead person cannot assert defamation claims. His estate, on the other hand, might, have standing to enforce any confidentiality agreements that he made with Wikileaks, and therein lies my concern. Your client is the legal representative of Seth's estate, which is why I have asked him to waive any such confidentiality agreements.  Relatedly, I request that your client consent to unsealing the probate court records for his brother's estate. At some point we will need to determine whether funds from Wikileaks were routed through that estate.

   If your client wishes to suggest changes to the proposed waiver, we are certainly open to that.  We are not attempting to initiate discovery in violation of the scheduling order. Instead, we are simply preparing for future discovery should it occur. And it probably will occur, because my client likely will file claims against your client even if the present case is dismissed.

   Finally, these requests are not an attempt to taint a jury pool with information that would be inadmissible in court. If your client refuses to cooperate with reasonable efforts to obtain relevant information, that fact would almost certainly be admissible.

   Thank you in advance for your attention to these matters.

   Sincerely,

   Ty Clevenger

cc: Counsel of Record