## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH

                            Plaintiff,

      v.

EDWARD BUTOWSKY,

MATTHEW COUCH,

AMERICA FIRST MEDIA,

And

THE WASHINGTON TIMES,

                      Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## [PROPOSED] STIPUATED ORDER
## RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Plaintiff Aaron Rich and Defendants Edward Butowsky, Matthew Couch, America First Media, and The Washington Times hereby agree that the following procedures shall govern the discovery of Electronically Stored Information ("ESI") in the above captioned case:

1.    This Stipulation and Order ("Order") supplements the Federal Rules of Civil Procedure and any other applicable orders and rules. It provides standards for production of other documents to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.    Except as specifically set forth herein, this Order: (a) does not alter or affect the applicability to this matter of the Federal Rules of Civil Procedure or Local Rules of this Court;

1

(b) does not address, limit, determine, or affect the relevance, discoverability, or admissibility of any document or ESI; and (c) does not alter or affect objections to relevance, discovery, or admissibility available to any party under the Federal Rules of Civil Procedure or Federal Rules of Evidence.

3.      This Order may be modified by agreement of all parties or by order of the Court on motion for good cause.

4.      The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.      The parties have discussed and understand their preservation obligations and needs, and agree that potentially relevant ESI is to be preserved in a proportionate manner,

6.      Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26(b). Likewise a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations, as will all other factors that may be considered under Federal Rule of Civil Procedure 26(b).

7.      To the extent Plaintiff or Defendants identify potentially relevant ESI that is not reasonably accessible pursuant to Rule 26(b)(2)(B), the parties agree that they are not required to preserve, search, review or produce such ESI, provided that the party that has identified what it reasonably believes to constitute such ESI provides reasonable notice to the opposing party. The parties shall meet and confer following such notice. Upon agreement by the parties or a Court order, the party in possession of ESI that is not reasonably accessible shall not be required to preserve, search, review or produce such ESI. The parties agree that the following sources of ESI are not reasonably accessible and have agreed that they need not preserve, search, review, or produce the following:

i.   Backup media, backup tapes, or other long-term storage media that were created strictly for use as a data back-up or disaster recovery medium provided, however, that all such relevant data shall be preserved if the data cannot be accessed in any other way than the backup media;

ii.   Automatically saved versions of documents and temporary data stored in random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system;

iii.   Data only accessible by advanced forensic analysis, including deleted, slack, fragmented, shadowed, damaged, or residual data; and Temporary Internet files, history, cache, and cookies;

iv.   Data stored on photocopiers, scanners, and fax machines;

v.   Data in metadata fields that are frequently updated automatically, such as last-opened dates; and

vi.   Server, system, or network logs.

Each party reserves the right to identify additional categories of ESI that are not reasonably accessible as the litigation progresses.

8.   **Custodian names and search methodology.**  The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review, and production of ESI.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case.  The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on the search methodology to be applied, including, but not limited to, any search parameters, search terms, and date restrictions, if necessary.  The parties shall meet and confer to reach agreement on the types of data and location of relevant data sources to be collected from each custodian.  The parties shall meet and confer about whether it is appropriate to use computer-assisted and/or linguist-assisted review to identify ESI that is potentially responsive to the parties' discovery requests and to filter out ESI that is not subject to discovery.  The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians and search parameters identified through discovery.

9.     **Document Productions**.  The parties agree that responsive documents will be produced on a rolling basis, pursuant to the format specifications set forth below.  Documents shall be exchanged on DVD-ROMs, CD-ROMs, USB drives, portable hard drives, through secure file transfer protocols (e.g., SFTP) or similar secure electronic transmission as agreed to by the Parties.  The production media shall be labeled with the Volume Number along with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter.  If a producing party encrypts the production, the producing party shall simultaneously send, under separate cover, an explanation of how to decrypt the files.

10.    **Production Formats**.  The parties generally agree to produce responsive, non-privileged documents in either TIFF or native formats (or both) with load files, with specifications for production formats and production of metadata set forth in Exhibit A to this [Proposed] Stipulated Order. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.  The parties agree not to degrade the searchability of documents as part of the document production process.

