UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>                    Plaintiff,<br><br>    v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH,<br>AMERICA FIRST MEDIA,<br>and<br>THE WASHINGTON TIMES,<br><br>                    Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S MOTION TO COMPEL
ROD WHEELER'S COMPLIANCE WITH RULE 45 SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Aaron Rich respectfully moves this Court to compel non-party Rod Wheeler to comply with the Rule 45 subpoena properly served upon him to produce documents relevant to this litigation.

Pursuant to Local Civil Rule 7(m), the Plaintiff attempted to determine whether the defendants opposed the relief sought and to narrow the areas of disagreement, but defendants did not respond to Plaintiff's inquiry regarding whether they oppose this motion.

DATED: October 3, 2018                                    Respectfully submitted,

                                                     BOIES SCHILLER FLEXNER LLP

                                                     By: /s/ Michael J. Gottlieb

                                             MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
                                             JOSHUA P. RILEY (D.C. Bar No. 1026900)
                                             MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
                                             ANDREA R. FLORES (Admission Pending)
                                                                 1401 New York Ave NW
                                                                   Washington, DC  20005
                                                                     Tel: (202) 237-2727

1

Fax: (202) 237-6131
mgottlieb@bsfllp.com
jriley@bsfllp.com
mgovernski@bsfllp.com
aflores@bsfllp.com

RANDALL W. JACKSON (D.C. Bar No. 490798)
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: (212) 303-3650
Fax: (323) 446-2350
rjackson@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH

                    Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,
and
THE WASHINGTON TIMES,

                    Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ROD WHEELER'S COMPLIANCE WITH RULE 45 SUBPOENA**

Plaintiff Aaron Rich ("Rich") submits this memorandum, and the accompanying Declaration of Meryl C. Governski ("Governski Decl."), in support of Plaintiff's Motion to Compel Rod Wheeler's Compliance with Rule 45 Subpoena.

**FACTUAL BACKGROUND**

This lawsuit arises out of defamatory statements Defendants have made about Rich, including their baseless assertions that Rich worked with his now-deceased brother, Seth, to steal data from the Democratic National Committee ("DNC") and to provide those stolen data to WikiLeaks in exchange for supposed payments made to Rich's bank account. *See* ECF No. 3 ("Complaint") ¶ 1. Defendants' fabricated narrative has at times included allegations that Rich learned in advance that his brother would be murdered as a result of the alleged theft, and that Rich not only failed to act to stop the murder, he engaged in obstruction of justice to cover his own tracks. *See id*. ¶¶ 1, 7.

1

In early 2017, Defendant Edward Butowsky ("Butowsky") selected and hired a former D.C. police investigator, Rod Wheeler, to lead a D.C.-based "private investigation" into Seth Rich's murder. *See, e.g.*, ECF No. 19-1 at ¶ 4 ("I offered to pay for a private investigator, namely Rod Wheeler"); *see also* Complaint ¶¶ 5, 27.  On August 1, 2017, Wheeler, who at the time was represented by Wigdor LLC, filed a federal lawsuit against Butowsky and other Defendants in connection with a May 2017 Fox News publication about Seth Rich's murder that Fox News has since retracted.  *See Wheeler v. Twenty-First Century Fox et al.*, No. 1:17-cv-05807 (S.D.N.Y. Aug. 1, 2017) ("Wheeler Lawsuit").  Wheeler alleged, *inter alia*, that Butowsky played a central role in orchestrating the Fox News story, including by fabricating quotations attributed to Wheeler, in order to "establish that Seth Rich provided WikiLeaks with the DNC emails to shift the blame from Russia."  Wheeler Lawsuit Compl. ¶¶ 2-3; 15.

On June 1, 2018, Rich issued a subpoena ("Wheeler Subpoena") to Mr. Wheeler requesting various documents that are directly relevant to Rich's claims in the above-captioned litigation.  In particular, Rich requested communications between Wheeler and Defendants, Malia Zimmerman (the author of the retracted Fox News story), and members of Rich's family; documents relating to Wheeler's "investigation" into Seth Rich's murder; documents relating to the allegations made in the Wheeler Lawsuit; and documents relating to the Complaint in this litigation.  *See* Governski Decl. Ex. 1.  The Wheeler Subpoena compelled Mr. Wheeler to produce the materials by June 15 to the Washington, D.C. office of Plaintiff's undersigned counsel, which is located well within 100 miles of Mr. Wheeler's residence in Maryland.  Governski Decl. Ex. 1 at 2-11.  Wheeler properly and personally was served with the Wheeler Subpoena on the morning of June 8 at his home in Upper Marlboro, Maryland.  *Id.* at 12.

