## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH,

                  Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA,

                  Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## PLAINTIFF'S MOTION FOR PERMISSION TO SERVE DISCOVERY ON DEFENDANTS AND FOR AN INITIAL STATUS CONFERENCE

Plaintiff Aaron Rich respectfully asks for the Court's permission to serve party discovery and to schedule an initial Status Conference.

### I.    MR. RICH WISHES TO SERVE PARTY DISCOVERY.

In their Rule 26(f) Conference Report, Mr. Rich and the Defendants disagreed as to whether discovery should be stayed pending resolution of the Defendants' motions to dismiss: Mr. Rich wished to move forward with discovery, while Defendants asserted that discovery should be stayed until a ruling on the motions to dismiss. *See* Dkt. 18 at 2-3.[1] The parties also disagreed as to the timing of initial disclosures and the number of depositions and

---

[1] In October, Mr. Rich and The Washington Times entered into a settlement agreement, pursuant to which they filed a joint motion to dismiss the Washington Times from the case on October 2, 2018. *See* Dkt. 38. The Court granted that joint motion on October 11, 2018. *See* Dkt. 40. Pursuant to the settlement agreement, the Washington Times retracted and apologized for the column it had published about Mr. Rich. *See Retraction: Aaron Rich and the murder of Seth Rich,* THE WASHINGTON TIMES (Sept. 30, 2018), *available at* https://www.washingtontimes.com/news/2018/sep/30/retraction-aaron-rich-and-murder-seth-rich/.

interrogatories.  *Id.* at 7–9.[2]  In opposition to Mr. Rich's October 18, 2018 Motion for a Scheduling Order, Dkt. 41, Defendants Edward Butowsky, Matthew Couch, and America First Media all stated that "it makes no sense for the Court to permit discovery before it has even decided whether it has" personal jurisdiction over them.  Dkt. 43; Dkt. 48.

To date, Mr. Rich has not served party discovery pending the entry of a Scheduling Order resolving the parties' disputes as to the scope and timing of such discovery.[3]  For the reasons set forth below, Defendants no longer should be permitted to benefit from a de facto stay of discovery in this case, and Mr. Rich respectfully requests the Court authorize the commencement of party discovery.

### A.      Defendants Have Not Requested A Stay.

First, Defendants have not formally requested a stay of discovery pending resolution of the motions to dismiss, as is their burden, and instead have simply stated in the Rule 26(f) Conference Report that discovery "makes no sense," a bare assertion that does not warrant a stay.  *See People With Aids Health Grp. v. Burroughs Wellcome Co.*, No. CIV. A. 91-0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) ("[B]are assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally" (internal citation and quotation omitted)).

---

[2] Mr. Rich agreed to adopt the deposition and interrogatory limits contemplated by the federal rules (ten depositions and twenty-five interrogatories per side); the Defendants contended such limits would be "inappropriate" and "likely to be prejudicial" and requested to increase the limits by nearly double: to twenty fact depositions, plus expert depositions, and forty interrogatories per defendant.  *See* Dkt. 18 at 8–9.

[3] Mr. Rich has properly served a number of Rule 45 subpoenas—one of which has a motion to compel pending that has not been opposed.  Dkt. 39.

**B.      Defendants Have Taken Positions Elsewhere That Directly Contradict The Position They Have Taken With Respect To Discovery In This Case.**

Second, and most importantly, Defendants recently have made statements in public and have taken positions in other courts that are directly contrary to those they have made in this litigation with respect to a de facto stay of discovery.

### 1.   Defendant Butowksy

On June 21, 2018, Defendant Butowsky filed a lawsuit in the Eastern District of Texas against National Public Radio (NPR) and other individual defendants for defamation, business disparagement, conspiracy, and intentional inflection of emotional distress in connection with media reports about Defendant Butowsky's role in the Seth Rich conspiracy theory campaign. *See Butowsky v. Folkenflik et al*, No. 4:18-cv-00442-ALM, (E.D. Tex. June 21, 2018) ("Butowsky Texas Lawsuit").[4]  Not only did Defendant Butowsky serve party discovery before the motions to dismiss were fully briefed in that case, on December 14, 2018—just over a month after telling *this* Court that it makes "no sense" for discovery to proceed—he filed an *opposition* to a motion to stay discovery.  *Contrast* Butowsky Texas Lawsuit ECF No. 41 *with* Dkt. 43.[5]  The Court in the Butowsky Texas Lawsuit permitted discovery to move forward in that litigation.   Defendant Butowsky should not be permitted to have it both ways—benefiting from an automatic stay of

---

[4] Mr. Rich hereby serves notice of this related action pursuant to Local Rule 40.5(b)(3).

[5] In his opposition brief, Defendant Butowsky acknowledged that Rule 12(b) "contains absolutely no 'automatic stay' of discovery" and that "it is not the practice of Federal Courts to delay. Delay prejudices victims – evidence is lost, memories fade, costs increase. Delay clogs up the Courts and negatively impacts the public's perception of Judges, Lawyers and the quality of Justice."  Butowsky Texas Lawsuit, ECF No. 41 at 2; *see also id.* at 6 ("A stay of discovery should never be granted on a mere suggestion by counsel for a defendant that 'there is some degree of foundation in law for the dispositive motion and a possibility that Defendants may prevail.'" (footnote omitted) (quoting *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013); *id.* ("The Defendants want to grind this case to a halt because they seek to hide evidence of actual malice.").

discovery as the defendant here while pressing forward with discovery as plaintiff in the Texas case.

