UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR AN ORDER TO SHOW CAUSE WHY
NON-PARTY ROD WHEELER SHOULD NOT BE HELD IN CONTEMPT
FOR FAILING TO COMPLY WITH PROPERLY SERVED RULE 45 SUBPOENA**

Nearly ten months have passed since third-party Rod Wheeler was required to comply with the Rule 45 subpoena that Plaintiff Aaron Rich properly served on June 8, 2018 ("Wheeler Subpoena").[1] Mr. Wheeler has not: produced a single document; lodged any objections to the subpoena; responded to multiple attempts to meet and confer; filed a motion to quash; or filed an opposition to the Motion to Compel that Plaintiff filed on October 3, 2018. *See* Dkt. 39 ("Wheeler Motion to Compel"). Mr. Rich respectfully requests the Court issue an Order to Show Cause why Mr. Wheeler should not be held in contempt for failing to comply with a properly served Rule 45 subpoena. FED. R. CIV. P. 45(g) ("The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena

---

[1] Mr. Wheeler's objections were due in June 2018, regardless of whether the 14-day period for objecting under FED. R. CIV. P. 45(d)(1)(B) is calculated from June 1, 2018, when the subpoena was issued, or June 8, 2018, when Mr. Wheeler was personally served with the subpoena.

1

or an order related to it."). This Court should not permit Mr. Wheeler to continue to shirk his legal responsibilities and should require him to explain his utter disregard and disrespect for the discovery procedure established by the Federal Rules and this District.

As explained in detail in the Wheeler Motion to Compel, Mr. Wheeler was properly and personally served with the Wheeler Subpoena on the morning of June 8 at his home in Upper Marlboro, Maryland. Wheeler Motion to Compel at 2–3. After spending months trying, without success, to meet and confer with Mr. Wheeler to obtain his voluntary compliance, Mr. Rich filed the Wheeler Motion to Compel on October 3, 2018, more than six months ago. *See id.* Mr. Wheeler has waived any right to object to the Rule 45 subpoena because he neither filed an opposition to the Wheeler Motion to Compel nor lodged any objections to the underlying subpoena. *See* Wheeler Motion to Compel at 5–6; LCvR 7(b) (requiring party opposed to a motion to file opposition "within 14 days of the date of service or at such other time as the Court may direct" or else "the Court may treat the motion as conceded"). Mr. Wheeler has failed to provide the Court any excuse, let alone an "adequate" one, that explains his failure to comply with the Rule 45 subpoena. The circumstances more than warrant this Court entering an Order to Show Cause for why Mr. Wheeler should not be held in contempt pursuant to Rule 45(g). *See* Rule 45(g); *Shvartser v. Lekser*, 292 F. Supp. 3d 272, 274 (D.D.C. 2018) (placing third party on "notice that failure to comply with this order 'without adequate excuse' may expose him to sanctions, including a finding of contempt." (citing Fed. R. Civ. P. 45(g)); *see also United States v. Stoltz*, 525 F. Supp. 617, 620 (D.D.C. 1981) ("an order to show cause" "is appropriate for a subpoena enforcement proceeding").[2]

---

[2] The text of Rule 45(g) authorizes a contempt finding in the absence of a court order, but the Plaintiff is requesting an Order to Show Cause out of recognition that this district has held that an order compelling discovery should issue prior to Rule 45 sanctions. If the Court is disinclined

As explained in the Wheeler Motion to Compel, Mr. Wheeler possesses materials responsive to the subpoena. *See* Wheeler Motion to Compel at 2–5. In addition to admitting to possessing relevant materials during an initial conversation with Mr. Rich's counsel, *see id.* at 3, Mr. Wheeler and his former attorney Jeanne Christensen publicly acknowledged in a CNN interview to having in their possession "so much material" and "so many facts that we had to choose from" in connection to filing *Wheeler v. Twenty-First Century Fox, Inc. et al.*, No. 1:17-cv-05807 (S.D.N.Y. Aug. 1, 2017), including text messages with Mr. Butowsky about his role in pushing the publication of articles about the subject matter of this lawsuit.[3] Mr. Wheeler also has admitted publicly to communicating with Defendants Matt Couch and America First Media, *including on October 18, 2018, the day Mr. Wheeler's opposition to the Motion to Compel Wheeler was due*:



to enter an Order to Show Cause, the Plaintiff respectfully renews his request for an order compelling Mr. Wheeler's compliance with the Rule 45 subpoena.

[3] Interview by Chris Cuomo with Rod Wheeler and Jeanne Christensen, CNN (Aug. 3, 2017), *available at* https://www.cnn.com/videos/justice/2017/08/04/rod-wheeler-fox-news-seth-rich-dnc-staffer-story-ed-butowsky-full-intv-ctn.cnn.

Mr. Wheeler apparently has decided that he does not care to comply with the Wheeler Subpoena, to meet and confer with Plaintiff, or even to respond to the Wheeler Motion to Compel. Rule 45(g) provides the mechanism to hold Mr. Wheeler in contempt for failing to comply with a properly served subpoena and Mr. Rich respectfully requests the Court issue an Order to Show Cause for why it should not apply to Mr. Wheeler's actions in this case.

DATED:  April 12, 2019

Respectfully submitted,

/s/ *Joshua P. Riley*

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

**Attorneys for Plaintiff Aaron Rich**