**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH <br><br>            Plaintiff, <br><br>    v. <br><br> EDWARD BUTOWSKY, <br> MATTHEW COUCH, and <br> AMERICA FIRST MEDIA <br><br>            Defendants. | Civil Action No. 1:18-cv-00681-RJL <br><br> Hon. Richard J. Leon |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF DEFAULT**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Aaron Rich

submits the accompanying Affidavit in Support of Default and respectfully requests that the Clerk

of the Court enter a Default against Defendants Edward Butowsky, Matthew Couch, and America

First Media.

Dated: May 10, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH | |
| Plaintiff, | |
| v. | Civil Action No. 1:18-cv-00681-RJL |
| EDWARD BUTOWSKY, | Hon. Richard J. Leon |
| MATTHEW COUCH, and | |
| AMERICA FIRST MEDIA | |
| Defendants. | |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF DEFAULT

I, Michael J. Gottlieb, certify under penalty of perjury, this 10th day of May, 2019, that:

**1.** I am attorney of record for the Plaintiff in the above-entitled case.

**2.** The Defendants Matthew Couch and America First Media ("AFM") were personally served with copies of Plaintiff's Summons and Complaint on March 27, 2018, and Defendant Butowsky was personally served with a copy of Plaintiff's Summons and Complaint on March 28, 2018. *See* Dkt. 8–10; *see also* D.C. Code §§ 13-423(a)(1); 13-423(a)(3); and 13-423(a)(4).

**3.** On May 17, 2018, Defendant Butowsky filed a Motion to Dismiss. *See* Dkt. 19. That same day, Defendant Couch served a Motion to Dismiss to Plaintiff's counsel via email, but he did not file it on the Court's docket. *See* Dkt. 23 at 1 n.2. On October 31, 2018, Defendant Butowsky filed a Motion to Transfer. *See* Dkt. 44. On November 21, 2018, Defendants Couch and AFM filed a Motion to Transfer. *See* Dkt. 47. On March 29, 2019, the Court denied Defendant Butowsky's Motion to Dismiss and Motion to Transfer, and the Court denied Defendants Couch's and AFM's Motion to Transfer. *See* 3/29/19 Minute Order.

**4.**        Under Rule 12(a)(4) of the Federal Rules of Civil Procedure,  Defendants' Answer to the Complaint was due no later than April 12, 2019.  Defendants have not answered the Complaint.  Defendants have not requested, and Plaintiff's counsel has not agreed to, an extension of the deadlines to file an Answer, and Defendants have not filed with the Court a Motion to extend the deadline to file an Answer.

**5.**        Separately, Plaintiff filed the parties' Rule 26(f) Report on May 16, 2018.  *See* Dkt. 18.  In it, Defendants took the position that Initial Disclosures should be exchanged 10 days after the Court ruled on Defendant Butowsky's Motion to Dismiss. *See* Dkt. 18 at 7.  Accordingly, Plaintiff served his Initial Disclosures on April 8, 2019.  Plaintiff reminded all Defendants of their obligations to serve Initial Disclosures on April 3, 2019.  Despite this, Defendants have not served their Initial Disclosures.  Defendants have not requested, and Plaintiff's counsel has not agreed to, an extension of time to serve Initial Disclosures, and Defendants have not filed with the Court a Motion to extend the time for Initial Disclosures.

**6.**        Defendant Butowsky only (and not Defendants Couch or AFM) has asked Plaintiff's counsel for an extension of deadlines with respect to certain other matters in this case, and those deadlines have now passed.

        **a.**        Plaintiff filed a Motion for an Anti-Suit Injunction on March 26, 2019.  *See* Dkt. 52. Defendant Butowsky's opposition was due on April 9, 2016.  On or about April 8 and April 11, 2019, Defendant Butowksy, personally and through counsel that he has retained to represent him in other litigation, made representations to Plaintiff's attorneys that Defendant Butowsky had undergone certain medical procedures.  Based on those representations, as a matter of professional courtesy, and as an accommodation to Defendant Butowsky, Plaintiff's counsel agreed not to raise timeliness as an issue in connection with Defendant Butowsky's opposition,

and that opposition only, so long as Defendant Butowsky filed the opposition by May 9, 2019. Notwithstanding having been afforded that additional time, as of the time of this affidavit being executed, Defendant Butowsky has not filed an opposition to the Anti-Suit Motion.

        **b.**      On April 18, 2019, Plaintiff's counsel notified Defendants of Plaintiff's intent to file an updated Rule 26(f) Report and requested comments on the same by April 26.  On April 25, 2019, Defendant Butowksy, personally and through counsel that he has retained to represent him in other litigation, made representations to Plaintiff's attorneys that Defendant Butowsky had undergone certain medical procedures and also that efforts were underway to secure local counsel for Defendant Butowsky.  Based on those representations, as a matter of professional courtesy, and as an accommodation to Defendant Butowsky, Plaintiff's counsel  agreed to postpone filing an updated Rule 26(f) Report until after May 9.  Notwithstanding having been afforded additional time, as of the time of this affidavit being executed, Defendant Butowsky has not provided positions with respect to the updated Rule 26 report.

        **c.**      Plaintiff made these accommodations while stating clearly that they applied only to the Motion for an Anti-Suit Injunction and the filing of an updated Rule 26(f) Report, and reiterating on several occasions that Plaintiff did not consent to any other extensions or a general stay in the litigation.  Plaintiff also made these accommodations notwithstanding that Defendant Butowsky continued to advance (through counsel and otherwise) his active litigation in other matters, including a separate lawsuit Defendant Butowksy filed against Plaintiff's counsel in the Eastern District of Texas.

      **7.**      In accordance with Rule 4(g), Federal Rules of Civil Procedure, upon information and belief, I allege that Defendants Butowsky and Couch are neither infants nor incompetent persons requiring special service.  In accordance with the Soldiers and Sailors Civil Relief Act of

1940, I have caused careful investigation to be made to ascertain whether or not the above-named individual defendants are in the military service of the United States or its Allies and that as a result of said investigation, I hereby allege that said defendants are not in the military service of the United States or its Allies, that is to say said defendants have not been discovered to be a member of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard and are not officers of the public Health Service detailed by proper authority for duty either with the Army or Navy, and said defendants are not on active duty with any branches aforesaid, nor are said defendants under training or education under the supervision of the United States preliminary to induction in to the military services; and said defendants are not serving with the forces of any nation with which the United States is allied in the prosecution of any war, nor have said defendants been ordered to report for induction under the Selective Training and Service Act of 1940, as amended, nor are the defendants members of the Enlisted Reserve Corps ordered to report for military service.   Defendant Butowsky is the managing partner of Chapwood Investments, LLC and Defendant Couch is the founder of America First Media, which is a legal entity organized under the laws of the State of Arkansas.

8.      I hereby make application to the Clerk of this Court for entry of default as to Defendants Butowsky, Couch, and America First Media, pursuant to Rule 55(a), Federal Rules of Civil Procedure.

Dated: May 10, 2019.

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442
Fax: (202) 303-2000

mgottlieb@willkie.com

***Attorney for Plaintiff Aaron Rich***

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to receive filings via email pending registration to receive electronic notification of filings.

Dated: May 10, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442
Fax: (202) 303-2000
mgottlieb@willkie.com

***Attorney for Plaintiff Aaron Rich***