# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

vs.

EDWARD BUTOWSKY, MATTHEW COUCH, AMERICA FIRST MEDIA and THE WASHINGTON TIMES,

    Defendants

Case No. 1:18-cv-000681

## EDWARD BUTOWSKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ANTI-SUIT INJUNCTION

NOW COMES Defendant Edward Butowsky, responding in opposition to the PLAINTIFF'S MOTION FOR ANTI-SUIT INJUNCTION ("MOTION") as follows:

### Introduction

The Plaintiff's MOTION is desperate and frivolous. By playing fast and loose, Plaintiff Aaron Rich tries to convince the Court that he has been sued in Texas on claims arising from this case. In reality, the Plaintiff has not been sued at all, much less on claims arising from this case. Frankly, Mr. Butowsky does not care whether the Court enjoins him from suing Mr. Rich because he has no desire to sue Mr. Rich. The real parties in interest are Mr. Rich's *attorneys*, and the MOTION is a desperate attempt on their part to avoid liability for slanderous statements that were made on national television and are far outside the scope of any immunity.



RECEIVED Mail Room  MAY 10 2019  Angela D. Caesar, Clerk of Court  U.S. District Court, District of Columbia

**Facts**

On March 27, 2018, Michael Gottlieb (an attorney for the Plaintiff herein) appeared on a national television program and made numerous false and defamatory statements about Mr. Butowsky without attributing those defamatory statements to this lawsuit or any other. *See* ORIGINAL COMPLAINT 20, ¶62, *Edward Butowsky v. Michael Gottlieb, et al.*, Case No. 4:19-cv-00180 (E.D.Tex.)(hereinafter "TEXAS COMPLAINT"), attached to the MOTION as Exhibit A. Six months later, another attorney for the Plaintiff (Meryl Governski) likewise made false and defamatory statements about Mr. Butowsky without attributing those statements to this lawsuit or any other. *Id.* 23-24, ¶66.

In *Edward Butowsky v. Michael Gottlieb, et al.*, Case No. 4:19-cv-00180 (E.D.Tex.) (hereinafter "Texas Litigation"), Mr. Butowsky sued Mr. Gottlieb, Ms. Governski, and numerous others for their role in an organized campaign of defamation. *See* TEXAS COMPLAINT. While the statements referenced above were *part* of the defamation campaign, they were only a small part of a larger conspiracy that included numerous other persons who are not connected to this lawsuit in any way. *Id.* To be perfectly clear, the TEXAS COMPLAINT does not bring claims against any party to this litigation. Furthermore, the TEXAS COMPLAINT expressly states that Mr. Butowsky is not bringing claims based on the filing of this case. *Id.* at 33, ¶86. While some of the false and defamatory statements made by Mr. Gottlieb and Ms. Governski overlap *factually* with the allegations in the Plaintiff's complaint in this case, the legal issues in the two cases are as different as the parties.

## Legal Argument

1. <u>Mr. Butowsky may bring defamation claims against Mr. Gottlieb and Ms. Governski.</u>

The Plaintiff's arguments about Mr. Gottlieb's and Ms. Governski's purported immunity for their defamatory statements should be directed to the Texas court, but Mr. Butowsky will discuss them here nonetheless. As an initial matter, the injury to Mr. Botowsky's reputation is presumed to occur in Texas, therefore Texas courts have jurisdiction. *See, e.g., Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015) and *Gen. Motors Acceptance Corp. v. Howard*, 487 S.W.2d 708, 710 (Tex. 1972). Furthermore, Texas law applies to Mr. Butowsky's claim. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141–42 (5th Cir. 2007). Applying Texas law, the Fifth Circuit recently held that the judicial proceedings privilege is not so broad as the Plaintiff believes:

