# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH           Plaintiff, <br><br> v. <br><br> EDWARD BUTOWSKY, MATTHEW COUCH, and AMERICA FIRST MEDIA <br><br><br>           Defendants. | Civil Action No. 1:18-cv-00681-RJL <br><br> Hon. Richard J. Leon |

## PLAINTIFF'S UPDATE TO RULE 26(F)
## CONFERENCE REPORT AND DISCOVERY PLAN

Plaintiff Aaron Rich respectfully urges this Court to enter a Scheduling Order without further delay, and additionally to schedule a Status Conference and remove this case from the state of limbo in which it has sat for much of the past year.  Mr. Rich filed this action more than a year ago and has litigated the matter in good faith against parties that have effectively opted-out of this matter in the absence of supervision from the Court.  The Defendants (and their aligned third-parties) should not be permitted to disrespect this Court's jurisdiction.  Permitting Defendants to do so is highly prejudicial to Mr. Rich, including because of the serious risk that relevant witnesses (one of whom has passed away since the filing of this case) and evidence will become unavailable to Mr. Rich.

On May 16, 2018, the parties filed a Rule 26(f) Conference Report and Discovery Plan. *See* Dkt. 18 ("Initial Report").  Much of the Initial Report has been rendered moot, irrelevant, or outdated by events in the year-plus since it was filed, including, for example, the dismissal of The Washington Times pursuant to a settlement agreement on October 11, 2018, *see* Dkt. 40, and the

1

Court's orders denying the Defendants' motions to dismiss or transfer the case, *see* Dkt. Mar. 29, 2019 Minute Order.   Therefore, Mr. Rich respectfully files this update to the Rule 26(f) Conference Report and Discovery Plan ("Updated Rule 26 Report") to facilitate management of this case, and to account for developments since the filing of the Initial Report.   For the Court's convenience, Mr. Rich is filing a Proposed Scheduling Order with this Updated Rule 26 Report. On April 18, 2019, Plaintiff provided a draft of this Updated Report to Defendants and requested that Defendants review it and provide their positions, if any, with respect to the contents contained therein.   To date, they have declined to do so, therefore Plaintiff does not know whether Defendants' position has changed.   All changes below reflect changes in Plaintiff's position only.

## LOCAL RULE 16.3(c)(1) (DISCOVERY PENDING DISPOSITIVE MOTIONS)

Plaintiff's Position:   In the Initial Report, the principal dispute among the parties with respect to this issue was whether party discovery should begin before the Court ruled on motions to dismiss.   *See* Dkt. 18 at 1–2.   Mr. Rich took the position that discovery should proceed immediately, and the Defendants took the position that it should be stayed pending resolution of motions to dismiss.   *See id.*   Absent the entry of a Scheduling Order or other guidance from the Court with respect to that dispute, Mr. Rich did not serve party discovery.   Since the filing of the Initial Report, however, Defendants have filed, and the Court has now denied, motions to dismiss or transfer this case.   *See* Dkt. 17, 25, 44, 47; Mar. 29, 2019 Minute Order.   Separately, Defendants have stated that they wish to proceed with discovery, contrary to the position they took in the Initial Report.   *See* Dkt. 51 at 3–5 (summarizing statements).   Therefore, Mr. Rich has started to serve party discovery.

## LOCAL RULE 16.3(c)(2) (JOINDER, AMENDMENTS, ETC.)

Plaintiff's Position: Parties shall be joined or the pleadings amended by motion under

Rule 15 of the Federal Rules of Civil Procedure.

**LOCAL RULE 16.3(c)(3) (ASSIGNMENT TO MAGISTRATE):**

Plaintiff's Position:  Mr. Rich requests that a Magistrate Judge be assigned promptly for the purpose of resolving non-dispositive motions, several of which are anticipated and a number of which are now pending.  *See, e.g.*, Dkt. 39 (Pl. Mot. to Compel re: Wheeler Subpoena); Dkt. 51 (Pl. Mot. for Anti-Suit Injunction); Dkt. 54 (Pl. Mot. for Order to Show Cause re: Wheeler Subpoena).

**LOCAL RULE 16.3(c)(4) (SETTLEMENT PROSPECTS):**

Plaintiff's Position:  Mr. Rich has reached a settlement with The Washington Times, which has been dismissed from the case.  *See* Dkt. 40.  While Mr. Rich would consider any meaningful settlement proposal from the remaining Defendants, he views the prospect of any settlement with the remaining Defendants to be highly improbable.

**LOCAL RULE 16.3(c)(5) (ADR):**

No updates from Initial Report.

**LOCAL RULE 16.3(c)(6) (DATES FOR DISPOSITIVE MOTIONS)**:

Plaintiff's Position:  Motions to Dismiss have been denied, and the Proposed Scheduling Order filed with this Updated Rule 26 Report includes proposed deadlines for the filing of summary judgment motions.

**LOCAL RULE 16.3(c)(7) (INITIAL DISCLOSURES):**

Plaintiff's Position:   In the Initial Report, Mr. Rich took the position that Initial Disclosures should be exchanged by May 23, 2018, and Defendants took the position that Initial Disclosures should be filed ten days after the Court ruled on any motions to dismiss.  *See* Dkt.

18 at 7. The Court ruled on the motions to dismiss on March 29, 2019, so Mr. Rich served Initial Disclosures ten days later, on April 7, 2019. *See* Dkt. 53. Defendants have not served their Initial Disclosures, notwithstanding the position they took in the Initial Report. Defendants should be required to serve Initial Disclosures immediately, as set forth in Mr. Rich's Proposed Scheduling Order attached hereto, and Mr. Rich reserves the right to file a motion to compel the Defendants to serve their Initial Disclosures.

