# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>                    Plaintiff,<br><br>   v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>                    Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
### DEFENDANT EDWARD BUTOWSKY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff hereby requests that Defendant Edward Butowksy ("Butowsky" or "You") answer under oath the First Set of Interrogatories ("Interrogatories") set forth below within thirty (30) days after being served with the Interrogatories, unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

### DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference all instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

1.       These Interrogatories are continuing in nature as provided in Rule 26(e) of the Federal Rules of Civil Procedure. To the extent that you or your agents or representatives become aware of additional information responsive to the Interrogatories subsequent to the initial

response, you are required to immediately provide such information requested herein.

2. You must answer each Interrogatory separately and fully in writing under oath as required by Fed. R. Civ. P. 33(b)(3).

3. You must personally sign the answers to these Interrogatories as required by Rule 33(b)(5).

4. In answering these Interrogatories, you must furnish all information available to you.

5. Your responses to the following Interrogatories shall be based on all knowledge and information (whether or not hearsay or admissible) in your possession, custody, or control.

6. The Interrogatories hereby incorporate the agreed-upon Stipulation Regarding Discovery of Electronically Stored Information, filed on the docket at ECF No. 36 ("ESI Stipulation").

7. If you cannot answer an Interrogatory in full after exercising due diligence to secure the necessary information, so state and answer the Interrogatory to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

8. If you object to any Interrogatory, state with specificity the grounds for such objection. Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

9. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

10. The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

11. The Interrogatories hereby incorporate any and all of the Definitions in the

agreed-upon Stipulated Protective Order, filed on the docket at ECF No. 29 ("Protective Order").

12. "You," "Your," or "Yours" refers to Defendant Edward Butowsky and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant Butowsky has control.

13. "AFM" means Defendant America First Media and any member thereof, including those members referenced in the Complaint in paragraph 16.

14. "Couch" means Defendant Matthew Couch.

15. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

16. "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

17. The word "evidence" includes but is not limited to information provided to you, whether orally or in writing, by any individual or source.

18. The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to, Aaron Rich, Seth Rich, Mary Rich, and Joel Rich.

19. "Statements" refer to any words You have ever uttered, whether in writing or orally, about Plaintiff Aaron Rich as described in the Complaint, including that Mr. Rich was involved in the theft of DNC documents and provided said DNC documents to WikiLeaks in exchange for money.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**:

Describe in detail all Communications You have had regarding the Rich Family, including but not limited to: when each such Communication occurred; if in person, where each such Communication occurred; if not in person, by what methods each such Communication occurred; how and by whom each such Communication was initiated; and what was said by whom during each such Communication. For avoidance of doubt, Your answer to this Interrogatory shall include details with respect to: the first Communication You had with the Rich family as described in the Complaint in paragraphs 5, 27; any and all Communication You had with Rod Wheeler as described in the Complaint in paragraphs 28, 31; any and all Communication You had with Malia Zimmerman or any individual employed by or affiliated with Fox News as described in the Complaint in paragraphs 28–30 ; any and all Communication you had with Cassandra Fairbanks as described in the Complaint in paragraphs 32, 81–82; any and all Communications You had with Couch or any member of AFM, including as described in the Complaint in paragraphs 6, 34, 39–43; Communications related to the publication and/or retraction of The Washington Times article as described in the Complaint in paragraphs 9,

70–75; and Communications about the letter Mr. Rich sent to You personally ("Mr. Rich's Letter"), including as described in the Complaint in paragraphs 8, 64–69.

**INTERROGATORY NO. 2**:

Identify and describe in detail all evidence on which You relied to support any and all Statements attributed to You in the Complaint, including that Mr. Rich was involved in the theft of DNC emails and the transmittal of said emails to WikiLeaks in exchange for money, and provide all details regarding the attempts, if any, You took to examine or independently confirm the veracity of such evidence.

**INTERROGATORY NO. 3**:

Identify and describe in detail all evidence of which You are or have been aware that contradicted and/or discredited the Statements attributed to You in the Complaint, and provide details regarding the attempts, if any, You took to examine such evidence. Your answer to this interrogatory shall specifically address whether and how You considered: Mr. Rich's Letter denying the Statements; Mr. Rich's decision to file a lawsuit contesting the truth of Your Statements; various retractions of statements similar to Your Statements including but not limited to those by The Washington Times, InfoWars, and Jerome Corsi; the conclusions of the Intelligence Community regarding Russia's responsibility for the theft and hack of DNC emails; and the finding by Special Counsel Robert Mueller that WikiLeaks and Julian Assange "implied falsely" that Mr. Rich's brother, Seth, had been the "source of the stolen DNC emails."

DATED: June 4, 2019

*/s/ Joshua P. Riley*
JOSHUA P. RILEY (D.C. Bar No. 1026900)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005

Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
*Attorney for Plaintiff*

***Attorney for Plaintiff Aaron Rich***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com.  These Defendants consented in writing to receive service via email.

Dated: June 4, 2019

                     /s/ *Joshua P. Riley*
                     Joshua P. Riley