| | |
|---|---|
| **From:** | Joshua Riley |
| **To:** | Matt Couch |
| **Cc:** | "Gottlieb, Michael"; Meryl Governski; Hall, Samuel; Chloe Houdre; Dale Pedrick |
| **Subject:** | Re: Documents |
| **Date:** | Friday, July 19, 2019 3:59:03 PM |

Mr. Couch,

Our July 8 letter to you lays out in detail the deficiencies in your discovery responses, and it answers all of your questions below. We sent you a Request for Production ("RFP") that requires you to produce documents to us. That RFP, which we now have sent to you on multiple occasions, including in the body of the thread below, defines what "documents" means and makes clear that it includes all emails, text messages, videos, audio recordings, messages sent or received on Twitter, Periscope, or other social media platforms, and any other digital or paper record you have reflecting communications or information relating to the subjects set forth in the RFP, including matters relating to this litigation. You are required to search for responsive documents in your email accounts, social media accounts, voicemail messages, phone records, and whatever other files you and AFM have, and you are required to produce to us any non-privileged materials you find in that search. You have not done that. Suffice to say for present purposes, and as is set forth more fully in our July 8 letter to you, you have not produced a single document in response to our RFP, notwithstanding your repeated public statements that you have such documents (which statements we will provide to the Court).

You have refused to produce any documents in response to the RFP even though we have extended you the courtesy of multiple extensions of time to do so—you've now had three months—including in response to one request in which your sole objection appeared to be that you were unable to focus on producing documents because your wife was divorcing you. Meanwhile, however, you have maintained an active social media presence, including by repeatedly publishing materials and videos advancing your conspiracy theory about Seth Rich's murder. That you have refused to comply with your discovery obligations in this circumstances is not "good faith," as you claim; it is an affront.

We are not going to prolong this any further. We are preparing our motion, in which we will provide the Court a record of our efforts to date to secure your compliance with the RFP and in which we will ask the Court to enter an order compelling you to comply. If you continue to defy legal processes, we reserve our rights to seek an order to show cause as to why you should not be sanctioned and held in contempt, as we were required to do with Mr. Wheeler. If you respond fully to the RFP before the Court rules, then we would be prepared to file a notice with the Court asking it to vacate its order, along the lines of what we did with Mr. Wheeler. As for your request for a call, our July 8 letter and the instructions in the RFP make clear what you are required to do; however, if you have specific questions about your obligations, you can send those to us and we will provide our position on them, or you can (and should) consult with a lawyer. If after receiving any specific questions you have, it appears that a call is appropriate, then we would be happy to schedule one, provided, however that all parties consent to it being recorded to ensure an accurate record.

Finally, please do not ever again suggest, as you have below and previously, that our intentions are anything other than obtaining justice for Aaron Rich. While you claim to have spent the last two years leading an "investigation" into Seth Rich's murder, you now take the position that you have no investigative file or other records on the matter. Meanwhile, you now acknowledge that you based much of your false representations about Seth and Aaron Rich on a source who you have disavowed as unreliable yet continue to promote, as recently as yesterday, on social media (all while falsely telling the Court that you have removed all content about Aaron Rich). So aside

from pleading for money from your social media followers and selling merchandise, all for your own benefit, we'd be interested to know what exactly you believe your "investigation" has done to benefit the Rich family.  As far as we can tell, all you have done is spread lies about Aaron and his family, harming their reputation and causing them unimaginable pain at a time when any decent person would have afforded them peace and quiet to mourn Seth's death.  Our sole intention in this litigation is and always has been to hold you accountable for that.  A jury—or perhaps Judge Leon if he agrees to the summary process you have requested in your letter to the Court—will decide whether you have "put out truthful and accurate information in [y]our Investigations," as you state, or instead have defamed our client by peddling conspiracy theories.


~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727
jriley@bsfllp.com
www.bsfllp.com

---

**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Thursday, July 18, 2019 7:29 PM
**To:** MGottlieb@willkie.com; Meryl Governski <mgovernski@bsfllp.com>; Joshua Riley <jriley@bsfllp.com>
**Cc:** ██████████████
**Subject:** Documents

Good Evening All,

Is there a way that you can jump on a call with me tomorrow to let us know what we need to comply with.

I would like to better understand the gap between why you think we haven't complied. We are showing a good faith effort and want to get clarity.

