# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>　　　　　　　　Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICA FIRST MEDIA (AFM)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Defendant America First Media produce the following documents and tangible things at the offices of Boies Schiller Flexner LLP, 1401 New York Avenue, N.W., Washington, D.C. 20005, no later than thirty (30) days from service of this First Set of Requests for Production of Documents (the "Requests"), unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action. The Definitions and Instructions that appear below form an integral part of the Requests that follow and must be read in conjunction with them and followed when responding to the Requests.

**GENERAL DEFINITIONS**

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

1.　　Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

1

2. The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. The Requests hereby incorporate any and all of the Definitions in the agreed-upon Stipulated Protective Order, filed on the docket at ECF No. 29 ("Protective Order").

4. "You," "Your," or "Yours" refers to Defendant America First Media (AFM) and includes any persons or entities acting for it or on its behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant AFM has control.

5. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

6. "Document" or "Documents" means documents broadly defined in Rule 34 of the

Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. Without limiting the foregoing in any way, every Communication is also a Document.

7.    "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

## SPECIFIC DEFINITIONS

1. "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

2. "Statement" means any statement referenced in Paragraphs 27–87 of the Complaint.

3. The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to: Aaron Rich, Seth Rich, Mary Rich, and Joel Rich.

## INSTRUCTIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.  You must fully respond, search for, and produce all Documents and Communication responsive to these Requests.

B.  These Requests are continuing in nature. If, after making initial responses, You obtain or become aware of any further Documents responsive to the Requests, You are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

C.  Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

D.  Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

E.   The Requests hereby incorporate the agreed-upon Stipulation Regarding Discovery of Electronically Stored Information, filed on the docket at ECF No. 36 ("ESI Stipulation"). Each Document and Communication produced in response to these Requests shall be produced in accordance with the ESI Stipulation.

F.   The Requests hereby incorporate the agreed-upon Stipulated Protective Order.

G.   In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, You shall produce a Privilege Log in accordance with the ESI Stipulation.

H.   If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request. You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I.   If any responsive document once was, but is no longer, in Your possession, custody, or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports Your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

J.   If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request.

K.	Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to these Requests, as agreed upon by the parties in the ESI Stipulation and Protective Order. Produce each responsive document in its entirety including with all attachments or other matters affixed thereto. Documents attached to each other should not be separated.

L.	Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

M.	In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, and Rod Wheeler and (b) all Communications relating to the Rich Family or any member thereof that You have had with any person or entity.

### REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the Complaint, including but

not limited to all Documents and Communications relating to any investigation into the truth or falsity of the Statements.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of all Documents relating to Seth Rich and/or Aaron Rich that have at any time been posted to any websites or Social Media account under Your ownership, custody, or control, including but not limited to https://af-mg.com/ and https://www.americafirstmg.com/.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications relating to Your fundraising efforts and Your use or disposition of funds raised through such fundraising efforts. This Request includes, but is not limited to, Documents and Communications relating to funds received via PayPal, Fundly, GoFundMe, Patreon, or any other online fundraising platform and funds received from sales of merchandise, including but not limited to on https://teespring.com/stores/americafirstmedia or https://greatamericanera.com/products/america-first-media-group.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to AFM's formation, incorporation, and non-profit status, including but not limited to Your articles of incorporation, by-laws, any any reports filed with state or federal agencies.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to any of Your responses to any discovery served upon You in the above-captioned matter.

DATED:  April 23, 2019

/s/ Joshua P. Riley
BOIES SCHILLER FLEXNER LLP
JOSHUA RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

WILLKIE FARR GALLAGHER LLP
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorney for Plaintiff Aaron Rich*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to service via email.

Dated: April 23, 2019

/s/ *Joshua P. Riley*

JOSHUA P. RILEY
jriley@bsfllp.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MATTHEW COUCH**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Defendant Matthew Couch produce the following documents and tangible things at the offices of Boies Schiller Flexner LLP, 1401 New York Avenue, N.W., Washington, D.C. 20005, no later than thirty (30) days from service of this First Set of Requests for Production of Documents (the "Requests"), unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action. The Definitions and Instructions that appear below form an integral part of the Requests that follow and must be read in conjunction with them and followed when responding to the Requests.

**GENERAL DEFINITIONS**

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

1. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2. The terms defined herein should be construed broadly to the fullest extent of their

meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. The Requests hereby incorporate any and all of the Definitions in the agreed-upon Stipulated Protective Order, filed on the docket at ECF No. 29 ("Protective Order").

4. "You," "Your," or "Yours" refers to Defendant Matthew Couch and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant Couch has control.

5. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

6. "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks,

work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

7. "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

**SPECIFIC DEFINITIONS**

1. "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

2.      "Statement" means any statement referenced in Paragraphs 27–87 of the Complaint.

3.      The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to: Aaron Rich, Seth Rich, Mary Rich, and Joel Rich.

## INSTRUCTIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.      You must fully respond, search for, and produce all Documents and Communication responsive to these Requests.

B.      These Requests are continuing in nature. If, after making initial responses, You obtain or become aware of any further Documents responsive to the Requests, You are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

C.      Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

D.      Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

E.      The Requests hereby incorporate the agreed-upon Stipulation Regarding Discovery of Electronically Stored Information, filed on the docket at ECF No. 36 ("ESI Stipulation"). Each Document and Communication produced in response to these Requests shall be produced in accordance with the ESI Stipulation.

F.      The Requests hereby incorporate the agreed-upon Stipulated Protective Order.

G. In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, You shall produce a Privilege Log in accordance with the ESI Stipulation.

H. If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request. You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I. If any responsive document once was, but is no longer, in Your possession, custody, or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports Your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

J. If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request.

K. Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to these Requests, as agreed upon by the parties in the ESI Stipulation and Protective Order. Produce each responsive document in its entirety including with all attachments or other matters affixed thereto. Documents attached to each other should not be separated.

L.    Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

M.    In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, and Rod Wheeler and (b) all Communications relating to the Rich Family that You have had with any person or entity.

### REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the Complaint, including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of the Statements.

### REQUEST FOR PRODUCTION NO. 3:

A complete copy of all Documents relating to Seth Rich and/or Aaron Rich that have at any time been posted to any websites or Social Media account under Your ownership, custody, or control, including but not limited to https://af-mg.com/ and https://www.americafirstmg.com/.

### REQUEST FOR PRODUCTION NO. 4:

Mobile phone records sufficient to show all phone numbers and providers You used at

any time since January 1, 2016 and all Documents, including mobile phone billing records, showing the calls You made or received since January 1, 2016 relating to the allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to any of Your responses to any discovery served or that will be served upon You in the above-captioned matter.

DATED: April 23, 2019

/s/ Joshua P. Riley
BOIES SCHILLER FLEXNER LLP
JOSHUA RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

WILLKIE FARR GALLAGHER LLP
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorney for Plaintiff Aaron Rich*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to receive service via email.

Dated: April 23, 2019

/s/ *Joshua P. Riley*

JOSHUA P. RILEY
jriley@bsfllp.com