# Exhibit 3

## Joshua Riley

| | |
|---|---|
| **From:** | Joshua Riley |
| **Sent:** | Monday, June 3, 2019 5:02 PM |
| **To:** | 'Matt Couch' |
| **Cc:** | Gottlieb, Michael; Meryl Governski; Hall, Samuel; Chloe Houdre; ebutowsky@gmail.com |
| **Subject:** | Rich v. Butowsky et al, No. 18-cv-00681 / Interrogatories |
| **Attachments:** | FINAL 2019 6 3 First Set Of Rogs COUCH 4851-5629-8904 1.pdf; FINAL 2019 6 3 First Set Of Rogs AFM 4819-5152-2968 1 (2).pdf |

Mr. Couch,

I attach and hereby serve (1) Plaintiff's First Set of Interrogatories to Defendant Matthew Couch and (2) Plaintiff's First Set of Interrogatories to Defendant America First Media.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER** LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>　　　　　　　　Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MATTHEW COUCH

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff hereby requests that Defendant Matthew Couch ("Couch" or "You") answer under oath the First Set of Interrogatories ("Interrogatories") set forth below within thirty (30) days after being served with the Interrogatories, unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

### DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference all instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

1.　　　　These Interrogatories are continuing in nature as provided in Rule 26(e) of the Federal Rules of Civil Procedure. To the extent that you or your agents or representatives

become aware of additional information responsive to the Interrogatories subsequent to the initial response, you are required to immediately provide such information requested herein.

2. You must answer each Interrogatory separately and fully in writing under oath as required by Fed. R. Civ. P. 33(b)(3).

3. You must personally sign the answers to these Interrogatories as required by Rule 33(b)(5).

4. In answering these Interrogatories, you must furnish all information available to you.

5. Your responses to the following Interrogatories shall be based on all knowledge and information (whether or not hearsay or admissible) in your possession, custody, or control.

6. The Interrogatories hereby incorporate the agreed-upon Stipulation Regarding Discovery of Electronically Stored Information, filed on the docket at ECF No. 36 ("ESI Stipulation").

7. If you cannot answer an Interrogatory in full after exercising due diligence to secure the necessary information, so state and answer the Interrogatory to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

8. If you object to any Interrogatory, state with specificity the grounds for such objection. Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

9. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

10. The terms defined herein should be construed broadly to the fullest extent of

their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

11. The Interrogatories hereby incorporate any and all of the Definitions in the agreed-upon Stipulated Protective Order, filed on the docket at ECF No. 29 ("Protective Order").

12. "You," "Your," or "Yours" refers to Defendant Matthew Couch and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant Couch has control.

13. "Butowsky" means Defendant Edward Butowsky.

14. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

15. "Complaint" means the complaint filed in the above-captioned litigation as ECF

docket entry number 3.

16. The word "evidence" includes but is not limited to information provided to you, whether orally or in writing, by any individual or source.

17. The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to, Aaron Rich, Seth Rich, Mary Rich, and Joel Rich.

18. "Statements" refer to any words You have ever uttered, whether in writing or orally, about Plaintiff Aaron Rich as described in the Complaint, including that Mr. Rich was involved in the theft of DNC documents and provided said DNC documents to WikiLeaks in exchange for money.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail all Communications You have had with Butowsky, including but not limited to: when each such Communication occurred; if in person, where each such Communication occurred; if not in person, by what methods each such Communication occurred; how and by whom each such Communication was initiated; and what was said by whom during each such Communication. For avoidance of doubt, Your answer to this interrogatory shall include details with respect to: the first conversation You had with Mr. Butowsky; any Communications You had with Mr. Butowsky prior to the August 15, 2017 Periscope as described in the Complaint in paragraphs 39–43; discussions related to the publication and/or retraction of The Washington Times article as described in the Complaint in paragraphs 70–75; conversations about the letter Mr. Rich sent to You personally ("Mr. Rich's Letter") that you read aloud during a January 17, 2018 Periscope (as described in the Complaint in paragraph 69), and during which You stated "that was Ed trying to call"; and any meeting(s)

You attended at Defendant Butowsky's residence in Texas at which Thomas Shoenberger, Manuel Chavez, and perhaps others were present.

**INTERROGATORY NO. 2:**

Identify and describe in detail all evidence on which You relied to support any and all Statements attributed to You in the Complaint, including that Mr. Rich was involved in the theft of DNC emails and the transmittal of said emails to WikiLeaks in exchange for money, and provide all details regarding the attempts, if any, You took to examine or independently confirm the veracity of such evidence.

**INTERROGATORY NO. 3:**

Explain whether, and if so when and why, You began to doubt the evidence described in the foregoing Interrogatory. Your answer to this Interrogatory shall address any information provided to You by Butowsky and shall specifically address whether and how You took into account Butowsky's role in the publication of the now-retracted May 17, 2017 Fox News article about Seth Rich and the now-retracted article in The Washington Times as described in the Complaint in paragraphs 70–75.

