# Exhibit 5



July 8, 2019

*Via Email*

Matthew Couch
America First Media
2300 West Ash Street
Rogers, AR 72758
mattcouch@af-mg.com

    Re:    *Aaron Rich v. Butowsky, et al.* **(United States District Court for the District of Columbia)**

Mr. Couch:

    We write pursuant to Local Rule 7(m) to confer with you and America First Media ("AFM" and together with you, "You") with respect to Your plainly deficient responses to Plaintiff's discovery requests. If we are unable to reach a prompt and acceptable resolution to the issues set forth below, we intend to seek the Court's assistance.[1] We reserve all rights.

## BACKGROUND

    On April 23, 2019, undersigned counsel properly served You with Plaintiff Aaron Rich's First Set Of Requests for Production of Documents ("RFPs"). Your response to the RFPs was due no later than May 22, 2019. You did not timely respond. On May 24, 2019, undersigned counsel emailed you to determine whether You intended to respond to the RFPs. You responded the same date and requested an extension of 30 days. Meanwhile, on June 3, 2019, undersigned counsel properly served You with Plaintiff Aaron Rich's First Set of Interrogatories ("Interrogatories"). By June 20, 2019, You still had not responded to the RFPs, so undersigned counsel again sent you an email to determine whether You intended to respond to the RFP. On June 23, 2019, You sent to undersigned via email Your purported responses to the RFPs and the Interrogatories.[2] Your responses to the RFPs and the Interrogatories are deficient, as explained below.

---

[1] We continue to take the position that You have defaulted in this matter because You have not answered the Complaint.

[2] In doing so, you included Michael Moates on your correspondence. It is unclear why you did so, as you represented in a March 8, 2019, email that You "parted ways with The DC Chronicle in late January" and therefore "had no say so over any of their content." We have relied on that representation. Please tell us promptly whether it is true.

**BSF**

### INTEROGATORY RESPONSES

Your responses to the Interrogatories are facially deficient because You have not verified them under oath. *See* Fed. R. Civ. P. 33(b)(5) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."); *Walls v. Paulson*, 250 F.R.D. 48, 52, 2008 WL 2175248 (D.D.C. 2008) (applying sanctions for failure to sign interrogatories because party "apparently misinterprets the Federal Rules as optional. They are not. Rule 33(b)(5) could not be more clear..."). Please promptly provide a signed verification for Your responses to the Interrogatories. Mr. Rich reserves all rights to challenge the sufficiency of Your responses upon receiving them properly signed.

### RFP RESPONSES

You have failed to produce a single Communication or Document in response to *any* of the RFPs, and it does not appear that You even attempted to search for materials that would be responsive to the RFPs. For the reasons discussed herein, Your response is contrary to Your obligations pursuant to the Federal Rules of Civil Procedure. *See English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 8, (D.D.C. 2017) ("The Federal Rules of Civil Procedure encourage the exchange of information through broad discovery."); *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219 (D.D.C. 2015) (Leon, J.) (Federal Rules "obligate adversaries to timely provide copies" of non-privileged, responsive materials (emphasis added)); *Finkelstein v. D.C.*, No. CIV.A. 85-2616, 1987 WL 14976, at *6 (D.D.C. July 22, 1987) (Rule 34 contemplates "the diligent search through all likely repositories of records").[3] If you do not produce responsive Communications and Documents within 10 days of this letter, Mr. Rich will seek relief from the Court, including an order compelling You to produce responsive documents and awarding sanctions for Your failure to cooperate in discovery pursuant to Federal Rule of Civil Procedure 37.

