**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH      Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>                              Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S NOTICE OF ACTIVITY IN THE TEXAS LITIGATION AS REQUESTED BY THE COURT DURING THE JULY 31 STATUS CONFERENCE**

Plaintiff Aaron Rich ("Rich") submits this Notice in response to the Court's instruction, during the July 31, 2019 status conference, that Rich's counsel provide an update as to the status of the motion to dismiss in *Butowsky v. Gottlieb et al*, No. 4:19-cv-00180-ALM-KPJ (E.D. Tex., Mar. 12, 2019) ("Texas Litigation"). *See* 7/31/19 Status Conf. Tr. at 21:9-17. This Notice first outlines the relevant procedural history, and then provides an update on the Texas Litigation. As explained below, a ruling on Rich's counsel's motion to dismiss the Texas Litigation has been delayed for months, perhaps into 2020, because Edward Butowsky ("Butowsky") has been granted leave to amend his complaint in that case, thereby re-setting briefing on motions to dismiss. That delay, coupled with the fact that Butowsky is serving discovery in the Texas Litigation and now has filed two additional federal lawsuits relating to issues in this case, underscores the need for this Court to adjudicate Rich's motion for an anti-suit injunction.

**PROCEDURAL BACKGROUND**

Rich filed this lawsuit on March 26, 2018, alleging, inter alia, that Butowsky defamed Rich by accusing him of stealing emails from the Democratic National Committee ("DNC") and selling

those emails to WikiLeaks. *See* Dkt. 3. Nearly a year later, on March 12, 2019, Butowsky sued certain of Rich's counsel in the U.S. District Court for the Eastern District of Texas, claiming that Rich's counsel defamed Butowsky by alleging that Butowsky defamed Rich.

On March 26, 2019, Rich filed a motion asking this Court to enter an anti-suit injunction because, among other things, the issues in the Texas Litigation substantially overlap with the issues in this litigation, and allowing litigation to proceed against Rich's counsel, and Rich as a co-conspirator, will cause duplication of efforts, risk conflicting rulings, and waste judicial resources. *See* Dkt. 52, 55.[1] Rich's anti-suit motion is fully briefed and awaits this Court's resolution.[2]

Meanwhile, on June 21, 2019, Rich's counsel who were named as defendants in the Texas Litigation moved to dismiss. *See* Texas Litigation, Dkt. 41. Butowsky did not timely oppose the motion to dismiss, so Rich's counsel filed a reply showing that Butowsky had defaulted. *See* Texas Litigation, Dkt. 57. On July 10, 2019, two days *after* the latest date his opposition was due, Butowsky asked for an extension of time in which to file an opposition, stating that he had misunderstood the deadline that was set forth on the docket. *See* Texas Litigation, Dkt. 59.

Instead of opposing the motion to dismiss, on July 15, 2019, Butowsky filed a First Amended Complaint ("FAC") in the Texas Litigation (though Butowsky failed to accompany the FAC with a motion for leave to file it). *See* Texas Litigation, Dkt. 62. Two days later, Butowsky finally filed an untimely opposition to the motion to dismiss and moved the Court for leave to submit it, which the Texas Court allowed over the objections of Rich's counsel's local counsel.

---

[1] As just one example, during the July 31 status conference in this case, this Court placed limits on the discovery that the parties to this litigation could take. *See* 7/31/19 Status Conf. Tr. at 8:18-9:2. If Butowsky is permitted to continue litigating the Texas Litigation, he unilaterally can circumvent this Court's efforts to manage discovery by pursuing activities in Texas that he cannot pursue in this case.

[2] On May 10, 2019, Butowsky filed an untimely opposition, which included an inaccurate certificate of service, to which Rich replied on May 17, 2019. *See* Dkt. 58, Dkt. 59.

*See* Texas Litigation, Dkt. 70, 71, 79, 81.  The FAC included the new allegation that former Fox News analyst Ellen Ratner had told Butowsky that Aaron Rich played a role in the DNC hack.  That allegation appeared to be related to Butowsky's July 10, 2019 interview on the Rick Ungar Show, in which Butowsky claimed that "Ellen Ratner met with Julian Assange" in the fall of 2016 and "she asked me [Butowsky] to share something with Joel and Mary Rich that Julian Assange wanted them to know, and that was that Seth and Aaron Rich were the ones who sold the emails to Wikileaks."[3]  On the same day Butowsky filed his FAC, Ty Clevenger (Butowsky's counsel in the Texas Litigation) authored a blog post alleging that "Ms. Ratner said Mr. Assange told her that Seth Rich and her brother, Aaron, were responsible for releasing the DNC emails to Wikileaks."[4]

Sometime in the next several days, Butowsky reiterated what he said on the Rick Ungar Show in an interview (published on July 20) to Pete Santilli, representing an organization appearing to call itself "E-Militia #MAGA NEWS," in which he stated that Ms. Ratner had told him that Julian Assange had said that Seth Rich "and his brother" Aaron were responsible for leaking the DNC documents to Wikileaks.[5]  Butowsky also appears to have reiterated his claims from the Rick Ungar Show in an interview with the Post & Email (quoted in a July 17 article).[6]

---

[3] Rick Ungar Show, Bonus Highlight Segment: Ed Butowsky (July 10, 2019), https://www.rickungarshow.com/bonus-highlight-segment-ed-butowsky/.

