UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH

Plaintiff,

V.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon
**Oral Argument Requested**

# MOTION FOR RELIEF
# FROM JUDGMENT OR ORDER UNDER RULE 60(b)
# OF PRO SE DEFENDANT MATTHEW COUCH

Matthew Couch, *pro se*



RECEIVED
Mail Room

AUG 14 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## Preliminary Statement

On July 31, 2019, the Honorable Richard J. Leon held a status conference on outstanding discovery matters. The court made errors that violated my rights and its decisions affecting me should be reversed.[1]

## Legal Argument

**1. The Court was wrong to grant a motion to compel without giving me a chance to respond.**

Plaintiff's motion to compel discovery was filed on July 23, 2019. ECF Doc. No. 71. On July 25, the Court convened a status conference for July 31, 2019. Before the conference, I was never given an opportunity to respond. This violates my due process rights. Before the motion is decided, defendants have a right to be heard. *Boddie v. Connecticut*, 401 U.S. 371, 377-78 (1971). In addition, I understand the Court discussed the motion in chambers before I joined the status conference and actually determined how it was going to rule without giving me any chance to be heard. This was wrong and also violates my rights. *See United States v. Microsoft Corp.*, 253 F.3d 34, 46 (D.C. Cir. 2001). One of the important issues that needs to be resolved is the entry of an appropriate

---

[1] I was helped in writing this motion by Eden P. Quainton, a New York attorney who is admitted in the Southern, Northern and Eastern Districts of New York. Mr. Quainton is preparing his application to be admitted in the United States District Court for the District of Columbia and I am in the process of formalizing his engagement to appear on my behalf in this matter.

1

confidentiality order before any sensitive documents are disclosed. In addition, many of Plaintiff's demands are overbroad, unduly burdensome and irrelevant.

## II.  The Motion to Compel did not comply with the Court's rules.

Local Rule 7(b) says that I should have 14 days to prepare a response, but the Court ruled on the Motion to Compel in 8 days without providing time for a response. Local Rule 7(c) says that each motion shall be accompanied by a proposed order. I never saw a proposed order. So the Motion was not valid and should have been rejected.

## III.  The Court was wrong to prevent me from taking any depositions without Court approval.

The court ruled that I would not be allowed to conduct any depositions without court approval, whereas Defendant Ed Butowsky and Plaintiff were both entitled to take five depositions without court approval. Treating the other parties differently from a *pro se* defendant also my violates due process and equal protection rights. I am not a prisoner or incarcerated. I am a law-abiding American citizen who was sued by a plaintiff with some of the most expensive lawyers in the United States. I should have a fair chance to defend myself. There is no reason I should not be allowed to take the same number of depositions as

2

Plaintiff or that I should be required to seek court approval where Plaintiff can take depositions without approval.

### III. The Court was wrong to hold communications about the case without involving me.

As mentioned, I understand the Court discussed the case and specifically discussed my financial circumstances with lawyers for the other parties. I understand the Court also stated that I should pursue mediation because I don't have any money. Also, the Court apparently decided the motion to compel without me being in the room. It was wrong for the Court to proceed in this way. The Court should not discuss anything affecting my rights with lawyers for the other parties outside of my presence.

I had specifically asked for permission to appear by telephone and the Court had granted my request without saying there was anything wrong with my request. If the court disapproved of my appearance by phone, it should have told me, rather than allowing me to appear by phone and then making decisions without me.

### IV. America First Media should not have to answer the Motion to Compel.

America First Media is not a company. It is just a name. It should not have to file a response to Plaintiff's motion since it has nothing to provide in any event. If the court disagrees with this, it should still allow American First Media or me the

3

same chance to bring this to the Court's attention in a proper opposition to Plaintiff's Motion to Compel.

## Conclusion

For all these reasons, the Court should reverse its decisions taken at the July 31, 2019 status conference, require Plaintiff to file a proper motion, give me and America First Media a chance to respond, and permit me to take the same number of depositions as Plaintiff without court approval.

*Matthew Couch*
Matthew Couch, *pro se*
4000 S Dixieland A-201 Rogers, AR 72758
mattcouch@af-mg.com
[479-601-9740]

4

## Certificate of Service

The undersigned certifies that on August 9, 2019, the foregoing document was mailed via overnight mail to the United States District Court for the District of Columbia for filing with the Court and was emailed to counsel for Plaintiff Aaron Rich and Defendant Edward Butowsky in accordance with an understanding among the parties. I have been informed that Judge Leon does not permit ECF filing by *pro se* litigants.

Dated: August 9, 2019

*Matthew Couch*
Matthew Couch, *pro se*
4000 S Dixieland A-201 Rogers, AR 72758
mattcouch@af-mg.com
[479-601-9740]

5