# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>                Plaintiff,<br><br>  v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>                Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

## PLAINTIFF'S OPPOSITION TO DEFENDANT COUCH'S MOTION
## FOR RELIEF FROM ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

*Attorneys for Plaintiff Aaron Rich*


On July 31, 2019, the Court entered an order ("Order") compelling Defendants Matt Couch and America First Media ("AFM") to produce documents in response to Plaintiff's First Request for Production ("First RFP"). The Court entered the Order after Mr. Couch and AFM had for months refused to produce any documents in this case despite repeatedly claiming publicly that they have relevant documents. Instead of complying with the Court's Order, Mr. Couch and AFM have filed a baseless motion ("Motion") asking the Court to reconsider it, even though Mr. Couch and AFM still have not offered any argument on the merits of the underlying issue of whether they should be required to participate in discovery in this case.[1] The Motion serves no discernible purpose but to further delay the production of documents, which are now three-months-and-counting overdue, and it should be denied.

## **BACKGROUND**

Plaintiff Aaron Rich sued Defendants Matt Couch and AFM for defamation after Mr. Couch and AFM spent the better part of two years falsely telling their hundreds of thousands of social media followers, among other things, that Mr. Rich was involved in stealing emails from the Democratic National Committee ("DNC") and selling them to Wikileaks and that Mr. Rich obstructed the ensuing investigation into the murder of his only brother, Seth Rich. Mr. Couch and AFM continue to publish such statements to this day, despite explicitly representing to this Court that they had stopped doing so.[2] Mr. Couch's and AFM's statements about Mr. Rich are

---

[1] This opposition addresses arguments as to both Mr. Couch and AFM because although the Motion is styled as one from Mr. Couch alone, it also presents argument as to AFM. *See* Motion at 3–4.

[2] *Contrast* Dkt. 73 ("We have removed any and all content referencing Aaron Rich from our website") *with, e.g.,* Matt Couch, *Matt couch was live*, Periscope (Aug. 16, 2019), https://www.pscp.tv/w/1ypJdvZrOlQKW ("At that time Ed informed myself and our team of what had been said, that they knew what the brothers did, but they didn't care they wanted to know who murdered their son."); Matt Couch, Twitter (August 12, 2019), https://twitter.com/RealMattCouch

lies, and they have defamed Mr. Rich and caused him pain and suffering during a period of immense grief.

At issue is whether Mr. Couch and AFM must produce documents in this litigation, particularly documents relating to their defamatory statements about Mr. Rich. Mr. Couch and AFM have stated on social media that they have "so many recordings" and "so many text messages" and so much "evidence" and "documentation" that they can "prove everything except who pulled the trigger." *See* Dkt. 71. As recently as August 18, 2019—weeks after the Court entered its Order—Mr. Couch and AFM claimed to have "mountains" of "information in the Seth Rich Investigations."[3] In his initial disclosures—which he did not serve until August 18, 2019, when he was under threat of another motion—Mr. Couch and AFM affirmed that they have "e-mails, social media accounts, audio recordings and other electronic documents" relevant to this litigation. *See* Exh. 1; Exh. 2. Yet as of this filing, Mr. Couch and AFM have not produced even

---

/status/1161161112605343745 ("Now why was the brother of Seth Rich trying to find people that had contacts to an Israeli Digital Forensics Company named Cellebrite? . . . Now why would Aaron Rich need that?"); *id.* https://twitter.com/RealMattCouch/status/1161130837460623361 ("No matter who Rod Wheeler talked to, they would always tell him 'Aaron said not to talk about that. . .'"); Hannibal Moot, Twitter (August 13, 2019), https://twitter.com/hannibalmoot/status/1161282825619955712 ("Fantastic thread from @RealMattCouch. Be sure to read the entire thread. Keep this in mind..as @Ty_Clevenger has said and asked for repeatedly, the family can authorize #JulianAssange to speak freely on what he knows but they have refused...why? All of this could be cleared up."); Matt Couch, Twitter (July 25, 2019), https://twitter.com/RealMattCouch/status/1154485161435680768 ("The person that Rod Wheeler told Bill Pierce and I that had informed everyone not to talk about certain things in the investigation was none other than the brother of Seth Rich, Aaron Rich."); *id.* (Feb. 5, 2019), https://twitter.com/RealMattCouch/status/1092944623696265216 ("Ed Butowsky also told America First Media Group that money went into Aaron Rich's bank account via Wikileaks. He was our source on this back in August of 2017. He also said that Aaron and Seth were involved and worked together on the leaking of documents to Wikileaks"); *see also* Dkt. 71 at 8–9; Dkt 71-9.

