UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,                                    Case No. 1:18-cv-00681-RJL
                                               Honorable Richard J. Leon
Plaintiff,

v.

EDWARD BUTOWSKY,                               **AFFIDAVIT**
MATTHEW COUCH                                  **OF MATTHEW COUCH**
AMERICA FIRST MEDIA,
Defendants.


STATE OF ARKANSAS          )
                           ) ss.:
COUNTY OF BENTON           )


Matthew Couch, being duly sworn, says:

1.      I am a Defendant in the above-captioned action.

2.      I make this affirmation in support of my Motion under Rule 60(b), and in support of my Motions to Dismiss for Lack of Subject Matter Jurisdiction and for Modification of Protective Order proposed to be filed following a meet and confer under Local Rule 7(m).

3.      "America First Media," which is named in the above-captioned lawsuit, has no corporate or legal existence and cannot sue or be sued. It is simply a name, a moniker.

4.      I am also the sole shareholder of America First Media Group, Inc., which is a dormant entity that does not have a bank account or a Federal EIN number and has never taken corporate action of any kind.

5.      Plaintiff filed a motion to compel against me in the above-captioned matter on July 23, 2019. Under the Local Rules of the District Court for the District of Columbia, I was entitled to 14 days to respond to Plaintiff's motion.

6.      On July 25, 2019 a status conference in the above-captioned matter was scheduled for July 31, 2019. I received notice of the conference on August 1, 2019.

7.      I was alerted to the existence of the conference by Eden P. Quainton, whose admission to the District Court for the District of Columbia is pending. Mr. Quainton intends to file an appearance on my behalf upon admission to the District Court. The Court had previously advised me that as a pro se litigant I was ineligible to use the ECF filing system for submitting documents and I reasonably rely on obtaining written notice of Court communications.

8.      Because I had not received official notice and because Mr. Quainton only notified me of the status conference shortly before it was scheduled to take place, I contacted the Court on July 24, 2019 and requested permission to appear telephonically. Arranging travel from Arkansas on such short notice was not practicable. The Court granted my request.

9.      I participated in the status conference but was not given any opportunity to respond to Plaintiff's Motion to Compel, for which I had not prepared a substantive opposition, as I had no idea that the Court would entertain argument on the Motion before receiving my opposition, or render a decision without giving me a chance to respond in writing.

10.     At the status conference, the Court faulted me for appearing telephonically and threatened to hold me in contempt, even though my request to appear telephonically had been granted without objection. The Court then immediately moved on to announce its decision on the Motion to Compel. At that point, I believed I had no right to say anything except in response to the Court's questions. Indeed, I was so flustered that when the Court asked whether I had taken depositions before, I was unable to give a complete response. While I have not taken depositions in court before, I have interviewed witnesses in deposition-like circumstances in the course of my investigative work.

11.    The day after the status conference, I contacted counsel for one of the other Defendant, Edward Butowsky, Mr. Phillip Harvey, to discuss compliance with the Court's order. During the resulting phone call, I understood that Mr. Harvey and counsel for Plaintiff's had met privately with the Court outside of my presence when the Court had decided to grant Plaintiff's Motions to Compel.

12.    On August 21, I provided Responses and Objections to Plaintiff's Request for Production, together with the only documents relating to America First Media Group, Inc. in my possession. On August 22, 2019, even though the present Rule 60(b) motion was pending (which had been sent to the Court by overnight mail on August 12, 2019 and served electronically on opposing counsel the same day) and even though Plaintiff should have known that I could not be compelled to produce discovery when I had not been given an opportunity to respond to Plaintiff's Motion to Compel and was in fact contesting the Motion, Plaintiff threatened to bring a further motion to hold me in contempt if I did not fully comply with the Court's order by 12:00 p.m. on August 26, 2019. *See* Ex. B. hereto. Even though I do not believe I had an obligation to comply with an order that was improperly entered and from which I am seeking relief, I produced 517 pages of responsive documents, together with a privilege log.

13.    At the same time, I indicate to opposing counsel that a number of issues needed to be addressed before I would be able to provide further documents. *See* Ex. A hereto.

14.    First, the Protective Order that has been filed in this matter needs to be modified. The order was entered when I was unrepresented and believed I would be unable to retain counsel because of the controversial nature of the Plaintiff's allegations. Among other things, the Protective Order does not address audio recordings in sufficient detail. Certain individuals who have been recorded have not given their consent to the use of the audio recordings in litigation. The order does not specify whether transcripts of audio may be provided, who should bear the cost

of preparing transcripts of any audio recordings, and how transcripts are to be marked. To the extent transcripts are permissible, Plaintiff should be required to bear the cost of preparing these transcripts.

