**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH  Plaintiff, | |
| v. | Civil Action No. 1:18-cv-00681-RJL |
| EDWARD BUTOWSKY, MATTHEW COUCH, and AMERICA FIRST MEDIA | Hon. Richard J. Leon |
| Defendants. | |

### PLAINTIFF'S MOTION FOR AUTHORIZATION TO TAKE UP TO FIFTEEN TOTAL DEPOSITIONS

Plaintiff Aaron Rich respectfully requests leave to take up to a total of fifteen depositions in this case, or an expansion of ten additional depositions beyond the five authorized by the Court.[1]  As grounds, Plaintiff states as follows:

At the July 31, 2019 Status Conference ("Status Conference"), the Court limited each party to five depositions "unless there is good cause shown" that more are necessary.  Dkt. 75 at 8:19–22.  Good cause plainly exists to expand the number given events that have followed the Status Conference.  At the time of the Status Conference, no Defendant had served initial disclosures or produced documents and, as the Court recognized, "You'll probably be in a better position to know if there are any others you need to do after you get your answers to interrogatories and see whatever documents you get."  *Id.* at 8:24-9:2.  Defendants Couch and Butowsky now have served initial disclosures—those disclosures collectively list 26 unique

---

[1] Pursuant to Local Rule 7(m), Plaintiff conferred with opposing counsel for the Defendants. Defendant Matthew Couch offered his consent to this motion, provided that he be authorized to take the same number of depositions as Plaintiff.  Defendant Edward Butowsky opposes the motion.

individuals (i.e., 26 total after removing duplicate disclosures).  Declaration of Meryl Governski ("Governski Decl.") Ex. 1; *Id.* Ex. 2.  Additionally, they have provided interrogatory responses and documents that reference a number of individuals on whom they claim to have relied when making the defamatory statements at issue in this case.  Governski Decl. ¶ 5.

As Plaintiff disclosed at the Status Conference, Plaintiff had already deposed one individual (Mr. Thomas Schoenberger), and believed then it was necessary, at minimum, to depose Mr. Couch, Mr. Butowsky, and a 30(b)(6) witness on behalf of America First Media. Dkt. 75 at 6–8.  Plaintiff was also already in discussions with Mr. Manuel Chavez, a former contractor of Mr. Butowsky's who attended a crucial meeting at Mr. Butowsky's home in Dallas, Texas, at which Mr. Schoenberger has alleged that Mr. Chavez agreed to a plan with Mr. Butowsky to launch a "surveillance operation against the Rich family" including by "outfit[ting] a van" to "listen in on phone calls, to listen on conversations, and to listen to whatever devices I have to get into their emails."   Governski Decl. Ex. 3 at 109:5–22; 110:21-111:22; 160:4–161:19.  That would take Plaintiff to the limit of five depositions authorized by the Court, and it would not include a number of other important percipient witnesses that Defendants have identified.

From the individuals included on Defendants' disclosures, informed as well by Defendants' initial interrogatory responses, Plaintiff believes it is necessary to depose: (1) Rod Wheeler; (2) Ellen Ratner; (3) Cassandra Fairbanks; (4) Det. Joseph Della Camera; (5) Larry Johnson; (6) Malia Zimmerman; and (7) Dr. Tore Linderman—all of whom are on one or both of Defendants' disclosures.   Although Plaintiff had hoped to depose Julian Assange, or a representative of Wikileaks, Plaintiff will instead file with this Court two motions relating to

alternative ways to secure testimony and documents, including submissions to the courts of the United Kingdom.

The federal rules provide a presumption of ten depositions absent leave of the court. *See* Fed. R. Civ. P. 30(a)(2)(A)(i); *Byrd v. D.C.*, 259 F.R.D. 1, 4 (D.D.C. 2009). Here, it is clear from Defendants' initial disclosures and discovery to date that Mr. Rich will need to take more than five depositions to ensure he has "ample opportunity" to "obtain the fullest possible knowledge of the issues and facts before trial." Fed. R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 500–01 (1947); *Sherrod v. Breitbart*, 304 F.R.D. 73, 75 (D.D.C. 2014) (Leon, J.) (relevance "'for discovery purposes is broadly construed'" and courts "recognize and value the parties' needs to develop and prepare their cases" (citation omitted)); Fed. R. Civ. P. 30(a)(2)(A) advisory committee notes to 1993 amendment ("Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)," which considers whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").[2] In *Sherrod*, this Court denied a motion to quash the deposition of a third-party witness (in that case, a high-ranking government official) because the testifying witness would "have *some* personal knowledge" about "a central issue in this defamation case." 304 F.R.D. at 75–76 (emphasis in original) (citation and internal quotations omitted). Similarly, here, Mr. Rich seeks to depose a limited number of third-party individuals—all with personal knowledge of a central issue in this case, namely the supposed "basis" of the Defendants' defamatory statements about

---

[2] *See also Zimmerman v. Al Jazeera Am., LLC*, 329 F.R.D. 1, 7 (D.D.C. 2018) (plaintiffs "entitled to explore" defendant's witness during deposition where evidence "demonstrates that he has relevant knowledge"); *Burns v. Georgetown Univ. Med. Ctr.*, 106 F. Supp. 3d 238, 242 (D.D.C. 2015) (granting additional depositions of witnesses added to initial disclosures); *Mcdevitt v. Verizon Servs. Corp.*, No. 14-4125, 2016 WL 1072903, at *4–*5 (E.D. Pa. Feb. 22, 2016) (permitting depositions of individuals added to amended initial disclosures in order to prevent potential prejudice to plaintiff in the event defendant relied on late-added witnesses at trial).

Mr. Rich, and all of whom Defendants Butowsky and/or Couch list on their initial disclosures and reference in interrogatory responses (and, in some cases, in their document productions). Permitting Mr. Rich to depose these additional third parties is necessary to provide him with the opportunity to test both their own and the Defendants' statements, as well as to develop evidence that may permit the narrowing of issues for trial. *See FTC v. Sysco Corp.*, 308 F.R.D. 19, 22 (D.D.C. 2015); *see also Sherrod*, 304 F.R.D. at 76–77.

The total number of depositions listed above is twelve (12), but Plaintiff nonetheless requests that this Court authorize a total of fifteen (15) depositions. Plaintiff continues to receive document productions from Defendants and third parties in this case, and those productions continue to reveal additional percipient witnesses. Plaintiff respectfully submits that judicial economy favors a total deposition number that would avoid additional motion practice. Plaintiff represents that this number will not require any change to the discovery schedule in this case, and that Plaintiff would consent to providing an equal number of depositions to each side.

Dated: October 14 2019

/s/  Michael J. Gottlieb
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on October 14, 2019, the foregoing document was (1) filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and (2) emailed to Defendants Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com.   Defendants Couch and America First Media consented in writing to receive filings via email pending registration to receive electronic notification of filings.

Dated: October 14, 2019

/s/ _Michael J. Gottlieb_____
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com