UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>               Plaintiff,<br><br>    v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>               Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER
GRANTING MR. HARVEY'S MOTION TO WITHDRAW AS COUNSEL
AND TO DENY THE MOTION WITHOUT PREJUDICE**

<div style="text-align: right;">

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

</div>

On Friday, October 11, 2019, Mr. Philip Harvey filed a Motion to Withdraw as Counsel for Defendant Edward Butowsky. *See* Dkt. 82 ("Motion"). On Wednesday, October 16, 2019—before Plaintiff Aaron Rich's response to the Motion was due—the Court entered an order granting the Motion. *See* Dkt. 83 ("Order"). As explained below, Mr. Harvey's immediate withdrawal from the case—without first requiring Mr. Butowsky to retain new counsel, and for that counsel to enter an appearance—would be exceedingly disruptive to this litigation, and it would prejudice Mr. Rich's ability to engage in discovery and litigate his claims. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,[1] Mr. Rich therefore respectfully asks the Court to vacate the Order and deny the Motion without prejudice to Mr. Harvey renewing the Motion once Mr. Butowsky has obtained suitable replacement counsel. To be clear, Mr. Rich is *not* asking the Court to deny Mr. Harvey the ability to withdraw from this case; rather, Mr. Rich asks only that the Court require a simultaneous transition to suitable replacement counsel so as not to prejudice Mr. Rich and disrupt this litigation.

## BACKGROUND

Mr. Rich filed this lawsuit in March 2018. After more than a year of delays and wasted resources resulting in substantial part from Mr. Butowsky's refusal or failure to obtain suitable counsel,[2] this litigation finally is in the midst of active discovery, and counsel for Mr. Rich have been meeting and conferring regularly with Mr. Harvey in an effort to move this litigation forward

---

[1] *See* Fed. R. Civ. P. 54(b); *Stewart v. Fed. Commc'ns Comm'n,* 189 F. Supp. 3d 170, 176 (D.D.C. 2016) ("A motion to reconsider brought under Rule 54(b) may be granted 'as justice requires.'" (internal citations omitted)); *Murphy v. Exec. Office for United States Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), *aff'd sub nom. Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204 (D.C. Cir. 2015) ("Rule 54(b) governs reconsideration of interlocutory or non-final orders").

[2] *See infra* at 2 (citing various motions to compel); *see also* Dkt. 24, 27, 32 (motions and briefing in connection with ultimately withdrawn pro hac vice motion for prior counsel who had been sanctioned and/or denied leave to appear pro hac vice in other litigation).

1


in a productive manner. Under the Court's Scheduling Order, fact discovery is scheduled to close in just three months, expert discovery is scheduled to close in just four months, and trial is scheduled to begin in just eight months. *See* Dkt. 80. As explained below, Mr. Harvey's withdrawal from the matter at this critical juncture, without a simultaneous appearance by suitable replacement counsel, would be highly prejudicial to Mr. Rich and would be very disruptive to this litigation.

Nonetheless, on the afternoon of Friday, October 11, Mr. Harvey sent Mr. Rich's counsel an email stating: "FYI, I will be filing a motion to withdraw today." Ex. 1. Mr. Harvey filed the Motion just hours later, before receiving a response from Mr. Rich's counsel. *See* Dkt. 82. In his Motion, Mr. Harvey asserted that "irreconcilable differences have arisen between himself and Mr. Butowsky concerning the litigation, which makes continued representation unreasonably difficult." *Id.* at 1. The Motion did not explain what the "irreconcilable differences" are, and it did not suggest that the Motion was precipitated by a dispute over the payment of attorneys' fees. Mr. Harvey noted, without providing detail that Mr. Butowsky "is in the process of engaging replacement counsel." Dkt. 82 at 1.

On Monday, October 14, Mr. Rich's counsel asked Mr. Harvey to consider filing a revised motion in which Mr. Harvey would agree to delay his "effective date of withdrawal to whenever Mr. Butowsky has retained new counsel who has entered an appearance." *See* Ex. 1. On Tuesday, October 15, 2019, Mr. Harvey informed Mr. Rich's counsel that Mr. Harvey declined to amend the Motion. *Id.* As such, Mr. Rich's counsel were in the process of preparing an opposition to the Motion when, on Wednesday, October 16, the Court entered its Order granting the Motion. *See* Dkt. 83. Mr. Rich's opposition to the Motion otherwise would have been due on October 25, 2019.

*See* Local Rule 7(b).[3]

## ARGUMENT

The Court should have delayed granting Mr. Harvey's Motion to withdraw as counsel pending the filing of a notice of appearance of new counsel to represent Mr. Butowsky in this ongoing litigation. Courts deny attorneys' motions to withdraw as counsel where "the withdrawal would unduly delay trial of the case or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." Local Rule 83.6(d); *see also Byrd v. D.C.*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003); *Barton v. D.C.*, 209 F.R.D. 274, 278(D.D.C. 2002); *S.E.C. v. Bankers All. Corp.*, Fed. Sec. L. Rep. P 98,684, 1995 WL 322760, at *2 (D.D.C. Apr. 7, 1995). Here, Mr. Harvey's "withdrawal from the case at this sensitive stage would bring the litigation to a grinding halt and force the postponement of important deadlines" after Mr. Rich has already faced delays in prosecuting his case. *See Byrd*, 271 F. Supp. 2d at 177 (denying withdrawal in case pending for "almost a year and the deadline for both parties to complete discovery is almost one month away").

