**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:18-cv-681-RJL |
| | ) |
| EDWARD BUTOWSKY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PHILIP HARVEY'S OPPOSITION TO THE PLAINTIFF'S
MOTION TO RECONSIDER THE COURT'S ORDER
GRANTING HIS MOTION TO WITHDRAW**

The plaintiff wants this Court to rescind its October 16, 2019 Order, which permitted Philip Harvey's withdrawal as counsel for defendant Edward Butowsky, until replacement counsel has entered his or her appearance. The plaintiff's motion should be denied. When the October 16 Order was entered, the attorney-client relationship between Mr. Harvey and Mr. Butowsky ended. Hence, the effect of the plaintiff's motion, if granted, would be to force Mr. Butowksy again to become Mr. Harvey's client, whether or not that is what he wants, and to force Mr. Harvey to become Mr. Butowsky's attorney again, although that is definitely not what he wants. This would be a remarkable ruling, given the consensual nature of the attorney-client relationship.[1]

Moreover, there has been no indication that Mr. Butowsky – as opposed to the plaintiff – wants Mr. Harvey to remain as his counsel in this case for any

---

[1] Parties become attorney and client when they "explicitly or by their conduct, manifest an intention to create" such a relationship. *In re Ryan*, 670 A.2d 375, 379 (D.C. 1996), quoting *Nolan v. Foreman,* 665 F.2d 738, 739 n.3 (5th Cir. 1982). Forcing an attorney-client relationship to come into existence would be an extraordinary use of the Court's power.

length of time. Given the number of pending lawsuits in which Mr. Butowsky is represented by counsel,[2] he certainly could have found help, if he needed it, to file a brief, or even a letter, with the Court – in response either to the motion to withdraw or to the October 16 Order – indicating his desire that Mr. Harvey remain his counsel of record. Nothing has been forthcoming, nor does Mr. Harvey have any reason to expect that Mr. Butowsky will contest his withdrawal at any time in the future.[3]

Thus, the plaintiff's problem is that Mr. Butowsky currently is unrepresented, a circumstance which the plaintiff argues will bring this case "to a grinding halt." [Dkt. 85 at 4]. This is unfounded speculation, at best. More likely, this prediction is surely wrong. Defendants Matthew Couch and America First Media Group (to the extent that it is a viable entity) have been *pro se* ever since the case was filed over eighteen months ago, a situation which the plaintiff has tolerated; nothing has ground to a halt. Thus, the plaintiff's current argument is essentially based on the novel proposition that litigation against two *pro se* defendants is acceptable but that litigation against three *pro se* defendants is intolerable.

---

[2] In addition to this case, Mr. Harvey is aware of five others in which Mr. Butowsky is a party, each of which in some way or another involves allegations about Seth and/or Aaron Rich: *Rich v. Fox News Network*, Case No. 1:18-cv-2223 (S.D.N.Y.); *Butowsky v Folkenflik*, Case No. 4:18-cv-442 (E.D. Tex.); *Butowsky v. Gottlieb*, Case No. 4:19-cv-180 (E.D. Tex.); *Butowsky v. Wigdor*, Case No. 4:19-cv-577 (E.D. Tex.); *Butowsky v. Democratic National Committee*, Case No. 4:19-cv-582 (E.D. Tex.).

[3] This stands in distinction to the facts of the three cases cited by the plaintiff. *See Byrd v. D.C.*, 271 F. Supp. 2d 174 (D.D.C. 2003); *Barton v. D.C.*, 209 F.R.D. 274 (D.D.C. 2002); *S.E.C. v. Bankers Alliance Corp.*, Fed. Sec. L. Rep. ¶98,684, 1995 WL 322760, at *2 (D.D.C. Apr. 7, 1995). In each of these cases, the parties whose attorney sought to withdraw objected.

Litigation with *pro se* parties can be frustrating, but the rules of civil procedure and the inherent powers of the Court are fully capable of dealing with parties, *pro se* or otherwise, who choose not to participate pre-trial and instead ignore their responsibilities.  Moreover, Mr. Butowsky's current *pro se* status is no impediment to the plaintiff's scheduling and taking as many depositions as the Court will allow, serving subpoenae *duces tecum* on whomever he wants and otherwise preparing for trial.  If Mr. Butowsky fails to appear for any duly noticed deposition of him, the plaintiff has the remedies provided by the rules.  Similarly, if Mr. Butowsky does not respond to written discovery in the manner that the plaintiff deems required, then he can file appropriate motions.  If Mr. Butowsky does not attend a deposition of a witness and/or chooses not to depose anyone, those are his choices to make.  As with all cases involving *pro se* defendants, any practical problems can be handled by the plaintiff and his counsel, with resort to the Court where appropriate.  None is insurmountable, nor will anything grind to a halt.

For these reasons, Philip Harvey requests that the motion to reconsider be denied.

Dated:  October 24, 2019

           /s/ Philip J. Harvey
Philip J. Harvey (#252080)
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, Virginia  22314
(703) 888-1943
(703) 888-1930 (facsimile)
pharvey@harveybinnall.com

*Former Counsel for Defendant*
*Edward Butowsky*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 24, 2019, I filed the foregoing using the Court's CM/ECF system, which will provide notice of it to counsel of record, and served a copy by U.S. mail, postage prepaid, and by electronic mail on the following:

>Matthew Couch
>2300 W. Ash Street
>Rogers, Arkansas  72758
>mattcouch@af-mg.com
>
>Edward Butowsky
>c/o Chapwood Investments, LLC
>4965 Preston Park Boulevard, Suite 100
>Plano, Texas  75093
>ebutowsky@gmail.com

                                                      /s/ Philip J. Harvey
                                                     Philip J. Harvey (#252080)