# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>     Plaintiff,<br><br> v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>     Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon<br><br>**ORAL ARGUMENT REQUESTED** |

### PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING MR. HARVEY'S MOTION TO WITHDRAW AS COUNSEL AND TO DENY THE MOTION WITHOUT PREJUDICE

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

Plaintiff Aaron Rich respectfully submits this Reply in Support of Plaintiff's Motion to Reconsider The Court's Order Granting Mr. Harvey's Motion To Withdraw As Counsel And To Deny The Motion Without Prejudice, Dkt. 85 ("Motion").  Plaintiff Rich requests that the Court expeditiously grant his Motion to ensure the parties are able to complete discovery within the timeline established by the Court and to avoid prejudicing Plaintiff Rich's ability to litigate his claims, which he filed more than a year and a half ago.

The relevant factors guiding the Court's ruling on counsel's motion to withdraw are whether the withdrawal would **(1)** disrupt prosecution of the case, **(2)** unfairly prejudice any party, and **(3)** impose a financial burden on counsel if he were to continue representation.  *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003). Mr. Harvey's Opposition To The Plaintiff's Motion To Reconsider The Court's Order Granting His Motion To Withdraw, Dkt. 86 ("Opposition"), fails to meaningfully address these factors.

*First*, Mr. Harvey says it is "unfounded speculation" and "surely wrong" that Mr. Butowsky's status as a *pro se* litigant will disrupt the prosecution of the case. *See* Opposition at 2. The history of this case establishes otherwise.  As demonstrated by multiple motions to compel, which the Court granted, the Defendants have refused to participate in discovery for the majority of the case.  *See* Dkt. 63, 68, 71; *see also* Dkt. 57 (Affidavit for Default against Defendants Butowsky, Couch, and America First Media).  It was not until Defendant Butowsky and Defendant Couch obtained counsel in the summer of 2019 that they began to engage in discovery.  *See* Dkt. 66 (notice of appearance of Mr. Harvey); Dkt. 76 at 2 n. 1 (Couch assisted by Eden Quainton).[1]

---

[1] Mr. Harvey asserts that "Defendants Matthew Couch and America First Media Group (to the extent that it is a viable entity) have been *pro se* ever since the case was filed over eighteen months ago, a situation which the plaintiff has tolerated; nothing has ground to a halt."

1

The disruption that will be caused by Mr. Harvey's withdrawal is evident from events that have transpired since the Court granted his motion. Mr. Butowsky missed the deadline to respond to Plaintiff's motion to take additional depositions, which motion would have been unopposed but for Mr. Harvey's representation that Mr. Butowsky would oppose it. *See* Dkt. 85-1 at 3-4; *see also* Dkt. 83, 87 at 1. And contrary to Mr. Harvey's assertion that "Mr. Butowsky's current *pro se* status is no impediment to plaintiff's scheduling and taking as many depositions as the Court will allow," Opposition at 3, Mr. Butowsky has refused to engage in Plaintiff's effort to meet and confer with Mr. Butowsky about a variety of issues, including to schedule his deposition. Ex. A.

*Second*, Mr. Harvey does not seriously dispute that his withdrawal will prejudice Mr. Rich or, for that matter, burden the Court. *See Byrd*, 271 F. Supp. 2d at 176. Nor could he, for the reasons stated above. And while Mr. Harvey rightly acknowledges the "frustrating" and "practical problems" in "all cases involving *pro se* defendants," Opposition at 3, Mr. Harvey is incorrect to suggest that the solution is to burden Plaintiff and the Court with motions practice to compel Mr. Butowsky's participation in the case instead of having Mr. Harvey remain in the case until suitable replacement counsel is secured, *id.*

*Third*, Mr. Harvey does not address the financial burden he will face if he were to continue the representation. *Compare* Motion at 5, *with* Opposition. Mr. Harvey therefore waives any argument as to that point and concedes that there is no financial burden. *See, e.g.*, *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 34 (D.D.C. 2013), *aff'd sub nom. Wannall v.*

---

Opposition at 2. That statement is incorrect. Couch has been receiving legal counsel from Eden Quainton since at least August 9, 2019. Dkt. 76 at 2 n.1, 6. Before that, Couch failed to meet his discovery obligations, which Plaintiff Rich did not tolerate but rather filed a motion to compel. Dkt. 71.

*Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014) (citing cases).[2] While it may be true that Mr. Harvey no longer wishes to represent Mr. Butowsky (for reasons that Mr. Harvey has not specified), there is no reason why Mr. Harvey's wishes in that regard should be prioritized over both Plaintiff Rich's ability to litigate his case and this Court's interest in efficient litigation.

*Finally*, it is important to note that Mr. Harvey filed his motion to withdraw as Mr. Butowsky's counsel on October 11, 2019, without complying with the meet-and-confer requirements under Local Rules. *See* Local Rule 7(m) (requiring meet-and-confer and statement certifying same); Dkt. 82 (Motion to Withdraw filed without required meet-and-confer statement); *see also* Motion at 3–4. On October 14, after Mr. Harvey filed his motion to withdraw, Plaintiff's counsel informed Mr. Harvey that they would file an opposition unless Mr. Harvey agreed to remain in the case until suitable replacement counsel could be secured. Dkt. 85-1 at 2. Mr. Harvey refused, but he did not notify the Court that Plaintiff Rich intended to oppose his motion to withdraw. *Id.* The Court then granted Mr. Harvey's motion to withdraw on October 15, before Plaintiff filed an opposition. *See* Dkt. 84. Mr. Harvey now reports that he terminated his relationship with Mr. Butowsky immediately upon entry of the Court's Order granting his motion to withdraw, *see* Opposition at 1, even though Mr. Harvey was on notice that Plaintiff Rich intended to oppose that motion. Under these circumstances, it is entirely appropriate for the Court to reconsider its prior order granting Mr. Harvey's motion to withdraw instead of permitting Mr. Harvey to benefit from his violation of the Local Rules.

---

[2] As noted previously, Mr. Butowsky appears to have insurance coverage, which may pay for Mr. Harvey's services. Dkt. 83-3 at 5.

3

Dated: October 30, 2019

/s/ Joshua P. Riley
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on October 30, 2019, the foregoing document was (1) filed through the CM/ECF system and thereby served electronically on counsel and parties who receive notice through CM/ECF and (2) emailed to Philip Harvey at pharvey@harveybinnall.com, Edward Butowsky at ebutowsky@gmail.com, Eden Quainton at equainton@gmail.com, and Matthew Couch and America First Media at mattcouch@af-mg.com.

Dated: October 30, 2019

                                              s/ Joshua P. Riley
                                              JOSHUA P. RILEY (D.C. Bar No. 1026900)
                                              BOIES SCHILLER FLEXNER LLP
                                              1401 New York Ave NW, Washington DC 20005
                                              Tel: (202) 237-2727 / Fax: (202) 237-6131
                                              jriley@bsfllp.com