**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH           Plaintiff, | |
| v. | Civil Action No. 1:18-cv-00681-RJL |
| EDWARD BUTOWSKY, MATTHEW COUCH, and AMERICA FIRST MEDIA | Hon. Richard J. Leon |
| Defendants. | |

**PLAINTIFF'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST**

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

*Attorneys for Plaintiff Aaron Rich*

Plaintiff Aaron Rich alleges that Defendants Ed Butowsky and Matt Couch defamed Mr. Rich by falsely stating that Mr. Rich and his brother, Seth Rich, stole documents from the Democratic National Committee ("DNC") and provided those documents to WikiLeaks in exchange for money. WikiLeaks and its founder, Julian Assange, are uniquely positioned to confirm the truth: that neither Mr. Rich nor his brother ever provided any documents to, or received any payments from, WikiLeaks or its agents. However, despite multiple attempts through various channels over more than a year, Mr. Rich has to date been unable to serve a subpoena on WikiLeaks or Mr. Assange—or even confirm an address or agent on whom to serve a subpoena on them—as the former does not have a known physical location for service of process and the latter had been under the protection of the Ecuadorian Embassy prior to his more recent incarceration in the United Kingdom.

Given Mr. Rich's repeated failed efforts to serve a Rule 45 subpoena on Mr. Assange through traditional channels, Mr. Rich hereby requests that the Court issue the Letter of Request attached to this motion, which requests judicial assistance from the United Kingdom court system in requiring Mr. Assange to appear for a deposition to respond to a limited set of questions. *See* Declaration of Meryl C. Governski in Support of Mr. Rich's Motion for Issuance of a Letter of Request (hereinafter "Governski Decl.") Ex. 1.[1]  Plaintiff has already submitted a separate motion requesting permission to serve a subpoena for documents on WikiLeaks via Twitter. Dkt. 89.

---

[1] As Local Rule 7(m) requires, Plaintiff met and conferred with counsel for Defendants. Mr. Couch consents to the filing of this motion; however, he has asked for this motion to reflect his position that he disputes that he asserted that Mr. Rich "stole" any documents. Mr. Couch's position is that "[w]histleblowers receive compensation all the time and that does not make them 'thiefs'." Despite Plaintiff's multiple attempts to confer with Mr. Butowsky as to his position regarding the filing of this motion, Mr. Butowsky has not responded, and therefore Plaintiff cannot represent that the motion is unopposed as to him.

**BACKGROUND**

Seth Rich is a former DNC staffer who was murdered in Washington, D.C. in July 2016 in what law enforcement has described as a botched armed robbery. *See* Dkt. 3 ¶¶ 25-26. Exploiting the circumstances of Seth Rich's death, Defendants have promoted a false conspiracy theory that he and his brother, Plaintiff Aaron Rich, stole emails from the DNC and sold those emails to WikiLeaks, and that Seth Rich was assassinated as a result. *Id.* ¶¶ 6–7.

Defendants have seized upon statements that WikiLeaks' founder, Julian Assange, made on a Dutch television program approximately one month after Seth Rich's murder. In that interview, Mr. Assange made comments that Defendants have interpreted as an insinuation that Seth Rich was a WikiLeaks source.[2] Although WikiLeaks subsequently released a statement on Twitter that its policy of neither confirming nor denying "whether any person has ever been a source for WikiLeaks" should "not be taken to imply that Seth Rich was a source to WikiLeaks or to imply that his murder is connected to our publications,"[3] WikiLeaks nonetheless continued to publish tweets about Seth Rich that provided fodder for Defendants' conspiracy theories.[4] Special

---

[2] *See* Interview by Eelco Bosch van Rosenthal with Julian Assange, Founder, WikiLeaks, Nieuwsuur (Aug. 9, 2016), clip available at https://www.youtube.com/watch?v=Kp7FkLBRpKg, Governski Decl. Ex. 2 (Assange: "Whistleblowers go to significant efforts to get us material and often very significant risks. There's a 27-year-old who works for the DNC who was shot in the back, murdered, just a few weeks ago, for unknown reasons as he was walking down the streets in Washington.").

[3] WikiLeaks (@wikileaks), Twitter (Aug. 10, 2016, 7:41 PM), https://twitter.com/wikileaks/status/763565863861616640, Governski Decl. Ex. 3.

