# EXHIBIT 15

**From:** Gottlieb, Michael <MGottlieb@willkie.com>
**Sent:** Friday, April 19, 2019 3:15 PM
**To:** 'bpollack@robbinsrussell.com'
**Cc:** Hall, Samuel; Joshua Riley
**Subject:** Correspondence re J. Assange
**Attachments:** 2019.04.19 Assange Subpoena.pdf; M Gottlieb letter to B Pollack.pdf

Dear Mr. Pollack,

Please see the attached correspondence regarding your client, Mr. Assange.

Respectfully,

Mike Gottlieb

**Michael Gottlieb**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1442 | Fax: +1 202 303 2442
mgottlieb@willkie.com | vCard | www.willkie.com bio

WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

April 19, 2019

Barry J. Pollack
2000 K Street, NW, 4th Floor
Washington DC 20006-1809
Phone: (202)775-4514
bpollack@robbinsrussell.com

**Re: *Rich v. Butowsky et al,* Civil Action No. 1:18-cv-00681-RJL**

Dear Mr. Pollack:

I understand that you represent Julian Assange, including in connection with the March 2018 indictment charging him with conspiracy to commit computer intrusion. *See, e.g.*, https://www.npr.org/2019/04/11/712128612/julian-assange-arrested-in-london; https://www.law.com/nationallawjournal/2019/04/11/robbins-russell-sits-out-julian-assange-case-as-pollack-gears-up-for-defense/. (Please advise me promptly if you also represent Mr. Assange's organization, WikiLeaks, in connection with the criminal matter referenced above or any other matter.) I write to request your client's authorization to allow us to serve, via delivery to you, the attached subpoena in connection with the above-captioned litigation, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

We represent Aaron Rich, the brother of the murdered Democratic National Committee (DNC) staffer, Seth Rich. For the past two years, our client has been falsely accused of participating with his brother in the theft of documents from the DNC, the delivery of those documents to WikiLeaks, and the receipt of funds for the foregoing. All of those accusations are false and defamatory. As your client knows, Mr. Rich was not involved in any of the aforementioned (or related) activities and never communicated with your client, WikiLeaks, or that organization's agents or representatives. These accusations have caused Mr. Rich and his family severe emotional and reputational harm, and they have re-victimized a decent and law-abiding citizen who had already suffered through severe trauma following his only sibling's unsolved murder.

While your client may not be responsible for the grotesque accusations that have been made against Aaron Rich—indeed, it is unclear whether your client knows that Seth Rich has a surviving sibling—he is responsible for making obfuscatory public statements regarding Mr. Rich that have encouraged conspiracy theories relating to his death. *See, e.g.*, https://www.youtube.com/watch?v=Kp7FkLBRpKg. Those statements stopped short of claiming that Seth Rich was WikiLeak's

source, but they appear to have been designed to imply as much, and thereby to provide ammunition for people to question and/or assume that Seth Rich was involved. Predictably, Mr. Assange's statements have caused those who are susceptible to conspiracy theories to proclaim that Mr. Assange has provided evidence that Seth Rich was the source of the DNC documents that WikiLeaks published.

Mr. Rich knows that he has never communicated with WikiLeaks, and he also knows that he and Seth did not conspire to steal documents from the DNC and provide them to WikiLeaks or anyone else. But despite his denials, his lawsuit, and the lack of any evidence, of any kind, substantiating any wrongdoing on our client's part, Mr. Rich has been unable to quiet the false accusations against him. Mr. Assange is uniquely positioned to clear Mr. Rich's name—he is one of the only individuals apart from our client who can personally attest to the falsity of the implications being drawn from the statements Mr. Assange has made about Seth Rich.

As you know, your client's statements regarding Seth Rich were recently addressed in the Report of Special Counsel Robert Mueller. Report On The Investigation Into Russian Interference In The 2016 Presidential Election ("Report"), Volume I, March 2019 ("The Report"). The Report concluded that your client's "statements about Rich implied ***falsely*** that he had been the source of the stolen DNC emails," noting that "information uncovered during the investigation discredit WikiLeak's claims about the source of material it posted." Report, at 48 (emphasis added). Those conclusions were based in part on data obtained by the Special Counsel, including but not limited to Twitter messages sent by WikiLeaks and **forensic images of the DNC servers**. *See, e.g.,* Report, at 40 n.135. That data showed, among other things, that on July 14, 2016, transfers of a large trove of DNC emails were made to WikiLeaks from "Guccifer 2.0," using instructions provided to WikiLeaks via email and Twitter, **the receipt of which WikiLeaks confirmed on July 18, 2016 and published on July 22, 2016**. Report, at 46-47. Seth Rich, of course, was murdered on July 10, 2016, which means that he could not have been involved in that transfer, or any the subsequent exchanges that took place in July, August, and September.

