# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>                Plaintiff,<br><br>   v.<br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br><br>                Defendants. | Civil Action No. 1:18-cv-00681-RJL<br>Hon. Richard J. Leon |

## PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT BUTOWSKY

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

*Attorneys for Plaintiff Aaron Rich*

## INTRODUCTION

On July 31, 2019, the Court ordered Defendant Edward Butowsky to produce documents in response to Plaintiff Aaron Rich's discovery requests.  Defendant Butowsky has not complied with that Order, and his production of documents remains woefully deficient five months later.  By this Motion, Plaintiff respectfully asks the Court to enforce its Order and enter appropriate sanctions against Defendant Butowsky for failing to heed it.

## BACKGROUND

Plaintiff filed this lawsuit in March 2018.    Dkt. 3.   The Court denied Defendant Butowsky's motion to dismiss or transfer the case on March 29, 2019.  *See* 3/29/19 Minute Order. On April 22, 2019, Plaintiff served his First Set of Requests for Production of Documents ("First RFP") on Defendant Butowsky.  *See* Dkt. 63-1.  Defendant Butowsky did not respond to the First RFP by his May 22, 2019 deadline to do so.  *See* Fed. R. Civ. Pr. 34(b)(2)(A).  Nor did Defendant Butowsky subsequently respond to the First RFP, notwithstanding repeated correspondence from Plaintiff's counsel requesting that he do so.  *See, e.g.*, Dkt. 63-2.  On June 13, 2019, Plaintiff filed a Motion to Compel Defendant Butowsky's response to the First RFP.  *See* Dkt. 63.  On July 31, 2019, the Court granted Plaintiff's Motion to Compel and ordered Defendant Butowsky to respond to Plaintiff's discovery requests within 21 days.  *See* Dkt. 75 at 5:11–12.

During its July 31, 2019 status conference, the Court instructed the parties to submit a proposed Scheduling Order.  The parties did so on August 16, 2019, Dkt. 77, and the Court entered the Scheduling Order on September 5, 2019, Dkt. 80.  By the parties' stipulation, the Scheduling Order sets January 27, 2020, as the close of fact discovery.

In August 2019, Defendant Butowsky's counsel served Plaintiff's counsel with 525 documents, followed by 11 documents in September 2019.  *See* Declaration of Meryl Governski

("Governski Decl.") Exs. 1, 2.[1]  Defendant Butowsky's production of documents was wholly inadequate, as detailed in correspondence from Plaintiff's counsel to Defendant Butowsky's counsel, incorporated herein by reference.  *See* Governski Decl. Ex. 3.  For example, Defendant Butowsky did not produce audio recordings, phone records, social media information, video recordings (beyond a few selective snapshots of messages incidentally attached to some emails), messaging on platforms that Defendant Butowsky is known to have used (such as Signal, proton mail, and gizmo), or emails from accounts other than a limited and plainly deficient production from one Gmail account.  *See* Governski Decl. Ex. 3 at 23-26, 36.  Defendant Butowsky also failed to produce responsive communications between himself and third parties, as evident from those third parties' productions in response to subpoenas in this case.  *See id.* at 22, 45; *see also Escamilla v. Nuyen*, 2015 WL 4245868, at *3 (D.D.C. July 14, 2015) (party must supplement

