# EXHIBIT 3

| From: | Joshua Riley |
|---|---|
| To: | Eden Quainton |
| Cc: | Meryl Governski; Michael Gottlieb; Sam Hall |
| Subject: | Rich v. Butowsky / Butowsky Discovery Responses |
| Date: | Thursday, November 14, 2019 10:28:00 AM |
| Attachments: | RE_ Rich v. Butowsky et al., RFAs and Deposition Schedule.pdf |
| | Rich Response to Butowsky Interrogatory.pdf |
| | Rich Response to Butowsky RFP.PDF |
| | 2019.10.11 S. Hall to P. Harvey.pdf |
| | 2019-10-02 Governski Ltr to Sorrell Re Butowsky Production.pdf |

Mr. Quainton,

We understand that you now are representing Mr. Butowsky in the above-referenced matter. As explained in the attached correspondence, Mr. Butowsky is in violation of the Court's July 31 order granting Plaintiff's motion to compel Mr. Butowsky's responses to Plaintiff's First RFP and First Set of Interrogatories.  Because Mr. Butowsky has not responded to any of our multiple attempts to meet-and-confer about the deficiencies in his productions, much less committed to resolving them, we are in the process of preparing a Rule 37 motion for filing by November 18, which is the deadline we provided Mr. Butowsky to resolve these matters. Now that you have appeared as Mr. Butowsky's counsel, please let us know times when you are available today or tomorrow to discuss these issues so we can try to avoid motions practice.  The deficiencies and delays in Mr. Butowsky's discovery responses are unacceptable, and they have persisted for too long; we either need clear commitments as to how and when they will be addressed or we will need to seek assistance from the Court. We're committed to working cooperatively with you to avoid the latter.

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

| | |
|---|---|
| **From:** | Joshua Riley |
| **To:** | ebutowsky@gmail.com |
| **Cc:** | "Hall, Samuel" |
| **Subject:** | RE: Rich v. Butowsky et al., RFAs and Deposition Schedule |
| **Date:** | Tuesday, November 12, 2019 4:26:56 PM |
| **Attachments:** | 2019.11.12 Notice of Deposition (Butowsky).pdf |

Mr. Butowsky,

I attach and hereby serve a notice for your deposition.

We still have not received from you the information the Court ordered you to produce in response to Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories.  You have not produced that information to us despite our multiple emails and letters to you—including those of September 13, October 17, October 30, and November 4—requesting that you comply with the Court's order and produce the information.  If you do not comply fully with your discovery obligations before your deposition, we will reserve the right to hold your deposition open or to re-depose you upon satisfaction of your discovery obligations.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER** LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Hall, Samuel [mailto:SHall@willkie.com]
**Sent:** Monday, November 4, 2019 2:55 PM
**To:** ebutowsky@gmail.com
**Cc:** Joshua Riley <jriley@bsfllp.com>
**Subject:** RE: Rich v. Butowsky et al., RFAs and Deposition Schedule

Mr. Butowsky,

We are writing once more to follow up on our request that you (1) provide potential deposition dates and locations that will work with your schedule, and (2) remedy the deficiencies in your existing discovery responses that we detailed in our previous letters to you and your prior counsel. We attach those letters again here for your convenience.

This is our third request for this information, and thus far, we have not received any response. If we do not hear from you by this Friday, November 8, regarding deposition dates and locations, we will issue a deposition notice with a date and location of our choosing.  In addition, we ask that you remedy the deficiencies detailed in the attached letters by Monday, November 18, 2019.  We reserve the right to seek sanctions pursuant to Rule 37 related to your ongoing refusal to participate

in discovery.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

**From:** Hall, Samuel
**Sent:** Wednesday, October 30, 2019 8:04 PM
**To:** ebutowsky@gmail.com
**Cc:** 'Philip Harvey' <pharvey@harveybinnall.com>; Joshua Riley <jriley@bsfllp.com>
**Subject:** RE: Rich v. Butowsky et al., RFAs and Deposition Schedule

Mr. Butowsky,

We have not received any response to our email below—sent just under two weeks ago—regarding dates for a deposition in the above-referenced litigation and deficiencies in your production and interrogatory responses.  We are again asking that you provide available dates and a preferred location (assuming that will be in Texas) for your deposition so that we may proceed with discovery.

We will reiterate that Mr. Rich reserves the right to seek all remedies, including sanctions pursuant to Rule 37 and additional or extended depositions, related to your continued refusal to meaningfully participate in this matter.  Given that discovery closes in less than three months, we will soon be forced to seek relief from the Court if we do not hear from you.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

**From:** Hall, Samuel
**Sent:** Thursday, October 17, 2019 5:12 PM
**To:** ebutowsky@gmail.com
**Cc:** 'Philip Harvey' <pharvey@harveybinnall.com>; Joshua Riley <jriley@bsfllp.com>
**Subject:** Rich v. Butowsky et al., RFAs and Deposition Schedule

Mr. Butowsky,

We are emailing you, cc'ing Mr. Harvey, because the Court has granted his motion to withdraw as your attorney but we now have a pending motion for reconsideration of that order.  We intend to continue to copy Mr. Harvey on correspondence with you until we have received a ruling on our motion or until suitable replacement counsel has entered an appearance on your behalf.   That said, please advise if you have appointed new representation in this matter with whom we can confer on these and other outstanding and future issues.

I attach discovery requests dated today, seeking responses to requests for admission pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure. These requests are due within thirty days of service.

In addition, we would like to notice your deposition for a date in **mid-January** prior to the close of discovery.  **Please promptly provide available dates and preferred location (assuming that will be in Texas).**

Because discovery closes in three months, we are noticing this deposition based on the expectation that you will make a good faith effort to engage in discovery.  To date, your production and interrogatory responses have been wholly deficient (and in the case of some of your interrogatory answers demonstrably false) for all of the reasons we have articulated in a number of communications with Mr. Harvey.  Please confirm that you are in possession of those communications and are working to address the inadequacies articulated therein.  Mr. Rich reserves the right to seek all remedies, including to seek sanctions pursuant to Rule 37, keep the deposition open and/or request a second deposition, related to your continued obfuscation of your discovery obligations.

Finally, we are in receipt of the first set of interrogatories that Mr. Harvey served on October 7. Because you asked for material that squarely qualifies as Highly Confidential–Attorney's Eyes Only pursuant to the Protective Order in the case, we will serve you with answers that redact that type of information.  As soon as you appoint counsel that has entered an appearance in the case, we will provide that attorney with an unredacted version.

Regards,


**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the

United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.



September 13, 2019

**VIA EMAIL**
Paris R. Sorrell
Harvey & Binnall, PLC
717 King Street, Suite 300
Alexandria, Virginia 22314
psorrell@harveybinnall.com

       Re:    *Aaron Rich v. Butowsky, et al.* **(United States District Court for the District of Columbia)**

Ms. Sorrell:

       I am writing to address Defendant Butowsky's answers (hereinafter, "Answers") to Plaintiff Aaron Rich's First Set Of Interrogatories ("Interrogatories"), which you have signed and Mr. Butowsky has signed subject to the penalty of perjury. Mr. Rich reserves all rights to challenge the Answers' sufficiency and to seek remedies available under the law, including pursuant to Rule 37 and the terms of the parties' ESI stipulation, Dkt. 36. Mr. Rich also reserves the right to raise additional disputes concerning deficiencies with the Answers not discussed herein.

       Mr. Butowsky is under a Court order to fully respond to the First Interrogatories, but his Answers are incomplete, evasive, and, in a number of instances, demonstrably false. In other words, he has failed to comply with the Court's Order or with the local rules, and Mr. Rich reserves the right to recover fees and seek sanctions, including to preclude Mr. Butowsky from using any evidence not disclosed. *See* Rule 37 ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" and court "may issue further just orders" including sanctions where party "fails to obey an order"); *McNair v. D.C.*, 325 F.R.D. 20, 22 (D.D.C. 2018) (barring Plaintiff from using documents not disclosed during discovery because she "provided incomplete interrogatory answers and no records"); *Escamilla v. Nuyen*, No. 14-CV-00852-AK, 2015 WL 4245868, at *5 (D.D.C. July 14, 2015) ("Responses must be 'true, explicit, responsive, complete, and candid'"); *Lebron v. Powell*, 217 F.R.D. 72, 76 (D.D.C. 2003) (party and counsel have a duty to examine documents and make sure they do not make any "discovery responses to interrogatories or answers incomplete or incorrect"); *Bradshaw v. Vilsack*, 286 F.R.D. 133, 137 (D.D.C. 2012) (sanctions in part based on "interrogatory responses were blank, incomplete, or non-responsive"); *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 33, 2007 WL 3033866 (D.D.C. 2007) (answer that is "inadequate, vague, cryptic, evasive, and completely lacking in the candid disclosure required of

1401 New York Avenue NW, Washington, DC 20005 | (t) 202 237 2727 | (f) 202 237 6131 | www.bsfllp.com



the parties" fails to "completely and fully address the question asked of it").[1]  This letter incorporates Mr. Rich's response to Mr. Butowsky's production (hereinafter "Production") in response to the First Set Of Requests for Production of Documents ("First RFP"), which counsel separately sent via email on the same date as this response (hereinafter, "Letter Responding to Production").

