# EXHIBIT 5

**From:** Eden Quainton
**To:** Joshua Riley; Meryl Governski; Michael Gottlieb; Sam Hall
**Subject:** Re: Rich v. Butowsky et al
**Date:** Monday, December 2, 2019 9:40:23 PM

---

Josh,

1. Reconsideration. I'm in no hurry to file a motion if we can work things out. My concern is that if you are dissatisfied with Mr. Couch's production, I would not want to be deemed to have waived my client's right to move for reconsideration. I spoke to Mr. Couch earlier today and he has been spending the last few days collecting everything your proposed search terms are picking up. But I wouldn't want him to be in a position where you would move for relief under Rule 37 if you are dissatisfied with his efforts. If you can assure me that will not be the case, I can hold off on filing a motion, which, as you suggest, may well become moot.

2. Butowsky production. I just spoke to OnLine Security and they have not yet received their retainer (notwithstanding the assurances that were given to me last week). I will chase the carrier tomorrow, but I don't feel comfortable giving you a date certain other than before Christmas (December 23rd). Although there are still unknowns out there, I believe the payment issues, collection, review and production can get sorted out/completed by then. That was my commitment to you when we spoke and I am working as best I can toward that goal, which, barring something unexpected, seems achievable and also gives you time to review documents before Mr. Butowsky's deposition.

3. Peter Berg. This is a sore spot with Mr. Butowsky. Mr. Berg is a very close friend and an important business associate of Mr. Butowsky and Mr. Butowsky does not see why he is being dragged into this lawsuit at all. I have a call in to Mr. Butowsky to see if your proposal is acceptable and I will revert to you once I have spoken to him.

4. AFM. I take it you oppose our proposed motion to dismiss AFM as a non-suable entity? As I mentioned, even if you seek to amend the caption to bring AFMG, Inc. into the lawsuit, the Complaint appears to be drafted on the theory that every reference to America First Media or even America First Media Group creates corporate liability for AFMG, Inc. I do not accept that theory. AFMG, Inc. has no activities, no bank account, no EIN and, contrary to your email, no officers. Bill Pierce has no involvement with AFMG, Inc. Josh was listed as an initial director but has never taken, approved, ratified or even considered any corporate action by AFMG, Inc. I think the only way forward is for us to file our motion, for you to cross-move to amend the caption, which we would then oppose and the Court can figure out who is right on this. The very first conversation I had on this case was with Michael Gottlieb several months ago and I don't think we are any closer to agreeing with each other, so here motion practice does seem unavoidable. We have certainly met and conferred in good faith. Can you confirm that you oppose our proposed motion to dismiss America First Media for lack of subject matter jurisdiction (a motion that can be made at any time)?

5. Subpoenas. I am at a bit of a loss to understand why a subpoena is being addressed to Josh Filippo. He is listed as a director of America First Media Group, Inc., but has had no involvement with the company because it has had no activities. Without conceding that AFMG, Inc. is properly in the case or that America First Media is a suable entity, Mr. Couch would appear to be a more logical spokesperson for AFMG, Inc. and is the custodian of the minimal corporate records you already have. As to Bill Pierce, he is not an officer or director

of AFMG, Inc., so I don't understand why you are issuing a subpoena to him all. To the extent you are issuing a Rule 45 subpoena, I do not recall receiving notice of such a subpoena as required. Did I miss that?

6. Amended complaint. Please let me know your position so that we can take any necessary action.

Eden

On Mon, Dec 2, 2019 at 6:49 PM Joshua Riley <jriley@bsfllp.com> wrote:

