# EXHIBIT 6

| | |
|---|---|
| **From:** | Joshua Riley |
| **To:** | Eden Quainton |
| **Cc:** | Michael Gottlieb; Meryl Governski; Sam Hall |
| **Subject:** | RE: Rich v. Butowsky et al |
| **Date:** | Sunday, December 1, 2019 6:02:03 PM |
| **Attachments:** | 2019-12-01 Search Terms for E. Butowsky List.docx |

Mr. Quainton,

Hope you had a nice holiday.  We respond below to the items you listed in your last email:

1.  **Denial of previous 60(b) motion.**  First, with respect to AFM, the Court has already ruled on multiple occasions that AFM is a proper defendant in this case—once in an order denying a motion to dismiss/transfer, once in an order granting a motion to compel, and once in an order denying reconsideration of the order granting the motion to compel.  Are you planning to ask the court, yet again, to rule that AFM is not a proper defendant?  If so, we likely would oppose the motion, and given that AFM has refused to date to participate in discovery, we also might be compelled to seek appropriate remedies, including those available under Rule 37.

    Second, with respect to your proposed motion concerning Mr. Couch's "due process rights," it is unclear to us what relief you would be seeking, so we cannot say whether we would consent to or oppose the motion.  To date, in a spirit of cooperation with you, we have not asked the Court to hold Mr. Couch in contempt or to enter any other sanctions with respect to Mr. Couch's non-compliance with the Court's prior order granting our motion to compel (a motion for reconsideration of which was denied).  One would have thought that you would prefer to work cooperatively with us to bring Mr. Couch into compliance with the Court's order rather than re-litigate the order.  But if you are suggesting that Mr. Couch will not search for and produce documents— notwithstanding your promise that he would do so by 12/6 in exchange for our agreement to your EOT request for certain discovery—and will instead seek to vacate the order requiring him to do so, then we likely would have no choice but to oppose your motion, and we might be compelled at that point to cross-move for remedies under Rule 37.  It seems that the better approach for everyone would be for Mr. Couch to complete his discovery obligations by 12/6 as you had committed to doing and then we could meet-and-confer with you as to whether Mr. Couch at that point has complied with his obligations and if he has, we could discuss a potential stipulation to that effect.  We'd appreciate your clarification as to what exactly you're hoping to accomplish here, including why you think a motion is needed at this point, and we'll meet-and-confer with you about it to try to avoid motions practice or to narrow the issues before the Court.

2.  **Mr. Couch's Financial Disclosure.**  The Court ordered Mr. Couch to submit a financial disclosure to justify his failure to appear in court on July 31.  We now understand from your representations to us that Mr. Couch has not made the financial disclosure required by the Court.  The record speaks for itself, and we do not intend to

pursue the matter further at this point.

2. **Mr. Butowsky's Production.**   Thank you for the update with respect to your efforts to secure a vendor to collect responsive documents from Mr. Butowsky.  A list of search terms is attached.  We note that all of the Defendants also have an obligation to supplement their searches as needed to locate and produce documents responsive to the RFPS that might not be surfaced by the search terms we provided.  For example, the Defendants have referenced ███████████████████████████ ██████ and might not appear in the list of search terms we have provided.  We also note that the search terms necessarily will not surface other documents responsive to the discovery requests, such as phone records, records of business activities in DC, etc.

Relatedly, when we last met-and-conferred about document discovery issues, you committed to produce Mr. Couch's documents and log by 12/6, and we agreed to revisit a production date for Mr. Butowsky pending a report from the carrier and vendor.  With that information now in hand, will you agree to produce all of Mr. Butowsky's documents responsive to Plaintiff's RFPs, along with a log of any documents being withheld, by December 13?

4. **Rule 45 Subpoena to Mr. Peter Berg.**  We have served a third-party subpoena to Mr. Berg because evidence obtained in the case indicates that ████████████████████ ████████████████████████████████.  If Mr. Berg does not have any responsive documents, we expect that he simply would say so in response to the subpoena.  In any event, Mr. Butowsky does not have standing with respect to the third-party subpoena to Mr. Berg. *See, e.g, Novak v. Capital Mgmt. & Dev. Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007); *Hard Drive Prods., Inc. v. Does 1-1,495*, No. CIV.A. 11-1741 JDB, 2012 WL 3296582, at *3 (D.D.C. Aug. 13, 2012).

