# EXHIBIT 7

| | |
|---|---|
| **From:** | Eden Quainton |
| **To:** | Joshua Riley |
| **Cc:** | Michael Gottlieb; Meryl Governski; Sam Hall |
| **Subject:** | Rich v. Butowsky -- Production |
| **Date:** | Monday, December 23, 2019 6:03:43 PM |
| **Attachments:** | GoldFynch_screenshot.pdf |

Josh,

I am writing to provide an update on where things stand with Mr. Butowsky's production. OnLine Security was substantially delayed because of the snail's pace at which State Farm makes funding decisions. OnLine Security was further delayed by technical problems in getting access to Mr. Butowsky's gmail account and only just finished upload and running the 61 search terms against the gmail account. Here is where we are:

1. <u>Primary gmail account</u>.   In running your 61 search terms against the entire contents of Mr. Butowsky's primary gmail account, a total of 6,452 documents were flagged by the search terms.  These 6,452 documents represent at total of 29,920 pages.  I am attaching a printout of an overview of the production to this email.

 I have started going through these documents, but it is a very cumbersome process.  A great many documents have nothing to do with the Rich lawsuit (for example, financial documents for clients using a client's dropbox came up as hits, as did anyone with the name Matt).   There are responsive documents but it takes approximately an hour to go through 100 documents. We are looking at approximately 60 hours of review work, before getting into the preparation of the privilege log and discussion with the client.  I had considered asking you to provide new search terms (which is an option given the volume of hits, but it may be easiest at this point to power through what I have).   It is possible the review rate will increase, as I have had to learn a new software program for the production of documents.

2. <u>Other email accounts</u>.  Mr. Butowsky has several other email accounts. Edwardbutowsky@gmail.com was discontinued before the lawsuit began. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has only a handful of documents. Mr. Butowsky has reviewed these and assures me there is nothing relevant.  This account is rarely used. I will confirm Mr. Butowsky's representation to me.  Mr. Butowsky has also used an aol account, ▮▮▮▮▮▮▮▮▮▮▮▮ and an icloud account, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but these account also have almost no documents.  I will review these to confirm.   Mr. Butowsky also has an ▮▮▮▮▮▮▮▮▮▮▮ account that is used solely for the purpose of podcasts on financial matters for clients.  Finally, Mr. Butowsky's professional emails are captured on the smarsh email system, but these emails are strictly professional and the smarsh system is used strictly for financial advisory compliance purposes.

3. <u>Cell phone and computer</u>.  Because of the delay in obtaining funding approval, OnLine security was not able to take physical possession of Mr. Butowsky's devices over Thanksgiving as hoped for.  At this point, we have decided that an OnLine security representative will travel to Texas and perform the collection on site at Mr. Butowsky's office. I am currently working on organizing this.  When the collection is complete, we will run the same search terms against the documents retrieved from the physical devices to complete the production.

I am available at your convenience to discuss this further.

Regards,

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com