# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

vs.

EDWARD BUTOWSKY, MATTHEW
COUCH, AMERICA FIRST MEDIA
and THE WASHINGTON TIMES,

    Defendants

Case No. 1:18-cv-000681

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

NOW COMES Defendant Matthew Couch and AFM, moving the Court to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction:

## INTRODUCTION

Mr. Couch is a resident of Arkansas who does not have any business relationship with the District of Columbia or its residents. The Plaintiff's COMPLAINT offers conclusory allegations of a wide-ranging conspiracy that involves one Defendant in D.C., namely *The Washington Times*, but the COMPLAINT fails to establish personal jurisdiction over Mr. Couch. According to the longstanding case law of this jurisdiction, the Court cannot assert personal jurisdiction over Mr. Couch, simply because he communicated by telephone, email, and spent 10-12 days with individuals in D.C. investigating.

- 1 -



Couch
EXHIBIT NO. 65
12-12-19
N. RIDDLE

## ARGUMENT

Under the heading of "Jurisdiction and Venue," the Plaintiff makes a boilerplate accusation against all Defendants collectively: "Defendants have regularly done or solicited business in the District of Columbia; Defendants have engaged in a persistent course of conduct in the District of Columbia; and Defendants derive substantial revenue from goods used or consumed, or services rendered in the District of Columbia." COMPLAINT 11, ¶22. These conclusory accusations are completely false with respect to Mr. Couch, *see* DECLARATION OF MATTHEW COUCH ("DECLARATION") (Exhibit 1), and they do not establish personal jurisdiction:

> On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C.Cir.1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C.Cir.2001); *see First Chi. Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988) ("[T]he general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts."). Bare allegations and conclusory statements are insufficient. *Second Amendment*, 274 F.3d at 524. Further, a plaintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any single defendant. *See Rush v. Savchuk*, 444 U.S. 320, 331–32, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980).
>
> In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. However, the court need not treat all of the plaintiff's allegations as true. *Plesha v. Ferguson*, 760 F.Supp.2d 90, 92 (D.D.C.2011). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id.* (internal quotation marks and citation omitted).

- 2 -

*Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, 135–36 (D.D.C. 2016), aff'd, 690 F. App'x 1 (D.C. Cir. 2017). The Plaintiff makes only one specific factual allegation for purposes of establishing jurisdiction over Mr. Couch, namely that Mr. Couch "encouraged the publication of defamatory content about the Plaintiff in [a] D.C.-based publication." COMPLAINT 10, ¶20. That allegation is likewise false, and it fails as a matter of law to establish jurisdiction over Mr. Couch.

I have also included an attachment of Civil Action No. 07-0785 (RCL). July 24, 2008. Shirlington Limousine and Transportation, Inc. vs The SAN DIEGO UNION-TRIBUNE. Where Chief Judge Royce C. Lamberth held that the court did not have personal jurisdiction over newspaper.

## CONCLUSION

This Court lacks personal jurisdiction over Mr. Couch and the claims against him should be dismissed with prejudice.

Respectfully submitted,

**Matthew Couch and AFM**
Matthew Couch
2300 W. Ash St.
Rogers AR 72756

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

vs.

EDWARD BUTOWSKY, MATTHEW
COUCH, AMERICA FIRST MEDIA and
THE WASHINGTON TIMES,

    Defendants

Case No. 1:18-cv-000681

## DECLARATION OF AFM & MATT COUCH

My name is Matthew Couch, I am greater than 18 years of age and competent to testify, and I do testify as follows under penalty of perjury under the laws of the United States, as witnessed by my signature below:

(1) I am a defendant in the case identified above.

(2) I am a resident of Rogers, Arkansas, where I work as a Independent Journalist.

(3) I do not conduct any business in the District of Columbia, nor do I have any clients in the District of Columbia. In the last year and a half Defendants AFM & Mr. Couch have spent 10-12 days in the D.C. Metro area.

(4) Paragraph 34 states that Defendant Butowsky and I were talking as of May 23, 2017 Fox News retraction of the story. This is completely false, we didn't talk until the first to second week in August. Phone records, and other means will prove that.

(5) Defendants AFM and Mr. Couch never mentioned Aaron Rich and Wikileaks together until having conversations in early August of 2017 with Defendant Butowsky. Any statements made after intel was given to AFM and Mr. Couch were from our source Defendant Butowsky. Per Paragraph 1

(6) Paragraph 6 states that AFM and Mr. Couch started talking to Defendant Butwosky in early summer. This is false, AFM and Mr. Couch never spoke to Defendant Butowsky until early August of 2017.

- 1 -

(7) Paragraph 7; Statements that AFM and Mr. Couch made in regards to Plaintiff were from our source Defendant Butowsky.

