# EXHIBIT 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH    Case No. 1:18-cv-00681-RJL
              Honorable Richard J. Leon

Plaintiff,

V.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

### RESPONSES AND OBJECTION TO PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS OF DEFENDANT MATTHEW COUCH[1]

Defendants Matthew Couch ("Defendant"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby respond to the Request for Production of Plaintiff Aaron Rich ("Plaintiff") as follows.

**GENERAL OBJECTIONS**

1. Defendant objects to the Instructions to the extent they seek to impose obligations on Defendants in excess of that required by the Federal Rules of Civil Procedure.

2. Defendant objects to the Document Requests to the extent that each calls for the production of information, documents or things protected by the attorney-client and/or work-product privilege.

---

[1] I was assisted in preparing these responses by Eden P. Quainton, a New York attorney who is in the process of finalizing his application for admission to the Bar of the District Court for the District of Columbia.

3. Defendant objects to the Document Requests to the extent each calls for the production of information, documents or things protected by the spousal privilege.

4. Defendant objects to the Document Requests to the extent they seek information, documents, or things not presently in the possession or control of Defendants.

5. Any response stating the documents response to the Document Requests will be produced means documents will be produced only the extent such documents, in fact exist. Moreover, to the extent a document is responsive to more than one Document Request, it will be produced only in response to a single Document Request.

6. Defendant objects to each Document Request that seeks information that may be obtained from documents containing both discoverable and non-discoverable information. Defendants reserve the right to redact documents and produce such redacted documents in response to any Document Request.

7. Defendant objects to each Document Request to the extent that each seeks production of documents or things that are not relevant to the pending claims, defenses or counterclaims.

8. Defendant hereby reserves his rights to amend the responses in the event additional information is obtained or in the event of error or inadvertent mistake or omissions.

9. Defendant does not concede that to the extent it produces documents pursuant to these requests that such documents are relevant to the action or should otherwise be admissible at the trial of this matter. Nothing contained in these objections and responses is intended to be, or shall be deemed a waiver of such objection. Defendant also reserves the right to object to further discovery in the subject matter of the requests.

10. Defendant's responses and further objections to the Document request follow; each is deemed to incorporate the foregoing general objections.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, and Rod Wheeler and (b) all Communications relating to the Rich Family that You have had with any person or entity.

**RESPONSE**:

Defendant objects to this Request as overly broad, unduly burdensome and to the extent it seeks privileged documents. Defendant further responds to this Request to the extent it seeks irrelevant information. Communications concerning the Rich family and the other named individuals do not necessarily have any relationship to the allegations in the Complaint. Subject to these and Defendants' General Objections, Defendant will produce non-privileged documents responsive to the non-objectionable scope of this Request to the extent such documents exist, are within Defendant's possession, custody and control and have been located after a reasonable search of the location or locations where responsive documents are likely to be located.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the Complaint, including but not limited to Documents and Communications relating to any investigation into the truth or falsity of the Statements.

**RESPONSE**:

Defendant objects to this request as overly broad, unduly burdensome and to the extent it seeks privileged documents. Many of the alleged statements in the Complaint speak for themselves or have no possible relationship to any potential cause of action against Defendant. Subject to these

2

and Defendants' General Objections, Defendant will produce non-privileged documents responsive to the non-objectionable scope of this Request to the extent such documents exist, are within Defendant's possession, custody and control and have been located after a reasonable search of the location or locations where responsive documents are likely to be located.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of all Documents relating to Seth Rich and/or Aaron Rich that have at any time been posted any website or Social Media account under Your ownership, custody or control, including but not limited to https://af-mg.com/ and https://www.americafirstmg.com.

**RESPONSE**:

Defendant objects to this request as overly broad, unduly burdensome and to the extent it seeks privileged documents. Production of Defendant's social media files involves the downloading, storing and transmitting of thousands of pages of documents that are readily accessible by Plaintiff and his attorneys, for whom the cost of downloading such documents is insignificant. Defendant further request to this Request to the extent it seeks irrelevant information. Subject to these and Defendants' General Objections, Defendant will produce non-privileged documents responsive to the non-objectionable scope of this Request to the extent such documents exist, are within Defendant's possession, custody and control and have been located after a reasonable search of the location or locations where responsive documents are likely to be located.

**REQUEST FOR PRODUCTION NO. 4:**

Mobile phone records sufficient to show all phone numbers and providers You used at any time since January 1, 2016 and all Documents, including mobile phone billing records, showing the calls You made or received since January 1, 2016 relating to the allegations in the Complaint.

**RESPONSE**:

Defendant objects to this request as overly broad, unduly burdensome and to the extent it seeks privileged documents. Defendant further objects that this request is irrelevant.

3

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

**RESPONSE**:

Defendant objects to this request as overly broad and to the extent it seeks privileged documents. Subject to these and Defendants' General Objections, Defendant will produce non-privileged documents responsive to the non-objectionable scope of this Request to the extent such documents exist, are within Defendant's possession, custody and control and have been located after a reasonable search of the location or locations where responsive documents are likely to be located.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to any of Your responses to any discovery served or that will be served upon You in the above-captioned matter.

**RESPONSE**:

Defendant objects to this request as overly broad, unduly burdensome and to the extent it seeks privileged documents. Defendant further request to this Request to the extent it is vague and ambiguous and seeks irrelevant information.

