# EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

**DEFENDANT MATTHEW COUCH'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT MATTHEW COUCH**

Defendant Matthew Couch ("Defendant") for his response to Plaintiff First Set of Interrogatories to Defendant Matthew Couch (the "Interrogatories") states the following:

1. Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome and oppressive, seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and seek information beyond that permitted by the Federal Rules of Civil Procedure.

2. Defendant objects to the Interrogatories to the extent that they contain words or phrases that are confusing or lacking in sufficient certainty to permit response. In their responses below, Plaintiffs respond to the extent they understand the Interrogatories.

3. Defendant objects to the Interrogatories to the extent they seek information protected by Federal Rule of Evidence 408, the attorney-client privilege, work product or any other applicable privilege.

4. Defendant reserves the right to modify, amend and/or supplement their responses.

Page 1 of 9



All responses given below incorporate and are subject to the General Objections above, and no response given by Plaintiffs shall be deemed to constitute a waiver of any of these objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1**: Describe in detail all Communications You have had with Butowsky, including but not limited to: when each such Communication occurred; if in person, where each such Communication occurred; if not in person, by what methods each such Communication occurred; how and by whom each such Communication was initiated; and what was said by whom during each such Communication. For avoidance of doubt, Your answer to this interrogatory shall include details with respect to: the first conversation You had with Mr. Butowsky; any Communications You had with Mr. Butowsky prior to the August 15, 2017 Periscope as described in the Complaint in paragraphs 39-43; discussions related to the publication and/or retraction of The Washington Times article as described in the Complaint in paragraphs 70-75; conversations about the letter Mr. Rich sent to You personally ("Mr. Rich's Letter") that you read aloud during a January 17, 2018 Periscope (as described in the Complaint in paragraph 69), and during which You stated "that was Ed trying to call"; and any meeting(s) You attended at Defendant Butowsky's residence in Texas at which Thomas Shoenberger, Manuel Chavez, and perhaps others were present.

**RESPONSE:** Defendant hereby incorporates the General Objections stated above as if set forth in full herein. Defendant objects to this Interrogatory as overbroad and seeking irrelevant information. Subject to the foregoing objection, Defendant first spoke to Ed *Butowsky* in August of 2017 and spoke to him twice before the August 15, 2017 periscope. Defendant does not recall all the details of those two conservations. Defendant remembers that Ed informed him:

Page 2 of 9

that Ed knew Seth and Aaron had leaked DNC emails to Wikileaks; that Ed had had discussions with Mary & Joel Rich who had informed him they knew what Seth and Aaron had done but wanted Seth's murder solved; that Aaron had received money from Wikileaks; that Ed had offered to cover the costs of a private investigator to research Seth's murder and was surprised when parents the parents accepted his offer; that the parents had interviewed a number of potential investigators and then chose Rod Wheeler; that Ed and Rod were at odds, but that Ed thought Rod had done a good job in his investigation.

Defendant has never had any communications with anyone at The Washington Times. Defendant does not recall the details of any specific communication about the publication of the Washington Times article. Defendant does not remember the specifics of any conversations about the article after it was published, except that conveyed to various people that he was upset he had not received credit for his work on the Seth Rich murder investigation. Defendant does not recall the specifics of any conversation regarding the retraction of the article, other than that he may have used a profanity to describe the decision taken by the Washington Times. The only communication Defendant recalls with Ed about the letter Aaron sent him was Ed saying to him over the phone that Ed did not feel that the letter was written by Aaron himself, but had been drafted by Brad Bauman.

Defendant attended one meeting in September of 2017 at Ed Butowsky's house in Plano, Texas. Defendant took Josh Flippo with him. Defendant did not know Thomas's last name until the third-party subpoenas were issued. Defendant knew Manny as Defango and had heard of him from his online postings. Defendant did not know either of these two until the meeting at Ed's home. Defendant went to Ed's home because Ed said he had information on Seth Rich. Defendant gave an update on his investigation of Seth Rich. Ed discussed unrelated

investigations he had worked on in the past. The only things Defendant remembers Ed saying about Aaron Rich is that Ed was adamant that Aaron was involved in the leak of emails with his brother, that Aaron had received money from Wikileaks and that the parents knew what their boys had done.

After the meeting in September, Defendant had a phone conversation with Ed in December of 2017 at which Ed told Defendant that he had first heard of Aaron and Seth's involvement in the leak of the DNC emails from Ellen Ratner, whose brother was Julian Assange's attorney.

After Aaron's lawsuit was filed, Defendant did not know whether he should communicate with Ed, who tried to reach him a number of times, but Defendant did not return his call. Defendant has recently discussed the possibility of joint representation with Ed.

In addition, Defendant and Ed have exchanged a number of emails and text messages that have been separately produced.

**Interrogatory No. 2**: Identify and describe in detail all evidence on which You relied to support any and all Statements attributed to You in the Complaint, including that Mr. Rich was involved in the theft of DNC emails and the transmittal of said emails to WikiLeaks in exchange for money, and provide all details regarding the attempts, if any, You took to examine or independently confirm the veracity of such evidence.

**RESPONSE:** Defendant hereby incorporates the General Objections stated above as if set forth in full herein. Defendant further objects to this Interrogatory as overbroad and seeking irrelevant information. Defendant further objects that many statements in the Complaint speak for themselves. Subject to the foregoing objections, relevant statements in the complaint were based on communications with Ed Butowsky discussed above; an audio recording of Seymour Hirsch;

communications with a former navy intelligence officer who has requested anonymity; Rod Wheeler; and publicly available information.

