**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>                Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>                Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Enforce the Court's Order Requiring Defendant Couch to Produce Documents and to Remedy Defendant Couch's Refusal to Answer Questions During His Deposition ("Motion"), it is hereby ORDERED that:

Plaintiff's Motion is GRANTED;

Defendant Couch immediately shall produce all relevant documents, including those he is withholding on the basis of the purported reporter's privilege; and

Defendant Couch shall, within 24 hours of this Order, inform Plaintiff's counsel as to whether Defendant Couch (A) elects to sit for three-and-a-half additional hours of deposition testimony at Defendant Couch's (or his counsel's) expense, which expense shall include all costs and attorneys' fees required for the deposition, or (B) stipulates to the following facts in which case Plaintiff and Defendant Couch shall file with the Court a notice of such stipulation:

1. Defendant Couch does not rely on any of the individuals or "sources" referenced, whether by name or not, in lines 21 to 31 of Defendant Couch's December 6, 2019 privilege log, including but not limited to Tore Lindeman, ███████, and Defendant Butowsky, as having provided to Defendant Couch any evidence or

       basis whatsoever for Defendant Couch to believe, or not have substantial doubts as to the truth of, any of Defendant Couch's statements about Plaintiff, and Defendant Couch does not rely on any such individuals or "sources" as having provided evidence of Defendant Couch's lack of negligence or malice in making statements about Plaintiff.

2. At no point during Defendant Couch's August 2017 conversations with Defendant Butowsky did Defendant Butowsky mention the name Ellen Ratner or mention to Defendant Couch that Defendant Butowsky had a source who had spoken with Mr. Assange.

3. At no point during Defendant Couch's August 2017 conversations with Defendant Butowsky did Defendant Butowsky mention having overheard a telephone conversation between Mr. Assange and any third-party.

4. At no point during Defendant Couch's August 2017 conversations with Defendant Butowsky did Defendant Butowsky say that either Joel Rich or Mary Rich had told him that they knew what their sons did, or anything that could be construed as such.

5. When Defendant Couch provided information about Seth Rich's murder to the United States House of Representatives' Intelligence Committee, Defendant Couch provided that information only to Republican staff and not to Democratic staff.

SO ORDERED.

ENTERED this _____ day of _____, 2020

                                                                  _____
                                                                  Judge Richard J. Leon
                                                                  U.S. District Court for the District of Columbia

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

In accordance with LCvR 7(k), listed below are the names and addresses of the attorneys and parties entitled to be notified of the proposed order's entry:

Joshua P. Riley
Meryl C. Governski
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

Michael J. Gottlieb
Willkie Farr Gallagher LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 813-8389
(212) 813-8390 facsimile

*Attorney for Defendants Matthew Couch and Edward Butowsky*

America First Media
2300 West Ash Street
Rogers, AR 72758

*Pro Se*