UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,                                         Case No. 1:18-cv-00681-RJL
                                                    Honorable Richard J. Leon
Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

## DEFENDANTS' MOTION FOR ISSUANCE OF A LETTER REQUEST TO TAKE DEPOSITION OF JULIAN ASSANGE

EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendant Edward Butowsky and Matthew Couch*

Plaintiff Aaron Rich alleges that Defendants Ed Butowsky and Matt Couch defamed Mr. Rich by stating that Mr. Rich and his brother, Seth Rich, downloaded documents from the Democratic National Committee ("DNC") and provided those documents to WikiLeaks, and that Aaron Rich sought to block inquiry into his brother's tragic murder.  Plaintiff appears to believe that documents such as the Intelligence Community Assessment of January 6, 2017, *see* Declaration of Eden P. Quainton, dated January 6, 2020 (the "Quainton Decl."), Ex. 1. (the "ICA Report"), and Volume I of the report of the special counsel, Robert Mueller, dated March 2019, Quainton Decl. Ex. 2 (the "Mueller Report"), bolster his view that it is a "conspiracy theory" to deviate from the "official" narrative that Russian military intelligence using the Guccifer 2.0 persona remotely hacked into the DNC and exfiltrated documents to Wikileaks to damage Hilary Clinton.  Dkt. 89, n. 5; Dkt. 91, n.5

But this motion comes to the Court at a time when the "official" narrative into the origins of the Russia investigation is under increasing scrutiny.  The Inspector General of the Department of Justice, Michael E. Horowitz, has completed his <u>Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation</u>, Quainton Decl. Ex. 3 (the "Inspector General's Report").  The Inspector General's Report has concluded, among other things, that FBI agents involved in the Russia Investigation were guilty of "intentionally withholding information", p. 399, failing to provide "satisfactory explanations for. . .missing information," p. xiii, "factual misstatements," 377, "errors, omissions. . .mischaracterizations, *id.* and "providing inaccurate and incomplete information," *id.*  Crucially for present purposes, the Inspector General's Report expressly found that the Russian hacking narrative formed the essential background to the opening of the Russia investigation: "William Priestap also told us that the combination of the FFG information [relating to George Papadopolous] and the FBI's

1

ongoing cyber intrusion investigation of the DNC hacks created a counterintelligence concern

that the FBI was 'obligated' to investigate." Inspector General's Report at 53. Indeed, the

information relation to Papadopolous was only a "tipping point" because of the pre-existing

assessment of Russian hacking of the DNC. *Id.* Yet this assessment cannot be taken at face

value, given that the Crossfire Hurricane team making this assessment was willing to provide

"inaccurate and incomplete information" to a FISA court, mischaracterize facts and intentionally

withhold information, as noted above. Publicly available information indicates the FBI has in

fact known all along that the alleged "hack" of the DNC emails was an internal leak and that

Seth Rich was involved in this leak. *See* Complaint, ¶ 32 and n. 7 (referencing publicly available

extract from audio of Pulitzer Prize winning journalist, Sy Hersh, discussing FBI report

confirming Seth Rich communication with Wikileaks, transmission of emails and request for

payment). Moreover, the Attorney General and the U.S. Attorney for Connecticut have begun a

wide-ranging criminal inquiry into the origins of the Russia investigation and previous

"certainties" about information presented by the intelligence community can no longer be

accepted uncritically.[1]

Astonishingly, in both the Crossfire Hurricane and the Mueller investigations, the

relevant authorities do not appear to have interrogated Julian Assange or sought to obtain

information from him as to who leaked the DNC emails to him. The Mueller Report simply

asserts, without evidence, that "[Assange's] statements about Rich implied falsely that he had

been the source of the stolen DNC emails." Mueller Report at 48. But in a civil lawsuit in the

adversarial system – unlike the Mueller indictment of Russian military intelligence officers who

---

[1] *See, e.g.,* https://www.foxnews.com/politics/john-durham-investigation-fbi-misconduct-criminal-probe, a news report of which the Court may take judicial notice.

will never appear in a U.S. court of law – Plaintiff must prove his case and cannot rest on sweeping generalities and evidence-free assertions.

