UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

# DECLARATION OF EDEN P. QUAINTON IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

I, Eden P. Quainton, declare under penalty of perjury that the foregoing is true and correct:

1. I am counsel for Defendants Edward Butowsky. This declaration is based upon my personal knowledge and upon information provided to me in my official capacity.

2. The first time I met Mr. Butowsky, he was in visible pain, could only walk with difficulty and needed help with his bags.

3. However, I did not know how serious my client's condition was until December 20, 2019 when I received a detailed description of his surgeries, infections, hospitalizations, medications and unsuccessful attempts at recovery. This description is set forth in the Declaration of Edward Butowsky, dated January 6, 2020 (the "Butowsky Decl.").

4. Although Mr. Butowsky's Declaration makes clear how serious his condition has been, I was unprepared for a new, sharp decline in his health a few days after New Year's day.

5. On January 5, 2020, Mr. Butowsky was admitted to the emergency room in Plano Texas with an extremely high fever. The fever appeared to be related to a full-body infection and **spiked to a potentially life-threatening 107 degrees**.

6. Mr. Butowsky was placed in the intensive care unit and his fever cycled in and out of extremely dangerous territory for the next few days.

7. I spoke to Mr. Butowsky several times during the days after his admission and also spoke to his wife, who gave me updates on his condition. I also received several pictures of Mr. Butowsky that left no doubt whatsoever about the seriousness of the situation.

8. On January 9, a decision was made to remove Mr. Butowsky's hip surgically so that the hip area could be completely cleaned out, with an artificial prosthesis inserted that would make limited mobility possible. I understand the surgery has been successful. Treatment of the hip area is set to continue over a six-week period so that the underlying infection can be eliminated, enabling a complete hip replacement. I have informed opposing counsel that in light of the surgery, the six-week treatment period and the necessary follow-up surgery, Mr. Butowsky's deposition will be delayed for a significant period of time, although it is impossible to provide a date certain at this juncture.

9. Despite his medical difficulties, Mr. Butowsky has taken his obligations seriously. His former counsel produced 1429 documents in response to Plaintiff's discovery demands. He has also responded to several sets of Plaintiff's interrogatories and, to the best of my knowledge, Plaintiff is not complaining of any deficiency in that regard. *See* Ex. 4., November 23, 2019 Riley - Quainton email chain.

10. However, Plaintiff demanded that Mr. Butowsky conduct a more thorough document search and Mr. Butowsky has taken diligent steps, despite his condition, to conduct such a search.

11. Beginning in November, I recommended that a professional electronically stored information ("ESI") discovery vendor be retained to perform a search based on criteria established by Plaintiff. I had previously worked with an e-discovery firm named OnLine Security, an ESI specialist, and recommended this firm. *See*
https://www.onlinesecurity.com/company-profile

12. In the course of early November 2019, I had several telephonic conversations with Plaintiff's counsel, who agreed with my proposed approach.

13. At my direction, Online Security was retained by on November 19, 2019. On December 1, 2019, Plaintiff provided a list of 61 search terms that Mr. Butowsky was to use in searching for responsive documents. *See* Ex. 5, December 1 Riley - Quainton email chain; Ex. 6, List of Search Terms.

14. Plaintiff's search terms included "Sessions" (presumably seeking imaginary conversations with Jeff Sessions), "White House," "debunking," "donaldtrump.com" among others.

15. Rather than fight with Plaintiff over these search terms, I instructed online security to perform a search of these terms and agreed with Plaintiff's counsel that the production would be complete before Christmas. Ex. 4, p.2.

16. Work on the production was delayed nearly three weeks because of a delay in Mr. Butowsky's carrier making payment of OnLine Security's retainer. Declaration of Richard Gralnik, dated December 26, 2019 ("Gralnik Decl.") at ¶ 8.

17. In addition, there were administrative issues of coordinating with Mr. Butowsky's assistant that further delayed matters. *Id.* at ¶¶ 9-10. It was not until December 20 that Online Security was in a position to commence the search requested by Plaintiff. *Id.* at ¶ 10.

18. Obviously, at this point, completing the search, conducting a full document and privilege review, and discussing the production with Mr. Butowsky by Christmas would be impossible.

19. I notified Plaintiff's counsel on December 23, 2020 and informed him that in light of the foregoing it would not be possible to meet the previously agreed deadline. Ex. 7, December 23 Quainton – Riley email. I informed Plaintiff's counsel that Plaintiff's 61 search terms had generated 6,452 documents representing a total of 29,920 pages. *Id.*[1]

20. I noted that based on his preliminary review of several hundred documents it would likely take 60 man-hours to perform the initial review. *Id.*

21. Despite the huge volume of material, Mr. Quainton instructed an associate to begin working immediately and to treat this as a priority matter.

22. The initial review was complete on January 8, 2020. I have been unable to make further progress on the production because I have been unable to discuss the proposed production with Mr. Butowsky. It is not clear as of this writing when the review can occur, although the initial results of Mr. Butowsky's surgery suggest that the review can be performed in the weeks ahead.

---

[1] My previous Declaration in Support of Defendants' Motion to Extend or Stay Discovery (Dkt. 106-1 at ¶ 16) erroneously references 60,000 pages to review. This was based on a mental transposition of the 6,000 documents to the number of actual pages to be reviewed.

23. Given that Mr. Butowsky's deposition will likely be delayed at least several months, it is difficult to see how there could be any prejudice to Plaintiff under the circumstances.

24. I will continue to work on the preparation of a privilege log and, to the extent possible, will continue to work with OnLine Securiy to conduct a further search of Mr. Butowsk's physical devisces.  Completion of the production will necessarily be delayed until Mr. Butowsky is out of the hospital and able to focus his attention on issues of discovery. However, I am committed to working in good faith with opposing counsel to provide a complete production as rapidly as possible before Mr. Butowsky's deposition.

25. The sanctions requested by Plaintiff are wholly unwarranted on the facts.

Executed: January 13, 2020

> */s/ Eden P. Quainton*_____
> EDEN P. QUAINTON
> QUAINTON LAW PLLC
> D.C. Bar No. NY0318
> 1001 Avenue of the Americas, 11th Fl.
> New York, NY 10018
> 212-813-8389
> equainton@gmail.com