# EXHIBIT 3

 Gmail

Eden Quainton <equainton@gmail.com>

## Rich v. Butowsky / Depositions

**Eden Quainton** <equainton@gmail.com>                                                    Fri, Jan 10, 2020 at 3:09 PM
To: Joshua Riley <jriley@bsfllp.com>
Cc: Meryl Governski <mgovernski@bsfllp.com>, "Gottlieb, Michael" <MGottlieb@willkie.com>, "Hall, Samuel
(SHall@willkie.com)" <SHall@willkie.com>

Josh,

In response to your emails:

1. <u>Butowsky Deposition</u>. I must say I find your comments about Mr. Butowsky to be disturbing.  It is impossible to read Mr.
Butowsky's sworn Declaration and not appreciate how serious his condition is.   The very latest development at the time
we filed our motions was that Mr. Butowsky had been admitted to the emergency room. I have informed you in emails
subsequent to the Declaration that Mr. Butowsky remains in the hospital and has been in the ICU.   I have limited
personal experience with ICU, except for a close friend who was close to death and admitted to intensive care
(fortunately, she survived).  Mr. Butowsky has also had a fever that has spiked to 107, which I do know from personal
experience to be extremely serious.  As to surgery, Mr. Butowsky went in for surgery this morning. I do not know how that
went, but assuming it was successful, he will need time to recuperate.   He is also likely to be on very strong pain
medication. His Declarartion makes clear that he has been in a post-operative state of pain for extended periods
completely inconsistent with answering lucidly at at a deposition.  Frankly, I don't know why Plaintiff would even want to
depose a defendant who is not perfectly clear-headed.  From talking to Mr. Butowsky yesterday, my understanding is that
he will need further surgery in six weeks (apparently, we are talking about a complete hip replacement revision).   You can
be assured that Mr. Butowsky's past and present condition will be meticulously documented by a highly competent
professional team and that under no circumstances will I consent to any deposition of my client that could put his recovery
in jeopardy or lead to a record distorted by medication. '

2.  <u>Rich deposition</u>.

As to Mr. Rich's deposition, I appreciate that his deposition has not been formally noticed yet.  I do not know his address
and cannot serve the notice and, as you yourself have indicated, it is unclear whether a location near D.C. or Denver
would be most appropriate.  Given how obviously important the deposition is, I had assumed we would work out a time
and place that would be mutually agreeable.  However, scheduling the deposition has been delayed because of the still
incomplete, rolling, nature of Mr. Rich's document production and his evasive interrogatory answers (refusing to provide
material evidence on the grounds that questions should be addressed to the administrator of his brother's estate).
Discovery was served on Mr. Rich many months ago and we received Mr. Rich's 4th production on January 3, 2020.
 have not yet finished going through the files [which include a great many documents classified as attorneys eyes only
that appear only designed to provide cover for the political nature of Mr. Rich's and Mr. Bauman's campaign against those
they claim, without evidence, to be promoting conspiracy theories].   In these circumstances, it seemed prudent and,
indeed, in the interest of your client not to rush the scheduling of a deposition that would have to be conducted on an
incomplete record.   As of today, I still do not know whether your "rolling" production is complete, leaving aside any
deficiencies that we identify that should be remedied.   However, given the likely extended delay in the scheduling of Mr.
Butowsky's deposition, I see no reason why we shouldn't work expeditiously to complete Mr. Rich's production, address
any issues and schedule his deposition.   You simply state peremptorily that Plaintiff's deposition will occur after Mr.
Butowsky's, but you provide no principled basis for this position under the circumstances.

Separately, there is no reason whatsoever to delay the deposition of the administrator of the Seth Rich estate.   The
administrator is not a party to the action and his deposition should be conducted asap.   I do not agree that an
adminstrator's deposition necessarily occurs under Rule 30(b)(6).  I have defended an administrator in a non-30(b)(6)
deposition in the past.   The rule itself says that it does not preclude a deposition by any other procedure allowed by the
rules.  What is your authority for the proposition that an administrator's deposition must be conducted under Rule 30(b)
(6).  Do you represent the administrator? I had thought that was Kerri Castellini, but she has told me she was not
authorized to accept service of the deposition subpoena even though her client is administrator of an estate probated in
D.C.

3.  <u>Couch Notice.</u>  By separate email at 1:16 p.m. today, five days after I had requested the information from you, a list of
146 social media posts on multiple different platforms you demanded Mr. Couch remove by 5:00 p.m. today.  I have just
begun reviewing the list, but obviously I need to compare the specific language of what Mr. Couch represented to the
Court and any posts subsequent to that letter to see if I agree with your assessment that the posts violate the letter.   My

understanding of that letter, incidentally, is that it was made in the context of settlement discussions that were not successful because you insisted on including the silencing of Mr. Couch on the Seth Rich investigation generally as a condition of dropping Aaron's suit. Leaving aside the outrageous nature of this settlement demand, it is unclear to me why a representation about specific posts in the past has anything to do with some of the posts about which you are complaining. But I only just began reviewing the posts minutes ago and cannot give you a reasoned view. If you want to rush to burden the Court given these bullying tactics, which are unfortunately consistent with your practice towards my client throughout this litigation, you should feel free to do so. In the meantime, I will review the posts calmly with my client over the weekend and get back to you early next week.

Finally, I note that you scheduled a meet and confer call for 3:30. I have another case with a Friday deadline that I need to attend to. Perhaps you can respond in writing on these points and we can then determine whether a further meet and confer would be helpful or whether we are so far apart that we would need the Court's assistance in resolving our issues.

Sincerely,

Eden

[Bracketed text is intended to be AEO]

[Quoted text hidden]