# EXHIBIT 5

 **Gmail**

Eden Quainton <equainton@gmail.com>

## Rich v. Butowsky et al

**Joshua Riley** <jriley@bsfllp.com>                                                    Sun, Dec 1, 2019 at 6:02 PM
To: Eden Quainton <equainton@gmail.com>
Cc: Michael Gottlieb <mgottlieb@willkie.com>, Meryl Governski <mgovernski@bsfllp.com>, Sam Hall <shall@willkie.com>

Mr. Quainton,

Hope you had a nice holiday.  We respond below to the items you listed in your last email:

1.  **Denial of previous 60(b) motion.**  First, with respect to AFM, the Court has already ruled on multiple occasions that AFM is a proper defendant in this case—once in an order denying a motion to dismiss/transfer, once in an order granting a motion to compel, and once in an order denying reconsideration of the order granting the motion to compel.  Are you planning to ask the court, yet again, to rule that AFM is not a proper defendant?  If so, we likely would oppose the motion, and given that AFM has refused to date to participate in discovery, we also might be compelled to seek appropriate remedies, including those available under Rule 37.

Second, with respect to your proposed motion concerning Mr. Couch's "due process rights," it is unclear to us what relief you would be seeking, so we cannot say whether we would consent to or oppose the motion.  To date, in a spirit of cooperation with you, we have not asked the Court to hold Mr. Couch in contempt or to enter any other sanctions with respect to Mr. Couch's non-compliance with the Court's prior order granting our motion to compel (a motion for reconsideration of which was denied).  One would have thought that you would prefer to work cooperatively with us to bring Mr. Couch into compliance with the Court's order rather than re-litigate the order.  But if you are suggesting that Mr. Couch will not search for and produce documents—notwithstanding your promise that he would do so by 12/6 in exchange for our agreement to your EOT request for certain discovery—and will instead seek to vacate the order requiring him to do so, then we likely would have no choice but to oppose your motion, and we might be compelled at that point to cross-move for remedies under Rule 37.  It seems that the better approach for everyone would be for Mr. Couch to complete his discovery obligations by 12/6 as you had committed to doing and then we could meet-and-confer with you as to whether Mr. Couch at that point has complied with his obligations and if he has, we could discuss a potential stipulation to that effect.  We'd appreciate your clarification as to what exactly you're hoping to accomplish here, including why you think a motion is needed at this point, and we'll meet-and-confer with you about it to try to avoid motions practice or to narrow the issues before the Court.

2.  **Mr. Couch's Financial Disclosure.**  The Court ordered Mr. Couch to submit a financial disclosure to justify his failure to appear in court on July 31.  We now understand from your representations to us that Mr. Couch has not made the financial disclosure required by the Court.  The record speaks for itself, and we do not intend to pursue the matter further at this point.

2.  **Mr. Butowsky's Production.**   Thank you for the update with respect to your efforts to secure a vendor to collect responsive documents from Mr. Butowsky.  A list of search terms is attached.  We note that all of the Defendants also have an obligation to supplement their searches as needed to locate and produce documents responsive to the RFPS that might not be surfaced by the search terms we provided.  For example, the Defendants have referenced anonymous sources whose names are known only to the Defendants and might not appear in the list of search terms we have provided.  We also note that the search terms necessarily will not surface other documents responsive to the discovery requests, such as phone records, records of business activities in DC, etc.

Relatedly, when we last met-and-conferred about document discovery issues, you committed to produce Mr. Couch's documents and log by 12/6, and we agreed to revisit a production date for Mr. Butowsky pending a report from the carrier and vendor.  With that information now in hand, will you agree to produce all of Mr.

Butowsky's documents responsive to Plaintiff's RFPs, along with a log of any documents being withheld, by December 13?

4.   **Rule 45 Subpoena to Mr. Peter Berg.**  We have served a third-party subpoena to Mr. Berg because evidence obtained in the case indicates that he and Mr. Butowsky have communicated about issues relevant to this litigation, including but not limited to Mr. Butowsky's involvement in hiring Rod Wheeler.  If Mr. Berg does not have any responsive documents, we expect that he simply would say so in response to the subpoena.  In any event, Mr. Butowsky does not have standing with respect to the third-party subpoena to Mr. Berg.  *See, e.g, Novak v. Capital Mgmt. & Dev. Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007); *Hard Drive Prods., Inc. v. Does 1-1,495*, No. CIV.A. 11-1741 JDB, 2012 WL 3296582, at *3 (D.D.C. Aug. 13, 2012).

 Please let us know if you would like to talk further about any of these issues and, if so, some times that would work for you.

~Josh


**Joshua Riley**
Partner

_____


# BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)   202 237.2727

jriley@bsfllp.com

www.bsfllp.com

[Quoted text hidden]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

 **2019-12-01 Search Terms for E. Butowsky List.docx**
21K