# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH

           Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA,

           Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## NON-PARTIES MALIA ZIMMERMAN AND FOX NEWS NETWORK, LLC'S JOINT MOTION FOR A PROTECTIVE ORDER BARRING DEPOSITION AND MEMORANDUM IN SUPPORT

David H. Stern
Vincent H. Cohen, Jr.

DECHERT LLP
U.S. Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

1900 K Street, NW
Washington, DC 20006
Tel: (213) 808-5720
Fax: (213) 808-5760

*Attorneys for Non-party Malia Zimmerman*

Joseph M. Terry
Stephen J. Fuzesi
Katherine A. Petti

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Attorneys for Non-party Fox News Network, LLC*

# TABLE OF CONTENTS

BACKGROUND………………………………………………………………………………….…1

ARGUMENT………………………………………………………………………………...2

I.    Good Cause Exists for a Protective Order Because Plaintiff Has No Need for Ms. Zimmerman's Testimony that Can Overcome Her Qualified Reporter's Privilege. ...........2

    A.    Ms. Zimmerman's Testimony Is Protected by the First Amendment's Newsgathering Privilege. ......................................................................4

        1.    The Information Sought Does Not Go to the Heart of Mr. Rich's Claims. ......................................................................................5

        2.    Mr. Rich Has Not Exhausted Alternative Sources of Information. .............6

    B.    Ms. Zimmerman's Testimony Is Protected by New York's Newsgathering Privilege. ......................................................................................7

        1.    New York's Privilege Law Applies.............................................................7

        2.    Ms. Zimmerman's Testimony Falls Within the New York Privilege. ......................................................................................9

        3.    Mr. Rich Cannot Overcome the Privilege.................................................10

            a.    The Information Sought Is Not "Highly Material and Relevant" or "Critical or Necessary.".............................................10

            b.    The Information Sought Is Obtainable From Alternative Sources. ..........................................................................12

II.    This Court Should Issue a Protective Order Preventing Plaintiff from Deposing Ms. Zimmerman.....................................................................................12

III.    In the Alternative, this Court Should Stay Ms. Zimmerman's Deposition........................13

CONCLUSION………………………………………………………………………………..16

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Auersperg ex rel. von Bulow v. von Bulow*, 811 F.2d 136 (2d Cir. 1987) .................................9, 10

*Carey v. Hume*, 492 F.2d 631 (D.C. Cir. 1974)..........................................................................5, 6

*Compuware Corp. v. Moody's Inv'rs Servs., Inc.*, 222 F.R.D. 124 (E.D. Mich. 2004) ..........................................................................................................................................8

*Dowd v. Calabrese*, 577 F. Supp. 238 (D.D.C. 1983) ..............................................................5, 6, 7

*Ecomission Sols., LLC v. CTS Holdings, Inc.*, No. 16-1793, 2016 WL 4506974 (D.D.C. Aug. 26, 2016).....................................................................................................14, 15

*Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98 (D.D.C. 2005) ............................................13, 14

*\*Giuffre v. Maxwell*, 221 F. Supp. 3d 472 (S.D.N.Y. 2016) ...............................................9, 10, 12

*Goldberg v. Amgen, Inc.*, 123 F. Supp. 3d 9 (D.D.C. 2015).....................................................4, 12

*Gray v. Hoffman-La Roche, Inc.*, No. 02-136, 2002 WL 1801613 (D.D.C. Mar. 27, 2002) .............................................................................................................................13

*Grunseth v. Marriott Corp.*, 868 F. Supp. 333 (D.D.C. 1994) ...........................................8, 12, 13

*Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115 (D.D.C. 2002).................................4, 13

*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941) ...........................................................7

*Krase v. Graco Children Prods. (In re Application to Quash Subpoena to NBC)*, 79 F.3d 346 (2d Cir. 1996)...............................................................................................11

*Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240 (4th Cir. 2009) .............................................2

*Liberty Lobby, Inc. v. Rees*, 111 F.R.D. 19 (D.D.C. 1986).........................................................5, 6

*Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843 (D.C. Cir. 2006) ............................................7

*Mazzella v. Philadelphia Newspapers, Inc.*, 479 F. Supp. 523 (E.D.N.Y. 1979)...........................9

*Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv. Co.*, 151 F.R.D. 471 (D.D.C. 1993) ........................................................................................................................................3

*Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395 (D.C. Cir. 1984) .....................13, 14

*N.Y. Times Co. v. Gonzales*, 382 F. Supp. 2d 457 (S.D.N.Y. 2005), *vacated on other grounds and remanded*, 459 F.3d 160 (2d Cir. 2006) ....................................3

*\*Peck v. City of Bos. (In re Slack)*, 768 F. Supp. 2d 189 (D.D.C. 2011).............................. *passim*

*\*Phigenix, Inc. v. Genentech, Inc. (In re Subpoena to Wang)*, 214 F. Supp. 3d 91 (D.D.C. 2016) ....................................................................................3, 14, 15

