# EXHIBIT 2

| | |
|---|---|
| **From:** | Meryl Governski |
| **To:** | Eden Quainton; Joshua Riley |
| **Cc:** | Michael Gottlieb; Sam Hall |
| **Subject:** | RE: Rich v. Butowsky |
| **Date:** | Tuesday, January 14, 2020 11:50:00 AM |
| **Attachments:** | Rich v. Butowsky et al Third-Party Productions.msg |

Mr. Quainton,

**Butowsky Deposition**

We are pleased to hear that Mr. Butowsky's surgery was successful and that he is recovering. Based on the representations you have made to us and the Court, we are withdrawing the deposition notice for next week, and we understand your email to be a commitment to work with us to set a date for the deposition at the soonest practicable time. To that end, could you please provide us with some tentative dates for the deposition?

**Rich Deposition**

We look forward to promptly receiving from you the deposition notice for Mr. Rich. Your notice must specify whether your deposition will proceed as a deposition of Mr. Rich in his personal capacity (for which we will accept service), or rather in his capacity of the administrator of his brother's estate (for which we will coordinate service on counsel for the estate).

We do not agree to your characterization that Mr. Rich has "refused to answer" certain questions "in his own name" in connection with your clients' requests regarding Seth Rich and we note that, to date, you have not identified for us any specific discovery response that you consider deficient. While Mr. Rich did preserve a legal objection that the overwhelming number of RFP requests regarding his brother, Seth, were improperly directed at Mr. Rich rather than his brother's estate (which has its own representation), he nonetheless produced responsive materials in his possession, custody, and control that belonged to his brother (or his estate), subject to legal objections. This has included the production of responsive Seth Rich emails, along with other information, in Mr. Rich's custody and control. Please explain what "important request" you are referring to that you believe Mr. Rich has not responded so that we can address it. While we are unaware of any substantive purpose for you to depose Mr. Rich both in his personal capacity and in his administrator capacity, if you choose to do so, you will need to notice two depositions, and we reserve all rights with respect to such notices.

Separate from your intention to depose Mr. Rich in Colorado on January 26, 2020, you have noticed five depositions within the past five days: (1) Kelsey Mulka in Michigan on January 22, 2020; (2) the estate of Seth Rich in D.C. on January 23, 2020; (3) Brad Bauman in D.C. on January 24, 2019; (4) Joe Capone on January 27, 2020 at 9:30 a.m. and (5) Detective Della Camera in D.C. on January 27 at 1 p.m.. In reliance on those depositions being noticed by you in good faith (even though it is unclear whether any of them have been served at all, let alone within the required 14-day window for service), we will begin to make plans for these depositions, including booking travel to Colorado and Michigan. We expect that you will inform us promptly if you are withdrawing any of your subpoenas or if the depositions will not for forward for any reason as soon as you determine that to be the fact. Please let us know if you would like to have a discussion with us about deposition scheduling and logistics. Also, given that you have served five new deposition subpoenas since January 8, 2020, are you

withdrawing your Rule 45 document and deposition subpoena as to Seymour Hersh?

**eBay/Google Subpoenas**

We are in receipt of your subpoenas to Google and eBay. Please explain your justification for seeking to subpoena stored electronic content from these third-party providers so that we may assess what legal position we will take in response.  We remind you that Mr. Rich previously produced responsive materials to you from Ebay on November 11 (see email attached), and that we have already produced responsive materials to and from both Aaron and Seth Rich's Google accounts.  Given those productions, we do not understand the basis for your separate subpoena to these third parties, nor do we understand why your clients are exempt from the same Stored Communications Act provisions that your co-counsel Mr. Clevenger raised using the specter of Rule 11 sanctions earlier in this case.  *See, e.g.*  Ty Clevenger, *Why won't Seth Rich's brother authorize Wikileaks to tell what it knows?*, LAWFLOG.COM (June 11, 2018), *available at* http://lawflog.com/?p=1937; *see also* Dkt. 31.


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, January 13, 2020 4:58 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Meryl Governski <mgovernski@bsfllp.com>; Michael Gottlieb <mgottlieb@willkie.com>; Sam Hall <shall@willkie.com>
**Subject:** Rich v. Butowsky

Josh,

I write to follow-up on your email from yesterday.

1. Couch Notice.  After careful review of Mr. Couch's July 9, 2019 letter and further discussions with Mr. Couch, we do not feel there is a good faith basis for your proposed notice.  If you do file it, we will file the attached.

2. Rich Deposition.  We would be amendable to a deposition on January 26, 2020.

3. Administrator deposition.  We do not believe that the deposition of the administrator of the Estate of Seth Rich should eat into our time to depose Aaron Rich.  Mr. Rich has responded to some of our important requests by saying that the requests were appropriately addressed to the administrator.  He cannot now argue that the time spent on addressing matters he has refused to answer in his own name should take away from our time to examine him.  I also note that you did not provide any authority for your 30(b)(6) argument.

4. Rich address.  While Mr. Rich's address may have been in an earlier production, we only found it in the fifth production served on us on January 10, 2019, which I spent all weekend reviewing.  Subpoenas will be issued to eBay and Google shortly.

5. Mr. Butowsky's health.  As I think you may have gathered from Mike, Mr. Butowsky's surgery was successful. I have not been able to speak to him directly, but my understanding is that his hip was removed and replaced with an artificial joint so that the entire area can be cleaned of the serious infection and a new hip inserted.  The cleaning/healing process will take

six weeks, during which time Mr. Butowsky will be medicated and largely immobile. He will then go in for follow up surgery to insert a new hip. If all goes well, he would be able to sit for a deposition at that point.

Sincerely


--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com