# EXHIBIT 1

| | |
|---|---|
| **From:** | Joshua Riley |
| **To:** | Eden Quainton |
| **Cc:** | Michael Gottlieb; Meryl Governski; Sam Hall |
| **Subject:** | RE: Rich v. Butowsky / Depositions |
| **Date:** | Sunday, January 12, 2020 3:01:30 PM |

Mr. Quainton,

We respond below to your email of the afternoon of January 10.

**Butowsky Deposition**

On October 17, October 30, and November 4, we sent emails seeking agreement as to a date for Defendant Butowsky's deposition. We received no response to those inquiries. On November 12, 2019, we served a notice for Defendant Butowsky's deposition to take place on January 16. On the afternoon of January 6, you represented to us that it would be "impossible" for Defendant Butowsky to sit for his deposition as scheduled because of medical issues. On January 10, we informed you that "we would be willing to accommodate a verified medical event that physically prevented Defendant Butowsky from appearing at a deposition," and we requested further representations from you as to Defendant Butowsky's condition. Later that day, you represented to us for the first time that Defendant Butowsky "remains in the hospital" and that he "went in for surgery" that morning. (We note that, in your January 10 email, you stated that you previously had "informed [us] in emails subsequent to the Declaration [which was filed in the evening of January 6] that Mr. Butowsky remains in the hospital and has been in the ICU." We are unaware of any email in which you provided any such update.)

Relying on the representations you have made to us, we are willing to grant your request to postpone Defendant Butowsky's deposition from January 16, so long as you'll commit to work cooperatively with us to make arrangements for that deposition to go forward as soon as practicable, regardless of discovery deadlines. To be clear: we are willing to postpone Defendant Butowsky's deposition; however, we request that you please (1) provide us some dates in the near future for which we can plan to take the deposition (at least tentatively) and (2) agree that if Defendant Butowsky does not sit for his deposition before the January 27 close of fact discovery, you would consent to the deposition occurring after that date notwithstanding anything to the contrary in the Scheduling Order. Please provide the requested dates and let me know that you agree with the foregoing, and we promptly will withdraw the deposition notice.

**Rich Deposition**

Plaintiff will be available for his deposition on January 22 in Washington, D.C. or January 24, 26, or 27 in Denver. Please promptly issue your deposition notice for one of those dates and locations. If you are deposing Plaintiff in his capacity as a party to this litigation, you can serve the deposition notice to us via email. If you are deposing him in a different capacity, we will work with you to facilitate service.

We note for the record that we disagree with the several excuses you have offered for your failure to notice Plaintiff's deposition prior to the Eleventh Hour. Among other things, the record shows that you or your clients have known Plaintiff's address since this case began, but whether you/they did or not is irrelevant, as surely you know how to reach us and could have

at any point served a party deposition notice on us or at least inquired with us as to deposition arrangements. Nor can you seriously claim that Plaintiff's deposition has been delayed by Plaintiff's discovery responses, which you admit you have not fully reviewed, about which you have not identified—much less asked us to meet-and-confer about—a single specific purported deficiency, and which have been substantial, timely, and comprehensive. Defendant Couch and Defendant Butowsky served document requests on October 16 and November 21, respectively. Plaintiff timely responded/objected to both of those requests and, subject to the rolling production to which you agreed and never objected, he has produced nearly 2,000 documents over the course of five productions dated November 15, November 27, December 24, January 3, and January 10.

**Couch Notice**

On January 2, we sent you a draft Notice, in which we proposed to (1) remind the Court that Defendant Couch previously represented to the Court that he had removed online content about Plaintiff and (2) inform the Court that Defendant Couch had not removed online content about Plaintiff and in fact continued to post content. The Notice was prompted in part by Defendant Couch's decision to posted a series of false statements about Plaintiff and his deceased brother during the holidays, a time in which basic human decency should have dictated different behavior.

