UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,                                             Case No. 1:18-cv-00681-RJL
                                                              Honorable Richard J. Leon

Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

# DEFENDANTS' OPPOSITION TO MOTION TO DEEM CERTAIN FACTS ADMITTED AND CROSS-MOTION TO WITHDRAW AND AMEND ANY ASNWERS DEEMED ADMITTED

EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendants Edward Butowsky and Matthew Couch*

**INTRODUCTION**

Like many of Plaintiff's motions, the present motion is unnecessary and designed to keep Defendants on the defensive so as to distract from their ability to devote their resources to substantive litigation.  At issue here are a very limited number of responses to a second set of Requests for Admissions directed at Defendants, the bulk of which consist of items admitted and thus obviously inappropriate for a motion.  There remain a handful of responses that Plaintiff knows are or will be contradicted by Defendants' deposition testimony or are otherwise unsuited to the clear-cut yes/no answers appropriate for requests for admissions.  To the extent any such responses were provided outside the time required for response, Defendants respectfully cross-move the Court to exercise its discretion and permit any deemed admissions to be withdrawn and amended as set forth herein.

**FACTUAL BACKGROUND**

Plaintiff served his First Request for Admissions on Defendant Matthew Couch (the "Couch First RFA's") and on Defendant Edward Butowsky (the "Butowsky First RFA's") on October 18, 2019.  Declaration of Eden P. Quainton, dated January 22, 2020 (the "Quainton Decl.") at ¶ 2.  On November 18, 2019, Defendants provided their responses and objected on a variety of grounds, including that discovery was ongoing, that the requests were improper and that they were not capable of being admitted or denied as drafted.  *Id.* at ¶ 3.  Following the service of Defendants' responses to the First RFA's the parties met and conferred telephonically on November 23, 2019.  *Id.* at ¶ 4, Ex. 1.  During their conference, Plaintiff's counsel noted Defendants' objections and indicated that Plaintiff would either restate or withdraw certain objections in light of Defendants' responses.  *Id.* at ¶ 5.  Plaintiff served his Second Request for Admissions on Defendant Matthew Couch (the "Couch Second RFA's") and on Defendant Edward Butowsky (the "Butowsky Second RFA's") on November 27, 2019.  *Id.* at ¶ 6.

1

Defendants then worked diligently to meet the deadlines agreed to following the November 23, 2019 meet and confer conference. *Id.* at ¶ 7. On December 12 2019, Plaintiff took the deposition of Matthew Couch. *Id.* at ¶ 8. On December 23, 2019, Defendants' counsel informed Plaintiff that, for a variety of reasons beyond Mr. Butowsky's control, it would be impossible for him to complete his production by December 23, 2019 but that Mr. Butowsky was working as diligently as possible to complete the production. *Id.* at ¶ 10. Defendants' counsel continued to work on the production of documents and other matters, including preparing a Motion for an Extension of Discovery based on, among other things, Mr. Butowsky's medical condition, which remained extremely serious and interfered with Mr. Butowsky's ability to meet his obligations. *Id.* at ¶ 12; Dkt. 97; Dkt. 97-9. With the press of business, Mr. Butowsky's condition and the holidays, responses to Plaintiff's Second RFA's were not returned by December 27, 2019. Quainton Decl. at ¶ 13. On January 6, 2020, Plaintiff's counsel informed counsel for Defendants that he would be moving to deem certain facts admitted. *Id.* at ¶ 14. Defendants' counsel stated that this would be unnecessary because a great many of the requests were admitted and that the remainder could not be responded to because they were contradicted given or were otherwise improper. *Id.* In addition, immediately after raising these objections, Defendant's counsel conferred with Mr. Couch and returned the Responses of Matthew Couch to the Second Couch RFA's on January 8, 2020 (the "Couch Second RFA Responses"). Quainton Decl. at ¶ 17. Defendants' counsel was unable to discuss the RFA's with Mr. Butowsky, who was taken to the emergency room and then to the intensive care unit after his temperature rose to 107 degrees. *Id.* at ¶ 19. On January 22, 2020, Mr. Butowsky was readmitted to the emergency room after severe post-surgical hemorrhaging. *Id.* at ¶ 20. Before he was readmitted, counsel had an opportunity to discuss the responses to the Requests for Admissions with Mr. Butowsky (the "Butowsky Second RFA Responses"), which were returned today. *Id.* at ¶ 21. The Couch Second RFA

2

Responses are set forth on Exhibit 7 to the Quainton Decl. and the Butowsky Second RFA Responses are set forth of Exhibit 8 thereto.

## LEGAL ANALYSIS

A central purpose of the discovery device of Requests for Admissions under Rule 36(a) is to narrow the scope of issues to be litigated and to thereby expedite the litigation process. *See, e.g., Rabil v. Swafford,* 128 F.R.D. 1 (D.D.C.1989); *Equal Employment Opportunity Comm'n v. Baby Products Co.,* 89 F.R.D. 129, 130 (E.D.Mich.1981). Although this is an important function, the Court should not "construe it to subsume the judicial function contained in Rule 52(a) to weigh and evaluate testimony." *Kendrick v. Sullivan*, No. CIV. A. 83-3175(CRR), 1992 WL 119125, at *3 (D.D.C. May 15, 1992).

Moreover, while Rule 36 Requests for Admissions are to be responded to within 30 days, the "rule also provides for a safety valve to ensure the action is resolved on the merits while assuring each party that justified reliance on an admission ... will not operate to his prejudice." *Baker v. Potter*, 212 F.R.D. 8, 11 (D.D.C. 2002). Under Rule 36(b), "the court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." If, as here, a party seeks to respond to a request for admissions after the thirty-day time period, the court treats such request as a motion to withdraw or amend admissions and analyzes it under the two-pronged test of rule 36(b). *Baker,* 212 F.R.D. at 12.

