UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH, | Case No. 1:18-cv-00681-RJL |
| | Honorable Richard J. Leon |
| Plaintiff, | |
| v. | |
| EDWARD BUTOWSKY, <br> MATTHEW COUCH <br> AMERICA FIRST MEDIA, <br> Defendants. | |

## DECLARATION OF EDEN P. QUAINTON IN SUPPORT OF DEFENDANTS' MOTION FOR AN EXTENSION OR STAY OF DISCOVERY

I, Eden P. Quainton, declare under penalty of perjury that the foregoing is true and correct:

1.      I am counsel for Defendants Edward Butowsky and Matthew Couch. This declaration is based upon my personal knowledge and upon information provided to me in my official capacity.

2.      I entered an appearance in this matter on November 7, 2019 on behalf of Defendant Matthew Couch ("Mr. Couch"). I entered an appearance for defendant Edward Butowsky ("Mr. Butowsky") on November 13, 2019. In addition, since approximately August, 2019, with disclosure to the Court and consent of opposing counsel, I provided advice informally to Mr. Couch pending my admission to the District Court of the District of Columbia.

**Defendants' Responses to Plaintiff's Discovery Demands**.

3.      When I inherited the case, Mr. Couch – a *pro se* defendant with limited resources – had been struggling to participate meaningfully in the litigation. Since that time, I have

1

assisted Mr. Couch in completing two separate document productions and producing a privilege log, in sufficient detail that his deposition could be taken. Mr. Couch cooperated with Plaintiff in using broad search terms selected by Plaintiff and applying the terms to all of Mr. Couch's accounts.

4. Set forth as Exhibit 1 hereto is a true and accurate copy of an email dated December 6, 2019 to Joshua Riley providing a narrative explanation of the manner in which Plaintiff's search terms had been applied.

5. Mr. Couch had been sufficiently diligent in producing documents that his deposition was held as scheduled on December 12, 2020, with no need to adjourn the deposition as a result of any document production deficiencies. The parties had a substantive dispute about Mr. Couch's claims of source privilege as to a certain number of recordings, but this debate was itself meaningfully framed by Mr. Couch's diligence in preparing a well-labelled privilege log permitting a substantive challenge by Plaintiff.

6. Mr. Couch also responded formally to Plaintiff's Interrogatories, which he had been unable to do previously because of his lack of familiarity with litigation procedure, and responded to Plaintiff's requests for admissions.

7. With respect to Mr. Butowsky, prior to my involvement, and despite his medical difficulties, Mr. Butowsky had taken his obligations seriously. His former counsel produced 1429 documents in response to Plaintiff's discovery demands and Mr. Butowsky had responded to Plaintiff's interrogatories.

8. However, Plaintiff was dissatisfied with Mr. Butowsky's production and demanded that he conduct a more thorough document search. Under my direction and working

in conjunction with opposing counsel, Mr. Butowsky has endeavored to satisfy Plaintiff's demands.

9. Beginning in November, I recommended that a professional electronically stored information ("ESI") discovery vendor be retained to perform a search based on criteria established by Plaintiff. I had previously worked with an e-discovery firm named OnLine Security, an ESI specialist, and recommended this firm. *See* https://www.onlinesecurity.com/company-profile

10. In the course of early November 2019, I had several telephonic conversations with Plaintiff's counsel, who agreed with my proposed approach.

11. At my direction, Online Security was retained by on November 19, 2019. On December 1, 2019, Plaintiff provided a list of 61 search terms that Mr. Butowsky was to use in searching for responsive documents.

12. Work on the production was delayed nearly three weeks because of a delay in Mr. Butowsky's carrier making payment of OnLine Security's retainer.

13. In light of the foregoing I notified Plaintiff's counsel on December 23, that it would not be possible to meet the previously agreed deadline. I informed Plaintiff's counsel that Plaintiff's 61 search terms had generated 6,452 documents representing a total of 29,920 pages. I noted that based on my preliminary review of several hundred documents it would likely take 60 man-hours to perform the initial review. Despite the huge volume of material, I instructed an associate to begin working immediately and to treat this as a priority matter.

14. Set forth on Exhibit 2 is a true and accurate copy of an email sent to Mr. Riley on December 23, 2019, discussing Mr. Butowsky's document production.

15. The initial review was complete on January 8, 2020. I have been unable to make further progress on the production because I have been unable to discuss the proposed production

with Mr. Butowsky.  It is not clear as of this writing when the review can occur.  Mr. Butowsky was most recently readmitted to the emergency room following acute pain and severe post-surgical hemorrhaging requiring re-hospitalization.

**Defendants' Discovery Efforts**

Party Discovery

16. At the same time, Defendants needed to conduct their own discovery.

17. On October 16, 2019 a first set of Interrogatories and a first set of Requests for Poductions were issued by Mr. Couch.

18. On November 8, 2019, a first set of Requests for Admissions was served by Mr. Couch.

19. On November 21, 2019, Mr. Butowsky served his Second Set of Interrogatories, his first Request for Production and his first Requests for Admissions.

20. In response to Defendants' requests, Plaintiff has produced close to 4,000 pages of documents in six "rolling" productions, the most recent of which occurred on January 13, 2020.  Reviewing, absorbing, digesting and categorizing these documents has required substantial time and effort.

