# EXHIBIT 1

 Gmail                                                        Eden Quainton <equainton@gmail.com>

## Rich v. Butowsky -- Couch Production

3 messages

**Eden Quainton** <equainton@gmail.com>                                          Fri, Dec 6, 2019 at 10:00 PM
To: Joshua Riley <jriley@bsfllp.com>, Meryl Governski <mgovernski@bsfllp.com>, "Gottlieb, Michael" <MGottlieb@willkie.com>, "Hall, Samuel (SHall@willkie.com)" <SHall@willkie.com>

Josh,

Attached please find Mr. Couch's document production, which are being sent as separate google drive links. Mr. Couch has searched his main email account, mattcouch@af-mg.com, his personal account, matthewccouch@gmail com, two rarely used accounts, matthewccouch@outlook.com, itschristmas.us@outlook.com, his twitter DM's, his text messages and his other social media accounts, Gab (realmattcouch), parler (realmattcouch), mewe (realmattcouch), using the search terms you have provided. He does not use Facebook or YouTube for communications and Instagram only has images.

Mr. Couch has done his best to run all your search terms through his various accounts, but this has been a herculean task for a single father with no assistants and custody of his two daughters and he cannot guarantee that something was not missed inadvertently. Of course, if he discovers any such omission, he will promptly let you know.

Please note that there are a large number of documents relating to Mr. Couch's sources that he needs to designate AEO, but he has been unable to sort through all the documents and make the appropriate designation. Accordingly, we are requesting that the entire production be designated AEO and we will give you the actual designations once Mr. Couch has had an opportunity to go through everything.

Generally, as to sources, Mr. Couch's policy is not to provide source information unless the sources agree and only on the terms agreed to by the sources. He has obtained clearance to provide the documents being produced as AEO, but the sources on the privilege log have not authorized him to disclose any of their information.

The attached privilege log is not complete because I have not reviewed all the documents withheld. To my knowledge, the only documents withheld on privilege grounds are hundreds of communications with me that I do not believe it makes sense to individually itemize on the privilege log and communications with Ty Clevenger, who was either Mr. Couch's attorney or acting in such a capacity that Mr. Couch reasonably believe there was an attorney-client relationship.



Even though the log is not complete, I am providing it now because Mr. Couch is asserting his first amendment reporter's privilege with respect to his remaining audio materials and I imagine that is something we may need to take up with the court. I have had very long and extensive conversations with Mr. Couch about these issues and have also concluded based on my research that (1) the privilege is available to Mr. Couch and (2) that the privilege is properly asserted on the facts here. We can meet and confer on this if you would like, but we have a very firm position on these points.

Finally, with respect to your outstanding questions relating to the Requests for Admissions. I am puzzled by your suggestion that Mr. Couch refused to answer RFA's 17 and 30-34. I have reviewed the responses again and Mr. Couch has only stated that he believes no response is required to RFA's 30, 32 and 33. Please state why you believe a response is required.

Mr. Butowsky's Interrogatory responses and objections and other responses are being sent in a separate email.

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390

Cell: 202.360.6296
www.quaintonlaw.com

 **Couch Privilege Log 12.07.2019.docx**
24K

---

**Eden Quainton** <equainton@gmail.com>                                              Fri, Dec 6, 2019 at 10:14 PM
To: Ed Butowsky <ebutowsky@gmail.com>, Matt Couch <mattcouch@af-mg.com>, Ty Clevenger <tyclevenger@yahoo.com>

Please see attached.
[Quoted text hidden]
--
[Quoted text hidden]

**Couch Privilege Log 12.07.2019.docx**
24K

---

**Meryl Governski** <mgovernski@bsfllp.com>                                          Tue, Dec 10, 2019 at 9:08 AM
To: Eden Quainton <equainton@gmail.com>, Joshua Riley <jriley@bsfllp.com>, Michael Gottlieb <mgottlieb@willkie.com>, Sam Hall <shall@willkie.com>

Mr. Quainton,

Our understanding is that the privilege log you have provided is complete *other than* the fact that it summarily lists "Email exchanges" with you (in entry 32) and Mr. Clevenger (in entry 33). <u>Please confirm that our understanding is correct and that there are no other additional documents being withheld on the basis of privilege that you have not listed in some form on the privilege log you provided to us on Friday.</u>

With respect to the Email exchanges listed in entry 32, pursuant to ¶ 11(a) of the ESI Order, we agree that you are not obligated to log every communication between you and Mr. Couch, as all such communications were generated after the filing of the Complaint. *See* Dkt. 36 at 5 ("With respect to [privileged communications or work product] generated after the filing of the complaint, parties are not required to include any such information in privilege logs.").

