## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH

                Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA

                Defendants.

Civil Action No. 1:18-cv-00681-RJL
Hon. Richard J. Leon

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEEM FACTS IN CERTAIN OF
PLAINTIFF'S REQUESTS FOR ADMISSION ADMITTED AND CONCLUSIVELY
ESTABLISHED AND OPPOSITION TO DEFENDANTS' CROSS MOTION TO
WITHDRAW AND AMEND**

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

*Attorneys for Plaintiff Aaron Rich*

Plaintiff Aaron Rich filed a Motion to Deem Certain of Plaintiff's Requests for Admission Admitted and Conclusively Established (Dkt. 104) ("Motion" or "Pl. Mot."). Defendants filed an Opposition to the Motion and a Cross-Motion to Withdraw and Amend Any Answers Deemed Admitted (Dkt. 127, Dkt. 128) ("Opposition" or "Def. Opp."). Plaintiff respectfully submits this reply to the Motion and opposition to Defendants' cross-motion ("Reply").

## BACKGROUND

The facts relevant to the Motion are not in dispute. Plaintiff served Requests for Admission ("RFAs") on each Defendant on November 27, 2019.[1] Defendants' responses to the RFAs were due on December 27, 2019.[2] Defendant Butowsky did not respond to the RFAs until January 22, 2020—nearly a month after they were due and only *after* he was faced with Plaintiff's Motion.[3] Defendant America First Media ("AFM") *still* has not responded to the RFAs *at all*.

Nor is there any dispute as to the law. Rule 36(a)(3) could not be more clear: "***A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection*** addressed to the matter and signed by the party or its attorney."[4] The only exception to the Rule is when the Court exercises its discretion to let a party withdraw or amend an admission because doing so (1) "would promote the presentation of the merits of the action" ***and*** (2) "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[5] Here, the

---

[1] *See* Dkt. 104-1, Dkt. 104-2.

[2] *See* Fed. R. Civ. P. 36(a)(3).

[3] *See* Dkt. 127-9; *see also infra* n.25.

[4] Fed. R. Civ. P. 36(a)(3) (emphasis added).

[5] Fed. R. Civ. P. 36(b).

RFAs at issue are admitted by operation of the Rule,[6] and Defendants have offered no basis for the Court to find otherwise.

## ARGUMENT

Defendants spend nearly half their Opposition arguing about a motion that was not even filed and an issue that is not even before the Court—Plaintiff's Motion has nothing to do with the RFAs served on Defendant Couch, and much of Defendants' Opposition is therefore irrelevant.[7] Meanwhile, Defendants do not say *a single word* about the Motion that *was* filed against Defendant AFM. To this day, AFM *still* has not responded to the RFAs, which now are a month overdue and counting. Defendants do not address, much less contest, this issue. Therefore, at a minimum, the Motion should be granted as to AFM, and the RFAs served to AFM should be deemed admitted.[8]

With respect to Defendant Butowsky, Defendants argue that he should be excused from the deadline established in Rule 36, even though:

- Defendant Butowsky never requested an extension of the deadline;

- the Rule does not include an exception for excusable delay or neglect; and

- Defendant Butowsky did not respond to the RFAs until nearly a month after they were due and only *after* Plaintiff was put to the burden of filing the Motion.

---

[6] As noted in the Motion, the 19 RFAs at issue are RFA Nos. 58-64, 67-74, and 76-79. *See* Dkt. 104 at n.2; Dkt. 104-2. In the RFA responses submitted with his opposition, Defendant Butowsky admitted to all but six of those RFAs (Nos. 69-73 and No. 79). *See* Dkt. 127-9.

[7] *Contrast* Pl. Mot. at 1 n.1 ("On January 8, 2020, during the process of meeting-and-conferring about this Motion, Defendant Couch submitted an untimely response to the Second Set of RFAs. While Plaintiff is entitled to seek an order deeming those RFAs admitted under Rule 36(a)(3), ***Plaintiff has excluded those RFAs from this Motion in a good faith effort to narrow the issues before the Court.*** Plaintiff does not, however, waive any rights with respect to those RFA responses." (emphasis added)), *with* Def. Opp. at 3-5 (arguments as to RFAs served on Defendant Couch).

[8] *See* Dkt. 104-2 (setting forth the 17 RFAs to AFM that are at issue).

The gist of Defendants' argument is that Defendant Butowsky was too ill to respond to the RFAs after he received them on November 27, 2019.[9]   However, ***since that date***, public posts indicate that Defendant Butowsky was well enough to do the following:

<table>
<tr>
<td><strong>Give an interview on U.S sanctions against China</strong>[10]</td>
<td></td>
</tr>
<tr>
<td><strong>Give an interview on Saudi Aramco</strong>[11]</td>
<td></td>
</tr>
</table>

---

[9] *See* Def. Opp. at 2 (referencing "Mr. Butowsky's condition").  The other excuses Defendant Butowsky offers—"work" and the "holidays"—may explain what Defendant Butowsky chose to prioritize over his discovery obligations but do not excuse his decision to do so.

[10]   *See* Dkt. 116-6 at Ex. 48 (posted Dec. 9, 2019); *See* EdButowsky.com, http://www.edbutowsky.com/category/media-center/ (same).

[11] *See* EdButowsky.com, http://www.edbutowsky.com/category/media-center/ (posted Dec. 10, 2019).

