UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,
Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

## NOTICE OF SUPPLEMENTAL AUTHORITY

In compliance with the Court's Order, dated January 24, 2020, Dkt. 133, Defendant Matthew Couch ("Defendant" or "Mr. Couch") hereby supplements his Memorandum in Support of Motion to Take Five Depositions by providing the specific names of the persons to be deposed and the anticipated relevant testimony.

The Complaint in this matter alleges that Mr. Couch defamed Aaron Rich by stating that Mr. Rich was "hiding" facts and was involved in a "cover-up." Dkt 3 ¶ 54. The Complaint also alleges that Mr. Couch defamed Aaron Rich by stating that Mr. Rich knew Seth Rich was in danger and communicated this fact to Seth's girlfriend, Kelsey Mulka. *Id.* at ¶ 53. Finally, the Complaint alleges that Mr. Couch defamed Aaron Rich by stating that Mr. Rich participated in meetings at the DNC with Donna Brazile. *Id.* at 53, 83, 101(b). While Plaintiff has concocted an outlandish conspiracy theory that Defendant Edward Butowsky agreed with Mr. Couch to defame Aaron Rich and that Mr. Butowsky is therefore liable for Mr. Couch's statements, it is evident that the primary defendant concerned with statements allegedly made by Mr. Couch is Mr. Couch himself. Accordingly, for Mr. Couch to have a fair trial and mount a proper defense, he needs to be able to depose witnesses who can shed light on whether Aaron Rich "hid" facts,

1

participated in a "cover-up," believed Seth was in danger, and participated in meetings with Donna Brazile.

The principal witness that fall into this category are Kelsey Mulka, Seth's former girlfriend, Joe Capone, the manager of Lou's City Bar, who reputedly knew Seth Rich well and saw him the night of his murder, detective Joseph Della Camera, who was the lead detective on the Seth Rich murder case, Donna Brazile, the former chairwoman of the D.N.C. and obviously directly concerned by Mr. Rich's allegations, and Cathy Lanier, the former chief of police of the Metropolitan D.C. police force. These individuals are discussed in more detail below.

1. <u>Kelsey Mulka</u>. Mr. Couch's interest in deposing Kelsey Mulka is clear. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ms. Mulka's testimony on this subject would be admissible under state of mind, excited utterance and present sense impression exceptions to the rule against hearsay. FRE 803(1), (2) and (3). ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ Any such testimony would be admissible under FRE 803(3) and would be relevant in light of statements by Rod Wheeler, the private investigator hired by the Rich family, that Ms. Mulka was told by Aaron Rich that she was not permitted to discuss Seth's emails. Quainton Decl., Ex 4, 410:1-6. Ms. Mulka was also an obvious witness for law enforcement to interview in connection with the murder of her boyfriend, and it will be important to ascertain whether Ms. Mulka refused to discuss Seth Rich's emails or work situation with law enforcement at Aaron's direction. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████ Statements to Ms. Mulka by Aaron directing her not discuss aspects of Seth's work and professional life and his links to Wikileaks would be admissible under FRE 801(d)(1), ████████████████████
████████████████████████████████████████████████████████
████████████████████████████████

While Mr. Butowsky also has an interest in taking Ms. Mulka's deposition, Mr. Couch has the most immediate and direct interest in taking this deposition, given the nature of the specific allegations against him. Indeed, it would be a denial of his basic due process rights to deny him the opportunity to depose so crucial a witness, since this would leave Mr. Couch either at the mercy of Mr. Rich's self-serving statements or without the ability to test Ms. Mulka's credibility. *Hous. Auth. of Cty. of King v. Pierce*, 711 F. Supp. 19, 22 (D.D.C. 1989)(discovery must be granted if in the particular situation a refusal to do so would so prejudice a party as to deny him due process); *McClelland v. Andrus*, 606 F.2d 1278, 1286 (D.C. Cir. 1979)(same).

2.  Joe Capone. Mr. Capone, the former general manager at Lou's City Bar, a bar Seth Rich regularly frequented and believed to be one of the last public places Seth went prior to his murder, is also a key deponent for Mr. Couch, and for similar, although more limited, reasons. Mr. Wheeler has testified that Mr. Capone told him that he had been instructed by Mr. Rich not to discuss Seth Rich's work situation or emails. Quainton Decl. Ex. 4, 406:21-25, 407:1-25. Mr. Wheeler's double hearsay statement might not be admissible at trial, whereas Mr. Capone's statement would be admissible under FRE 801(d)(1) and is thus an important piece of evidence for Mr. Couch's (and Mr. Butowsky's defense). Again, while Mr. Butowsky also has an interest in this testimony insofar as he is accused of participating in a conspiracy, Mr. Couch has the more immediate and direct interest given Plaintiff's specific allegations against him.

Depriving Mr. Couch of this evidence would also leave him at the mercy of Mr. Rich's self-serving testimony and would violate his due process rights to a fair trial. *See supra* at 3.

