UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

# DEFENDANT MATTHEW COUCH'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO ENFORCE AND STAY OF JUDGMENT PENDING DETERMINATION OF MOTION FOR PROTECTIVE ORDER

EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendant Matthew Couch*

**INTRODUCTION**

On January 24, 2020, the Court granted Plaintiff's Motion to Enforce and required Defendant Matthew Couch to produce all relevant documents, including those that had been withheld on the basis of a "purported" reporters' privilege. *See* Dkt. 133. The Court did not provide any written reasons for its decision, although in Chambers, the Court had asserted that there was no "reporters' privilege." Declaration of Eden P. Quainton, dated January 31, 2020, at ¶ 3. The Court did not distinguish between a statutory privilege potentially available under the local law of the District of Columbia and a constitutionally based privilege. *Id.* In addition, the Court did not address issues of choice of law in applying any statutory privileges to Mr. Couch's protection of his sources, an issue that was not raised in the briefing but has been put before the Court by counsel for Fox News and Malia Zimmerman in their Motion for Protective Order. Dkt. 114 at 7.

The foregoing issues – statutory, constitutional and choice of law-related – are now squarely before the Court in a Motion that raises the same fundamental concerns as those underscored by Mr. Couch, with the difference that Fox News and Malia Zimmerman are part of the "established," credentialed press and Mr. Couch is an independent blogger/reporter/investigator. It may be that the Court can draw a distinction between Mr. Couch, on the one hand, and Fox News and Malia Zimmerman, on the other. However, in Chambers, the Court appeared equally dismissive of the arguments of Fox News and Malia Zimmerman, repeating, as to these movants, words to the effect of "there's no reporter's privilege." Quainton Decl. at ¶ 4. Fox News and Malia Zimmerman are presumably briefing the issues before the Court because they believe they have a good faith basis to protect the confidentiality of their sources. If the Court is ultimately persuaded by their arguments, it will need to squarely address the distinction that it elided between Mr. Couch and Fox News and

Malia Zimmerman. And, in addressing that distinction, the Court may be forced to conclude that Mr. Couch falls squarely within the ambit of constitutional and, potentially, statutory protection. But Mr. Couch would suffer potentially irreparable harm if, in the meantime, he is forced to disclose his sources to opposing counsel, even on an Attorneys' Eyes Only basis, as he would have betrayed the trust his sources placed in him and provided Plaintiff's counsel with information to which they are not entitled. For this reason, Defendant respectfully moves this Court under Federal Rules of Civil Procedure 59(e) and 60(b) to reconsider its decision, and under Rules 62(h) and 54(b) to stay enforcement of said decision until the determination of the pending Motion for Protective Order.[1]

## LEGAL ARGUMENT

A motion for reconsideration is properly brought under the Federal Rules of Civil Procedure 59(e) and 60(b). Under Rule 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Under Rule 60(b), "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:[including] (1) <u>mistake</u>, inadvertence, surprise, or excusable neglect and (6) any other reason that justifies relief" (emphasis added). Under Rule 60(b) a party must bring its motion within a "reasonable time." There is no question that Defendant's Motion is timely under Rule 59(e) and Rule 60(b).

While Rule 60(b) does not "suspend a judgment's finality or suspend its operation," Rule 62(h), which addresses the situation at issue here where there are multiple parties litigating the same issue on different timetables, provides that "a court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may

---

[1] Defendant has conferred with opposing counsel, who oppose the present motion.

prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." Rule 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or <u>when multiple parties are involved</u>, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. <u>Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties</u> does not end the action as to any of the claims or parties and <u>may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities</u>. (emphasis added).

Although Rule 54(b) generally applies to the certification of an issue for appeal, *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 13 and Note 3 (1980), the express language of the rule addresses "any order" and states that any such order "may be revised" at any time before a judgment adjudicating "all the claims" of the parties. Here, where the Court is confronting constitutional and state law issues that are in key respects identical, application of Rule 54(b) is warranted.

In the present case, the Court only addressed, and only in the most lapidary of ways, Mr. Couch's claim for a "reporter's privilege" on the grounds that such a privilege "does not exist." Quainton Decl. at ¶¶ 3, 4. It appears the Court viewed the issue as one of D.C. local law and was holding that under D.C. law, which it believed it should apply in a diversity case such as the one before the Court, there is no "shield law" to protect reporters. *Goulart v. Barry*, No. 89-3563, 1991 WL 294544, at *4 (D.C. Super. Ct. Apr. 24, 1991)(in the District of Columbia there is no reporter's privilege statute, often referred to as a shield statute).

