UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,   Case No. 1:18-cv-00681-RJL
  Honorable Richard J. Leon
Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

# MR. BUTOWSKY'S REPLY TO OPPOSITION TO CROSS-MOTION TO WITHDRAW AND AMEND ANSWERS

EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendants Edward Butowsky and Matthew Couch*

**INTRODUCTION**

Having brought an action he cannot win – because, leaving all the other flaws in his case aside, he cannot prove falsity – Plaintiff insists on burdening the Court with discovery and other motions that are unnecessary under the circumstances. Plaintiff claims that Defendant Edward Butowsky ("Defendant" or "Mr. Butowsky") is treating the deadlines in the Federal Rules of Civil Procedure as "optional." Plaintiff's Reply in Support of Motion to Deem Certain of Plaintiff's Requests for Admitted and Conclusively Established and Opposition to Defendants' Cross Motion to Withdraw and Amend (the "Opposition"). Dkt. 135 at 8. This is as wrong as it is insensitive. Mr. Butowsky has been participating to the best of his ability in the litigation, despite a chronic medical condition that has resulted in multiple surgeries, repeated hospitalizations, serious infections, life-threatening fever, intractable pain and post surgical hemorrhaging. Dkt. 97-5; Dkt. 140. The core of Plaintiff's Opposition is a series of photographs of a smiling and seemingly healthy Mr. Butowsky from the weeks **before** he was repeatedly hospitalized, suffered acute respiratory failure and and underwent highly invasive surgery that seriously affects his ability to participate in the litigation. Dkt. 140-1. The totally false and misleading impression Plaintiff seeks to convey – even though he knows better – is that Mr. Butowsky is not "really" suffering as much as he maintains and is perhaps "faking it" to get out of his discovery obligations. Plaintiff should be ashamed of himself.[1]

To the extent a photo is worth a thousand words, the photographs on the following page illustrate the severity of Mr. Butowsky current situation following a complete hip removal that has resulted in severe post-operative complications:[2]

---

[1] The only document even remotely relevant to Plaintiff's point is a "video" that was in fact an audio recorded from Mr. Butowsky's hospital bed and made the same day that Mr. Butowsky was able to assist counsel with his filing. Quainton Decl. at ¶ 16.

[2] *See* Declaration of Eden P. Quainton, dated February 4, 2020 (the "Quainton Decl.") at ¶ 3.



The hemorrhaging that has complicated Mr. Butowsky's recovery from surgery can be see in the following photograph:[3]



The most recent hemorrhaging is captured graphically in the attached photograph:[4]



---

[3] Quainton Decl. at ¶ 4.
[4] Quainton Decl. at ¶ 5.

Mr. Butowsky's medical condition was documented in detail in 267 pages of medical records previously submitted to the Court.  Docket 140.

In addition, Dr. Reitman, Mr. Butowsky's treating physician, minced no words in describing Mr. Butowsky's condition

> Mr. Butowsky has been dealing with a very complex, chronic orthopedic condition since March 2017. He recently underwent a complicated surgical procedure that involved removal of a hip prosthesis and implantation of a methylmethacrylate antibiotic spacer, remove of entire acetabular component and removal of entire femoral component. Following the surgery, Mr. Butowsky was readmitted after reporting intractable pain and hemorrhaging from the incision site. He is scheduled for another surgery on around the beginning of March. Mr. Butowsky's current condition renders him unable to travel or participate in any legal proceedings, including depositions.  I anticipate that Mr. Butowsky will remain similarly limited until, and for approximately 6-8 weeks following, his scheduled surgery.

Dkt. 140-5.

Plaintiff has known of this condition since at least January 6, 2020 when he was informed that Mr. Butowsky had experienced a 107 degree fever and was in the intensive care unit. Quainton Decl.,¶ 7 and  Ex. 1.   However, Plaintiff continued to keep the pressure on Defendant, even knowing of Mr. Butowsky's condition, accepting modifications of the answers when it suited his purposes.   Quainton Decl., ¶ 9 and Ex. 2.  Even though he appeared to be obtaining concessions from Mr. Butowsky, Plaintiff nonetheless filed his motion on January 8, 2020.  Dkt. 104.

