UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,                                      Case No. 1:18-cv-00681-RJL
                                                 Honorable Richard J. Leon
Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,
Defendants.


## **<u>EDWARD BUTOWSKY'S SUPPLEMENTAL</u>**
## **<u>MOTION TO WITHDRAW AND AMEND CERTAIN ANSWERS</u>**


EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendants Edward Butowsky*

## INTRODUCTION

Mr. Butowsky has described the general background to this motion in the introduction to his Memorandum in Reply to Plaintiff's Opposition to his Cross-Motion to Withdraw and Amend Answers (the "Reply"), and he will not burden the Court with a repetition of that discussion.  Mr. Butowsky, does underscore, however, that over the past month it has been extremely difficult, with hospitalizations, emergency rooms, the intensive care unit, invasive surgery and post-surgical pain and hemorrhaging, for him to focus on the legal and factual issues presented in the Requests for Admissions.  *See* Dkt. 140.  In particular, he was not truly able to focus on the precise significance of several of the Requests for admissions until January 27, 2020, during a period of calm and lucidity in the middle of a true medical storm.  Declaration of Eden P. Quainton, dated February 4, 2020, at ¶ 15.  It was at that time that Mr. Butowsky focused on several serious problems with the deemed admissions that go to the heart of the presentation of the merits.

## LEGAL ARGUMENT

Plaintiff seeks to obtain deemed admission on each of the following points:

**RFA 61**: Admit that You have Stated to at least one other person that Aaron Rich was involved in downloading the DNC Emails.

**RFA 62**: Admit that You have Stated to at least one other person that Aaron Rich was involved in transmitting the DNC Emails to WikiLeaks.

**RFA 63:** Admit that You have Stated to at least one other person that Aaron Rich received money from WikiLeaks in exchange for DNC Emails.

**RFA 76**: Admit that You have paid money to Matt Couch.

**RFA 77**: Admit that You have paid money to Shadowbox.

As discussed in the Reply, Courts apply a two-part test in determining whether to exercise their discretion in granting motions to withdraw and amend admissions:  the moving party must first show that the admissions would interfere with, or that the amendment would serve, "the presentation of the merits."  *Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989); *Kang*

1

*Kyu Seo v. Moon Suk Oh*, No. CV 18-785 (RDM), 2019 WL 4711404, at *3 (D.D.C. Sept. 26, 2019).  Here, the core issues are (1) whether Plaintiff can prove the falsity of any alleged statements, (2) whether Defendant actually made the allegedly false statements, and (3) whether, if the statements were false and actually made, the Defendant can be shown to have acted with the requisite level of fault.  The first three requests go to the pivotal question of the precise statements that were made.  In a defamation case, very close parsing of actual words is essential, because defamation can turn on slight nuances of meaning.  As a leading treatise states, "choice of words employed is a crucial factor in any evaluation of falsity." 50 Am. Jur. 2d Libel and Slander § 416.  Or, as another treatise states in summarizing case law, defamatory words need to be given ***their natural and obvious meaning in the context they were written***." 45 A.L.R.5th 739 (Originally published in 1997).  It is unclear what substantive defamation law will apply to any allegedly defamatory statements of Mr. Butowsky, but across the common law, close attention to specific words in a specific context are a hallmark of the core task of the trier of fact, as the two treatise examples indicate.

Here, Mr. Butowsky ***did not make the statements*** for which Plaintiff seeks a deemed admission.  Declaration of Edward Butowsky, dated February 4 (the "Butowsky Decl."), at ¶¶ 2, 3.  It would seriously interfere with the presentation of the merits to force Mr. Butowsky to admit to words he specifically did not say.  Now, Mr. Butowsky may have used language ***close*** to the admission sought, but it is crucial to the presentation of the merits that the trier of fact evaluate the ***actual*** words in their ***actual*** context and not a hypothetical phrase that serves Plaintiff's interest but is divorced from the facts of the case.  It is difficult to imagine a more damaging interference with the presentation of the merits – in a case that is ultimately about specific words – than to force a Plaintiff, only slightly late in responding to admissions and then subject to a life-threatening medical emergency, to admit saying that which he did not say.

2

In the present circumstances, Plaintiff will not suffer any prejudice by permitting Mr. Butowsky to withdraw and amend his admissions as to his specific statements.  Mr. Butowsky has committed to complying with his discovery obligations and Plaintiff continues to issue subpoenas and seek deposition testimony, and thus will have every opportunity to prove whether there is any evidence that Mr. Butowsky did, in fact, say the words he denies saying.  As Mr. Butowsky noted in his Reply, the test on prejudice is whether amending the admission makes the Plaintiff "less able" to obtain the evidence required to prove the matters which had been admitted.  *Rabil,* 128 F.R.D. at 2.

To the extent Mr. Butowsky did not make the alleged statements, it will be more difficult to obtain evidence that he did make the statements, since, by definition he never made the statements.  But that is not prejudice.  That is simply not having a case.  To the extent Mr. Butowsky did make the statement, the key in a defamation case is that the statement was made to someone else.  If Plaintiff cannot find any witness to whom the statement was made, that, again, does not mean Plaintiff suffers prejudice, except in the broad sense that every Plaintiff who loses a case is "prejudiced."

