**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>                    Plaintiff,<br><br>    v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>                    Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY OPPOSING JOINT
MOTION FOR A PROTECTIVE ORDER**

Plaintiff Aaron Rich, by and through undersigned counsel, respectfully moves for leave to file a surreply (attached hereto as Exhibit A, "Surreply") opposing the Joint Motion for a Protective Order Barring Deposition, Dkt. 114 ("Motion"), filed by third parties Fox News Network, LLC ("Fox News") and Fox News reporter Malia Zimmerman.  Plaintiff requests the opportunity to address Ms. Zimmerman's new factual and legal arguments concerning her relationship with Defendant Butowsky.  These arguments were advanced for the first time in her Reply Memorandum, Dkt. 150 ("Reply"), which was 10 pages longer than her original Motion, and should thus be ignored entirely or Plaintiff should be allowed to file the Surreply.

Courts in this circuit "routinely" grant motions to file a surreply when a party would otherwise be "unable to contest matters presented to the court for the first time in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citation

and internal quotation marks omitted); *see also Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (noting that a surreply is appropriate where the moving party "would be unable to contest matters presented to the court for the first time"). Courts will consider whether the decision to grant or deny the surreply provides "helpful clarification" and whether its filing will prejudice the movant. *Plunkett v. Dep't of Justice*, 249 F. Supp. 3d 73, 76 n.2 (D.D.C. 2017), *aff'd sub nom. Plunkett v. Doe*, No. 17-5087, 2018 WL 1388574 (D.C. Cir. Feb. 21, 2018). The Surreply here easily meets this standard.

As Plaintiff pointed out in his Opposition Memorandum, Dkt. 138 ("Opposition"), it was Ms. Zimmerman's burden to demonstrate the applicability of newsgathering privileges, including the absence of waiver of the privileges,[1] and the need for a protective order, yet Ms. Zimmerman failed to do so. Opp. at 12. Indeed, Ms. Zimmerman's Motion did not make *any* arguments related to how specific lines of questions would implicate either state or federal newsgathering privileges. *Id.* at 12-15. Ms. Zimmerman does not dispute this—instead, she has taken a second bite at the apple by raising entirely new arguments in her Reply. The Court should simply disregard these arguments. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992) ("To consider an argument discussed for the first time in reply would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response."); *Day v. Dist. of Columbia*, CA No. 10-2250 (ESH), 2012 WL 456491, at *14 n.51 (D.D.C. Feb. 14, 2012) ("[T]he D.C. Circuit has consistently held [that] . . . the Court should not address arguments raised for the first time in a party's reply.") (quoting *Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C. 2008)); *Hicks v. Gotbaum*, 828 F. Supp. 2d 152, 164 n.11 (D.D.C. 2011) (recognizing

---

[1] *See Lozman v. City of Riviera Beach*, 2014 WL 12360697, at *4 (S.D. Fla. 2014) (quoting *United States v. Weissman*, 1996 WL 737042, at *25 (S.D.N.Y. 1996)) ("It is axiomatic that '[t]he party seeking to invoke a privilege has the burden of establishing the non-waiver of the privilege.'").

2

the "well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." (internal quotation marks and citations omitted)).

Of particular concern are Ms. Zimmerman's entirely new arguments regarding her relationship to Defendant Butowsky. Ms. Zimmerman's original Motion did not mention Defendant Butowsky once (outside of the case caption) despite the fact that Plaintiff's document requests to Ms. Zimmerman clearly requested communications with Mr. Butowsky. Her Reply mentions him over 60 times. Most importantly, she now asserts, for the first time, that Defendant Butowsky was a "source" for Ms. Zimmerman's reporting, Reply at 8-9, and that her conversations with him, and Defendant Couch, were related to newsgathering for future follow-up articles and "unrelated potential news stories," *id.* at 6-7, 11-12. Moreover, the Reply argues for the first time that Ms. Zimmerman did not waive the newsgathering privilege by sharing information with Defendant Butowsky. *Id.* at 21-22. In addition to being new claims, these arguments are without support.

As a result, either the Movant's new arguments should be ignored entirely or Plaintiff should be allowed to file the Surreply. Otherwise, Plaintiff will be "unable to contest [a] matter[] presented to the court for the first time in the last scheduled pleading." *Ben-Kotel*, 319 F.3d at 536 (citation and internal quotation marks omitted). The Surreply is therefore plainly appropriate and the Proposed Order provided herein should be entered.

As required by Local Rule 7(m), Plaintiff has conferred with counsel for Fox News and Ms. Zimmerman, both of whom oppose this motion. Counsel for Defendants was unable to confer with clients in the time provided and therefore takes no position on the filing on this motion.

DATED: February 10, 2020

Respectfully submitted,

*/s/ Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNS KI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on February 10, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Malia Zimmerman, Fox News Network LLC, Defendant Edward Butowsky, and Defendant Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: February 10, 2020

*/s/ Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com