UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>                Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>                Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**MALIA ZIMMERMAN AND FOX NEWS NETWORK, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff presents no viable reason justifying the filing of a surreply in this matter. His motion for leave should be denied.

1.      The Local Civil Rules of this Court do not provide for the filing of a surreply, *see* Local Civil Rule 7, and "surreplies are generally disfavored," *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012). A surreply is only permitted if a party is "unable to address matters raised for the first time in the [movant's] reply brief." *Bigwood v. United States Dep't of Def.*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015) (citation omitted). To meet this standard, the matters covered by the reply "must *truly be new*." *Id.* (emphasis added). Arguments in a reply are not "truly" new when they are "neither novel nor unexpected." *Id.* A surreply is not warranted where "the [movant's] reply does not expand the scope of the issues presented" but instead "fall[s] within the scope of the matters [the non-movant] raised in opposition." *Id.* (internal quotation marks omitted) (denying leave to file a surreply because the movant's argument that the court should disregard the non-

movant's declaration was "a direct response to plaintiff's introduction of [that] declaration . . . in his opposition brief").  A non-movant may not use a surreply to "rehash[] arguments that have already been raised and briefed by the parties" or "bolster arguments already made in [the] opposition brief."  *Id.* (disapproving of "plaintiff's attempt to 'get the last word'" through request for a surreply).

2.   Here, Malia Zimmerman and Fox News filed a Joint Motion for a Protective Order Barring Deposition (Doc. 114) in which they explained the grounds upon which the Court should bar Plaintiff from taking Ms. Zimmerman's deposition—namely, that all of the testimony Plaintiff seeks is protected by First Amendment and New York newsgathering privileges, neither of which Plaintiff can overcome.  Plaintiff filed his opposition, describing certain categories of information that he seeks and arguing that they either do not fall within the privileges or that he nonetheless can overcome those privileges.  (Doc. 138).  Ms. Zimmerman and Fox News then filed a reply, responding directly to the arguments and authorities that Plaintiff raised in his opposition with respect to each of the categories.  (Doc. 150).

3.   Plaintiff's motion demonstrates he does not seek to address any "truly" new matters, but rather to improperly "bolster arguments already made" in his opposition brief and "get the last word."  *See Bigwood*, 132 F. Supp. 3d at 154.  He seeks to address Ms. Zimmerman and Fox News's arguments that were made in response to Plaintiff's opposition—including relating to (1) whether Mr. Butowsky was a source for Ms. Zimmerman's reporting, (2) whether Ms. Zimmerman waived the newsgathering privileges by disclosing information to this source, and (3) whether Ms. Zimmerman's post-publication conversations with Mr. Butowsky and Mr. Couch are protected by the privileges.  (Doc. 152 at 3).  None of these arguments are "novel [or] unexpected."  *See Bigwood*, 132 F. Supp. 3d at 154.  To the contrary, Ms. Zimmerman and Fox

News made each of these arguments specifically to respond to points made by Plaintiff in his brief in opposition.  *Cf. Crummey*, 794 F. Supp. 2d at 63 (denying leave to file a surreply where "the arguments raised by the [movant] in its reply are in response to 'the facts and relevant law raised by [the non-movant] in his opposition'").

4.	Indeed, Plaintiff's proposed surreply merely repeats the same points made in his opposition, while ignoring Ms. Zimmerman and Fox News's arguments and authorities that he claims are "new."  For instance, Plaintiff repeats that Ms. Zimmerman and Fox News bear the burden of establishing that the newsgathering privileges apply, but ignores the authority cited by Ms. Zimmerman and Fox News demonstrating that the privileges easily apply here.  *See, e.g.*, *Tripp v. DOD*, 284 F. Supp. 2d 50, 58 (D.D.C. 2003) ("[T]he fact that [the reporter] was employed in a journalistic capacity is sufficient to meet her burden."); *Palandjian v. Pahlavi*, 103 F.R.D. 410, 412 (D.D.C. 1984) (protecting "editorial processes"); *Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 477-79 (S.D.N.Y. 2016) (same).

Likewise, Plaintiff repeats the argument that Mr. Butowsky was not Ms. Zimmerman's "source" and that Ms. Zimmerman waived the privileges by disclosing information to him.  In reiterating this empty claim, Plaintiff again premises his argument on the misguided proposition that the broad newsgathering privileges somehow only protect communication with a "source" cited in a publication.  Plaintiff further ignores his own position that Ms. Zimmerman obtained information from Mr. Butowsky.  (Opp. at 6 (citing email where Ms. Zimmerman asked Mr. Butowsky if he had "any news on this key point"); Opp. at 19-20 (Mr. Butowsky conveyed to Ms. Zimmerman "information [Butowsky] obtained from Seymour Hersh").

In short, because Ms. Zimmerman and Fox News's reply did not "expand the scope of the issues presented," the Court should decline to deviate from the standard practice of this Court and should deny Plaintiff's motion for leave to file a surreply. *See Bigwood*, 132 F. Supp. 3d at 154.

Respectfully submitted,

*/S Joseph M. Terry*

Joseph M. Terry (DDC Bar 473095)
Stephen J. Fuzesi (DDC Bar 496723)
Katherine A. Petti (DDC Bar 1026532)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jterry@wc.com
sfuzesi@wc.com
kpetti@wc.com

*Attorneys for Non-party Fox News Network, LLC*

David H. Stern (*pro hac* pending)
Vincent H. Cohen, Jr. (DDC Bar 471489)

Dechert LLP
U.S. Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

1900 K Street, NW
Washington, DC 20006
Tel: (213) 808-5720
Fax: (213) 808-5760
david.stern@dechert.com
vincent.cohen@dechert.com

DATED: February 11, 2020                    *Attorneys for Non-party Malia Zimmerman*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2020, I caused to be filed electronically the foregoing Memorandum in Opposition to Plaintiff's Motion to File Surreply with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system. I further certify that a copy of the foregoing document was provided to Defendant America First Media via email to mattcouch@af-mg.com on February 11, 2020.

*/S Joseph M. Terry*

Joseph M. Terry

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>                 Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>                 Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**[PROPOSED] ORDER**

Having considered Plaintiff Aaron Rich's Motion for Leave to File Surreply, it is hereby

ORDERED that the motion is DENIED.

**SO ORDERED** this ___ day of February 2020.

_____
Hon. Richard J. Leon
United States District Judge

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

In accordance with Local Rule 7(k), listed below are the names and addresses of the attorneys and parties entitled to be notified of the proposed order's entry:

Joshua P. Riley
Meryl C. Governski
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

Michael J. Gottlieb
Willkie Farr Gallagher LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: (212) 813-8389
Fax: (212) 813-8390

*Attorney for Defendants Edward Butowsky and Matthew Couch*

America First Media
2300 West Ash Street
Rogers, AR 72758

*Pro Se*

David H. Stern
Vincent H. Cohen Jr.
Dechert LLP
U.S. Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

1900 K Street, NW
Washington, DC 20006
Tel: (213) 808-5720
Fax: (213) 808-5760
david.stern@dechert.com
vincent.cohen@dechert.com

*Attorneys for Non-party Malia Zimmerman*

Joseph M. Terry
Stephen J. Fuzesi
Katherine A. Petti
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jterry@wc.com
sfuzesi@wc.om
kpetti@wc.com

*Attorneys for Non-party Fox News Network, LLC*