# EXHIBIT 1
# REDACTED

| | |
|---|---|
| **From:** | Eden Quainton |
| **To:** | Joshua Riley |
| **Cc:** | Michael Gottlieb; Meryl Governski; Sam Hall |
| **Subject:** | Re: Rich v. Butowsky / Discovery Issues |
| **Date:** | Thursday, February 13, 2020 7:41:39 PM |

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Josh:

1. Source 5 is non-responsive.  It is not within the scope of the Court's order and was included on the privilege log in error.

2.  We have provided the complete unredacted audio of a video interview with Source 2.  You do not have the face of Source 2.  That's it.   We have also provided two other unredacted audio interviews with Source 2.

3. We have redacted Source 2's name from two emails.

To my knowledge, there are no other redactions.

Eden

On Thu, Feb 13, 2020 at 7:30 PM Joshua Riley <jriley@bsfllp.com> wrote:

> Mr. Quainton,
>
> To be clear, we understand from Defendant Couch's public statements and from your prior emails that Defendant Couch is withholding at least the following items at this point:
>
> **1.** Recording(s) of conversations he has had with "source 5,"
>
> **2.** A video recording of a conversation with one of Defendant Couch's other "sources," and
>
> **3.** The names of "sources," which Defendant Couch has redacted from documents he has produced.
>
> Please promptly confirm that Defendant Couch is withholding those items, notwithstanding

1

the Court's orders.


~Josh


**Joshua Riley**
Partner

---

**BOIES SCHILLER FLEXNER** LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)   202 237.2727

jriley@bsfllp.com

www.bsfllp.com


On Thu, Feb 13, 2020 at 3:27 PM Joshua Riley <jriley@bsfllp.com> wrote:

> Mr. Quainton,
>
> Thank you for confirming that Defendant Couch is withholding at least one video recording that is responsive to our discovery requests and covered by the Court's order and that Defendant Couch redacted information from at least two documents.  As you know, the Court ordered Defendant Couch to produce "all relevant documents," and it rejected Defendant Couch's request to withhold information.
>
> In addition to the documents you now have acknowledged are being withheld, and in addition to the emails with Mr. Clevenger that appear incomplete, we also still have not received from Defendant Couch:
>
> • various documents that he identified in his deposition and committed to produce, and about which we have followed up with you previously, including, for example, communications with Jonathan Rich and DMs with Defendant Butowsky;

2

- relevant Flock messages; and

- relevant communications with various members of AFM, as evident from third-party productions.

In addition, we still have not received Defendant Couch's election, which he was required to provide by January 31, as between sitting for a deposition at his expense or entering into a stipulation as to certain facts.

As to your accusation of a "complete misrepresentation," the record speaks for itself, and our notice will provide the Court with Defendant Couch's exact publicly available quotes as to what he has said about his compliance with the Court's orders.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER LLP**

1401 New York Avenue, N.W.

Washington, DC 20005

(t)   202 237.2727

jriley@bsfllp.com

www.bsfllp.com

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Thursday, February 13, 2020 2:05 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>; Sam Hall <shall@willkie.com>
**Subject:** Re: Rich v. Butowsky / Discovery Issues

As an addition to my previous email, one of the files that we produced was the complete unredacted audio of an interview with one of Matt's sources that was recorded by video. We have not provided the face of the individual out of safety concerns, but the content of the file is completely unredacted. This was the precise form in which the file was produced to the House Intelligence Committee.

On Thu, Feb 13, 2020 at 1:19 PM Eden Quainton <equainton@gmail.com> wrote:

