# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **Edward Butowsky,**<br><br>   Plaintiff,<br><br>v.<br><br>**Michael Gottlieb, et al.,**<br><br>   Defendants | Case No. 4:19-cv-00180-ALM-kpj |

## PLAINTIFF'S MOTION TO PERMIT SUPPLEMENTAL COMPLAINT

NOW COMES Edward Butowsky, the Plaintiff, moving the Court to permit him to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d):

The Plaintiff moves the Court to grant him permission to file the proposed supplemental complaint attached as Exhibit 1.

> Rule 15(d) of the Federal Rules of Civil Procedure provides for… a supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963). As set forth in the proposed supplemental complaint, Defendant Meryl Governski made additional defamatory statements about the Plaintiff after the SECOND AMENDED COMPLAINT was filed. The undersigned became aware of the comments in late October and notified the

- 1 -

Plaintiff, sending a retraction demand to Defendant Governski on November 2, 2019.[1] *See* November 2, 2019 Letter from Ty Clevenger to Paul Skiermont. (Exhibit 2). On November 7, 2019, Ms. Governski refused to retract the false statements. *See* November 7, 2019 Letter from Paul Skiermont to Ty Clevenger (Exhibit 3).

In discussions with the undersigned, counsel for Defendant Governski have suggested the supplement is untimely, but the Court will note that it has not yet entered a scheduling order, nor has any party discovery begun. The Plaintiff could, of course, file a separate lawsuit against Defendant Governski, but it would be far more efficient for everyone involved if these matters were tried in one case. The new claim does not present any new legal issues, but it does illustrate the absurdity of Defendant Governski's argument that her defamatory statements are protected by the judicial proceedings privilege. She seems to think that because she filed a lawsuit in D.C., she has an open-ended license to keep defaming the Plaintiff whenever she chooses. The judicial proceedings privilege has never been construed so broadly, nor should it be.

The supplemental pleading also illustrates the absurdity of the Boies Schiller Flexner Defendants' first-to-file arguments. Defendant Governski's latest smears do not implicate the D.C. litigation in any way. It is absurd to suggest that the Plaintiff is supposed to file a third-party claim in the D.C. litigation against his opposing counsel in the D.C. litigation (*i.e.*, Defendant Governski) based on something that she said more than a year after the D.C. case was filed.

---

[1] As attested by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that this statement is true and correct. He further declares that the exhibits to this motion are true and correct copies of the documents that he represents them to be.

## Conclusion

The Plaintiff should be permitted to file his proposed supplemental complaint. The Plaintiff stipulates that the proposed supplemental complaint does not affect the motions to dismiss filed by the CNN, *New York Times*, and *Vox* Defendants.

>Respectfully submitted,
>
>**/s/ Ty Clevenger**
>Ty Clevenger
>Texas Bar No. 24034380
>P.O. Box 20753
>Brooklyn, New York 11202-0753
>(979) 985-5289
>(979) 530-9523 (fax)
>*tyclevenger@yahoo.com*
>
>**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for all of the Defendants via email and/or telephone regarding the foregoing motion as required by Local Rule CV-7(h). Following a telephone conference, counsel for the Boies Schiller Flexner Defendants asked me to include the following explanation for their opposition to the foregoing motion:

> The BSF Defendants oppose this motion first raised in mid-February 2020 (less than a week before the rescheduled Scheduling Conference), based on a statement allegedly published more than six months ago (August 8, 2019). Plaintiff did not raise this motion within a reasonable time of the alleged publication, and this motion needlessly multiplies these proceedings. The BSF Defendants contend the proposed Supplemental Complaint does not affect any of the issues raised in their pending motions to dismiss or their Rule 11 motion and those motions are ripe for decision even if the Court permits the Supplemental Complaint. And Plaintiff agreed during the parties' meet and confer that whether or not the proposed Supplemental Complaint is permitted does not affect any of the issues raised in the BSF Defendants' pending motions or provide Plaintiff with any different argument in opposition to those motions than Plaintiff has already briefed. Thus, the BSF

Defendants also oppose because the parties agree the Supplemental Complaint would be futile with respect to the pending motions. *See, e.g. Connor v. Castro*, 719 F. App'x 376, 380 (5th Cir.), cert. denied, 139 S. Ct. 343, 202 L. Ed. 2d 225 (2018) (denying Rule 15(d) motion for leave to supplement where futile). The BSF Defendants likewise oppose this motion because all parties agree that neither this motion, nor the Supplemental Complaint if permitted, needs to be addressed before the Court rules on the pending motions to dismiss.

