UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,　　　　　　　　　　　　　　　　　Case No. 1:18-cv-00681-RJL
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Richard J. Leon
Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

Defendants.

### NOTICE OF RESPONSE TO ORDER TO SHOW CAUSE

In compliance with the Court's Order that counsel for Defendants Show Cause why he should not be fined $2,500 for failing to properly redact an Exhibit to Defendants' Reply in Support of Motion for Extension of Time to Complete Discovery, counsel hereby submits this Notice and the Declaration of Eden P. Quainton, dated February 18, 2020 (the "Quainton Decl."), as his response to the Court's Order.

The Exhibit in question (Dkt. 132-2) was an email that contained a "Google Drive" link to documents previously produced by Defendant Matthew Couch. Quainton Decl. at ¶ 3. The Google Drive link had been set so that only the named recipients could open the link. *Id.* at ¶ 4. The only named recipients were Mr. Couch himself and counsel for Plaintiffs. *Id.* Counsel did not believe that it was technically possible for the link to be accessed by anyone other than the named recipients. *Id.* at ¶ 5. In other words, counsel did not believe, and had not considered the possibility, that the link was somehow "live," and could be accessed by parties who had not received the necessary permission. *Id.*

However, shortly after the filing, Defendant Matthew Couch notified counsel that it was possible to click on the link and access the underlying documents. *Id.* at ¶ 6. Counsel

1

immediately contacted the e-filing clerk and requested that the document be sealed.  *Id.* at ¶ 7.  Counsel was informed that the clerk had discussed the issue with Chambers and that counsel could rectify the error by redacting the document and filing it under the "Redacted Document" event, which counsel promptly did.  *Id.*; Dkt. 131.  Counsel also filed a motion for permission to file the redacted email under seal.  *Id.* at ¶ 8; Dkt. 132.  In addition, counsel notified Courtlistener.com and requested that the email be removed from the Courtlistener database.  *Id*. at ¶ 9.  Counsel has confirmed that the email is no longer available through PACER, Courtlistener or Westlaw.  *Id.*  The only party potential harmed by the temporary availability of an unredacted link is Mr. Couch.  *Id.* at ¶ 10.  Counsel has not asked his client to waive any rights and submits this is a matter best left between attorney and client, without the imposition of Court fines.  *Id.*

Counsel does not dispute that a court's civil contempt power rests in its inherent authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner.  *See, e.g.*, *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737-38 (7th Cir. 1999).  Counsel also acknowledges that civil contempt sanctions serve the remedial purpose of compensating the complainant for losses sustained as a result of the misconduct.  *Id.*  However, as this Court has stated, "civil contempt sanctions may not be punitive—they must be calibrated to coerce compliance or compensate a complainant for losses sustained."  *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009)(*Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 750 F. Supp. 2d 31, 34 (D.D.C. 2010)(the sole purpose of civil contempt sanctions is to "coerce compliance or compensate a complainant for losses sustained," not to punish).  Monetary sanctions are punitive in nature and are inappropriate as a civil contempt sanction where no party has complained of harm.  *S.E.C. v. Bilzerian*, 613 F. Supp. 2d 66, 77

(D.D.C.), *decision clarified on reconsideration*, 641 F. Supp. 2d 16 (D.D.C. 2009), and *aff'd*, 410 F. App'x 346 (D.C. Cir. 2010).

Under the circumstances, where the violation was entirely inadvertent, lasted only a very short period, was immediately cured, and no party has complained of harm, it would be unfair and excessive for the Court to fine counsel $2,500.  Counsel understands the importance of the Protective Order and has endeavored, to the best of his ability, to comply with the Order.  *Id.* at ¶ 12.  Any errors have been entirely unintentional.  *Id.*

Counsel acknowledges that his efforts have come up short and has apologized to his client.  *Id.* at ¶ 13.  He has stated on the record that he will redouble his efforts to avoid any redaction issues in the future.  *Id.*   Furthermore, counsel understands that any future violations will be subject to an automatic $2,500 fine.  *Id.* at ¶ 14.

Counsel submits that the coercive function of the Court's directive has been met by requiring him to prepare and file the present response on the public docket.  All parties and counsel are on notice that the Court's directives are to be taken with the utmost seriousness.

## **CONCLUSION**

For the foregoing reasons, counsel submits that the Court's Order to Show Cause should be discharged and no fine should be imposed on counsel, subject to the acknowledgment that any future violation, whether intentional or not, will incur a $2,500 fine.

Dated: February 18, 2020

>   */s/ Eden Quainton*_____
>   EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
>   QUAINTON LAW, PLLC
>   1001 Avenue of the Americas, 11th Floor
>   New York, New York 10018
>   Telephone: (212) 813-8389
>   E-mail: equainton@gmail.com

*Attorneys for Defendants Matthew Couch and Edward Butowsky*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on February 18, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*