**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>            Plaintiff,<br><br>  v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>            Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANT COUCH TO PRODUCE FLOCK DOCUMENTS**

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

*Attorneys for Plaintiff Aaron Rich*

Plaintiff Aaron Rich respectfully requests the Court order Defendant Matthew Couch to produce relevant documents from Flock, a multi-party messaging platform that he has used for communications relevant to this case.

## BACKGROUND

Plaintiff filed this Complaint on March 26, 2018,[1] and served Defendant Couch a preservation letter the next day.[2] That preservation letter expressly instructed Defendant Couch to preserve relevant documents from Flock.[3]

On April 23, 2019, Plaintiff served Defendant Couch a First Request for Production of Documents ("First RFP"), requesting, inter alia, all documents about the issues relevant to this case, including communications about the Rich Family or the leak of DNC documents.[4] Defendant Couch did not respond to the RFP. On July 23, 2019, Plaintiff filed a motion to compel him to do so.[5] On July 31, 2019, the Court granted Plaintiff's motion and ordered Defendant Couch to produce all documents responsive to the First RFP.[6]

On September 27, 2019, Plaintiff's counsel and Defendant Couch's counsel participated in a telephone call during which Defendant Couch's counsel confirmed the existence of responsive communications on Flock that had not been produced.[7] On October 21, 2019, Defendant's counsel informed Plaintiff's counsel that Flock could make the communications searchable for $500, and

---

[1] Dkt. 3.

[2] Dkt. 10.

[3] Declaration of Meryl Governski ("Governski Decl.") Ex. 1.

[4] Dkt. 71-2.

[5] *See* Dkt. 71.

[6] *See* Dkt. 75 at 5:11-12; 7/31/19 Minute Order; *see also see* 11/4/2019 Minute Order (denying motion for re-consideration).

[7] Governski Decl. ¶ 2.

he requested search terms.[8] Plaintiff's counsel responded the same day by offering to cover half of the $500 cost and inviting Defendant Couch to provide initial suggested search terms.[9] Defendant Couch's counsel thereafter caused an e-discovery vendor to send Plaintiff's counsel an invoice for a $4,000 retainer toward an estimated $12,000 cost for document collection, at which point the parties' discussions about the Flock documents broke down.[10]

On February 12, 2020, in an effort to avoid this motion and reach a resolution as to the Flock documents, Plaintiff's counsel again requested that Defendant Couch produce those documents.[11] In the nearly three weeks since, Defendant Couch has failed to produce any of the relevant documents—even though Defendant Couch's counsel has conceded that Defendant Couch has possession of the relevant communications and is able to take screen shots of them.[12] On February 26, 2020, Plaintiff's counsel informed Defendant Couch's counsel that Plaintiff would file this motion if the responsive documents were not produced by February 28, 2020.[13] Defendant Couch's counsel responded with a commitment to "get you as much as possible by" close-of-business on March 2, 2020.[14] That time has now passed, and Defendant Couch still has not produced any of the relevant Flock documents that he should have produced nine months ago

---

[8] *See* Governski Decl. Ex. 2.

[9] *See id.*

[10] Governski Decl. Ex. 3.

[11] Dkt. 154-2.

[12] *See, e.g.,* Governski Decl. Ex. 4.

[13] *See* Governski Decl. ¶ 4.

[14] *See* Governski Decl. Ex. 4.

in response to the First RFP in May 2019 or, at the very least, seven months ago in response to the Court's order of July 31, 2019.[15]

## ARGUMENT

There is no dispute that Defendant Couch is in possession and/or custody of relevant Flock documents. There no dispute that Defendant Couch can collect and produce those documents. And there is no dispute that Defendant Couch has been under a Court order to produce relevant documents since July 31, 2019. Yet Defendant Couch still has not produced the relevant Flock documents. The Court should enforce its prior Order by requiring that he do so immediately.[16]

