# Exhibit 2

| | |
|---|---|
| **From:** | Meryl Governski |
| **To:** | Eden Quainton |
| **Cc:** | Joshua Riley; Michael Gottlieb |
| **Subject:** | RE: Rich v Butowsky |
| **Date:** | Monday, October 21, 2019 5:26:05 PM |
| **Attachments:** | RE Rich v. Butowsky et al.--Responses to InterrogatoriesMeet and Confer.msg |

Mr. Quainton,

We appreciate you providing an estimate for the collection of Flock, and we would be willing to cover half of your estimated cost for that collection, which is reasonable pursuant to the federal rules. As far as search terms, it is our position that Mr. Couch should produce any and all conversations responsive to the RFPs, which includes *inter alia* any and all communications with individuals and entities named in the complaint (RFP No. 1); about any member of the Rich family (RFP No. 2); any basis for his statements (RFP. No. 2); and any basis for his Interrogatory responses (RFP No. 6). I am not familiar with Flock, and am not sure whether searching for terms alone would be sufficient or would exclude necessary context. Mr. Couch is in the best position to know how he used Flock and the individuals with whom he used Flock to communicate with about the Rich family. Therefore, we invite Mr. Couch to provide the initial suggestions for how a search might best capture responsive materials. At a minimum, his production should include all communications with any of the Defendants (Butowsky; members of the AFM team); The Washington Times; Admiral James A. Lyons; Cassandra Fairbanks; The Gateway Pundit, Rod Wheeler; and any of the participants at the September 2017 meeting at Butowsky's home (Malia Zimmerman; Manuel Chavez (aka Defango); Thomas Schoenberger; Joshua Flippo, etc).

Relatedly, as discussed in our multiple letters, Flock appears to be only *one* of *many* platforms that Mr. Couch used to communicate about topics responsive to the outstanding RFPs but has not produced. We, once again, suggest that it would be more effective and efficient for Mr. Couch to hire a third-party discovery vendor to collect materials from *all* of Mr. Couch's platforms, the cost of which we would be amenable to considering contributing. We have been conferring for months, and apparently are no closer to receiving the materials to which Mr. Rich is entitled, and we have not yet received a response regarding the joint stipulation to which we had agreed in principal (reattached here). **Please confirm that you will produce all outstanding materials—or provide an estimate for a third-party vendor to collect the materials from Mr. Couch— by November 1, or Mr. Rich reserves the right to again seek the Court to compel Mr. Couch to participate in discovery and to award the fees Mr. Rich has already incurred relating to Mr. Couch's delay.**

With respect to Mr. Couch's deposition, would December 12 work? Alternatively, we are amenable to scheduling it during the first week of December if that works better for you and Mr. Couch. Please confirm that this deposition would take place in Arkansas. Mr. Rich does not plan to attend any of the depositions, and we do not believe it is appropriate for any of the Defendants to attend either, especially considering the nature of the claims and the amount of AEO-designated material.

As far as your questions relating to depositions Mr. Couch plans to take, it is not clear to us that Mr. Couch (nor Mr. Butowsky now that he is unrepresented) has the Court's permission to take depositions. We would consider not opposing Mr. Couch moving for permission to take specific depositions once you have entered an appearance. We would, however, object to his doing so without counsel present and before you have entered an appearance in the case.

We would be willing to consider tentatively scheduling Mr. Rich's deposition, but it is our position that Mr. Couch and the other Defendants must first coordinate amongst themselves to propose a mutually agreeable date and location in either Colorado or Washington, D.C.

As far as Joel and Mary Rich, they are represented by separate counsel with whom you should confer.  Please include us in that correspondence so we can schedule accordingly.

**Meryl Conant Governski**
Associate

**BOIES SCHILLER FLEXNER LLP**

1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 895 7565
(m) 301 502 5638
(f)   202 237 6131
mgovernski@bsfllp.com
www.bsfllp.com


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, October 21, 2019 10:12 AM
**To:** Meryl Governski
**Cc:** Joshua Riley; Michael Gottlieb
**Subject:** Rich v Butowsky

Meryl,

I am still working on responding to your letters.  In the meantime, I am informed that Flock will charge approximately $500 to make the chats searchable.  Can you send me some proposed search terms so we can start thinking about the logistics of this? I'm assuming the $500 will not be an issue and the real challenge will be using terms that get only responsive material.

On deps, the second week of December works for us.  Can you propose a specific day?  Will Aaron be attending the deposition?  If so, we would like to do his deposition at the same time.  Also, what is the availability of Joel and Mary Rich?  Are you contemplating that Mr. Couch would need to travel to Omaha?

Please let me know.

Eden