UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,                                            Case No. 1:18-cv-00681-RJL
                                                       Honorable Richard J. Leon

                Plaintiff,

`            v.


EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
                Defendants.



**<u>DEFENDANT EDWARD BUTOWSKY'S MOTION TO EXTEND DISCOVERY</u>**



EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendant Edward Butowsky*

## INTRODUCTION

On January 21, 2020, during a status conference hearing in chambers, the Court stated that it would extend discovery for Mr. Butowsky for ninety days with the option for Mr. Butowsky to request an additional thirty-day extension.  Declaration of Eden P. Quainton (the "Quainton Decl.") at ¶ 2.  In the two weeks following the status conference, Mr. Butowsky complied with the Court order that he assemble and provide medical records and a doctor's statement testifying to his current and anticipated future medical condition.  Dkt. 140.  The parties also engaged in motion practice.  *See, e.g.*, Dkt. 127, 128, 142.  However, on February 5, 2020, the Court entered a minute order extending discovery to March 27, 2020, only sixty days after the initially scheduled close of discovery.  Dkt. 151.  The Court did not explain the shortened discovery schedule.  *Id.*  Since the date of the Court's order, Mr. Butowsky has been in and out of the hospital for extended periods, with three separate stays for a total of fourteen days.  Quainton Decl. Ex. 1.  When he has been out of the hospital he has been in extreme pain and under heavy sedation.  Quainton Decl. at ¶¶ 7, 9, 12.  As a result, it has not been possible for Mr. Butowsky to advance significantly, either with respect to outstanding items in his production or in preparing for his own defense.  In addition, Mr. Butowsky is scheduled for complete hip replacement in approximately two weeks and his doctors have prescribed a period of rehabilitation of between six to eight weeks.  Quainton Decl. at ¶ 15; Dkt. 140-5.  Mr. Butowsky respectfully moves the Court to extend discovery for sixty days to May 27, 2020, corresponding to the originally scheduled ninety days with an additional thirty days required by Mr. Butowsky's medical condition.[1]

---

[1] Under Local Rule 7(m) the parties have met and conferred on this motion, which Plaintiff opposes.

## LEGAL ARGUMENT

I.     GOOD CAUSE EXISTS FOR AN EXTENSION OF THE DISCOVERY DEADLINE

A.   APPLICABLE LEGAL STANDARD.

Federal Rule of Civil Procedure 16(b)(4) provides for modification of a scheduling order upon a showing of "good cause" and the consent of the court.  To determine whether a litigant has established a sufficient showing of "good cause," the court must consider: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence.  *Rae v. Children's Nat'l Med. Ctr.*, No. CV 15-736, 2017 WL 1750255, at *2 (D.D.C. May 4, 2017).

For reasons articulated in more detail below, these factors weigh in favor of an extension of the discovery cut-off.[2]  First, trial is not "imminent."  As of the filing of this motion, fact discovery is not complete, expert discovery has not begun and the parties' summary judgment motion are unlikely to be heard for several months at the earliest.  Second, while Plaintiff's request is opposed, the prejudice to Plaintiff from the relief sought would be minimal.  In fact, Plaintiff would benefit from the extension as it would give Mr. Butowsky more time to review the additional documents to be produced pursuant to agreement with counsel.  Third, Mr. Butowsky has been diligent under the circumstances.  While it has not been possible for counsel to coordinate with Mr. Butowsky in any detail over the past month, counsel continues to attempt to serve fact subpoenas and schedule depositions of witnesses such as Sy Hersh, Ellen Rather

---

[2]  Mr. Butowsky also repeats and incorporates by reference the arguments made in his previous submission as supported by the medical records on file with the Court.  Dkt. ¶¶ 97, 139.

and Brad Bauman, tasks which have been greatly complicated by Ms. Ratner's apparent relocation from her address in California, Mr. Hersh's apparent office relocation and the ongoing difficulties in locating Mr. Bowman, despite the pressures of Plaintiff's ongoing motion practice. Counsel has also performed a privilege review of some 5,000 plus pages of documents for production to Plaintiff as soon as Mr. Butowsky is sufficiently clear-headed to review the production.  Quainton Decl. at ¶ 16.

Fourth, when the prior scheduling order was entered it was not foreseeable that Mr. Butowsky would almost immediately be re-hospitalized and that he would spend most of February being subjected to further medical procedures and then recuperating at home.

