UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 0 4 2020
Clerk, U.S. District and
Bankruptcy Courts

AARON RICH, )
)
      Plaintiff, )
)
v. )  Civil Case No. 18-681 (RJL)
)
ED BUTOWSKY, *and* )
MATTHEW COUCH, *and* )
AMERICA FIRST MEDIA, )
)
      Defendants. )

## ORDER

March 4th, 2020

On April 23, 2019, plaintiff's counsel served requests for the production of documents on defendant Couch. Pl.'s Mot. to Compel at 7 [Dkt. # 71]. Couch failed to respond. *Id.* On July 31, 2019, I granted plaintiff's motion to compel Couch to produce documents in response to plaintiff's requests. *See* 7/31/19 Minute Order. Although Couch initially sought reconsideration of that order, Mot. for Relief from Judgment [Dkt. # 76], the parties informed the Court on September 10, 2019 that Couch had begun producing responsive documents, Joint Stipulation [Dkt. # 81]. On January 3, 2020, however, plaintiff moved to enforce the Court's prior order requiring Couch to produce documents. *See* Dkt. # 95. According to plaintiff, Couch refused to produce documents about conversations he had with defendant Butowsky and other individuals he identified as "sources," claiming a "reporter's privilege" over the withheld information. *Id.* at 1. Of

course, even assuming Couch had not waived that qualified privilege by failing to assert it for months of discovery, *see* Fed. R. Civ. P. 34(b)(2), and that he has otherwise met his burden of showing it applies to him, *Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 241 (D.D.C. 2013), the purported privilege does not apply here because the information Couch seeks to withhold goes to the heart of plaintiff's claims and defendants' defenses, *see Carey v. Hume*, 492 F.2d 631, 636-37 (D.C. Cir. 1974).

On January 24, 2020, I granted plaintiff's motion to enforce the Court's order requiring Couch to produce documents, and I ordered Couch to produce on or before January 31, 2020 all relevant documents, including those he was withholding on the basis of the purported reporter's privilege. *See* 1/24/20 Order [Dkt. # 133]. Rather than producing the documents as ordered, Couch filed a motion for reconsideration on January 31, 2020. *See* Dkt. # 143. On February 5, 2020, I denied that motion and ordered Couch to produce the relevant documents within 72 hours. *See* Dkt. # 151. I further noted that should he fail to do so, I would address whether to hold him in contempt. *Id.*

On February 18, 2020, plaintiff notified the Court that Couch continued to withhold information that I had ordered him to produce. *See* Pl.'s Notice at 1 [Dkt. # 154]. Specifically, Couch withheld: an April 18, 2019 audio file (Item # 30 on his privilege log); a video file, which he produced only as an edited audio file (Item # 31 on his privilege log); and names from certain produced emails, which Couch redacted before producing. *Id.* at 3-4. I held a status conference on March 3, 2020 to discuss these and other issues with the parties.

Based on the relevant record, it is hereby

**ORDERED** that Defendant Couch shall produce all the withheld information noted above exclusively to plaintiff's counsel, Michael Gottlieb, within 48 hours. As discussed at the March 3, 2020 status conference, Mr. Gottlieb and Couch's counsel are directed to confer and agree upon a secure method of review that is amenable to both parties. It is further

**ORDERED** that Mr. Gottlieb shall not reveal the identity of the purported source or any identifying information to *anyone*, including his colleagues or his client. At the March 13, 2020 telephonic conference, Mr. Gottlieb should be prepared to discuss what further action, if any, he wishes to take with respect to this information. It is further

**ORDERED** that should Couch fail to produce the withheld information to Mr. Gottlieb within 48 hours, he will be held in contempt and fined $2,500 each day he fails to provide the information.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge