# Exhibit 10

| | |
|---|---|
| **From:** | Meryl Governski |
| **To:** | Joshua Riley; Eden Quainton |
| **Cc:** | Michael Gottlieb; Sam Hall |
| **Subject:** | RE: Rich v. Butowsky -- Defendants" Motions |
| **Date:** | Friday, January 3, 2020 4:09:00 PM |

Mr. Quainton,

I am writing to memorialize some key aspects of certain of the items discussed on today's meet and confer:

**Defendants' Motions:**

1) <u>Motion to Extend Discovery for 120 days or, in the alternative, to stay discovery</u>: We will oppose a motion for a 120-day extension to or a stay of discovery. If you want to present us with a different proposal for a shorter time period, we will consider it, though it is unlikely we would agree to an extension at this point.

2) <u>Motion to Strike</u>: You have agreed to provide us with the specific statements that you will request to be stricken from the complaint. If you provide that information before close of business today, we will tell you our position on those statements by noon on Monday. We also note that your motion is time-barred under the plain text of Rule 12(f)(2); as such, we would appreciate it if you could explain to us before you file your motion why you believe it is non-frivolous and justifies the expense and effort to litigate it.

3) <u>Motion to Dismiss AFM</u>: We intend to oppose your motion to dismiss AFM.

4) <u>Motion for Issuance of a Letter of Request to Take Assange Deposition</u>: We do not intend to oppose your motion for issuance of a letter request to depose Mr. Assange. We do, however, reserve our right to file a response to provide additional context about your clients' and their prior counsels' statements about this issue. You mentioned that you may seek to join our prior motion instead of filing your own motion; if you want to send us a proposal for that, we will consider it.

5) <u>Motion for Issuance of a Letter of Request to Take Deposition of Kim Dotcom</u>: You stated that you do not plan to file this motion at this time.

6) <u>Motion for Permission for Mr. Couch to Take Depositions</u>: Your motion should state: "Plaintiff does not oppose Defendants Butowsky and Couch receiving permission to take a total of ten depositions in the aggregate within the dates set by the current scheduling order; however, Plaintiff does not consent to the Defendants receiving more than a total of 10 depositions (which is the number of depositions that the Court has permitted Plaintiff to take) or extending discovery to accommodate the Defendants' motion."

7) <u>Motion(s) to Seal.</u>: To satisfy all present and future meet-and-confer obligations regarding motions to seal, we now have a standing agreement providing that the parties will utilize the provisional mechanism provided in the protective order, absent extraordinary circumstances. That means that a moving party will redact whatever he, the moving party, or any third-party has designated as confidential or AEO and will

file a motion provisionally to hold those materials under seal, at which point the designating party will have 7 days to stand on the designation, or else the materials become public.

**Plaintiff's Filings:**

8) <u>Motion to Compel Defendant Couch to Produce Documents</u>: You will oppose our motion. You have agreed to provide us an updated privilege log for Mr. Couch that includes two audio recordings with the naval intelligence source, and which notates which withheld documents refer to the same source, e.g. "source one"; "source two"; etc. You agreed that we could file the Butowsky-Hersh call without redaction.

9) <u>Notice of Inaccurate Statements in Defendant Couch's July Letter to Court</u>: You have agreed to speak with Mr. Couch regarding his representation to the Court that he has removed content as to Plaintiff and will let us know by 2 p.m. on Monday whether Mr. Couch will remove (and preserve) that material and, if so, by when.

10) <u>Deficient Privilege Logs</u>: You do not consent to our motion and, at least as of now, you will not agree to produce all of the documents at issue in that motion.

**From:** Joshua Riley
**Sent:** Thursday, January 2, 2020 10:38 PM
**To:** Eden Quainton <equainton@gmail.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>; Sam Hall <shall@willkie.com>
**Subject:** RE: Rich v. Butowsky -- Defendants' Motions

Mr. Quainton,

With respect to item 4 on your list below, it would be helpful to understand why Defendants have waited until now—less than four weeks from the close of discovery—to file these motions when Defendant Butowsky's prior counsel long ago published a number of public statements criticizing us for allegedly refusing to pursue the same discovery.

With respect to item 6, we previously agreed not to oppose a motion for you to request permission to take a total of ten depositions as among the Defendants (five each for Defendant Couch and Defendant Butowsky). Are you now going back on that proposal and intending to request additional depositions? If so, it might be helpful for us to understand whom you intend to depose or why you think additional depositions are required.

For our part, we request to add the following to the agenda for tomorrow's call:

8. <u>Motion to Compel Defendant Couch to Produce Documents</u>: As you know, we intend to file a motion to compel Defendant Couch to produce information he is withholding on the basis of a purported reporter's privilege. This issue already has been the subject of many emails between you and Meryl, and it was the subject of much discussion on the record at Defendant Couch's deposition. In connection with that motion, we will be filing a motion for presumptive sealing of a limited amount of information that your

clients or third-parties have designated as confidential, as Meryl has previewed for you already via email.

