UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,                                    Case No. 1:18-cv-00681-RJL
                                               Honorable Richard J. Leon

        Plaintiff,

   v.


EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

        Defendants.


## <u>DEFENDANT MATHEW COUCH'S OPPOSITION<br>TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF FLOCK INFORMATION</u>


EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendant Matthew Couch*

## PRELIMINARY STATEMENT

Plaintiff's ill-advised motion to compel is simply one more attempt to bully Defendant Matt Couch ("Mr. Couch" or "Defendant") into submission.  Plaintiff's strategy is to use all the resources of his two-firm, seven-lawyer army to crush Mr. Couch, even if that means pursuing pointless, wasteful motions such as the one pending before the Court, whose true purpose is simply to harass and browbeat, not obtain relevant evidence.

## LEGAL ARGUMENT

Mr. Couch is a user of a chat system known as Flock.  Declaration of Mathew Couch, dated March 17, 2020 (the "Couch Decl.") at ¶ 1.  To Mr. Couch's knowledge, there are approximately 12 other users of the Flock system.  *Id.*  Mr. Couch has no administrator rights to the Flock system and no rights over any other users of Flock.  *Id.* at ¶ 2.  Mr. Couch has no ability to search the Flock system.  *Id.*  Edward Butowsky, Mr. Couch's co-defendant, is not a member of Flock and has never used Flock.  Declaration of Edward Butowsky, dated March 17, 2020 (the "Butowsky Decl.") at ¶¶ 1-3.  Mr. Couch is not relying on any information received from or shared with anyone through Flock in his defense against Plaintiff's lawsuit.  Couch Decl. at ¶ 4.  Mr. Couch is currently emerging from a bankruptcy proceeding and does not have any resources to fund discovery efforts, all of which are currently being borne by his counsel.  *Id.* at ¶ 6.  Declaration of Eden P. Quainton, dated March 17, 2020 (the "Quainton Decl.") at ¶ 6.  Mr. Couch has received bills for legal services and fees in this matter of $57,000, which he has no present ability to pay.  Couch Decl. at ¶¶ 6, 7.  Mr. Couch is considering a new bankruptcy filing

and seeking the benefit of the automatic stay.  *Id.* at ¶ 6.[1]  Plaintiff is fully aware of Mr. Couch's

precarious financial situation and recently refused to conduct a deposition in Arkansas because

Plaintiff feared the deposition would bankrupt Mr. Couch.  Quainton Decl. at ¶ 5.  While Mr.

Couch originally believed he could obtain search rights within Flock for $500, he was mistaken.

Couch Decl. at ¶ 9.  When Plaintiff refused to bear the costs of a search or a discovery vendor,

despite having initially offered to bear these costs, Mr. Couch did not pursue the matter further.

*Id.*

It is true that Mr. Couch originally offered to take screen shots of chats on Flock, but it

was evident on further reflection that Mr. Couch does not have the right to take screen shots of

other users' comments without their consent.  *Id.* at 10.  *See Richardson v. United States*, 117 F.

Supp. 3d 41, 45-46 (D.D.C. 2015)(where disclosure of a portion of a document would

necessarily disclose third party information, the document is not "segregable" and not subject to

disclosure).  Plaintiff has offered no authority for his right or this Court's authority to compel

Mr. Couch to produce third-party information over which Mr. Couch has no proprietary interest.

This is not surprising, because no such authority exists.  Plaintiff's motion must be denied for

this reason alone.

---

[1] Because Mr. Couch is an alleged co-conspirator of Mr. Butowsky, and the claims against Mr. Couch are "inextricably intertwined" with the claims against Mr. Butowksy, this would stay the entire litigation, not only as to Mr. Couch.  *See, e.g., E. Air Lines, Inc. v. Rolleston* (*In re Ionosphere Clubs, Inc.*), 111 B.R. 423, 434 (Bankr.S.D.N.Y.1990);  *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986); *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc.,* No. 09–0249–WS–N, 2009 WL 2413664, at *1 (S.D. Ala. Aug. 3, 2009); *Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir.2003); *In re Jefferson Cty., Ala.*, 491 B.R. 277, 287 (Bankr. N.D. Ala. 2013).

Moreover, the information Plaintiff is seeking – and that he has admitted to being unwilling to pay for – is irrelevant.  Mr. Butowsky has sworn under oath that he has never used Flock and did not even know of the existence of Flock until the present lawsuit was filed. Butowsky Decl. at ¶¶ 1-3.  As a result, nothing in Flock can possibly bear on Plaintiff's core conspiracy theory.  In addition, Mr. Couch has also sworn under oath that he does not intend to rely on any statements made by anyone in the context of Flock chats as part of his defense. Couch Decl. at ¶ 4.  Because Plaintiff is seeking patently irrelevant information, his motion must be denied.

Moreover, where Plaintif is seeking unnecessary discovery he is unwilling to pay for against an impecunious opposing party and is forcing that party to incur additional debt to defend against a meritless motion, the Court should award Defendant attorney's fees to dissuade Plaintiff from continuing to engage in such clearly counter-productive tactics.  *See Colbert v. Yadkin Valley Tel. Membership Corp.*, 960 F. Supp. 84, 87, 89 (M.D.N.C. 1997)(awarding attorney's fees where plaintiff's conduct was vexatious and harassing).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion to compel disclosure of Flock information and award Mr. Couch his reasonable attorney's fees for opposing the present motion.

Dated March 17, 2020

/s/ Eden Quainton                               
EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Mathew Couch*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on March 17, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*