UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

        Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

        Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

## DECLARATION OF EDEN P. QUAINTON IN REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF DISCOVERY

    I, Eden P. Quainton, declare under penalty of perjury that the following is true and correct:

    1.    I am counsel for Defendant Edward Butowsky and Matthew Couch (collectively, "Defendants").

    2.    On Friday, March 13, 2020 the Court ordered me to reply to Plaintiff's opposition to Defendant Edward Butowsky's Motion for a Sixty-Day Extension of Discovery by 4:00 p.m. on Wednesday, March 18, 2020, two days less than the period allowed for replies under the District Court Local Rules, Rule 7(d).  My ability to respond in this already shortened time-frame has been negatively affected by the global coronavirus pandemic, and notably the logistics involved in securing the safe return of my daughter from a semester abroad in Varanasi, India.

    3.    On January 6, 2020, Defendants filed a motion seeking a stay of litigation or a 120-day extension of the close of discovery.

1

4. On January 27, 2020, the Court held a status conference in chambers at which the Court heard argument from counsel on Defendants' motion. At the conclusion of the conference, the Court indicated that it would grant Defendant Butowsky a 90-day extension to complete discovery, with the option for Mr. Butowsky to seek an additional 30-day extension if necessary.

5. The Court asked me whether I believed that 90 days would be sufficient, to which I replied that I would try my best.

6. Following the status conference, the Court entered an order only granting Mr. Butowsky a 60-day extension and not providing for any further extension. The Court did not explain the reasons for the change in its thinking, notwithstanding that Mr. Butowsky had filed, as requested, several hundred pages of medical records attesting to his medical condition and a letter from his physician stating the limitations this condition would place on Mr. Butowsky's current and future ability to participate in the litigation. *See* Dkt. 139-3, 139-4, 139-5 and 139-6.

7. Mr. Butowsky's medical condition did not improve following the date of the Court's order. In fact, due to the hospitalizations described in Mr. Butowsky Motion for Extension of Discovery, we were unable to consult meaningfully and strategize for most of February. *See* Dkt. 161, at 4-5.

8. In addition, my lack of familiarity with many of the names and circumstances surrounding the 4,000 pages of documents Mr. Butowsky's discovery vendor had collected and preserved in response to Plaintiff's dissatisfaction with the work of my predecessor counsel made it impossible to finish the production of documents to Plaintiff until Mr. Butowsky had a block of lucid, pain-free time to review the documents. This did not occur until the weekend of March 14-15.

9. Following my consultation with Mr. Butowsky, we were able to make decisions on the final deposition witnesses whose testimony we would seek, namely Ellen Ratner and Cassandra Fairbanks.

10. I attempted to obtain the cooperation of Ms. Ratner's counsel in serving her client, without success. Set forth as Exhibit 1 hereto is a true and accurate copy of my email correspondence with counsel for Ms. Ratner.

11. I then unsuccessfully attempted to affect service at Ms. Ratner's publicly listed addresses and additional addresses obtained by conducting "skip searches." True and accurate copies of my efforts to effect service are set forth on Exhibits 2 – 9 hereto.

12. True and accurate copies of my unsuccessful efforts to serve Ms. Cassandra Fairbanks, including an affidavit of non-service in which the process server is told to "get off the property," are set forth on Exhibits 10-11 hereto.

13. In reviewing the responses to subpoenas from eBay and Google, Mr. Butowsky learned of the existence of a recovery account that had never been disclosed to Defendants. In addition, through an expert, Mr. Butowsky has learned of another undisclosed account apparently operated by Plaintiff.

14. I have attempted to communicate with Mr. Dotcom via direct message, but have not been able to reach him.

*/s/ Eden P. Quainton*
EDEN P. QUAINTON
QUAINTON LAW PLLC
D.C. Bar No. NY0318
1001 Avenue of the Americas, 11th Fl.
New York, NY 10018
212-813-8389
equainton@gmail.com