# EXHIBIT 1



Eden Quainton <equainton@gmail.com>

## Deposition of Ellen Ratner
10 messages

**Eden Quainton** <equainton@gmail.com>             Thu, Mar 5, 2020 at 8:29 PM
To: csherman@charnalaw.com

Ms. Sherman,

I represent Edward Butowsky in the action brought against him by Aaron Rich, 18-cv-0681. I am trying to serve Ms. Ratner with a subpoena for a deposition, but her most recent California and New York addresses appear to be no longer valid. Could you please contact me at your earliest convenience so that we can discuss service of the subpoena?

Thank you,

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

---

**CSherman** <csherman@charnalaw.com>             Fri, Mar 6, 2020 at 9:16 AM
To: Eden Quainton <equainton@gmail.com>

Mr. Quainton:


Not only has Ms. Ratner already submitted to a Rule 31 Deposition in your matter -- well before your client sought to extend discovery – but I understand you knowingly elected in advance of it not to participate, thereby waiving the very deposition you now purport to seek. I further understand that you have not even so much as purchased the transcript to review it. My objections to the unreasonable burden of any further discovery of this mere third party witness – whom your client has also threatened to sue -- are set forth therein. I further question what good faith basis you could have to subpoena my client without having first identified what *additional* discovery is so necessary to your client's defense of the matter as to outweigh my client's rights.


Should you succeed in serving my client with a subpoena, I fully intend to seek to quash it, and seek to recover all fees and costs incurred in doing so. Given my prior encounters with Mr. Butowsky and his counsel, please be advised that any further "discussion" of this matter, if any is warranted, will have to be in writing.


Sincerely,


Charna Sherman


**Charna E. Sherman**

Attorney at Law – Founding Partner



3029 Prospect Avenue

Cleveland, Ohio  44115

(216) 453-0808  Business

(216) 453-9133  Direct

(216) 978-9944  Cell

(216) 453-0809  Fax

charna.sherman@charnalaw.com

www.charnalaw.com

http://www.charnaunlimited.com/media/1074/charna-e-sherman.vcf

This message is confidential and may be legally privileged or otherwise protected from disclosure.  If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

[Quoted text hidden]

---

**Eden Quainton** <equainton@gmail.com>  Mon, Mar 9, 2020 at 9:26 AM
To: CSherman <csherman@charnalaw.com>

Ms. Sherman,

I am deeply disappointed by your response and the misstatements therein.  My client did not knowingly refuse to participate in the Rule 31 deposition.  The face of the deposition stated that it would be conducted on a date prior to January 15.  I was not informed of the date of the deposition until January 14 when I inquired of opposing counsel, assuming that since no-one had had the courtesy of telling me when the deposition was being conducted it had been cancelled.  I then learned that, instead of complying with the subpoena, Ms. Ratner, apparently with the agreement of opposing counsel and without informing me, had rescheduled the deposition for a date outside the date mentioned in the subpoena, i.e., January 17, 2020.  As a result, the deposition is presumptively void.  Perhaps there is another subpoena changing the date that I was not provided?  If so, please provide it to me immediately.   In addition, at the end of the deposition, you engaged in direct examination of your client on oral -- not written -- questions that had not been submitted in advance.  That procedure was highly improper and prejudicial.  At a minimum, Mr. Butowsky is allowed to conduct live cross-examination on the questions you directed to the witness without respecting the basic due process rights of the defendants in this action.  I intend to move to strike the deposition and/or for leave to cross-examine Ms. Ratner in response to your live direct examination.

