**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AARON RICH

                Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA

                Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL
DEFENDANT COUCH TO PRODUCE FLOCK DOCUMENTS**

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

***Attorneys for Plaintiff Aaron Rich***

Plaintiff respectfully submits this Reply to Defendant Couch's Opposition (Dkt. 166) to Plaintiff's Motion to Compel Defendant Couch to Produce Flock Documents (Dkt. 160).

*******

Defendant Couch does not deny that he communicated on Flock about issues relevant to this litigation.  Nor does Defendant Couch deny that he has possession, custody, or control of those communications.  Yet Defendant Couch still refuses to produce those communications.  In doing so, he offers three excuses, none of which has merit.

**First**, Defendant Couch argues, for the first time, that he need not produce documents that contain communications with or among third-parties.[1]  That obviously is wrong: if a party to litigation has a document in which the subject matter of the litigation is discussed with or among third-parties, those documents clearly are relevant and must be produced.[2]  Indeed, in this case, Defendants have demanded that Plaintiff produce relevant communications he has had with various third-parties, and Plaintiff has done so.[3]  The same standard must apply equally to Defendant Couch here.

---

[1] *See* Dkt. 166 at 2 (arguing that Defendant Couch need not "produce third-party information over which Mr. Couch has no proprietary interest"); *id.* at 3 (arguing that the requested information "is irrelevant" because Defendant "Butowsky has sworn under oath that he has never used Flock").

[2] *See, e.g.*, *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015) (Leon, J.) ("Because litigants are entitled to 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense,' Fed. R. Civ. P. 26(b), parties may request production of any discoverable material within 'the responding party's possession, custody, or control,' Fed. R. Civ. P. 34(a)(1)."); *see also Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1348–49 (D.C.Cir.1984) ("It has long been recognized that, under the broad sweep of Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved." (quoting Fed.R.Civ.P. 26(b)(1) (internal quotation marks and alterations omitted)).

[3] *See, e.g.*, Dkt. 116-3 at 112 (requesting all documents constituting, referring or relating to communications with various third-parties); Dkt. 116-3 at 136-38 (same).

Notably, Defendant Couch cites no authority for the remarkable proposition that communications involving third-parties are immune from discovery, and nothing in the Federal Rules, or in any case of which Plaintiff's counsel is aware, supports the notion that discovery must be limited to communications between the parties to a case.  The one case to which Defendant Couch cites had nothing to do with discovery in civil litigation and instead involved whether a federal agency could obtain summary judgment in a FOIA lawsuit—and, even there, the court explained that the defendant agency must search for and produce responsive records, something Defendant Couch has not done here.[4]

**Second**, Defendant Couch argues that he need not produce the Flock communications because he does not intend to rely on them in his defense.[5]  That does not matter.  In determining whether a document must be produced, the issue is not whether a defendant intends to rely on the document (in which case, the defendant in any case could insulate all damaging evidence from discovery by disclaiming reliance on it), but rather whether the document pertains to issues relevant in the litigation, which indisputably is the case here.[6]  By withholding relevant Flock communications, Defendant Couch is denying Plaintiff his right to obtain evidence for his case, and that is so regardless of whether Defendant Couch wants to use the same evidence in his defense.

---

[4] *See* Dkt. 166 at 2 (citing *Richardson v. United States*, 117 F. Supp. 3d 41, 43 (D.D.C. 2015)).

[5] *See, e.g.*, Dkt. 166 at 1 ("Mr. Couch is not relying on any information received from or shared with anyone through Flock in his defense against Plaintiff's lawsuit."); *id.* at 3 ("Mr. Couch has also sworn under oath that he does not intend to rely on any statements made by anyone in the context of Flock chats as part of his defense.")

[6] *See supra* n.2

**Third**, without expressly arguing the point, Defendant Couch suggests that producing the Flock documents would be too costly;[7] however, there is no cost at all for Defendant Couch to take screenshots of the Flock communications, which Defendant Couch admits that he initially offered to do.[8, 9]

*******

Defendant's counsel accuses Plaintiff's counsel of "pursuing pointless, wasteful motions" and asserts that the present Motion is "simply one more attempt to bully Defendant Matt Couch."[10] That bluster aside, the record is clear: Plaintiff has filed discovery motions only where, as here, it has become necessary to do so, and that is evident from the fact that the Court has granted all of

---

[7] *See* Dkt. 166 at 1 (stating that Defendant Couch "is currently emerging from a bankruptcy proceeding and does not have any resources to fund discovery efforts").

[8] *See* Dkt. 166 at 2 ("It is true that Mr. Couch originally offered to take screen shots of chats on Flock"). Defendant Couch separately accuses Plaintiff of "refus[ing] to bear the costs of a search or discovery vendor, despite having initially offered to bear these costs." *Id*. The record of the parties' communications on this point is before the Court, *see* Dkt. 160-3, 160-4, and shows that Plaintiff's counsel agreed to split the $500 cost that Defendants' counsel initially quoted to obtain a Flock search capability, and instead of honoring that agreement, Defendants' counsel sent Plaintiff's counsel an invoice for a $4,000 retainer toward $12,000 in total costs. None of this is relevant, however, because Defendant Couch can capture the relevant communications for no cost by simply taking screen shots of them. Alternatively, if Defendant Couch would prefer, Plaintiff's counsel would be willing to review and collect the Flock communications themselves if Defendant Couch granted them access to the platform with temporary credentials.

[9] Defendants' counsel states that Plaintiff's counsel "recently refused to conduct a deposition in Arkansas because Plaintiff feared the deposition would bankrupt Mr. Couch." *Id*. at 2. That statement only goes to show that Plaintiff's counsel has approached discovery in a manner so as not to impose undue costs on Defendant Couch. Regardless, Defendants' counsel neglects to mention that, after the parties had agreed take Defendant Couch's deposition on March 13, Defendants' counsel stated that Defendant Couch would not appear on that date after all (one of the excuses he offered was that Defendant Couch had a four-day "speaking engagement," details of which Defendant Couch's counsel refused to provide but which Plaintiff's counsel understood from Defendant Couch's public statements to be a "DeploraPalooza" festival in Las Vegas) and instead suggested that the deposition take place on three-business-days' notice in Arkansas.

[10] Dkt. 166 at 1.

Plaintiff's motions to compel discovery to date, in full or in part.[11]   What is "pointless" and "wasteful" is not Plaintiff's Motion but rather Defendant Couch's conduct that made it necessary in the first place—his baseless refusal to produce communications that his counsel previously confirmed to be responsive to Plaintiff's discovery requests[12] and which Defendant Couch previously offered to capture and produce.[13]   The Court should grant Plaintiff's Motion and order Defendant Couch to produce the relevant Flock documents without further delay, and it should require Defendant Couch to bear the costs of the Motion.


Dated: March 19, 2020

/s/   Joshua P. Riley
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

**Attorneys for Plaintiff Aaron Rich**

---

[11] *See* Dkt. 133; Dkt. 151; 7/31/2019 Minute Order; Dkt. 63.   Plaintiff's motion for sanctions against Defendant Butowsky remains pending.  *See* Dkt. 93.

[12] *See* Dkt. 160-1 at ¶ 2.

[13] *See supra* n. 8.

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on March 19, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: March 19, 2020

s/ _Joshua P. Riley_____
JOSHUA P. RILEY (D.C. Bar No. 1026900)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com