# EXHIBIT 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Aaron Rich <br> *Plaintiff* <br> v. <br> Edward Butowsky et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:18-cv-00681-RJL |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Larry Johnson
9903 Old Hyde Park Pl, Bradenton, FL 34202-4099

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See Schedule A, attached below

| Place: Michael J Gottlieb, C/O BURNS, P.A. <br> 301 West Platt Street, Suite 137, <br> Tampa, FL 33606 | Date and Time: <br><br> November 13, 2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2019

*CLERK OF COURT*

_____        OR        *[signature]*
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Aaron Rich, who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006; mgottlieb@willkie.com; 202 303 1442

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00681-RJL

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-cv-00681-RJL   Document 171-6   Filed 03/27/20   Page 4 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### SCHEDULE A

This subpoena for documents, including each individual Request for Documents (collectively the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

### GENERAL DEFINITIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following definitions shall apply:

1. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2. The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, Social Media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including, but not limited to, correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of

expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a Social Media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

4. "Complaint" means the complaint filed in the above-captioned litigation as ECF docket entry number 3.

5. The term "relating to" means "concerning," "referring to," "describing," "evidencing," or "constituting."

6. "Document" or "Documents" means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including, but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including, but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

7. The term "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in

Fed. R. Civ. 34(a)(1)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

8. "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including, but not limited to: Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, and CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are examples of Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

**SPECIFIC DEFINITIONS**

1. Aaron Rich refers to "Aaron Nathan Rich," the plaintiff in the above-captioned litigation.

2. Joel Rich refers to the father of the plaintiff in the above captioned litigation.

3. Mary Rich refers to the mother of the plaintiff in the above captioned litigation.

4. Seth Rich refers to "Seth Conrad Rich," the brother of the plaintiff in the above captioned litigation.

5. "You," "Your," or "Yours" refers to Larry Johnson, and includes all of Your agents, representatives, or other persons, organizations, or others acting or purporting to act on Your behalf, or under Your control.

3

## INSTRUCTIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A. Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B. Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons or entities under Your control.

C. Produce each responsive document in its entirety including with all attachments or other matters affixed thereto. Documents attached to each other should not be separated.

D. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

E. If no responsive documents exist for a specific Request, specifically state that no responsive documents exist.

F. Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit A.

G. If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all

persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

      H.      If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request. You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

      I.      Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to the Requests.

      J.      Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in the Request, with such specific Request identified.

      K.      All Documents produced in electronic form shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files). For all forms of ESI, ensure that ESI is provided in unencrypted form and free of password protection.

      L.      In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure on any other basis, You shall produce a privilege log.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

All Documents and Communications relating to Seth Rich, Aaron Rich, Joel Rich, and/or Mary Rich, including, but not limited to, all Communications with Edward Butowsky, Matt Couch, America First Media, Seymour Hersh, Sean Hannity, Malia Zimmerman, Cassandra Fairbanks, Jim Hoft, Bill Binney, and/or any other individual or entity named in the Complaint or any agents or representatives of any of the foregoing.

**Document Request No. 2**

Any Documents or Communications, excluding any Documents or Communications that you have published in public sources, relating to your claims that (a) the Democratic National Committee was not hacked by Russians in 2016 and, instead, (b) an insider leaked DNC materials to WikiLeaks.

## **EXHIBIT A**

## **CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE**

I, _____ , certify as follows:

1. The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2. The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3. Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4. Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.

Signature: _____     Date: _____

Printed Name: _____

Address, e-mail and telephone number: _____

_____

_____