# EXHIBIT 10

# Hall, Samuel

| | |
|---|---|
| **From:** | Gottlieb, Michael |
| **Sent:** | Thursday, January 16, 2020 2:58 PM |
| **To:** | 'Eden Quainton' |
| **Cc:** | Hall, Samuel |
| **Subject:** | RE: Rich v. Butowsky - Subpoena Service |
| **Attachments:** | Rich v. Butowsky -- Notice of Intent to Serve Third Party Subpoena |

Eden,

I have attached the notice for Johnson's deposition. Our position is that Mr. Johnson has been properly served with a subpoena. It is unclear to us why he has represented he is unavailable until January 31. If that reason is to wait for guidance for Mr. Butowsky, we do not believe it is appropriate. If it is otherwise, we are happy to have a discussion on finding an agreeable date that may work other than January 24.

As for your arguments below, we are unaware of any support for the claim that we may not depose Mr. Johnson as a fact witness simply because your client may decide to submit an expert report from him during discovery. He will sit for a deposition as fact witness; and if Mr. Butowsky decides to designate him as an expert witness, we will be entitled to depose him in his capacity as an expert. You ask me what knowledge of the facts in the Complaint could Mr. Johnson have? I am puzzled. Mr. Butowsky's Initial Disclosures identify Mr. Johnson as one of Mr. Butowsky's possible testifying witnesses in this case, and affirmatively represent the following: "Mr. Johnson has knowledge of his investigation of Seth Rich's murder and communications with Mr. Butowsky regarding the same." I trust this answers your question.

We are willing to confer regarding dates of Mr. Johnson's deposition if you are indeed representing him, but it is our position that he is obligated under the Federal Rules of Civil Procedure to sit for a deposition within the fact discovery period given our timely service of the subpoena.

Finally, I will note again that the motion to compel we are contemplating involves more than just his deposition. Mr. Johnson has submitted fewer than 20 total documents (those documents, incidentally, demonstrate that Mr. Johnson indeed is a fact witness in this case), and despite that has represented to us in writing that he has produced everything in his possession. That is obviously inaccurate. We know that Mr. Johnson sent or received hundreds (if not more) of responsive emails that are clearly responsive but he has not produced. His production is deficient, and we have received no explanation regarding that deficiency.

Respectfully,

Mike


**Michael Gottlieb**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1442 | Fax: +1 202 303 2442
mgottlieb@willkie.com | vCard | www.willkie.com bio


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Tuesday, January 14, 2020 3:07 PM
**To:** Gottlieb, Michael <MGottlieb@willkie.com>

1

**Cc:** Hall, Samuel <SHall@willkie.com>
**Subject:** Re: Rich v. Butowsky - Subpoena Service

Mike,

I think the notice dropped off the email.  Could you re-send?

My position in this situation is awkward.  I spoke to Mr. Butowsky earlier today at the hospital, but, candidly, it did not seem like an appropriate time to raise the issue of Mr. Johnson's subpoena.   So I think I'm in a bit of a no-man's land here.

Having said that, there are two issues on the deposition, as I see it.  First, I understand Mr. Johnson is not available until after the 31st.  I have a very hard time believing the Court is not going to make some adjustments to the schedule in light of Mr. Butowsky's condition and the other issues we raised with the Court.  If I were representing Mr. Johnson and he told me he wasn't available until the 31st, I would likely advise him that that could be worked out.  I cannot imagine there would be the need for a motion to compel over something like that.  Second, on substance, I understand that you believe Mr. Johnson is a fact witness.   What knowledge of the facts alleged in the Complaint could Mr. Johnson have? He is retained as an expert with a background in intelligence, and I don't see how that bears on the facts here.  It seems to me there is a danger of an expert speaking improperly on a fact issue and prejudicing defendant.   If you are comfortable and, knowing that I have not been formally retained but do converse with Mr. Johsnon, can you explain the basis for yourr position?  I may be able to discuss this with Mr. Johnson and move the ball forward, if only to bring clarity to whether there is a need to litigate the issue.