11.    **Documents Protected From Discovery.**

   a.   **Privilege Log.**  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties will produce logs of documents withheld from production as privileged or subject to work product protection as required Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure. The privilege logs will, at a minimum, include the author of the document, any recipients (i.e. To, CC, or BCC) of the document, the date of the document, the subject line or file name of the document (if not, itself, privileged), the basis for the

privilege (e.g., work product, attorney-client), and a brief description of the document, where necessary. A party may leverage output from database technology used to facilitate the document review to aid in creation of its privilege log. When database technology is used, the descriptive information may be provided in the output form received from the database technology. Thus, for example, the recipient of an email may be listed as jsmith@abccorp.com without the need to change the descriptive information to Smith, John. With respect to descriptive information received from database technology, each party will honor reasonable and specific requests to provide additional information to clarify the basis of the privilege (e.g.jsmith@abccorp.com is attorney John Smith) with regard to specific issues or documents. If the descriptive information for any portion of a document family (i.e. parent or child) or for any portion of an email string makes clear that the document family or full email string is privileged or protected, the parties will not be required to separately log each document in the family or each email in the string. Rather, the party may do a single entry for the entire document family or email string and include the entire implicated Bates range in one description in the privilege log. Each party shall honor reasonable and specific requests for additional information about the privileged or protected nature of any items within a document family or email string. With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

b. **Waiver.** Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document (collectively, a "privileged document"), whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere

production of privileged or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

c.  **Claw Back Procedure.** The parties have agreed upon a "claw back" procedure here (and in the Protective Order) and, subject to Court approval, reserve rights to assert privilege as will be provided for in the Protective Order.  When a producing party gives notice to receiving Parties that it produced information that is protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure ("Privileged Material"), or the receiving party discovers such production, the production shall not be deemed a waiver of the applicable privilege or protection. The receiving party shall immediately return all copies of such Privileged Material to the producing party and shall not use it for any purpose until further order of the Court. If the receiving party does not challenge the designation, such return must occur within seven (7) business days of receipt of notice or discovery of the production. If a receiving party wishes to challenge the designation, the receiving party must inform the producing party within seven (7) business days of receipt of notice or discovery of the production, and must file its challenge to the privilege designation with the Court within seven (7) business days of notifying the producing party of its intent to challenge, unless the Parties agree to a longer schedule. The receiving party may maintain a copy of the challenged document solely for the purpose of the privilege challenge until the Court resolves the issue, but may not disclose or otherwise use the document until the Court resolves the issue. The return of any discovery item to the producing party shall not in

any way preclude the receiving party from moving the Court for a ruling that the document or thing is not privileged.

Dated:  July 20, 2018

**BOIES SCHILLER FLEXNER LLP**
/s/ Michael J. Gottlieb
Michael J. Gottlieb (#974960)
mgottlieb@bsfllp.com
Meryl C. Governski (#1023549)
mgovernski@bsfllp.com
Andrea R. Flores (*Admission Pending*)
aflores@bsfllp.com
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Randall Jackson (#490798)
rjackson@bsfllp.com
Boies Schiller Flexner LLP
575 Lexington Ave
7th Floor
New York, NY 10022
Telephone: (212) 303-3650
Facsimile: (323) 446-2350

***Attorneys for Plaintiff Aaron Rich***

**DRINKER BIDDLE & REATH LLP**
/s/ Allen V. Farber
Allen V. Farber (#912865)
James A. Barker, Jr. (#410974)
1500 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 230-5154 (Farber)
Facsimile: (202) 842-8465
Email: allen.farber@dbr.com
Email: james.barker@dbr.com
***Counsel for Defendant The Washington Times***

**THE MARTIN LAW FIRM**
 /s/ Ken A. Martin
Kenneth A. Martin (#420600)
6718 Whittier Avenue
Suite 200
McLean, VA 22101
(703) 918-0350
(703) 918-0386 (fax)
ken@martin-lawfirm.com
***Counsel for Defendant Edward Butowsky***