Rich has spent the months since then trying, without success, to obtain Wheeler's voluntarily compliance with the Wheeler Subpoena so as to avoid burdening the Court with this

2

Motion. Plaintiff tried to communicate with Wheeler through his counsel at Wigdor LLC, but those efforts proved unsuccessful because Wigdor had withdrawn as Wheeler's counsel. Governski Decl. Ex. 2. Plaintiff sent Wheeler letters via FedEx on July 11 and July 31 notifying him that the deadline for responding to the Wheeler Subpoena had passed and urging him to comply. Governski Ex. 1 at 1. The July 31 letter explained that on July 11 we requested that Mr. Wheeler "inform us whether you intended to comply with the subpoena." By July 31, he had still failed to respond to the Wheeler Subpoena or earlier offers to confer. *Id.*; *see also* Governski Decl. ¶¶ 4-5.

Finally, on August 1, Wheeler left a voice message for Rich's counsel explaining that he did "receive the subpoena" and was "going to try to comply" with it and did "not mind" producing "whatever." Governski Decl. ¶ 5. On August 6, Wheeler and Rich's counsel had a telephone conversation during which Wheeler explained that his former attorneys at Wigdor had already collected most of the materials Wheeler believed would be responsive to the Wheeler Subpoena and asked whether he could comply by requesting they produce that material directly. *Id.* ¶ 6. Plaintiff's counsel agreed that such an approach likely would be a sufficient response to the Wheeler Subpoena. *Id.* Wheeler agreed that he would, via email, authorize his former attorneys to release to Plaintiff's counsel "all non-privileged materials they collected" from Wheeler, including materials from his laptop and cell phone. Governski Decl. Ex. 3.

On August 10, Plaintiff's counsel emailed Wheeler to follow up on Wheeler's promise, at that time unfulfilled, to authorize his former counsel to produce responsive documents to Plaintiff's counsel. *Id.* At that point, Wheeler stated that he planned to obtain legal counsel and would "be in touch with you once I have secured such representation and at that point we will consider our options for replying to the subpoena." *Id.* Plaintiff's counsel awaited a communication from Wheeler's new counsel, but no such correspondence came. Plaintiff's

counsel sent follow-up emails to Wheeler on August 10, August 22, and August 31 to request an opportunity to meet and confer with Wheeler's counsel or, alternatively, with Wheeler if he remained unrepresented. *Id.* Plaintiff's counsel also left voice messages for Wheeler to the same effect on September 6 and 7. Governski Decl. ¶ 8. Wheeler has not responded to any of these communications. *Id.* ¶ 9. Finally, in a last ditch effort to secure Wheeler's compliance with the Wheeler Subpoena without burdening the Court, Plaintiff's counsel sent him a copy of this Motion on October 2, 2018, and stated that Plaintiff's counsel would file it by today absent a meaningful effort by Wheeler to comply. Governski Ex. 3. Having not heard from Wheeler, Plaintiff's counsel has been left no choice but to file this Motion.

## ARGUMENT

**I.     The Wheeler Subpoena Seeks Relevant Information, Which Mr. Wheeler Has Already Collected.**

When deciding a motion to compel compliance with a Rule 45 subpoena, "a court must consider first whether the discovery sought is relevant." *See In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013) (internal quotation marks and citations omitted). A discovery request is relevant if there is "*any* possibility that the information sought may be relevant to the claim or defense of any party." *Id.* (emphasis added); *see also Watts v. S.E.C.*, 482 F.3d 501, 507 (D.C. Cir. 2007).