### 2.   Defendants Couch And AFM

Defendants Couch and AFM likewise have recently made public statements indicating their desire to proceed to discovery, notwithstanding their representations to this Court (which mimic verbatim Defendant Butowsky's statements, Dkt. 48 ("makes no sense")).  For example, Defendant Couch has tweeted the following:

 

In fact, Defendant Couch has created a new conspiracy theory as to why discovery has not proceeded in this case, charging Judge Emmet Sullivan of this Court with corruption.  For example, Defendant Couch has tweeted the following:

---

[6] Matt Couch, TWITTER  (May 22, 2018), *available at* https://twitter.com/RealMattCouch/status/999096749783420928.

[7] Matt Couch, TWITTER  (Aug. 13, 2018), *available at* https://twitter.com/RealMattCouch/status/1029103898957688832.



Defendant Couch states in his blog post, "Something that we haven't talked a lot about is the fact that anything found in the discovery phase (discovery goes both ways, and we have nothing to hide) has been sneakily put under a sealed order." *See* Matt Couch, *Flynn Judge Sullivan Signed Sealed Order of Discovery in Seth Rich Lawsuit*, THE DC CHRONICLE (Jan. 1, 2019), *available at* https://dc-chronicle.com/2019/01/01/flynn-judge-sullivan-signed-sealed-order-discovery-seth-rich-lawsuit/.[10]  Of course, no judge has ordered that discovery in this case be sealed—this Court has entered the protective order that *all* parties (including Defendant Couch) requested it enter and to which *all* parties (including Defendant Couch) stipulated.  Dkt. 22; Dkt. 29.  The only order bearing Judge Sullivan's signature in this case, Dkt. 2, did not seal discovery but rather exempted Mr. Rich from the obligation of listing his address in the Complaint, as is evident from the publicly filed Complaint that redacts *solely* Mr. Rich's address, Dkt. 3.

---

[8] Matt Couch, TWITTER (Jan. 4, 2019), *available at* https://twitter.com/RealMattCouch/status/1081271799890014209.

[9] Matt Couch, TWITTER (Jan. 2, 2019), *available at*  https://twitter.com/RealMattCouch/status/1080628733252382721.  Neither Defendants Couch nor AFM have served notices of intent to serve third-party subpoenas.

[10] Since the filing of the *Rich* lawsuit, AFM appears to have become The DC Chronicle, https://dc-chronicle.com/17208-2/.

## II.      MR. RICH RESPECTFULLY REQUESTS THE COURT SCHEDULE AN INITIAL STATUS CONFERENCE.

Mr. Rich filed his suit against Defendants on March 26, 2018, alleging, *inter alia*, that Defendants defamed Mr. Rich by publishing various statements that falsely accused Mr. Rich of engaging in criminal activity in connection with his brother's murder in July 2016.  *See* Dkt. 3.  On June 22, 2018, the Court scheduled an initial status conference for July 11, 2018.  *See* 6/22/18 Minute Order.  On June 29, 2018, the parties consented to the Washington Times' request to reschedule the status conference to July 13, 2018, to accommodate the Washington Times' counsel's scheduling conflict.  *See* Dkt. 33.  On July 5, 2018 the Court entered an order continuing the status conference until "a date and time to be determined."  7/5/2018 Minute Order.  The status conference has not yet been rescheduled, and a scheduling order has not yet issued.

Mr. Rich therefore respectfully asks the Court to schedule a status conference at its earliest convenience.  Counsel for Plaintiff proposes the following dates: February 20–21 or 26–27; or March 8 or 11.  Counsel has conferred with Defendants in this case, as well as with counsel for Brad Bauman (plaintiff in related case *Bauman v. Butowsky et al,* No. 1:18-cv-01191-RJL) who is available on the proposed dates.[11]

Dated: February 7, 2019.

/s/ *Joshua P. Riley*
JOSHUA P. RILEY (D.C. Bar No. 1026900)

---

[11] Pursuant to Local Rule 7(m), Mr. Rich's counsel conferred with Defendants before filing this Motion.  In response to counsel's inquiry as to whether the Defendants consented to the motion and whether they had dates available for a status conference, Defendant Butowsky stated, "I agree to nothing until the judge rules in jurisdiction," and Defendant Couch stated: "My Fathers [sic] Throat Cancer is back and Stage 4. I'll be in Tulsa and Phoenix and Cancer Centers in February and March with him. I won't have any available dates until end of March at the earliest."

MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
ANDREA R. FLORES (*Admission Pending*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com
aflores@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AARON RICH,<br><br>                    Plaintiff,<br><br>          v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>                    Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**[PROPOSED] ORDER GRANTING MOTION**
**FOR PERMISSION TO SERVE DISCOVERY ON DEFENDANTS**

         AND NOW, this _____ day of _____, having considered the Motion for Permission

to Serve Discovery on Defendants, it is hereby ORDERED that the Motion is GRANTED.

Entered this _____day of_____, 2019.

                                   _____
                                   The Honorable Judge Richard Leon, J.
                                   U.S. District Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AARON RICH,<br><br>               Plaintiff,<br><br>   v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>               Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**[PROPOSED] ORDER GRANTING MOTION**
**FOR STATUS CONFERENCE**

AND NOW, this _____ day of _____, having considered the Motion for a Status

Conference, it is hereby ORDERED that a Status Conference in this above captioned matter is

set for _____, 2019.

_____
The Honorable Judge Richard Leon, J.
U.S. District Court for the District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com.  These Defendants consented in writing to receive filings via email pending registration to receive electronic notification of filings.


Dated: February 7, 2019

/s/ *Joshua P. Riley*

JOSHUA P. RILEY (D.C. Bar No. 1026900)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com