> …Texas caselaw suggests that the circumstances of the third-party recipient—and that party's relationship to the contemplated litigation—is relevant to our analysis. "Even statements aimed at parties not involved in the [contemplated judicial] proceeding are absolutely privileged if they bear some relation to a judicial proceeding." *Thomas*, 940 S.W.2d at 344. However, in most jurisdictions, "for a communication to have some relation to a proposed or pending judicial proceeding, 'the recipient of the communications must have a direct interest in the litigation or possess evidentiary information relevant to it.'" *Richmond*, 31 Am. J. Trial Advoc. at 320 (quoting *Johnson v. McDonald*, 197 Ariz. 155, 3 P.3d 1075, 1080 (Ct. App. 1999)). Here, the relationship between the third-party recipients and the litigation identified by HTA was attenuated and hypothetical at best. The parties contacted by HTA had little interest in a possible tortious interference or defamation dispute between HTA and BancPass (indeed, the letters to Google and Apple did not even mention potential litigation between the two parties), and the judicial proceeding vaguely described in the letter to TxDOT was entirely hypothetical.

*BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 404–05 (5th Cir. 2017).

> Allowing defamation suits for communications to the news media will not generally inhibit parties or their attorneys from fully investigating their claims or completely detailing them for the court or other parties. Also, the important factor of judicial control is absent. *See* 49 N.W.2d at 525. The salutary policy of allowing freedom of communication in judicial proceedings does not warrant or countenance the dissemination and distribution of defamatory accusations outside of the judicial proceeding. No public purpose is served by allowing a person to unqualifiedly make libelous or defamatory statements about another, but rather such person should be called upon to prove the correctness of his allegations or respond in damages. The privilege or immunity granted to defamatory statements in judicial proceedings is a narrow one. "The scope of the privilege is restricted to communications such as those made between an attorney and client, or in the examination of witnesses by counsel, or in statements made by counsel to the court or jury." *Kennedy v. Cannon, supra*, 182 A.2d at 58. *See* Restatements of Torts 2d s 586, comments A and C. Thus, while a defamatory pleading is privileged, that pleading cannot be a predicate for dissemination of the defamatory matter to the public or third parties not connected with the judicial proceeding. Otherwise, to cause great harm and mischief a person need only file false and defamatory statements as judicial pleadings and then proceed to republish the defamation at will under the cloak of immunity.

*Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698 (8th Cir. 1979), cited with approval by *BancPass, Inc.*, 863 F.3d at 404 n.10. Mr. Gottlieb did not merely issue a press release describing the nature of the lawsuit filed against Mr. Butowsky. Instead, he went on national television and smeared Mr. Butowsky with false allegations *that were not attributed to any lawsuit*. TEXAS COMPLAINT 20, ¶62 Even more problematic is the written statement released by Ms. Governski *six months after this litigation was filed*:

> In an October 1, 2018 story published by *Vox*, a statement from Ms. Governski is quoted as stating that the defendants – to include Mr. Butowsky – are "conspiracy theorists who spread malicious lies for personal and political gain." Ms. Governski is further quoted as saying, "We will continue our efforts against the remaining defendants, who to this day continue to spread unconscionable lies about Aaron in order to advance their false political narratives." On the contrary, Mr. Butowsky is not a conspiracy theorist, and he has not spread any lies – unconscionable or otherwise – nor has he done so for personal or political gain.

TEXAS COMPLAINT 23-24, ¶66. Mr. Butowsky defies the Plaintiff to explain how the judicial proceedings privilege would apply to such a statement, particularly Ms. Governski's allegation that Mr. Butowsky "spread unconscionable lies" *after* this case was filed. Her statement is exactly the sort of actionable defamation described above in *Asay*.

2. The claims and parties in this case do not overlap with those in the Texas litigation.

The preceding excerpt from the TEXAS COMPLAINT shows clearly that Mr. Butowsky's claims do not overlap with those in this case. On one hand, the Plaintiff sued Mr. Butowsky because of allegedly false statements that Mr. Butowsky made about him regarding events in 2016. On the other hand, Mr. Butowsky sued Mr. Gottlieb and Ms. Governski because of false statements made about Mr. Butowsky in 2018. Furthermore, the civil conspiracy in the Texas Litigation is also much broader in scope than the statements made by Mr. Gottlieb and Ms. Governski, and it extends to other defendants. *See, generally*, TEXAS COMPLAINT. While the Plaintiff casually states that he is not asking the Court to enjoin Mr. Butowsky from suing those other defendants, he fails to explain why Mr. Butowsky should be permitted to sue *some* of the co-conspirators in Texas, yet not others (*i.e.*, his lawyers). After all, co-conspirators are liable for one another's torts. *See In re Corrugated Container Antitrust Litigation*, 662 F.2d 875, 886 (D.C. Cir. 1981) and *Slavin v. Curry*, 574 F.2d 1256, 1263 (5th Cir.), opinion modified on denial of reh'g, 583 F.2d 779 (5th Cir. 1978), and overruled on other grounds by *Sparks v. Duval Cty. Ranch Co.*, 604 F.2d 976 (5th Cir. 1979). Accordingly, Mr. Gottlieb