**LOCAL RULE 16.3(c)(8) (JOINT DISCOVERY PLAN):**

Plaintiff's Position: Mr. Rich's position with respect to the extent and limits of fact discovery is unchanged since the Initial Report. With respect to the timing of fact discovery, Mr. Rich's position is reflected in the Proposed Scheduling Order attached hereto.

**LOCAL RULE 16.3(c)(9) (ESI):**

The parties submitted a joint ESI agreement, which is pending before the Court. *See* Dkt. 36.

**LOCAL RULE 16.3(c)(10) (PRIVILEGE/PROTECTIVE ORDER):**

No updates.

**LOCAL RULE 16.3(c)(11) (EXPERT REPORTS/DEPOSITIONS):**

Plaintiff's Position: Mr. Rich proposes that expert reports and discovery be conducted in accordance with the Proposed Scheduling Order filed with this Updated Rule 26 Report.

**LOCAL RULE 16.3(c)(12) (CLASS ACTIONS):**

No updates / not applicable.

**LOCAL RULE 16.3(c)(13) (TRIAL):**

No updates.

**LOCAL RULE 16.3(c)(14) (PRE-TRIAL CONFERENCE):**

Plaintiff's Position:  Mr. Rich proposes that a pre-trial conference be held in accordance with the Proposed Scheduling Order filed with this Updated Rule 26 Report.

**LOCAL RULE 16.3(c)(15) (SCHEDULING ORDER):**

Plaintiff's Position:  Mr. Rich is filing a Proposed Scheduling Order with this Updated Rule 26 Report.

**RULE 16.3(c)(16) (OTHER MATTERS):**

No updates.

**STATEMENT OF FACTS**

Plaintiff's Position:  On July 5, 2018, after the parties submitted the Initial Report, the Court issued a Case Management Order that directed counsel "to include in their Joint Meet and Confer Statement a one-page statement of the facts of the case and the statutory basis for all causes of action and defenses."  Below is Mr. Rich's Statement of Facts:

> Aaron Rich's younger and only brother Seth was murdered in Washington, D.C. on July 10, 2016 in what law enforcement have described as an armed robbery.  There later emerged an unfounded conspiracy theory that Seth was assassinated for stealing emails from his employer, the Democratic National Committee ("DNC"), and leaking those emails to Wikileaks in the run-up to the 2016 presidential election.  Until the summer 2017, this theory did not claim that Aaron Rich played any role in the purported conspiracy.

> In August 2017, Defendants Butowsky, Couch, and AFM launched a relentless social media campaign to insert Aaron Rich into this already baseless conspiracy theory—they have done so by falsely accusing him of: helping Seth steal the DNC's emails; receiving money from Wikileaks into Aaron's personal bank account in exchange for the transfer of those emails; learning in advance that Seth was going to be murdered and doing nothing to stop it; and refusing to cooperate with law enforcement officials investigating Seth's murder.  In essence, Defendants have accused Aaron of treason, obstruction of justice, and complicity in his brother's

murder.   These defamatory statements have reached tens of thousands of individuals, and Defendants Couch and AFM have used them to raise tens of thousands of dollars for a purported "investigation" into Seth's murder.

In March 2018, the Washington Times repeated, amplified, and expanded upon these defamatory statements by publishing an article, both in print and online, stating that Aaron "downloaded the DNC emails and was paid by Wikileaks for that information" (which is completely false) and implying that Aaron had not "been interviewed" by law enforcement (when in fact he had been).   The publication's only named source was Defendant Butowsky.    The Times has since retracted the column, apologized to Mr. Rich, and been dismissed from the case.

Aaron Rich filed this lawsuit for damages and injunctive relief to recover for the damage done to his reputation and emotional wellbeing by Defendants' false campaign against him.

Respectfully Submitted,

DATED:  June 10, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

**CERTIFICATE OF**
**SERVICE**

I hereby certify that on June 10, 2019, a copy of the foregoing document was emailed to

Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First

Media via Defendant Couch at mattcouch@af-mg.com.  These Defendants consented in writing

to receive filings via email pending registration to receive electronic notification of filings.


Dated: June 10, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH | |
| Plaintiff, | |
| v. | Civil Action No. 1:18-cv-00681-RJL |
| | Hon. Richard J. Leon |
| EDWARD BUTOWSKY, | |
| MATTHEW COUCH, and | |
| AMERICA FIRST MEDIA, | |
| Defendants. | |

**[PLAINTIFF'S PROPOSED] SCHEDULING ORDER**

IT IS HEREBY ORDERED that the following Scheduling Order is entered, subject to the rights of the parties to seek modification of the schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | Within 5 days of this Order |
| Close of Fact Discovery | 120 days from entry of this Order |
| Opening Expert Reports | 135 days from entry of this Order |
| Rebuttal Expert Reports | 150 days from entry of this Order |
| Close of Expert Discovery | 165 days from entry of this Order |
| Summary Judgment and *Daubert* Motions | 190 days from entry of this Order |
| Opposition to Summary Judgment and *Daubert* Motions | 220 days from entry of this Order |
| Reply in Support of Summary Judgment and *Daubert* Motions | 230 days from entry of this Order |

| | |
|---|---|
| Pre-Trial Conference | Within 15 days of Orders on Summary Judgment and Daubert Motions |
| Trial Begins | 60 days following pre-trial conference |

**SO ORDERED.**

_____

THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE
United States District Court for the
District  of Columbia

DATED:_____