Matt Couch
America First Media
The DC Patriot
www.theDCPatriot.com
████████████
mattcouch@af-mg.com

Sent from my iPhone

---

**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Thursday, July 18, 2019 11:09 AM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>;

Hall, Samuel (SHall@willkie.com) <SHall@willkie.com>; Dale Pedrick <dpedrick@bsfllp.com>; Chloe Houdre <choudre@bsfllp.com>; ███████████

**Subject:** Re: Rich v. Butowsky Answers to Interrogatories for AFM & Couch

Josh,

We haven't destroyed any evidence and to insinuate so is insulting to my intelligence..

We have put out truthful and accurate information in our Investigations based on our sources and investigating. I'm sorry that triggers you. Our intent unlike yours is to solve a murder. A murder that is still unsolved and every FOIA we've filed has been blocked by the FBI and DC Metro Police, now I wonder why that is?

What discovery requests are we not complying with? I have no clue nor do I have the time or resources to figure out Twitter numbers from inception, you can subpoena that from Them.

Please explain what my finances have to do with your defamation case? I've supported a family of 5 and worked 15-18 hours a day for two plus years on this case, costing me everything. Those are the facts. Making less than $50k per year.

Our Teespring merchandise? It's minimal in the least, far less than $5,000 and once again HAS NOTHING TO DO with a DEFAMATION LAWSUIT. I'm not denying what I said, so let's get this over with.

Furthermore we offered to write an apology, and we have already removed everything from our media platforms that has to do with Aaron or his parents. We however are not willing to accept your legalized version of extortion and never talk about Seth Rich publicly again.


Sent from my iPhone

On Jul 18, 2019, at 8:57 AM, Joshua Riley <jriley@bsfllp.com> wrote:

Mr. Couch,

We understand from your letter to Judge Leon, dated July 9, that neither you nor AFM intend to comply with Plaintiff Rich's discovery requests, which were the subject of our July 8 letter to you. We therefore consider our Rule 7(m) obligations to be satisfied, and we intend to file a motion to compel your compliance with your discovery obligations. We also reserve our right to seek sanctions, including attorneys' fees, should that become necessary. You are reminded that you are under an ongoing duty to preserve, and not destroy, evidence.

~Josh

**Joshua Riley**
Partner
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005

(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

--------------------------------------------------------

**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Monday, July 15, 2019 5:20 PM
**To:** SHall@willkie.com; MGottlieb@willkie.com; Meryl Governski <mgovernski@bsfllp.com>;
Joshua Riley <jriley@bsfllp.com>; Dale Pedrick <dpedrick@bsfllp.com>; Chloe Houdre
<choudre@bsfllp.com>; ███████████████████████████████████████
**Subject:** Letter to The Honorable Richard J.doc

Dear All;

We have sent the following letter certified to the Honorable Judge Richard J. Leon. Please
see below for your records.

Matt Couch
America First Media Group
The DC Patriot
www.theDCPatriot.com
mattcouch@af-mg.com
███████████
Twitter: @RealMattCouch
------------------------------
**From:** Meryl Governski
**Sent:** Monday, July 8, 2019 12:56 PM
**To:** Matt Couch <mattcouch@af-mg.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Dale Pedrick <dpedrick@bsfllp.com>; Hall,
Samuel (SHall@willkie.com) <SHall@willkie.com>; Joshua Riley <jriley@bsfllp.com>; Chloe
Houdre <choudre@bsfllp.com>
**Subject:** RE: Rich v. Butowsky Answers to Interrogatories for AFM & Couch

Mr. Couch,

Please see the attached letter in response to the RFP and Interrogatory responses you
emailed on June 23, 2019 on behalf of yourself and AFM.

**Meryl Conant Governski**
Associate

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 895 7565
(f)  202 237 6131
mgovernski@bsfllp.com
www.bsfllp.com
--------------------------------------------------------
**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Sunday, June 23, 2019 7:39 PM
**To:** Joshua Riley; michael moates; Meryl Governski; Hall, Samuel (SHall@willkie.com); Bill Pierce;

Josh Flippo
**Subject:** Rich v. Butowsky Answers to Interrogatories for AFM & Couch

Mr. Riley,

Please find our answers to all of your requests below. Please let us know if you have any questions.

*Matt Couch*
*America First Media Group*
*The DC Patriot*
*www.thedcpatriot.com*

██████████████

*mattcouch@af-mg.com*
*"Real News in Real Time"*


---------------------------------------------------------
**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Thursday, June 20, 2019 10:50 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>;
Hall, Samuel <SHall@willkie.com>; Chloe Houdre <choudre@bsfllp.com>; Dale Pedrick
<dpedrick@bsfllp.com>; ████████████████
**Subject:** Re: Rich v. Butowsky et al, Case No. 1:18-cv-000681

Yes, working on getting it done as we speak Josh. I'm going to tell you what's going on in
my personal life, and If this leaks, I'm going to be livid. I am in the middle of a divorce,
and things are all over the place right now. I'm hoping you are a group of your word and
will keep this confidential at my request.