**INTERROGATORY NO. 4:**

Identify and describe in detail all evidence of which You are or have been aware that contradicted and/or discredited the Statements attributed to You in the Complaint, and provide details regarding the attempts, if any, You took to examine such evidence. Your answer to this interrogatory shall specifically address whether and how You considered: Mr. Rich's Letter denying the Statements; Mr. Rich's decision to file a lawsuit contesting the truth of Your Statements; various retractions of statements similar to Your Statements including but not limited to those by The Washington Times, InfoWars, and Jerome Corsi; the conclusions of the

Intelligence Community regarding Russia's responsibility for the theft and hack of DNC emails; and the finding by Special Counsel Robert Mueller that WikiLeaks and Julian Assange "implied falsely" that Mr. Rich's brother, Seth, had been the "source of the stolen DNC emails."

**INTERROGATORY NO. 5:**

State whether You continue to believe, and if so the basis for Your belief, that Plaintiff Aaron Rich 1) was involved in the theft of the DNC emails and 2) transmitted said emails to WikiLeaks in exchange for money from WikiLeaks.

**INTERROGATORY NO. 6:**

Quantify and explain viewing metrics for all Your Statements on Social Media from the date of original publication through today, including reach, count, page visits, posts, shares, time spent, and impressions.

DATED: June 3, 2019

/s/ Joshua P. Riley
JOSHUA P. RILEY (D.C. Bar No. 1026900)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
*Attorney for Plaintiff*

***Attorney for Plaintiff Aaron Rich***

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to receive service via email.

Dated: June 3, 2019

                                                                                  /s/ *Joshua P. Riley*
                                                                                   Joshua P. Riley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>　　　　　　　Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT AMERICA FIRST MEDIA**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff hereby requests that Defendant America First Media ("AFM" or "You") answer under oath the First Set of Interrogatories ("Interrogatories") set forth below within thirty (30) days after being served with the Interrogatories, unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiff incorporates by reference all instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of the Requests, the following definitions shall apply:

1.　　　These Interrogatories are continuing in nature as provided in Rule 26(e) of the Federal Rules of Civil Procedure. To the extent that you or your agents or representatives

become aware of additional information responsive to the Interrogatories subsequent to the initial response, you are required to immediately provide such information requested herein.

2. You must answer each Interrogatory separately and fully in writing under oath as required by Fed. R. Civ. P. 33(b)(3).

3. You must personally sign the answers to these Interrogatories as required by Rule 33(b)(5).

4. In answering these Interrogatories, you must furnish all information available to you.

5. Your responses to the following Interrogatories shall be based on all knowledge and information (whether or not hearsay or admissible) in your possession, custody, or control.

6. The Interrogatories hereby incorporate the agreed-upon Stipulation Regarding Discovery of Electronically Stored Information, filed on the docket at ECF No. 36 ("ESI Stipulation").

7. If you cannot answer an Interrogatory in full after exercising due diligence to secure the necessary information, so state and answer the Interrogatory to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

8. If you object to any Interrogatory, state with specificity the grounds for such objection. Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

9. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

10. The terms defined herein should be construed broadly to the fullest extent of

their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

11. The Interrogatories hereby incorporate any and all of the Definitions in the agreed-upon Stipulated Protective Order, filed on the docket at ECF No. 29 ("Protective Order").

12. "You," "Your," or "Yours" refers to Defendant America First Media and includes any persons or entities acting for it or on its behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant America First Media has control.

13. "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all members of the America First Media (AFM) team, including legal names, aliases, e-mail addresses, phone numbers, home addresses, and Social Media Handles, and identify every such member who is responsible for publishing content attributed to AFM, including but not limited to any Social Media accounts, such as @americafirstmg on Twitter and

@AmericansFirstRadio on Facebook, AFM's You Tube channel (https://www.youtube.com/channel/UCCkglTOsl-yFGeOBgSSkCbw/featured), and AFM Websites (e.g. https://af-mg.com/ or https://www.americafirstmg.com/).

**INTERROGATORY NO. 2:**

Provide an accounting of AFM's finances from May 23, 2017, including but not limited to (a) a breakdown of all receipts by amount, date, source, and the bank account into which such funds have been deposited and (b) a breakdown of all expenditures by amount, date, and purpose. For each bank account identified, provide the name of the institution and the authorized signatories to the accounts.

**INTERROGATORY NO. 3:**

Describe AFM's corporate status, including: whether AFM is registered as a corporation and, if so, when and where it has been registered; the type of corporation AFM is; whether, and if so when, AFM has filed tax returns.

DATED: June 3, 2019

/s/ Joshua P. Riley
JOSHUA P. RILEY (D.C. Bar No. 1026900)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
*Attorney for Plaintiff*

*Attorney for Plaintiff Aaron Rich*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky at ebutowsky@gmail.com and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to receive service via email.

Dated: June 3, 2019

                                                     /s/ *Joshua P. Riley*
                                                     Joshua P. Riley