It "stretches credulity past its breaking point to assert" that You "have no responsive documents" or that You "cannot produce anything responsive" to any of the RFPs. *U.S. Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, 61 F. Supp. 3d 1, 8 (D.D.C. 2014). Your position also is flatly inconsistent with Your public and prior statements, including in court filings under the penalty of perjury. *See* Declaration of AFM & Matt Couch, May 17, 2018 at ¶ 12(a) ("Which *we will prove with documentation...*"); *see also, e.g.*, Apr. 25, 2019, email from M. Couch to M. Governski, M. Gottlieb, J. Riley, C. Houdre, B. Pierce, *Discovery Rich vs. Butowsky, et al.* ("*documentation and information*"); Apr. 2, 2019, email from M. Couch to M. Governski, M. Gottlieb, J. Riley, C. Houdre, B. Pierce, *Rich vs. Butowsky* ("*We*

---

[3] "A party served with Rule 34 requests for production must produce or allow inspection of the requested records unless it has asserted a viable objection. *See* Fed. R. Civ. P. 34(b)(2). Rule 37 further provides that evasive or incomplete answers or responses to written discovery requests will be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4)." *English*, 323 F.R.D. at 8.



*would also like to send in evidence* to whom you would like as it's relevant to the case to help the family get Justice for Seth"); Mar. 30, 2019, email from M. Couch to M. Governski, J. Riley, M. Gottlieb, C. Houdre, *Rich vs. Butowsky* ("*information and evidence that we have in this case*" including "*hard, factual, evidence*"); Feb. 17, 2019 email from M. Couch to M. Governski, M. Gottlieb, J. Riley, C. Houdre, D. Pedrick, *Re: Rich vs. Butowsky* ("*tangible evidence*"); Matt Couch, TWITTER (Nov. 24, 2018) ("we've *turned over testimony's to those in the Rayburn building* as well."); Matt Couch, TWITTER (Nov. 17, 2018) ("*We have recordings that we will be releasing very soon.* These will change the game in the Seth Rich investigation."); Matt Couch, TWITTER (Nov. 14, 2018) ("*American First Media Group has documentation, recordings, phone records*, etc."); Matt Couch, TWITTER (June 14, 2018) ("A Mini Thread and Update on our Seth Rich Investigations. Our own @hanniballmoot has been putting a series of reports together based on *evidence our team has obtained…*"); Matt Couch, TWITTER (May 22, 2018) ("The Storm is coming… Discovery in Coming…*Our Evidence is ROCK solid*, and they know it."); Matt Couch, TWITTER (May 21, 2017) ("There's *actually evidence* in the Seth Rich investigation. *My team and I are uncovering a lot of it…*"); Matt Couch, TWITTER (May 5, 2018) ("Always funny when someone threatens our team not realizing *we have multiple recordings* of them. One Party Consent is going to be a B*tch for some folks :-) (all emphases added). By way of another example, in an audio recording titled "Breaking Seth Rich Information Live with Matt Couch Bill Pierce and The Graham Cracker of AFMG" from August 12, 2018—months after Mr. Rich filed suit and served you with a preservation letter—you stated:

> *We have so many recordings*, so many recordings of people that don't even know. *We have so many text messages, so many voicemails, so many emails* from people that you are not even going to believe that's involved in this investigation and, so, there are a lot of people on both sides of the political aisle that want to shut this thing…
>
> We met with people in the Rayburn building. I personally met with them with an attorney named Ty Clevenger in April of 2018. *We gave them unredacted audio and we gave them a video* and they have this information. We can prove this. *I've got text messages. I've got emails. I have phone logs.* This information went to those who have offices in the Rayburn building and so this happened what we can prove it 100% we can prove it.

America First, YOUTUBE, *Breaking Seth Rich Information Live with Matt Couch Bill Pierce and The Graham Cracker of AFMG* (Aug. 12, 2018), available at https://www.youtube.com/watch?v=u4ryiVb92x8&feature=youtu.be (emphasis added).

You have had more than two months to produce these materials—more than double the amount of time permitted under the Federal Rules, yet You have refused to do so.