[4] Ty Clevenger, "Lawsuit outs Ellen Ratner as source for Seth Rich Information," LawFlog (July 15, 2019), http://lawflog.com/?p=2210&page=2.

[5] Pete Santilli, This Lawsuit May Result in Robert Mueller's Indictment #SethRich #RussiaCollusionHoax #QAnon (July 20, 2019), https://www.youtube.com/watch?v=s11Zzt00o-g&feature=youtu.be.

[6] Sharon Rondeau, the Post & Email, Exclusive: Amended Complaint Claims Prominent Journalist Relayed Message from Assange on Seth Rich (July 17, 2019), https://www.thepostemail.com/2019/07/17/exclusive-amended-complaint-claims-prominent-journalist-relayed-message-from-assange-on-seth-rich/.

On July 22, 2019, the Court in the Texas Litigation ordered Butowsky to file a motion for leave to amend his complaint, *see* Texas Litigation, Dkt. 81, which Butowsky did on July 24, 2019, *see* Texas Litigation, Dkt. 91. On July 25, 2019, Magistrate Judge Kimberly C. Priest Johnson suspended all deadlines and set a status conference for July 31, 2019.

On July 29, 2019, Clevenger published another blog post in which he admitted that, contrary to Butowsky's claims in *all* of the interviews referenced above, and contrary to the allegation to which Butowsky and Clevenger both attested in the FAC, Ratner in fact ***never*** told Butowsky that Aaron Rich was involved in hacking or stealing the DNC emails.[7] Clevenger's blog post claimed that the FAC's false allegation was "my mistake," which is perplexing given Butowsky's public recitation of precisely the same allegation *prior to* the filing of the FAC. *See supra* note 3. On July 31, 2019, Rich's counsel's Texas lawyers sent Clevenger a demand that he immediately correct the FAC's false allegation. That same day, Mr. Butowsky filed a Second Amended Complaint ("SAC") removing the false allegation. *See* Texas Litigation, Dkt. 101.

During the July 31, 2019, status conference in this case, Plaintiff's counsel informed this Court that a status conference was being held at the same time in the Texas Litigation. *See* 7/31/19 Status Conf. Tr. at 13:7-11. This Court instructed Rich's counsel to submit an update as to the status of the motion to dismiss following the status conference in the Texas Litigation. *See id.* at 21:9-17. This Notice is filed pursuant to that instruction.

## UPDATE OF RECENT ACTIVITY IN TEXAS LITIGATION

During the July 31, 2019 status conference in the Texas Litigation, Magistrate Judge Johnson granted Butowsky leave to file an amended complaint (notwithstanding that Rich's

---

[7] *See* Ty Clevenger, "Correction: Ellen Ratner only relayed information about Seth Rich, according to Butowsky," LawFlog (July 29, 2019), http://lawflog.com/?p=2248.

4

counsel's motion to dismiss had already been fully briefed and Butowsky's motion was untimely). Magistrate Judge Johnson also set an August 21, 2019, deadline for Rich's counsel to respond. Butowsky filed his SAC on July 31, 2019. Pursuant to the Court's deadline, the motion to dismiss the SAC must be fully briefed by September 23, 2019. It is unclear whether the Magistrate will hear argument prior to issuing a Report and Recommendation, but even if not, the current posture makes it possible that the case could linger before the District Court in Texas without a decision on the pending Rule 12 motions well into 2020.

Meanwhile, Butowsky is pressing forward with discovery in the Texas litigation. Butowsky has already served, and likely will serve more, third-party discovery that could interfere with the jurisdiction of this Court by resulting in duplicative demands to third-party witnesses and motions practice.[8] Butowsky began to serve Rule 45 subpoenas in the Texas Litigation on July 2, 2019—the three subpoena recipients included the Federal Bureau of Investigation ("FBI"), a private cybersecurity company known as Crowdstrike, and the Democratic National Committee ("DNC")—and all three subpoenas demand documents relating to the hack of the DNC and whether Seth Rich had any role in it. That issue, of course, forms the core of Butowsky's defense in this matter. As Clevenger stated to Mr. Rich's Counsel in writing, Clevenger would have already served identical discovery in this matter but for the fact that Butowsky's new counsel had not yet appeared.[9] Thus, it is likely that Butowsky will serve duplicative subpoenas (on the same

---

[8] Immediately subsequent to the status conference before this Court, Butowsky and Clevenger also filed *two new federal lawsuits* in the Eastern District of Texas: one against the DNC and Crowdstrike alleging defamation and federal civil rights violations, and one against another law firm (Wigdor) and Rod Wheeler for a RICO conspiracy, among other things. *See Butowsky v. Democratic National Committee et al*, No. 4:19-cv-00582-RSW (E.D. Tex., Aug. 1, 2019); *Butowsky v. Wigdor et al*, No. 4:19-cv-00577 (E.D. Tex., July 31, 2019).