[3] *See* Matt Couch, Twitter (Aug. 18, 2019), https://twitter.com/RealMattCouch/status/1163212871494295552.

3

a single document in response to Plaintiff's First RFP, which Plaintiff served over three months ago, on April 23, 2019.  *See* Dkt. 71-2.

On July 23, 2019, Plaintiff filed a motion to compel Mr. Couch and AFM to comply with their discovery obligations.  *See* Dkt. 71 ("Plaintiff's Motion to Compel").  On July 25, 2019, the Court ordered a status conference for July 31, 2019, to "address the pending scheduling and discovery matters raised by plaintiff."  *See* 7/25/19 Minute Order.  During the July 31, 2019, status conference, the Court granted Plaintiff's Motion to Compel.  *See* Dkt. 75 at 5:11-12; 7/31/19 Minute Order.  Instead of complying with the Order, Mr. Couch and AFM filed their Motion on August 14, 2019.  *See* Dkt. 76.  On August 21, 2019, Mr. Couch and AFM purported to serve objections to the First RFP, but Mr. Couch and AFM still have not produced any documents.  *See* Exh. 3; Exh. 4.

## STANDARD OF REVIEW

Mr. Couch and AFM filed their Motion under Rule 60(b), which is not the appropriate mechanism by which to seek reconsideration of an order compelling production of documents. *See Am. v. Preston*, No. CIV.A. 03-1807 PLF, 2007 WL 8055550, at *1 (D.D.C. Feb. 12, 2007) ("motions to reconsider interlocutory orders are not governed by Rule 60(b)").  Nonetheless, reconsideration of even an interlocutory order is an extraordinary remedy that "should be only sparingly used" and only after the moving party demonstrates the existence of "extraordinary circumstances."  *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (in Rule 60 context) (internal citations omitted); *Kirwa v. United States Dep't of Def.*, No. CV 17-1793(ESH), 2018 WL 7141989, at *1 ((D.D.C. May 23, 2018) (in discovery context, stating that "a court 'should be loathe' to grant a motion for reconsideration 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice'") (quoting

*Marshall v. Honeywell Tech.Sols., Inc.*, 598 F. Supp. 2d 57, 59 (D.D.C. 2009)). As discussed next, there is no good cause for reconsideration here.

## ARGUMENT

Mr. Couch and AFM have not identified any valid reason, much less an "extraordinary circumstance," that warrants reconsideration of the Order. The Court should deny the Motion and order Mr. Couch and AFM to produce the documents they repeatedly have claimed to possess. If Mr. Couch and AFM continue to refuse to produce documents in defiance of this Court's Order, they should be sanctioned and held in contempt.

**FIRST**, Mr. Couch and AFM wrongly assert that they did not have an opportunity to be heard on Plaintiff's Motion to Compel. *See* Motion at 1-2. But the Court gave the parties notice that it would "address the pending scheduling and discovery matters raised by plaintiff" during the July 31 status conference. *See* 7/25/19 Minute Order. Mr. Couch and AFM could have filed an opposition to Plaintiff's Motion to Compel before the status conference. Mr. Couch and AFM could have asked the Court to continue the status conference or defer ruling on Plaintiff's Motion to Compel until after Mr. Couch and AFM submitted an opposition brief. Mr. Couch and AFM could have presented argument during the status conference as to why they should not be required to produce documents. *See* Dkt. 75 at 5:11-12. Indeed, Mr. Couch and AFM could have presented argument or objections *at any point* in the four months since they were served with the First RFP, *including in their Motion*. But Mr. Couch and AFM did not do *any* of those things, and they cannot now complain of not having an opportunity to be heard. *See, e.g.*, *James v. Branch*, No. CIV.A. 07-7614, 2008 WL 4808898, at *2 (E.D. La. Oct. 31, 2008) (denying defendant's motion for relief from a discovery order, finding "without merit" defendant's argument that it did not have "adequate opportunity" to file an opposition where defendant chose not to file an opposition prior

the hearing, did not ask for a continuance, and did not ask for "any concessions" during the hearing itself).