15.     Moreover, I am also in possession of certain recordings that contain highly sensitive material, including information that has been shared with the United States House of Representatives. The information contained in this material could put at risk the lives of certain persons identified in the recordings. This material requires appropriate redactions and, possibly, voice alteration, necessary for safety and national security. I have a duty to protect my sources and potential witnesses.

16.     In addition, in the course of my investigations, I have used a chat service through which communications relevant to Plaintiff's complaint may have been made. However, I do not know how to separate out the relevant from irrelevant materials and believe it is Plaintiff's burden to pay for any costs associated with attempting to produce responsive material. I am willing to work with Plaintiff to come up with the least burdensome approach.

17.     I brought these issues to the attention of opposing counsel in producing responsive documents to Plaintiff's Request for Production. *See* Ex. A.

18.     Plaintiff responded by demanding production of documents related to Jack Burkman, "The Thin Blue Line," Defango and many others that had not been previously referenced in Plaintiff's request for documents from me. *See* Ex. C. Plaintiff has not explained why Dfango and The Thin Blue Line are relevant to its case.

19.     Plaintiff has also issued third party subpoenas to Jack Burkman, Jerome Corsi, Randi Credico and Roger Stone. *See* Exs. D-G. These individuals are primarily concerned with the Seth Rich murder and ties between Seth Rich and Wikileaks.

20.     It appears Plaintiff's real goal is to go on a fishing expedition for information relating to Seth Rich and to attempt to shut down independent inquiry into the murder of Seth Rich and his alleged ties to Wikileaks.

21.     At the time the Protective Order was entered into, I was unrepresented and did not appreciate how the order would affect my rights and address the audio recordings I have in my possession.

22.     Plaintiff's document requests are also overly broad and unduly burdensome. Plaintiff is demanding all my phone records for the period from January 1, 2016 to the present without providing any reason for his need for these records when he has already asked for "all communications" relating to numerous individuals and entities. *See* ECF Document 71, Ex. 1, Request No. R ("Mobile phone records sufficient to show all phone numbers and providers You used at any time since January 1, 2016 and all Documents, including mobile phone billing records, showing the calls You made or received since January 1, 2016 relating to the allegations in the Complaint"). This request is not only absurdly overbroad, it is also impossible to comply with. No-one could possibly remember the subject matter of calls 3 ½ years ago.

23.     With respect to my Twitter feed, I have made a point of not deleting my tweets since well before the pending lawsuit. I believe it is important to preserve a record of one's tweets, unlike other social media personalities who delete tweets if they are controversial or become unpopular. I am willing to provide Plaintiff access to my Twitter feed for any period Plaintiff believes is relevant.

24.     As to other electronic media that may contain responsive information, I am willing to work with Plaintiff to come up with the least burdensome approach and methodology.


Dated: Rogers, Arkansas
       September 3, 2019

MATTHEW COUCH

Sworn to before me

this _3rd_ day of _SEPTEMBER_ 2019

Notary Public

CYNTHIA A. HAMMONTREE
CARROLL COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires July 18, 2023
Commission No. 12395044

4000 S Dixieland A-201
Rogers, AR 72758

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, a copy of the foregoing was served by agreement by electronic mail on the foregoing:

Joshua Riley
Meryl C. Governski
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, N.C
Washington, DC 2005
jriley@fsflip.com
mgovernski@bsflip.com

Micahel J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
1875 K. Street, N.W.
Washington, D.C. 20006
mgottlieb@willkie.com

Philip Harvey
Harvey & Binnalli, PLLC
717 King Street, Suite 300
Alexandria VA 22314
United States of America
pharvey@harveybinnal.com

*Matthew Couch*
MATTHEW COUCH, *pro se*
4000 S Dixieland A-201
Rogers, AR 72758



Same Day Process <info@samedayprocess.com>

# RUSH TODAY filing
1 message

**Eden Quainton** <equainton@gmail.com>                                    Tue, Sep 3, 2019 at 3:26 PM
To: info@samedayprocess.com

As discussed with your colleague, enclosed please find for filing on a RUSH basis with the District Court for the District of Columbia the documents below.