The hardship and prejudice that will result from Mr. Harvey's immediate withdrawal is evident from Mr. Butowsky's refusal to participate in discovery in this case until Mr. Harvey entered his appearance as counsel on July 9, 2019. *See, e.g.*, Dkt. 63 (Plaintiff's Motion to Compel resulting from Mr. Butowsky's refusal to respond to document requests); Dkt. 68 (Plaintiff's Motion to Compel resulting from Mr. Butowsky's refusal to respond to interrogatories); 7/31/2019 Order (granting Plaintiff's motions to compel Mr. Butowsky to respond to discovery). Mr. Harvey's withdrawal marks the third for Mr. Butowsky: in June 2018, Ty Clevenger withdrew his motion to appear *pro hac vice* on behalf of Mr. Butowksy after the United States District Court for

---

[3] In addition, it is not clear whether Mr. Butowsky was afforded the seven days to which he was entitled to object to Mr. Harvey's withdrawal or to state his intention to conduct the case pro se. *See* Local Rule 83.6(c).

3

the Southern District of New York denied a similar motion there, *see* Dkt. 32;[4] shortly thereafter, in August 2017, Mr. Kenneth A. Martin filed for permission to withdraw as Mr. Butowsky's attorney of record "effective immediately" due to "irreconcilable differences" that he stated he could not explain due to the professional rules "limiting what may be disclosed in a motion to withdraw," *see* Dkt. 37.  For nearly a year—between August 2018 and July 2019—Mr. Butowsky proceeded without a lawyer in this case, during which time he refused to participate in discovery in this case and flouted the jurisdiction of this Court by filing a baseless lawsuit against certain of Mr. Rich's counsel. *See, e.g.*, Dkt. 52; Dkt. 63; Dkt. 68.  It has only been since Mr. Harvey entered an appearance in this case that Mr. Butowsky has provided any meaningful responses to discovery requests.  Mr. Rich's counsel currently are engaged in extensive meet-and-confer with Mr. Harvey with respect to discovery issues, and whatever progress is being made on that front will be undermined if Mr. Butowksy no longer is represented by counsel.[5]

In contrast with the prejudice Mr. Rich would face if Mr. Harvey is permitted to withdraw immediately, there is no discernible prejudice to Mr. Harvey or Mr. Butowsky if the Motion is denied until Mr. Butowsky has secured suitable replacement counsel.  The Motion does not provide any basis for Mr. Harvey's immediate withdrawal from the case, and there is no indication that he would suffer any financial burden given what appears to be Mr. Butowsky's insurance coverage for litigation expenses.  *See* Dkt. 83-3 at 5.  Meanwhile, Mr. Harvey has represented that

---

[4] Mr. Rich objected to Mr. Clevenger's participation, and continues to object based upon his lengthy disciplinary history and record in this case.  *See* Dkt. 24, 27.

[5] Mr. Butowsky's First Set of Interrogatories (to which Mr. Rich must reply by November 6) provides just one example of how Mr. Harvey's immediate withdrawal from the litigation will prejudice Mr. Rich.  The Interrogatories seek highly sensitive information, including Mr. Rich's medical history and bank records, which will be designated "Highly Confidential – Attorney Eye's Only" ("AEO") subject to the Protective Order entered in this case.  *See* Dkt. 29.  Mr. Rich would be prejudiced if he were required to serve those responses to Mr. Butowsky directly instead of through counsel.

Mr. Butowsky "is in the process of engaging replacement counsel," Dkt. 82 at 1, and Mr. Rich requests only that Mr. Harvey not be permitted to withdraw from the case until that process is complete.

## CONCLUSION

For the reasons stated herein, Mr. Rich respectfully requests the Court enter an order vacating its prior Order and denying the Motion without prejudice to Mr. Harvey renewing the Motion if and when Mr. Butowsky secures suitable replacement counsel.[6]

Dated: October 17, 2019

/s/ Joshua P. Riley
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com/ mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com
***Attorneys for Plaintiff Aaron Rich***

---

[6] Mr. Rich understands that counsel for Mr. Butowsky will oppose this motion.

5

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on October 17, 2019, the foregoing document was (1) filed through the CM/ECF system and thereby served electronically on Mr. Harvey, (2) emailed directly to Mr. Harvey at pharvey@harveybinnall.com with a copy to Mr. Butowsky at ebutowsky@gmail.com and (2) emailed to Defendants Matthew Couch and America First Media via Defendant Couch at mattcouch@af-mg.com. Defendants Couch and America First Media consented in writing to receive filings via email pending registration to receive electronic notification of filings.

Dated: October 17, 2019

        s/ Joshua P. Riley
        JOSHUA P. RILEY (D.C. Bar No. 1026900)
        BOIES SCHILLER FLEXNER LLP
        1401 New York Ave NW, Washington DC 20005
        Tel: (202) 237-2727 / Fax: (202) 237-6131
        jriley@bsfllp.com