[4] These tweets included a link to the now-retracted May 16, 2017 Fox News story alleging that Seth Rich was involved in stealing the DNC emails, and excerpts of audio recordings of private phone conversations Defendant Butowsky had with Rod Wheeler, and separately with Seymour Hersh. *See* WikiLeaks (@wikileaks), Twitter (May 16, 2017, 3:15 PM), https://twitter.com/wikileaks/status/864605358488256514, Governski Decl. Ex. 4; WikiLeaks (@wikileaks), Twitter (Aug. 1, 2017, 2:18 PM), https://twitter.com/wikileaks/status/892494677823434753, Governski Decl. Ex. 5; WikiLeaks

Counsel Robert Mueller concluded that Assange's and WikiLeaks' "statements about Rich implied falsely that he had been the source of the stolen DNC emails," noting that "information uncovered during the investigation discredit WikiLeaks' claims about the source of material that it posted."[5]

Mr. Rich seeks to depose Mr. Assange to confirm what Mr. Rich knows to be true: that neither he nor WikiLeaks has any evidence that Mr. Rich or Seth Rich were involved in stealing the DNC emails (because they were not). Through counsel, Mr. Rich repeatedly has endeavored to serve subpoenas on WikiLeaks and Mr. Assange through numerous channels, but those efforts have been unsuccessful. WikiLeaks does not maintain a traditional physical address,[6] or an agent on whom service is authorized,[7] and Mr. Assange, until his recent incarceration in the United Kingdom, was in seclusion in the Ecuadorian Embassy.[8]

---

(@wikileaks), Twitter (Aug. 1, 2017, 3:22 PM), https://twitter.com/wikileaks/status/892510925244203008, Governski Decl. Ex. 6.

[5] Special Counsel Robert S. Mueller, III, *Report On The Investigation Into Russian Interference In The 2016 Presidential Election* (Mar. 2019), at 48, https://www.justice.gov/storage/report.pdf (last visited Oct. 28, 2019), Governski Dec. Ex. 7.

[6] *WikiLeaks:Contact*, WikiLeaks, https://wikileaks.org/wiki/WikiLeaks:Contact (last visited Oct. 28, 2019), Governski Decl. Ex. 8 (providing post office box at the University of Melbourne as only address and indicating sender should "Pick any name likely to evade postal censorship in [his or her] country"); "Democrats serve Australia-based WikiLeaks with lawsuit via Twitter," *The Sydney Morning Herald* (Aug. 11, 2018, 10:09 AM), https://www.smh.com.au/world/north-america/us-democrats-serve-australia-based-wikileaks-with-lawsuit-via-twitter-20180811-p4zww0.html, Governski Decl. Ex. 9 ("While WikiLeaks' physical presence is difficult to discern, it has a robust online presence, including an active presence on Twitter." (internal citation and quotation marks omitted)).

[7] *WikiLeaks:Legal*, WikiLeaks, https://wikileaks.org/wiki/WikiLeaks:Legal (last visited Oct. 28, 2019), Governski Decl. Ex. 10 (although the website states "Send all USA legal correspondence to our lawyers" at wl-legal@sunshinepress.org, and "To contact Wikileaks (USA)'s Designated Agent . . . please email this address listed below. You will then be provided with contact details for the Wikileaks Agent: wl-legal@sunshinepress.org," as explained below, emails sent to that address get bounced back to the sender).

[8] David Welna, "12 Years Of Disruption: A WikiLeaks TimeLine," *NPR* (April 11, 2019, 2:11 PM), https://www.npr.org/2019/04/11/712306713/12-years-of-disruption-a-wikileaks-timeline,

Mr. Rich first attempted to serve subpoenas on Mr. Assange in July 2018 by executing letters rogatory pursuant to the Inter-American Convention on Letters Rogatory and Additional Protocol ("IACAP").  Mr. Rich submitted materials to the Department of Justice regarding that request, *see* Governski Decl. Ex. 13, but on July 19, 2018, the Department of Justice Office of International Judicial Assistance ("OIJA") rejected those attempts, stating it was "unable to assist" in serving a Rule 45 subpoena on Mr. Assange because "[t]he proper route for obtaining evidence located abroad is pursuant to an international judicial assistance request." *Id.* Ex. 14.