Your client's professed commitment to truth and transparency should motivate his cooperation with our efforts to investigate this matter. If the U.S. Government hinted that it was in possession of unreleased information that would help resolve questions regarding a politically charged issue, we have no doubt that Mr. Assange and WikiLeaks would both call for the release of, and would publish, such information without hesitation. Indeed, WikiLeaks has criticized the redactions in the Special Counsel's Report, stating that "We disapprove of the large redactions, ***which permit conspiracy theories to abound***." We agree with that position, which applies with equal force to WikiLeaks. Mr. Assange can and must now do his part by agreeing to accept service of our subpoena and producing documents in this case.

Some have accused Mr. Rich of attempting to suppress information relating to his brother's murder, including by making the offensive accusation that Mr. Rich is trying to stop WikiLeaks from disclosing relevant information. Nothing could be further from the truth. Mr. Rich always has believed that anyone with information regarding his brother's murder should come forward to assist law enforcement's investigation into the matter. Mr. Rich attempted in 2018 to enlist the assistance of the Justice Department to serve Mr. Assange with a subpoena through diplomatic channels, but the Department declined assistance. To avoid any ambiguity on the issue, please understand that the position of Mr. Rich, as the Executor of the Estate of Seth Rich, is that because neither he nor Seth Rich were

sources of information to WikiLeaks, neither Mr. Assange nor WikiLeaks are entitled to withhold information from production on the basis of a purported "source privilege." In any event, the subpoena Mr. Rich is requesting to serve here disables any claim that might be advanced regarding purported "source privilege" or "source confidentiality" concerns regarding Seth or Aaron Rich.

Although we believe that Mr. Rich's subpoena is narrowly tailored, we are of course willing to meet and confer to resolve any objections your client may have, including to discuss whether there are alternative ways he can assist Mr. Rich in clearing his name. We will accept an electronic data production any way you prefer, including via a secure FTP or hard drive (which we would be happy to provide at an address of your choice), but we will insist that your client produce electronic data, if any, in TIFF or native format with relevant metadata, to allow us to validate the authenticity of such materials.

Thank you for your prompt attention to this matter. We look forward to your response.

Respectfully,

/s/ Michael J. Gottlieb
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006
Phone: (202) 303-1442
Fax: (202) 303-2126
mgottlieb@willkie.com

cc: All parties in *Rich* litigation

Enclosures: Subpoena to J. Assange

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Aaron Rich
*Plaintiff*
v.
Edward Butowsky et al
*Defendant*

Civil Action No. 1:18-cv-00681-RJL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Julian Assange c/o Barry J. Pollack, 2000 K Street, NW, 4th Floor, Washington DC 20006-1809

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Schedule A

| Place: | Date and Time: |
|---|---|
| Willkie Farr & Gallagher LLP<br>875 K Street, NW<br>Washington, D.C. 20006-1238 | 05/06/2019 5:00 pm |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________
*Signature of Clerk or Deputy Clerk*

/s/ Michael J. Gottlieb
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Aaron Rich , who issues or requests this subpoena, are:

Michael J. Gottlieb, Willkie Farr & Gallagher LLP, 1875 K Street, NW Washington, D.C. 20006-1238

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:18-cv-00681-RJL

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
______________________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## GENERAL DEFINITIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following definitions shall apply:

1. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2. The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. The term "Communication" means any exchange, transfer, or dissemination of information, regardless of the means by which it is accomplished.

4. The term "concerning" means "relating to," "referring to," "describing," "evidencing," or "constituting."

5. The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "Documents" in Fed. R. Civ. P. 34(a)(1)(A).

6. The term "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. 34(a)(1)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

7. The terms "You," and "Your" mean and include non-party Julian Assange and all of Your agents, representatives, or other persons, organizations, or others acting or purporting to act on Your behalf, or under Your control.

**SPECIFIC DEFINITIONS**

8. "Aaron Rich" refers to Aaron Nathan Rich, the plaintiff in the above-captioned litigation.

9. "Seth Rich" refers to Seth Conrad Rich, the brother of the plaintiff in the above-captioned litigation.

**INSTRUCTIONS**

A. Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B. Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons or entities under Your control.

C. If no responsive documents exist for any particular requests, specifically state that no responsive documents exist.

D. If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

E. Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit A.

F. All Documents shall be produced in electronic form and shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files). For all forms of ESI, ensure that ESI is provided in unencrypted form and free of password protection.

G. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

H. In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, You shall produce a Privilege Log.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

All Documents and Communications between You and Aaron Rich or Seth Rich.

**Document Request No. 2**

All Documents and Communications between You and any other person referencing, in any respect, Aaron Rich.

**Document Request No. 3**

All Documents related in any way to your suggestion that Seth Rich may have been a source to WikiLeaks, including as referenced and/or implied in the August 10, 2016 @wikileaks tweet, located at https://twitter.com/wikileaks/status/763565863861616640; as well as Your August 9, 2016 interview with Dutch television located at

https://www.youtube.com/watch?v=Kp7FkLBRpKg; included in your responsive production should be any Documents or Communications in which you discussed the above Tweet and Television appearance with third parties.

**CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE**

I, ________________________________________ , certify as follows:

1. The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2. The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3. Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4. Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.

Signature: ______________________________ Date: ______________________

Printed Name: ___________________________

Address, e-mail and telephone number: ________________________________________________

________________________________________________________________________________

________________________________________________________________________________