---

[1]  Defendant Butowsky has been represented on and off by numerous counsel since this lawsuit was first filed in March 2018.  From May 17, 2018, to June 26, 2018, Defendant Butowsky was represented by Ty Clevenger and Kenneth A. Martin.  *See* Dkt. 20; Dkt. 32; Dkt. 37. On June 26, 2018, Mr. Clevenger withdrew his motion to appear *pro hac vice* after a federal court in New York denied a similar motion there, citing Mr. Clevenger's conduct.  *See* Dkt. 21; Dkt. 24; Dkt. 31; Dkt. 32.  On August 27, 2018, Mr. Martin filed a motion to withdraw as counsel, citing "irreconcilable differences" with Mr. Butowsky, Dkt. 37, and the Court granted that motion in a Minute Order dated September 4, 2018.  From September 2018 until July 2019, Mr. Butowsky chose to proceed *pro se*.  Beginning on July 9, 2019, Mr. Butowsky was represented by Philip Harvey; however, on October 11, 2019, Mr. Harvey filed a motion to withdraw, citing "irreconcilable differences" with Mr. Butowsky. Dkt. 66; Dkt 82.  Plaintiff opposed Mr. Harvey's withdrawal and notified the Court that Plaintiff was concerned that it would exacerbate Defendant Butowsky's ongoing refusal to cooperate with discovery, as has proven to be the case.  *See* Dkt. 85.  On November 13, 2019, Eden Quainton entered a notice of appearance on behalf of Defendant Butowsky, *see* Dkt. 92, which was about a week after he entered a notice of appearance on behalf of Defendant Matthew Couch, *see* Dkt. 90, whom Mr. Quainton had been advising since August 2019, *see, e.g.* Dkt. 76. Defendant Butowsky is not indigent.  He has the resources to retain counsel and has been represented without interruption by counsel in other active litigation in which he is involved, including the litigation in which he has sued Plaintiff's counsel.  *See Butowsky v. Gottlieb et al.*, 2019-cv-000180 (E.D. Tex.) ("Texas Lawsuit"); *see also Butowsky v. Folkenflik, et al.*, 2018-cv-000442 (E.D. Tex.).  Defendant Butowsky's refusal or inability to retain suitable counsel in this matter does not excuse him from complying with his discovery obligations and the Court's Order.

production "'if the party learns that in some material respect' the response is incorrect or incomplete") (quoting Fed. R. Civ. P. 26).  And while Defendant Butowsky appears to have withheld significant numbers of documents based on claims of privilege, he failed to disclose that fact to Plaintiff and, to date, has not provided any kind of a privilege log.

From August through November 2019, Plaintiff's counsel attempted to secure Defendant Butowsky's compliance with his discovery obligations and this Court's July 31 order.  *See generally, e.g.*, Governski Decl. Ex. 3.  Finally, on November 22, 2019, Defendant's counsel committed in writing to complete Defendant Butowsky's document production, including a privilege log, by Christmas 2019.  *See* Governski Decl. Ex. 4 at 1 (11/23/19 1:56 p.m. Email from E. Quainton to J. Riley ("***I can also confirm the dates and deliverables for document production with respect to Mr. Butowsky as set forth in your email***.") (emphasis added)); *see also id.* at 2 (11/23/19 1:14 p.m. Email from J. Riley to E. Quainton ("We all expect that Mr. Butowsky will provide a complete document production by Christmas at the latest.")); Governski Decl. Ex. 5 at 1 (12/2/2019 9:30 p.m. Email from E. Quainton to J. Riley ("I don't feel comfortable giving you a date certain other than ***before Christmas (December 23rd)***") (emphasis added)).  In reliance on Defendant Butowsky's counsel's commitment to complete Defendant Butowsky's document production by Christmas, Plaintiff's counsel granted Defendant Butowsky's request for an extension to respond to written discovery and withheld filing this Motion.  *See, e.g.*, Governski Decl. Ex. 4 at 2 ("Plaintiff has agreed to extend, to 12/6, the deadline for Mr. Butowsky to respond to Plaintiff's Second Set of Interrogatories.  We have done so in reliance on the following commitments from you . . . .").[2]

---

[2] On December 1, 2019, Plaintiff's counsel provided Defendant Butowsky's counsel with search terms to use to locate potentially responsive documents, as Defendant Butowsky's counsel previously rejected Plaintiff's counsel's invitation for Defendant Butowsky to propose search

On December 23, 2019—the date on which Defendant's counsel had committed to complete Defendant Butowsky's document production—Defendant's counsel sent Plaintiff's counsel an email stating that Defendant would not fulfill his commitment after all and was not in a position to produce documents. *See* Governski Decl. Ex. 7. Defendant's counsel's email came without any prior indication that Defendant Butowsky would be unable to complete his document production by Christmas, as promised. Defendant's counsel reported that he had located *more than six thousand potentially responsive documents* that had not yet been produced, and he reported that Defendant's counsel had *not yet even searched* a number of Defendant Butowsky's devices and accounts. *Id.* As of the date of this filing, and with one exception,[3] Defendant Butowsky has not produced a single document since his clearly deficient production in August/September, thereby necessitating this Motion.