As an initial matter, Mr. Butowksy waived his right to object to the First Interrogatories. *See* Rule 33(b)(4) ("Any ground not stated in a timely objection is waived"); *Byrd v. Reno*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *4 (D.D.C. Feb. 12, 1998) ("objections as to burdensomeness, attorney-client or attorney work-product privilege, vagueness or overbreadth are waived" where "not timely asserted"); *see also Escamilla v. Nuyen*, No. 14-CV-00852-AK, 2015 WL 4245868, at *5 (D.D.C. July 14, 2015); *Fonville v. D.C.*, 230 F.R.D. 38, 42 (D.D.C. 2005).  Mr. Rich, through undersigned counsel, served the First Interrogatories on Defendant Butowsky on June 4, 2019, with his response due no later than July 5, 2019.  *See* Dkt. 68-1; Fed. R. Civ. P. 33(b)(2).  Mr. Butowsky did not respond to the First Interrogatories by the deadline, which necessitated Mr. Rich's counsel to unsuccessfully seek voluntary compliance, Dkt. 68-2, before filing a motion to compel on July 9, 2019, Dkt. 68.  Mr. Butowsky never filed an opposition to Mr. Rich's motion to compel.  Despite having long waived any objection to the First Interrogatories, Mr. Butowsky served belated objections ("Objections") on July 23, 2019.  July 23, 2019, email from D. Fox to J. Riley, M. Governski, M. Gottlieb, cc'ing P. Harvey, P. Sorrell, *Rich v. Butowsky et al.*  On July 31, 2019, the Court granted Mr. Rich's motion to compel.  7/31/19 Minute Order; Dkt. 75.  On August 21, 2019, Mr. Butowsky served his Answers.  Despite the fact that Defendant Butowsky waived his right to object to the First Interrogatories, Mr. Rich addresses those Objections *infra*.  Generally, those objections lack both merit and the specificity to which Mr. Rich is entitled as a matter of law.  Rule 33(b)(4); *Equal Rights Ctr.*, 246 F.R.D. at 35.

Relatedly, and as discussed in specific detail below and generally in Mr. Rich's Letter Responding to Production, Mr. Rich's Request for Production No. 11 asks for: "All Documents and Communications relating to any of Your responses to any discovery, including interrogatories and requests for admission, served upon or that will be served upon You in the above-captioned matter."  Mr. Butowsky's Production does not appear to include materials that relate to a number of the responses to interrogatories.  Mr. Butowsky must either specifically confirm that no such material exists on a response-by-response basis, supplement his Production to include those materials, or be prohibited from relying on that material for his defense.  *See Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*, 722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires exclusion of that evidence from the Court's consideration"); *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17, 20, 2009 WL 1515671 (D.D.C. 2009) (requesting party has the "right to hear" what opposing party "intends to use" and if the latter "does not have any such information"

---

[1] Mr. Rich address some, but not all, of the demonstrably false statements in Mr. Butowsky's Answers and reserves the right to seek all legal remedies available for submitting and signing false interrogatory answers.





then the former "is entitled to know that as well"); *Fonville*, 230 F.R.D. at 45 ("If defendant has, in fact, produced all available communications, defendant should supplement its responses to reflect this fact.")

I.   **INTERROGATORY NO. 1**

> Describe in detail all Communications You have had regarding the Rich Family, including but not limited to: when each such Communication occurred; if in person, where each such Communication occurred; if not in person, by what methods each such Communication occurred; how and by whom each such Communication was initiated; and what was said by whom during each such Communication. For avoidance of doubt, Your answer to this Interrogatory shall include details with respect to: the first Communication You had with the Rich family as described in the Complaint in paragraphs 5, 27; any and all Communication You had with Rod Wheeler as described in the Complaint in paragraphs 28, 31; any and all Communication You had with Malia Zimmerman or any individual employed by or affiliated with Fox News as described in the Complaint in paragraphs 28-30; any and all Communication you had with Cassandra Fairbanks as described in the Complaint in paragraphs 32, 81-82; any and all Communications You had with Couch or any member of AFM, including as described in the Complaint in paragraphs 6, 34, 39-43; Communications related to the publication and/or retraction of The Washington Times article as described in the Complaint in paragraphs 9, 70-75; and Communications about the letter Mr. Rich sent to You personally ("Mr. Rich's Letter"), including as described in the Complaint in paragraphs 8, 64-69.

### a.   Plaintiff's Response To Mr. Butowsky's Answer To Interrogatory No. 1

Mr. Butowsky's Answer to Interrogatory No. 1 is deficient and contrary to the local rules, including because it incomplete. It is *necessary* but not *sufficient* to detail the Communications that the Interrogatory specifically references, yet those are the only Communications that Mr. Butowsky addresses. The Answer to Interrogatory No. 1 does not describe *any other Communications regarding the Rich family*, even though documents overwhelmingly show, including in Mr. Butowsky's own Production, that he had many additional conversations about the Rich family with many additional people. The answer also flatly contradicts Mr. Butowsky's Answer to Interrogatory No. 2, to which he claims (for the first time ever) ████████ ████████████████████████████████. The Answer is deficient as to those Communications it does address because it does not provide even the most fundamental details, including the location or dates, or describe the content of the conversations. *See Antoine v. J.P. Morgan Chase Bank*, No. 108CV00615HHKAK, 2009 WL 10694779, at *3 (D.D.C. June 26, 2009). As discussed below, the Answer also includes demonstrably false statements. *See Lebron*, 217 at 76 ("the most fundamental responsibility imposed upon a party engaged in discovery: to provide honest, truthful answers in the first place and to supplement or correct a previous disclosure when a party learns that its earlier disclosure was incomplete or incorrect.").



*i.  Answer Excerpts re communications with the Riches*







**Plaintiff's Response:**

The Answer is incomplete.  Mr. Butowsky knows, or should know, that he has engaged in additional communications with the Rich family directly, such as leaving voice mails, sending private video messages, text messaging, and emailing well past March 2017.  In addition to being absent from the Interrogatory, many of those communications are notably absent from his Production despite being responsive to multiple RFPs.  *See, e.g.,* RFP No. 1; RFP No. 11; *see also* Letter Responding to Production.

    *ii.*  *Answer Excerpt re Meetings With Mr. Wheeler In Washington*





**Plaintiff's Response:**

      The Answer is incomplete.  It describes ███████████████████████████████ ████████████████████████████████ when the evidence produced in discovery, including even in Mr. Butowsky's Production, shows that Mr. Butowsky and Mr. Wheeler spoke extensively throughout 2017 about the Rich Family, including via text messaging, emails, and video chats.  The descriptions████████████████████████████ are deficient. ████

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████

        *iii.  Answer Excerpt re Communications with Ms. Zimmerman and FOX*

███████████████████████████████████████████████████████████████████████

**Plaintiff's Response:**

      The Answer is incomplete and non-responsive.  The Interrogatory requests Mr. Butowsky "detail all Communications."  Instead, Mr. Butowksy makes generalities and broad references to background and conversation topics, but fails to describe the many, multiple conversations that the evidence produced in discovery shows he had with individuals at Fox News, including via video calls, FaceTime calls, and telephone calls.

        *iv.  Answer Excerpt re Communications with Ms. Fairbanks*

███████████████████████████████████████████████████████████████████████



**Plaintiff's Response:**

The Answer is incomplete.  The Interrogatory requests Mr. Butowsky "detail all Communications."  Instead, the answer refers to only ██████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████  Ms. Fairbanks *flew to Dallas* in March 2018 to interview Mr. Butowsky to *discuss this lawsuit* for a second publication. Cassandra Fairbanks, *Ed Butowsky Sits Down With Gateway Pundit for First Interview After Being Sued by Family in Seth Rich Murder Mystery* (Mar. 19, 2018).   As far as the sole

*v. Answer Excerpt re Communications with Mr. Couch*

**Plaintiff's Response:**

The Answer is incomplete and non-responsive.  It makes generalities and broad references to background and conversation topics, but fails to describe any of the conversations between Mr. Butowsky and Mr. Couch in any detail as the Interrogatory requests.   The Answer ██████████████████████████████████████████████████████████████████████ but it fails to explain *any* details ██████████████████████████ including what they, in particular Mr. Butowsky, said.  It provides none of the requested details about the one time Mr. Butowsky admits to having met Mr. Couch in person, ostensibly at Mr. Butowsky's house in Texas in September 2017.  The Answer is notably deficient when compared with documents produced in discovery that indicate that Mr. Butowsky and Mr. Couch also spoke via Social Media, *see e.g.* ██████████████████, and via email, ██████████████████████████ but the Answer does not address any of those Communications.  Finally, while acknowledging that █████████████████



████████████████████████████████████████████████████ Mr. Butowsky did not produce a single text message when such communications clearly fall within the scope of RFPs.  *See, e.g.,* RFP No. 1; RFP No. 11.  In fact, Mr. Butowsky's RFP includes only a *single* ██████████████████████████████████████ which not only contradicts the Answer but also is demonstrably deficient.

> *vi.   Answer Excerpt re Communications concerning The Washington Times article*

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

**Plaintiff's Response:**

The Answer is incomplete.  As Mr. Butowsky's Production shows, ████████████████████████████████████

Furthermore, the Communication that the Answer addresses does not describe the conversations in any of the requested detail.

This Answer also is demonstrably false and ignores evidence in Mr. Butowsky's own Production.  Mr. Butowsky did not—as the Answer states—████████████████████████ ████████████████████████████████████

███████████████████████ Butowsky 0001134.  Mr. Butowsky did not—as the Answer states— ████████████████████████████████████████████████ It is not true— as the Answer states— ██████████████████████████ ████████████████████████████████████████████ , including some of the very statements at issue in this litigation. *Compare* ████████████████  with James A. Lyons, More Cover-up Questions, THE WASHINGTON TIMES, March 1, 2018,  https://www.washingtontimes.com /news/2018/mar/1/more-cover-up-questions/.  In sum, virtually every statement of this Answer is false, and Mr. Rich reserves all rights to seek sanctions.