> Mr. Quainton,
>
> - With respect to your proposed motion for reconsideration of the order granting the motion to compel Mr. Couch to produce discovery (point #2 below), we would propose that you hold off on filing a motion until after Mr. Couch's production is complete, at which point the entire issue hopefully will be moot and, if it is not moot, then we can have a further discussion about next steps, including the best way to present the issues to the Court.
>
> - With respect to Mr. Butowsky's production (point #3 below), can you please give us a date by which you will commit to produce documents and a log?
>
> - With respect to the subpoena to Mr. Berg (point #4 below), we had not understood the nature of Mr. Berg's and Mr. Butowsky's relationship as you have now described it below, and we are willing to make it more clear to Mr. Berg that we are comfortable with a narrower subpoena as a result – specifically, we will inform Mr. Berg that we are seeking only documents and communications relating to the allegations in our complaint (e.g., documents discussing the Rich family, Rod Wheeler, Malia Zimmerman, James Lyons, Wikileaks, the DNC emails, etc.). We will communicate that directly with Mr. Berg, and we assume that would resolve your objection, but please let us know if that is not the case.
>
> - With respect to your request that we amend the Complaint (point #5 below), we will respond on the substance of your request in the coming days.
>
> - Finally, please be advised that we have made several attempts to subpoena AFM officers Bill Pierce and Josh Flippo, and both appear to be evading service and have indicated that they were not willing to cooperate with the process servers, despite Mr. Couch having listed them as officers of a party to this action and as individuals with relevant information. If we are unable to effect service soon, we may need to approach the court to

seek alternative means of service based on evidence of evasion. Could you please relay this matter to Mr. Couch in his capacity as the head of AFM or let us know if you would like us to do so directly? (It is our understanding that you do not represent AFM, or the AFM officers in this matter, but if that is not the case, please let us know.)

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t) 202 237.2727

jriley@bsfllp.com

www.bsfllp.com

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, December 2, 2019 9:02 AM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>; Sam Hall <shall@willkie.com>
**Subject:** Re: Rich v. Butowsky et al

Josh,

Yes, thanks, I did have a good Thanksgiving. I hope you had an enjoyable one as well.

In response to your email:

1. AFM. The issue has never been squarely put to the Court. My interpretation of the Court's decision on the Rule 60(b) motion is that the Court viewed the motion as

procedurally defective and denied it without prejudice for that reason. We believe AFM should be dismissed, which the Court can do at any time. To the extent you oppose, fine, we just need to get a ruling from the Court. We have conferred in good faith and I don't think our positions will change with further discussion.

2. Couch. I did not mean to suggest that we were not planning on honoring the agreement we reached with you earlier. I know that Mr. Couch is working diligently on collecting documents using the search terms you provided and we are working towards the Friday deadline. However, the due process point goes to whether any failure by Mr. Couch -- despite his best efforts -- to comply with the Friday deadline could result in sanctions. We do not believe it would be fair for such a failure to be a violation of a Court order that we believe was inappropriately entered. More broadly, given the flaws in the manner the order was entered, we do not believe it is fair for a sword of Damocles to be hanging over Mr. Couch's head as he attempts in good faith to meet the deadline that we have agreed upon with you. For this reason, I would like to ask the Court to reconsider its order. Again, I'm not sure how much further we can get in discussing this, but if you believe a further meet and confer would be productive, I am open to that. This afternoon (any time after 2:00 p.m.) or tomorrow before 12:00 a.m. would be best for me. I am tied up Tuesday afternoon and Wednesday on another matter.

3. Butowsky production. As I mentioned, the ESI vendor did get authorization from the carrier, but their retainer has not yet been paid. I asked them to start working before Thanksgiving, but I do not know how far they have gotten. I am following up today. December 13 does not seem realistic at this juncture, given the delay in getting the ESI vendor approved by the carrier. I also don't have any visibility on the volume of documents that will be collected and how much time the privilege review will take. In any event, I thought our agreement was that we would get you the production before Christmas, which is what we are working towards. If I misunderstood our agreement, please let me know.

4. Berg subpoena. While you are correct that a party normally does not have standing to quash a subpoena directed at a non-party, there is an established exception to this rule where the subpoena infringes on a "legitimate interest" of the movant. See, e.g., United States v. Rainieri, 670 F.2d 702, 712 (7th Cir.); Khouj v. Darui, 248 F.R.D. 729, 739 (D.D.C. 2008). Mr. Berg is a close friend of Mr. Butowsky and a long-standing business associate. Directing a subpoena to him on the basis of a handful of tangential emails is interfering with Mr. Butowsky's legitimate business interests without advancing any reasonable fact-finding purpose. Court's have held that interference with business relationships constitutes a legitimate interest conferring standing on a party to quash a third-party subpoena. See Winona PVD Coatings, LLC v. Excel Enterprises, LLC, No. 3:16-cv-19-WCL-CAN, 2016 WL 9347091, at * 3 (N.D. Ind. Apr. 18, 2016). Accordingly, Mr. Butowsky reiterates his request that you withdraw your subpoena.