 Please let us know if you would like to talk further about any of these issues and, if so, some times that would work for you.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Eden Quainton [mailto:equainton@gmail.com]

**Sent:** Wednesday, November 27, 2019 5:51 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>
**Subject:** Rich v. Butowsky et al

Josh,

There are a couple of outstanding points on our end:

1.  Denial of previous 60(b) motion.  It remains our position that America First Media is not a suable entity and that the court lacks jurisdiction over America First Media.  Mr. Couch's previous 60(b) motion was denied without prejudice, likely because the Court agreed with you that such a motion was not the procedurally appropriate vehicle to seek reconsideration of the Court's order.   As a result, we intend to move to seek reconsideration of the Court's order (a) insofar as it was granted with respect to America First Media, which cannot be sued, and (b) insofar as it was granted without respecting Mr. Couch's due process rights.

I understand your position is that the caption can be amended, but you have not yet moved to amend the caption and we would not consent to such an amendment because we do not believe that there is a good faith basis for suing America First Media Group, Inc. for statements loosely attributed to America First Media.  We have provided you with an affidavit stating that America First Media Group, Inc. has no activities, bank account or EIN and do not see how it can be responsible for statements of third parties under the circumstances.

With respect to Mr. Couch's due process arguments, while we are cooperating in good faith with you, we do not feel it is fair for Mr. Couch to be considered to be under a motion to compel that was improperly granted and we would like a ruling denying your motion.

Given the holiday and people's travel plans, I would request that you let me know by **Monday, December 2, 2019 at 12:00 a.m**. whether you will oppose our motion for reconsideration of the Court's order.

2.  Mr. Couch's Financial Disclosure.  I spoke with Mr. Couch this afternoon and he confirmed that the Court had told him he would be receiving a financial disclosure form that he should fill out and return to the Court.  To date, Mr. Couch has not received the form.   He has moved recently, so it is possible the form was sent and not forwarded.   In any event, since he is now represented, is the form germane?  I believe the purpose of the form was to establish his financial position for purposes of future telephonic appearances.  This issue is now moot.

3.  Mr. Butowsky's production.   I managed to reach the carrier today and was informed that the carreir has approved the hiring of OnLine Security and the payment of their retainer.  The payment will not be effected until Monday, but OnLine Security has agreed to begin coordinating with Mr. Butowsky's assistant immediately.   Although I anticipate you may want to modify the search terms you provided for Mr. Couch, I instructed OnLine Security to use the Couch search terms for the time being as there will no doubt be a fair amount of overlap.  To the extent there are different terms you would like us to use, please provide those to us.

4.  Rule 45 Subpoena to Mr. Peter Berg.  What is the basis for the issuance of a Rule 45 subpoena to Mr. Berg?  Mr. Berg is one of Mr. Butowsky's closest friends and has had absolutely no involvement of any kind in anything related to the pending litigation.  Mr.

Butowsky is at a complete loss as to why a close personal friend would be dragged into litigation involved Aaron Rich.   Accordingly, we intend to move to quash the subpoena, but would request that you withdraw it so as to make the motion unnecessary.

I do not expect an immediate response to this email given the hour and the upcoming holiday. I am travelling myself, but expect to be back by Friday afternoon.

Have a Happy Thanksgiving and we can pick up Friday afternoon or over the weekend if you would like.

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

**SEARCH TERMS FOR ED BUTOWSKY**

1. "Couch"
2. "Lyons"
3. "Fairbanks"
4. "Howley"
5. "Hoft"
6. "Wheeler"
7. "Zimmerman"
8. "Housley"
9. "*@foxnews.com"
10. "Seth"
11. "Aaron"
12. "Mary"
13. "Joel"
14. "Julian"
15. "Assange"
16. "WikiLeaks"
17. "Powe"
18. "Ratner"
19. "Talk Media News"
20. "Kunstler"
21. "Hersh"
22. "Sy"
23. "Della Camera"
24. "DNC emails"
25. "Isikoff"
26. "Cuomo"
27. "Marraco"
28. "Spicer"
29. "Sessions"
30. "*donaldtrump.com"
31. "*.gov"
32. "White House"
33. "Kash"
34. "McInerney" and ("Rich" or "Wheeler")
35. "vmaya" and ("Rich" or "Wheeler")
36. "Peter Berg" and ("Rich" or "Wheeler")
37. "Kim Sams" and ("Rich" or "Wheeler")
38. "what" w/3 "boys did"
39. "what" w/3 "sons did"
40. "A & R"
41. "McCabe"
42. "Ebay"
43. "Dropbox"
44. "Debunking"

45. "Johnson"
46. "Binney"
47. "Loomis"
48. "Wiebe"
49. "Schoenberger"
50. "Defango"
51. "Chavez"
52. "Manuel"
53. "Manny"
54. "Flippo"
55. "Burkett"
56. "Fitzgibbons"
57.  "Shadowbox"
58. "Googie"
59. "FBI"
60. "Whysprtech*"
61. "David Edwards"