(8) Paragraph 8, After receiving the letter from Plaintiff, AFM, and Mr. Couch avoided using Plaintiff's name, and have since stopped using his name going forward.

(9) Paragraph 9, AFM, and Mr. Couch have never had any contacts or dealings with the Washington Times whatsoever.

(10) Paragraph 10 is completely false. AFM, and Mr. Couch with our Licensed Private Investigators and LEO's have worked on the multiple cases over the past year.
   a) Las Vegas Shooting
   b) Lori Klausutis
   c) Shawn Lucas
   d) Reporting News and Current Events.

   We have never sold any merchandise with the name Seth Rich or Aaron Rich on it. That statement is completely fabricated and false. Our Merchandise has the America First Media logo, and #FactsOverFeelings on the T-Shirts. We've sold less than 200 shirts in a year.

11) AFM, and Mr. Couch adamantly believe that we are not propagating lies as per statement in paragraph 12.

(12) Paragraph 21, where it states Defendant Couch tweeted "On the road" and it triggered safety concerns for plaintiff? This is a ridiculous statement as we have had zero contact with Plaintiff. AFM nor Mr. Couch has never even tweeted to or at Plaintiff, nor do we even know his Twitter handles. We also do not follow Plaintiff, or any of his immediate family members on social media. AFM, nor Mr. Couch has any control over Mr. Rich's following of our accounts, Twitter has a block and mute button for a reason.

   a) Where in paragraph 21 it states what a supposed follower stated. That statement is also taken out of context, as that person was referencing Jack Burkman, not Aaron Rich. Which we will prove with documentation.

(13) Paragraph 33 is also false. We had never talked to Defendant Butowsky in July of 2017.

14) Paragraph 34, also false. States we were in contact with Defendant Butowsky in May of 2017. AFM, Mr. Couch, and Defendant Butowsky never spoke until August 2017.

(15) Paragraph 36 is also False. An August 1st, 2017 article by Cassandra Fairbanks of Big League Politics stated where Aaron Rich worked and his security clearance. Aaron's LinkedIn Profile also stated this publicly, as well as the Jewish Free Press, and the website Reddit.

- 2 -

(16) Paragraph 37, also adamately false. Defendants Couch & AFM were referring to Private Investigator Rod Wheelers statements that Aaron Rich was trying to silence the investigation.

(17) Paragraph 38, we have zero control over what alleged followers may or may not have stated. We can only control what Defendants AFM & Mr. Couch do.

(18) Paragraph 46, Defendants AFM & Mr. Couch have no control over what other users say on social media. We have never condoned this type of behaviour. In fact Defendant's have thousands of accounts they've blocked for said behaviour.

(19) Any information stated in paragraph 50 by Defendants Couch & AFM was via our source Defendant Butowsky.

(20) Paragraph 55 is blatantly false yet again. Plaintiff's employment information was readily available on LinkedIn, Reddit, Jewish Free Press, and in a August 1st, 2017 Big League Politics article written by Cassandra Fairbanks.

(21) Paragraph 56 is blatantly false. Defendants AFM & Mr. Couch investigate multiple cases, we have never sold Seth Rich or Aaron Rich merchandise, we travel all over the Nation investigating and reporting.

(22) Paragraph 57, see Paragraph 56, and also note in the past year Defendants AFM & Mr. Couch have been to the following locations in one year.

a) Washington, D.C. x 2
b) Dallas, TX x 3
c) Tulsa, OK x 3
d) Florida x 1
e) Las Vegas, NV x 3
f) Baltimore, MD x 1
g) Omaha, NE x 1

(23) Paragraphs 58 and 59. See #22 of our Statement. Mr. Couch also works Full Time on Reporting, Writing Articles, Podcasts, Investigation, and other AFM duties.

(24) Paragraph 60 is also fallacy. Defendants AFM & Mr. Couch have never sold Seth Rich related merchandise, nor anything related to Aaron Rich. Per the picture in lawsuit, you'll notice shirts have AFM logo and #FactsOverFeelings on them.

(25) Paragraph 61, Defendants AFM & Mr. Couch have never used online advertising to monetize the name Aaron Rich. Such a statement is completely false.

(26) Paragraph 62 is also False and completely inaccurate. Defendant's Mr. Couch & AFM are permanently ineligible for the Super Broadcaster program on Periscope.

- 3 -

(27) Paragraph 67 is completely false. Defendants AFM & Mr. Couch do not even know Plaintiff's Twitter handles.

(28) Paragraph 80 is pure speculation. Plaintiff has no proof what causes social media growth for Defendants AFM or Mr. Couch.


THE DECLARANT SAYS NOTHING FURTHER.

May 17, 2018

                                         Matthew C. Couch & AFM

- 4 -