*Matthew Couch*
Matthew Couch, *pro se*
4000 S Dixieland A-201 Rogers, AR 72758
mattcouch@af-mg.com
[479-601-9740]

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2019, a copy of the foregoing was served by agreement by electronic mail on the foregoing:

Joshua Riley
Meryl C. Governski
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, N.C
Washington, DC 2005
jriley@fsflip.com
mgovernski@bsflip.com

Micahel J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
1875 K. Street, N.W.
Washington, D.C. 20006
mgottlieb@willkie.com

Philip Harvey
Harvey & Binnalli, PLLC
717 King Street, Suite 300
Alexandria VA 22314
United States of America
pharvey@harveybinnal.com

                                      *Matthew Couch*_____
                                      MATTHEW COUCH, *pro se*
                                      4000 S Dixieland A-201
                                      Rogers, AR 72758

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH                                                    Case No. 1:18-cv-00681-RJL
                                                              Honorable Richard J. Leon
Plaintiff,

V.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

## RESPONSES AND OBJECTION TO PLAINTIFF'S REQUEST
## FOR THE PRODUCTION OF DOCUMENTS OF
## DEFENDANT AMERICA FIRST MEDIA

Defendant Matthew Couch ("Defendant"), on behalf of the name "America First Media" listed as a Defendant in the above-captioned action, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to the Request for Production of Plaintiff Aaron Rich ("Plaintiff") as follows.[1]

**GENERAL OBJECTIONS**

1.      Defendant objects to each Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond to the Document Requests.

2.      Defendant objects to the Instructions to the extent they seek to impose obligations on Defendants in excess of that required by the Federal Rules of Civil Procedure.

---

[1] I was assisted in preparing these responses by Eden P. Quainton, a New York attorney who is in the process of finalizing his application for admission to the Bar of the District Court for the District of Columbia.

3. Defendant objects to the Document Requests to the extent that each calls for the production of information, documents or things protected by the attorney-client and/or work-product privilege.

4. Defendant objects to the Document Requests to the extent each calls for the production of information, documents or things protected by the spousal privilege.

5. Defendant objects to the Document Requests to the extent they seek information, documents, or things not presently in the possession or control of Defendants.

6. Any response stating the documents response to the Document Requests will be produced means documents will be produced only the extent such documents, in fact exist. Moreover, to the extent a document is responsive to more than one Document Request, it will be produced only in response to a single Document Request.

7. Defendant objects to each Document Request that seeks information that may be obtained from documents containing both discoverable and non-discoverable information. Defendants reserve the right to redact documents and produce such redacted documents in response to any Document Request.

8. Defendant objects to each Document Request to the extent that each seeks production of documents or things that are not relevant to the pending claims, defenses or counterclaims.

9. Defendant hereby reserves its rights to amend the responses in the event additional information is obtained or in the event of error or inadvertent mistake or omissions.

10. Defendant does not concede that to the extent it produces documents pursuant to these requests that such documents are relevant to the action or should otherwise be admissible at

the trial of this matter. Nothing contained in these objections and responses is intended to be, or shall be deemed a waiver of such objection. Defendant also reserves the right to object to further discovery in the subject matter of the requests.

11. Defendant's responses and further objections to the Document request follow; each is deemed to incorporate the foregoing general objections.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, and Rod Wheeler and (b) all Communications relating to the Rich Family that You have had with any person or entity.

**RESPONSE**: Defendant objects to this Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications supporting or refuting or otherwise referring to the facts upon which you relied for any Statement attributed to You in the Complaint, including but not limited to Documents and Communications relating to any investigation into the truth or falsity of the Statements.

**RESPONSE**: Defendant objects to this Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of all Documents relating to Seth Rich and/or Aaron Rich that have at any time been posted any website or Social Media account under Your ownership, custody or control, including but not limited to https://af-mg.com/ and https://www.americafirstmg.com.

**RESPONSE**:  Defendant objects to this Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications relating to Your fundraising efforts and Your use and disposition of funds raised through such fundraising efforts.  This Request includes, but is not limited to, Documents and Communications relating to funds received via PayPal, Fundly, GoFundMe, Patreon or any other online fundraising platform and funds received from sales of merchandise including but not limited to on https://teespringcom/stores/americafirstmedia or https://greatamericanera.com/products/america-first-media-group.

**RESPONSE**:  Defendant objects to this Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and Communications relating to AFM's formation, incorporation, and non-profit status, including but not limited to Your articles of incorporation, by-laws, any any [sic] reports filed with state or federal agencies.

**RESPONSE**:  Defendant objects to this Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond.  An entity named America First Media Group, Inc. was created in 2017 and has been dormant since.  The sole initial incorporator was Matthew Couch and there have been no changes in shareholdings since the company's incorporation.  Subject to the General Objections, Defendant Matt Couch is producing non-privileged documents responsive to the non-objectionable scope of this Request to the extent such documents exist, are within Defendant Matt Couch's custody or control, and are located at locations where responsive documents are likely to be located.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

**RESPONSE**:  Defendant objects to this Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to any of Your responses to any discovery served or that will be served upon You in the above-captioned matter.

**RESPONSE**:  Defendant objects to this Document Request on the grounds that America First Media is not a suable entity and has no obligation to respond.

*Matthew Couch*
Matthew Couch, *pro se*
4000 S Dixieland A-201 Rogers, AR 72758
mattcouch@af-mg.com
[479-601-9740]

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2019, a copy of the foregoing was served by agreement by electronic mail on the foregoing:

Joshua Riley
Meryl C. Governski
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, N.C
Washington, DC 2005
jriley@fsflip.com
mgovernski@bsflip.com

Micahel J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
1875 K. Street, N.W.
Washington, D.C. 20006
mgottlieb@willkie.com

Philip Harvey
Harvey & Binnalli, PLLC
717 King Street, Suite 300
Alexandria VA 22314
United States of America
pharvey@harveybinnal.com

                                              *Matthew Couch*_____
                                              MATTHEW COUCH, *pro se*
                                              4000 S Dixieland A-201
                                              Rogers, AR 72758