Ed Butowsky is a respected wealth manager with a history of breaking important news stories. Seymour Hersh is one of the great investigative journalists in American history who has won two National Magazine Awards and five George Polk Awards, and was awarded the Pulitzer Prize for his reporting on the My Lai massacre in Vietnam. Rod Wheeler is a career Washington D.C. police officer ideally placed to assist in the investigation of Seth Rich's murder who was also chosen by the family. Defendant subsequently learned that Ellen Ratner and Kim Dotcom possess additional information corroborating his reporting. Defendant has also learned that Adam Carter confirms the leaked DNC emails were locally downloaded and not remotely hacked. Defendant is also aware that Christopher Steele's "dossier" asserts that DNC insiders were involved in the leak of Wikileaks emails.

**Interrogatory No. 3**: Explain whether, and if so when and why, You began to doubt the evidence described in the foregoing Interrogatory. Your answer to this Interrogatory shall address any information provided to You by Butowsky and shall specifically address whether and how You took into account Butowsky's role in the publication of the now-retracted May 17, 2017 Fox News article about Seth Rich and the now-retracted article in The Washington Times as described in the Complaint in paragraphs 70-75.

**RESPONSE:** Defendant hereby incorporates the General Objections stated above as if set forth in full herein. Defendant further objects to this Interrogatory as seeking a legal conclusion. Defendant further object to this Interrogatory as vague and ambiguous. Subject to the foregoing objections, Defendant refers to his response to Interrogatory No. 2.

**Interrogatory No. 4**: Identify and describe in detail all evidence of which You are or have been aware that contradicted and/or discredited the Statements attributed to You in the Complaint, and provide details regarding the attempts, if any, You took to examine such evidence. Your answer to this interrogatory shall specifically address whether and how You considered: Mr. Rich's Letter denying the Statements; Mr. Rich's decision to file a lawsuit contesting the truth of Your Statements; various retractions of statements similar to Your Statements including but not limited to those by The Washington Times, InfoWars, and Jerome Corsi; the conclusions of the Intelligence Community regarding Russia's responsibility for the theft and hack of DNC emails; and the finding by Special Counsel Robert Mueller that WikiLeaks and Julian Assange "implied falsely" that Mr. Rich's brother, Seth, had been the "source of the stolen DNC emails."

**ANSWER**: Defendant hereby incorporates the General Objections stated above as if set forth in full herein. Defendant further objects to this Interrogatory as improperly attempting to shift Plaintiff's burden of proof to him. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. There are vast amounts of unreliable and incorrect information purporting to contradict the statements he has made. Defendant does not believe this information discredits the statements he has made.

**Interrogatory No. 5**: State whether You continue to believe, and if so the basis for Your belief, that Plaintiff Aaron Rich 1) was involved in the theft of the DNC emails and 2) transmitted said emails to WikiLeaks in exchange for money from WikiLeaks.

**RESPONSE**: Defendant hereby incorporates the General Objections stated above as if set forth in full herein. Defendant further objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 4. Subject to the foregoing objections, Defendant continues to believe that

Plaintiff was involved in the leak of DNC emails to Wikileaks and received compensation for said emails. The basis for Defendant's belief is set forth in his response to Interrogatory No. 2.

**Interrogatory No. 6**:

Quantify and explain viewing metrics for all Your Statements on Social Media from the date of original publication through today, including reach, count, page visits, posts, shares, time spent, and impressions.

**ANSWER:** Defendant hereby incorporates the General Objections stated above as if set forth in full herein. Defendant further objects object to this Interrogatory as irrelevant.

Dated: New York, New York
September 27, 2019

                                                 **QUAINTON LAW, PLLC**

                                                 _s/ Eden Quainton_
                                                 EDEN P. QUAINTON, ESQ.

                                                 1001 Avenue of the Americas, 11th Floor
                                                 New York, New York 10018
                                                 Telephone: (212) 813-8389
                                                 E-mail: equainton@gmail.com
                                                 _Attorneys for Defendant Matthew Couch_[1]

---

[1] Defendant Mathew Couch has retained Mr. Quainton as his attorney who intends to enter an appearance on his behalf. Mr. Quainton's first application for admission to the Federal District Court for the District of Columbia was rejected because Mr. Quainton's proposed sponsor was a member of the D.C. bar, not the District Court Bar. Mr. Quainton's second proposed sponsor was hospitalized the day before the filing deadline for admission applications and before he could execute a sponsoring affidavit. Mr. Quainton is currently exploring seeking admission pro hac vice or renewing his application for admission to the District Court bar.

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, a copy of the foregoing was served by agreement by electronic mail on the foregoing:

Joshua Riley
Meryl C. Governski
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, N.C
Washington, DC 2005
jriley@fsflip.com
mgovernski@bsflip.com

Micahel J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
1875 K. Street, N.W.
Washington, D.C. 20006
mgottlieb@willkie.com

Philip Harvey
Harvey & Binnalli, PLLC
717 King Street, Suite 300
Alexandria VA 22314
United States of America
pharvey@harveybinnal.com

QUAINTON LAW, PLLC

/s/ Eden Quainton
EDEN P. QUAINTON, ESQ.

1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendant Matthew Couch*

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

## VERIFICATION OF INTERROGATORY ANSWERS

I, Mathew Couch, verify that I have read the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant Matthew Couch and that the answers contained therein are true and correct to the best of my information, knowledge, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2019

MATTHEW COUCH
4000 Dixieland A-201
Rogers, AR 72758

2