And in a defamation action on a matter of public concern – such as the present case – Plaintiff has the burden of proving the falsity of Defendants' alleged statements. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986) (even where plaintiff is a private figure and the matter is one of public concern, plaintiff bears burden of showing falsity, as well as fault, before recovering damages).  Moreover, in the District of Columbia, where a Plaintiff seeks "presumed damages," as Mr. Rich does in his lawsuit, the plaintiff must show actual malice or the statement of a reckless or knowing falsehood. *Phillips v. Evening Star Newspaper Co.*, 424 A.2d 78, 86 (D.C. 1980).  With respect to actual damages, the U.S. constitution also imposes an "actual malice" standard for actions brought by public figures, as the U.S. Supreme Court has held in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and its progeny.  In the present case, Plaintiff claims to be an "intensely" private person, Complaint at ¶ 3, but he has chosen, among thing things to make his case publicly, together with his attorneys, to a world-wide audience through the recently broadcast six-part Conspiracyland podcast produced by journalist Michael Issikof. *See* Quainton Decl., ¶ 7, providing link to Episode 6, at 19:37 (counsel for Rich publicly claiming Defendants have promoted a "fake, contrived narrative") and 19:41-20:23 (Aaron Rich commenting publicly on case).

In any event, in this context, Defendants wholeheartedly agree with Plaintiff's position that taking Mr. Assange's deposition is "critical, relevant and necessary" to the pending lawsuit. Dkt. 91, Ex. 1, p.6.  Mr. Assange is uniquely positioned to state whether there is any truth to the assertion that Russian military intelligence provided him, directly or indirectly, with the DNC emails, whether he received emails from Seth or Aaron Rich, from an intermediary who in turn

received the emails from one of the Rich brothers, and/or whether he received the emails from an

individual using a "handle" or "username" known to belong to Seth Rich█████████████████████ ˙

█████████████████████████████████████████ .

The deposition of Assange is so important that it cannot be left to Plaintiff to "drive" the

narrative and leave Defendants with a limited opportunity on cross-examination only to explore

matters within the scope of what Plaintiff has chosen to address.  In identifying the list of items

on which Mr. Assange's testimony is sought, Dkt. 91, Ex. 1 at 7-8, Plaintiff omits key lines of

inquiry, namely, confirmation that:

1) Russian military intelligence did not, directly or indirectly, provide Mr. Assange or
   Wikileaks with the DNC emails published in the summer and fall of 2016.

2) Seth Rich, Aaron Rich or an individual using a handle or username known or
   reasonably assumed to belong to Seth or Aaron Rich offered DNC emails to Mr.
   Assange/Wikileaks, requested payment for said emails and provided emails to Mr.
   Assange/Wikileaks either directly or through an intermediary.

Plaintiff also omits inquiry into the following, which Defendant views as critical:

3) To the extent the individual(s) identified in point 2 above communicated with Mr.
   Assange/Wikileaks via an intermediary, or to the extent Mr. Assange confirms that
   the DNC emails were provided through an intermediary, the identity of said
   intermediary so that further investigation can be conducted to obtain additional
   evidence critical, necessary and relevant to the action.

4) The names of other individuals and/or intermediaries likely to have knowledge as to
   the role of Seth Rich and Aaron Rich in the transmission of emails to Mr.
   Assange/Wikileaks.

5) A description of the technical mechanism by which the DNC emails were provided to
   Mr. Assange/Wikileaks, important for the parties' expert witness submissions.

6) Confirmation that the DNC emails could not have been provided by means of remote
   exfiltration but were provided following a download by an internal DNC source.

Given the seriousness of the charges that have been leveled against them, Defendants

deserve an equal opportunity with Plaintiff to depose a figure who is central to the allegations in

the Complaint.[2]  Defendant agrees with Plaintiff that the deposition of Mr. Assange is "critical, relevant and necessary" but request that the Court seek assistance from the UK authorities to permit Defendant to take Mr. Assange's deposition as set forth in Defendants' proposed Letter Request and summarized above.  Quainton Decl., Ex. 4.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that a Letter Request be issued by this Court for assistance in taking the deposition of Julian Assange by Defendants.

Dated January 6, 2020

/s/ Eden Quainton
EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
Attorneys for Defendants Edward Butowsky and Matthew Couch

---

[2] Defendants have conferred with Plaintiff under Local Rule 7(m) and Plaintiff has stated that he intends to file a response to Defendants' motion.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 3, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendant Matthew Couch*