*Rich v. Fox News Network, LLC*, 939 F.3d 112 (2d Cir. 2019)....................................13

*Stephens v. Am. Home Assur. Co.*, No. 91-CIV-2898, 1995 WL 230333 (S.D.N.Y. Apr. 17, 1995) ....................................................................................................9

*Tripp v. DOD*, 284 F. Supp. 2d 50 (D.D.C. 2003).............................................2, 3, 12

*Wright v. Herman*, 230 F.R.D. 1 (D.D.C. 2005)........................................................7

*\*Zerilli v. Smith*, 656 F.2d 705 (D.C. Cir. 1981) ...............................................3, 5, 6, 8

### STATE CASES

*Doe v. Cummings*, No. 91-346, 1994 WL 315640 (N.Y. Sup. Ct. Jan. 18, 1994)........................11

*Flynn v. NYP Holdings*, 235 A.D.2d 907 (3d Dep't 1997) ...........................................11

*\*Holmes v. Winter*, 3 N.E.3d 694 (N.Y. 2013)........................................................8, 9

*In re Am. Broad. Companies, Inc.*, 735 N.Y.S.2d 919 (Sup. Ct. 2001)...........................10

*\*In re Application of Home Box Office, Inc.*, 103 N.Y.S.3d 794 (Sup. Ct. 2019).............10, 11, 12

*In re Subpoena Duces Tecum to Ayala*, 616 N.Y.S.2d 575 (Sup. Ct. 1994) ................................11

*Nat'l Med. Care, Inc. v. Home Med. of Am., Inc.*, No. 103030/02, 2002 WL 1461769 (N.Y. Sup. Ct. May 20, 2002).............................................................8

*New York Times Co. v. Superior Court*, 51 Cal. 3d 453 (Cal. 1990)..............................8

*\*People v. Hendrix*, 820 N.Y.S.2d 411 (Sup. Ct. 2006)........................................10, 12

*Perito v. Finklestein*, 51 A.D.3d 674 (2d Dep't 2008) ..............................................11

### OTHER AUTHORITIES

First Amendment ...................................................................................... *passim*

Federal Rule of Civil Procedure 26 .................................................................... *passim*

Federal Rule of Civil Procedure 45 ...............................................................2, 3, 14

Federal Rule of Evidence 501 ................................................................................................7

D.C. Free Flow of Information Act, D.C. Code §§ 16-4701 *et seq.* .................................8

Local Civil Rule 7(m) ...........................................................................................................1

N.Y. Civ. Rights Law § 79-h .............................................................................................9, 10

Malia Zimmerman, a journalist employed by Fox News Network, LLC ("Fox News"),

and Fox News jointly move for a protective order barring Plaintiff Aaron Rich from taking Ms.

Zimmerman's deposition in this case.[1]  Ms. Zimmerman is not a party, and her reporting is not at

issue in this case.  Her reporting *is* at issue in another case brought by Aaron Rich's parents, but

no scheduling order for discovery has been set in that case.  Both because Aaron Rich has no

need for Ms. Zimmerman's deposition in this case—certainly no need that can overcome her

reporter's privilege under both applicable state law and the First Amendment—and because the

scope and timing of her deposition should be subject to the schedule and rulings in the other

case, a protective order is appropriate.[2]

## BACKGROUND

Ms. Zimmerman authored an online article published by Fox News in May 2017, titled

*Slain DNC Staffer Had Contact with WikiLeaks, Say Multiple Sources* (the "2017 article").  That

article quoted both confidential and non-confidential sources in a discussion of the death of Seth

Rich and the 2016 leak of Democratic National Committee emails to WikiLeaks.  The article

made no mention of Aaron Rich.

Mr. Rich cites the article in passing in one footnote in his Complaint, *see* Compl. ¶ 29 n.

2, but it is not the basis for any of his claims.  It is, however, the basis for a number of claims by

---

[1] This Court issued a Subpoena to Testify at a Deposition in a Civil Action to Ms. Zimmerman on December 16, 2019 (the "Subpoena").  Counsel for Ms. Zimmerman accepted service of the Subpoena on the condition, agreed to by counsel for Aaron Rich, that this Motion would be filed no later than January 16, 2020 and that the deposition set forth in the Subpoena would not proceed pending the resolution of this Motion.

[2] Ms. Zimmerman and Fox News certify that, in accordance with Fed. R. Civ. P. 26 and Local Civil Rule 7(m), they have conferred in good faith with Plaintiff in an effort to resolve this dispute without court action.  Ms. Zimmerman and Fox News understand that Plaintiff will oppose this motion.

Aaron Rich's parents—Mary and Joel Rich—in an action brought in the Southern District of

New York (*Rich v. Fox News Network, LLC et al.*, No. 18-CV-2223 (GBD) (S.D.N.Y. filed Mar.

13, 2018)) (the "New York action"). A scheduling order has not yet issued in that case and no

depositions have been scheduled.