When we sent you the draft Notice on January 2, we afforded Defendant Couch an opportunity to address the issues in the Notice and to secure our agreement not to file it. On January 5, you wrote that "Mr. Couch is willing to remove content but needs to have the links first." On January 10, I sent you nearly 150 links to relevant content about Plaintiff that Defendant Couch had posted and kept online. Later that day, you: indicated that Defendant Couch might not agree to remove the content after all; incorrectly stated that we had "demanded Mr. Couch remove by 5:00 p.m. today [i.e., Friday]"; and stated your (incorrect) "understanding" that Defendant Couch's letter to the Court "was made in the context of settlement discussions that were not successful because [we] insisted on the silencing of Mr. Couch on the Seth Rich investigation generally as a condition of dropping Aaron's suit."

The record speaks for itself with respect to what Defendant Couch represented to the Court and how Defendant Couch has conducted himself since then, and I see little benefit of us debating it further. I will, however, note that in our January 10 email to you, we asked that Defendant Couch remove the content we identified by 5:00 p.m. on Monday, January 13—and not by 5:00 p.m. on Friday as you stated—and we agreed to withhold our Notice if he does so. That offer stands.

Second, your understanding is not correct as to the genesis of Defendant Couch's letter or of prior settlement discussions, and I encourage you to review carefully the record of those discussions if you're going to express an understanding of them. On February 7, 2019, Plaintiff filed a motion to request a status conference. *See* Dkt. 51. On the evening of February 11, 2019, Defendant Couch initiated settlement discussions with us via an email he sent to Ms. Governski. *See* 2/11/19 7:34 p.m. Email from M. Couch to M. Governski re Good Afternoon ("I am interested in discussions to work towards a settlement agreement. I hope that we can mutually agree on terms before the status conference you requested. I think there is no need to extend this case further than it needs to be."). In subsequent correspondence, we invited Defendant Couch to suggest terms for a potential settlement, at which point he offered to issue a retraction and an apology. Settlement discussions continued via email until April

29, at which point an impasse was reached.  During the course of negotiations, we offered to dismiss Defendant Couch from the litigation without requiring him to pay a single penny in damages.  One of the terms we required in exchange for that concession was Defendant Couch's agreement to stop making false statements about Plaintiff's family.  Defendant Couch rejected the proposal, no agreement was had, and all offers of settlement have been withdrawn.  Over two months later, on July 9, Defendant Couch sent a letter to the Court in which he made his representation as to the removal of online content about Plaintiff.

~Josh

**Joshua Riley**
Partner
_____

BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727
jriley@bsfllp.com
www.bsfllp.com


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Friday, January 10, 2020 3:09 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Meryl Governski <mgovernski@bsfllp.com>; Michael Gottlieb <mgottlieb@willkie.com>; Sam Hall <shall@willkie.com>
**Subject:** Re: Rich v. Butowsky / Depositions

Josh,

In response to your emails:

1. Butowsky Deposition. I must say I find your comments about Mr. Butowsky to be disturbing.  It is impossible to read Mr. Butowsky's sworn Declaration and not appreciate how serious his condition is.   The very latest development at the time we filed our motions was that Mr. Butowsky had been admitted to the emergency room. I have informed you in emails subsequent to the Declaration that Mr. Butowsky remains in the hospital and has been in the ICU.   I have limited personal experience with ICU, except for a close friend who was close to death and admitted to intensive care (fortunately, she survived).  Mr. Butowsky has also had a fever that has spiked to 107, which I do know from personal experience to be extremely serious.  As to surgery, Mr. Butowsky went in for surgery this morning. I do not know how that went, but assuming it was successful, he will need time to recuperate.   He is also likely to be on very strong pain medication. His Declarartion makes clear that he has been in a post-operative state of pain for extended periods completely inconsistent with answering lucidly at at a deposition.  Frankly, I don't know why Plaintiff would even want to depose a defendant who is not perfectly clear-headed.  From talking to Mr. Butowsky yesterday, my understanding is that he will need further surgery in six weeks (apparently, we are talking about a complete hip replacement revision).   You can be assured that Mr. Butowsky's past and present condition will be meticulously documented by a highly competent professional team and that under no circumstances will I consent to any deposition of my client that could put his recovery in jeopardy or lead to a record distorted by medication. '