Here, Plaintiff's Second Requests for Admissions directed at Mr. Couch consist of 13 requests, 9 of which are admitted. Ex. 7. Plaintiff's Second Requests for Admissions directed at Mr. Butowsky consist of 19 requests, all but 14 of which are admitted, 9 of which without any

3

qualifications whatsoever.  The four responses at issue for Mr. Couch are responses to the following questions

> **RFA 64**: Admit that You do not know whether Aaron Rich was involved in transmitting the DNC Emails to WikiLeaks.
>
> **RFA 65**: Admit that You do not know whether Aaron Rich received money from Wikileaks in exchange for the DNC Emails.
>
> **RFA 66**: Admit that You do not know whether Aaron Rich has been interviewed by law enforcement in connection with Seth Rich's murder.
>
> **RFA 67**: Admit that You believe that Edward Butowsky misled You about Aaron Rich's alleged involvement in transmitting the DNC Emails to Wikileaks.

The first two requests raise a question about the nature of knowledge and are totally inappropriate for a request for admissions, which are designed to elicit clear-cut responses on factual questions so as to narrow the issues for trial.  *Harris v. Koenig*, 271 F.R.D. 356, 372 (D.D.C. 2010)(The purpose of requests for admissions is "to narrow the scope of issues to be litigated and to thereby expedite the litigation process).  Moreover, these questions are asking whether Mr. Couch affirmatively has a <u>negative</u> state of knowledge, *i.e.*, that he affirmatively does <u>not</u> know particular facts.  Mr. Couch obviously denies this request, and, to the extent Plaintiff can overcome his heavy burden of proving the falsity any of Mr. Couch's statements, he will then be able to attempt to prove that Mr. Couch should have known certain facts were not true.  But Mr. Couch categorically denies the request that he knows certain things <u>not</u> to be true.  RFA 66 is simply factually incorrect and Mr. Couch cannot admit it.  To the extent any admission would result from the delay in responding to the request, Mr. Couch respectfully moves the court to permit him to amend the response to reflect the correct response noted above.  Finally, RFA 67 is flatly contradicted by Mr. Couch's sworn deposition testimony. *See e.g.*, Ex. 2, 33:22-23, 36:5-11;  50:19-21.  This is a perfect example of an instance in which Rule 36

should not subsume the judicial function contained in Rule 52(a) to weigh and evaluate testimony." *Kendrick v. Sullivan*, 1992 WL 119125, at *3. The only remaining admissions are RFA 68, which Mr. Couch seeks to admit subject to the factual reservation that advertising revenue on websites such as the DC Patriot is included, and RFA 70, that seeks to specify that the total amount of money donated by Mr. Butowsky was $1,000. Both these responses serve the core purpose of Rule 36 by providing clear factual responses on matters that are not disputed and thus both promoting the presentation of the merits and narrowing the issues for trial. Moreover, in assessing the handful of matters that are not cleanly admitted, it is evident there is no possible prejudice to Plaintiff, either because the responses are helpful in narrowing issues or because they relate to matters that have been tested in deposition and can be further tested at trial. No useful purpose would be served by forcing Mr. Couch to be stuck with responses that he knows to be false, inaccurate or incomplete.

As to Mr. Butowsky may of the same considerations apply. Mr. Butowsky seeks to deny RFA 69, 70 and 71 that ask him to state affirmatively he does not know something to be true. This he obviously is not willing to admit to. RFA 72 ask him to deny a fact he knows to be true and is thus wholly improper. It has likewise been widely reported that the FBI has inspected Seth's laptop, as attested to by two separate independent sources, the FBI source quoted by Sy Hersh and the FBI source quoted by Malia Zimmerman. Quainton Decl. at ¶ 24. Certainly, it would be absurd of Mr. Butowsky to **deny** the existence of the FBI report, which presupposes he has affirmative knowledge of its non-existence—which is most definitely not true. In responses to RFA 67 and 68, Mr. Butowsky seeks to clarify that Joel told him, "I know what my boys did," even if he did not explicitly name Aaron. A flat admission would be false and misleading and will be contradicted by what Mr. Butowsky's deposition testimony. It would serve no useful purpose to attempt to "box in" Mr. Butowsky to an answer he knows to be misleading. To the

5

extent his response is late, this would be a perfect opportunity to permit him to withdraw the deemed admission and amend his response as indicated.  In his response to RFA 74, Mr. Butowsky seeks to clarify that he does not know the precise date when the FBI examined Seth's laptop to avoid any confusion with his previous answer that he does know, based on his sources, that the FBI examined Seth's laptop.  Finally, RFA 79 seeks to have him admit that he used his professional email to disseminate information relating to Seth Rich.   While it is always possible that a stray email would make its way into a professional email, subject to the caveat in the general objections that discovery is still ongoing, Mr. Butowsky is denying this request.   The remainder of the requests are flatly admitted.

There can be no prejudice to Plaintiff, since he will have every opportunity to test Mr. Butowsky's  recollection and credibility during his deposition, and the presentation of the merits will be promoted by permitting Mr. Butowsky to amend deemed admissions that do not correspond to his actual responses.  Mr. Butowsky submits that the interests of justice will best be served by proceeding in this fashion, rather than forcing him to be "stuck" with unamended responses that would only lead to a pointless game of "gotcha" during his deposition.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request to deem the facts identified above admitted and, to the extent any responses were submitted outside the 30 day time for response, to permit Defendants to amend their responses as served on Plaintiff and as set forth on Exhibit 7 and 8 to the Quainton Decl. submitted together herewith.

Dated January 22, 2020

                                      */s/ Eden Quainton*_____
                                      EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
                                      QUAINTON LAW, PLLC

1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on January 8, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*