Defendants Third-Party Discovery

21. At the same time, Defendants have diligently pursued third-party discovery, in circumstances in which witnesses appear particularly skittish about cooperating.  On November 21, 2019 a subpoena to produce documents was issued to Donna Brazile, the former chairwoman of the DNC and close acquaintance of the Rich family.  Ms. Brazile was served and through counsel refused to provide any documents, citing her associational privilege under the First

Amendment and her right to protect the internal workings of the DNC from scrutiny.  Ms. Brazile's claims of privilege will need to be litigated.

22.     On December 2, 2019, a subpoena was issued to Cathy Lanier, the former chief of police of the District of Columbia for the production of documents by December 23, 2019.  Service could not be effected on Ms. Lanier, who was reported to be out of the country with an uncertain return date.

23.     On December 5, 2019, a subpoena was issued to the Estate of Seth Rich for the production of documents on December 23, 2019.  A limited number of documents were produced in response.  It appears that motion practice may be necessary to resolve any issues.  Mr. Rich, the administrator of the Estate of Seth Rich, has changed counsel since the initial subpoena and it remains to be seen if progress can be made with Mr. Rich's new counsel.

24.     On December 19, 2019 a subpoena to produce documents by January 10, 2020 was issued to Brad Bauman, the PR crisis manager who has been working with the Rich family on press relations for many years.  Mr. Bauman could not be served.

25.     On December 19, 2019 I served a subpoena to produce documents and appear at a deposition on January 10, 2020 to Sy Hersh.  After multiple attempts, the process server was unable to effect service.  A new subpoena will be issued and service again attempted.

26.     On December 19, 2010 a subpoena was issued to Reddit Inc. for provision of documents by January 10, 2020.  No documents have yet been received.

27.     On December 24, 2019 a subpoena was issued to Pratt Wiley, Seth Rich's supervisor at the DNC, who would have had direct knowledge of any issues Seth was experiencing at work.  Service could not be effected despite multiple attempts.

28. On December 24, 2019 a subpoena for production of documents by January 13, 2020 was issued to Michael Issikoff, host of the six-part Conspiracyland podcast devoted to the Seth Rich murder case, on which Aaron Rich appears and discusses the pending lawsuit, together with counsel. It was not possible to effect service on Mr. Issikoff.

29. On December 24, 2019 a subpoena for production of documents by January 13, 2020 was issued to Amy Dacey, another of Seth Rich's supervisors at the DNC. Service could not be effected on Ms. Dacey.

30. In addition, on December 24, 2019 subpoenas for the production of documents have been issued to eBay and Google, but to date no documents have been received.

31. On December 30, 2019 a subpoena for production of documents by January 15 was issued to Stuart Blaugrud, Plaintiff's sole witness for an alleged plot by Defendants to surveil Aaron Rich. The subpoena was served, but Mr. Blaugrund has objected to the subpoena in its entirety and the production of documents will need to be litigated.

32. On January 8, 2020, a subpoena to appear at a deposition on January 24, 2020 was issued to Mr. Bauman. Plaintiff has been unable to effect service of the subpoena on Mr. Bauman.

33. On January 9, 2020 a subpoena to appear at a deposition and produce documents was issued to Kelsey Mulka, Seth Rich's former girlfriend. After a week of service attempts, Ms. Mulka was served. The night before the scheduled deposition, Ms. Mulka retained counsel, who contacted me and requested that the deposition be adjourned. I am working with counsel to schedule new dates.

34. On January 13, 2020, a subpoena to appear at a deposition on January 27 was issued to Joey DellaCamera, the lead detective assigned to the Seth Rich case. It has not been possible to effect service on Mr. DellaCamera to date.

35. On January 13, 2020 a subpoena to appear at a deposition was issued to Joe Capone, the manager at Lou's bar who was allegedly told by Aaron he could not discuss emails with the Rich family private investigator. The subpoena was served, but it is currently contemplated that the deposition will be adjourned.

36. The deposition of Rod Wheeler has also been scheduled for February 7, 2020 based on consent of all the parties. The deposition of Aaron Rich was scheduled for January 26, 2020. In light of the Court's apparent decision to extend discovery, Mr. Rich's deposition has been cancelled and a new date will be set once the Court enters its order.

**Mr. Butowsky's Medical Condition**.

37. As set forth in the Declaration of Edward Butowsky, dated January 6 2020 (Dkt. 97-9) Mr. Butowsky has been battling an extremely severe medical condition related to hip surgery and various follow-up revision surgeries that have interfered with his ability to participate in discovery. Most recently, Mr. Butowsky was readmitted to the emergency room on January 21, 2020 after he suffered acute post-surgical hemorrhaging that required immediate hospitalization.

38. Set forth on Exhibit 3 hereto are true and accurate copies of extracts from Mr. Butowsky's patient portal at Texas Health Presbyterian Hospital, the primary hospital at which Mr. Butowsky has been treated over the past three years.

39. Set forth on Exhibit 4 hereto is a true and accurate copy of the operative note for Mr. Butowsky's most recent surgery.

40.     These records were provided to me by Mr. Butowsky's wife.  Further records and a doctor's letter will be provided supplementally.  Based on my most recent conversations with Mr. Butowsky's wife, it appears that Mr. Butowsky will not be able to participate in legal proceedings or sit for a deposition for 6-8 weeks following complete hip replacement surgery currently scheduled for the beginning of March.

Executed: January 23, 2020

>    */s/_Eden P. Quainton*_____
>    EDEN P. QUAINTON
>    QUAINTON LAW PLLC
>    D.C. Bar No. NY0318
>    1001 Avenue of the Americas, 11th Fl.
>    New York, NY 10018
>    212-813-8389
>    equainton@gmail.com