However, this exemption from logging communications does *not* apply to communications between Mr. Couch and Mr. Clevenger (noted in entry 33) from before the date of filing of the Complaint. Mr. Couch must "at a minimum, include the author of the document, any recipients (i.e. To, CC, or BCC) of the document, the date of the document, the subject line or file name of the document (if not, itself, privileged), the basis for the privilege (e.g., work product, attorney-client), and a brief description of the document" so that we can assess if the privilege has been properly asserted over communications between him and Mr. Clevenger. Dkt. 36 at 4-5; *see* Fed. R. Civ. P. 26(b)(5) (privilege log must "describe the nature of the documents . . . not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" of privilege); *cf. Walker v. Ctr. For Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009).

Additionally, given that Mr. Couch's deposition is in 2 days, we reserve the right to hold open the deposition because of our inability to assess the propriety of Mr. Couch's privilege assertions and the completeness of his production.

Respectfully,

Meryl

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Friday, December 6, 2019 10:00 PM
**To:** Joshua Riley <jriley@bsfllp.com>; Meryl Governski <mgovernski@bsfllp.com>; Michael Gottlieb <mgottlieb@willkie.com>; Sam Hall <shall@willkie.com>
**Subject:** Rich v. Butowsky -- Couch Production

Josh,

Attached please find Mr. Couch's document production, which are being sent as separate google drive links. Mr. Couch has searched his main email account, mattcouch@af-mg.com, his personal account, matthewccouch@gmail.com, two rarely used accounts, matthewccouch@outlook.com, itschristmas.us@outlook.com, his twitter DM's, his text messages and his other social media accounts, Gab (realmattcouch), parler (realmattcouch), mewe (realmattcouch), using the search terms you have provided. He does not use Facebook or YouTube for communications and Instagram only has images.

Mr. Couch has done his best to run all your search terms through his various accounts, but this has been a herculean task for a single father with no assistants and custody of his two daughters and he cannot guarantee that something was not missed inadvertently. Of course, if he discovers any such omission, he will promptly let you know.

Please note that there are a large number of documents relating to Mr. Couch's sources that he needs to designate AEO, but he has been unable to sort through all the documents and make the appropriate designation. Accordingly, we are requesting that the entire production be designated AEO and we will give you the actual designations once Mr. Couch has had an opportunity to go through everything.

Generally, as to sources, Mr. Couch's policy is not to provide source information unless the sources agree and only on the terms agreed to by the sources. He has obtained clearance to provide the documents being produced as AEO, but the sources on the privilege log have not authorized him to disclose any of their information.

The attached privilege log is not complete because I have not reviewed all the documents withheld. To my knowledge, the only documents withheld on privilege grounds are hundreds of communications with me that I do not believe it makes sense to individually itemize on the privilege log and communications with Ty Clevenger, who was either Mr. Couch's attorney or acting in such a capacity that Mr. Couch reasonably believe there was an attorney-client relationship.

Even though the log is not complete, I can provide it now because Mr. Couch is asserting his first amendment reporter's privilege with respect to his remaining audio materials and I imagine that is something we may need to take up with the court. I have had very long and extensive conversations with Mr. Couch about these issues and have also concluded based on my research that (1) the privilege is available to Mr. Couch and (2) that the privilege is properly asserted on the facts here. We can meet and confer on this if you would like, but we have a very firm position on these points.

Finally, with respect to your outstanding questions relating to the Requests for Admissions. I am puzzled by your suggestion that Mr. Couch refused to answer RFA's 17 and 30-34. I have reviewed the responses again and Mr. Couch has only stated that he believes no response is required to RFA's 30, 32 and 33. Please state why you believe a response is required.

Mr. Butowsky's Interrogatory responses and objections and other responses are being sent in a separate email.

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

www.quaintonlaw.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]