**Post a video in which he analyzes economic conditions**[12]



**Give an interview on Boeing aircraft**[13]



**Take what appears to have been a European vacation**[14]



---

[12] *Id.* (posted Dec. 26, 2019).

[13] *Id.* (posted Dec. 30, 2019); *see also* Dkt. 116-6 at Ex. 48 (same).

[14] *See, e.g.* Dkt. 116-6 at Ex. 49 (posted Nov. 30, 2019).

**Participate in a book signing event for his newly published book.**[15]



**Walk down the red carpet at a movie premier**[16]



---

[15] *Id.* (posted Nov. 30, 2019).

[16] *See* Dkt. 116-6 at Ex. 49 (posted Dec. 11, 2019).

**Release documents on Twitter that he had not produced in discovery**[17]



**Release more documents on Twitter that he has not produced in discovery**[18]



---

[17] *See* Dkt. 116-3 at Exs. 12, 13 (posted Dec. 16, 2019).

[18] *See* Ed Butowsky, Twitter twitter.com/EdButowsky/status/1206940836086321155 (posted Dec. 17, 2019).

**Release more documents on Twitter related to Plaintiff's brother**[19]



**Give an online discussion about the stock market, which the time stamp indicates was created the same day his lawyer told this Court during a status conference that Defendant Butowsky was too ill to meet his deadlines in this case**[20]



Defendant Butowsky's argument that he should be excused from meeting his discovery obligations in this case—with his refusal to respond to RFAs until faced with Plaintiff's Motion being just the latest example—should be weighed against the public record, including the instances above, which are from just the past two months alone.[21]  It is reasonable to ask: if Defendant Butowsky were well enough to do all of the above since November 27—not to mention maintain his multiple lawsuits as a plaintiff in other courts—then why could he not produce documents (as the Court has ordered him to) and respond to RFAs in this case (as the Rules required him to

---

[19] *See* Dkt. 116-6 at Ex. 47 (posted Jan. 2, 2020).

[20] *See* Dkt. 126 (video posted to YouTube on Jan. 21, 2010; tweet posted Jan. 22, 2020).

[21] *See also* Dkt. 116 at 14-25.

do)?

In the Opposition, Defendant Butowsky lodges various objections to the RFAs—but he had an opportunity to lodge those objections pursuant to the Rules, and he failed to do so. The Rule's consequence for that failure is clear: the RFAs are deemed admitted. If Defendant Butowsky wanted to contest these issues, all he had to do was respond timely to them (or request an extension to respond, as Defendant Couch did and to which Plaintiff consented).[22]

While Defendants cite the exception to Rule 36(a)'s deadline for RFA responses, they do not make a serious argument that the exception applies here. They do not, for example, argue that Defendant Butowsky will be foreclosed from presenting the merits of his case if the RFAs were admitted. Nor could they: nothing in the RFAs prevents Defendant Butowsky from trying to prove that his false statements about Plaintiff were actually true, an issue that Defendants themselves have identified as "the 'heart' of this litigation."[23]

By contrast, Plaintiff is prejudiced where, as here, Defendants treat the Federal Rules as optional and their deadlines as meaningless.[24] Having been deprived of access to evidence—including the potentially thousands of relevant documents that Defendant Butowsky still has not produced (notwithstanding the Court's July 31, 2019, Order that he do so)—Plaintiff seeks to establish certain facts through RFAs, one of the few channels that have remained open to him. He has utilized RFAs in precisely the manner they were intended to be used—to narrow the issues

---

[22] *See supra* n.7. Regardless, Defendant Butowsky's objections are entirely without merit. He states, for example, that "he obviously is not willing to admit" that he does not know whether Plaintiff was involved in downloading DNC documents and transmitting them to WikiLeaks or whether Plaintiff received money from WikiLeaks in exchange for those documents. *See* Dkt. 127 at 5. Either Defendant Butowsky purports to "know" these "facts" (none of which are true) or he does not, and Plaintiff is entitled to discovery on that issue.

[23] *See, e.g.*, Dkt. 120 at 8.

[24] *See* Dkt. 116 at n.10 (collecting examples of missed deadlines).

before the Court.  It would be unfair and prejudicial to permit Defendant Butowsky to continue to

withhold evidence and to delay indefinitely his deposition while also foreclosing Plaintiff from

utilizing RFAs to establish basic facts.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, Plaintiff respectfully requests

that the Court grant the Motion.[25]


Dated: January 28, 2020

/s/   *Joshua P. Riley*
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

***Attorneys for Plaintiff Aaron Rich***

---

[25] On the day of this filing, Defendants' counsel informed Plaintiff's counsel that Defendant Butowsky intends to file a "supplemental motion" to "withdraw and amend" the untimely RFA responses that Defendant Butowsky submitted with his Opposition on January 22, 2020.  The proposed "amended" responses, which Defendants' counsel previewed with Plaintiff's counsel late on the evening of January 27, 2020, purport to deny various matters that Defendant Butowsky previously admitted in the RFA responses he filed with the Court just five days earlier.  If Defendant files the "supplemental motion," Plaintiff will respond accordingly.  Regardless, the relief requested by the present Motion—an order deeming admitted the RFAs served to AFM and RFA Nos. 58-64, 67-74, and 76-79 as to Defendant Butowsky—would remain unchanged.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 28, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: January 28, 2020

/s/   *Joshua P. Riley*
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com