    3.    <u>Detective Joey Della Camera</u>. Mr. Della Camera was the lead investigator on the Seth Rich murder investigation and is thus one of the best-placed members of law enforcement to testify as to whether Aaron Rich interfered with the investigation in Seth Rich's murder and the existence of a cover-up. According to Mr. Wheeler, Mr. Della Camera appeared unaware of the existence of the second cell phone. Quainton Decl., Ex. 4, 410:8-24. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In responding to a third-party subpoena, eBay has indicated that Seth Rich used a gmail account ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is extremely strange, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and greatly

4

complicates any investigation into the connections between Seth Rich and Wikileaks ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████ ████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Mr. Couch has a particular interest in pursuing these questions because he is being sued for allegedly stating that Aaron interfered with the investigation and/or participated in a cover-up.

4.  <u>Donna Brazile</u>. Ms. Brazile is the former Chairwoman of the Democratic National Committee and author of *Hacks, the Inside Story of the Break-ins and Breakdowns That Put Trump in the White House*, Hachette Books, 2018. Ms. Brazile has an outsized interest in Seth Rich, to whom she dedicates her book, and whom she mentions dozens of times in a book purportedly about the hacking of the DNC emails. ████████████████████████ ████████████

But this personal interest in Seth Rich ████████████ only forms the general background as to why Ms. Brazile's testimony is critical in the present lawsuit. Aaron Rich is suing Mr. Couch for an allegedly defamatory statement made by Mr. Couch that Mr. Rich attended a meeting with Donna Brazile at the DNC and got in an argument with her during which Aaron allegedly threw a chair. Dkt. 3 ¶¶ 53, 83, 100(b). To the extent Ms. Brazile disputes the allegation she needs to be deposed in person so that her credibility can be tested under oath. It would be extremely unfair to Mr. Couch to leave him at the mercy of Aaron's self-serving denials without an opportunity to test Ms. Brazile's credibility, ████████████

5

██████████████████████ ██████████████████

████████████████████████████████████████████

███████████████████████████

But Ms. Brazile's testimony is important for another crucial reason. ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████ Mr. Couch needs to examine Ms. Brazile

to determine█████████████████████████████████████

█████████████████████████████████████ This testimony is

highly relevant to Aaron's credibility█████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ cannot only be explored by deposing Mr. Rich, but also

requires testing Ms. Brazile's recollection and credibility.

5. <u>Cathy Lanier</u>. Cathy Lanier is the former DC Chief of Police, who resigned abruptly just as questions surrounding Seth Rich began to intensify. Julian Assange appeared on Dutch television on August 9, 2016 and suggested Seth Rich may have been involved in leaking DNC emails and documents to Wikileaks. *See* https://www.buzzfeednews.com/article/andrewkaczynski/julian-assange-floats-theory-murdered-dnc-employee-was-infor. Ms. Lanier resigned not long thereafter and took a position as chief of security for the NFL. *See* https://en.wikipedia.org/wiki/Cathy_L._Lanier.[1]

---

[1] The Court can take judicial notice of the foregoing citations to reliable publicly available sources of information.

Ms. Lanier's testimony is important because she can address whether the DC police department was aware ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████ the anomalies in the investigation need to be addressed by the ultimately responsible police chief. Ms. Lanier can also put the investigation in a larger context and thus provide crucial testimony for whether ███████████████████ ███████████████████████ there were sufficient anomalies and "red flags" that any statements by Mr. Couch were not made with "actual malice" or a reckless disregard of the truth. ███████████████████████████████

██████████████████████ Ms. Lanier can also testify █████████████ █████████████████████████████████ that may have affected the Seth Rich investigation, which could also █████████████████████ provide Mr. Couch an absence of actual malice defense. █████████████████

███████████████████████████████████████████████

███████████████████████████ Ms. Lanier needs to be examined to assess whether this was true. If the top officials in the D.C. Police department, and perhaps other agencies, knew of and condoned █████████████████████████████████

████████████████████ this could support an interpretation that █████████████ ███████████████████████ Mr. Couch did not speak with reckless disregard for the truth, since the highly unusual nature of the Seth Rich investigation left much room for interpretation. In sum, Ms. Lanier's testimony is critical to provide context for the statements and actions of other material witnesses and to permit Mr. Couch to prepare his defense as to alleged statements Aaron Rich labels "defamatory per se." Dkt. 3, ¶¶ 10, 88.

7

## **CONCLUSION**

For the foregoing reasons, Mr. Couch respectfully reiterates his unopposed request that he be permitted to take five depositions—those of Kelsey Mulka, Joe Capone, Detective Della Camera, Donna Brazile and Cathy Lanier.

Dated: January 31, 2020

>/s/ *Eden Quainton*
>EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
>QUAINTON LAW, PLLC
>1001 Avenue of the Americas, 11th Floor
>New York, New York 10018
>Telephone: (212) 813-8389
>E-mail: equainton@gmail.com
>*Attorneys for Defendant Matthew Couch*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 31, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*