However, Mr. Couch did not rely on District of Columbia law, but rather on the U.S. Constitution. *See, e.g.*, Docket 120 at 4 (citing *Protecting the New Media: Application of the Journalist's Privilege to Bloggers*, 120 Harv. L. Rev. 996, 997 (2007)(noting successful application of constitutional privilege to independent media); *Branzburg v. Hayes*, 408 U.S. 665,

3

725–26 (1972)(Stewart, J., dissenting)("reporter's ***constitutional right to a confidential relationship*** with his source stems from the broad societal interest in a full and free flow of information to the public. It is this basic concern that underlies the Constitution's protection of a free press, because the guarantee is not for the benefit of the press so much as for the benefit of all of us.")(emphasis added).

Fox News and Malia Zimmerman likewise raise a constitutional "newsgathering" privilege. Dkt 114 at 4-7. This issue was not addressed by the Court in Chambers, as it clearly cannot be said that there is ***no*** constitutional protection for reporters under the First Amendment. The failure to consider or apprehend a potentially dispositive matter of law is grounds for reconsideration of a Court's order. *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 227 (D.D.C. 2011)(majority of circuits allow a party to file a Rule 60(b)(1) motion for relief upon reconsideration for a judicial mistake of the law). "Errors of apprehension" may include a court's failure to consider controlling law that could alter the Court's conclusions. *Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C.2005). "Failing to grapple" with a potentially controlling issue also constitutes grounds for reconsideration. *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18, 24 (D.D.C. 2011). In the present case, the Court did not appear to have considered or grappled at all with the Constitutional dimension of Mr. Couch's claims. If it had, it ***could not have concluded*** that "there is no reporter's privilege." As Fox News and Malia Zimmerman state in their submission to the Court:

> Courts recognize a qualified privilege under the First Amendment that protects reporters from "compelled disclosure of information, which they have obtained as part of their news gathering role." *In re Slack*, 768 F. Supp. 2d at 193 (citing Zerilli, 656 F.2d at 711 n.39). Courts in this district apply this privilege to both confidential and non-confidential information. Id. at 193–94 ("[The privilege] is implicated even when [a journalist] is sought only to authenticate or confirm otherwise nonconfidential or public information."); Goldberg v. Amgen, Inc., 123 F. Supp. 3d 9, 16–17 (D.D.C. 2015)

4

(rejecting the "contention that the privilege does not apply to non-confidential information").

Dkt. 114 at 4.

If the Court finds the Fox/Zimmerman arguments persuasive, it will be compelled to confront an issue that it appeared to elide entirely, namely, whether the constitutional protections available to "established" media also extend, under some circumstances, to independent reporters, bloggers and investigators.  Opposing counsel may try to read a conclusion on this point into the Court's very brief oral comments on the issue, but that does not seem fair, given counsel's clear recollection that the Court's views equally applied to the Fox/Zimmerman position, at least in the brief time that was accorded the issue.  Quainton Decl. at ¶ 4.[2]

In addition, Fox News/Malia Zimmerman raise an important issue of choice of law.  As Fox News states:

> In this diversity case, state law governs the law of privilege, and the District of Columbia's choice-of-law rules determine which state's law applies. Fed. R. Evid. 501; *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 857 (D.C. Cir. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Courts in this district apply "the law of the jurisdiction with the most significant interest in the resolution of the particular controversy." *Dowd*, 589 F. Supp. at 1210; *see also Wright v. Herman*, 230 F.R.D. 1, 8 (D.D.C. 2005) (internal quotation marks omitted) (noting that the District of Columbia uses "the governmental interest analysis" to evaluate "the governmental policies underlying the applicable laws and determine[ ] which jurisdiction's policy would be more advanced by the application of its law to the facts").

Dkt. 114 at 7.

It is true that Mr. Couch did not raise a choice of law issue in his opposition papers. However, if the Court follows Fox News/Malia Zimmerman and agrees that it should have

---

[2] The Court did indicate that attempting to take the deposition of Sy Hersh would involve a significant struggle, but this does not mean that the Court was looking at the issue through any prism other than local D.C. law.  Quainton Decl. at ¶ 5.  Fox/Zimmerman are represented by able counsel and are putting up a strong fight to protect the confidentiality of their sources, but that did not stop the Court from indicating, in Chambers, that they would not benefit from a reporters' privilege. *Id.* at ¶ 4.  Given the importance of the First Amendment issues at stake here, all parties and future litigants would benefit from a written opinion clearly articulating the grounds for the Court's decision.

applied D.C. choice of law rules to determine the applicability of state law, it would be clearly erroneous not to follow the same reasoning with respect to Mr. Couch.