Mr. Butowsky's counsel was only able to have limited conversations with Mr. Butowsky over the next two weeks, although he did manage to file an opposition to Plaintiff's Motion and a Cross-Motion to Amend and Withdraw Answers (the "Cross-Motion").  Dkt. 128.  Yet, even with the motions pending, Plaintiff continued to negotiate responses to the Requests for Admissions. Quainton Decl. at ¶ 12.  Characteristically, Plaintiff accepted amendments to correct factual inaccuracies when it suited his purpose and rejected identical amendments to correct factual inaccuracies when it did not.  Quainton Decl., Ex. 3, Ex. 4.  In a final flourish, Plaintiff highlights his discovery grievances generally, as though these were related to the narrow issues

3

before the Court on a motion to withdraw and amend, which of course they are not.  Dkt. 136 at 8 and Note 24.  But none of Plaintiff's attempts to deflect can change the fact that Defendant's condition amply explains the background to Cross-Motion and a companion Supplemental Motion to Withdraw and Amend filed concurrently herewith.[5]  Moreover, as set forth in more detail below and in the companion Supplemental Motion, Mr. Butowsky's position is fully supported by applicable law.

## LEGAL ARGUMENT

Tellingly, in his opposition to Mr. Butowsky's cross-motion, Plaintiff only makes one throw-away comment on the actual legal issue before the Court—whether Defendant should be permitted to withdraw and amend his responses to Requests for Admissions under the circumstances.  Dkt. 136 at 8.  Plaintiff does not cite a single case in support of his dismissive attitude and does not even cite the applicable Rule itself.  However, as counsel knows, F.R.C.P. Rule 36(b) provides the applicable standard for motions to withdraw and amend, which courts have uniformly applied:

> the standard to be applied by the Court is whether upholding the admissions would ***eliminate any presentation of the merits*** and if the opposing party has met its burden of showing prejudice.

*Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989)(emphasis added).

A recent decision in this Circuit cogently sets forth the analytical framework to be applied to a motion to withdraw and amend:

> [Rule 36(b)] provides for a safety valve to ensure that the action is resolved on the merits while assuring each party that justified reliance on an admission ... will not operate to [its] prejudice.  Specifically, Rule 36 allows courts, on motion, [to] permit[ ] [an] admission to be withdrawn or amended.  A two-part test guides whether a court should allow a party to amend or withdraw its admissions. First, the moving party must demonstrate that amendment or withdrawal . . . will serve the presentation of the merits of the action.  Second, if the moving party satisfies this burden, the burden shifts to the opposing party to show that withdrawal or amendment will prejudice that party in maintaining the action.  [I]f the

---

[5] Had he not been hospitalized, Mr. Butowsky's responses would have been a mere nine days late at one of the busiest times of year.

    court is not persuaded that [withdrawal or amendment] would prejudice
the opposing party, it may permit the withdrawal or amendment.

*Kang Kyu Seo v. Moon Suk Oh*, No. CV 18-785 (RDM), 2019 WL 4711404, at *3 (D.D.C. Sept. 26, 2019)(internal citations and quotations omitted).

    Mr. Butowsky's proposed amendments would clearly serve the presentation of the merits of the action. In his Cross-Motion, the specific admissions Mr. Butowsky seeks to amend, with the proposed amended responses, are the following:

    **RFA 67:** Admit that Joel Rich never Stated to You that Aaron Rich was involved in downloading the DNC Emails.
**RESPONSE**: Admitted that Joel Rich did not explicitly mention the name Aaron Rich, but said, "I know what my boys did."

    **RFA 68:** Admit that Joel Rich never Stated to You that Aaron Rich was involved in transmitting the DNC Emails to Wikileaks.
**RESPONSE**: Admitted that Joel Rich did not explicitly mention the name Aaron Rich, but said, "I know what my boys did."

    **RFA 69:** Admit that You do not know whether Aaron Rich was involved in downloading the DNC Emails.
**RESPONSE**: Denied.