But here, assuming the Court grants the requested extension, with document discovery still to be completed and more than half of Plaintiff's relevant depositions remaining to be taken, it defies logic and common sense to say that Plaintiff would be "less able" to obtain evidence of a statement that Mr. Butowsky contends was never made.  Giving Plaintiff a pass on a key component of his case would not further the presentation of the merits; it would prepare the way for a "show trial" in which the actual merits would take a back seat to what the more powerful party was able make count as evidence through procedural devices.  Such a result would be manifestly unjust.  As one of this Court's sister courts has eloquently put it:

> The decision to allow the defendant to withdraw its admissions is essentially an equitable one. In this case the admissions were so vital to the defendant's case that they almost amounted to a complete admission of liability. It is unlikely that the plaintiff could reasonably have believed that the defendant intended to admit liability in this contested action. And if he did rely on that assumption, this court is loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure.

*Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976).

For these reasons, the Court should permit Mr. Butowsky to withdraw his deemed

admission and amend his responses to deny the three statements below.

**RFA 61**: Admit that You have Stated to at least one other person that Aaron Rich was involved in downloading the DNC Emails.
**RESPONSE**: Denied.

**RFA 62**: Admit that You have Stated to at least one other person that Aaron Rich was involved in transmitting the DNC Emails to WikiLeaks.
**RESPONSE**: Denied.

**RFA 63:** Admit that You have Stated to at least one other person that Aaron Rich received money from WikiLeaks in exchange for DNC Emails.
**RESPONSE:** Denied.

The two remaining requests are somewhat less momentous, but also raise important

issues on the merits.  Mr. Butowsky denies that he ever "paid" Mr. Couch anything.  Rather, Mr.

Butowsky donated a sum of money to Mr. Couch, just as he had donated a sum of money to

Aaron Rich's GoFundMe campaign.  Butowsky Decl. at ¶ 4.  Being forced to admit that he had

"paid" Mr. Couch creates an inference that Mr. Couch was in some sense working as his agent,

which of course Mr. Butowsky denies.  Plaintiff has taken Mr. Couch's deposition, has reviewed

Mr. Couch's discovery, will receive additional documents from Mr. Butowsky, has more than

half his depositions still to take, and should prove his case through actual evidence, not through a

highly misleading inference obtained only by means of "technical compliance" with the rules.

The presentation of the merits of Plaintiff's conspiracy case should turn on specific documents

and specific testimony.  It would ill serve the presentation of the merits for Plaintiff to benefit

from an inference that the facts do not support.  As a result, because it would interfere with the

true presentation of the merits to force Mr. Butowsky to admit something that is false,

particularly where Plaintiff still has ample opportunity to obtain evidence to prove his case

(assuming the Court grants the requested extensions as it indicated it would), the Court should

permit Mr. Butowsky to amend his response as indicated below.

> **RFA 76**: Admit that You have paid money to Matt Couch.
> **RESPONSE**: Admitted that a donation of $1,000 was made to Mr. Couch similar to the donation made to Aaron's GoFundMe.

Finally, the last remaining request asks Mr. Butowsky to admit something that is

factually false and cannot be true.  To Mr. Butowsky's knowledge there is no entity called

"Shadowbox" and he has never paid money – indeed, could never have paid money – to this non-

existent entity.  Butowsky Decl. at ¶ 5.  It would be a travesty of the merits to have Mr.

Butowsky be forced to admit a false factual statement—the exact opposite of the true purpose of

a request for admission.  To the extent there is a payment to a specific individual as to whom

Plaintiff requests an admission, Mr. Butowsky will not deny facts for the sake of denial.  But he

needs to be presented with a question he can truthfully answer, and Mr. Butowsky should be

allowed to deny RFA 77 as indicated below.

> **RFA 77**: Admit that You have paid money to Shadowbox.
> **RESPONSE**: Denied.

## CONCLUSION

For the reasons set forth above, Mr. Butowsky respectfully submits that the Court should

grant his Supplemental Motion and permit his responses to Plaintiff's Requests for Admissions

to be withdrawn and amended as set forth below:

> **RFA 61**: Admit that You have Stated to at least one other person that Aaron Rich was involved in downloading the DNC Emails.
> **RESPONSE**: Denied.

**RFA 62**: Admit that You have Stated to at least one other person that Aaron Rich was involved in transmitting the DNC Emails to WikiLeaks.
**RESPONSE**: Denied.

**RFA 63:** Admit that You have Stated to at least one other person that Aaron Rich received money from WikiLeaks in exchange for DNC Emails.
**RESPONSE:** Denied.

**RFA 76**: Admit that You have paid money to Matt Couch.
**RESPONSE**: Admitted that a donation of $1,000 was made to Mr. Couch similar to the donation made to Aaron's GoFundMe.

**RFA 77**: Admit that You have paid money to Shadowbox.
**RESPONSE**: Denied.


Dated February 4, 2020

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendant Edward Butowsky*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on February 4, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendant Edward Butowsky*