> That is a complete misrepresentation. Mr. Couch has not stated on Twitter, YouTube or anywhere else that he is withholding documents. He has not stated that he is altering documents. He has redacted the name of one of his sources. Aaron has redacted dozens of pages of information without the slightest indication of why. The Court's order does not require Mr. Couch to disclose the name of the redacted source, which is essential for the safety of the individual concerned. To my knowledge, this concerns at most two emails, the substance of which has not been modified in any way.
>
> As to the other emails, that was simply an inadvertent omission, as I have previously explained. Mr. Couch did as I instructed him to: he saved all emails "to" and "from" Mr. Clevenger and I then went through the emails and performed a privilege review. The documents that are being withheld on privilege grounds will be identified. It appears that Mr. Couch did not download the entire email chain of certain of the Clevenger emails. This was not "altering" or "withholding" anything and I have told you we will produce the full chain once I have an opportunity to walk Mr. Couch through this. He is speaking on various outlets because that is what he does and he has every right not to be silenced. As I indicated, the rest of his time is devoted to his children and, as a single father without resources for child care, he is facing significant time and other pressure right now. Having said that, I have asked him to commit to blocking out an hour this afternoon so that we can go over the emails that Mike identified and make sure the complete chain -- unless there is any privileged material I have not seen -- is produced.
>
> I am in the process of working through your previous email, but I cannot respond fairly without addressing issues with your production that must also be addressed.
>
> On Thu, Feb 13, 2020 at 12:50 PM Joshua Riley <jriley@bsfllp.com> wrote:
>
>> He needs to do what the Court ordered him to do: produce all relevant documents. He has stated on a podcast, a YouTube video, and Twitter that he is withholding files and that he has altered/redacted the files he did produce. It also is clear from his production that he has not produced other responsive documents, as noted below.

**Joshua Riley**
Partner

# BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)   202 237.2727

jriley@bsfllp.com

www.bsfllp.com


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Thursday, February 13, 2020 12:47 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>; Sam Hall <shall@willkie.com>
**Subject:** Re: Rich v. Butowsky / Discovery Issues

Josh,

What exactly are you looking to have Mr. Couch do?

Eden

On Thu, Feb 13, 2020 at 12:12 PM Joshua Riley <jriley@bsfllp.com> wrote:

> Mr. Quainton,
>
> Following up on my email below, you previously represented to us that Defendant Couch was unable, until next week, to answer our questions about whether he has withheld, altered, or produced incomplete versions of documents that he was required to produce in response to the Court's order.  Yet Defendant Couch gave a 45-minute interview on The American Joe Show last night and a 90-minute interview on Freedom Declassified that was published yesterday, and during both of those interviews, Defendant Couch answered questions about this litigation and

his recently produced documents.  If he has time to answer interview questions about those documents, then he has time to answer our questions about them, too.  In any event, Defendant Couch now publicly has admitted that he refuses to produce documents that the Court ordered him to produce and that he has altered/redacted other documents to conceal information that he is required to disclose.  Given these public statements in the circumstances, we will be filing with the Court a notice of Defendant Couch's non-compliance with the Court's prior orders.  While there is no meet-and-confer requirement with respect to notices, we nonetheless as a courtesy are providing you this opportunity to cure immediately Defendant Couch's non-compliance and thereby obviate the need for us to file the notice.

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)   202 237.2727

jriley@bsfllp.com

www.bsfllp.com

**From:** Joshua Riley
**Sent:** Wednesday, February 12, 2020 7:37 PM
**To:** 'Eden Quainton' <equainton@gmail.com>
**Cc:** Michael Gottlieb <MGottlieb@willkie.com>; Meryl Governski <MGovernski@BSFLLP.com>; Sam Hall <SHall@willkie.com>
**Subject:** Rich v. Butowsky / Discovery Issues

Mr. Quainton,

We are writing to follow-up with you about several discovery issues that we need to resolve:

**1. Couch Document Production.** We are in receipt of 13 files that you produced to us this week; however, we have not yet received the other documents that Defendant Couch is withholding and that the Court ordered him to produce. *See* Dkt. 133 ("Defendant Couch shall produce on or before January 31, 2020, <u>*all relevant documents*</u>, *including* those he is withholding on the basis of a reporter's privilege."). For example, we have not received communications between Mr. Couch and Jonathan Rich, which you and your client have previously acknowledged exist, or additional communications between Defendants Couch and Butowsky, including Twitter DMs, that Defendant Couch testified about. *See* Couch Dep. at 250:1-7. We also note that the documents that Defendant Couch did produce indicate that Defendant Couch is withholding additional responsive documents, including, for example, messages on Flock or group communications on Twitter. Please provide the additional documents by noon on Monday.