Counsel for the *New York Times* and *Vox* Defendants stated that they do not oppose the motion insofar as the Plaintiff has stipulated that the supplemental complaint does not affect their motions to dismiss. Counsel for the CNN Defendants requested that the Plaintiff include the following statement of non-opposition to the motion:

As stipulated above, Plaintiff's requested supplementation does not affect the allegations against the CNN Defendants. Accordingly, the CNN Defendants are unopposed to the requested relief provided that such relief not moot or other otherwise affect their pending Motions to Dismiss. If Plaintiff's requested relief would in any way affect their pending Motions, however, the CNN Defendants oppose such relief and ask that the Court provide them notice of such treatment and the opportunity to respond.

**/s/ Ty Clevenger**
Ty Clevenger

### CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on February 14, 2020, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger

Case 1:18-cv-00063-JL Document 100 Filed 04/20/18 Page 4 PageID #: 4370

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky, in his personal and professional capacities,**<br><br>    Plaintiff,<br><br>v.<br><br>**Michael Gottlieb, Meryl Governski, Boies Schiller Flexner LLP, Turner Broadcasting System, Inc., Anderson Cooper, Gary Tuchman, Oliver Darcy, Tom Kludt, The New York Times Company, Alan Feuer, Vox Media, Inc., and Jane Coaston,**<br><br>    Defendants | Case No. 4:19-cv-180 |

## FIRST SUPPLEMENTAL COMPLAINT

NOW COMES Edward Butowsky, the Plaintiff herein, alleging and stating as follows:

### Introduction

1. The Plaintiff incorporates his SECOND AMENDED COMPLAINT ("SAC")(Doc. No. 101) by reference as if fully set forth herein, and he files this supplemental complaint as a result of events that occurred after the filing of the SAC.

### Facts

2. On or about August 8, 2020, *Yahoo! News* released Episode 6 of Michael Isikoff's *Conspiracyland* series, wherein Isikoff discussed statements by the Plaintiff and

- 1 -

Matt Couch suggesting that Aaron Rich played a role in leaking Democratic National Committee emails. Isikoff indicated that it was unclear why the Plaintiff and Mr. Couch were making such statements.

3. Immediately thereafter, Isikoff played audio of an interview wherein Defendant Governski is heard to say: "There is no factual place where that is coming from. This is a contrived story about Aaron... So the key lies they're making about Aaron is that he worked with Seth to download these materials from the DNC, that Aaron personally received money from Wikileaks in exchange for the data from the DNC, that Aaron is covering up both his role in downloading the DNC data and in the murder of his brother. And these are all false. No truth to any of those statements."

4. The Plaintiff has never accused Aaron Rich of having any role in the murder of his brother, much less covering it up. Furthermore, Mr. Butowsky has not "contrived" anything, nor has he told "lies" about Mr. Rich. Instead, he relied on statements from Julian Assange regarding Mr. Rich's role in the data transfers. At the time Defendant Governski made the false statements about the Plaintiff, she was acting in her capacity as an associate of Defendant Boies Schiller Flexner, LLP.

5. On November 2, 2019, counsel for the Plaintiff sent a letter to counsel for Defendants Governski and Boies Schiller Flexner, LLP, pursuant to TEXAS CIV. PRAC. & REM. CODE §73.055, requesting a retraction of Defendant Governski's false statements about the Plaintiff. In a letter from their counsel dated November 7, 2019, Defendants Governski and Boies Schiller Flexner LLP declined to issue a retraction.