The only argument that Defendant Couch's counsel has made as to why Defendant Couch should not be ordered to produce the Flock documents is that Defendant Couch "does not control the Flock account," which "is administered by Hannibal Moot."[17] Defendant Couch's counsel made that argument for the first time on February 13, 2020—months after objections to the First RFP were due and months after initially acknowledging that the Flock documents were to be

---

[15] This is not the first time in this litigation that Defendants' counsel has asked Plaintiff's counsel to withhold motions to compel based on unfulfilled commitments to produce documents by a date certain. On November 22, 2019, Defendants' counsel committed to complete Defendant Butwosky's document production by December 23, 2019, only to inform Plaintiff's counsel on that date that no documents were forthcoming. *See* Dkt. 93 at 4-5. On February 17, 2020, Defendants' counsel committed to produce Defendant Butowsky's documents by February 18, 2020, but that date has come and gone without any documents being produced. *See* Governski Decl. Ex. 5. To date, Defendant Butowsky still has not complied with the Court's July 31, 2019, order granting Plaintiff's motion to compel Defendant Butowsky to produce documents. Meanwhile, he has continued to pursue litigation as a plaintiff, and he has served several of his own discovery demands. *See, e.g.*, Dkt. 93; Dkt. 156. Because Defendant Butowsky continues to pursue litigation when it suits him while claiming disability when it does not, the Court should grant Plaintiff's pending motion for sanctions. *See* Dkt. 93.

[16] The Court also should require Defendant Couch to bear the cost of the filing of this motion. *See* Fed. R. Civ. P. 37(a)(5).

[17] Governski Decl. ¶ 3.

produced—and he has subsequently abandoned that argument by committing to have Defendant Couch produce the Flock documents (which Defendant Couch still has not done).

That Defendant Couch's counsel has abandoned his sole argument is not surprising. First, "Hannibal Moot" is an online persona who has not revealed his true identity and whose true identity is unknown to the parties.[18] Second, even if Hannibal Moot were a real person, and even if he could be identified and located,[19] and even if he "administered" the Flock account, it would still remain true that Defendant Couch has access to the Flock account and possession and/or custody of the relevant communications. Plaintiff should not be required to pursue a Rule 45 subpoena of a person who may or may not even exist (and who, if he does exist, may or may not even live in the United States) when Defendant Couch has, for seven months, been in possession of the relevant document and has defied this Court's order by failing to produce them.[20]

## CONCLUSION

Plaintiff respectfully asks the Court to grant this Motion and enter the Proposed Order filed herewith.[21]

Dated: March 3, 2020

                                            /s/ _Joshua P. Riley_____
                                            JOSHUA P. RILEY (D.C. Bar No. 1026900)
                                            MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
                                            BOIES SCHILLER FLEXNER LLP

---

[18] Defendant Couch has admitted to not knowing "the true identities of many" of the "members" of America First Media. *See*, *e.g*., Dkt. 95-10.

[19] Undersigned counsel has attempted unsuccessfully to establish contact with, and to determine the identity and location of, "Hannibal Moot." *See* Governski Decl. ¶ 5; *id*. Ex. 6.

[20] *See Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007) (discovery should be directed in the first instance at the source that is more convenient, less burdensome, or less expensive); Roger S. Haydock & David F. Herr, Discovery Practice §24.04 (8th ed. Supp. 2020) (discovery generally should be sought from party before it is sought from non-party).

[21] Pursuant to Local Rule 7(m), the undersigned certifies that Plaintiff's counsel conferred with Defendant Couch's counsel in an unsuccessful attempt to resolve this dispute.

1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on March 3, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: March 3, 2020

                                              s/ Joshua P. Riley
                                              JOSHUA P. RILEY (D.C. Bar No. 1026900)
                                              BOIES SCHILLER FLEXNER LLP
                                              1401 New York Ave NW, Washington DC 20005
                                              Tel: (202) 237-2727 / Fax: (202) 237-6131
                                              jriley@bsfllp.com