Finally, there is a high likelihood that further discovery will yield additional material evidence.  Not only are the additional depositions likely to shed additional light on Plaintiff's theories, but Plaintiff intends to conduct voluntary depositions or pursue other fact-finding of figures such as Kim Dotcom, who alleges he had contact with Seth Rich in connection with the leak of emails to Wikileaks,  Charles Johnson, who accompanied Dana Rohrbacher on a mission to meet with Julian Assange, at which, according to news reports, Julian Assange's actual sources for the Wikileaks material were discussed, and Craig Murray, the British ambassador who apparently had contact with a Wikileaks source.  The depositions of Sy Hersh and Brad Bauman are highly likely to lead to additional discoverable material, because of the centrality of Mr. Hersh's role in researching the leak of DNC materials to Wikileaks and because of Mr. Bauman's role in coordinating the Rich family's communications with the press, which is highly relevant to Aaron's credibility and his claim of damages, among other things.  In addition, Mr. Butowsky has not yet been able to determine who his final deposition witness should be and whether to move the Court for permission to take additional depositions.  Mr. Butowsky should have an opportunity to calmly consider these matters to protect his right to have a fair trial.

B.  MR. BUTOWSKY'S MEDICAL CONDITION CONTINUES TO
SUBSTANTIALLY INTERFERE WITH HIS ABILITY TO PREPARE A
DEFENSE AND WARRANTS AN EXTENSION OF THE DISCOVERY
DEADLINE.

Since the date of the Court's most recent scheduling order, Dkt. 151, it was virtually

impossible for counsel to communicate effectively with Mr. Butowsky during most of the month

of February, and to advance on discovery matters that require Mr. Butowsky's input, either in

response to Plaintiff's demands or in developing his own defense.  Quainton Decl. at ¶ 5.  On

February 10, 2020, Mr. Butowsky returned to the hospital for wound surgery to drain an

extremely painful build-up of fluids, that had been causing him severe suffering for a

considerable period  *Id.* at ¶ 6.  Mr. Butowsky remained in the hospital until February 14, 2020.

*Id.*  After his discharge, Mr. Butowsky remained in extreme pain.  *Id.* at ¶ 7.  On February 15,

2020, Mr. Butowsky was transported back to the hospital due to his intractable pain.  *Id.* at ¶ 8.

Two CT procedures were performed, one with contrast one without.  *Id.*  Mr. Butowsky

remained in the hospital for three days.  *Id.*  On February 18, 2020, Mr. Butowsky was

discharged from the hospital, but, as before, his pain was unbearable and he was then readmitted

on February 19, 2020.  *Id.*  at ¶ 9.  Mr. Butowsky remained in the hospital until February 26,

2020, when he was discharged to home care.  *Id.* at ¶ 10.  Counsel spoke with th Mr. Butowsky

several times during his hospital stay, but each time he was in severe pain, once even crying out

with such force that it was impossible to continue the conversation.  *Id.* at ¶ 11.  He was also

under the effect of heavy sedation and it was difficult to have any type of meaningful

conversation about the pending litigation.  *Id.*  Counsel also spoke to Mr. Butowsky upon his

discharge, but Mr. Butowsky was disoriented and under the effect of medication and was unable

to have a meaningful discussion.  *Id.*  at ¶ 12.  Counsel has only been able to have a substantive

conversation with Mr. Butowsky today, nearly a month after the Court's scheduling order.  *Id.*

4

In effect, Mr. Butowsky has lost the month of February in his trial preparation.  It would be unfair in the extreme to penalize him for the physical pain that is already causing him such suffering.  During his most recent discussion with counsel, Mr. Butowsky indicated that he is scheduled for complete hip replacement surgery in approximately two weeks and that, as previously indicated, his doctors recommend a six-to-eight week period of rehabilitation, possibly on an in-patient basis that will make participation in the litigation difficult.  *Id.* at ¶ 15; Dtk. 140-5.

Mr. Butowsky's medical issues have severely limited his ability to participate in discovery, respond to Plaintiff's demands and mount his own defense. Under the circumstances, an extension of the discovery deadline is warranted, particularly in light of the Court's initial *in camera* scheduling decision.  *See Burns v. Georgetown Univ. Med. Ctr.*, 106 F. Supp. 3d 238, 242 (D.D.C. 2015)(medical issues warranted six-month extension of discovery deadline); *Handwerker v. AT & T Corp.*, S.D.N.Y.2002, 285 F.Supp.2d 331, *affirmed* 93 Fed.Appx. 328, 2004 WL 693414 (multiple extensions of discovery deadline warranted for medical reasons). *Cf. Pardo-Kronemann v. Donovan*, 601 F.3d 599, 611 (D.C. Cir. 2010)(illness of counsel warrants extension of discovery deadline).

## CONCLUSION

For the foregoing reasons, Defendant Edward Butowsky respectfully requests that the Court extend discovery to May 27, 2020, with the remainder of schedule in the present matter accordingly adjusted.

Dated March 3, 2020

/s/ Eden Quainton
EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018

Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on March 3, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*