9. <u>Notice of Inaccurate Statements in Defendant Couch's July Letter to Court</u>: We are considering filing the attached notice with the Court, subject to the accuracy of the last paragraph, which we incorporate into this email by reference. While we currently do not contemplate that this filing would be styled as a motion in which we seek a Court order, we nonetheless are extending to your client the courtesy of an opportunity to moot it.

10. <u>Deficient Privilege Logs</u>: Defendant Couch's privilege log is deficient. With respect to pre-litigation communications, and as noted in our 12/10/19 email to you, Defendant Couch's privilege log does not include individualized entries for Defendant Couch's communications with Ty Clevenger (noted on line 33 of the privilege log), over which he has asserted Attorney-Client Privilege and Attorney Work Product. We cannot assess the propriety of withholding documents with Mr. Clevenger, who has never formally represented Defendant Couch, without the information that Defendant Couch is required but has failed to list in his privilege log. *See* Dkt. 36 at 4-5 (with respect to communications with counsel prior to date of complaint, the privilege log must "at a minimum, include the author of the document, any recipients (i.e. To, CC, or BCC) of the document, the date of the document, the subject line or file name of the document (if not, itself, privileged), the basis for the privilege (e.g., work product, attorney-client), and a brief description of the document" so that Plaintiff can assess if the privilege has been properly asserted). With respect to post-litigation communications, it has come to our attention through recently obtained third-party document productions that Defendant Couch sent or received communications to which you, Defendant Couch, and various third-parties (e.g., Mr. Clevenger, Mr. Whalen, and Mr. Pierce) were parties. Defendant Couch has not produced, and apparently is withholding, such communications. There is no basis for Defendant Couch to withhold those documents, and we request that Defendant Couch immediately identify and produce all of them; otherwise, we will have no choice but to move to compel production.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Thursday, January 2, 2020 9:34 AM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Meryl Governski <mgovernski@bsfllp.com>; Michael Gottlieb <mgottlieb@willkie.com>; Sam Hall <shall@willkie.com>
**Subject:** Rich v. Butowsky -- Defendants' Motions

Josh,

We intend to file the following motions:

1. <u>Motion to Extend Discovery for 120 days or, in the alternative, to stay discovery</u>. The bases for the motion are 1) Mr. Butowsky health, which has resulted in six surgeries, 72 days of hospitalization, more than twice that length of time at home recuperating, 30 injections and treatments and debilitating pain until recently; 2) the ongoing Barr/Durham criminal inquiry into the origins of the Russian investigation, which we believe will reveal critical evidence material to Defendants' defense and 3) Mr. Couch's limited time as a represented party and the evidence of due process violations that occured prior to his representation by counsel.

2. <u>Motion to Strike</u>. The current complaint contains highly prejudicial statements for which there is no basis other than Mr. Wheeler's lawsuit, which was dismissed for failure to state a claim. It is improper to state as fact material for which Plaintiff knows he has no good faith basis other than a dismissed complaint. An alternative would be for Plaintiff to file a motion to amend the complaint. We would consider consenting to the amended complaint depending on its content.

3. <u>Motion to Dismiss AFM</u>. As you know, a Federal court cannot exercise diversity jurisdiction over an an unincorporated association. The attempts in the current draft to have it both ways, to attempt to sue an actual corporate entity while naming an unincorporated association and including allegations against both the corporation and the assocation, does not provide a work-around.

4. <u>Motion for Issuance of a Letter of Request to Take Assange Deposition</u>. We did not oppose your motion for this relief and would expect you would not oppose ours. Mr. Assange's deposition is too important for Defendants to be limited on cross to the scope of whatever Plaintiff choses to pursue on direct.

5. <u>Motion for Issuance of a Letter of Request to Take Deposition of Kim Dotcom</u>. Mr. Dotcom has stated publicly that he has personal knowledge that Seth Rich contacted him in connection with the transmission of emails to Wikileaks, that Mr. Dotcom placed Seth in contact with a Wikileaks intermediary and that the technical difficulties and sensitives involved in downloading and transmitting emails made it highly likely that Seth worked with someone "close" to him. These matters all go to the heart of the lawsuit. Since it is Plaintiff's burden to prove the falsity of the alleged defamatory statements, we would anticipate that you would welcome the opportunity for a deposition of Mr. Dotcom.

6. <u>Motion for Permission for Mr. Couch to Take Depositions</u>. The draft I provided requested five depositions. However, in consenting to your motion for permission to take 15 depositions, I stated that we would consent provided we were given the opportunity to take an equal number of depositions. I am currently evaluating with my client whether we should request permission to take a greater number of depositions.

7. <u>Motion(s) to Seal</u>. All of the foregoing motions may require the filing of AEO or presumptively AEO material. With respect to the Wheeler deposition this is presumptively AEO until January 4, 2020, which is the 30 days from the date all counsel were provided with a final copy of Mr. Wheeler's deposition. Accordingly, to the extent our motions are filed on

or after January 4, 2020, we would not anticipate the need to redact any portions of Mr. Wheeler's deposition.

I would hope we could discuss the foregoing tomorrow in addition to the matters you and Meryl have raised so that both sides can proceed to file their motions expeditiously.

Sincerely,

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com