In addition, your threat of attorney's fees is baseless.  Regardless of whether I am successful in striking the deposition and obtaining cross-examination rights, it is obvious that I am entitled to seek a separate depostion of Ms. Ratner's live testimony, particularly when her written responses appear to contradict her public statement that Julian Assange specifically told her that a DNC insider was the source of the Wikileaks information.   Mr. Gottlieb has stated in open court that I am entitled to seek Ms. Ratner's deposition, regardless of any sandbagging and other improprieties in the manner in which you and counsel for plaintiff conducted the Rule 31 deposition.   This is obvious.   I just finished a deposition of another witness whose deposition Mr. Gottlieb had noticed, and it was never suggested that I was somehow not entitled

to take my own deposition. On the contrary, I intend to seek all fees my client incurrs if we are forced to move to compel the deposition once your client is served.

I will continue to attempt to serve Ms. Ratner, despite my failed attempts at her two listed addresses in California and New York. If you would like to work with me constructively on a date, time and place for Ms. Ratner's deposition, I am willing to discuss things with you and avoid burdening the court with motion practice.

Sincerely,

Eden Quainton

[Quoted text hidden]
--
[Quoted text hidden]

---

**CSherman** <csherman@charnalaw.com>   Mon, Mar 9, 2020 at 2:36 PM
To: Eden Quainton <equainton@gmail.com>
Cc: "Michael J. Gottlieb - Willkie Farr & Gallagher LLP (mgottlieb@willkie.com)" <mgottlieb@willkie.com>

Mr. Quainton:

Fed. R. Civ. P. 31 is express as to the timing of your right to cross examine Ms. Ratner by written question: "within 14 days after being served with the notice and direct questions." Since I understand you were so served before Christmas of last year, you waived your right to do so long before Ms. Ratner was deposed on January 17, 2020. The Notes to the 2007 Amendments emphasize that the very point of such service is to "inform the parties and *enable them to participate fully in the procedure*." Not only did you knowingly choose not to participate within the time frame specified by the Rule, even after you confirmed that the deposition had not yet occurred, you further knowingly chose not to contact the court reporter or me at any time before my client undertook the burden of preparing for and appearing for the deposition. You further conspicuously failed to timely seek any relief from the Court. The record therefore does not support any right by you to further burden my client, or pursue meritless motion practice before the Court.

[Quoted text hidden]

---

**Eden Quainton** <equainton@gmail.com>   Mon, Mar 9, 2020 at 3:14 PM
To: CSherman <csherman@charnalaw.com>
Cc: "Michael J. Gottlieb - Willkie Farr & Gallagher LLP (mgottlieb@willkie.com)" <mgottlieb@willkie.com>

Mr. Sherman,

You ignore two key points:

1) The deposition was conducted outside the time specified in the subpoena and is thus void.

2) You engaged in impermissible oral examination of your client that opens a right for cross-examination.

I intend to pursue these two points. In addition, I continue to attempt to serve you client with a subpoena that I have every right to serve regardless of anything else. Your refusal to cooperate only adds to my client's costs and those yours will ultimately have to pay.

Eden

[Quoted text hidden]

---

**Eden Quainton** <equainton@gmail.com>     Mon, Mar 9, 2020 at 3:22 PM
To: CSherman <csherman@charnalaw.com>
Cc: "Michael J. Gottlieb - Willkie Farr & Gallagher LLP (mgottlieb@willkie.com)" <mgottlieb@willkie.com>

Ms. Sherman,

Also, just to be clear, are you refusing to accept service of a subpoena on behalf of your client?

Eden

[Quoted text hidden]

---

**CSherman** <csherman@charnalaw.com>     Mon, Mar 9, 2020 at 4:21 PM
To: Eden Quainton <equainton@gmail.com>
Cc: "Michael J. Gottlieb - Willkie Farr & Gallagher LLP (mgottlieb@willkie.com)" <mgottlieb@willkie.com>

Mr. Quainton:

1. I gather you concede your knowing failures to exercise the right to which you were "entitled" to depose Ms. Ratner by written question.
2. Rule 31 expressly provides that after you have been served the initial subpoena and questions, you are only "entitled" to be advised when the deposition is completed, not the date the deposition proceeds. It appears you have made up your "void" argument out of whole cloth. If you have legal authority to support your position, please provide it promptly.
3. As with any deposition, counsel can ask her own client questions to clear up a record, which is exactly the limited examination in which I engaged.
4. You have made no record of the need to burden this third party witness further, especially where your client, inter alia, has indicated his "likely" intention to file a defamation action against her on the very same subject matters.
5. I already accepted service of a subpoena in this matter. The federal rules of discovery and related caselaw do not permit you unlimited discovery of a mere, third party witness. I am thus not obliged to accept another, unnecessary, threatening and harassing subpoena, especially after you knowingly refused to participate in the first deposition, and further in light of other threatening, harassing, and wrongful conduct towards her by your client and his other counsel. If you have authority to the contrary, please provide it promptly.

[Quoted text hidden]

**Charna E. Sherman**

[Quoted text hidden]

---

**Eden Quainton** <equainton@gmail.com>     Mon, Mar 9, 2020 at 5:39 PM
To: CSherman <csherman@charnalaw.com>
Cc: "Michael J. Gottlieb - Willkie Farr & Gallagher LLP (mgottlieb@willkie.com)" <mgottlieb@willkie.com>

Ms. Sherman,

1. I do not concede anything.

2. The deposition was scheduled for a date before January 15, 2020. It occurred on January 17, 2020. The deposition was not conducted pursuant to a valid subpoena and is void. I'm not sure what is difficult to understand about this.

3. No, that is not correct. In a Rule 31 deposition, the rules are very clear about how questions are to be asked and you have no right to create a separate independent examination. It would defeat the purpose of a deposition on written questions if counsel could ask live questions of the witness without the presence of opposing counsel and an opportunity for cross-examination. This approach also violates due process.

4. My need to take a deposition of Ms. Ratner is that her credibility is at issue. She has publicly stated that Julian Assange told her that a DNC insider leaked the Wikileaks emails. I am entitled to a live deposition to examine her credibility when she is asked specific questions about this public statement and the specifics of what Mr. Assange told

her. Ms. Ratner's statements to Michael Issikoff and others also conflict with what my client says she told him and others. Given the importance of her testimony and the apparent difference between what she stated to Mr. Butowsky and what she is now claiming, it is imperative that she be deposed in a live setting so that the trier of fact can assess her credibility, particularly if she will not appear as a witness at trial.

5. There is nothing threatening, harassing or wrongful about my issuance of a valid subpoena or my request that you accept service. Please retract these statements immediately. I am entitled to create a record of live testimony so that Ms. Ratner's credibilty can be properly assessed. Far from being wrongful, this is essential for a fair trial.

I note that you are not accepting service and will be guided accordingly.

Sincerely,

Eden Quaionton

[Quoted text hidden]

---

**CSherman** <csherman@charnalaw.com>  Mon, Mar 9, 2020 at 6:46 PM
To: Eden Quainton <equainton@gmail.com>
Cc: "Michael J. Gottlieb - Willkie Farr & Gallagher LLP (mgottlieb@willkie.com)" <mgottlieb@willkie.com>

Mr. Quainton:

I will not continue this unproductive exchange. The record is clear, along with your absence of your provision of any legal authority. And not only was Ms. Ratner questioned "live" about the very matters you propose to ask her about again, but her live testimony was videotaped. You need only purchase the video.

[Quoted text hidden]

---

**Eden Quainton** <equainton@gmail.com>  Mon, Mar 9, 2020 at 8:33 PM
To: CSherman <csherman@charnalaw.com>
Cc: "Michael J. Gottlieb - Willkie Farr & Gallagher LLP (mgottlieb@willkie.com)" <mgottlieb@willkie.com>

Ms. Sherman,

You have provided no legal authority for your positions and have not addressed any of my issues. I trust you will advise your client to accept service of my lawfully issued subpoena. We will have an opportunity to discuss our issues further with the Court.

Sincerely,

Eden

[Quoted text hidden]