Sincerely,

Eden

On Tue, Jan 14, 2020 at 2:21 PM Gottlieb, Michael <MGottlieb@willkie.com> wrote:

> Eden,
>
> We do not agree that a motion to compel at this time is overkill, given (1) the impending close of fact discovery;  (2) Mr. Johnson's stated position that he will not sit for the January 24, 2020, deposition (or any other deposition prior to January 31, 2020); and (3) Mr. Johnson's refusal to provide any additional responsive documents despite our notice below, which we believe proves he is in possession of additional responsive Documents and Communications.  I certainly understand your position regarding the need to confer with Mr. Butowsky, but I hope you can understand that we cannot delay litigating this issue when it is unclear whether you are representing Mr. Johnson on this issue.
>
> Given the uncertainty of your status with respect to Mr. Johnson, it is unclear to me whether it is appropriate for us to meet and confer.  That said, if you believe it would be productive and appropriate, I would agree to do so based upon your good faith representation.  If so, please suggest some dates and times.
>
> Given the above, however, my expectation is that we will file a motion to compel no later than one week from today unless we are able to come to an agreement regarding Mr. Johnson's documents and deposition.

2

Respectfully,

Mike

**Michael Gottlieb**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1442 | Fax: +1 202 303 2442
mgottlieb@willkie.com | vCard | www.willkie.com bio

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, January 13, 2020 12:48 PM
**To:** Gottlieb, Michael <MGottlieb@willkie.com>
**Subject:** Re: Rich v. Butowsky - Subpoena Service

Mike,

I understand your position. Before any motion is filed, I think we should meet and confer. This is not a question of allowing Mr. Butowsky to dictate terms, but to express a view as to any conflicts. If there is no conflict, I may have substantive arguments that you should consider before filing a motion. As a threshold matter, I understand that your position is that Mr. Johnson is a fact witness. Can I understand the thinking behind that position? Also why would you file a motion to compel for a deposition that is two weeks away? That seems like overkill.

Eden

On Mon, Jan 13, 2020 at 12:42 PM Gottlieb, Michael <MGottlieb@willkie.com> wrote:

> Eden,
>
> Thank you. We are happy to hear that Mr. Butowsky's surgery went well and that he is recovering.

3

With respect to what you've said below, I believe that I understand your position. We are, unfortunately, at a point where we will need to tee up a motion to compel.  Our position is that Mr. Butowsky does not have standing to dictate the terms of Mr. Johnson's deposition.

If you move forward with jointly representing Mr. Johnson as well, please let us know and we can confer regarding our contemplated motion.

Respectfully,

Mike

**Michael Gottlieb**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1442 | Fax: +1 202 303 2442
mgottlieb@willkie.com | vCard | www.willkie.com bio

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, January 13, 2020 10:23 AM
**To:** Gottlieb, Michael <MGottlieb@willkie.com>
**Cc:** Hall, Samuel <SHall@willkie.com>
**Subject:** Re: Rich v. Butowsky - Subpoena Service

Mike,

There is a little confusion around this.  I have previously provided Mr. Johnson with general legal advice, but was not retained to advise him in connection with responding to the subpoena.   On Friday afternoon (I believe it was then), we discussed my representing him specifically in the context of the subpoena and I agreed to do so, subject to confirmation with Mr. Butowsky, for whom, as you know, he has been retained as an expert.   I was not able to reach Mr. Butowsky over the weekend.  Mr. Butowsky has been extremely ill and underwent surgery on Friday.  I know from a message I received from Mr. Butowsky's wife and from Mr. Clevenger that the surgery was successful, but I do not know what is involved in terms of rehabilitation and follow-on surgery.

The short version is that I have agreed to represent Mr. Johnson in connection with the subpoena, subject to discussions with Mr. Butowsky to ensure there is no conflict or other issue. I will let you know as soon as I have had that conversation.

Please feel free to contact me if you have any other questions.