/s/ Matthew Couch
Matthew Couch
2300 West Ash Street
Rogers, AR 72758
Tel: (479) 601-9740
mattcouch@af-mg.com
***In his own capacity as Defendant and on behalf of Defendant AFM pending appointment of counsel***

SO ORDERED.                                    _____

                                                             THE HONORABLE RICHARD J. LEON
                                                             UNITED STATES DISTRICT JUDGE
DATED:_____                           United States District Court for the District of
                                                             Columbia

## EXHIBIT A – PRODUCTION FORMAT REQUESTS

Responsive, non-privileged documents and ESI shall be produced as follows:

**A. Production Format**

**1. Native Productions**

Except as specified in this section, all documents may be produced in TIFF format.  All spreadsheet files (e.g., Excel), audio, and video files shall be produced in native format to the extent possible. Additionally, any other file types that cannot be converted to TIFF will be produced in native format.

"Native" files refer to electronic files in the same format in which they were originally collected from custodians or other sources. Native file productions shall include metadata (to the extent it exists or is reasonably accessible or available) as set forth in Section B and a single page placeholder TIFF image indicating that the associated file was produced in native form. Each produced native file shall be named with a unique Bates Number (e.g., AR00000001.xls). If the file contains privileged or work product content, the producing party may TIFF the document to redact that content from the document before production and produce the redacted document in TIFF format.

To the extent that any such native files are used in any pretrial motion or proceeding, those files will be referred to by the Bates-number(s) assigned during processing.

**2. TIFF Productions**

The standards below pertain to TIFF productions.

**a. Image Production Standard**

(1) **TIFF Images.** Unless otherwise stated in this Order, each document shall be produced in Group IV Tagged Image File Format ("TIFF") regardless of whether such

1

documents are stored by the parties in the ordinary course of business in electronic or hard copy form. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy.

All TIFF images shall be produced in a folder named "IMAGES", which shall contain sub-folders named "0001", "0002", etc. Each sub-folder shall contain no more than 3,000 images. Images from a single document shall not span multiple sub-folders.

(2) **Load Files.** Document productions shall include Concordance-compatible Load Files, including a Concordance DAT file and an Opticon delimited file, that indicate document breaks of the TIFF images and additional fields as identified in Section B below. All Load and Cross-reference files shall be produced in a folder named "DATA".

(3) **File Name.** Each document image file shall be named with the unique Bates Number of the page of the document in question followed by the file extension "TIF". File names should not be more than fifteen characters long or contain spaces or underscore symbols.

(4) **Document Unitization.** If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

(5) **Color.** Documents shall be produced as black and white TIFF images. Upon written request, a party shall produce color documents reasonably necessary to decipher the complete meaning, context, or content of the documents which were originally in color. The requesting party shall specify the requested documents by Bates Number range.

(6) **Date and Time Processing**. The parties agree to process ESI using an [Eastern] Standard (or Daylight) Time Zone for all data.

**3. Searchable Text:** In addition to TIFF images and/or Native files, each production will include text files corresponding to the TIFF image or Native files described above.

2

**a. Hard Copy Documents.** Hard copy documents shall be scanned using Optical Character Recognition ("OCR") technology and searchable ASCII text (or Unicode text if the text is in a language requiring characters outside of the ASCII character set) files shall be produced. Each file shall be named with the unique Bates Number of the first page of the corresponding TIFF document followed by the extension "TXT".

**b. Extracted Text or Optical Character Recognition ("OCR") Text for TIFF Images and Native Files.** To the extent practicable, each individual document based on an electronic file shall be accompanied by one corresponding text file with text that is extracted from the electronic file, not generated as an OCR file from the TIFF image(s). The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a language requiring characters outside of the ASCII character set) and shall be named with the unique Bates Number of the first page of the corresponding TIFF document followed by the extension "TXT". Searchable text files corresponding to the TIFF image files for redacted Electronic Documents must include Extracted Text or OCR text only to the extent that it will not disclose redacted information. The production of relevant ESI in searchable, full text format is limited to those forms of ESI that have text (in other words, any non-text formats [*e.g.,* .wav and .jpeg] would not produce any corresponding text files).