There is no question that the information sought in the Wheeler Subpoena is directly relevant to Rich's claims. Wheeler filed a federal lawsuit alleging facts that are central to Rich's case, including Butowsky's role in pushing the false conspiracy theory that Seth Rich was murdered because of his role in stealing and leaking DNC documents to Wikileaks. Notwithstanding that this lawsuit is brought on behalf of Aaron Rich, Wheeler is in possession of information relevant to all of the claims in this case. Any communications between Wheeler and the individuals involved in the retracted Fox News story, as well as documents relating to his

own "investigation" into Seth Rich's murder, are probative of Rich's claims.[1]

## II. Wheeler Has Waived His Right To Object.

Wheeler has waived his right to object to the Wheeler Subpoena. A party "resisting discovery" bears the burden of objecting to a subpoena and proving that the "documents requested are either unduly burdensome or privileged." *In re Denture Cream*, 292 F.R.D. at 123–24 (internal quotation marks and citations omitted); Fed.R.Civ.P. 45(e)(1)(D). Objections to a Rule 45 subpoena to produce documents "*must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). Failing to serve written objections within the established time frame "constitutes a waiver of such objections" except in limited "unusual circumstances" inapplicable here. *Alexander v. FBI,* 186 F.R.D. 21, 34 (D.D.C.1998) (citation omitted) (concluding that a third party waived objections when served 16 days after being served with subpoena).[2]

Wheeler was personally served with the Wheeler Subpoena on June 8 and did not respond in *any* way until nearly two months later August 1, and only then in response to multiple letters sent to Mr. Wheeler via Fed Ex. Governski Decl. ¶¶ 2-5.[3] Not only has Mr. Wheeler never challenged the Wheeler Subpoena, he also explicitly said he did "not mind" producing "whatever" he has and suggested that he could comply simply by authorizing his former lawyers

---

[1] Moreover, the Wheeler Subpoena is narrowly tailored and causes no burden on Wheeler, who acknowledged that he has already collected materials that would be responsive to the Wheeler Subpoena as part of preparing for his own litigation. Governski Decl. ¶ 6.

[2] "Courts have found such unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; ... (2) the subpoenaed witness is a nonparty acting in good faith; ... and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged legal basis for the subpoena." *Alexander*, 186 F.R.D. at 34.

[3] Production to the Wheeler Subpoena was due June 15, 14 days after the date of the Wheeler Subpoena. Governski Decl. Ex. 1 at 2. Partly in recognition of the delay in serving Mr. Wheeler, Plaintiff's counsel granted Mr. Wheeler nearly an extra month to respond until sending a letter via Fed Ex on July 11. Governski Decl. ¶ 4   .

to produce materials on his behalf.  *Id.* ¶ 5.  Plaintiff's counsel has granted Wheeler considerable leeway, including by affording him substantial extra time to obtain counsel and comply and by repeatedly offering to confer with him.  Wheeler has failed to reciprocate, and he has waived his right to object to a narrow Subpoena that requests documents directly relevant to this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Wheeler to promptly produce documents responsive to the Plaintiff's Rule 45 Subpoena.

DATED:  October  3, 2018                                             Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: /s/ Michael J. Gottlieb

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
ANDREA R. FLORES (Admission Pending)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
mgottlieb@bsfllp.com
jriley@bsfllp.com
mgovernski@bsfllp.com
aflores@bsfllp.com

RANDALL W. JACKSON (D.C. Bar No. 490798)
575 Lexington Ave
7th Floor
New York, NY 10022
Tel: (212) 303-3650
Fax: (323) 446-2350
rjackson@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2018, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.

A copy of the foregoing document was served by mail on nonparty Rod Wheeler at his home address of 14006 Silver Teal Way Upper Marlboro, Maryland 20744.

A copy of the foregoing document was emailed to Defendants Matthew Couch ("Couch") and America First Media via Defendant Couch at mattcouch@af-mg.com (pending appointment of counsel).  These Defendants consented in writing to receive filings via email pending registration to receive electronic notification of filings.

A copy of the forgoing document was emailed to Defendant Ed Butowsky, who currently is unrepresented by counsel, to edbutowsky@icloud.com and mailed via Federal Express to his home address as 2200 Bradbury Court Plano, TX 75093.

Dated: October 3, 2018

/s/ *Michael J. Gottlieb*

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
mgottlieb@bsfllp.com