and Ms. Governski are liable for defamatory statements made by other parties to the Texas Litigation. *See, e.g.*, TEXAS COMPLAINT 18-19, ¶¶57-58. Why should Mr. Butowsky be enjoined from proceeding with those claims?

One of the more absurd arguments in the MOTION pertains to compulsory counterclaims. As explained above, Mr. Butowsky has not sued Mr. Rich and does not intend to sue Mr. Rich, thus there could be no counterclaim. Meanwhile, a claim against Mr. Rich's lawyers would be a third-party claim, not a counterclaim. Accordingly, Fed. R. Civ. P. 13(a) is inapposite. In an offhand comment, the Plaintiff's attorneys suggest that "he likely would be a necessary party to that lawsuit should it be permitted to proceed..." MOTION 8. They present no argument in support of that point and therefore waive the issue. The Plaintiff is not a necessary party to the Texas Litigation, and Mr. Butowsky's claims against *his attorneys* are not compulsory counter-claims.

3. The Plaintiff is seeking a piecemeal anti-suit injunction.

Contrary to the title of the MOTION, the Plaintiff is not really asking for an anti-suit injunction, but an order enjoining prosecution of *parts* of the Texas Litigation. Specifically, the Plaintiff asks the Court to enjoin the prosecution of claims against his attorneys. The Plaintiff argues that a lawsuit against his attorneys in Texas might interfere with this case, but then he seems to suggest that any claims against his attorneys must be brought in *this* case. That doesn't even make sense. If Mr. Butowsky asserted third-party claims against Mr. Gottlieb and Ms. Governski in this case, that would outright disqualify them from representing Mr. Rich. Where, then, is Mr. Butowsky supposed to bring his

claims against Mr. Gottlieb and Ms. Governski? If the Plaintiff argues that Mr. Butowsky must bring his claims in D.C., but in a separate proceeding, then he shows his hand: he is seeking to dictate *where* Mr. Butowsky sues Mr. Gottlieb and Ms. Governski. That's a far cry from what he *claims* he is seeking, *i.e.*, an injunction to prevent interference with this Court's jurisdiction.

4. <u>Mr. Butowksy has not engaged in forum shopping</u>.

The Plaintiff fails to establish the elements necessary for an anti-suit injunction and therefore fails to establish the elements necessary for an injunction generally, but Mr. Butowsky wishes to further elaborate on the "hardship" elements of an injunction. The Plaintiff's lawyers are hypocrites when they accuse Mr. Butowsky of "forum shopping" and seeking to drag them into an inconvenient jurisdiction. Neither the Plaintiff nor Mr. Butowsky have any connection to the District of Columbia, but the Plaintiff's lawyers filed this case in D.C. anyway, and purely for their own tactical advantage. That has been a considerable hardship to Mr. Butowsky, and the Plaintiff's lawyers should be circumspect about accusing others of forum shopping.

## Conclusion

The Plaintiff's Motion is misleading at best, and frivolous at worst. It should be denied.

Respectfully,

Edward Butowsky
[Address]

**CERTIFICATE OF SERVICE**

    I certify that I emailed the foregoing document on May 7, 2019 to Matt Couch (mattcouch@af-mg.com), Michael Gottlieb (mgottlieb@bsfllp.com), Joshua Riley (jriley@bsfllp.com), Randall Jackson (rjackson@bsfllp.com), Meryl Governski (MGovernski@bsfllp.com) and Andrea Flores (aflores@bsfllp.com).