I wanted to tell you, but was hesitant and still am about what is happening.

Matt
Sent from my iPhone

-------------------
**From:** Joshua Riley
**Sent:** Thursday, June 20, 2019 8:02 PM
**To:** 'Matt Couch' <mattcouch@af-mg.com>
**Cc:** 'Gottlieb, Michael' <MGottlieb@willkie.com>; Meryl Governski <MGovernski@BSFLLP.com>;
'Hall, Samuel' <SHall@willkie.com>; Chloe Houdre <choudre@BSFLLP.com>; Dale Pedrick
<DPedrick@BSFLLP.com>
**Subject:** RE: Rich v. Butowsky et al, Case No. 1:18-cv-000681

Mr. Couch,

We are writing pursuant to Local Rule 7(m).  Your and AFM's response to the RFP's is
now four weeks overdue.  Will you agree to produce all documents responsive to the
RFPs by Monday?  If not, we'll have no choice but to file our motion.

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Joshua Riley
**Sent:** Sunday, June 16, 2019 1:23 PM
**To:** 'Matt Couch' <mattcouch@af-mg.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski <MGovernski@BSFLLP.com>;
Hall, Samuel <SHall@willkie.com>; Chloe Houdre <choudre@BSFLLP.com>; Dale Pedrick
<DPedrick@BSFLLP.com>
**Subject:** RE: Good Afternoon

Mr. Couch,

The email that we sent you on April 23 is reattached here with the RFPs enclosed.  I also
am separately attaching each of the RFPs and standalone PDF files.  And, for your
convenience, I also am pasting the text of the RFPs below.  In addition, to ensure that we
have a complete and accurate record, I have merged our prior correspondence into the
thread below.  We reserve our right to file a motion asking the Court to compel your
response to these requests.

~Josh

United States District Court

For The district of Columbia

| | |
|---|---|
| AARON RICH | |
| Plaintiff, | Civil Action No. 1:18-cv-00681-RJL |
| v. | Hon. Richard J. Leon |
| EDWARD BUTOWSKY, | |
| MATTHEW COUCH, and | |
| AMERICA FIRST MEDIA | |
| Defendants. | |

O _____

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT matthew couch

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Defendant Matthew Couch produce the following documents and tangible things at the offices of Boies Schiller Flexner LLP, 1401 New York Avenue, N.W., Washington, D.C. 20005, no later than thirty (30) days from service of this First Set of Requests for Production of Documents (the "Requests"), unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action. The Definitions and Instructions that appear below form an integral part of the Requests that follow and must be read in conjunction with them and followed when responding to the Requests.

## GENERAL DEFINITIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

1.        Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2.        The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.        The Requests hereby incorporate any and all of the Definitions in the agreed-upon Stipulated Protective Order, filed on the docket at ECF No. 29 ("Protective Order").

4.        "You," "Your," or "Yours" refers to Defendant Matthew Couch and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant Couch has control.

5.         "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means,  including,  but  not limited to letters, memoranda, reports, emails, text messages,  instant  messages, social media, telegrams, invoices,   telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text

messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

6.       "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

7.       "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust.   Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

## SPECIFIC DEFINITIONS

1.       "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

2.       "Statement" means any statement referenced in Paragraphs 27-87 of the Complaint.

3.       The "Rich Family" refers to the family of Seth Rich and includes, but is not

limited to: Aaron Rich, Seth Rich, Mary Rich, and Joel Rich.

## INSTRUCTIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.          You must fully respond, search for, and produce all Documents and Communication responsive to these Requests.

B.          These Requests are continuing in nature.  If, after making initial responses, You obtain or become aware of any further Documents responsive to the Requests, You are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

C.          Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

D.          Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

E.          The Requests hereby incorporate the agreed-upon Stipulation Regarding Discovery of Electronically Stored Information, filed on the docket at ECF No. 36 ("ESI Stipulation").  Each Document and Communication produced in response to these Requests shall be produced in accordance with the ESI Stipulation.

F.          The Requests hereby incorporate the agreed-upon Stipulated Protective Order.

G.          In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, You shall produce a Privilege Log in accordance with the ESI Stipulation.