Matthew Couch<br>America First Media<br>July 8, 2019

1. **RFP No. 1 To Defendant Couch**

| REQUEST FOR PRODUCTION NO. 1: All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, and Rod Wheeler and (b) all Communications relating to the Rich Family that You have had with any person or entity. | *PRODUCTION NO.1*<br>    *To the best of our recollection, the only individuals we have had communications with are Cassandra Fairbanks, and The Gateway Pundit.*<br>    *The communications with Cassandra Fairbanks was in person and in the form of a conversation during dinner at a meeting in March of 2018. At which time Ms. Fairbanks informed our team that she had met with Julian Assange at the Ecuadorian embassy in the UK. Ms. Fairbanks informed us that Mr. Assange told her that he paid Seth Rich and Aaron Rich for information. Mr. Assange's exact words according to Ms. Fairbanks, yes, I paid the boys". Ms. Fairbanks also informed us at the time that Mr. Assange pulled her aside into a private stairwell where recording devices were not present and stated "if I were to buy something on eBay, could I have it shipped here to the embassy. To which Ms. Fairbanks replied, "sure you could". Mr. Assange reiterated his point and stated, "I'm not saying that's how it happened - but I could do that - right?*<br>    *The communications with the Gateway Pundit is nothing more than a phone interview which can be found on their website.* |
|---|---|

    RFP No. 1 requests "*all* Communications" You had had with "*any* person or entity named in the Complaint" and "*all* Communications relating to the Rich Family" You have had with "*any* person or entity." It is inconsistent with Your own statements that Ms. Fairbanks and The Gateway Pundit are the *only* individuals named in the Complaint with whom You have communicated and/or with whom You discussed the Rich Family. You have publicly stated that you have "so many recordings" and "so many text messages, so many voicemails, so many emails from people" who "you are not even going to believe" are involved in the Seth Rich investigation. America First, YOUTUBE, *Breaking Seth Rich Information Live with Matt Couch Bill Pierce and The Graham Cracker of AFMG* (Aug. 12, 2018), *available at* www.youtube.com/watch?v =u4ryiVb92x8&feature=youtu.be (emphasis added). Likewise, You have repeatedly and publicly stated that you have "so many recordings" "substantial evidence" and "documentation, recordings, phone records, etc." that will prove when Mr. Butowsky became Your source of information about the Rich Family. Declaration of AFM & Matt Couch, May 17, 2018 at, e.g., ¶¶ 4–6; 14; 19; Matt Couch, TWITTER (Nov. 14, 2018) ("We have substantial evidence going back to August of 2017 that will provide and show [Butowsky] was our source…"); Matt Couch, TWITTER (Nov. 14, 2018) ("*American First Media Group has documentation, recordings, phone records*, etc. That will show when we first started talking to

**BSF**

Matthew Couch
America First Media
July 8, 2019

Ed Butowsky in regards to the Seth Rich Investigation" (emphasis added)). Likewise, You have publicly stated that members of Your team—a number of whom are specifically named in the Complaint—sent e-mail communications regarding the Rich Family, *e.g.*, Matt Couch, TWITTER (Mar. 2, 2018) ("Emails and Calls when un-returned to our Professionals."), and otherwise have "recordings" related to the "Seth Rich investigation, Matt Couch, TWITTER (Nov. 17, 2018) ("*We have recordings that we will be releasing very soon*. These will change the game in the Seth Rich investigation." (emphasis added)). Your own response to Interrogatory No. 2 refers to "Emails [] from defendant Butowsky" regarding the Rich family. In addition, third party productions to Rule 45 subpoenas establish that You communicated about the Rich Family, including via Twitter direct messaging. *See, e.g.*, https://www.youtube.com/watch?v=pB7NjF1ApZg at 41:54 and 50:05 (communications from M. Couch to M. Chavez). Finally, third-party deposition testimony has established that you have had direct communications with Edward Butowsky relating to Seth and/or Aaron Rich since at least August 2017. *See, e.g.*, Thomas Schoenberger Dep., June 28, 2019, at 83:8-11; 84:21-85:15.