[9] Email from T. Clevenger to J. Riley, M. Governski, M. Gottlieb, P. Harvey, M. Couch, and S. Biss, July 10, 2019 ("I would have asked Mr. Harvey to issue a third set of subpoenas from the DC litigation but for the fact that he had not yet appeared.").

third parties) in this litigation, and the resulting motions practice could easily lead to conflicting rulings on identical legal issues. Meanwhile, Butowsky and his counsel are using these subpoenas to generate publicity via Twitter and Clevenger's blog.[10]

Under these circumstances, granting an anti-suit injunction is necessary, appropriate, and firmly grounded in precedent. *See* Dkt. 52, 55. It would be manifestly unjust to permit Butowsky to continue his campaign of retaliation against Rich and his counsel by litigating his allegations regarding Rich in Texas. Rich has litigated this matter in good faith for more than a year. Given Clevenger's disciplinary record in the District of Columbia, s*ee* Dkt. 24, 27—a history he is now attacking in Texas by accusing Judge Ellen Huvelle of having "covered up a fraud"[11]—there is little doubt that every day the Texas litigation lingers will cause Rich and his counsel to endure additional expense, time, and reputational harm. That appears to have been Butowsky's goal when he filed his lawsuit in March—as he stated approximately one year ago: "I'm going to sue the hell out of a lot of firms. I want to see these people choke on their nerves and go through the same crap I had to go through."[12]

---

[10] *See, e.g.,* Ty Clevenger, "Subpoenas issued for FBI, Crowdstrike, and DNC records on 'Russian hacking' and Seth Rich," LawFlog (July 2, 2019), http://lawflog.com/?p=2177; Ty Clevenger, TWITTER (July 2, 2019), (republishing the July 2, 2019 LawFlog blog post about the FBI, Crowdstrike, and DNC subpoenas), https://twitter.com/TyClevenger/status/1146142222749962240; Ed Butowsky, TWITTER (Aug. 1, 2019), (citing to Complaint in his lawsuit against Wheeler and Wigdor), https://twitter.com/EdButowsky/status/1157090923584655360; Ed Butowsky, TWITTER (July 31, 2019) (retweeting Gateway Pundit article about Butowsky's new lawsuit), https://twitter.com/EdButowsky/status/1150875291906117632.

[11] For example, in the Motion to Strike that Butowsky filed in the Texas Litigation, dkt. 87, Clevenger addresses the sanctions order previously issued against him. He writes: "U.S. District Judge Ellen S. Huvelle made all kinds of nasty allegations against the undersigned, but it fails to tell the rest of the story. The undersigned *actually encouraged* the State Bar of Texas to file disciplinary charges against him….) (emphasis added). *Id.* Clevenger continues by accusing the Judge of having "covered up" misconduct, "secretly communicating ex parte with the undersigned's opposing counsel," and having "covered up a fraud on her own court." *Id.*

[12] *See* Jeff Benjamin, *Exonerated in Defamation Suits, Ed Butowsky Is Out For Blood,* Investment News (Aug. 6, 2018), https://www.investmentnews.com/article/20180806/FREE/180809955/

For these reasons, Rich respectfully renews his request that the Court grant the fully briefed anti-injunction motion.  If this Court believes oral argument would assist resolution of the matter, Rich respectfully requests that this Court set a date for a hearing.  Delaying a ruling until the Texas court decides motions to dismiss risks irreparable harm to Rich, as well as the third parties from whom Butowsky seeks discovery in pursuit of his sprawling RICO, federal civil rights, and defamation theories.  At minimum, this Court should enjoin Butowsky from pursuing discovery relating to his allegations against Rich (including his allegations that Rich was responsible for the theft and sale of documents to WikiLeaks) given the risk of duplicative and inconsistent rulings with the discovery that this Court has ordered.

Dated: August 6, 2019

/s/  Michael J. Gottlieb
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

---

exonerated-in-defamation-suits-ed-butowsky-is-out-for-blood. Mr. Butowsky made his statements after Mr. Rich filed this lawsuit, and immediately following the Rule 12(b)(6) dismissal of two *other* federal lawsuits filed against Mr. Butowsky relating to statements about Seth Rich, including one his parents filed that is on appeal. *Wheeler v. Twenty-First Century Fox et al*, No. 1:17-cv-05807 (S.D.N.Y. Aug. 1, 2017); *Rich v. Fox News et al*, 18-cv-02223 (S.D.N.Y. Mar. 13, 2018).

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on August 6, 2019, the foregoing document was (1) filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and (2) emailed to Defendants Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com.  Defendants Couch and America First Media consented in writing to receive filings via email pending registration to receive electronic notification of filings.

Dated: August 6, 2019

                                                    s/ Michael J. Gottlieb
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com