**SECOND**, Mr. Couch and AFM appear to argue that they should not be required to produce documents because "[o]ne of the important issues that needs to be resolved is the entry of an appropriate confidentiality order before any sensitive documents are disclosed." Dkt. 76 at 1–2. This argument is frivolous. As Mr. Couch knows, a protective order has been in place since June 21, 2018, when the Court entered the protective order to which all Defendants, *including Mr. Couch and AFM*, stipulated and then requested the Court enter. *See* Dkt 22; Dkt. 29. Indeed, Mr. Couch has published social media posts about the protective order in this case, notwithstanding that he consented to it, in an apparent effort to make the adjudication of that order part of yet another conspiracy theory—this one targeting one of the Judges on this Court who did not even have any involvement in entering the protective order.[4]

**THIRD**, Mr. Couch and AFM object to an in-chambers conversation that the Court convened with one counsel who was present for Defendant Ed Butowsky and one counsel who was present for Mr. Rich. *See* Motion at 3. But the Court ruled on Plaintiff's Motion to Compel in open court, during a public hearing, while Mr. Couch was on the phone, and during which he had the opportunity to object, yet failed to do so. Nowhere does Mr. Couch explain why the Court's in-chambers conference prejudiced Mr. Couch given his opportunity to argue and object,

---

[4] *See* Matt Couch, Twitter (Dec. 30, 2018), https://twitter.com/RealMattCouch/status/1079563088456835072 ("If there's nothing to hide in the Seth Rich case, then why is their [*sic*] a sealed order keeping any items found in discovery from being brought forward to the public... That's in the lawsuit I'm involved in where we're being sued... Our Team is OVER the Target #SethRich"); *id.* (Jan. 2, 2019), https://twitter.com/RealMattCouch/status/1080688710612668417 ("His Name Was Seth Rich.. Flynn Judge Sullivan Signed Sealed Order Of Discovery In Seth Rich Lawsuit").

nor does Mr. Couch explain why, even if he suffered prejudice, that would warrant excusing him from his months-old obligation to produce to the discovery to which Mr. Rich is entitled.

In any event, Mr. Couch and AFM could have and should have appeared in person at the status conference, as did counsel for all other parties. Mr. Couch and AFM have in fact travelled to Washington, D.C., at least *ten times in just the last two years* to "investigate" Seth Rich's murder, meet with "sources," commemorate the first anniversary of Seth Rich's murder, and otherwise advance their defamatory campaign against Aaron Rich and his family. *See* Dkt. 3 ¶¶ 20; 50; 57; Dkt. 23 at 13–14. It defies credulity that Mr. Couch and AFM could travel to Washington repeatedly to advance their purported "investigation," yet suddenly be unable to travel to Washington to appear at the one (and only) status conference that this Court has held in this matter. Public records show that **Couch and AFM have raised over $70,000** in the past two years, in large part by appealing to audiences to finance their efforts to tar Aaron and Seth Rich with responsibility for the theft of documents from the DNC.[5] Further calling Mr. Couch's representations into question, Mr. Couch and AFM publicly have announced plans to travel to Arizona in October for a political rally.[6] Mr. Couch and AFM should not be permitted to raise money off Seth Rich's murder and their defamatory statements about Aaron Rich and then claim

---

[5] *See* https://www.gofundme.com/TheDCPatriot ($7,973); https://www.gofundme.com/AmericaFirstInvestigations ($24,411); https://www.gofundme.com/Americafirstmedia ($21,185); https://fundly.com/americafirstmedia ($17,780); https://www.fundly.com/afmg ($2237); https://www.patreon.com/AFMG (approximately $215 per month); https://www.paypal.com/paypalme2/matthewccouch (unknown); https://teespring.com/stores/americafirstmedia (unknown). During the July 31 status conference, the Court ordered Couch and AFM to provide a sworn affidavit as to their financial resources. Plaintiff's counsel has not seen a copy of that affidavit, so Plaintiff's counsel is unaware as to whether Couch and AFM have complied with the Court's order.