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

**10 attachments**

**Letter to D.C. Court  .docx**
33K

**Affidavit of Matthew Couch.pdf**
165K

**Memorandum in Reply.pdf**
205K

**Exhibit A - Couch to Governski.pdf**
81K

**Exhibit B - Governski email August 22 2019.pdf**
156K

**Exhibit C - Governski to Couch August 28 2019.pdf**
272K

**Exhibit E - Plfs Subpoena -- Burkman.pdf**
362K

**Exhibit D - Plfs Subpoena -- Corsi.pdf**
752K

**Exhibit F - Plfs Subpoena -- Stone.pdf**
676K

**Edhibit G - Plfs Subpoena -- Credico.pdf**
640K

 Gmail                                    Eden Quainton <equainton@gmail.com>

## Document Production

**Matt Couch** <mattcouch@af-mg.com>                                    Mon, Aug 26, 2019 at 12:49 PM
To: "Gottlieb, Michael" <MGottlieb@willkie.com>, Joshua Riley <JRiley@bsfllp.com>, Meryl Governski
<mgovernski@bsfllp.com>, Philip Harvey <pharvey@harveybinnall.com>
Cc: Eden Quainton <equainton@gmail.com>

Counsel,

Attached is my production in response to your document request.

I also have some audio files that I would be prepared to produce, but I have two concerns: (1) the proposed protective order does not explicitly cover audio and (2) the proposed order does not deal with the need to redact information. I am in possession of certain information that I am not comfortable producing even on an "Attorneys' Eyes Only" basis without the redaction of names. As far as I can see, the proposed protective order was never "so ordered" by the judge (although maybe I missed that). This is an issue that I want to address in the hearing on my 60(b) motion.

In addition, I have some other relevant electronic information, but I have not figured out how to separate what is responsive to your request from what has no bearing whatsoever. I am open to discussing this issue with you and/or the court.

With respect to Twitter, you are free to download anything you think is relevant from my Twitter feed. I have not deleted any tweets and I have no intention of doing so. I believe there is also a search function so that you can use any key words you want to get information. For me to do print out all my tweets and send them to you would be unnecessarily expensive and time-consuming.

I am also attaching a privilege log. Please note that some documents may need to be designated as confidential.

Finally, I understand you have received documents in response to your various subpoenas. Please provide those to me.



📄 **Couch Production.pdf**

📄 **Couch Privilege Log.pdf**
    104K

としての

 Gmail                                    **Eden Quainton <equainton@gmail.com>**

---

## Fwd: Revised Responses and Objections for America First Media

---

**Matt Couch** <mattcouch@af-mg.com>                                    Mon, Sep 2, 2019 at 5:48 PM
To: equainton@gmail.com

Sent from my iPhone

Begin forwarded message:

> **From:** Meryl Governski <mgovernski@bsfllp.com>
> **Date:** August 22, 2019 at 8:13:18 PM CDT
> **To:** Matt Couch <mattcouch@af-mg.com>, "Gottlieb, Michael" <MGottlieb@willkie.com>, Joshua Riley
> <jriley@bsfllp.com>
> **Subject: Re: Revised Responses and Objections for America First Media**
>
> Mr. Couch,
>
> You have not complied with the Court's order compelling you to respond to Plaintiff's discovery
> requests by August 21. The objections you sent to us last night, and again tonight as to AFM,
> are long overdue and already have been waived, and many of those objections are improper in
> any event. You have not actually produced any documents or records. You have not provided a
> log that inventories responsive documents being withheld. You have not verified your
> interrogatory responses. *See* Fed. R. Civ. P. 33(b)(5). You appear to be taking the position that
> you refuse to produce any documents or records as to AFM, whose motion to be dismissed from
> this case was denied. And you incorrectly have asserted both to us and to the Court that there is
> not a protective order in place when in fact a protective order has been in place since June 21,
> 2018. *See* Dkt. 29.
>
> Please produce all documents responsive to the First RFP and verify your interrogatory
> responses by noon on Monday. We intend to seek appropriate relief, including an order holding
> you in contempt, if you continue to refuse to do so.
>
> Finally, we understand from your recent correspondence and representation to the Court that you
> now are represented by counsel. Please promptly confirm whether you are in fact represented
> by counsel and, if so, please provide your counsel's contact information so we may
> communicate directly with your attorney as appropriate. To the extent you are represented by
> counsel, we request that your attorney enter a notice of appearance in the case.
>
> Meryl Conant Governski
> Associate
> BOIES SCHILLER FLEXNER LLP
> 1401 New York Avenue, N.W.
> Washington, DC 20005
> (t) 202 895 7565
> (f) 202 237 6131
> mgovernski@bsfllp.com
> www.bsfllp.com
>
> On August 22, 2019 at 8:23:15 PM EDT, Matt Couch <mattcouch@af-mg.com> wrote:

Attached please find our revised Responses and Objections for America First Media, together with this Defendant's production.  There was an inadvertent error in the previous document.  Please disregard.
<AFMG Production.pdf>
<Responses and objections America First Media .pdf>