In April 2019, Mr. Rich's counsel emailed Barry Pollack, who is Mr. Assange's criminal defense counsel, to request Mr. Pollack's assistance in serving a subpoena on Mr. Assange and/or WikiLeaks, *see id.* Ex. 15, but Mr. Pollack responded that he was "NOT authorized to accept service" of a subpoena to Mr. Assange, and that he does not represent WikiLeaks. *Id.* Ex. 16 at 2, 4.  In August 2019, Mr. Rich's counsel again contacted Mr. Pollack, explaining:

> It has been near[l]y three months since this email exchange. While those three months have gone by, my client and his family have been defamed by individuals who continue to claim that Mr. Assange has relevant evidence regarding Seth and Aaron Rich that the Rich family is blocking him from releasing. As you know, that is false - as our letter clearly lays out, Mr. Rich has disclaimed any privilege and asked your client to provide whatever information he or WikiLeaks may have.
>
> It is time to end this pointless harassment of the Rich family. Please advise whether you have communicated with your client regarding our message, which as you know contains more than a request to serve a subpoena.
>
> If you are unwilling to help, we ask that you direct us promptly to a legal representative of either Mr. Assange or WikiLeaks with whom we may speak so that we may address this injustice.

---

Governski Decl. Ex. 11; "Julian Assange: Wikileaks co-founder jailed over bail breach," *BBC News* (May 1, 2019), https://www.bbc.com/news/uk-48118908, Governski Decl. Ex. 12.

*Id.* at 1.  To date, counsel for Mr. Rich has received no response.

On September 10, 2019, Mr. Rich's counsel sent an email to "wl-legal@sunshinepress.org," which the WikiLeaks:Legal webpage provides as the address to which "all USA legal correspondence" should be sent, explaining that the sender "will then be provided with a postal address and contact details."[9]  *See* Governski Decl. Ex. 17.  In its correspondence, Mr. Rich's counsel asked whether WikiLeaks:Legal "would be willing to discuss conditions under which you could participate in our litigation, including but not limited to your agreement to accept service of a subpoena."  *Id.*  Alternatively, Mr. Rich's counsel requested a point of contact for outside counsel.  *Id.*  After receiving a notice that the email to wl-legal@sunshinepress.org was not delivered due to an "unavailable or busy" server, *id.* Ex. 18, Mr. Rich's counsel attempted to send the same email to wl-lawyers@sunshinepress.org, *see id.* Ex. 19, but Mr. Rich's counsel again received notice that the email was undeliverable due to an "unavailable or busy" server, *see id.* Ex. 20.  On September 14, 2019, Mr. Rich's counsel received notification that neither email was delivered despite 30 attempts made to deliver each email over a period of 93 hours.  *See id.* Exs. 21, 22.  On September 20, Mr. Rich's counsel made yet another attempt to resend the email to both wl-legal@sunshinepress.org and wl-lawyers@sunshinepress.org.  *See id.* Ex. 23.  However, Mr. Rich's counsel again received notifications that its email was not delivered to either recipient email address, notwithstanding six attempts made to deliver the email over a period of one hour and 30 attempts made to deliver the email over a period of 93 hours.  *See id.* Exs. 24, 25, 26, 27.

---

[9] *WikiLeaks:Legal*, WikiLeaks, https://wikileaks.org/wiki/WikiLeaks:Legal (last visited Sept. 23, 2019), Governski Decl. Ex. 10.

## ARGUMENT

Federal Rule of Civil Procedure 28(b) permits depositions in foreign jurisdictions "under a letter of request, whether or not captioned a 'letter rogatory' . . . on appropriate terms after an application and notice of it[.]" As recognized by this Court, Rule 28(b) "functions within the larger discovery framework, outlined in Federal Rule of Civil Procedure 26, which allows '[p]arties [to] obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense[.]'" *Dist. Title v. Warren*, No. 14-1808 ABJ/DAR, 2016 WL 10749155, at *4 (D.D.C. Dec. 23, 2016) (quoting Fed. R. Civ. P. 26(b)(1)) (alterations in original). To deny a request for judicial assistance by means of a letter of request, a court must set forth "some good reason." *Id.* (quoting *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361 (D.C. Cir. 1968)). In considering the request, "a court may not weigh the evidence that is to be adduced . . . [or] attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought." *Id.* (citations and internal quotations omitted) (alterations in original). Moreover, "letters rogatory may issue 'without a showing that taking the deposition in another manner is impracticable or inconvenient.'" *Id.* (quoting Fed. R. Civ. P. 28(b)(2)(B)). The ultimate determination of whether a letter of request should issue is a "factual determination[ ] turning upon the circumstances of the particular case." *Id.* (citation and internal quotation omitted); *see also id.* at *5 ("While the court has discretion to decide whether the issuance of such a request is appropriate, the court's decision is guided by the Federal Rules governing general discovery.").