While Defendant Butowsky has refused to respond to Plaintiff's discovery requests, he continues to litigate his frivolous lawsuit as a plaintiff against Plaintiff's counsel in federal court in Texas.[4] He also actively has pursued his own discovery in this case, having served on Plaintiff

---

terms. *See* Governski Decl. Ex. 3 at 45 ("In addition to requesting that Mr. Butowsky comply with the Court's order by producing *all* responsive materials in his custody and control, we request that Mr. Butowsky provide us a detailed accounting of his process, including but not limited to: (1) all search terms he used; (2) the accounts and platforms he searched (e.g. email addresses; Social Media accounts; cell phones; applications); and (3) the specific way he performed each search."); Governski Decl. Ex. 6 at 2, 5-6 (providing search terms).

[3] Defendant Butowsky recently produced one audio file—but only once Plaintiff's counsel became aware of its existence and demanded its production after Defendant Butowsky posted it publicly on his Twitter feed.

[4] Defendant Butowsky has continued to prosecute his lawsuit against certain of Plaintiff's counsel despite this Court notifying Mr. Harvey on July 31, 2019, that it "would strongly recommend that you talk to your client, while proceeding on this track here, the wisdom of agreeing to the motion to dismiss the suit against the lawyers for Boies Schiller down there." Dkt. 75 at 21:19-23. Instead of heeding the Court's "strong[ ] recommend[ation]" and dismissing the Texas litigation, Defendant Butowsky filed an amended complaint in Texas on the same day as the July 31, 2019, status conference in this case. *See* Texas Lawsuit Dkt. 101. Plaintiff's counsel have filed a renewed motion to dismiss, which has been fully briefed since September 5, 2019, as well as a

16 interrogatories, 30 requests for production of documents, and 26 requests for admission. *See* Governski Decl. ¶ 3.[5] Plaintiff has responded to all of those discovery requests by the deadlines for doing so and never once has requested an extension from Defendant or this Court. *See* Governski Decl. ¶ 4. Plaintiff's counsel has expended significant time and resources collecting, reviewing, and producing documents in response to Defendants' discovery requests, including by reviewing close to 12,000 documents and producing 1,278 documents totaling 2,245 pages. Governski Decl. ¶ 5.

## STANDARD OF REVIEW

Where, as here, a court has entered an order granting a motion to compel discovery, Rule 37(a) provides that "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

---

Rule 11 motion, which has been fully briefed since November 5, 2019. *See* Texas Lawsuit Dkt. 104-05, 115, 128-29 156; Dkt. 172; Dkt. 176. Plaintiff's motion for an anti-suit injunction enjoining Defendant Butowsky from pressing the Texas Lawsuit remains pending before this Court. *See* Dkt. 52. Meanwhile, Defendant Butowsky has filed new lawsuits relating to the same subject matter as before this Court. *See, e.g., Butowsky v. Democratic National Committee et al.*, Dkt. 19-cv-00582 (E.D. Tex) (filed August 1, 2019; dismissed voluntarily without prejudice December 20, 2019); *Butowsky v. Wigdor et al*, Dkt. 19-cv-00577 (E.D. Tex.) (filed July 31, 2019).

[5] Defendant Butowsky served his first Interrogatories on October 4, 2019. Defendant Butowsky served his second Interrogatories, first Requests for Production, and first Requests for Admission on November 6, 2019.

In addition, where, as here, a court enters an order granting a motion to compel discovery and the responding party thereafter fails to obey that order, "the court where the action is pending may issue further just orders," including orders "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims", "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, "rendering a default judgment against the disobedient party," or "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."   Fed R. Civ. P. 37(b)(2)(A).   The "sanctions enumerated under Rule 37(b)(2)(A) are neither exhaustive nor mutually exclusive," and "the Court may impose any number or type of sanctions it deems necessary."  *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 225 n.15 (D.D.C. 2015) (Leon, *J.*); *see also Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 60 (D.D.C. 2014).

## ARGUMENT

Defendant Butowsky has had *eight months* to collect and produce documents in response to Plaintiff's First RFP, and he has been under this Court's Order to do so for *five months*. Defendant Butowksy has flouted his discovery obligations under the Federal Rules, the rules of this Court, and this Court's July 31 Order.  Defendant Butowsky has engaged in a months-long campaign of delay in which he has repeatedly offered excuses for what appears to be willful noncompliance—and those excuses appear utterly frivolous in light of his ability to serve discovery on Plaintiff and third parties in this litigation, and his active pursuit of frivolous lawsuits against Plaintiff's counsel and others in Texas, not to mention his active online presence in which he has posted Tweets and videos about the subject matter of this lawsuit.  *See, e.g.*, https://twitter.com/EdButowsky/status/1206940836086321155.   Aside from a deficient