*vii. Answer Excerpt re Communications on behalf of the plaintiff*

**Plaintiff's Response:**

The Answer is incomplete and non-responsive.  It does not even attempt to describe, let alone in any details, the communications Mr. Butowsky had about Mr. Rich's letter.  Yet, evidence indicates that Mr. Butowsky did have conversations about Mr. Rich's letter, including with Mr. Couch and with Manuel Chavez.  *See, e.g.* Matt Couch, Matt Couch was live, Periscope (Jan. 18, 2017), at 6:15 https://www.pscp.tv/_RealMattCouch/1jMKgdLWpWMGL ("That was Ed trying to call there"); *see also*

None of these communications *that Mr. Butowsky received or sent* are included in his Production despite being relevant to multiple RFPs.  *See, e.g.,* RFP No. 1; RFP No. 11.

**b.   Plaintiff's Response To Mr. Butowsky's Objections To Interrogatory No. 1**



**Plaintiff's Response:**

It is wrong as a matter of law that

The Complaint alleges that Defendant Butowsky conspired with and aided and abetted Defendants Couch and AFM, and former Defendant The Washington Times.  *See* Dkt. 3 ¶¶ 139–154.  Additionally, statements made *to* Defendant Butowsky about Mr. Rich could not be more central or relevant to this case: Mr. Rich is suing Mr. Butowsky for claims that require





proof of and offer defenses related to Mr. Butowsky's state of mind and his attitude towards the truth, e.g. falsity and some degree of fault for defamation[2], and knowledge or reckless disregard of falsity for false light. *See Houlahan v. World Wide Ass'n of Speciality Programs & Sch.*, No. CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006) ("any information regarding the truth or likely truth of Defendants' statements will be relevant," as is "information regarding Defendants' knowledge and state of mind" to determine actual malice); *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) ("state of mind" requisite for false light); *Pearce v. Bell*, No. CIV.A. 86-0008, 1988 WL 57259, at *1 (D.D.C. May 18, 1988) ("negligent defamation" may "include, among other elements, a failure to pursue further investigation; unreasonable reliance on sources; unreasonable formulation of conclusions, inferences, or interpretation; or unreasonable screening or checking procedure"); *see also Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8 ("probing the factual basis for an opponent's defenses is an appropriate use of discovery"). The law requires Mr. Butowsky to produce during discovery all of the bases on which he plans to defend his actions, including the statements made to him that are relevant to Mr. Rich's Lawsuit. Fed. R. Civ. Pr. 37(c)(1); *Payne*, 741 F. Supp. 2d at, 222. Additionally, specific conversations or statements not pled in the Complaint but which still relate to Mr. Rich's claims or Mr. Butowsky's defenses are, by definition, relevant. *See* Rule 26. Finally, even if Mr. Butowsky's relevance objection was valid (which it is not), that would not justify silence as to the requested information. *See Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

      Mr. Butowsky objects that the Request is ████████████████████████████████████████████████████████████████████████████████████ *First*, as discussed *supra*, all of these objections are waived. *Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8. *Second*, even if they were not waived, they are without merit. The request is impliedly limited in time by virtue that it asks only for conversations *regarding the Rich family*. It appears that Mr. Butowsky had never heard of, let alone spoken about, any member of the Rich family until, at the earliest, July 2016 when Seth was murdered. Therefore, the maximum amount of time is, at most three years, which is reasonable. *Glenn v. Williams*, 209 F.R.D. 279, 282, (D.D.C. 2002). *Third*, irrespective of Mr. Butowsky's objection, Mr. Butowsky must actually attempt to fully respond to the Interrogatory and, if he cannot, must "specify the efforts made" to do so. *O'Rourke v. Audio Stats Educ. Servs., Inc.*, No. CIV.A. 85-2768, 1987 WL 11998, at *1 (D.D.C. May 26, 1987). As described *supra*, Mr. Butowsky fails to provide even the most fundamental accounting of his conversations. To the extent Mr. Butowsky plans to rely on any conversations about the Rich family in his defense, Mr. Rich is entitled to know that now, or seek to available remedies related to any statements not included in Mr. Butowsky's Answer. *See Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*, 722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires exclusion of that evidence from the Court's consideration").

---

[2] Mr. Rich will argue that he need only prove negligence as a private figure and reserves all rights related to that legal determination.



Finally, as discussed *supra*, Mr. Butowsky has waived his privilege objection. *Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8.  Irrespective of the waiver, in order to assert a valid privilege objection, Mr. Butowsky must describe with "Specificity what conversations [he] is not disclosing and why they are privileged."  *Id.*   Mr. Butowksy has provided no privilege log as to his Interrogatories, and his privilege log as to his Production lists only a handful of email communications. *See* Letter Responding To Production.  To the extent Mr. Butowsky has additional communications relevant to this Interrogatory, he is obligated to list them with specificity on a privilege log or produce them.

## II.   INTERROGATORY NO. 2

> Identify and describe in detail all evidence on which You relied to support any and all Statements attributed to You in the Complaint, including that Mr. Rich was involved in the theft of DNC emails and the transmittal of said emails to WikiLeaks in exchange for money, and provide all details regarding the attempts, if any, You took to examine or independently confirm the veracity of such evidence.

### a.   Plaintiff's Response To Mr. Butowsky's Answer To Interrogatory No. 2



**Plaintiff's Response:**
The Answer facially deficient.  It is evasive, incomplete, non-responsive, incorrect, and in large part factually contradictory to Mr. Butowsky's previous public statements.  Rule 37; *McNair*, 325 F.R.D. at 22; *Lebron*, 217 F.R.D. at 76 (D.D.C. 2003); *Bradshaw*, 286 F.R.D. at 137; *Equal Rights Ctr*, 246 F.R.D. at 33.  It does not describe the evidence in any detail, including the most basic facts such as the names and dates of the conversations that supposedly formed the basis for his accusations against Mr. Rich and would permit Mr. Rich to seek



discovery testing the veracity of Mr. Butowsky's narrative or the reasonableness of his reliance. *Covad Commc'ns Co.*, 258 F.R.D. at 20 (D.D.C. 2009); *Pearce v. E.F. Hutton Grp., Inc.*, 117 F.R.D. 480, 481, 1987 WL 3449 (D.D.C. 1987) (interrogatories "allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes."). Mr. Butowsky must either specifically confirm that he has fully responded to Interrogatory No. 2 by providing the complete basis for his statements about Mr. Rich, supplement his production to include those materials, or be prohibited from relying on any other bases in his defense. *See Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*, 722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires exclusion of that evidence from the Court's consideration"); *Covad Commc'ns Co..*, 258 F.R.D. at 20 (requesting party has the "right to hear" what opposing party "intends to use" and if the latter "does not have any such information" then the former "is entitled to know that as well"); *Fonville*, 230 F.R.D. at 45 ("If defendant has, in fact, produced all available communications, defendant should supplement its responses to reflect this fact.").

This Answer also implicates the completeness of Mr. Butowsky's Production in response to RFP No. 11. There is not a single document or communication in the Production that supports *any* of the sentences in this Answer, despite RFP No. 11 requesting any Documents or Communications that form the basis for Mr. Butowsky's Answers. Mr. Rich is entitled to a fully responsive Answer detailing the complete basis for Mr. Butowsky's statements about him.

**Plaintiff's Response:**

This statement is flatly inconsistent with Mr. Butowsky's own public statements. On July 28, 2019—a month *before* signing and serving this Answer—Mr. Butowsky publicly stated "I've never spoken him [Assange] in my life. I don't know this man." Consortium News, Ed Butowsky on the ongoing Seth Rich controversy (July 28, 2019), https:/ /www.youtube.com /watch?v=KrtSGGklGmM, beginning at 12:30. Mr. Butowsky also states in the lawsuit he filed against Mr. Rich's lawyers that "Mr. Assange had not before, and has not since, discussed the identify of any confidential source for Wikileaks." *Butowsky v. Gottlieb et al*, No. 4:19-cv-180, Dkt. 101 ¶ 67. This Answer marks the first time, to our knowledge, that Mr. Butowsky has *ever* claimed to have ███████████████████████████████ There also is not a single document or communication in his Production that supports, references, or in any way alludes to ████████████████, despite the fact that it would be responsive to multiple RFPs. To the extent Mr. Butowsky has *any* evidence supporting this claim, he must produce it.

Even if the statement were not baseless, it is incomplete and non-responsive. Instead of describing the alleged ████████████████████████ in any sort of detail, Mr. Butowsky provides an Answer that is "inadequate, vague, cryptic, evasive, and completely lacking in the candid disclosure required of the parties." *Equal Rights Ctr.*, 246 F.R.D. at 33. Mr. Rich is



entitled all details related to the alleged ███████████████████████████████
including ████████

███████████████, and any other details Mr. Butowsky recalls.  *Caudle v. D.C.*, 263 F.R.D. 29, 37, 2009 WL 5124901 (D.D.C. 2009) (insufficient to refer to "unnamed" individual but not "identify these persons"); *Pearce*, 117 F.R.D. at 481 ("The purpose of requiring a listing of persons with knowledge, even early on during the discovery phase in response to interrogatories, is to allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes."); *see also Covad Commc'ns Co.*, 258 F.R.D. at 22; *Antoine*, No. 108CV00615HHKAK, 2009 WL 10694779, at *3.

███████████████████████████████████████████████

**Plaintiff's Response:**

    For the same reasons discussed immediately *supra*, this statement is incomplete.  It does not provide the who, when, where, or any sort of detail that would come close to being "fully" responsive to the Interrogatory.  Mr. Rich is entitled to a detailed account of Mr. Butowsky's ███████████████████████████████  *Caudle*, 263 F.R.D. at 37; *Pearce*, 117 F.R.D. at 481; *Covad Commc'ns Co.*, 258 F.R.D. at 22; *Antoine*, No. 108CV00615HHKAK, 2009 WL 10694779, at *3.