5. Additional matter. There is an additional issue that needs to be addressed. The

complaint currently contains a number of baseless and false assertions derived solely from the now-dismissed complaint brought by Mr. Wheeler. Among other statements, paragraph 37 of the Complaint states that Mr. Butowsky has been "exposed" for "knowingly pushing the publication of false statements;" paragraph 76 states that Mr. Butowsky was "wiling to lie to advance his ideological narrative;" paragraph states that Mr. Butowsky "knew" statements attributed to Mr. Wheeler were "false." These allegations are lifted from claims of Mr. Wheeler that were dismissed by the Southern District. There is no longer any good faith basis to include these statements in the complaint and they should be stricken. Mr. Butowsky accordingly requests that Mr. Rich submit an amended complaint to the court excising these highly inflammatory and false statements from his complaint. If Mr. Rich is unwilling to modify his complaint, Mr. Butowsky reserves his rights to move to strike the relevant paragraphs and seek any other relief consistent with the FRCP.

Respectfully,

Eden

On Sun, Dec 1, 2019 at 6:02 PM Joshua Riley <jriley@bsfllp.com> wrote:

> Mr. Quainton,
>
> Hope you had a nice holiday. We respond below to the items you listed in your last email:
>
> 1. **Denial of previous 60(b) motion.** First, with respect to AFM, the Court has already ruled on multiple occasions that AFM is a proper defendant in this case—once in an order denying a motion to dismiss/transfer, once in an order granting a motion to compel, and once in an order denying reconsideration of the order granting the motion to compel. Are you planning to ask the court, yet again, to rule that AFM is not a proper defendant? If so, we likely would oppose the motion, and given that AFM has refused to date to participate in discovery, we also might be compelled to seek appropriate remedies, including those available under Rule 37.
>
> Second, with respect to your proposed motion concerning Mr. Couch's "due process rights," it is unclear to us what relief you would be seeking, so we cannot say whether we would consent to or oppose the motion. To date, in a spirit of cooperation with you, we have not asked the Court to hold Mr. Couch in contempt or to enter any other sanctions with respect to Mr. Couch's non-compliance with

the Court's prior order granting our motion to compel (a motion for reconsideration of which was denied). One would have thought that you would prefer to work cooperatively with us to bring Mr. Couch into compliance with the Court's order rather than re-litigate the order. But if you are suggesting that Mr. Couch will not search for and produce documents—notwithstanding your promise that he would do so by 12/6 in exchange for our agreement to your EOT request for certain discovery—and will instead seek to vacate the order requiring him to do so, then we likely would have no choice but to oppose your motion, and we might be compelled at that point to cross-move for remedies under Rule 37. It seems that the better approach for everyone would be for Mr. Couch to complete his discovery obligations by 12/6 as you had committed to doing and then we could meet-and-confer with you as to whether Mr. Couch at that point has complied with his obligations and if he has, we could discuss a potential stipulation to that effect. We'd appreciate your clarification as to what exactly you're hoping to accomplish here, including why you think a motion is needed at this point, and we'll meet-and-confer with you about it to try to avoid motions practice or to narrow the issues before the Court.

2. **Mr. Couch's Financial Disclosure**. The Court ordered Mr. Couch to submit a financial disclosure to justify his failure to appear in court on July 31. We now understand from your representations to us that Mr. Couch has not made the financial disclosure required by the Court. The record speaks for itself, and we do not intend to pursue the matter further at this point.

2. **Mr. Butowsky's Production**. Thank you for the update with respect to your efforts to secure a vendor to collect responsive documents from Mr. Butowsky. A list of search terms is attached. We note that all of the Defendants also have an obligation to supplement their searches as needed to locate and produce documents responsive to the RFPS that might not be surfaced by the search terms we provided. For example, the Defendants have referenced [REDACTED] We also note that the search terms necessarily will not surface other documents responsive to the discovery requests, such as phone records, records of business activities in DC, etc.

Relatedly, when we last met-and-conferred about document discovery issues, you committed to produce Mr. Couch's documents and log by 12/6, and we agreed to revisit a production date for Mr. Butowsky pending a report from the carrier and vendor. With that information now in hand, will you agree to produce all of Mr. Butowsky's documents responsive to Plaintiff's RFPs, along with a log of any documents being withheld, by December 13?