## ARGUMENT

**I.    Good Cause Exists for a Protective Order Because Plaintiff Has No Need for Ms. Zimmerman's Testimony that Can Overcome Her Qualified Reporter's Privilege.**

Pursuant to Federal Rule of Civil Procedure 26, "[a] person from whom discovery is

sought may move for a protective order in the court where the action is pending" to protect

against "annoyance, embarrassment, oppression, or undue burden or expense."[3] That court may

issue a protective order if the person seeking it demonstrates "good cause." *Id.* Such an order

may, among other things, "forbid[] the disclosure or discovery," "forbid[] inquiry into certain

matters," or "limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P.

26(c)(1). Here, the testimony that Mr. Rich seeks from Ms. Zimmerman is protected by the

reporter's privilege under both the First Amendment and New York law, and Mr. Rich cannot

demonstrate a need for that testimony that can overcome the privilege.

Good cause for a protective order exists where a privilege applies to the discovery

sought. *See Tripp v. DOD*, 284 F. Supp. 2d 50, 53, 62 (D.D.C. 2003) (granting reporter's motion

---

[3] A person seeking protection from a deposition may move for a protective order under Rule 26(c)(1), or may also file a motion to quash the subpoena in "the court where compliance is required." Fed R. Civ P. 45(f); s*ee Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240, 246 (4th Cir. 2009) (explaining that "a nonparty witness whose deposition is noticed for a location other than in the district where the case is pending has a range of options in seeking protection" under Rules 26 and 45, which "afford flexibility so that the nonparty witness can facilely obtain protection and not be unduly burdened"). Both Rules 26 and 45 allow courts to limit depositions to prevent "undue burden." Ms. Zimmerman and Fox News move for the protection of this Court pursuant to Rule 26, but on occasion cite to analogous cases proceeding under Rule 45.

for a protective order barring discovery "regarding her newsgathering activities" where court

found that discovery sought fell within First Amendment newsgathering privilege); *cf. Phigenix,*

*Inc. v. Genentech, Inc. (In re Subpoena to Wang)*, 214 F. Supp. 3d 91, 94 (D.D.C. 2016) (noting

that "a court may quash or modify a subpoena [under Rule 45] where compliance with the

subpoena would require 'disclosure of privileged or other protected matter' or 'subjects a person

to undue burden.'").

The First Amendment and many states recognize a newsgathering privilege, which

protects journalists from compelled disclosure of sources and information obtained in the course

of newsgathering. *See N.Y. Times Co. v. Gonzales*, 382 F. Supp. 2d 457, 502 n.34 (S.D.N.Y.

2005), *vacated on other grounds and remanded*, 459 F.3d 160 (2d Cir. 2006) (listing state

statutes). This privilege protects the free press, whose "function as a vital source of information

is weakened whenever the ability of journalists to gather news is impaired." *Zerilli v. Smith*, 656

F.2d 705, 711 (D.C. Cir. 1981).

If this newsgathering "privilege does not prevail in all but the most exceptional cases, its

value will be substantially diminished." *Id.* at 712. For that reason, "in the ordinary case[,] the

civil litigant's interest in disclosure should yield to the journalist's privilege." *Id.*; *see also Peck*

*v. City of Bos. (In re Slack)*, 768 F. Supp. 2d 189, 194, 196 (D.D.C. 2011) (internal quotation

marks omitted) (noting that in civil cases, the privilege is "readily available," "typically prevails"

over the private interest, and "should be abrogated only as a last resort"). The privilege is

particularly applicable when the reporter whose testimony is sought is not a party and her

newsgathering is not at issue in the case. *See, e.g., Mgmt. Info. Techs., Inc. v. Alyeska Pipeline*

*Serv. Co.*, 151 F.R.D. 471, 477 (D.D.C. 1993) ("[T]he Court finds no justification for requiring

[the reporter] to provide the requested documents or to testify in a deposition. She is not a party. The information requested is of only marginal value . . . .").

### A. Ms. Zimmerman's Testimony Is Protected by the First Amendment's Newsgathering Privilege.

Courts recognize a qualified privilege under the First Amendment that protects reporters from "compelled disclosure of information, which they have obtained as part of their news gathering role." *In re Slack*, 768 F. Supp. 2d at 193 (citing *Zerilli*, 656 F.2d at 711 n.39). Courts in this district apply this privilege to both confidential and non-confidential information. *Id.* at 193–94 ("[The privilege] is implicated even when [a journalist] is sought only to authenticate or confirm otherwise nonconfidential or public information."); *Goldberg v. Amgen, Inc.*, 123 F. Supp. 3d 9, 16–17 (D.D.C. 2015) (rejecting the "contention that the privilege does not apply to non-confidential information").

To satisfy the burden of demonstrating this privilege, the journalist need only show that he or she "obtained the pertinent information for the purpose of disseminating it to the public, and that he [or she] had this intent at the time he [or she] obtained the information." *Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 119 n.4 (D.D.C. 2002). Ms. Zimmerman easily satisfies her burden here—all of the newsgathering she performed in the course of reporting the 2017 article was for the purpose of dissemination to the public in the form of the article.