2.  Rich deposition.

As to Mr. Rich's deposition, I appreciate that his deposition has not been formally noticed yet. I do not know his address and cannot serve the notice and, as you yourself have indicated, it is unclear whether a location near D.C. or Denver would be most appropriate.  Given how obviously important the deposition is, I had assumed we would work out a time and place that would be mutually agreeable.  However, scheduling the deposition has been delayed because of the still incomplete, rolling, nature of Mr. Rich's document production and his evasive interrogatory answers (refusing to provide material evidence on the grounds that questions should be addressed to the administrator of his brother's estate).  Discovery was served on Mr. Rich many months ago and we received Mr. Rich's 4th production on January 3, 2020.   have not yet finished going through the files ███████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████     In these circumstances, it seemed prudent and, indeed, in the interest of your client not to rush the scheduling of a deposition that would have to be conducted on an incomplete record.  As of today, I still do not know whether our "rolling" production is complete, leaving aside any deficiencies that we identify that should be remedied.  However, given the likely extended delay in the scheduling of Mr. Butowsky's deposition, I see no reason why we shouldn't work expeditiously to complete Mr. Rich's production, address any issues and schedule his deposition.  You simply state peremptorily that Plaintiff's deposition will occur after Mr. Butowsky's, but you provide no principled basis for this position under the circumstances.

Separately, there is no reason whatsoever to delay the deposition of the administrator of the Seth Rich estate.   The administrator is not a party to the action and his deposition should be conducted asap.  I do not agree that an adminstrator's deposition necessarily occurs under Rule 30(b)(6).  I have defended an administrator in a non-30(b)(6) deposition in the past.  The rule itself says that it does not preclude a deposition by any other procedure allowed by the rules.  What is your authority for the proposition that an administrator's deposition must be conducted under Rule 30(b)(6).  Do you represent the administrator? I had thought that was Kerri Castellini, but she has told me she was not authorized to accept service of the deposition subpoena even though her client is administrator of an estate probated in D.C.

3.  Couch Notice.  By separate email at 1:16 p.m. today, five days after I had requested the information from you, a list of 146 social media posts on multiple different platforms you demanded Mr. Couch remove by 5:00 p.m. today.  I have just begun reviewing the list, but obviously I need to compare the specific language of what Mr. Couch represented to the Court and any posts subsequent to that letter to see if I agree with your assessment that the posts violate the letter.   My understanding of that letter, incidentally, is that it was made in the context of settlement discussions that were not successful because you insisted on including the silencing of Mr. Couch on the Seth Rich investigation generally as a condition of dropping Aaron's suit.  Leaving aside the outrageous nature of this settlement demand, it is unclear to me why a representation about specific posts in the past has anything to do with some of the posts about which you are complaining.  But I only just began reviewing the posts minutes ago and cannot give you a reasoned view.   If you want to rush to burden the Court given these bullying tactics, which are unfortunately consistent with your practice towards my client throughout this litigation, you should feel free to do so.  In the meantime, I will review the posts calmly with my client over the weekend and get back to you early next week.

Finally, I note that you scheduled a meet and confer call for 3:30.  I have another case with a Friday deadline that I need to attend to.   Perhaps you can respond in writing on  these points and we can then determine whether a further meet and confer would be helpful or whether we are so far apart that we would need the Court's assistance in resolving our issues.

Sincerely,

Eden

[Bracketed text is intended to be AEO]


**From:** Joshua Riley
**Sent:** Friday, January 10, 2020 1:16 PM
**To:** 'Eden Quainton' <equainton@gmail.com>
**Cc:** Michael Gottlieb <MGottlieb@willkie.com>; Meryl Governski <MGovernski@BSFLLP.com>; Sam Hall <SHall@willkie.com>
**Subject:** RE: Couch tweets

Mr. Quainton,

Thank you for getting back to us about the issues below.

The attached document inventories some, but not all, of the content that Defendant Couch posted and, as of this week, remains online about Plaintiff, notwithstanding Defendant Couch's representation to the Court that he removed any and all content about Plaintiff and notwithstanding Defendant Couch's declaration under oath that he stopped referencing Plaintiff in his online publications.  Defendant Couch should remove this content immediately, while still preserving it as evidence, and he should search for and remove, while still preserving as evidence, any additional similar content—or he should explain himself to the Court.  As we become aware of additional content that contradicts Defendant Couch's representations to the Court, we will bring it to your attention; however, it is not our burden to locate this content for Defendant Couch, who on his own initiative, told the Court that he had taken it down and now needs to abide by those statements or retract them.  We expect that, as a result of your most recent conversations with Defendant Couch, no new content will be posted.  If, at a minimum, the content in the attached list is taken down by 5 p.m. on Monday, we will hold off on filing our Notice.  Otherwise, we may need to move forward with it.