A district court has inherent authority to reconsider its interlocutory orders "as justice requires." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 96 (D.D.C. 2018).  The test for such reconsideration is an exacting one, but that does not mean it should not be applied.  The Court set forth the standard in *All Assets*:

> To determine whether justice requires reconsideration of an interlocutory decision, courts look to whether the moving party has demonstrated (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.

*Id.*

Here, there was an initial "clear error" in not holding Plaintiff's motion in abeyance until it had addressed the virtually identical issues raised in the Fox/Zimmerman motion, which was pending at the time the Court appeared to come to its decision in Chambers.  If the Court follows Fox/Zimmerman and concludes that D.C. choice of law governs the applicable state law to determine the availability of a statutory privilege, its failure to apply the law equally to Mr. Couch would unquestionably result in a deprivation of due process.  The law must be fairly and equally applied, and it would shock our basic sense of impartial justice for the Court to apply the law in one way with respect to one party and in an entirely different way with respect to another party *in the same case*.  As the Supreme Court said in a different context, legal decisions must adhere to "rudimentary requirements of equal treatment and fundamental fairness." *Bush v. Gore*, 531 U.S. 98, 109 (2000).[3]

---

[3] In addition, failure to address the issue now would pave the way for an appeal after the fact, which would be an inefficient use of judicial resources.

Moreover, as a matter of substance, if the Court were to follow the Fox/Zimmerman choice of law analysis, there is no basis for applying D.C. law to recordings that were made almost exclusively in Arkansas for use in Arkansas.  Declaration of Matthew Couch, dated January 31, 2020 at ¶¶ 1, 2.  Unlike the District of Columbia, Arkansas does have a broad reporters' shield law, Ark. Code Ann. § 16-85-510, which provides:

> Before any editor, reporter, or other writer for any newspaper, periodical, radio station, television station, or <u>internet news source</u>, or publisher of any newspaper, periodical, or internet news source, or manager or owner of any radio station shall be required to disclose to any grand jury or to any other authority the source of information used as the basis for any article he or she may have written, published, or broadcast, it must be shown that the article was written, published, or broadcast in bad faith, with malice, and not in the interest of the public welfare (emphasis added).

Notably, the Arkansas shield law expressly applies to any "Internet news source" and thus is on the liberal end of the shield law spectrum.  Although we are unaware of any Arkansas cases applying this statute to independent reporters or bloggers, the reasoning cited in the leading New Jersey and California cases referenced by Mr. Couch would appear to apply here.  Dkt. 120 at 4-5.[4]

It may be, of course, that the Court will reject the Fox/Zimmerman analysis in its totality, in which case there would be no unequal application of the law.  But it would be a violation of Mr. Couch's basic rights for issues as important as those before the Court – the scope of constitutional protection of confidential sources and the law applicable to state law protections – to be adjudicated *sotto voce* and after the fact, after Mr. Couch has already been compelled to produce materials that the Court may well determine do not need to be applied at all.  These issues merit a full and reasoned opinion from the Court before Mr. Couch suffers potentially

---

[4]  The same point holds for the constitutional analysis of the issues in this case.  If the Constitution protects Fox News in its newsgathering activities, it should also protect Mr. Couch in his, for the reasons articulated in Mr. Couch's Opposition to Plaintiff's Motion to Enforce. Dkt. 120, at 4-8.

7

irreparable harm in disclosing information that the Constitution and, potentially, state law protects.

## **CONCLUSION**

For the foregoing reasons, Defendant Matthew Couch respectfully requests that the Court reconsider its decision enforcing Plaintiff's Motion to Enforce and enter a stay of its January 24th Order until the Motion for a Protective Order filed by Fox News/Malia Zimmerman has been fully briefed and considered by the Court.

Dated January 31, 2020

>   */s/ Eden Quainton*_____
>   EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
>   QUAINTON LAW, PLLC
>   1001 Avenue of the Americas, 11th Floor
>   New York, New York 10018
>   Telephone: (212) 813-8389
>   E-mail: equainton@gmail.com
>   *Attorneys for Defendants Edward Butowsky and Matthew Couch*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on January 31, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*