    **RFA 70:** Admit that You do not know whether Aaron Rich was involved in transmitting the DNC Emails to Wikileaks.
**RESPONSE**: Denied.

    **RFA 71:** Admit that You do not know whether Aaron Rich received money from Wikileaks in exchange for the DNC Emails.
**RESPONSE**: Denied.

    **RFA 72:** Admit that You do not know whether Aaron Rich has been interviewed by law enforcement in connection with Seth Rich's murder.
**RESPONSE**: Denied.

    **RFA 74:** Admit that You do not know when the Federal Bureau of Investigation examined Seth Rich laptop.
**RESPONSE**: Admitted that Mr. Butowsky does not know the precise date the Federal Bureau of Investigtion examined Seth Rich's laptop.

    On each of the foregoing points, Plaintiff seeks a flat admission and claims that Rule 36(b) does not apply because, according to Plaintiff, Mr. Butowsky will not "be foreclosed from presenting the merits of his case if the RFAs were admitted." Dkt. 136 at 8. This is

unconvincing.  Mr. Butowsky's case is (1) Plaintiff cannot prove any statements allegedly made were false, (2) even if Plaintiff were somehow able to prove the falsity of statements allegedly made, Mr. Butowsky did not make the statements allegedly made and (3) even if Plaintiff could prove that allegedly false statements were both false and actually made, any such statements were not made with "reckless disregard" of the truth or, in the unlikely event a lower standard were applied, with negligence.

Each of the Requests goes to an essential element of at least one of the key aspects of Mr. Butowsky's defense.  First, to the extent Mr. Butowsky can establish the credibility of his assertions that Joel Rich stated "I know what my boys did" Aaron's burden in proving that he was not involved in downloading and transmitting of DNC emails to Wikileaks will be that much harder to satisfy.  An admission that Joel Rich did not mention Aaron would be highly misleading and inconsistent with what Mr. Butowsky alleges was <u>actually</u> told him ("I know what my boys[plural] did")—a key issue of credibility on the merits.  Moreover, even if Aaron could conclusively prove that he was not involved in the downloading and leaking, Joel Rich's statements, as heard by Mr. Butowsky, obviously bear on Mr. Butowsky's *mens rea* and the applicable standard of fault to be applied to allegedly defamatory statements.  An admission that Mr. Rich did not mention Aaron, without the qualification that he did mention "my boys" and what "they did" is, again, highly misleading and interferes with a presentation of the merits, which requires an assessment of Mr. Butowsky's credibility on his specific defenses to Aaron Rich's charges of defamation.

Second, the requests for admissions as to Mr. Butowsky's knowledge of certain facts, which raise an ultimately metaphysical question about the nature of knowledge wholly ill-suited to the cut and dried purpose of requests for admissions, also go to the merits of the dispute.  If Mr. Butowsky can establish his knowledge of key facts – even if this is not his burden – there is

6

no scenario in which Plaintiff could make out his case. In addition, even if he were not able to prove his knowledge, he could prove the reasonable or non-reckless basis for claiming to have knowledge, which would be stronger or weaker depending on his initial state of mind. To be "boxed in" to flat admissions that he affirmatively does not know certain facts would be both wrong and would affect the assessment of his recklessness or negligence, clearly a core issue on the merits.

Finally, with respect to the date when the FBI examined Seth's computer, there is a subtle but important distinction between not knowing when something occurred and not knowing the precise date something occurred. Here, there is an issue as to the general time period when Seth's computer would have been examined by the FBI, which is something that Mr. Butowsky can reasonably know based on the statements of different sources, even if there is nothing to indicate a specific date when the computer was examined. A cut and dried answer does not further the presentation of the merits but tends rather to obscure a key question for the finder of fact, which turns on when the computer was examined and different assertions relating thereto.[6]

Because Mr. Butowsky can make out that his proposed amended answers would further the presentation of the merits, the burden shifts to Plaintiff to demonstrate that he would suffer prejudice from permitting the amendments, which he has not come close to doing. Plaintiff knows that Mr. Butowsky will produce additional documents. Counsel has committed to ensuring that a supplemental production is made and has engaged a professional ESI vendor to assist in the document production, which would have been nonsensical if Mr. Butowsky intended to avoid his discovery obligations. Dkt. 109-1, 109-10. Plaintiff still has more than half of his ten depositions to take and is presumably taking these depositions to develop further facts that