**2. Couch Deposition/Stipulation.** The Court ordered Defendant Couch to notify us, by January 31, of his choice as between sitting for three-and-a-half additional hours of deposition testimony or entering into a stipulation in lieu of deposition questioning. *See* Dkt. 133. We still have not received Defendant Couch's election. Please promptly provide it. Because the deposition would be taken at Defendant Couch's expense, we are willing to discuss with you arrangements to have it held in D.C. to minimize travel costs. Alternatively, should Defendant Couch choose instead to enter into a stipulation, our position is that Defendant Couch should not be permitted to rely on "sources" about whom he has not been deposed and any stipulation would need to be written accordingly.

**3. Couch Alterations to Produced Documents.** As Mike previously communicated to you, it appears that several documents that Defendant Couch recently produced have been altered to remove or delete information, and Defendant Couch recently stated on Twitter that he had altered files before they were produced to us. You stated that Defendant Couch would get back to us about this issue by early next week. Although it is unclear to us why he cannot immediately state whether the original, complete documents exist, we are willing to accommodate your request. By Monday at noon, please provide the original, unaltered documents or a sworn statement from Defendant Couch that all documents have been produced without alteration and that no other versions of the documents exist.

**4. Couch Confidentiality Designations.** As we previously explained, it is inappropriate for you to blanket designate every document as "AEO." Yet we have not received from you document-level confidentiality designations for Defendant Couch's productions. Defendant Couch's refusal to provide appropriate designations creates a risk of inadvertent disclosures, and we will expect Defendant

7

Couch to bear that risk until he provides appropriate designations. Please promptly provide specific confidentiality designations.

With respect to Defendant Couch's production from earlier this week in particular, you have indicated that all of the materials are "AEO." That cannot possibly be right, and we request that you explain the basis for the designations or de-designate material, as we have done in response to your requests in the past. If we cannot resolve this issue, we reserve our right to file a motion with the Court.

5. **Butowsky Document Production.** We still have not received the documents that Defendant Butowsky was ordered to produce on July 31, 2019, and which you promised to produce by December 23, 2019, and which are subject to our pending motion for sanctions. By when do you intend to produce those documents?

6. █████████████████████████████████████████

7. **Butowsky Deposition.** Please provide potential dates for Defendant Butowsky's deposition.

8. **Third-Party Productions.** We have not received from you any documents that were produced to you in response to third-party subpoenas. Have you received any such documents? If so, when will you send them to us?

~Josh

**Joshua Riley**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)  202 237.2727

jriley@bsfllp.com

www.bsfllp.com


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, February 10, 2020 3:48 PM
**To:** Michael Gottlieb <mgottlieb@willkie.com>
**Cc:** Joshua Riley <jriley@bsfllp.com>; Meryl Governski <mgovernski@bsfllp.com>; Chloe Houdre <choudre@bsfllp.com>
**Subject:** Rich v. Butowsky -- Couch Source audio

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Mike,

I have just uploaded ten audio files to your discovery platform. All of these files are designated "Highly Confidential Information -- Attorneys Eyes Only." There are four audios with Source 1, three with Source 2, two with Source 3 and one with Source four. In going through my files, I located an additional short Source 1 audio and a Source 2 audio that is largely irrelevant but is produced for completeness. We are not producing the previously identified Source 5 audio. I listened to this audio again last night and it is non-responsive, as it relates to an entirely different investigation and does not bear on any of Plaintiff's allegations. Moreover, the audio does not belong to Mr. Couch but is the property of Bill Pierce and Pierce Investigations and Mr. Couch is not authorized to release it.

There are two more emails identified in the privilege log that I am tracking down and will upload separately.

Sincerely,

Eden P. Quainton

Quainton Law, PLLC

jriley@bsfllp.com

> 1001 Avenue of the Americas, 11th Floor
>
> New York, NY 10018
>
> Tel: 212.813.8389
>
> Fax: 212.813.8390
>
> Cell: 202.360.6296
>
> www.quaintonlaw.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com