### Claims

6. All prior paragraphs are incorporated by reference.

7. The Plaintiff brings claims for defamation and business disparagement against Defendants Governski and Boies Schiller Flexner LLP, as well as Defendant Michael Gottlieb, based on Defendant Governski's false statements published on or about August 8, 2019. The Plaintiff alleges that Defendant Governski's defamatory statements were made pursuant to a larger civil conspiracy with Defendants Gottlieb and Boies Schiller Flexner LLP to defame and discredit anyone who questions the Russia Collusion Hoax (described in the SAC).

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

# Exhibit 2

# TY CLEVENGER
P.O. Box 20753
Brooklyn, New York 11202

telephone: 979.985.5289
facsimile: 979.530.9523

tyclevenger@yahoo.com
Texas Bar No. 24034380

November 2, 2019

Mr. Paul Skermont, Partner
Skiermont Derby LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201

      Re: *Conspiracyland* podcast

Mr. Skiermont:

      I write on behalf of Ed Butowsky pursuant to TEXAS CIV. PRAC. & REM. CODE §73.055 to request a correction or retraction from Meryl Governski and Boies Schiller Flexner LLP. In Episode 6 of the *Conspiracyland* podcast published by Yahoo!News, Michael Isikoff discussed statements by Mr. Butowsky and Matt Couch suggesting that Aaron Rich played a role in leaking Democratic National Committee emails, and he indicated that it was unclear why they were making such statements.

      Immediately thereafter, Mr. Isikoff played audio of an interview wherein Ms. Governski is heard to say: "There is no factual place where that is coming from. This is a contrived story about Aaron... So the key lies they're making about Aaron is that he worked with Seth to download these materials from the DNC, that Aaron personally receved money from Wikileaks in exchange for the data from the DNC, that Aaron is covering up both his role in downloading the DNC data and in the murder of his brother. And these are all false. No truth to any of those statements."

      Mr. Butowsky has never accused Aaron Rich of having any role in the murder of his brother, much less covering it up. Furthermore, Mr. Butowsky has not "contrived" anything, nor has he told "lies" about Mr. Rich. Instead, he relied on statements from Julian Assange regarding Mr. Rich's role in the data transfers.

      Please let me know at your earliest opportunity whether Ms. Governski intends to correct or retract the foregoing false statements. Thank you for your consideration.

      Sincerely,

Ty Clevenger

# Exhibit 3



PAUL J. SKIERMONT
214.978.6604
pskiermont@skiermontderby.com

1601 Elm Street
Suite 4400
Dallas, Texas 75201
T: + 214.978.6600
F + 214.978-6601

skiermontderby.com

November 7, 2019

<u>*VIA EMAIL*</u>
Ty Clevenger
P.O. Box 20753
Brooklyn, NY 11202

  Re: *Conspiracyland* podcast

Mr. Clevenger:

  We are in receipt of your November 2, 2019 letter that relates to a third party's publication of prior statements made by Ms. Governski. As we have previously and repeatedly stated in letters and in motions—Ms. Governski's statements are privileged as a matter of law and truthful. Her statements were clearly made in reference to the D.C. litigation and are almost *verbatim* of the allegations set forth in paragraph 1 of the complaint in that litigation. Your letter makes claims that are as equally as frivolous as those within the complaint, and Mr. Governski declines to issue any retraction. We believe any pursuit of these claims in litigation would be sanctionable for the same reasons we have stated in our briefing and correspondence.

        Sincerely,

        */s/ Paul J. Skiermont*

        Paul J. Skiermont

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**Edward Butowsky,**

   Plaintiff,

v.

**Michael Gottlieb, et al.,**

   Defendants

Case No. 4:19-cv-180

## **ORDER**

The PLAINTIFF'S MOTION TO PERMIT SUPPLEMENTAL COMPLAINT is now before the Court. The Court concludes that the motion should be GRANTED, and that the clerk should be directed to file the supplemental complaint.

It is SO ORDERED.