Eden

On Mon, Jan 13, 2020 at 10:04 AM Gottlieb, Michael <MGottlieb@willkie.com> wrote:

> Mr. Quainton – You previously told us you were not representing Mr. Johnson. Please let us know immediately if you now are representing him. Regards, Mike
>
> **Michael Gottlieb**
> **Willkie Farr & Gallagher LLP**
> 1875 K Street, N.W. | Washington, DC 20006-1238
> Direct: +1 202 303 1442 | Fax: +1 202 303 2442
> mgottlieb@willkie.com | vCard | www.willkie.com bio
>
> **From:** Larry Johnson [mailto:lcjohnson1@me.com]
> **Sent:** Monday, January 13, 2020 10:03 AM
> **To:** Hall, Samuel <SHall@willkie.com>
> **Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Eden Quainton <equainton@gmail.com>; Ty Clevenger <tyclevenger@yahoo.com>
> **Subject:** Re: Rich v. Butowsky - Subpoena Service
>
> Sam,
>
> Eden is representing me in this matter.
>
> Larry Johnson
>
>> On Jan 13, 2020, at 8:49 AM, Hall, Samuel <SHall@willkie.com> wrote:
>>
>> Mr. Johnson,

Please let us know when/if you retain counsel and we will direct all future correspondence to him or her.

You have now been served for a deposition on the 24th. Below, you indicate that this date may not work for you. We are willing to work with your schedule, and can make ourselves available at any reasonable date prior to January 27, 2020.  We will reiterate that Mr. Butowsky does not get to dictate when, or whether, you are deposed. If we are unable to come to an agreement on this, we will be forced to seek relief from the court, and we continue to reserve all rights.

Second, your email below did not address the clear deficiencies in your document production. Should we not receive all responsive documents by close of business today, as stated below, we will again be forced to seek relief from the court.

If you believe a discussion on the topics above would be worthwhile, I am available today at the number below.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

**From:** Larry Johnson [mailto:lcjohnson1@me.com]
**Sent:** Thursday, January 09, 2020 11:11 AM
**To:** Hall, Samuel <SHall@willkie.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Eden Quainton <equainton@gmail.com>; Ty Clevenger <tyclevenger@yahoo.com>
**Subject:** Re: Rich v. Butowsky - Subpoena Service

Sam,

this is getting above my pay grade.  I have received some general legal advice from an attorney but I have not retained anyone to assist me with the subpoena issues. I copy Eden and Ty on these messages because I was retained by Ty in April 2018 as an expert consultant and I know that there are limitations on what you can ask me and when.  I don't know how that

6

relates to what you call my role as a fact witness and what kind of overlap there might be.  I need to get counsel and discuss these issues with Mr. Butowsky.  However, as you know, Mr. Butowsky has been in the intensive care unit at Plano Presbyterian and is very sick.  It would frankly be obscene to discuss issues such as the scope of my engagment or payment for my attorney with Mr. Butowsky at this juncture.  There are just a lot of tricky issues here and I need to discuss everything with Mr. Butowsky before going any further.  I'm pretty sure a court would understand the position I am in.

As far as accepting service of your subpoena, I do not accept service of legal documents by email.  I can assure you I am not evading service, but I am out and about much of the day.  I am sure you will be able serve me in the normal course of business.

Regards,

Larry Johnson

> On Jan 9, 2020, at 10:14 AM, Hall, Samuel <SHall@willkie.com> wrote:
>
> Mr. Johnson,
>
> It is unclear to me whether you are accepting service of the subpoena below. Please let us know if you are, and we can meet and confer regarding a date.
>
> In terms of your potential role as an expert witness, you may be misinformed regarding the law.  It is correct that Mr. Butowsky may decide to call you as an expert witness, which is his decision, and that you would then be deposed as an expert after the submission of an expert report.  But whether you are designated as an expert, or not, has no bearing on our right to depose you as a fact witness.  We have made the decision to do so and have sent you a subpoena along those lines.  If Mr. Butowsky chooses to call you as an expert, you will be deposed separately on the contents of your expert report.  But regardless, your participation as an expert does not prohibit us from taking your deposition as a fact witness.
>
> Finally, we would like to discuss your production of documents, which is deficient.  We are in receipt of a large number of documents from third-party witnesses with whom you communicated that are clearly responsive to the October 23, 2019 document subpoena we sent to you, but that you did not provide to us in