All Extracted Text and OCR files shall be produced in a folder named "TEXT". The Concordance load file will contain a link to the extracted text or OCR text file if applicable. The text should not be included in the Concordance .DAT load file.

**4. Databases.** Databases are not included in this Production Protocol, but will be the subject of meet-and-confers as needed.

3

**B. Metadata Fields**

The following corresponding metadata fields, to the extent applicable to a produced electronic document, will be included in a searchable fielded data file, regardless of the production format:

- *BegDoc (Beginning Bates number)

- *EndDoc (Ending Bates number)

- *BegAttach (Begin Attachment(s) Bates number)

- *EndAttach (End Attachment(s) Bates number)

- *PgCount (Page Count)

- *Type ("P" for parent document; "C" for child document)

- Document File extension or application

- Document Date (date sent for e-mails; latest chronologically saved date for electronic documents; MM/DD/YYYY format)

- Sent Time (e-mails only)

- Create Date

- Create Time

- Author

- From

- Recipients (multiple entries separated by "; ")

- CC (multiple entries separated by "; ")

- BCC (multiple entries separated by "; ")

- Subject (for emails)—unless the subject has been redacted

- Title (for files)—unless the document title has been redacted

- *Custodian (Last Name, First Name) (multiple entries separated by "; "

4

- File Name

- Modified Date

- Modified Time

- *Full Text File Location (the corresponding text file will contain re-OCR'd text if redactions were made)

- * Notation of Redaction presence (if applicable; designated with "Redacted")

- *Confidentiality Designation (if applicable)

- DocLink

- MD5 or SHA1 Hash

*If hard copy documents are produced, only these fields of information will be included in the load file.*

No party will have any obligation to manually generate information to populate these fields.

**1. Redactions.** For redacted electronic documents, metadata fields must be produced only to the extent such fields will not disclose redacted information.

**2. Redaction of Images.** If the parties redact images on grounds of the attorney-client privilege or attorney work product doctrine, these redactions will be listed on a Privilege Log. In the event a document is redacted, the redaction will be marked by either a box that covers the protected text and/or the term "Redacted." The extracted text described above will not be delivered for that document and in place of extracted text, OCR output will be delivered based on the redacted images, to the extent reasonably feasible. The parties agree and understand that redaction requires that a document be produced in TIFF format.

**3. Parent/Child.** Parent-child relationships (the association between an attachment and its parent document) should be preserved and appropriately reflected in the metadata. Bates

5

numbering of a parent document and any attachments shall be sequential such that a parent document has the lowest value Bates Number when compared to its attachment(s).

**4. Foreign Language Documents.** The parties agree that the producing party shall not bear the cost of translating foreign language documents produced in this case. The requesting parties shall bear the burden of any costs associated with the translation of foreign language documents.

## C. De-Duplication of Productions

To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values) reside within a party's ESI data set, each Party may produce only a single copy of a responsive document. Exact duplicate shall mean bit-for-bit identically of the document content. For exact duplicate documents, the Producing Party will produce the metadata described in Section B herein for the produced copy, as well as any such metadata that differs for the duplicate document(s). De-duplication shall be done at the document family level, such that where any exact duplicate documents have attachments, hash values must be identical for both the document-plus-attachment (including associated metadata) as well as for any attachment (including associated metadata) standing alone.

The parties may de-duplicate identical ESI vertically (i.e., by custodian) and horizontally (i.e., globally across custodians). If the Producing Party chooses to de-duplicate horizontally, the Producing Party shall populate the Custodian field listed in Section B herein that identifies each custodian who had the produced document in his or her files.

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.

Additionally, a copy of the foregoing document was emailed to Defendants Couch and AFM via Defendant Couch at mattcouch@af-mg.com (pending appointment of counsel). These Defendants consented in writing to receive filings via email pending registration to receive electronic notification of filings.

Dated: July 20, 2018

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
mgottlieb@bsfllp.com