H.          If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I.          If any responsive document once was, but is no longer, in Your possession, custody, or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian.  To the extent that any responsive document was lost or destroyed, produce any document that supports Your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

J.          If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request.

K.        Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to these Requests, as agreed upon by the parties in the ESI Stipulation and Protective Order.  Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.  Documents attached to each other should not be separated.

L.        Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

<div align="center">

**DOCUMENTS TO BE PRODUCED**

</div>

**Request for Production No. 1:**

All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, and Rod Wheeler and (b) all Communications relating to the Rich Family that You have had with any person or entity.

**Request for Production No.  2:**

All Documents and Communications supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the Complaint, including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of the Statements.

**Request for Production No.  3:**

A complete copy of all Documents relating to Seth Rich and/or Aaron Rich  that have at any time been posted to any websites or Social Media account under Your ownership, custody,   or   control,   including   but   not   limited   to   https://af-mg.com/   and https://www.americafirstmg.com/.

**Request for Production No.  4:**

Mobile phone records sufficient to show all phone numbers and providers You used at any time since January 1, 2016 and all Documents, including mobile phone billing records, showing the calls You made or received since January 1, 2016 relating to the allegations in the Complaint.

**Request for Production No. 5:**

All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

**Request for Production No. 6:**

All Documents and Communications relating to any of Your responses to any discovery served or that will be served upon You in the above-captioned matter.

DATED:  April 23, 2019

*/s/ Joshua P. Riley*
BOIES SCHILLER FLEXNER LLP
JOSHUA RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com

mgovernski@bsfllp.com

WILLKIE FARR GALLAGHER LLP

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)

1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorney for Plaintiff Aaron Rich*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com.  These Defendants consented in writing to receive service via email.


Dated: April 23, 2019

/s/ *Joshua P. Riley*

                                   JOSHUA P. RILEY

jriley@bsfllp.com




United States District Court

For The district of Columbia

AARON RICH

Plaintiff,

v.


EDWARD BUTOWSKY,

MATTHEW COUCH, and

AMERICA FIRST MEDIA

                         Defendants.

O

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon


PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT america first media (AFM)


Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs

hereby request that Defendant America First Media produce the following documents and tangible things at the offices of Boies Schiller Flexner LLP, 1401 New York Avenue, N.W., Washington, D.C. 20005, no later than thirty (30) days from service of this First Set of Requests for Production of Documents (the "Requests"), unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action. The Definitions and Instructions that appear below form an integral part of the Requests that follow and must be read in conjunction with them and followed when responding to the Requests.

## GENERAL DEFINITIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

8.　　　Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

9.　　　The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

10.　　The Requests hereby incorporate any and all of the Definitions in the agreed-upon Stipulated Protective Order, filed on the docket at ECF No. 29 ("Protective Order").

11.　　"You," "Your," or "Yours" refers to Defendant America First Media (AFM) and includes any persons or entities acting for it or on its behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant AFM has control.

12.　　"Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

13.        "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

14.        "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust.   Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

SPECIFIC DEFINITIONS

4.          "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

5.          "Statement" means any statement referenced in Paragraphs 27-87 of the Complaint.

6.          The "Rich Family" refers to the family of Seth Rich and includes, but is not

limited to: Aaron Rich, Seth Rich, Mary Rich, and Joel Rich.

INSTRUCTIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

N.          You must fully respond, search for, and produce all Documents and Communication responsive to these Requests.

O.        These Requests are continuing in nature.  If, after making initial responses, You obtain or become aware of any further Documents responsive to the Requests, You are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

P.         Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

Q.        Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

R.         The Requests hereby incorporate the agreed-upon Stipulation Regarding Discovery of Electronically Stored Information, filed on the docket at ECF No. 36 ("ESI Stipulation").  Each Document and Communication produced in response to these Requests shall be produced in accordance with the ESI Stipulation.

S.         The Requests hereby incorporate the agreed-upon Stipulated Protective Order.

T.         In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, You shall produce a Privilege Log in accordance with the ESI Stipulation.

U.        If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

V.        If any responsive document once was, but is no longer, in Your possession, custody, or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian.  To the extent that any responsive document was lost or destroyed, produce any document that supports Your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

W.        If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request.

X.        Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to these Requests, as agreed upon by the parties in the ESI Stipulation and Protective Order.  Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.  Documents attached to each other should not be separated.

Y.        Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

Z.        In instances where two or more exact duplicates of any document exist, the most

legible copy shall be produced.