### 2. RFP No. 2 To Defendant Couch

| **REQUEST FOR PRODUCTION NO. 2:** | *PRODUCTION NO. 2* |
|---|---|
| All Documents and Communications supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the Complaint, including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of the Statements. | *This request is vague and ambiguous and thusly we are unable to give an adequate response. If this is referring to investigative notes, we have none. Everything reverencing [sic] the investigation has at one time been posted in articles or tweets.* |

Mr. Rich's Complaint attributes a number of Statements to You in his Complaint that he claims are false and defamatory—RFP No. 2 plainly, and on its face, requests You produce All Documents and Communications supporting or refuting or otherwise referring to the facts on which You relied" when You published those Statements. Mr. Rich is entitled any and all information on which You relied for Your false and defamatory Statements about him and, as discussed above, You have repeatedly and consistently stated to have "information and evidence" directly relevant to the claims You have made about Mr. Rich and his family.

You are obligated to produce materials based on a reasonable interpretation of RFP No. 2. RFP ¶ J ("If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request."). It is improper to "use deliberate misunderstanding as a shield to production" of materials, especially when "defendants know exactly what" the plaintiff is requesting. *U.S. Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, 61 F. Supp. 3d 1, 7, 2014 WL 4693408 (D.D.C. 2014).



Matthew Couch
America First Media
July 8, 2019

It also is insufficient to claim, as You do, that You are not obligated to produce material responsive to RFP No. 2 because all responsive materials have "at one time been posted in articles and tweets." *See Shatsky*, 312 F.R.D. at 223–24 (Leon, J) (calling it "absurd" to attempt to "shield publicly available documents from discovery merely because of their accessibility"); *see also U.S. Commodity Futures Trading Comm'n*, 61 F. Supp. 3d at 7 ("It is not up to the party from whom documents are requested to pick and choose how to present relevant information..."). Furthermore, a conclusory statement that You have no "investigation notes" is an insufficient basis by which to object to producing any responsive documents, which on its face goes beyond requesting solely "investigation notes." *Id.* at 6.

If you refuse to produce documents in response to RFP #2, we reserve our right to seek an adverse inference that you do not have and never had Documents, Communications, or evidence supporting your defamatory Statements.

3. **RFP No. 3 To Defendant Couch.**

| REQUEST FOR PRODUCTION NO. 3: A complete copy of all Documents relating to Seth Rich and/or Aaron Rich that have at any time been posted to any websites or Social Media account under Your ownership, custody, or control, including but not limited to https://af-mg.com/ and https://www.americafirstmg.com/. | *PRODUCTION NO. 3* *There are literally hundreds of individual tweets and articles referencing Seth Rich that have been posted to our website and social media and are readily available publicly. Retrieving and printing all of these would be a relative technical impossibility. All documents and articles are on line however to be viewed at your leisure. All articles referencing Aaron Rich have been removed as per your request.* |
|---|---|

For the reasons discussed in response to RFP No 2, You cannot avoid production by stating that the materials are "available publicly." *See Shatsky*, 312 F.R.D. at 223–24 (Leon, J); *see also U.S. Commodity Futures Trading Comm'n*, 61 F. Supp. 3d at 7. To the extent you are attempting to object on the basis that RFP No. 3 is "unduly burdensome," you have failed to articulate a reasonable basis. RFP No. 3 requests a complete copy of Social Media or website accounts under Your ownership, custody and control. You are obligated to exercise that control and take reasonable efforts to secure complete copies of those accounts. *U.S. Commodity Futures Trading Comm'n*, 61 F. Supp. 3d at, 6–7 (rejecting the argument that defendants need not produce "publicly available" documents because parties "from whom documents are requested must produce those documents if the request is otherwise unobjectionable and the documents are within those parties' "possession, custody, or control"). Furthermore, You have posted content on Social Media that is *not* publicly available. *See, e.g.*, Matt Couch, TWITTER (Nov. 28, 2018) ("Join me on MeWe and see what I'm really sharing these days. Join me on MeWe – the social network with privacy!"); Matt Couch, TWITTER (Dec. 10, 2018) ("We released the letter sent to us from the brother of Seth Rich to our Patron's over on Patreon. If you haven't got signed up, I encourage you to do so. It's a great way to support our team, and get information first.")