[6] *See* Matt Couch, Twitter (Aug. 11, 2019), https://mobile.twitter.com/realmattcouch/status/1160632985298898945 ("I'll see you all in Arizona in early October! #Trump2020").

not to have enough money to appear in the resulting lawsuit and use the consequences of their absence to disrupt and delay the litigation.

It is unclear what remedy Mr. Couch and AFM are requesting as a result of the counsel-only conference, but their citation to *United States v. Microsoft Corp.*, 253 F.3d 34, 46 (D.C. Cir. 2001), raises concerns.  There, the Court of Appeals vacated the District Court's "Final Judgment on remedies, because the trial judge engaged in impermissible *ex parte* contacts by holding secret interviews with members of the media and made numerous offensive comments about Microsoft officials in public statements outside of the courtroom, giving rise to an appearance of partiality" and explained that even absent any "evidence of actual bias, we hold that the actions of the trial judge seriously tainted the proceedings before the District Court and called into question the integrity of the judicial process." *Id*.  (The court in *Microsoft* remanded the case for a new trial in front of a new judge.)  If Mr. Couch and AFM intend to seek the remedy imposed by the D.C. Circuit in *Microsoft,* it is their obligation to disclose that expressly now, particularly given the risk of proceeding through discovery and trial only to have this issue arise on appeal, risking years of delay as to Mr. Rich's claims.  If Mr. Couch and AFM do not request such relief now, the issue should be deemed waived.

**FOURTH**, Mr. Couch and AFM argue that Plaintiff should be required to re-file Plaintiff's Motion to Compel due to the inadvertent omission of a proposed order, but Mr. Couch and AFM do not explain how that technicality prejudices them, nor could they because Plaintiff's Motion to Compel stated clearly the relief Plaintiff was seeking, namely an order to compel Mr. Couch and AFM to respond to Plaintiff's outstanding discovery requests.[7]  In any event, Couch's and AFM's

---

[7] *See* Dkt. 71 at 9 ("An order compelling Couch and AFM to respond to the First RFP is appropriate here."); *id*. at 9 n. 10 ("In addition to requiring Couch and AFM to produce

argument is moot because the Court entered its own order. *See* Dkt. 75 at 5:11-13; 7/31/19 Minute Order. Courts "should favor deciding cases on their merits and avoiding adjudication by technicality," which is what Couch and AFM ask the Court to do here. *Smith v. Washington Post Co.*, 962 F. Supp. 2d 79, 90 (D.D.C. 2013) (internal citations omitted).[8]

**FIFTH**, Couch and AFM argue that AFM should not be required to produce documents because AFM "is just a name." Dkt. 76 at 3. In fact, however, AFM is a registered corporation in the state of Arkansas,[9] that has its own social media accounts,[10] fundraising platforms,[11] and logos.[12] While it seems as though Mr. Couch has asked this Court to hold that AFM is his "alter ego," the law generally requires a finding before doing so. *See Boland v. Fortis Const. Co., LLC*, 796 F. Supp. 2d 80, 85 n. 2 (D.D.C. 2011); *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 90 F. Supp. 2d 15, 25, 2000 WL 339274 (D.D.C. 2000). In all events, Couch repeatedly has stated on social media—often in fundraising solicitations—that AFM consists of a "team" of investigators.[13]

---

documents in response to the First RFP, Plaintiff asks the Court to require Couch and AFM to verify their interrogatory responses.").

[8] Plaintiff notes that Mr. Couch and AFM's own Motion suffers from technical defects: It is not brought under the appropriate Rule, *see supra* at 4, and Mr. Couch and AFM did not meet and confer with Plaintiff's counsel before filing their Motion, in violation of Local Rule 7(m). But Plaintiff does not insist that Mr. Couch and AFM refile the Motion.

[9] *See* https://www.sos.arkansas.gov/corps/search_corps.php?DETAIL=493197&corp_type_id =& corp_name=america+first+media&agent_search=&agent_city=&agent_state=&filing_number= &cmd=.