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

 **Gmail**

<div align="right">Eden Quainton &lt;equainton@gmail.com&gt;</div>

## Document Production

**Meryl Governski** &lt;mgovernski@bsfllp.com&gt;                                    Wed, Aug 28, 2019 at 9:35 AM
To: Matt Couch &lt;mattcouch@af-mg.com&gt;, Eden Quainton &lt;equainton@gmail.com&gt;
Cc: "Gottlieb, Michael" &lt;MGottlieb@willkie.com&gt;, Joshua Riley &lt;jriley@bsfllp.com&gt;

Mr. Couch,

We are in receipt of your email, production, and privilege log.  While we reserve the right to challenge the sufficiency of your production, we respond below to the points raised in your email and blatant deficiencies in your production.  I note that we are including Mr. Quainton on this email, who we understand will be entering an appearance in the case shortly and who you have told us "does not object to your continuing to communicate with me directly."  We respectfully request Mr. Quainton confirm that we have his approval to continue corresponding with you directly.  Otherwise, this email should be construed as a response to Mr. Quainton as your attorney.

*First*, your email stated that the Protective Order ("PO") to which all parties, including yourself, stipulated was  "never 'so ordered' by the judge."  That is wrong.  We are attaching Docket 29, which as you will see on page 15 Judge Leon signed on June 19, 2018.

*Second*, you raised the concern that the PO "does not explicitly cover audio."  That is also wrong.  The PO defines "Discovery Material" to include " documents, tangible things, discovery responses, deposition testimony and information, including testimony (hereinafter 'Discovery Material')."  In addition to the fact that any audio files you produce would be part of your discovery responses, they also would qualify as "documents" defined in the Requests for Production ("RFP").  *See* RFP Definitions ("Document" "means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes . . .  (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, **audio recordings**, podcasts, Internet files . . . "); *see also* Rule 34 (defining documents to include "sound recordings").  Your audio files are covered by the PO, and you are obliged to produce them without further delay.

*Third,* your email states that the PO "does not deal with the need to redact  information" and that you are "not comfortable producing even on an 'Attorneys' Eyes Only' basis without the redaction of names."  It does not matter whether you are comfortable with producing information—you are legally required to do so, and if you refuse, we will seek not just an order from the Court holding you in contempt, but we also will ask the Court to reimburse the attorney's fees associated with us having to prepare the request.  You must produce responsive documents absent an applicable legal objection.  You personally agreed to the terms of the PO, and have not made a single request to modify it over the past year.  See Dkt. 22; 29.  Quite to the contrary, you actually argued that the PO was "too broad," rather than too narrow, during negotiations.  To the extent that you wish to modify the existing protective order, you need to make a specific proposal for us to consider, which we will do promptly and in good faith.  But you may not withhold producing documents, after months of doing and saying nothing, based on what you now describe as discomfort.  The law does not permit you to make "broad allegations of harm unsubstantiated by specific examples" in order to shield documents and "names" to which Mr. Rich is entitled to prosecute his case. *Alexander v. F.B.I.*, 186 F.R.D. 54, 57–58, 1998 WL 1048986 (D.D.C. 1998).

*Fourth*, you note, "I have some other relevant electronic information, but I have not figured out how to separate what is responsive to your request from what has no bearing whatsoever." All of Plaintiff's requests for production are relevant, and you have the burden to produce all documents responsive to our requests for production. *See* Fed. R. Civ. P. 34; *Murphy v. Price WaterhouseCoopers, LLP*, 2006 WL 8446472, at *7 (D.D.C. May 22, 2006); *Norden v. Samper*, 544 F.Supp. 2d 43, 49 (D.D.C. 2008). Please let us know what search terms you have used to find documents responsive to Plaintiff's RFPs, and we will be willing to meet and confer with you about refining the search terms.

*Fifth*, you suggest that it is our obligation, not yours, to download "anything [we] think is relevant" from your Twitter feed. But that is not the law.  You are obligated to produce your social media (which the RFPs define more broadly that just your Twitter include all forms of Social Media and to include non-public facing communications including private messaging). *See Shatsky*, 312 F.R.D. at 223–24 (Leon, J) (calling it "absurd" to attempt to "shield publicly available documents from discovery merely because of their accessibility); *see also*  *U.S. Commodity Futures Trading Comm'n*, 61 F. Supp. 3d at 7 ("It is not up to the party from whom documents are requested to pick and choose how to present relevant information…").  As the registered user of your personal and AFM's Twitter accounts, as well as other Social Media accounts, you have the sole authority to request that those Social Media providers provide a comprehensive collection of your accounts. *See, e.g. ,* https://help.twitter.com/en/managing-your-account/how-to-download-your-twitter-archive.  If you refuse to do so, we reserve our rights to compel you to grant your Social Media providers authorization to do so.