The Court should issue a letter of request to the United Kingdom court system in this case. Defendants Couch and Butowsky both name Julian Assange in their respective initial disclosures as an individual with discoverable information, thereby representing their view that Mr. Assange

possesses evidence critical to their defenses. *See* Governski Decl. Exs. 28, 29.[10] Defendant Couch goes one step further, repeatedly referencing the "leaking of the DNC emails to Wikileaks" in his descriptions of likely discoverable information possessed by the individuals on whom he intends to rely for his defenses, illustrating the significance of the alleged fact that Mr. Rich and his brother leaked DNC emails to WikiLeaks. *Id.* Ex. 28 ¶¶ I(2), (4), (11), (12), (13), (15), (22), (23). Mr. Assange—as the founder of the entity to which the emails were allegedly leaked—is uniquely positioned to confirm Mr. Rich's core allegation that there is no evidence that Mr. Rich or his brother provided the DNC emails to Julian Assange at WikiLeaks in exchange for payment.

Mr. Rich respectfully requests this Court exercise its authority to request assistance from the UK court system because Mr. Rich has spent more than a year unsuccessfully attempting to serve Mr. Assange, both via the IACAP process while he was living in the Ecuadorian embassy in the UK and via his personal attorney after he was taken into UK custody. *Warren*, 2016 WL 10749155, at *4, *6 ("It is well-established that courts have the authority to request the assistance of foreign tribunals, through letters rogatory, in order to obtain discovery" from a third-party foreign entity that the party "has been unable to secure" due to an adversary's unresponsiveness to traditional channels); *see also* Governski Decl. Ex. 14 ("The proper route for obtaining evidence located abroad is pursuant to an international judicial assistance request.").[11]

---

[10] Defendants Couch and Butowsky have also both made statements either in public documents or within the context of this litigation regarding conversations in which Mr. Assange participated. *See* Defendant Couch's June 23, 2019 Email attaching his initial (unverified) "Reply for Requested Documents from Matthew Couch," Governski Decl. Ex. 30; Declaration of Edward Butowsky, *Butowsky v. Gottlieb, et al.*, Case No. 4:19-cv-00180 (E.D. Tex. Oct. 29, 2019), Dkt. 172-3, Governski Decl. Ex. 31 ¶¶ 1, 5. Plaintiff should be permitted to obtain testimony from Mr. Assange that either corroborates or (more likely) demonstrates the falsity of those statements.

[11] *See also Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) ("In the United States, Congress has empowered federal courts to issue and to enforce letters

7

The relief Mr. Rich requests is narrow: assistance in securing a deposition with Mr. Assange to obtain "critical," "relevant and necessary" testimony in response to a limited set of questions. *See Warren*, 2016 WL 10749155, at *6 (granting request where it was limited to relevant evidence Plaintiff was unable to secure due to unresponsiveness); *Evanston*, 2006 WL 1652315, at *2 (permitting deposition of individual in foreign jurisdiction whose role was "critical" and whose deposition was "relevant and necessary"); Fed. R. Civ. P. 28(b); 28 U.S.C. § 1781(b)(2); *see also* Governski Decl. Ex. 1 (Letter of Request). Mr. Rich therefore respectfully requests that this court issue the Letter of Request to permit Mr. Rich to seek testimony critical to his case. *See Warren*, 2016 WL 10749155, at *4; *Evanston*, 2006 WL 1652315, at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests issuance of the Letter of Request.

Dated: November 8, 2019

/s/ _Michael J. Gottlieb_____
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

---

rogatory" that "should issue" if "their use will facilitate discovery" (citation and internal quotation omitted)); *Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505 DFL PAN, 2006 WL 1652315, *2 (E.D. Cal. June 13, 2006) ("[L]etters rogatory shall issue unless good cause is shown otherwise.").

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on November 8, 2019, the foregoing document was (1) filed through the CM/ECF system and thereby served electronically on counsel and parties who receive notice through CM/ECF and (2) emailed to Edward Butowsky at ebutowsky@gmail.com, Eden Quainton at equainton@gmail.com, and Matthew Couch and America First Media at mattcouch@af-mg.com.

Dated: November 8, 2019

/s/ _Michael J. Gottlieb_____
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com