production of documents in August/September—which was untimely made only after the Court ordered it and after Defendant Butowsky had waived his right to object—Defendant Butowsky has not produced any document discovery (apart from the aforementioned single audio file he first publicly shared) in this case and now admits that he has not even engaged in a thorough search for, let alone a review of, potentially thousands of responsive documents.  Defendant Butowsky's conduct has prejudiced Plaintiff, who has been unable to use Defendant Butowsky's documents to build his case and to examine and identify witnesses.  *See Shatsky*, 312 F.R.D. at 227 (D.D.C. 2015).

Given the unique circumstances presented here, including Defendant Butowsky's dilatory conduct throughout the history of this litigation, Plaintiff respectfully requests that the Court afford relief pursuant to Rule 37:

First, the Court should hold Defendant Butowsky in contempt of the Court's July 31 order and should issue penalties accruing against him daily until such time as he has completed his production of documents in response to Plaintiff's discovery requests. *See, e.g.*, *Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, 2017 WL 6626205, at *2 (D.D.C. Mar. 31, 2017) (Leon, *J.*) (holding defendant in contempt for failure to comply with this Court's order granting motion to compel discovery responses and entering an order to show cause for why defendant should not pay $5,000 per week and doubling up to $80,000 per week until compliance).[6]

---

[6] *See also United States v. Dynamic Visions Inc.*, 2015 WL 350684, at *4 (D.D.C. Jan. 28, 2015) (entering order to show cause for contempt in "light of this continuing and substantial non-compliance with the Court's discovery orders"); *accord Dist. Title v. Warren*, 2018 WL 8798745, at *1 (D.D.C. Aug. 1, 2018) (holding defendant's attorney in "civil contempt for violating clear and unambiguous orders issued by this Court" pertaining to deposition appearance, and imposing a fine of $1,000 per day until compliance).

Second, the Court should order Defendant Butowsky to pay Plaintiff's reasonable fees and costs associated with the filing of its motions to compel Defendant Butowsky's compliance with discovery requests, including this Motion.  Such sanctions are mandatory under Rule 37(a)(5)(A), and available pursuant to Rule 37(b).[7]

Third, the Court should include in its Order a finding that Defendant Butowsky has waived all objections that he otherwise might have asserted over documents.  *See* Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . . the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request . . . ."); *Byrd* v. *Reno*, 1998 WL 429676, at *8 (D.D.C. Feb. 12, 1998) ("[T]he federal courts have held that a failure to file an objection to a request for production of documents may be deemed a waiver.").

Fourth, the Court should make clear that Defendant Butowsky is precluded from relying on any document, or any testimony relevant to such document, that he has not produced.  *See, e.g.*, *McNair v. Dist. of Columbia*, 325 F.R.D. 20, 22 (D.D.C. 2018) (barring party from "using at summary judgment or at trial any document" not disclosed); *Shatsky*, 312 F.R.D. at 229 (D.D.C. 2015) (Leon, *J.*) (precluding offending party from relying on documents "untimely produced in this litigation").

---

[7] *See, e.g.*, *DL v. Dist. of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008) (the language of Rule 37(a)(5)(A) "itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist") (internal quotation marks omitted).  None of the enumerated exceptions to that rule applies here.  Plaintiff filed his motions only after "attempting in good faith to obtain the disclosure or discovery without court action", Defendant Butowsky's "nondisclosure, response, or objection" has not been "substantially justified", and there are no "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i), (ii) (iii).

Finally, Plaintiff notes that Defendant Butowsky's deposition is scheduled for January 16, 2020.  Plaintiff reserves his right to seek additional deposition time with Defendant Butowsky, at Defendant Butowsky's expense, for questioning relevant to documents that Defendant Butowsky has not produced as of the date of the filing of this Motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter the accompanying Proposed Order.[8]

Dated: December 30, 2019

/s/ _Joshua P. Riley_____
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

---

[8] Pursuant to Local Rule 7(m), Plaintiff's counsel certifies that it attempted to meet and confer with Defendant Butowsky's counsel to try to avoid this Motion, and Plaintiff's counsel understands that Defendant Butowsky will oppose this Motion.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on December 30, 2019, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.


Dated: December 30, 2019

/s/  Joshua P. Riley_____
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com