███████████████████████████████████████████████

**Plaintiff's Response:**

    This statement is incomplete and non-responsive.  It is not sufficient to refer to ████████ ████████████ generally to respond to an Interrogatory that asks to "identify and describe in detail" the evidence on which Mr. Butowsky relied in making his statements about Aaron Rich. *Antoine*, No. 108CV00615HHKAK, 2009 WL 10694779, at *3.  Even if it were true that there is a ████████████████████████████ that neither answers whether Mr. Butowsky relied on that evidence when making his statements about Mr. Rich nor whether any of that evidence support making statements *about Mr. Rich*.

   b. <u>**Plaintiff's Response To Mr. Butowsky's Objections To Interrogatory No. 2**</u>

███████████████████████████████████████████████

**Plaintiff's Response:**

    As discussed *supra*, Mr. Butowsky has waived his right to object on these grounds and, even if he had not, it is wrong as a matter of law that ████████████████████████



██████████████████████████████████████████████████ The law requires Mr. Butowsky to "fully" answer Interrogatories, and Mr. Butowsky's actions relating to the basis of his statements about Mr. Rich could not be more directly relevant to the issues in this lawsuit. *See* Section I; *see also Houlahan*, No. CV0401161HHKAK, 2006 WL 8433976, at *3; *Pearce*, No. CIV.A. 86-0008, 1988 WL 57259, at *1; *see also Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8.   Mr. Butowsky has provided no basis for why it is ███████████ or ███████████      or ██████████████████████████ to detail all evidence on which he actually relied when he spread statements about Mr. Rich.  *See Smith v. Cafe Asia*, 256 F.R.D. 247, 254, 2009 WL 748624 (D.D.C. 2009).   That information is exclusively within his possession, and narrowly tailored to the issues at the heart of this lawsuit.

## III.    INTERROGATORY NO. 3

Identify and describe in detail all evidence of which You are or have been aware that contradicted and/or discredited the Statements attributed to You in the Complaint, and provide details regarding the attempts, if any, You took to examine such evidence. Your answer to this interrogatory shall specifically address whether and how You considered: Mr. Rich's Letter denying the Statements; Mr. Rich's decision to file a lawsuit contesting the truth of Your Statements; various retractions of statements similar to Your Statements including but not limited to those by The Washington Times, InfoWars, and Jerome Corsi; the conclusions of the Intelligence Community regarding Russia's responsibility for the theft and hack of DNC emails; and the finding by Special Counsel Robert Mueller that WikiLeaks and Julian Assange "implied falsely" that Mr. Rich's brother, Seth, had been the "source of the stolen DNC emails."

### a.   Plaintiff's Response To Mr. Butowsky's Answer To Interrogatory No. 1

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

**Plaintiff's Response:**

The Answer is incomplete and non-responsive.   It does not identify and describe, let alone in any detail, all of the evidence that Mr. Butowsky is or has been aware that contradicted and/or discredited the statements he made about Mr. Rich.   It does not answer, as specifically requested, whether and if so how Mr. Butowsky attempted to examine such evidence.   Instead, the answer addresses solely █████████████████████, even though addressing those were necessary but not sufficient to fully respond.   If Mr. Butowsky's Answer is that he did not consider any other evidence discrediting the statements, he must say so. *Fonville*, 230 F.R.D. at 45 ("If defendant has, in fact, produced all available communications, defendant should supplement its responses to reflect this fact.")   Otherwise, he must fully



respond by identifying and describing all evidence of which he is aware that contradicts his statements and detailing his consideration of that evidence. *Id.* The Answer's last sentence is non-responsive to the Interrogatory and, even if it were, it is insufficient for the reasons discussed *supra*.

### b. Plaintiff's Response To Mr. Butowsky's Objections To Interrogatory No. 3



**Plaintiff's Response:**

As discussed *supra*, it is wrong as a matter of law that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Butowsky's state of mind and knowledge and consideration of evidence that contradicted his own statements is directly related to Mr. Rich's claims, including degree of fault for all of the reasons previously discussed, and even if there were any merit to the objection, Mr. Butowsky still is obligated to provide a response. *See Summers*, 374 F.3d at 1193; *Houlahan*, No. CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006); *Pearce*, No. CIV.A. 86-0008, 1988 WL 57259, at *1.

As discussed *supra*, Mr. Butowsky has waived his right to object to the Interrogatory as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Even if they were not waived, they are without merit. The request is limited to seeking information about *Mr. Butowsky's own state of mind and knowledge of* evidence that contradicted the statements he published about Mr. Rich, which are elements or affirmative defenses related to Mr. Rich's case. *See, e.g., Houlahan*, No. CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006); *Pearce*, No. CIV.A. 86-0008, 1988 WL 57259, at *1. Mr. Butowsky has not explained, as he is required to do, why it is ▓▓▓▓▓▓▓▓▓▓▓▓▓ to detail his own thought processes about topics directly relevant to Mr. Rich's claims.

For the reasons discussed *supra*, Mr. Butowsky's objection based on the attorney client privilege or the attorney work product doctrine is waived but, even if it were not, it lacks



sufficient specificity.   *Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8. Additionally, to the extent Mr. Butowsky has additional communications beyond those supplied on the privilege log he provided with his Production that is relevant to this Answer, he is obligated to list them with specificity or produce them.

BOIES SCHILLER FLEXNER LLP

/s/ Meryl C. Governski
Meryl C. Governski



September 13, 2019

**VIA EMAIL**
Paris R. Sorrell
Harvey & Binnall, PLC
717 King Street, Suite 300
Alexandria, Virginia  22314
psorrell@harveybinnall.com

  Re: *Aaron Rich v. Butowsky, et al.* **(United States District Court for the District of Columbia)**

Ms. Sorrell:

  I am writing to address deficiencies in Defendant Butowsky's production (hereinafter, "Production") in response to Plaintiff Aaron Rich's First Set Of Requests for Production of Documents ("First RFP").  Mr. Butowsky is under a Court order to produce documents responsive to the First RFP, but his Production is not remotely complete.  *See* Rule 37.  It is patently clear that Mr. Butowsky either did not use accurate or comprehensive search terms, did not search all of the required repositories of information, selectively produced materials, or some combination of all of the above.[1]  Fed. R. Civ. P. 37(a)(4) ("incomplete" discovery responses "will be treated as a failure to answer or respond");  *English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 8 (D.D.C. 2017) (same); *Finkelstein v. D.C.*, No. CIV.A. 85-2616, 1987 WL 14976, at *6 (D.D.C. July 22, 1987) (Rule 34 contemplates "the diligent search through all likely repositories of records"); *U.S. Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, 61 F. Supp. 3d 1, 7, 2014 WL 4693408 (D.D.C. 2014) ("It is not up to the party from whom documents are requested to pick and choose how to present relevant information…").  Mr. Rich reserves all rights to challenge the Production's sufficiency and to seek remedies available under the law, including pursuant to Rule 37 and the terms of the parties' ESI stipulation, Dkt. 36.  Mr. Rich also reserves the right to raise additional disputes concerning deficiencies with the Production not discussed herein.

  As an initial matter, Mr. Butowksy waived his right to object to the First RFP.  *See Embassy of the Fed. Republic of Nigeria v. Ugwuonye*, No. 10-CV-1929 (BJR), 2012 WL 13047525, at *3 (D.D.C. Oct. 17, 2012); Fed. R. Civ. P. 34(b)(2) ("A party served with Rule 34 requests for production must produce or allow inspection of the requested records unless it has

---

[1] We are available to meet and confer on search methodology, which the parties are obligated to do pursuant to the terms of the Stipulated ESI Agreement but which Mr. Butowsky has not done. *See* Dkt 36 at ¶ 8 (parties "shall meet and confer to reach agreement on the search methodology").



asserted a viable objection."); *Cf Shvartser v. Lekser*, 321 F.R.D. 23, 24 (D.D.C. 2017) (*pro se* status does not excuse missing discovery deadlines). Mr. Rich, through undersigned counsel, served the First RFP on Defendant Butowsky on April 22, 2019, with his response due no later than May 22, 2019. *See* Dkt. 63-2; Fed. R. Civ. P. 34. Mr. Butowsky did not respond to the First RFP by the deadline, which necessitated Mr. Rich's counsel to repeatedly and unsuccessfully seek voluntary compliance, Dkt. 63-2, before filing a motion to compel on June 13, 2019, Dkt. 63. Mr. Butowsky never filed an opposition to Mr. Rich's motion to compel. Dkt. 65. Despite having long waived any objection to the First RFP, Mr. Butowsky served belated objections ("Objections") on July 23, 2019. July 23, 2019, email from D. Fox to J. Riley, M. Governski, M. Gottlieb, cc'ing P. Harvey, P. Sorrell, *Rich v. Butowsky et al*. On July 31, 2019, the Court granted Mr. Rich's motion to compel. 7/31/19 Minute Order; Dkt. 75. Mr. Butowsky produced the Production on August 21, 2019. Despite the fact that Defendant Butowsky waived his right to object to the First RFP, Mr. Rich addresses those Objections here.

I.   **General Deficiencies**

   a.   **Categories Of Documents, Communication, and Social Media**

   Defendant Butowsky's Production is deficient because it is facially incomplete—it leaves out broad categories of materials clearly responsive to the First RFP and which Mr. Rich has reason to believe exist. Fed. R. Civ. P. 37(a)(4). It appears that Mr. Butowsky primarily produced only email communications and certain materials attached to those communications. Consistent with the Federal Rules, the instructions to the First RFP required that Butowsky "fully respond, search for, and *produce all Documents and Communication* responsive to these Requests," RFP ¶ A (emphasis added), and defined those terms broadly and explicitly[2]:

- "'Communication' means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is

---

[2] Even in his untimely Objections, Mr. Butowsky did not object to the definition of "Document" or "Social Media", and objected only to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in the definition of Communication. That is largely irrelevant since the temporal scope of the RFPs are necessarily limited by the subject matter of the specific request, which existed only for a limited period of time. *See, e.g.*, First RFP No. 1 (seeking only materials "relating to any allegations in the Complaint"); First RFP No. 2 (seeking only materials relating to Defendant Butowsky's statements in the Complaint); First RFP No. 3 (seeking only materials related to the allegations in Mr. Butowsky's 2018 lawsuit against NPR); First RFP No. 5 (seeking only materials from January 2016 to represent); First RFP No. 7 (seeking only materials from January 1, 2016); First RFP No. 8 (seeking only materials related to debunkingrodwheeler.com). The only temporal-based objection that could be relevant are to requests No. 4, 6, 8–11, which this letter addresses in the specific objection section. As is consistent with the stipulated ESI agreement, Mr. Rich has always been and remains willing to meet and confer on search methodology, including date restrictions. *See* Dkt. 36 at 3.



transmitted or transferred by any means, including, but not limited to **letters, memoranda, reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media**. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, 'likes,' 'shares,' or any other form of reacting to another's use of Social Media), are forms of communication."