4. **Rule 45 Subpoena to Mr. Peter Berg**. We have served a third-party

subpoena to Mr. Berg because evidence obtained in the case indicates that he and Mr. Butowsky have communicated about issues relevant to this litigation, including but not limited to Mr. Butowsky's involvement in hiring Rod Wheeler. If Mr. Berg does not have any responsive documents, we expect that he simply would say so in response to the subpoena. In any event, Mr. Butowsky does not have standing with respect to the third-party subpoena to Mr. Berg. *See, e.g, Novak v. Capital Mgmt. & Dev. Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007); *Hard Drive Prods., Inc. v. Does 1-1,495*, No. CIV.A. 11-1741 JDB, 2012 WL 3296582, at *3 (D.D.C. Aug. 13, 2012).

Please let us know if you would like to talk further about any of these issues and, if so, some times that would work for you.

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t) 202 237.2727

jriley@bsfllp.com

www.bsfllp.com

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Wednesday, November 27, 2019 5:51 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>
**Subject:** Rich v. Butowsky et al

Josh,

There are a couple of outstanding points on our end:

1. Denial of previous 60(b) motion. It remains our position that America First Media is

not a suable entity and that the court lacks jurisdiction over America First Media. Mr. Couch's previous 60(b) motion was denied without prejudice, likely because the Court agreed with you that such a motion was not the procedurally appropriate vehicle to seek reconsideration of the Court's order. As a result, we intend to move to seek reconsideration of the Court's order (a) insofar as it was granted with respect to America First Media, which cannot be sued, and (b) insofar as it was granted without respecting Mr. Couch's due process rights.

I understand your position is that the caption can be amended, but you have not yet moved to amend the caption and we would not consent to such an amendment because we do not believe that there is a good faith basis for suing America First Media Group, Inc. for statements loosely attributed to America First Media. We have provided you with an affidavit stating that America First Media Group, Inc. has no activities, bank account or EIN and do not see how it can be responsible for statements of third parties under the circumstances.

With respect to Mr. Couch's due process arguments, while we are cooperating in good faith with you, we do not feel it is fair for Mr. Couch to be considered to be under a motion to compel that was improperly granted and we would like a ruling denying your motion.

Given the holiday and people's travel plans, I would request that you let me know by **Monday, December 2, 2019 at 12:00 a.m**. whether you will oppose our motion for reconsideration of the Court's order.

2. Mr. Couch's Financial Disclosure. I spoke with Mr. Couch this afternoon and he confirmed that the Court had told him he would be receiving a financial disclosure form that he should fill out and return to the Court. To date, Mr. Couch has not received the form. He has moved recently, so it is possible the form was sent and not forwarded. In any event, since he is now represented, is the form germane? I believe the purpose of the form was to establish his financial position for purposes of future telephonic appearances. This issue is now moot.

3. Mr. Butowsky's production. I managed to reach the carrier today and was informed that the carreir has approved the hiring of OnLine Security and the payment of their retainer. The payment will not be effected until Monday, but OnLine Security has agreed to begin coordinating with Mr. Butowsky's assistant immediately. Although I anticipate you may want to modify the search terms you provided for Mr. Couch, I instructed OnLine Security to use the Couch search terms for the time being as there will no doubt be a fair amount of overlap. To the extent there are different terms you would like us to use, please provide those to us.

4. Rule 45 Subpoena to Mr. Peter Berg. What is the basis for the issuance of a Rule 45 subpoena to Mr. Berg? Mr. Berg is one of Mr. Butowsky's closest friends and has had absolutely no involvement of any kind in anything related to the pending litigation. Mr. Butowsky is at a complete loss as to why a close personal friend would be dragged into litigation involved Aaron Rich. Accordingly, we intend to move to quash the subpoena, but would request that you withdraw it so as to make the motion unnecessary.

I do not expect an immediate response to this email given the hour and the upcoming holiday. I am travelling myself, but expect to be back by Friday afternoon.

Have a Happy Thanksgiving and we can pick up Friday afternoon or over the weekend if you would like.

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

www.quaintonlaw.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly proh bited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

--

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

www.quaintonlaw.com

--

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com