Once the journalist establishes that the privilege applies, the burden shifts to the party seeking disclosure "to show that on the specific facts of the case, its interest outweighs the public interest in protecting the journalist's sources and information." *Goldberg*, 123 F. Supp. 3d at 15 (internal quotation marks omitted). Specifically, the party seeking disclosure must show both that (1) the information sought "goes to the 'heart' of the claim" and (2) the party has "exhausted

every reasonable alternative source of information." *In re Slack*, 768 F. Supp. 2d at 194–96

(quoting *Carey v. Hume*, 492 F.2d 631, 636 (D.C. Cir. 1974) and *Zerilli*, 656 F.2d at 713).

Mr. Rich cannot carry his burden. The 2017 article by Ms. Zimmerman does not come even close to the "heart" of his claims against entirely different individuals and news organizations. Nor has Mr. Rich exhausted every reasonable alternative source of information.

### 1. The Information Sought Does Not Go to the Heart of Mr. Rich's Claims.

It is clear from the face of Mr. Rich's Complaint that he cannot satisfy even the first prong—that the information sought "goes to the 'heart' of [his] claim." *See In re Slack*, 768 F. Supp. 2d at 194. To do so, he must show that the information is "crucial" and not merely "relevant." *Id.* Information is not crucial where "disclosure would go only to a facet of the case," "would involve a collateral matter," or "result in cumulative evidence undermining the credibility of [a witness]." *See Liberty Lobby, Inc. v. Rees*, 111 F.R.D. 19, 22 (D.D.C. 1986); *see also Dowd v. Calabrese*, 577 F. Supp. 238, 242 (D.D.C. 1983) (information not crucial where it "would be collateral and cumulative evidence at best.").

Mr. Rich's sixty-page Complaint mentions Ms. Zimmerman only *once*—in a footnote that cites to the 2017 article and lists her as the author. (Compl. ¶ 29 n.2, Doc. 3). Such a tangential connection cannot come close to carrying Mr. Rich's burden of establishing that Ms. Zimmerman's testimony is "crucial" to his claims. *See In re Slack*, 768 F. Supp. 2d at 194. That alone should be the end of the inquiry.

Indeed, Mr. Rich's Complaint demonstrates that the only even *potentially relevant* information in Ms. Zimmerman's possession is her newsgathering for the 2017 article. And that article did not mention Mr. Rich *at all*. At most then, Ms. Zimmerman's testimony as to her newsgathering "would involve a collateral matter," which is plainly insufficient. *See Liberty*

*Lobby*, 111 F.R.D. at 22. Moreover, any information Ms. Zimmerman has would be "cumulative evidence at best" because Mr. Rich has at his disposal not only the article in question, but also (as discussed below) numerous potential witnesses, including the defendants in this case and third parties not protected by the newsgathering privilege. *See Dowd*, 577 F. Supp. at 242. Mr. Rich cannot demonstrate that he needs yet one more piece of testimony.

In short, any information Ms. Zimmerman obtained during her newsgathering would involve a "collateral matter," which even if somehow "relevant," is plainly not "crucial" to Plaintiff's claim and—at most—would only amount to "cumulative evidence." *See In re Slack*, 768 F. Supp. 2d at 194; *Liberty Lobby*, 111 F.R.D. at 22; *Dowd*, 577 F. Supp. at 242.

## 2. Mr. Rich Has Not Exhausted Alternative Sources of Information.

Mr. Rich also cannot satisfy the second prong, which requires him to establish that deposing Ms. Zimmerman is "a last resort after pursuit of other opportunities has failed." *In re Slack*, 768 F. Supp. 2d at 194 (internal quotation marks omitted). The law requires that he exhaust all alternative sources even if doing so "would be time-consuming, costly, and unproductive." *Zerilli*, 656 F.2d at 715; *see Carey*, 492 F.2d at 639 (suggesting that under certain circumstances, taking as many as 60 depositions would not be unreasonable). The requesting party may not rely on "general descriptions" or "conclusory language" to establish the exhaustion of sources. *In re Slack*, 768 F. Supp. 2d at 197 (internal quotation marks omitted).

Mr. Rich has not made any showing that he has "exhausted every reasonable alternative source of information." *See In re Slack*, 768 F. Supp. 2d at 196 (internal quotation marks omitted). All of Mr. Rich's claims in his lawsuit are premised on allegations that the defendants published and perpetuated the theory that he was involved in leaking information to WikiLeaks. (Compl. ¶¶ 98–153). Mr. Rich has myriad alternative sources of information to substantiate his

position that he did not leak any such information.  He may, for example, depose the defendants in his own case and the numerous other third parties who are not protected by the privilege that protects Ms. Zimmerman's newsgathering.  He also may request or subpoena their documents. Mr. Rich has not demonstrated that he has exhausted every such source.