As to your idea for a stipulation as to statements going forward, we'd be happy to consider a proposal if you would like to send one to us.

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727

jriley@bsfllp.com
www.bsfllp.com


On Fri, Jan 10, 2020 at 12:29 PM Joshua Riley <jriley@bsfllp.com> wrote:

Mr. Quainton,
I write in response to your emails below with respect to scheduling for depositions for Defendant Butowsky and Plaintiff.  We invite you to meet-and-confer about these issues at your earliest convenience, and we propose 3:30 p.m today to do so.

**Butowsky Deposition**

Our standard practice is to extend accommodations and courtesies as reasonably are required or appropriate to parties who face personal, medical, or family conflicts, and we would be willing to accommodate a verified medical event that physically prevented Defendant Butowsky from appearing at a deposition.  To date, you have stated that "apparently" Defendant Butowsky's doctors might be "considering" a surgery that could render Mr. Butowsky unable to sit for a deposition as scheduled, and Defendant Butowsky stated in his recently-filed declaration that it "is unclear what the next steps will be."  In the declarations that were filed earlier this week with the Court, none of which came from a physician, neither you nor Defendant Butowsky made reference to any potential surgery or to Defendant Butowsky's inability to sit for his deposition as scheduled, and you have provided us no further updates.  Therefore, on the current record and under the present circumstances, particularly with the close of discovery upcoming, further discussion is required before we could agree to postpone Defendant Butowsky's long-scheduled Jan. 16 deposition.  We are willing to discuss with you appropriate accommodations subject to further development of the record, such as verified representations from you as to Defendant Butowsky's inability to sit for a deposition as scheduled and his commitment to sit for a deposition at the soonest practicable time in the near future.

**Rich Deposition**

First, for reasons that are not clear to us, you waited until midnight on Wednesday night to serve a deposition notice to Plaintiff, you requested that we respond to that notice by noon today, and you scheduled that deposition for two weeks later.  By contrast, we gave you over a months' notice for Defendant Couch's deposition and over two-months' notice for Defendant Butosky's deposition, and we issued those notices so the depositions would be completed well within the discovery deadlines to which you agreed and which the Court ordered.  Your clients have known that Plaintiff served as the executor of Seth Rich's estate since well before discovery in this case began—you and they have no excuse for dumping this on us at the last minute then demanding an immediate response.

Second, your notice was styled as a third-party deposition notice, not a party deposition notice.  Please be advised that Plaintiff will not be sitting for multiple depositions and he will not be made available for more than 7 hours of testimony, as we have previously discussed.  We may be able to accommodate what appears to be your interest in having Plaintiff sit as a third-party by agreeing to have Plaintiff sit for a single 7-hour deposition with time divided between questioning Plaintiff (a) in his individual capacity and (b) in his capacity as executor of Seth Rich's estate.  We should discuss this.

Third, and relatedly, to the extent you are seeking to depose Plaintiff in his capacity as executor of Seth Rich's estate, the deposition will proceed under Rule 30(b)(6).  Once you have provided topics for the deposition, as required under the Rule, we would be happy to discuss with you the arrangements for that deposition as appropriate, including a process for serving the subpoena consistent with the rules.

Fourth, given the history of discovery in this case—including Plaintiff's diligence in responding to Defendants' discovery requests, Defendants' refusal to do the same, and Defendant Butowsky's pattern of releasing information via his Twitter feed in violation of the rules of discovery in this case—Plaintiff's deposition will occur after Defendant Butowsky's deposition.  This, of course, makes it imperative that Defendant Butowsky's deposition go forward promptly.

Fifth, you state that, "because Mr. Rich's address has been sealed we do not know where to conduct the deposition and need your assistance in scheduling the deposition."  That statement is difficult to take seriously.