---

[6] As to RFA 72, Mr. Butowsky must deny this request, because he does know that Aaron has been interviewed by law enforcement.

will support his core claims as to Mr. Butowsky. Most importantly, Mr. Butowsky's deposition has still not been scheduled and Plaintiff will have every opportunity to elicit testimony on the very questions as to which he is seeking preclusive effect now. Plaintiff has come nowhere near making a showing that if does not get the admissions he seeks now, he will be foreclosed from getting the admissions in the far more appropriate forum of live testimony under oath. As the Court stated in *Rabil*, "The test of prejudice has been held to turn on whether the opposing party is any *less able* to obtain the evidence required to prove the matters which had been admitted." *Rabil,* 128 F.R.D. at 2. Obviously, Plaintiff will be no less able to obtain answers to his questions by asking Mr. Butowsky directly during his deposition. Indeed this forum is a far superior truth-seeking venue, because questions such as the precise statements Joel Rich made and the nature and bases for Mr. Butowsky's knowledge are far better explored in the nuanced forum of a deposition than in the black and white context of RFA's. In reality, Plaintiff's view of "prejudice" is simply anything that requires him to do what a plaintiff must always do: prove his case—with tangible physical evidence, credible testimony and reasonable, logical inferences. But that is not "prejudice" within the meaning of Rule 36(b). The question is whether Plaintiff is "less able to obtain the evidence required to prove the matters which had been admitted without the admission," *Rabil*, *supra*, which is simply not the case here.

      Finally, while the Court has not yet ruled on Defendants' request for an extension of discovery, the Court indicated in Chambers that it was inclined to extend the discovery deadline in light of Mr. Butowsky's medical condition, which has now been definitively documented for the Court. Dkt. 140. Thus, assuming the Court does grant the requested extension, Plaintiff will have more than enough time to attempt to gather the evidence he needs and place Mr. Butowsky's testimony in the context that will most favor the presentation of the merits, without

misleading, incomplete and inaccurate admissions born of technicalities rather than a search for truth.

## **CONCLUSION**

For the reasons set forth above, Mr. Butowsky respectfully submits that the Court should grant his motion and permit his responses to Plaintiff's requests for admissions to be withdrawn and amended as set forth below:

> **RFA 67:** Admit that Joel Rich never Stated to You that Aaron Rich was involved in downloading the DNC Emails.
> **RESPONSE**: Admitted that Joel Rich did not explicitly mention the name Aaron Rich, but said, "I know what my boys did."
>
> **RFA 68:** Admit that Joel Rich never Stated to You that Aaron Rich was involved in transmitting the DNC Emails to Wikileaks.
> **RESPONSE**: Admitted that Joel Rich did not explicitly mention the name Aaron Rich, but said, "I know what my boys did."
>
> **RFA 69:** Admit that You do not know whether Aaron Rich was involved in downloading the DNC Emails.
> **RESPONSE**: Denied.
>
> **RFA 70:** Admit that You do not know whether Aaron Rich was involved in transmitting the DNC Emails to Wikileaks.
> **RESPONSE**: Denied.
>
> **RFA 71:** Admit that You do not know whether Aaron Rich received money from Wikileaks in exchange for the DNC Emails.
> **RESPONSE**: Denied.
>
> **RFA 72:** Admit that You do not know whether Aaron Rich has been interviewed by law enforcement in connection with Seth Rich's murder.
> **RESPONSE**: Denied.
>
> **RFA 74:** Admit that You do not know when the Federal Bureau of Investigation examined Seth Rich laptop.
> **RESPONSE**: Admitted that Mr. Butowsky does not know the precise date the Federal Bureau of Investigtion examined Seth Rich's laptop.

Dated February 4, 2020

                                            */s/ Eden Quainton*_____
                                            EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
                                            QUAINTON LAW, PLLC

1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendant Edward Butowsky*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on February 4, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendant Edward Butowsky*