7

your initial or supplemental production.  Perhaps this was an oversight on your part, but it is not acceptable.  As a reminder, you are obliged to produce to us all documents in your possession relating to:

> (1)  to Seth Rich, Aaron Rich, Joel Rich, and/or Mary Rich, including, but not limited to, all Communications with Edward Butowsky, Matt Couch, America First Media, Seymour Hersh, Sean Hannity, Malia Zimmerman, Cassandra Fairbanks, Jim Hoft, Bill Binney, and/or any other individual or entity named in the Complaint or any agents or representatives of any of the foregoing; and

> (2)  your claims that (a) the Democratic National Committee was not hacked by Russians in 2016 and, instead, (b) an insider leaked DNC materials to WikiLeaks.

This includes emails, text messages, audio and video recordings, drafts of reports and articles, and the like.  The productions by other witnesses demonstrate that you have at least hundreds of such documents that you have not produced to us.

We demand that you perform an additional search through your records, including any and all of the following: (1) your personal phone including text messages; (2) your email accounts including any protonmail email account and any other email accounts you use; (3) any social media platforms, including facebook, twitter, signal, whatsapp, telegram; and (4) the hard drive of your computer, including "downloaded" and "trash" or "deleted" folders, for responsive documents.  You should produce responsive documents to us as you find them, but we expect that we will receive all of them from you by no later than close of business on Monday, January 13, 2020.  If we do not, we will file a motion to compel your compliance in court.  We reserve all rights, including our right to seek a court order compelling you to pay our client's reasonable expenses incurred in making the motion to compel, such as attorney's fees, under the Federal Rules of Civil Procedure. *See* FRCP 37(a)(5)(A).

I am available at the number below to meet and confer regarding how to transmit those responsive materials should you need any assistance.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

**From:** Larry Johnson [mailto:lcjohnson1@me.com]
**Sent:** Wednesday, January 08, 2020 8:22 PM
**To:** Hall, Samuel <SHall@willkie.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Eden Quainton <equainton@gmail.com>; Ty Clevenger <tyclevenger@yahoo.com>
**Subject:** Re: Rich v. Butowsky - Subpoena Service

Dear Sam,

My wife mentioned some guy had come by the house twice, but I was not at home. I am not clear why you want to depose me but will be happy to cooperate. However, there are a couple of issues. First, it is unclear whether I will be providing an expert report. I am able to provide such a report but I have not been able to confirm this with Mr. Butowsky, who is in the hospital and I understand is very sick. If I provide a report, my understanding is that you could only take my deposition after I have provided the report. I cannot schedule anything until I know what Mr. Butowsky requests. Second, my schedule is tight and my first available date is January 31, 2020. But I need to wait until I can speak to Mr. Butowsky and a decision like this cannot be made when he is in the hospital in his current condition.

Regards,

Larry Johnson

> On Jan 8, 2020, at 12:56 PM, Hall, Samuel <SHall@willkie.com> wrote:
>
> Mr. Johnson,
>
> We have attempted to serve the attached subpoena several times, to no avail, along with a check for related deposition fees. In the interest of time, we are requesting here that you accept service by

9

email, as you previously have. Please let us know if that is acceptable. If it is, we can send the check to you via FedEx.

Please note that if we are unable to come to an agreement, we will have to seek relief from the court. We reserve all rights. We are of course willing to meet and confer regarding the subpoena once it is served.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

<Plfs Subpoena - Johnson (Depo).pdf>

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

--

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

[www.quaintonlaw.com](www.quaintonlaw.com)

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

--

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

www.quaintonlaw.com

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390

Cell: 202.360.6296
www.quaintonlaw.com