## DOCUMENTS TO BE PRODUCED

**Request for Production No. 1:**

All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, and Rod Wheeler and (b) all Communications relating to the Rich Family or any member thereof that You have had with any person or entity.

**Request for Production No.  2:**

All Documents and Communications supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the Complaint, including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of the Statements.

**Request for Production No.  3:**

A complete copy of all Documents relating to Seth Rich and/or Aaron Rich that have at any time been posted to any websites or Social Media account under Your ownership, custody, or control, including but not limited to https://af-mg.com/ and https://www.americafirstmg.com/.

**Request for Production No.  4:**

All Documents and Communications relating to Your fundraising efforts and Your use or

disposition of funds raised through such fundraising efforts.  This Request includes, but is not limited to, Documents and Communications relating to funds received via PayPal, Fundly, GoFundMe, Patreon, or any other online fundraising platform and funds received from sales of merchandise, including but not limited to on https://teespring.com/stores/americafirstmedia or https://greatamericanera.com/products/america-first-media-group.

**Request for Production No.  5:**

All Documents and Communications relating to AFM's formation, incorporation, and non-profit status, including but not limited to Your articles of incorporation, by-laws, any any reports filed with state or federal agencies.

**Request for Production No.  6:**

All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

**Request for Production No.  7:**

All Documents and Communications relating to any of Your responses to any discovery served upon You in the above-captioned matter.

DATED:  April 23, 2019

*/s/ Joshua P. Riley*
BOIES SCHILLER FLEXNER LLP
JOSHUA RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com

mgovernski@bsfllp.com

WILLKIE FARR GALLAGHER LLP

MICHAEL J. GOTTLIEB (D.C. Bar

No. 974960)

1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com


*Attorney for Plaintiff Aaron Rich*


## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com.  These Defendants consented in writing to service via email.


Dated: April 23, 2019

/s/ *Joshua P. Riley*

JOSHUA P. RILEY

jriley@bsfllp.com


**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727
jriley@bsfllp.com
www.bsfllp.com


**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Sunday, June 16, 2019 12:15 AM
**To:** Meryl Governski <mgovernski@bsfllp.com>
**Cc:** Joshua Riley <jriley@bsfllp.com>; Gottlieb, Michael <MGottlieb@willkie.com>;

Chloe Houdre <choudre@bsfllp.com>; Hall, Samuel (SHall@willkie.com)
<SHall@willkie.com>; Dale Pedrick <dpedrick@bsfllp.com>; ██████████████
**Subject:** Re: Rich v. Butowsky et al, Case No. 1:18-cv-000681

Good evening,

The attachment will not open.
Sent from my iPhone

**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Thursday, June 13, 2019 4:55 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>;
Hall, Samuel <SHall@willkie.com>; Chloe Houdre <choudre@bsfllp.com>; Dale Pedrick
<dpedrick@bsfllp.com>; ██████████████
**Subject:** Re: Good Afternoon

I do, and as I explained my personal life has been a wreck. I'll get these back to you over
the weekend or early next week. Things are stabilizing. I appreciate you resending.

Matt

Sent from my iPhone

> On Jun 13, 2019, at 3:53 PM, Joshua Riley <jriley@bsfllp.com> wrote:
>
> Mr. Couch,
>
> See attached, per your request. As you know, your response to these RFPs is past due.
>
> ~Josh
>
> Joshua Riley
> Partner
> BOIES SCHILLER FLEXNER LLP
> 1401 New York Avenue, N.W.
> Washington, DC 20005
> (t) 202 237.2727
> jriley@bsfllp.com
> www.bsfllp.com
>
>
> -----Original Message-----
> From: Matt Couch [mailto:mattcouch@af-mg.com]
> Sent: Thursday, June 13, 2019 4:41 PM
> To: Joshua Riley <jriley@bsfllp.com>
> Subject: Good Afternoon
>
> Good Afternoon Josh,
>
> Could you please resend the First RFP. I cannot seem to find it anywhere.

>
> Matt
>
> Sent from my iPhone
>
>

**From:** Joshua Riley
**Sent:** Tuesday, May 28, 2019 2:45 PM
**To:** Matt Couch <mattcouch@af-mg.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski
<MGovernski@BSFLLP.com>; Chloe Houdre <choudre@BSFLLP.com>; Hall, Samuel
<SHall@willkie.com>; Dale Pedrick <DPedrick@BSFLLP.com>; ██████████████
**Subject:** RE: Rich v. Butowsky et al, Case No. 1:18-cv-000681

Mr. Couch,

We understand from your response below that you are not accepting our proposal to
extend to June 7 the deadline to respond to the RFP in exchange for you commitment to
produce all responsive, non-privileged documents by that date.  We therefore reserve our
right to file a motion to compel your compliance with the RFP.  If you produce all
responsive, non-privileged documents before the Court rules on our motion, then we
would be willing to consider withdrawing the motion as moot at that time.