**BSF**

Matthew Couch
America First Media
July 8, 2019

As far as Your representation that you have removed "All articles referencing Aaron Rich" (which as a separate point does not appear to be accurate), that does not excuse your obligation either to preserve or to produce those materials. You have known since March 27, 2018, when Mr. Rich's counsel sent you a preservation letter, that you had a duty to maintain all material and data within your possession, custody, and control. Mar. 27, 2018, letter from M. Gottlieb to M. Couch, *Aaron Rich v. Butowsky, et al* (United States District Court for the District of Columbia). In April 2019, You approached counsel for Mr. Rich regarding Your interest in settlement. As part of and in the course of settlement negotiations, which proved unsuccessful, You voluntarily removed reference to Mr. Rich, and not pursuant to any signed settlement agreement. As we explained to you, You remained obligated to preserve any and all materials relevant to the lawsuit, and cannot use any decision to remove offending content as a basis to withhold production.

4. **RFP No. 4 To Defendant Couch**

| **REQUEST FOR PRODUCTION NO. 4:** Mobile phone records sufficient to show all phone numbers and providers You used at any time since January 1, 2016 and all Documents, including mobile phone billing records, showing the calls You made or received since January 1, 2016 relating to the allegations in the Complaint. | *PRODUCTION NO. 4* *In regards to phone records since January 1, 2016. We did not begin actively working on the Seth Rich case until at least August of 2016. Furthermore, personal phone records are in no was [sic] related to a public defamation suit.* |
|---|---|

You appear to acknowledge that You have responsive materials as of August 2016—the month when you claim to have begun "actively working on the Seth Rich case." You are therefore "required to produce documents for those parts of the RFP to which" You did not object, namely phone records from *after* August 2016. *U.S. Commodity Futures Trading Comm'n*, 61 F. Supp. 3d at 7; *see also* RFP ¶ H ("If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request. *You shall respond to any and all portions of any request that do not fall within the scope of Your objection.*"). Mr. Rich reserves all rights to compel production for materials before August 2016.

Your position that "personal phone records are in no [way] related" is legally and factually baseless. *See Klayman v. Judicial Watch, Inc.*, No. CV 06-670 (CKK)(AK), 2008 WL 11394178, at *8 (D.D.C. Jan. 16, 2008), *aff'd*, No. CV 06-670 (CKK), 2008 WL 11394172 (D.D.C. Apr. 2, 2008) ("it is not for [subpoenaed party] "to unilaterally decide which documents are relevant and should be produced."). You have repeatedly stated, including in Your Response to RFP No. 1, that You have communicated about the Rich Family by phone. You have personally represented to the Court under penalty of perjury that You and Mr. Butowsky began to speak "the first to second week in August" and that "Phone records, and other means will prove that." *See* Declaration of AFM & Matt Couch, May 17, 2018; *see also* Matt Couch, TWITTER (Nov. 14, 2018) ("American First Media Group has documentation, recordings, phone

**BSF**

records, etc. That will show when we first started talking to Ed Butowsky"). By Your own admissions, You possess materials directly responsive to RFP No. 4 that You have failed to produce. Mr. Rich is entitled to know all phone numbers and providers You have used during the relevant time period in order to conduct adequate discovery. *Alexander v. F.B.I.*, 194 F.R.D. 305, 315 (D.D.C. 2000) (compelling production of certain individuals' telephone logs because plaintiff sough "Telephone records to determine who these key individuals contacted and worked with so they can discover all the facts"). There is no privilege permitting the withholding of "personal" documents, and there is an operative Protective Order, Dkt. 29, to the extent You are concerned about privacy.

5. **RFP No. 5 To Defendant Couch**

| REQUEST FOR PRODUCTION NO. 5: | PRODUCTION NO. 5 |
|---|---|
| All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests. | In regards to "steps we have taken to preserve documents" - this request is vague and ambiguous. We have no documents concerning steps we have taken to preserve other documents. This request makes little if any sense. |

As discussed above, You have been obligated to preserve Documents and Communications since at least March 2018. You also are obligated to produce "all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives." RFP ¶ D. RFP No. 5 requests all Documents and Communications showing whether, and how, You have complied with Your legal obligation and duty to preserve relevant materials, and to ensure Your agents do the same. Examples of such documents might include correspondence you sent to the AFM "team" to instruct them to preserve and produce documents, documents showing metadata for back-up files, or document preservation/management protocols.