[10] *See, e.g.*, https://twitter.com/americafirstmg?lang=en; https://www.facebook.com/ AmericaFirstMedia.

[11] *See, e.g.* https://www.patreon.com/AFMG.

[12] *See, e.g.*, https://teespring.com/shop/america-first-media-white-logo.

[13] *See, e.g.*, Matt Couch, Twitter (Dec. 17, 2018), https://twitter.com/RealMattCouch/status/ 1074922295754457088 ("After many requests, our team now takes donations via PayPal. We understand many conservatives do not like this platform. Which is why we have Patreon, Fundly, Go Fund Me, and a Merchandise store to support our teams efforts.") ; *Id.* (Aug. 12, 2018), https://twitter.com/RealMattCouch/ status/1028799802681778178 ("this team is all LEOs, Private

It is precisely because there is a factual dispute as to AFM's status, its relationship to Mr. Couch, and its role in defaming Mr. Rich that discovery of AFM is vital. Mr. Couch and AFM may not shield AFM from participating in this case by declaring, with no proof, that AFM is a fictional non-entity.

**SIXTH**, Plaintiff notes that, on August 21, 2019, Mr. Couch and AFM provided objections (but no documents) in response to the First RFP. Those objections are long overdue and therefore have been waived. *See Embassy of the Fed. Republic of Nigeria v. Ugwuonye*, No. 10-CV-1929 (BJR), 2012 WL 13047525, at *3 (D.D.C. Oct. 17, 2012). Even so, the objections are baseless and certainly not sufficient to insulate Mr. Couch and AFM from discovery.[14] And even if the objections were timely (which they were not) and had merit (which they do not), Mr. Couch and AFM still at least would be required to produce a log identifying the responsive documents they are withholding, which Mr. Couch and AFM have not done.

## CONCLUSION

Plaintiff respectfully requests that the Court enter an order denying the Motion and ordering Mr. Couch and AFM to show cause, within 10-days of the order, as to why they should not be held

---

Investigators, Military, and Feds"); *Id.* (July 14, 2018), https://twitter.com/RealMattCouch/status/1018172639616040960 ("America First Media Group is the leading Investigation Team in America on the Seth Rich Investigation. If you'd like to contribute, here is our Fundly link."); *see also* Dkt. 73 (AFM "is a small group of private investigators, LEOs, former government agents, and investigative journalists.").

[14] For example, Mr. Couch objected to the request for documents "supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the complaint" on the grounds that "[m]any of the alleged statements in the Complaint speak for themselves or have no possible relationship to any potential cause of action against Defendant." Ex. 3 at 2–3. He also objected to the request for "all" "Communications relating to any allegations in the Complaint" including those with "any person or entity named in the Complaint" or "relating to the Rich Family" as calling for "irrelevant information" because "Communications concerning the Rich family and the other named individuals do not necessarily have any relationship to the allegations in the Complaint." *Id.* at 2. These objections are patently frivolous.

in contempt. (Mr. Couch and AFM likely could establish cause simply by doing what the Court has ordered: produce all documents responsive to the RFPs).[15]

Dated: August 26, 2019

/s/ Joshua P. Riley
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

***Attorneys for Plaintiff Aaron Rich***

---

[15] In addition to producing documents, Couch and AFM are under Court order to verify their interrogatory responses, which they have not done. *See* Dkt. 71 at 9 n.10 (motion to compel verification of interrogatory responses); Dkt. 75 at 5:11-12; 7/31/19 Minute Order (order granting motion).

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on August 26, 2019, the foregoing document was (1) filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and (2) emailed to Defendants Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. Defendants Couch and America First Media consented in writing to receive filings via email pending registration to receive electronic notification of filings.

Dated: August 26, 2019

                                              s/ _Joshua P. Riley_____
                                              JOSHUA P. RILEY (D.C. Bar No. 1026900)
                                              BOIES SCHILLER FLEXNER LLP
                                              1401 New York Ave NW, Washington DC 20005
                                              Tel: (202) 237-2727 / Fax: (202) 237-6131
                                              jriley@bsfllp.com