*Sixth,* our initial review of your production indicates you have produced less than 50 documents, a number of which are duplicates and the bulk of which are articles from your own website. As you aware, the RFPs define Documents and Communications broadly (as is consistent with the federal rules) and specifically request, *inter alia, all* Documents and Communications that you have had with "any person or entity" about the Rich family and all Communications with anyone named in the Complaint. Your production is clearly deficient. The production does not include any Social Media messages, including direct messages from Twitter or Signal or Wickr (all of which your own production and productions from Defendant Butowsky and third parties indicate you used to communicate about subject matter related to this lawsuit). Your production does not include any materials from your many fundraising platforms. You produced only two text messaging threads (one with Defendant Butowsky and the second with Rod Wheeler) and only seven emails (all between you and Defendant Butowsky, although one incidentally includes an email from Mr. Whalen and Mr. Pierce). Your production fails to include communications that we believe exist, for example among AFM team members or with: Cassandra Fairbanks; Malia Zimmerman; Defango; any individuals at the U.S. House or Senate; current or former law enforcement or FBI investigators; Jack Burkman; Detective Joseph Della Camera; or the individual who goes by Thin Blue Line. Given the public representations you have personally made about the "mountains" of documents you possess, your production is clearly incomplete. We reserve the right to challenge the sufficiency of your production and to seek all remedies available under the law.

*Finally,* we have received document productions from a small number of third parties and will work with our document vendor to stamp them with Bates numbers and provide them to you. It may be a short time to do so but we believe it is in everyone's best interest to have marked documents and will bear the burden and expense of doing so.

Respectfully,
Meryl

**Meryl Conant Governski**
Associate

_____

**BOIES SCHILLER FLEXNER** LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)  202 895 7565

(f)  202 237 6131

mgovernski@bsfllp.com

www.bsfllp.com

**From:** Matt Couch [mailto:mattcouch@af-mg.com]
**Sent:** Monday, August 26, 2019 12:49 PM
**To:** Gottlieb, Michael; Joshua Riley; Meryl Governski; Philip Harvey
**Cc:** Eden Quainton
**Subject:** Document Production

Counsel,

Attached is my production in response to your document request.

I also have some audio files that I would be prepared to produce, but I have two concerns: (1) the proposed protective order does not explicitly cover audio and (2) the proposed order does not deal with the need to redact  information.  I am in possession of certain information that I am not comfortable producing even on an "Attorneys' Eyes Only" basis without the redaction of names.  As far as I can see, the proposed protective order was never "so ordered" by the judge (although maybe I missed that).  This is an issue that  I want to address in the hearing on my 60(b) motion.

In addition, I have some other relevant electronic information, but I have not figured out how to separate what is responsive to your request from what has no bearing whatsoever.  I am open to discussing this issue with you and/or the court.

With respect to Twitter, you are free to download anything you think is relevant from my Twitter feed.  I have not deleted any tweets and I have no intention of doing so.  I believe there is also a search function so that you can use any key words you want to get information.  For me to do print out all my tweets and send them to you would be unnecessarily expensive and time-consuming.

I am also attaching a privilege log. Please note that some documents may need to be designated as confidential.

Finally, I understand you have received documents in response to your various subpoenas.  Please provide those to me.

 **Couch Production.pdf**

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

 **2018.06.21 (DI 029) Stipulated Protective Order Signed.pdf**
793K

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH

                Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA,

                Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

**PLAINTIFF AARON RICH'S
NOTICE OF INTENT TO SERVE
THIRD-PARTY SUBPOENA**

TO ALL DEFENDANTS:

PLEASE TAKE NOTICE, that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Aaron Rich intends to serve a third-party subpoena on Jerome Corsi. The subpoena is attached to this Notice.

Dated: August 16, 2019

                /s/ *Michael J. Gottlieb*
                MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
                WILLKIE FARR & GALLAGHER LLP
                1875 K Street NW
                Washington, DC 20006
                Tel: (202) 303-1000
                Fax: (202) 303-2000
                mgottlieb@willkie.com

                JOSHUA P. RILEY (D.C. Bar No. 1026900)
                MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
                BOIES SCHILLER FLEXNER LLP
                1401 New York Ave NW
                Washington, DC  20005
                Tel: (202) 237-2727
                Fax: (202) 237-6131
                jriley@bsfllp.com
                mgovernski@bsfllp.com

                ***Attorneys for Plaintiff Aaron Rich***

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, a copy of the foregoing document was emailed to Defendant   Edward   Butowsky,   via   his   counsel   Philip   J.   Harvey at  pharvey@harveybinnall.com,   and   Matthew   Couch   and   America   First   Media   via Defendant Couch at  mattcouch@af-mg.com.   These   Defendants   consented   in   writing to  receive court  documents  via  email  pending registration to receive electronic notification of filings.