- "'Document' or 'Documents' means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of **letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements**, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as **digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media**, and (iii) any other **writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically**. Without limiting the foregoing in any way, every Communication is also a Document."

- "'Social Media' means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: **Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust**. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media."

*See* First RFP ¶¶ 6–8; *see also* Rule 34. Despite being legally required to do so, Mr. Butowsky produced virtually none of the bolded categories of materials beyond those *incidentally* collected by virtue of being attached to an email correspondence. For example, his Production lacks:

- **Text Messages:** Mr. Butowsky's Production includes virtually no text messages beyond selective ███████████. *See, e.g.,* Butowsky0001202 ███████████); Butowsky0001212–1220 (███████████); Butowsky0000791 (███████████); Butowsky0000794–95 (███████████). Mr. Couch's production and Mr. Wheeler's production both include ███████████ which are notably



absent from the Production.  Butowsky's own Production indicates that ███████████ ████████████████████████ responsive to the First RFP.  *See, e.g, id;* Butowsky0000981 ██████████).  In fact, incidental text images in his own production show that he possesses but did not produce relevant text messages, for example ████████████ ███████ from Butowsky0000637.



Even the limited ████████████ included in Defendant Butowsky's Production are facially insufficient for a number of reasons, including because they: (**1**) are partial and selective excerpts, many of which are cut off in the middle of a sentence, rather than complete ██████ *see, e.g.,* Butowsky 0000001, Butowsky 0000003; Butowsky 0000109; Butowsky 0000120; ; Butowsky 0000527; Butowsky 0000668; Butowsky 00000880; Butowsky 00001021; Butowsky 00001052; Butowsky0001212–1220; (**2**) do not possess even the most basic information, ████████████ ████████████ *see, e.g.,* Butowsky 0000001; Butowsky 0000002; Butowsky 0000003; Butowsky 0000110; Butowsky 0000111 (top); Butowsky 0000115; Butowsky 0000116; Butowsky 0000124; Butowsky 0000317.  Butowsky 0000669; Butowsky 0001154; Butowsky 0001156; Butowsky 0001157; Butowsky 0001158; and (**3**) include improper redactions, Butowsky0000004; Butowsky0000107; Butowsky0000160; Butowsky0000364.  For example, compare the redacted text in Butowsky0000364 with Mr. Wheeler's produced version of the same chain and it is evident that Mr. Butowsky redacted the phrase ████████████ ████████████████████████████████████████"?



**Butowsky0000364**                                   **Wheeler Production**

████████████████████████████████████████████

- **Messaging and Emailing Applications:** Mr. Butowsky's Production does not include any messages from other messaging and emailing applications that he appears to use, such as Proton Mail ███████████████, Wickr ████████, and Signal. *See, e.g.,* Butowsky00007990 ████████████████████; Nov. 26, 2017 texts from E. Butowsky to M. Couch ████████ █████████); Butowsky Answer to Rog. No. 1 ████████████████████████ Furthermore, it appears that Mr. Butowsky produced ████████ ████████████████████████████████████████████

- **Social Media**: Butowsky's Production does not include any Communication from Social Media, despite ████████████████████████████ ████████. *See, e.g.,* Butowsky 0000712–717 (████████████████████ ██████████████)



- **Audio Recordings**: Despite Mr. Butowsky's tendency to ███████████ ██████████ (*e.g.,* Butowsky0000790; Butowsky0000854; Butowsky0001146–47; Butowsky0001155, Butowsky0001194–1095; Butowsky0001197; Butowsky0001231; Butowsky0001302–03; *see also* ████████████ ████████████████████████), the Production includes only 10 ████████—six of which are ████████ ████████ (Butowsky0000790; Butowsky0001155; Butowsky0001194; Butowsky0001197; Butowsky0001302–03), and most of which appear edited (*e.g.* Butowsky0001146 (████████████████); Butowsky0001155 (████████████████████, *compare with* Butowsky0000790)).

- **Video Messages and Recordings**: The Production does not include any video files, despite evidence indicating Mr. Butowsky ████████████████████ *See, e.g.,* Butowsky0001269 (████████ Butowsky0000066 (████ ████ ████); Butowsky0000622 ████████████; Butowsky0000099 (████████████████); Butowsky0000123 (████████ Butowsky0000863 (████ ████ ████); Butowsky0000848 (████████████) *see also* ████████ ████████████████████████.

- **Google Documents**: Mr. Butowsky's Production refers to, but seemingly fails to include, ████████████. *See, e.g.,* Butowsky0001068.

### b. Failure To Comply With Terms of ESI Stipulation

The Production fails to comply with the term to which the parties agreed in the ESI stipulation, and Mr. Rich reserves the right to move to recover fees associated with the resulting increased costs. The ways in which Mr. Butowsky's Production fails to comply with the terms of the ESI Stipulation include the following.

*First,* Mr. Butowsky produced materials as Bates Stamped PDF files that did not contain *any* metadata, despite having agreed to produce all materials in TIFF or native format. Dkt. 36 ¶¶ 6, 9–10; *id.* at 8–12. As a result, Mr. Rich was required to bear the expense of processing and converting the PDFs into the agreed-upon production format.

*Second*, the Production does not preserve or in any way cross-reference the parent-child relationship, which is exacerbated by the lack of metadata. *Compare* Dkt. 36 at 12–13 ("Parent/Child"), *with, e.g.,* Butowsky001202; Butowsky 0000598. In some cases, an email refers to an attachment but seemingly fails to include the attachment document in the Production. *See, e.g.,* Butowsky0000548.



Edward Butowsky
September 13, 2019

*Third,* a number of the materials in the Production include unexplained (and facially improper) redactions.  *See supra* Section I(a); *see also, e.g.,* Butowsky 0000004– Butowsky 0000006; Butowsky 0000107–108; Butowsky 0000160; Butowsky 0000364.  It is unclear why Butowsky believes he is entitled to redact that information, and his privilege log fails to so specify.  *See* Dkt. 36 at 12 ("Redaction of Images"); *English.,* 323 F.R.D. at 16 (no basis to redact relevant information where redacting party cites "no recognized privilege that insulates" that information from discovery and where there is no "agreement among the parties to allow the redaction").

## II.   Deficiencies To Specific RFPs

### REQUEST FOR PRODUCTION NO. 1

| All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, Big League Politics, Rod Wheeler, Sean Spicer, and Malia Zimmerman; (b) all Communications relating to the Rich Family (even if they are not named) that You have had with any person or entity, including but not limited to Seymour Hersh, Alicia Powe, Jim Hoft, Julian Assange, WikiLeaks, President Donald Trump or any member of his staff, and WND; (c) all Documents and Communications relating to Rod Wheeler, including as described in paragraphs 5 and 27–31 of the Complaint in this case and as escribed in *Rod Wheeler v. Twenty-First Century Fox News, Inc., et al.* | OBJECTION: Mr. Butowsky objects:  |
| --- | --- |





**PLAINTIFF'S RESPONSE[3]:**

      Defendant Butowsky's Production is incomplete, as is evident by the absence of materials produced by other individuals in the course of this litigation.  For example, Defendant Couch produced ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Additionally, the Production does not contain any Documents or Communications with the participants of or about the September 2017 meeting that Mr. Butowsky hosted in his home to discuss topics directly related to the Rich family and allegations in the Complaint, even though emails and testimony produced in the course of discovery indicates the existence of responsive materials.  *See, e.g.,* T. Schoenberger deposition and exhibits.  Mr. Rich also is aware of additional Communications that Mr. Butowsky sent directly to members of the Rich family that are absent in the Production.

      Request No. 1 does not, as Butowsky claims, seek "all Communications with persons and entities named in the Complaint, any and all Communications relating to the Rich Family, and all Documents and Communications relating to Rod Wheeler" but rather seeks "All Documents and Communications *relating to any allegations in the Complaint* in the above-captioned matter, *including but not limited to*" those three sub-categories.  A request for all Documents and Communications relating the allegations in the Complaint is, by definition, relevant to the underlying litigation and temporally limited by the allegations in the Complaint.

      It is wrong as a matter of law that ██████████████████████████████████████████████████████████████████ because the Complaint alleges that Defendant Butowsky conspired with and aiding and abetting Defendants Couch and AFM, and former Defendant The Washington Times.  *See* Dkt. 3 ¶¶ 139–154.  Additionally, statements made *to* Defendant Butowsky about Mr. Rich could not be more central or relevant to this case; Mr. Rich is suing

---

[3] Plaintiff addresses all objections on grounds of attorney-client privilege and work product in Section III.