Because Mr. Rich cannot demonstrate both that the information he seeks "goes to the 'heart'" of his claims and that he has "exhausted every reasonable alternative source," he cannot overcome the First Amendment newsgathering privilege attached to Ms. Zimmerman's testimony.

## B. Ms. Zimmerman's Testimony Is Protected by New York's Newsgathering Privilege.

Ms. Zimmerman's reporting is also protected by the New York state law newsgathering privilege—which provides a separate and alternative basis for granting this motion.

### 1. New York's Privilege Law Applies.

In this diversity case, state law governs the law of privilege, and the District of Columbia's choice-of-law rules determine which state's law applies.  Fed. R. Evid. 501; *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 857 (D.C. Cir. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  Courts in this district apply "the law of the jurisdiction with the most significant interest in the resolution of the particular controversy." *Dowd*, 589 F. Supp. at 1210; *see also Wright v. Herman*, 230 F.R.D. 1, 8 (D.D.C. 2005) (internal quotation marks omitted) (noting that the District of Columbia uses "the governmental interest analysis" to evaluate "the governmental policies underlying the applicable laws and determine[] which jurisdiction's policy would be more advanced by the application of its law to the facts").

The discovery sought from Ms. Zimmerman relates to a news article that was prepared and published in New York, by a news organization headquartered in New York.  Ms.

Zimmerman was and is employed by this same New York entity both at the time of her work on the 2017 article and now.

The policy underlying New York's newsgathering privilege "has roots dating back to the colonial era," and seeks to "provid[e] the utmost protection of freedom of the press." *Holmes v. Winter*, 3 N.E.3d 694, 698 (N.Y. 2013). New York "provides a mantle of protection for those who gather and report the news—and their confidential sources—that has been recognized as the strongest in the nation." *Id.* at 700 (noting that the New York legislature "intended [its newsgathering privilege] statute to provide the highest level of protection in the nation"). Moreover, "as a world media capital, New York has a significant interest in protecting the autonomy of the press." *Nat'l Med. Care, Inc. v. Home Med. of Am., Inc.*, No. 103030/02, 2002 WL 1461769, at *4 (N.Y. Sup. Ct. May 20, 2002). Because the information Mr. Rich seeks relates to Ms. Zimmerman's work on this New York-published article, and because New York has a demonstrated interest in providing broad protection for the press, New York has the most significant interest in having its newsgathering privilege law apply to this dispute.[4] *Cf. Compuware Corp. v. Moody's Inv'rs Servs., Inc.*, 222 F.R.D. 124, 133 (E.D. Mich. 2004) (applying New York's newsgathering privilege over Michigan's in part because the documents

---

[4] If the Court determines that either District of Columbia or California newsgathering privileges apply, Fox and Ms. Zimmerman still prevail. The District's privilege provides absolute protection to sources and qualified protection to "news" or "information." *See* D.C. Free Flow of Information Act, D.C. Code §§ 16-4701 *et seq.* If the District's newsgathering privilege applies, Ms. Zimmerman should prevail for substantially the same reasons discussed above, with respect to the First Amendment privilege, and below, with respect to the New York privilege. *See Grunseth v. Marriott Corp.*, 868 F. Supp. 333, 335–36 (D.D.C. 1994) (noting that the criteria for applying the qualified privilege for news or information under the District's shield law closely track those used for the First Amendment privilege test as set out in *Zerilli v. Smith*, 656 F.2d 705 (D.C. Cir. 1981)). Ms. Zimmerman prevails under California's newsgathering privilege because that privilege "provides 'absolute protection to nonparty journalists in civil litigation from being compelled to disclose unpublished information.'" *New York Times Co. v. Superior Court*, 51 Cal. 3d 453, 457 (Cal. 1990).

sought were in the possession of a New York financial publisher and "New York is the center of the financial publishing industry"); *Stephens v. Am. Home Assur. Co.*, No. 91-CIV-2898 (JSM) (KAR), 1995 WL 230333, at *6 (S.D.N.Y. Apr. 17, 1995) (applying New Jersey newsgathering privilege even though depositions and trial were to take place in outside of New Jersey because publishing facilities were in New Jersey and publisher was headquartered in New Jersey); *Mazzella v. Philadelphia Newspapers, Inc.*, 479 F. Supp. 523, 527 (E.D.N.Y. 1979) (applying Pennsylvania newsgathering privilege even though the requesting plaintiffs were not Pennsylvania citizens in part because the publisher and reporter were "citizens of Pennsylvania and . . . circulate the Inquirer principally in the metropolitan area of Philadelphia, where it is presumably published").