(The foregoing bracketed text is AEO.)

Finally, you state that you will be providing a "deficiency letter relating to Mr. Rich's production to date."  We will review that letter when you send it, and we will work with you to address any valid issues you raise.

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Thursday, January 9, 2020 12:04 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Meryl Governski <mgovernski@bsfllp.com>; Michael Gottlieb
<mgottlieb@willkie.com>; Sam Hall <shall@willkie.com>
**Subject:** Deposition of Aaron Rich as Third Party Administrator of Estate of Seth Rich

Josh,

As you know, Aaron Rich is in possession of material evidence as administrator of the Estate of Seth Rich and I have issued a subpoena for his deposition and the production of physical items at the deposition to his Estate counsel, Ms. Kerri Castellini.  Ms. Castellini has stated she is not authorized to accept service, even though she accepted service of the prior subpoena.   Aaron Rich's testimony as administrator and his production of physical items at his deposition is relevant, necessary and material to the action.  Because Mr. Rich's address has been sealed, I do not know where he can be served.  If necessary, I will seek assistance from the Court, but I would like to avoid that.  Please advise.

Sincerely,

Eden

--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

_____
**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Wednesday, January 8, 2020 11:51 PM
**To:** Joshua Riley <jriley@bsfllp.com>; Meryl Governski <mgovernski@bsfllp.com>;
Michael Gottlieb <mgottlieb@willkie.com>; Sam Hall <shall@willkie.com>
**Subject:** Rich v. Butowsky -- Third Party Subpoenas

Attached please find three third party subpoenas to testify addressed to Brad Bauman, Kelsy Mulka and Aaron Rich, as administrator of the Estate of Seth Rich.

Please provide some available dates for Aaron Rich's deposition and the location of the deposition no later than **Friday, January 10 at 12:00 pm**.  Because Mr. Rich's address has been sealed we do not know where to conduct the deposition and need your assistance in scheduling the deposition.  In addition, please note that we will be providing you separately a deficiency letter relating to Mr. Rich's production to date.  If the deficiencies are not cured by the date of Mr. Rich's deposition, we reserve the right to keep the deposition open.

Sincerely,

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, January 6, 2020 1:35 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Meryl Governski <mgovernski@bsfllp.com>; Michael Gottlieb <mgottlieb@willkie.com>; Sam
Hall <shall@willkie.com>
**Subject:** Sy Hersh audio

Josh,

I have conferred with Mr. Butowsky and he confirms that the Sy Hersh audio provided in
discovery should continue to be sealed.

On a separate note, his medical condition has seriously worsened and he is now in ICU at
Plano Presbyterian after having a 107 degree fever last night. This is extremely serious.
Apparently, his doctors are considering a further complicated surgical procedure that will keep
him at the hospital and away from work for the foreseeable future.  He tells me that it will be
impossible for him to attend a deposition on the 14th.  He is not in a position to update the
declaration I will be filing shortly, but I will provide an updated version once he is in a
position to sign the document and we know what is going on.

Eden

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Sunday, January 5, 2020 5:41 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Meryl Governski <mgovernski@bsfllp.com>; Michael Gottlieb <mgottlieb@willkie.com>; Sam
Hall <shall@willkie.com>
**Subject:** Couch tweets

Josh,

I have spoken to Mr. Couch about references to Aaron.  Could you please provide us with a
list of the posts/tweets that you consider objectionable?  Mr. Couch is willing to remove
content but needs to have the links first.  He did use blanks instead of Aaron's name in a good
faith effort to avoid mentioning Aaron specifically.  I have discussed this with him and,
subject to seeing the specific content, he is willing in principle to remove posts/tweets to
which Plaintiff objects.

To preserve the parties' rights, we might want to have a stipulation as to what parties can and can't say.  I think, for example, Mr. Couch should be able to say, if he is invited on broadcast, that he has been sued by Aaron, that the allegations are that Mr. Couch defamed Aaron by saying x and y and that Mr. Couch does not believe the allegations have merit.   I note that both Aaron and Meryl participated in the Conspiracyland podcast and discussed the case.

Sincerely,

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com