~Josh


**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Tuesday, May 28, 2019 9:27 AM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski
<mgovernski@bsfllp.com>; Chloe Houdre <choudre@bsfllp.com>; Hall, Samuel
<SHall@willkie.com>; Dale Pedrick <dpedrick@bsfllp.com>; ██████████████
**Subject:** Re: Rich v. Butowsky et al, Case No. 1:18-cv-000681

I will see what I can do, but deadlines aren't working for me right now. Once I get these
personal issues behind me that will change.

Matt
Sent from my iPhone

On May 26, 2019, at 1:10 PM, Joshua Riley <jriley@bsfllp.com> wrote:
Mr. Couch,

Following up on my email below, please let us know whether you agree to provide all
responsive, non-privileged documents by June 7.  If you're unable or unwilling to make
that commitment, we will need to file our motion to compel.

~Josh

**From:** Joshua Riley
**Sent:** Friday, May 24, 2019 5:08 PM
**To:** Matt Couch <mattcouch@af-mg.com>

**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski
<MGovernski@BSFLLP.com>; Chloe Houdre <choudre@BSFLLP.com>; Hall, Samuel
<SHall@willkie.com>; Dale Pedrick <DPedrick@BSFLLP.com>; ███████████████
**Subject:** RE: Rich v. Butowsky et al, Case No. 1:18-cv-000681

Mr. Couch,

Although we do not believe it is appropriate to request extensions after due dates have
passed, we also are willing as a professional courtesy to provide you with an additional
two weeks to respond to our client's RFP.  Please note, though, that we are granting this
extension based on our understanding that you intend on producing all responsive, non-
privileged documents in your possession at (or before) the end of the extension. If that is
not your intention, we will be unable to agree to the requested extension.  Please promptly
let us know whether we have an agreement.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER** LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Friday, May 24, 2019 12:14 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Meryl Governski
<mgovernski@bsfllp.com>; Chloe Houdre <choudre@bsfllp.com>; Hall, Samuel
<SHall@willkie.com>; Dale Pedrick <dpedrick@bsfllp.com>; ███████████████
**Subject:** Re: Rich v. Butowsky et al, Case No. 1:18-cv-000681

Good Afternoon,

I am in the middle of moving and some personal transitions in my life. I don't want to go
Into full details at this time.

May I ask for a 30 day extension to respond to your requests. I should have notified you
sooner but my personal life takes precedence over this case.

I apologize for not reaching out to you sooner.

Matt

Sent from my iPhone

On May 24, 2019, at 9:59 AM, Joshua Riley <jriley@bsfllp.com> wrote:
Mr. Couch,

As set forth in the attached Requests for Production ("RFP"), you and AFM had a 30-day
deadline in which to respond to our document requests.  That deadline has passed without

us having received a response from you.  Our position is that you have therefore waived your right to object to any of Mr. Rich's RFPs.  Pursuant to Local Rule 7(m), we now write to determine whether we will be required to file a motion to compel your response. Toward that end, please confirm that you and AFM will respond to the RFP before 9am EST on Tuesday, May 28.  If you do not make your production by that date, or if you do not respond to this email indicating otherwise, we will assume that you oppose our motion and we will file it.

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Meryl Governski
**Sent:** Tuesday, April 23, 2019 3:39 PM
**To:** Matt Couch <mattcouch@af-mg.com>
**Cc:** Joshua Riley <jriley@bsfllp.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Chloe Houdre <choudre@bsfllp.com>; Hall, Samuel (SHall@willkie.com) <SHall@willkie.com>; Dale Pedrick <dpedrick@bsfllp.com>
**Subject:** Rich v. Butowsky et al, Case No. 1:18-cv-000681

Mr. Couch,

I attach, and hereby serve, PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN FIRST MEDIA (AFM).

I also attach, and hereby serve, PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MATTHEW COUCH.

**Meryl Conant Governski**
Associate

BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 895 7565
(f)  202 237 6131
mgovernski@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

&lt;FINAL First Set Of RFPS COUCH.PDF&gt;
&lt;FINAL First Set Of RFPS AFM.PDF&gt;

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.