6. **RFP No. 6 To Defendant Couch**

| REQUEST FOR PRODUCTION NO. 6: | PRODUCTION NO. 6 |
|---|---|
| All Documents and Communications relating to any of Your responses to any discovery served or that will be served upon You in the above-captioned matter. | There is no documentation in existence regarding this request. |

Your responses directly contradict Your representation that there is "no documentation in existence" related to Your interrogatory responses. For example, Your response to Interrogatory No. 2 refers to "Emails [] from defendant Butowsky" and Your response to Interrogatory No. 6 admits that you have "tweeted over 200,000 times." In addition to having an obligation to produce those materials in response to RFP No. 6, You remain under an ongoing obligation to



supplement any of Your responses as "You obtain or become aware of any further Documents responsive to the Requests" pursuant to FRCP Rule 26(e)." RFP ¶ B.

7. **RFP No. 4 To Defendant AFM**

| REQUEST FOR PRODUCTION NO. 4: All Documents and Communications relating to Your fundraising efforts and Your use or disposition of funds raised through such fundraising efforts. This Request includes, but is not limited to, Documents and Communications relating to funds received via PayPal, Fundly, GoFundMe, Patreon, or any other online fundraising platform and funds received from sales of merchandise, including but not limited to on https://teespring.com/stores/americafirstmedia or https://greatamericanera.com/products/america-first-media-group. | PRODUCTION NO. 4 Our fundraising efforts are in no way relevant to a civil defamation suit. Our teespring [sic] merchandise is in no way related to a civil defamation suit. |
|---|---|

AFM spread false and defamatory statements in part to raise money through online fundraising platforms and to sell merchandise, *see* Dkt. 4 ¶¶ 10, 58–60, making those activities and related documents directly relevant. *See Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1259, 45 Media L. Rep. 1419, 2016 WL 7404870 (D.C. 2016), *as amended* (Dec. 13, 2018) ("bias providing a motive to defame by making a false statement may be a relevant consideration in evaluating other evidence to determine whether a statement was made with reckless disregard for its truth"). How You used the money raised while spreading false and defamatory Statements about Mr. Rich, including whether and how You used that funding to investigate the truth of Your Statements, bears directly on the operative issues in the litigation. Mr. Rich reserves all rights to seek disgorgement of funds You have made from Your wrongdoing. *See* Non-damages remedies including money disgorgement, Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick, The Law of Torts § 576 (2d ed.).

8. **RFP No. 5 To Defendant AFM**

| REQUEST FOR PRODUCTION NO. 5: All Documents and Communications relating to AFM's formation, incorporation, and non-profit status, including but not limited to Your articles of incorporation, by-laws, any reports filed with state or federal agencies. | PRODUCTION NO. 5 AFM is essentially just a moniker and consists of a group of investigative journalists, former LEO's, private investigators and former intel agents. We filed an LLC almost two years ago, never used it, never publicized it. No EIN or Bank Accounts were ever established, and it was never used. |
|---|---|

**BSF**

Matthew Couch<br>America First Media<br>July 8, 2019

Your Response is non-responsive and fails to provide any explanation for why You have failed to produce any responsive materials. Regardless of whether You have "used" or "publicized" Your registered status, You are publicly listed as a Nonprofit Corporation in the state of Arkansas. *See* https://www.sos.arkansas.gov/corps/search_corps.php?DETAIL=493198&corp_type_id=&corp_name=America+First+Media&agent_search=&agent_city=&agent_state=&filing_number=&cmd=. Your Response implicitly acknowledges that you have "filed" documents in connection with Your status with the state and, therefore, You are obligated to produce those responsive materials. The fact that You admit that AFM observes no corporate form does not excuse Your obligation to produce relevant materials.

Respectfully,

_Meryl C. Governski_
Meryl C. Governski