Dated: August 16, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| Aaron Rich | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:18-cv-00681-RJL |
| Edward Butowsky et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Jerome Corsi
41 Copeland Rd Apt OA6, Denville, NJ 07834-9603

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A, attached below

| Place: Willkie Farr & Gallagher LLP, c/o Michael Gottlieb<br>787 Seventh Avenue<br>New York, NY 10019-6099 | Date and Time:<br><br>September 6, 2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/16/2019

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Aaron Rich ,
who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006; mgottlieb@willkie.com; 202 303 1442

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-cv-00681-RJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

This subpoena for documents, including the Request for Documents (the "Request"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## GENERAL DEFINITIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following definitions shall apply:

1.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2.     The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.     "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, Social Media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a

response (such as a Social Media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

4.    "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

5.    The term "relating to" means "concerning," "referring to," "describing," "evidencing," or "constituting."

6.    "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

7.    The term "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. 34(a)(1)(A).  "ESI" includes data on all servers, including IP addresses, MAC

addresses, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Request may be found.

8.     "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

## SPECIFIC DEFINITIONS

1.     Aaron Rich refers to "Aaron Nathan Rich," the plaintiff in the above-captioned litigation.

2.     The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to, Seth Rich, Aaron Rich, Mary Rich, and Joel Rich.

3.     "Seth Rich" refers to Seth Conrad Rich, the brother of the plaintiff in the above captioned litigation.

4.     "You," "Your," or "Yours" refers to Jerome Corsi, and includes all of Your agents, representatives, or other persons, organizations, or others acting or purporting to act on Your behalf, or under Your control.

3

# **INSTRUCTIONS**

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.     Your responses to the following Request shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B.     Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons or entities under Your control.

C.     Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.  Documents attached to each other should not be separated.

D.     Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

E.     If no responsive documents exist for the request, specifically state that no responsive documents exist.

F.     Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit A.

G.     If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all

persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

H.      If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I.      Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to the Request.

J.      Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request.

K.      All Documents produced in electronic form shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files).  For all forms of ESI, ensure that ESI is provided in unencrypted form and free of password protection.

L.      In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure on any other basis, You shall produce a privilege log.

5

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

All Documents and Communications relating to the Rich Family, including, but not limited to, all Communications with Edward Butowsky, Matt Couch, America First Media, Cassandra Fairbanks, Sean Hannity, Steven Bannon, Randy Credico, Roger Stone, Alexander E. Jones, any employee, representative, or agent of Infowars.com, any other individual or entity named in the Complaint or any agents or representatives of any of the foregoing.

## **EXHIBIT A**

## **CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE**

I, _____ , certify as follows:

1.      The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2.      The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3.      Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4.      Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.


Signature: _____          Date: _____

Printed Name: _____

Address, e-mail and telephone number: _____

_____

_____

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AARON RICH | | |
| | Plaintiff, | |
| v. | | |
| EDWARD BUTOWSKY, MATTHEW COUCH, and AMERICA FIRST MEDIA, | | |
| | Defendants. | |

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

**PLAINTIFF AARON RICH'S
NOTICE OF INTENT TO SERVE
THIRD-PARTY SUBPOENA**

TO ALL DEFENDANTS:

PLEASE TAKE NOTICE, that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff Aaron Rich intends to serve a third-party subpoena on John Burkman.

The subpoena is attached to this Notice.

Dated: August 16, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky, via his counsel Philip J. Harvey at pharvey@harveybinnall.com, and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to receive court documents via email pending registration to receive electronic notification of filings.

Dated: August 16, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| Aaron Rich | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-cv-00681-RJL |
| Edward Butowsky et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  John "Jack" Burkman
1599 N Colonial Ter, Arlington, VA 22209-1426

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A, attached below

| Place: Willkie Farr & Gallagher LLP, c/o Michael Gottlieb<br>1875 K Street, N.W.,<br>Washington, DC 20006 | Date and Time:<br><br>September 6, 2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/16/2019

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Aaron Rich ,
who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006; mgottlieb@willkie.com; 202 303 1442

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-cv-00681-RJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

This subpoena for documents, including the Request for Documents (the "Request"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## GENERAL DEFINITIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following definitions shall apply:

1.  Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2.  The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.  "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, Social Media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a

response (such as a Social Media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

4.    "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

5.    The term "relating to" means "concerning," "referring to," "describing," "evidencing," or "constituting."

6.    "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

7.    The term "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. 34(a)(1)(A).  "ESI" includes data on all servers, including IP addresses, MAC

addresses, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Request may be found.