Mr. Butowsky for claims that require proof of or offer defenses related to Mr. Butowsky's state of mind his attitude towards the truth, e.g., falsity and some degree of fault for defamation[4], and knowledge or reckless disregard of falsity for false light. *See Houlahan v. World Wide Ass'n of Speciality Programs & Sch.*, No. CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006) ("any information regarding the truth or likely truth of Defendants' statements will be relevant," as is "information regarding Defendants' knowledge and state of mind" to determine actual malice); *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) ("state of mind" requisite for false light); *Pearce v. Bell*, No. CIV.A. 86-0008, 1988 WL 57259, at *1 (D.D.C. May 18, 1988) ("negligent defamation" may "include, among other elements, a failure to pursue further investigation; unreasonable reliance on sources; unreasonable formulation of conclusions, inferences, or interpretation; or unreasonable screening or checking procedure"); *see also Byrd v. Reno*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8 (D.D.C. Feb. 12, 1998) ("probing the factual basis for an opponent's defenses is an appropriate use of discovery"). The law requires Mr. Butowsky to produce during discovery all of the bases on which he plans to defend his actions, including the statements made to him that are relevant to Mr. Rich's Lawsuit. Fed. R. Civ. Pr. 37(c)(1); *Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*, 722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires exclusion of that evidence from the Court's consideration"). Even if Mr. Butowsky's objection were credible, it would not permit him to withhold the responsive documents. *See Klayman v. Judicial Watch, Inc.*, No. CV 06-670 (CKK)(AK), 2008 WL 11394169, at *4 (D.D.C. Mar. 12, 2008) ("It is for this Court to determine whether a document is relevant or privileged; Plaintiff cannot make such determinations for himself when deciding which documents should be produced.").

As far as Butowsky's objection that he is ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ he is obligated to produce materials based on a reasonable interpretation of RFP No. 1. RFP ¶ J ("If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request."). It is improper to "use deliberate misunderstanding as a shield to production" of materials, especially when "defendants know exactly what" the plaintiff is requesting. *U.S. Commodity Futures Trading Comm'n*, 61 F. Supp. 3d at 7.

REQUEST FOR PRODUCTION NO. 2

| **REQUEST FOR PRODUCTION NO. 2:** | OBJECTION: Mr. Butowsky objects: ▉ |
| All Documents and Communications supporting or refuting or otherwise stating or concerning the facts | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ |

---

[4] Mr. Rich will argue that he need only prove negligence as a private figure and reserves all rights related to that legal determination.



Edward Butowsky
September 13, 2019

upon which you relied for any Statement attributed to You in the Complaint, including but not limited to all Documents and Communications relating to your investigation, if any, into the truth or falsity of the Statements. This Request includes, but is not limited to, Documents sufficient to identify the source of any Statement attributed to You in the Complaint.

**PLAINTIFF'S RESPONSE:**

For the reasons discussed immediately *supra,* the law requires Mr. Butowsky produce during discovery all of the bases on which he plans to defend his actions.

REQUEST FOR PRODUCTION NO. 3

| | |
|---|---|
| All Documents and Communications related to the allegations in *Butowsky v. Folkenflik,* Case No. 4:18-cv-00442-ALM, including but not limited to all Documents that support or refute or otherwise relate to any of the allegations made in the complaint in that matter. | **OBJECTION:** Mr. Butowsky objects: |





**PLAINTIFF'S RESPONSE:**

In *Butowsky v. Folkenflik,* Mr. Butowsky claims that NPR and its employees defamed him in various news articles that reported on the various lawsuits against Mr. Butowsky in connection to his role in publishing information about the Rich family, including in the retracted Fox News article—a topic that is pled at length in Mr. Rich's Complaint. *Compare* Dkt. 3, *with Butowsky v. Folkenflik,* Case No. 4:18-cv-00442-ALM, Dkt. 1.   The fact that the lawsuit is filed in a different jurisdiction against different parties does not make the underlying discovery materials any less relevant to the topics directly at issue in this litigation.  Mr. Butowsky's initial disclosures in that litigation lists *inter alia* Mr. Rich as an individual "likely to have discoverable information" and claims he "has knowledge of his brother's communications with WikiLeaks, the payment by WikiLeaks through a dummy Ebay account, Seth Rich's murder, the investigation or Seth Rich's murder, and Aaron Rich's obstruction of Rod Wheeler's murder investigation."  *Butowsky v. Folkenflik,* No. 4:18-cv-00442-ALM, Dkt. 38.  Mr. Butowsky's *own lawyer* in *Butowsky v. Folkenflik,* Ty Clevenger, admits that Mr. Rich's allegations in this lawsuit "overlap *factually* with the allegations" in Mr. Butowsky's Texas lawsuit against certain of Mr. Rich's undersigned counsel, Dkt. 58—in turn, Mr. Butowsky and Mr. Clevenger have acknowledged that "some of the events" in that Texas litigation "overlap with those in *Edward Butowsky v. David Folkenflick, et al,*" *Butowsky v. Gottlieb et al,* No. 4:19-cv-180, Dkt. 101.  Mr. Butowsky cannot credibly claim that *Butowsky v. Folkenflik* is irrelevant and, even if he could, that would not excuse him from producing such materials. *Klayman,* No. CV 06-670 (CKK)(AK), 2008 WL 11394169, at *4.



REQUEST FOR PRODUCTION NO. 4

| REQUEST FOR PRODUCTION NO. 4: | PRODUCTION NO. 4 |
|---|---|
| All Documents and Communications concerning any lawsuits, threats of lawsuits, consumer complaints, disciplinary actions, or accusations that accused You of fraudulent conduct (including making false statements), including but not limited to while You maintained a relationship with Charles Schwab and while You were employed at Morgan Stanley. This request includes all Documents and Communications related to, produced during, or generated as part of lawsuits where You are a named party, including but not limited to *Chapwood Capital Investment Management, LLC et al v. Charles Schwab Corporation et al*, 4:18-cv-00548-ALMKPJ*; Butowsky v. Financial Industry Regulatory Authority, Inc.,* 3:11-cv-01491-B; and the arbitration between Janet L. Mariani and You, Morgan Stanley, and Banc of America Securities in NASD Case Number 03-05543. | **OBJECTION:** Mr. Butowsky objects: |



**PLAINTIFF'S RESPONSE:**

    Mr. Butowsky has not yet produced materials responsive to this request pursuant to an agreement between counsel to extend the production deadline. Mr. Rich reserves his right to challenge the propriety of Mr. Butowsky's objection and the relating production after that point.

    The information sought is directly relevant to Mr. Rich's claims or Mr. Butowsky's own defenses because Mr. Butowsky's honesty and integrity is directly at issue in this litigation. *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013). Mr. Butowsky himself has filed suit against Charles Schwab, claiming he "lost over 268 customer accounts" due to what that complaint referred to as Schwab's efforts to cause those clients to "question Chapwood and Butowsky's honesty and integrity" in connection to events directly at issue in Mr. Rich's lawsuit. *Chapwood Capital Investment Management, LLC et al v. Charles Schwab Corporation et al*, No. 18-cv-00287-RAS, Dkt. 1.

    REQUEST FOR PRODUCTION NO. 5

| **REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to show the occasions on which You visited Washington, D.C., for any purpose, from January 2016 to the present, along with Documents sufficient to show the purpose of such visits and any meetings in which you participated during such visits. | **OBJECTION:** Mr. Butowsky objects: |
|---|---|



**PLAINTIFF'S RESPONSE:**

      The Production provides a handful of documents that reference ██████████ (e.g. Butowsky0000107; Butowsky0000117; Butowsky000364; Butowsky000978) but it does not appear that Mr. Butowsky actually searched for and/or produced documents sufficient to show all of his trips to Washington.  He does not, for example, provide any airline receipts (despite the fact that he travels to Washington via air travel), hotel receipts (despite the fact that evidence shows he frequents D.C. hotels), or calendar entries.[5]  His own Production also indicates that Mr. Butowsky actually ███████████████████████████████████ *See* Butowsky0000107 (███████████████████████████████).

      The request is directly relevant to the lawsuit.  Mr. Rich's Complaint alleges that Mr. Butowsky orchestrated and participated in multiple conversations with and meetings in Washington, D.C. (including at the White House) beginning in 2016 specifically to discuss the Rich family and the publication of information about Mr. Rich and his brother.  Dkt. 3 ¶¶ 20; 28.  In contrast to Mr. Butowsky's claim that ████████████████████████████████████ ██████████████████████  Mr. Butowsky challenged personal jurisdiction claiming a lack of contacts to Washington, D.C., including by signing his name to a declaration in which he claimed not to conduct "any business" in the city.  *See* Dkt. 19-1.

      <u>REQUEST FOR PRODUCTION NO. 6</u>

| **REQUEST FOR PRODUCTION NO. 6:** Documents sufficient to show any business You conduct in Washington, D.C., including but not limited to the number of Your clients and value of Your business there. | **OBJECTION:** Mr. Butowsky objects: ██████████████████████████ |
|---|---|

---

[5] Mr. Wheeler and Mr. Couch respectively produced █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████





**PLAINTIFF'S RESPONSE:**
>See response immediately *supra.*

<u>REQUEST FOR PRODUCTION NO. 7</u>

| Mobile phone records sufficient to show all phone numbers and providers You used at any time since January 1, 2016 and all Documents, including mobile phone billing records, showing the calls You made or received since January 1, 2016 relating to any allegation in the Complaint. | **OBJECTION:** Mr. Butowsky objects: |
|---|---|



**PLAINTIFF'S RESPONSE:**
>The Production is clearly deficient as it does not include a single mobile phone record. None of Mr. Butowsky's objections justify his refusal to produce this material. Mr. Rich is entitled to know all phone numbers and providers that Mr. Butowsky used during the relevant time period in order to conduct adequate discovery. *Alexander v. F.B.I.*, 194 F.R.D. 305, 315 (D.D.C. 2000) (compelling production of certain individuals' telephone logs because plaintiff sough "Telephone records to determine who these key individuals contacted and worked with so they can discover all the facts").