## 2. Ms. Zimmerman's Testimony Falls Within the New York Privilege.

New York's newsgathering privilege, codified in its Shield Law at N.Y. Civ. Rights Law § 79-h, "protects reporters from compelled disclosure of both confidential information and sources, as well as non-confidential, unpublished newsgathering materials and information." *Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 475 (S.D.N.Y. 2016). An absolute privilege applies to information obtained in confidence and to the identity of confidential sources, and a qualified privilege protects non-confidential information. *Holmes*, 3 N.E.3d at 695. To invoke the privilege, a journalist must establish that he or she "obtained the information in the course of gathering news for publication," *Auersperg ex rel. von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987), and that he or she possessed the "intent to disseminate the information to the public" at the "inception of the newsgathering process," *Giuffre*, 221 F. Supp. 3d at 478–79 (internal quotation marks omitted).

Here, the information Plaintiff seeks from Ms. Zimmerman is protected by the New York privilege for substantially the same reasons that it is protected by the First Amendment privilege. Mr. Rich seeks testimony from Ms. Zimmerman regarding her reporting of the 2017 article. The information Ms. Zimmerman has relating to that article includes confidential and non-confidential sources and information obtained "in the course of gathering news for publication" and with "intent to disseminate the information to the public." *See von Bulow*, 811 F.2d at 144; *Giuffre*, 221 F. Supp. 3d at 478–79. As such, the information falls within New York's newsgathering privilege.

### 3. Mr. Rich Cannot Overcome the Privilege.

A party seeking disclosure can overcome the qualified privilege only upon a "clear and specific showing" that the information sought is (1) "highly material and relevant," (2) "critical or necessary" to the party's claim, and (3) "not obtainable from any alternative source." *Giuffre*, 221 F. Supp. 3d at 476 (quoting N.Y. Civ. Rights Law § 79-h(c)). "The qualified privilege is a stringent one that imposes a 'very heavy burden' on any party seeking to overcome it." *Id.* (quoting *In re Am. Broad. Companies, Inc.*, 735 N.Y.S.2d 919, 922 (Sup. Ct. 2001)).

#### a. The Information Sought Is Not "Highly Material and Relevant" or "Critical or Necessary."

As to the first and second prongs, a requesting party cannot establish that the information sought is either "highly material and relevant" or "critical or necessary" if that party "does not know what is actually contained" in the requested material or does not know "whether there is evidence in existence." *See In re Application of Home Box Office, Inc.*, 103 N.Y.S.3d 794, 799 (Sup. Ct. 2019); *People v. Hendrix*, 820 N.Y.S.2d 411, 416 (Sup. Ct. 2006) (internal quotation marks omitted) (barring the "proverbial fishing expedition"). In practice, the requesting party cannot overcome the privilege by relying on "mere[] speculation" about the content and

relevance of the sought-after information.  *See In re Application of Home Box Office*, 103

N.Y.S.3d at 799; *In re Subpoena Duces Tecum to Ayala*, 616 N.Y.S.2d 575 (Sup. Ct. 1994)

(requiring "demonstrative factual corroboration"); *see, e.g., Perito v. Finklestein*, 51 A.D.3d 674,

675 (2d Dep't 2008) ("[Requesting party's] vague assertions that the information sought might

impact on the credibility of witnesses in the impending trial" did not establish criticality).

Moreover, information is not "critical or necessary" to a claim unless the claim "virtually

rises or falls with the admission or exclusion of the proffered evidence."  *See Krase v. Graco

Children Prods. (In re Application to Quash Subpoena to NBC)*, 79 F.3d 346, 351 (2d Cir.

1996); *Flynn v. NYP Holdings*, 235 A.D.2d 907, 908 (3d Dep't 1997).  "The test is not merely

that the material may be helpful or probative," but whether the claim itself "may be presented

without it."  *In re Application to Quash Subpoena to NBC*, 79 F.3d at 351 (quoting *Doe v.

Cummings*, No. 91-346, 1994 WL 315640, at *1 (N.Y. Sup. Ct. Jan. 18, 1994)).  Information is,

therefore, not "critical" if it is cumulative.  *See In re Application of Home Box Office*, 103

N.Y.S.3d at 801.

Mr. Rich cannot make the necessary showing that the information he seeks is "highly

material and relevant" or "critical or necessary" for the same reasons he cannot show that the

information is "crucial" and "goes to the heart of the matter" with respect to the First

Amendment privilege discussed above.  Specifically, because Ms. Zimmerman's 2017 article

does not mention him, and because none of Mr. Rich's claims are premised on her article, his

claims cannot "virtually rise[] or fall[] with the admission or exclusion of" her testimony.  *See In

re Application to Quash Subpoena to NBC*, 79 F.3d at 351 (internal quotation marks omitted).

Given his access to the published 2017 article and numerous potential witnesses, any

testimony he might obtain from Ms. Zimmerman will be cumulative, defeating any effort to

overcome the privilege. *See In re Application of Home Box Office*, 103 N.Y.S.3d at 801. And, further, Mr. Rich has not even identified what facts he seeks from Ms. Zimmerman, which suggests that he does not know what, if any, relevant evidence Ms. Zimmerman can provide and merely hopes to engage in a prohibited "fishing expedition." *See id.* at 800 (upholding the privilege with respect to outtakes because the requesting party "[did] not know what the outtakes actually captured" and "cannot contend that her defense 'rises or falls' on the basis of footage that may not even exist"); *Hendrix*, 820 N.Y.S.2d at 416.