8.     "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

## SPECIFIC DEFINITIONS

1.     Aaron Rich refers to "Aaron Nathan Rich," the plaintiff in the above-captioned litigation.

2.     The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to, Seth Rich, Aaron Rich, Mary Rich, and Joel Rich.

3.     "Seth Rich" refers to Seth Conrad Rich, the brother of the plaintiff in the above captioned litigation.

4.     "You," "Your," or "Yours" refers to John "Jack" Burkman, and includes all of Your agents, representatives, or other persons, organizations, or others acting or purporting to act on Your behalf, or under Your control.

3

# **INSTRUCTIONS**

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.      Your responses to the following Request shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B.      Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons or entities under Your control.

C.      Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.  Documents attached to each other should not be separated.

D.      Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

E.      If no responsive documents exist for the request, specifically state that no responsive documents exist.

F.      Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit A.

G.      If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all

4

persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

H.      If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I.      Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to the Request.

J.      Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request.

K.      All Documents produced in electronic form shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files).  For all forms of ESI, ensure that ESI is provided in unencrypted form and free of password protection.

L.      In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure on any other basis, You shall produce a privilege log.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

All Documents and Communications relating to the Rich Family, including, but not limited to, all Communications with Edward Butowsky, Matt Couch, America First Media, Rod Wheeler, Cassandra Fairbanks, Alicia Powe, Jacob Wohl, Alexander E. Jones, Roger Stone, Jerome Corsi, any other individual or entity named in the Complaint or any agents or representatives of any of the foregoing.

## EXHIBIT A

## CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE

I, _____ , certify as follows:

1.        The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2.        The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3.        Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4.        Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.


Signature: _____          Date: _____

Printed Name: _____

Address, e-mail and telephone number: _____

_____

_____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AARON RICH<br><br>                        Plaintiff,<br><br>        v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>                        Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon<br><br>**PLAINTIFF AARON RICH'S<br>NOTICE OF INTENT TO SERVE<br>THIRD-PARTY SUBPOENA** |

TO ALL DEFENDANTS:

PLEASE TAKE NOTICE, that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Aaron Rich intends to serve a third-party subpoena on Roger Stone.  The subpoena is attached to this Notice.

Dated: August 16, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC  20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky, via his counsel Philip J. Harvey at pharvey@harveybinnall.com, and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to receive court documents via email pending registration to receive electronic notification of filings.

Dated: August 16, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| Aaron Rich | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-cv-00681-RJL |
| Edward Butowsky et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Roger Stone
                5955 Pine Tree Dr, Miami Beach, FL 33140-2124

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    See Schedule A, attached below

| Place: Boies Schiller Flexner, c/o Josh Riley<br>      100 SE Second Street, Suite 2800<br>      Miami, FL 33131 | Date and Time:<br><br>    September 6, 2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/16/2019

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Aaron Rich ,
who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006; mgottlieb@willkie.com; 202 303 1442

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-cv-00681-RJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

This subpoena for documents, including the Request for Documents (the "Request"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## GENERAL DEFINITIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following definitions shall apply:

1.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2.     The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.     "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, Social Media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a

response (such as a Social Media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

4.    "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

5.    The term "relating to" means "concerning," "referring to," "describing," "evidencing," or "constituting."

6.    "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. Without limiting the foregoing in any way, every Communication is also a Document.

7.    The term "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. 34(a)(1)(A).  "ESI" includes data on all servers, including IP addresses, MAC

addresses, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Request may be found.

8.    "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

## **SPECIFIC DEFINITIONS**

1.    Aaron Rich refers to "Aaron Nathan Rich," the plaintiff in the above-captioned litigation.

2.    The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to, Seth Rich, Aaron Rich, Mary Rich, and Joel Rich.

3.    "Seth Rich" refers to Seth Conrad Rich, the brother of the plaintiff in the above captioned litigation.

4.    "You," "Your," or "Yours" refers to Roger Stone, and includes all of Your agents, representatives, or other persons, organizations, or others acting or purporting to act on Your behalf, or under Your control.

3

## **INSTRUCTIONS**

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.       Your responses to the following Request shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B.       Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons or entities under Your control.

C.       Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.  Documents attached to each other should not be separated.

D.       Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

E.       If no responsive documents exist for the request, specifically state that no responsive documents exist.

F.       Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit A.

G.       If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all

4

persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

H.    If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I.    Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to the Request.

J.    Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request.

K.    All Documents produced in electronic form shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files).  For all forms of ESI, ensure that ESI is provided in unencrypted form and free of password protection.