<u>REQUEST FOR PRODUCTION NO. 8</u>

| All Documents and Communications relating to debunkingrodwheeler.com, including but not limited to Communications with the publisher of debunkingrodwheeler.com and Communications and Documents relating to the formation and creator(s) of the website. | **OBJECTION:** Mr. Butowsky objects: |
|---|---|





**PLAINTIFF'S RESPONSE:**

Defendant Butowsky's Production includes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and does not include a single document with its publisher or about its creation. Contrary to Mr. Butowsky's claims that he is ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ there can be no good faith dispute that Mr. Butowsky knows exactly what websites RFP No.8 refers to, and that those websites are directly relevant to Mr. Rich's lawsuit. Mr. Butowsky has publicly directed the media to "debunkingrodwheelersclaims" at various domains (.com or .net) in order to mount his public relations campaign and legal defense to various lawsuits. *See, e.g.,* Butowsky0000163; http://transcripts.cnn.com/ TRANSCRIPTS/1708/01/cnnt.01.html (E. Butowksy : "Rod Wheeler's notes with Joe Della-Camera is on a web site called debunking Rod Wheeler's claims.com. And it's all listed there. Rod Wheeler's notes. . ."); https://twitter.com/EdButowsky/status/1112854842685485056 ("DNC emails were downloaded not hacked by Russians. Go to: http://debunkingrodwheelersclaims.net/369-2/."); *see* https://www.youtube.com/channel/UCBIpN1cdt9MDoBFyPlwBtdA (YouTube channel called Debunking Rod Wheeler); https://twitter.com/debunkr_wheeler?lang=en. Mr. Butowsky has used the website to defend himself in legal actions, including by stating the following in his lawsuit against certain of undersigned counsel.

> "The website DebunkingRodWheelersClaims.com (now at DeBunkingRod WheelersClaims.net) was launched in November of 2017, and it published texts, emails, audio, and video showing that Rod Wheeler had never been misrepresented by Mr. Butowsky, Ms. Zimmerman, or Fox News, including the email quoted above in Paragraph 51. The evidence on the website showed unequivocally that Mr. Wheeler had lied to other media about them. The website also included audio of famed journalist Seymour "Sy" Hersh stating that he had confirmed that Seth Rich was responsible for leaking the DNC emails. According



to Mr. Hersh, who was by no means a Republican or a Trump supporter, he could not find a media outlet willing to publish the Seth Rich story. In a separate phone call with Mr. Butowsky, Mr. Hersh said he obtained his information about Seth Rich from Mr. McCabe, the deputy FBI director. Not later than December of 2017, all of the Defendants in this lawsuit were aware of the contents of DebunkingRodWheelersClaims.com."

In the *Butowsky v. Folkenflik* litigation, Mr. Butowsky listed Debunking Rod Wheeler in his initial disclosures:

Debunking Rod Wheeler, http://debunkingrodwheelersclaims.net/; https://twitter.com /debunkrwheeler?lang=en. The publisher of the website has knowledge of the webpages and information published on the website and on Twitter, and the dates of the publications and republications.

*Butowsky v. Folkenflik*, No. 4:18-cv-00442-ALM, Dkt. 38.

All "debunkingrodwheelersclaims" websites house content directly supportive of Mr. Butowsky, including audio of conversations to which the only common participant is Mr. Butowsky himself.   Even if the RFP inadvertently included the wrong web address, Mr. Butowsky is obligated to attempt to resolve any "ambiguity or confusion in construing" the request and should have known and produced materials related to the websites he has personally repeatedly relied upon to mount his defense.   RFP ¶ J ("If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request.").

Relatedly, it appears that the debunkingrodwheelersclaims.net webpage has expired.  To the extent that Mr. Butowsky played a role in its creation, including by causing its creation, he is obligated to preserve all of its contents.  Mr. Rich reserves the rights to seek all remedies available in the event Mr. Butowsky could have but failed to preserve that content.

REQUEST FOR PRODUCTION NO. 9

| All Communications with or Documents and Communications relating to Larry C. Johnson, William Edward Binney, Edward Loomis, Jr., J. Kirk Wiebe, or any "report" or "memo" written by any of them. | **OBJECTION:** Mr. Butowsky objects: |
| --- | --- |



Edward Butowsky
September 13, 2019



**PLAINTIFF'S RESPONSE:**

Mr. Butowsky's production appears incomplete, including because it: (**1**) includes only two Communications with any of the individuals named in the request (Butowsky0000982 (▮▮▮); Butowsky0001190 (▮▮▮); (**2**) does not include video content that Mr. Butowsky taped with Mr. Binney  and published online (*available online at* https://vimeo.com/331034117) and on Social Media —content that Mr. Butowsky publicly tweeted about dozens of times and emailed to the media, *e.g.*, Butowsky 0000863; and (**3**) includes only a handful of produced documents that even reference the topics requested, and even those are only passing references (*e.g., id;* Butowsky 0000306; Butowsky 0000507; Butowsky 0000676; Butowsky0001271; Butowsky0001279).

Mr. Butowsky's relevance objections are baseless.  *First*, Larry Johnson *is listed on Defendant Butowsky's own initial disclosures* in this case as an individual with "knowledge of his investigation of Seth Rich's murder and communications with Mr. Butowsky regarding the same."  Mr. Butowsky *admits* in his initial disclosure to having communications with Mr. Johnson—but he has not produced a single communication with Mr. Johnson in the Production. If Mr. Butowsky does not produce that material, Mr. Rich reserves the right to move to prevent him from relying on Mr. Johnson. *Second*, Mr. Butowsky has publicly relied upon the work of Mr. Binney, including as already discussed by publishing an interview with him, to "prove[] that the Mueller Report told a lie. DNC emails were downloaded not hacked by Russians." *See, e.g.,* https://twitter.com/_EdButowsky/status/1112854842685485056.    *Third*, Mr. Butowsky's own initial disclosures in *Butowsky v. Folkenflik* list all four of these individuals as those "likely to have discoverable information" related to the assertion that the DNC "emails were not hacked by Russians," which is relevant to Mr. Rich's claims and Mr. Butowsky's defense in this litigation. *Butowsky v. Folkenflik*, No. 4:18-cv-00442-ALM, Dkt. 38.



Edward Butowsky
September 13, 2019

### REQUEST FOR PRODUCTION NO. 10

| |
|---|
| All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the abovecaptioned matter, including the Documents and Communications responsive to these Requests. |  |

**PLAINTIFF'S RESPONSE:**

    The Production does not include any materials that appear responsive to this Request.

### REQUEST FOR PRODUCTION NO. 11

| |
|---|
| All Documents and Communications relating to any of Your responses to any discovery, including interrogatories and requests for admission, served upon or that will be served upon You in the above-captioned matter. |  |

**PLAINTIFF'S RESPONSE:**

    Mr. Rich addresses the deficiency of the Production in response to this Request in the response to Mr. Butowsky's interrogatory responses.

## III.   **Improper Privilege Objections**

    Mr. Butowsky objects to RFP Nos. 1–4, 7, 10–11 based on attorney client privilege or work product.

    *First*, Mr. Butowsky has waived the right to those objections by not timely raising them. *See Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *10 (objections "based on the attorney-client and attorney work-product privileges are waived" if not timely raised absent showing of good cause).

    *Second*, irrespective of the waiver, Mr. Butowsky must "file a privilege log in compliance with Fed.R.Civ.P. 26(b)(5) describing 'the nature of the documents ... not produced ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege.'" *Id.*; *see also See* Dkt. 36 (privilege log will include "a brief description of the document, where necessary"); *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009). Mr. Butowsky provided a privilege log that list five documents and provides solely their date, sender and recipient, and the subject of the communication. It does not provide a sufficient basis by which Mr. Rich can assess the applicability of attorney client privilege or work product privilege.



*Third,* based on what is present on the privilege log, it appears that Mr. Butowsky the five documents are not properly withheld.  Mr. Rich reserves all rights to challenge the impropriety of Mr. Butowsky's privilege designations, but currently lacks sufficient information to assess the applicability of any privilege.

1.  **Butowsky0001309** (███████████████████████████████████████████████
    █████):  Mr. Butowsky claims Butowsky0001309 is subject to both attorney client privilege and attorney work product.   The privilege log does not provide sufficient information to assess whether, and why, Mr. Butowsky is claiming ████████████
    █████████████████ is subject to any sort of privilege.  It also does not provide any information besides the title ██████████████████████) by which Mr. Rich can assess whether the email that Mr. Butowsky presumably forwarded ████████████ is subject to any privilege.

2.  **Butowsky0001311–1313** ████████████████████████████████████████████
    ████████████).  The privilege log does not provide sufficient information to assess whether the documents are properly withheld.  But to the extent Butowsky0001311–1313 are the same documents as those Mr. Butowsky forwarded the same day to ██████
    █████████████, Butowsky0000527, they are not properly withheld pursuant to attorney-client privilege and, even if they were, have been waived.  *See; Hodges v. Potter*, No. CIV.A. 98-1614RWR, 2005 WL 6336682, at *1 (D.D.C. Aug. 31, 2005).

3.  **Butowsky0001314** ████████████████████████████████████████████████
    ████████████████████████████).  The privilege log does not provide sufficient information to assess whether the documents are properly withheld.  The entry on the privilege log itself indicates that it is improperly withheld since it does not claim any common interest privilege between the third individual on the email, ████████████.

*Fourth,* Mr. Rich reserves the right to challenge whether Mr. Butowksy has properly withheld or may in the future withhold documents with attorneys who have previously represented him, including in the litigation that Mr. Rich's parents filed in the S.D.N.Y., by disclosing communications with third parties. *See, e.g.,* Butowsky0000344; Butowsky0000383; Butowsky0001309; Butowsky0000527; *Permian Corp. v. United States*, 665 F.2d 1214, 1219 (D.C. Cir. 1981) ("Any voluntary disclosure by the holder of such a privilege is inconsistent with the confidential relationship and thus waives the privilege."); *Minebea Co. v. Papst*, 228 F.R.D. 34, 35 (D.D.C. 2005) ("distributing otherwise privileged letters between counsel and client to third parties necessarily waives the privilege with respect to the subject matter of the disclosure").