### b. The Information Sought Is Obtainable From Alternative Sources.

Finally, as to the third prong, the requesting party must demonstrate that he or she seeks information from the journalist "only as a last resort." *Giuffre*, 221 F. Supp. 3d at 480. Mr. Rich has not made any showing that he cannot obtain the information sought from Ms. Zimmerman from any alternative source. For the reasons discussed in the First Amendment privilege analysis, there are numerous alternative sources who could offer information as to whether Mr. Rich was involved in any leaking to WikiLeaks—sources that are not protected by a newsgathering privilege.

### II. This Court Should Issue a Protective Order Preventing Plaintiff from Deposing Ms. Zimmerman.

When courts in this district have determined that the newsgathering privilege applies to third-party information, those courts have both quashed subpoenas seeking such testimony and issued protective orders barring such depositions. *See, e.g.*, *Goldberg*, 123 F. Supp. 3d at 22 (quashing subpoena for deposition of journalist and declining defendant's "request to compel [journalist] to invoke the journalist's privilege on a question-by-question basis"); *Tripp*, 284 F. Supp. 2d at 53 (granting reporter's motion for a protective order barring discovery "regarding her newsgathering activities"); *Grunseth v. Marriott Corp.*, 868 F. Supp. 333, 334–37 (D.D.C. 1994)

(quashing deposition subpoena); *In re Slack*, 768 F. Supp. 2d at195–98 (same); *Hutira*, 211 F. Supp. 2d at 121 (same); *Gray v. Hoffman-La Roche, Inc.*, No. 02-136 (RMU), 2002 WL 1801613 (D.D.C. Mar. 27, 2002) (same).

For the reasons explained above, this Court should find that the newsgathering privilege applies to the information sought in Ms. Zimmerman's deposition and issue a protective order under Rule 26 barring any such deposition.

## III. In the Alternative, this Court Should Stay Ms. Zimmerman's Deposition.

Alternatively, the Court should stay Ms. Zimmerman's deposition until Ms. Zimmerman is deposed in relation to the New York action, in which she is named as a defendant. In that case, the plaintiffs (the parents of Seth and Aaron Rich) have brought claims of intentional infliction of emotional distress and tortious inference with contract against Ms. Zimmerman stemming from her work on the 2017 article. Ms. Zimmerman and Fox News prevailed on a motion to dismiss in that matter, which was recently reversed by the Second Circuit.[5] Since that reversal, the district court has not yet entered a scheduling order. No depositions have taken place, and the parties have just begun document discovery. A status conference is set for January 22, 2020.

Pursuant to Rule 26(c)(1), a court may issue a protective order limiting discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" if the person "from whom discovery is sought" demonstrates "good cause." Fed. R. Civ. P. 26(c)(1). A request for discovery imposes an "undue burden" where it is "'unreasonable[] or oppressi[ve]' in the context of all the circumstances of the case." *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005) (quoting *Northrop Corp. v. McDonnell*

---

[5] *Rich v. Fox News Network, LLC*, 939 F.3d 112 (2d Cir. 2019).

*Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984)) (discussing the "undue burden" standard employed by Rule 26 and related Rule 45). In determining whether an undue burden exists, courts "must balance the burden to the moving party against the requestor's need for, and relevance of, the information sought." *Wang*, 214 F. Supp. 3d at 94–95 (internal quotation marks omitted).

Requiring a witness to sit for multiple depositions can amount to an "undue burden" warranting the delay of a deposition. *See id.* at 96 (rejecting the argument that a second deposition would "not be a genuine hardship at all," and noting the "well-established protection for witnesses against multiple depositions" (brackets and internal quotation marks omitted)). Courts have found such an undue burden even when less clear constitutional issues were at play. In *Wang*, for example, the court stayed the deposition of a witness to avoid subjecting him to the "undue burden" of a foreseeable second deposition. *Id.* at 94–95. The parties in that case were engaged in a discovery dispute over potentially privileged documents in the underlying patent infringement action pending in the Northern District of California. *Id.* at 92–93. The parties anticipated that if the discovery dispute resulted in the production of documents, the requesting party would likely seek to depose the witness a second time regarding the new documents. *Id.* at 94–96. The court granted the request for a stay because the "request to delay [the witness's] deposition until after the California court has resolved the privilege-waiver issue seeks the narrowest of modifications to the subpoena and effectively guards against the dual risks of seeking disclosure of protected materials and subjecting [the witness] to the undue burden of a second deposition." *Id.* at 96.