L.    In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure on any other basis, You shall produce a privilege log.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

All Documents and Communications relating to Seth Rich or the Rich Family, including, but not limited to, all Communications with Edward Butowsky, Matt Couch, America First Media, Sean Hannity, Andrew Miller, Randy Credico, Jerome Corsi, Steven Bannon, Wikileaks or any representative thereof, Michael Flynn, Alexander E. Jones, any representative or agent of Infowars.com, any other individual or entity named in the Complaint or any agents or representatives of any of the foregoing.

## EXHIBIT A

## CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE

I, _____ , certify as follows:

1.      The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2.      The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3.      Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4.      Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.

Signature: _____          Date: _____

Printed Name: _____

Address, e-mail and telephone number: _____

_____

_____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH | |
|             Plaintiff, | |
| | Civil Action No. 1:18-cv-00681-RJL |
| v. | Hon. Richard J. Leon |
| | **PLAINTIFF AARON RICH'S** |
| EDWARD BUTOWSKY, | **NOTICE OF INTENT TO SERVE** |
| MATTHEW COUCH, and | **THIRD-PARTY SUBPOENA** |
| AMERICA FIRST MEDIA, | |
|             Defendants. | |

TO ALL DEFENDANTS:

PLEASE TAKE NOTICE, that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Aaron Rich intends to serve a third-party subpoena on Randy Credico. The subpoena is attached to this Notice.

Dated: August 16, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, a copy of the foregoing document was emailed to Defendant Edward Butowsky, via his counsel Philip J. Harvey at pharvey@harveybinnall.com, and Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. These Defendants consented in writing to receive court documents via email pending registration to receive electronic notification of filings.

Dated: August 16, 2019

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| Aaron Rich | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-cv-00681-RJL |
| Edward Butowsky et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Randy Credico
              4712 Vernon Blvd Apr 3R, Long Island City, NY 11101-5450
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
              See Schedule A, attached below

| Place: Willkie Farr & Gallagher LLP, c/o Michael Gottlieb | Date and Time: |
|---|---|
| 787 Seventh Avenue<br>New York, NY 10019-6099 | September 6, 2019 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/16/2019

         *CLERK OF COURT*
                                                    OR    _____
         _____                    *Attorney's signature*
         *Signature of Clerk or Deputy Clerk*

      The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Aaron Rich ,
                                                    who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006; mgottlieb@willkie.com; 202 303 1442

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-cv-00681-RJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

This subpoena for documents, including the Request for Documents (the "Request"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## GENERAL DEFINITIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following definitions shall apply:

1.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2.     The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.     "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, Social Media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a

response (such as a Social Media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

4.    "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

5.    The term "relating to" means "concerning," "referring to," "describing," "evidencing," or "constituting."

6.    "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

7.    The term "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. 34(a)(1)(A).  "ESI" includes data on all servers, including IP addresses, MAC

addresses, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Request may be found.

8.      "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

## SPECIFIC DEFINITIONS

1.      Aaron Rich refers to "Aaron Nathan Rich," the plaintiff in the above-captioned litigation.

2.      The "Rich Family" refers to the family of Seth Rich and includes, but is not limited to, Seth Rich, Aaron Rich, Mary Rich, and Joel Rich.

3.      "Seth Rich" refers to Seth Conrad Rich, the brother of the plaintiff in the above captioned litigation.

4.      "You," "Your," or "Yours" refers to Randy Credico, and includes all of Your agents, representatives, or other persons, organizations, or others acting or purporting to act on Your behalf, or under Your control.

3

## INSTRUCTIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.    Your responses to the following Request shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B.    Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons or entities under Your control.

C.    Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.  Documents attached to each other should not be separated.

D.    Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

E.    If no responsive documents exist for the request, specifically state that no responsive documents exist.

F.    Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit A.

G.    If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all

4

persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

H.     If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I.     Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to the Request.

J.     Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request.

K.     All Documents produced in electronic form shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files).  For all forms of ESI, ensure that ESI is provided in unencrypted form and free of password protection.

L.     In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure on any other basis, You shall produce a privilege log.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

All Documents and Communications relating to the Rich Family, including, but not limited to, all Communications with Edward Butowsky, Matt Couch, America First Media, Roger Stone, Jerome Corsi, Sean Hannity, Malia Zimmerman, Cassandra Fairbanks, Alexander E. Jones, any agent or representative of Infowars.com, any other individual or entity named in the Complaint or any agents or representatives of any of the foregoing.

**EXHIBIT A**

**CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE**

I, _____ , certify as follows:

1.      The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2.      The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3.      Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4.      Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.


Signature: _____        Date: _____

Printed Name: _____

Address, e-mail and telephone number: _____

_____

_____