## IV.   Improper Confidentiality Designations

Mr. Butowsky designated 150 of the total 515 (many duplicative) documents in the Production as "highly confidential" and the remaining 365 as "confidential".  It is not credible that every single document Mr. Butowsky produced merits a confidentiality designation.  Mr. Butowsky is attempting to have it both ways—shielding from the public *all* of his produced materials even though he himself has published and tweeted content directly related to the materials he now claims are deserving of confidentiality, including private phone recordings.  Mr. Rich reserves the right to challenge Mr. Butowsky's improper confidential designations.

A majority, if not all, of the 150 documents designated as "highly confidential" appear to be improperly designated as such.  The Protective Order ("PO") that the Court entered in this case defined "Highly Confidential Information - Attorneys' Eyes Only" to "mean all (b) Discovery that any Party reasonably believes to contain or reflect any highly confidential information, including but not limited to sensitive personal information, medical records, bank records, non-public personal addresses, law enforcement investigations, and matters related to national security." Dkt. 29.  But Mr. Butowksy designates material as "highly confidential" that he cannot reasonably believe to contain or reflect confidential information.  For example, Mr. Butowsky designates as "highly confidential":

The PO defines "Confidential Information" to mean "Discovery Material that any Party (a) or Third Party reasonably believes to contain or reflect private, proprietary, or sensitive information, such as non-public email addresses and non-public phone numbers." *Id.*  It is implausible that all of the remaining materials in Mr. Butowsky's Production—including blank pages, public tweets, audio recordings that he has already published publicly—deserve the confidential designation.

BOIES SCHILLER FLEXNER LLP


/s/ Meryl C. Governski
Meryl C. Governski

# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 11, 2019

Phillip Harvey
Harvey & Binnall, PLC
717 King Street, Suite 300
Alexandria, Virginia 22314
psonell@harveybinnall.com

   Re: *Rich v. Butowsky et al*, Civil Action No. 1:18-cv-00681-RJL

Mr. Harvey:

We are writing to address Mr. Butowsky's production in response to Plaintiff's First Set Of Requests for Production of Documents ("RFPs"). Specifically, we are following up on Mr. Butowsky's failure to provide any documents in response to Request No. 4, despite representations to the Court that they would be produced by September 2, 2019—well over a month ago.

As you know, during the July 31, 2019, hearing, the Court granted our motion to compel production of materials responsive to Plaintiff's RFP. And during that hearing, you made the following request to the Court regarding Request No. 4:

> The Court ordered the responses within 21 days. One of the requests deal with documents concerning what I would say is unrelated but nonetheless third-party litigation: *Chapwood Capital v. Charles Schwab*, *Butowsky v. FINRA*, and an arbitration involving Morgan Stanley and my client. ***Those documents have been requested, and the Court has just ordered me to produce them.*** . . . while I respond to the discovery within 21 days*, if I can have an additional ten days to produce that stuff, I would much appreciate it*, and I don't think it would harm anybody since the relevance of that is tangential, and I don't think it is going to result in depositions from somebody from Charles Schwab to find out if my client was alleged to have defrauded them. ***If I can have an additional ten days, that's all I'm asking for.***

ECF 75, July 31, 2019, Hearing Tr. at 11:4–12:2 (emphasis added). The Court granted your request, making production of those document due, at the very latest, on September 2, 2019. As of today, however, Mr. Butowsky has not produced a single responsive document to this request and we are now well over a month past the already-extended due date.

October 11, 2019
Page 2


Please promptly produce the materials that are now over-due.  Mr. Rich reserves all rights relating to Mr. Butowsky's ongoing refusal to meaningfully participate in discovery.


Respectfully,

/s/ Samuel Hall
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006
Phone: (202) 303-1443
Fax: (202) 303-2126
shall@willkie.com



October 2, 2019

**VIA EMAIL**
Paris R. Sorrell
Harvey & Binnall, LLP
717 King Street, Suite 300
Alexandria, Virginia 22314
psorrell@harveybinnall.com

> **Re:**   *Aaron Rich v. Butowsky, et al.* **(United States District Court for the District of Columbia)**

Ms. Sorrell:

I write to follow up on my letter dated September 13, 2019, regarding deficiencies in Defendant Edward Butowsky's production (hereinafter, "Production") in response to Plaintiff Aaron Rich's First Set of Requests for Production of Documents ("First RFP"). As a result of additional discovery we have obtained from third parties in this matter, we now know that Mr. Butowsky has failed to produce, without providing pertinent objections or explanations, a large volume of communications. Given that Mr. Butowsky is under Court order to comply with his discovery obligations, this must be remedied without delay or we will be forced to inform the Court of Mr. Butowsky's non-compliance.

Specifically, we have recently received a production from Fox News ("Fox"), which reveals that Mr. Butowsky has systematically concealed responsive communications with Fox relating to his efforts to promote his Seth Rich narrative. Fox produced ███████████ ████████████████████████████ All of these emails fall squarely within Plaintiff's First RFP. *Compare, e.g.*, First RFP No. 1 (requesting "All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, *including but not limited to* (a) *all* Communications You have had with any person or entity named in the Complaint, including but not limited to . . . Malia Zimmerman" (emphasis added)), *with* FoxNews0000173 (███████ ██████████); FoxNews0000175 (████████████████████████████████████████████████████); FoxNews0000178 █████████████████████████████████████████████████████).

According to one email Fox produced, it would appear that ███████████████████ ███████████████████████████████████████████████████ *See* FoxNews0000232 (████████████████████████████████████). As discussed in my original letter, Mr. Butowsky has long ago waived his right to assert objections or privilege and, even if his belated objections were timely, they did not include any claim of source privilege. Nor could he. *See Estate of Klieman v. Palestinian Authority*, 293 F.R.D. 235, 241 (D.D.C. 2013) ("The reporter's privilege protects a *journalist* from being compelled to disclose his or her



Edward Butowsky
October 2, 2019

sources, or information obtained from those sources." (emphasis added)).  But even assuming for
sake of argument that Mr. Butowsky could make a "reporter's privilege" claim here, he may no
longer do so, as Fox's production of 

Moreover, it has come to our attention that Mr. Butowsky has not produced a single
email from one of his email accounts.  Fox produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮ *See* FoxNews0000374 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).  Mr. Butoswky's Production does not include a single email
sent to or from Mr. Butowsky's ▮▮▮▮▮▮▮▮▮▮▮▮.  We understand that Mr. Butowsky used
that account in the past, including ▮▮▮▮▮▮▮▮▮ around the time of the publication of the now-retracted Fox
story—please advise us promptly whether a search of that account has been undertaken, what
search terms were used, and the results of said search.

Additionally, Fox's production includes 

As stated in my original letter and above, Mr. Butowsky is under a Court order to comply
with his discovery obligations and produce documents responsive to the First RFP; it is apparent
that he has failed to do so.  *See* Minute Order, Dkt. 75 at 4:24-5:12 (granting Plaintiff's Motion
to Compel with respect to documents from Mr. Butowsky).  The law requires Mr. Butowsky to
produce during discovery all documents that are responsive and non-privileged.  *See Klayman v.
Judicial Watch, Inc.*, No. CV 06-670(CKK)(AK), 2008 WL 11394169, at *4 (D.D.C. Mar. 12,
2008) ("It is for this Court to determine whether a document is relevant or privileged; Plaintiff
cannot make such determinations for himself when deciding which documents should be
produced.").

In addition to requesting that Mr. Butowsky comply with the Court's order by producing
*all* responsive materials in his custody and control, we request that Mr. Butowsky provide us a
detailed accounting of his process, including but not limited to: (1) all search terms he used;
(2) the accounts and platforms he searched (e.g. email addresses; Social Media accounts; cell
phones; applications); and (3) the specific way he performed each search.

Mr. Rich continues to reserve all rights, including to seek fees, in connection with Mr.
Butowsky's ongoing refusal to meaningfully participate in discovery.  Fed. R. Civ. P. 37.

Separately but relatedly, thank you for the September 18, 2019 letter that addressed
solely Mr. Butowsky's technical compliance with the terms of the parties' ESI Stipulation, Dkt.
36, in his Production.  We withdraw our objections regarding Mr. Butowsky's failure to produce
materials (1) with any metadata and (2) that cross-reference parent-child relationships.  However,



Edward Butowsky
October 2, 2019

as explained in our September 13 letter and acknowledged in your September 18 letter, it appears that Mr. Butowsky did not produce any documents in TIFF format as required by the ESI Stipulation.  *See* Dkt. 36 ¶¶ 9-10; *id*. at 8-12.  As such, we were required to process and convert Mr. Butowsky's production into the agreed-upon production format, and we reserve the right to seek related costs.  For future productions, we respectfully request each production be made in TIFF format.

Mr. Butowsky's Production was technically deficient in additional ways.  The ESI Stipulation requires Mr. Butowsky to provide metadata that includes labelling documents by type (with "P" for parent documents, and "C" for child documents); providing a document date for every document (this is the date sent for emails, and the latest chronologically saved date for other electronic documents, in the MM/DD/YYYY format); listing a title name for each file (which can be the same or different from the file name); and noting in the metadata where there are redactions and confidentiality designations.  Mr. Butowsky did not comply with these requirements; therefore, we were required to add the missing metadata, and we reserve our rights with respect to any associated costs incurred.

We respectfully request that Mr. Butowsky comply with the terms of the ESI Stipulation in future productions.

Respectfully,

/s/ *Meryl C. Governski*
Meryl C. Governski

BOIES SCHILLER FLEXNER LLP