Similarly, in *Ecomission Sols., LLC v. CTS Holdings, Inc.*, No. 16-1793 (EGS), 2016 WL 4506974 (D.D.C. Aug. 26, 2016), the court elected to stay the deposition of a witness to avoid

the risk of multiple depositions. In that case, the requesting party had filed an interpleader motion seeking to join the witness as a defendant in the underlying case, which was pending in the Southern District of New York. *Id.* at *1. The court stayed the witness's deposition pending the resolution of the motion to "eliminate the risk that [the witness] will be deposed twice (once as a non-party and once as a party)." *Id.* at *2.

In this case, the balance of interests weighs heavily in Ms. Zimmerman's favor. Her testimony is of little to no relevance to Mr. Rich's case. Delaying her deposition, therefore, will not impede his fact development in any meaningful way. The burden to Ms. Zimmerman, on the other hand, is substantial. Not only would allowing her deposition at this time run the risk of exposing privileged newsgathering materials (which include materials from both confidential and non-confidential sources), it would also subject her to duplicative depositions and prejudice her as a defendant in the related New York case. The testimony that Mr. Rich seeks relates to her work on the 2017 article, which forms the basis of the claims against her in the New York action.

A stay of Ms. Zimmerman's deposition would avoid such prejudice and avoid the burden and expense of having Ms. Zimmerman sit for duplicative depositions about the same information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative."). Ms. Zimmerman faces a foreseeable deposition in the New York action. Given the newsgathering privilege issues also at play, this Court, like the court in *Wang*, should stay Ms. Zimmerman's deposition to avoid "the dual risks of seeking disclosure of protected materials and subjecting [the witness] to the undue burden of a second deposition." *See Wang*, 214 F. Supp. 3d. at 96. Such a delay would also allow Mr. Rich time to exhaust all other sources before seeking newsgathering information

from Ms. Zimmerman, as required by both the First Amendment and New York newsgathering privilege.

## CONCLUSION

For the foregoing reasons, non-parties Malia Zimmerman and Fox News respectfully request that this Court issue a protective order barring Plaintiff from deposing Ms. Zimmerman. Alternatively, the non-parties request that the Court stay her deposition in this case until she is deposed in relation to *Rich v. Fox News Network, LLC et al.*, No. 18-CV-2223 (GBD) (S.D.N.Y. filed Mar. 13, 2018).

Respectfully submitted,

*/S Katherine A. Petti*

Joseph M. Terry (DDC Bar 473095)
Stephen J. Fuzesi (DDC Bar 496723)
Katherine A. Petti (DDC Bar 1026532)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jterry@wc.com
sfuzesi@wc.com
kpetti@wc.com

*Attorneys for Non-party Fox News Network, LLC*

David H. Stern (pro hac pending)
Vincent H. Cohen, Jr. (DDC Bar 471489)

Dechert LLP
U.S. Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

1900 K Street, NW
Washington, DC 20006

Tel: (213) 808-5720
Fax: (213) 808-5760
david.stern@dechert.com
vincent.cohen@dechert.com

*Attorneys for Non-party Malia Zimmerman*

DATED: January 15, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2020, I caused to be filed electronically the foregoing Non-parties Malia Zimmerman and Fox News Network, LLC's Joint Motion for a Protective Order Barring Deposition and Memorandum in Support with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system. I further certify that a copy of the foregoing document was provided to Defendants Matt Couch and America First Media via email to mattcouch@af-mg.com on January 15, 2020.

*S/ Katherine A. Petti*

Katherine A. Petti

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AARON RICH

                Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA,

                Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## [PROPOSED] ORDER

Having considered non-parties Malia Zimmerman and Fox News Network, LLC's Joint

Motion for a Protective Order Barring Deposition and Memorandum in Support, it is hereby

ORDERED that the motion is GRANTED.  Plaintiff is barred from conducting a deposition of

Ms. Zimmerman.

      **SO ORDERED** this ___ day of January 2020.

                        _____
                        Hon. Richard J. Leon
                        United States District Judge

**<u>NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY</u>**

In accordance with Local Rule 7(k), listed below are the names and addresses of the

attorneys and parties entitled to be notified of the proposed order's entry:

Joshua P. Riley
Meryl C. Governski
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

Michael J. Gottlieb
Willkie Farr Gallagher LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: (212) 813-8389
Fax: (212) 813-8390

*Attorney for Defendant Edward Butowsky*

Matthew Couch
4000 S. Dixieland, A-201
Rogers, AR 72758
(479) 601-9740
mattcouch@af-mg.com

*Pro se*

America First Media
2300 West Ash Street
Rogers, AR 72758

*Pro Se*

David H. Stern
Vincent H. Cohen Jr.
Dechert LLP
U.S. Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

1900 K Street, NW
Washington, DC 20006
Tel: (213) 808-5720
Fax: (213) 808-5760
david.stern@dechert.com
vincent.cohen@dechert.com

*Attorneys for Non-party Malia Zimmerman*

Joseph M. Terry
Stephen J. Fuzesi
Katherine A. Petti
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jterry@wc.com
sfuzesi@wc.om
kpetti@wc.com

*Attorneys for Non-party Fox News Network, LLC*