**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>　　　　　　　　Defendants. | Civil Action No. 1:18-cv-00681-RJL<br>Hon. Richard J. Leon |

**PLAINTIFF'S NOTICE OF OUTSTANDING DISCOVERY REQUESTS**

　　　　　　　　　　　　MICHAEL J. GOTTLIEB
　　　　　　　　　　　　WILLKIE FARR GALLAGHER LLP
　　　　　　　　　　　　1875 K Street NW, Washington, DC 20006

　　　　　　　　　　　　JOSHUA P. RILEY
　　　　　　　　　　　　MERYL C. GOVERNSKI
　　　　　　　　　　　　BOIES SCHILLER FLEXNER LLP
　　　　　　　　　　　　1401 New York Ave NW, Washington DC 20005

　　　　　　　　　　　　***Attorneys for Plaintiff Aaron Rich***

Pursuant to the Court's March 20, 2020, Order, Plaintiff Aaron Rich respectfully submits the following list of outstanding discovery requests to be pursued, including by filing motions if necessary, after the stay lifts.[1]

## I.   OUTSTANDING DEPOSITIONS[2]

The Court granted Plaintiff permission to take ten depositions.[3]  To date, Plaintiff has completed three depositions: **(1)** Thomas Schoenberger; **(2)** Rod Wheeler; and **(3)** Ellen Ratner. As discussed below, when the stay lifts, Plaintiff intends to complete two currently open depositions—**(4)** Defendant Couch and **(5)** Larry Johnson—and take three depositions that have been noticed and served—**(6)** Defendant Butowsky, **(7)** Malia Zimmerman, and **(8)** Adam Housley.  Whether and how Plaintiff uses his remaining two depositions will depend on Court rulings with respect to other discovery.

### A.   Deposition #4: Defendant Matthew Couch (Currently Held Open)

Plaintiff began taking Defendant Couch's deposition on December 13, 2019.  During the course of the deposition, Defendants' counsel improperly instructed Defendant Couch not to answer questions.  On January 24, 2020, the Court granted Plaintiff's motion to require Defendant Couch to enter into a stipulation as to certain matters or to sit for a second deposition at his own

---

[1] *See* Dkt. 169 (instructing the parties to "submit a list of ***all*** outstanding document requests, document subpoenas, or deposition subpoenas ('discovery requests') that includes the "rationale for each discovery request" and "why the request should be honored after the close of discovery, when the stay is lifted." (emphasis in original)).  Plaintiff understands that the Court is not requiring any of the parties to provide notice to the Court or to the parties about past or future efforts to engage in voluntary discovery, including attempting to secure affidavits.

[2] Plaintiff understands that this Order excludes expert witnesses and respectfully requests that the Court issue a scheduling order for purposes of expert discovery as soon as possible, to close shortly after the stay is lifted.  *See* Dkt. 80 (scheduling order closing expert discovery on March 2, 2020).

[3] *See* 11/1/2019 Min. Order.

1

expense.[4]  Defendant Couch elected to sit for a deposition.  After the parties initially agreed that Defendant Couch would sit for his deposition on March 13, 2020, Defendants' counsel informed Plaintiff's counsel that Defendant Couch would not appear for the deposition on that date after all, and the deposition has not been rescheduled in light of COVID-19 concerns.  Plaintiff intends to complete Defendant Couch's Court-ordered deposition when the stay lifts.  Plaintiff respectfully requests that the Court expressly order Defendant Couch to answer all questions about his sources so as to avoid the need for further motions practice, especially in light of the ongoing attempts by counsel for Defendants to shut down questioning based on improper legal instructions.

B. **Deposition #5: Larry Johnson (Currently Held Open)**

Larry Johnson was listed on Defendant Butowsky's initial disclosures as a witness with "knowledge of his investigation of Seth Rich's murder and communications with Mr. Butowsky regarding the same."  Dkt. 83.  Mr. Johnson has written a number of articles about the leak of DNC documents, on which Defendant Butowsky has relied.  Plaintiff began deposing Mr. Johnson in Florida on March 4, 2020; however, Defendants' counsel—who also represents Mr. Johnson—improperly instructed Mr. Johnson not to answer a wide range of questions, thereby requiring Plaintiff's counsel to hold the deposition open and seek assistance from the Court.  Plaintiff has filed a motion requiring Mr. Johnson to reappear at a deposition at his counsel's expense.[5]  Subject to the Court's resolution of that motion, Plaintiff intends to complete its deposition of Mr. Johnson when the stay lifts.

---

[4] *See* Dkt. 133; Dkt. 151; *see also* Dkt. 162.

[5] Dkt. 171 (public); Dkt. 172 (sealed).

### C. Deposition # 6: Defendant Edward Butowsky (Noticed and Served)

Plaintiff's counsel have noticed Defendant Butowsky's deposition multiple times.[6] However, Defendant Butowsky has refused to sit for a deposition in light of his medical condition. On February 5, the Court ruled that Defendant Butowsky's deposition could be taken outside the discovery period should Defendant Butowsky be unable to sit for his deposition earlier.[7] Therefore, Plaintiff intends to take Defendant Butowsky's deposition as soon as practicable after the stay lifts.

### D. Deposition #7: Malia Zimmerman (Noticed and Served)

Ms. Zimmerman is the Fox News reporter with whom Defendant Butowsky worked to publish a May 2017 article alleging that Seth Rich was the source of the leaked DNC emails. Ms. Zimmerman's counsel accepted Plaintiff's deposition subpoena on January 7, 2020, and subsequently filed a motion for a protective order,[8] which the Court denied on March 25, 2020.[9] Consistent with that ruling, Plaintiff intends to depose Ms. Zimmerman as soon as practicable after the stay lifts.

### E. Deposition #8: Adam Housley (Noticed and Served)

Mr. Housley is a former Fox News editor who worked with Ms. Zimmerman and Defendant Butowsky to publish the May 2017 Fox News article claiming that Seth Rich was the source of the leaked DNC emails. Plaintiff served Mr. Housley with a subpoena for his deposition, which was scheduled for January 28, 2020 but was held in abeyance pending the Court's ruling on

---

[6] On November 12, 2019, Plaintiff's counsel noticed the deposition for January 16, 2020. On February 27, 2020, Plaintiff's counsel noticed the deposition for March 26, 2020.

[7] *See* Dkt. 151.

[8] *See* Dkt. 114.

[9] *See* 3/25/2020 Minute Order.

Fox News' motion for a protective order, which the Court entered on March 25. Therefore, Plaintiff intends to take Mr. Housley's deposition as soon as practicable after the stay lifts.

### F.     Depositions #9, #10: TBD Based on Court Rulings/Defendants' Discovery

Plaintiff hereby requests permission to notice and serve additional depositions depending on whom Defendants depose and on whether Defendant Couch intends to rely on certain purported "sources" in his case.

*First*, Defendants have stated their intention to depose **Detective Joseph Della Camera, Cassandra Fairbanks**, and **Seymour Hersh**, but Defendants have failed to serve and schedule the depositions of Det. Della Camera and Ms. Fairbanks, and served Mr. Hersh on March 12, 2020 (the night before the date of the scheduled deposition). Plaintiff's counsel understands that at least some of those potential witnesses would move to quash a deposition subpoena. If the Court permits Defendants to serve subpoenas for any of those depositions, Plaintiff respectfully requests that the Court set a briefing schedule that allows for a prompt resolution of any motions to quash and affords Plaintiff the right to cross-notice any depositions that are permitted to take place. Affording Plaintiff with that right is essential to avoid prejudicing Plaintiff for Defendants' decision to delay until the close of discovery to pursue these depositions, any of which could have been pursued many months ago.

*Second*, and depending upon the first request, Plaintiff requests permission to notice and serve a deposition subpoena on **Margaret Kunstler**, on whom Defendant Butowsky has indicated an intent to rely for his statements accusing Plaintiff of receiving money from WikiLeaks. *See* Dkt. 116-8. Plaintiff understands that Defendants may seek permission to depose Ms. Kunstler, and if so, Plaintiff seeks permission to cross-notice that deposition as well.

4

*Third*, if Defendant Couch intends to rely on **"Source Two"** in his case, then Plaintiff respectfully requests the Court order him to release "Source Two's" name and grant Plaintiff permission to take "Source Two's" deposition. "Source Two" is the source who appeared in a video interview conducted by Defendant Couch and others in Baltimore, Maryland, and was the subject of this Court's March 4, 2020 Order.[10] Plaintiff has attempted in good faith to resolve the issues related to "Source Two" with Defendant Couch, but Defendant Couch has refused to commit to whether he intends to rely on "Source Two" for any claim or defense in this matter. The Court should force Defendant Couch to take a position on whether he will rely on "Source Two" for any defense or other claim in this litigation and, if so, Plaintiff should be entitled to depose the individual.

## II. OUTSTANDING DOCUMENT REQUESTS TO DEFENDANTS

### A. Outstanding Requests To Defendant Butowsky

Plaintiff has served five sets of Requests for Production (RFPs) on Defendant Butowsky.[11] After Defendant Butowsky refused to produce documents, Plaintiff filed a motion to compel him to do so,[12] and the Court granted that motion on July 31, 2019.[13] After Defendant Butowsky refused to comply with the Court's order, Plaintiff filed a motion to enforce the order and to obtain sanctions against Defendant Butowsky,[14] and that motion remains pending. During the week of March 16, 2020, Defendant Butowsky finally produced documents and a 62-page privilege log.

---

[10] Dkt. 162.

[11] Plaintiff served on Defendant Butowsky: a first set of RFPs on April 22, 2019; a second set of RFPs on November 1, 2019; a third set of RFPs on November 13, 2019; a fourth set of RFPs on February 28, 2020; and a fifth set on March 27, 2020.

[12] *See* Dkt. 63.

[13] *See* Dkt. 75.

[14] *See* Dkt. 93.

Plainitiff's counsel has begun a review of those documents. Plaintiff has yet to receive Defendant Couch's responses to the fourth and fifth sets of RFPs. Plaintiff respectfully reserves his right to file additional motions or bring to the Court's attention any issues that remain unresolved with respect to Defendant Butowsky's document productions.

### B. Outstanding Document Requests to Defendant Couch

Plaintiff has served four sets of RFPs on Defendant Couch.[15] One motion currently is pending before the Court with respect to the first and second RFPs—Plaintiff's motion to compel Defendant Couch to produce certain Flock documents.[16] Plaintiff has yet to receive Defendant Couch's responses to the third and fourth sets of RFPs.

### C. Outstanding Document Requests to America First Media

Plaintiff has served one set of RFPs on Defendant AFM.[17] After Defendant AFM refused to produce documents, Plaintiff filed a motion to compel it to do so,[18] and the Court granted that motion on July 31, 2019.[19] Nonetheless, to date, aside from producing its articles of incorporation, AFM still has refused to produce documents.

### III. OUTSTANDING DOCUMENT SUBPOENAS TO THIRD-PARTIES[20]

Plaintiff has served third-party subpoenas and does not anticipate needing to serve any new document subpoena requests, but respectfully reserves the right to file motions as necessary

---

[15] Plaintiff served on Defendant Couch: a first set of RFPs on April 23, 2019; a second set of RFPs on November 1, 2019; a third set of RFPs on February 28, 2020; and a fourth set of RFPs on March 27, 2020.

[16] *See* Dkt. 160 (motion), 166 (opposition), 168 (reply).

[17] Plaintiff served on Defendant AFM a first set of RFPs on April 23, 2019.

[18] *See* Dkt. 71.

[19] *See* Dkt. 75; 11/4/2019 Minute Order.

[20] Plaintiff respectfully reserves the right to seek to subpoena third-party individuals whom the Court grants the Defendants permission to subpoena.

pending the following outstanding third-party document subpoenas:

### A. Larry Johnson (Noticed and Served)

Plaintiff served a document subpoena on Mr. Johnson on October 23, 2019, and has spent the months since attempting to confer with him, and then with Mr. Quainton, on the deficiencies in that production. Given the ongoing difficulties in securing Mr. Johnson's cooperation, including as discussed *infra*, Plaintiff respectfully requests the Court's permission to use the stay period to meet-and-confer about these issues and, if unsuccessful, to file related motions practice if necessary.

### B. Fox News and Related Third Parties (Noticed and Served)

During the pendency of Fox's Motion to Quash the Deposition of Ms. Zimmerman, a number of document-related disputes have been put on hold with counsel for Fox News, Ms. Zimmerman, and Mr. Housley. In particular, Fox News, Ms. Zimmerman, and Mr. Housley have all asserted the reporter's shield in refusing to produce documents requested by the subpoenas Plaintiff has issued to each of them. In light of the Court's recent order with respect to Fox News and Ms. Zimmerman's motion for a protective order, their objections to these subpoenas are likely no longer tenable. As such Plaintiff respectfully requests the Court's permission to use the stay period to meet-and-confer about these issues and, if unsuccessful, to file related motions practice if necessary.

### C. WikiLeaks (Noticed and Served)

The Court permitted Plaintiff to serve a subpoena on WikiLeaks via Twitter on January 24, 2020.[21] Plaintiff attempted to meet and confer with counsel for WikiLeaks in order to avoid doing so, but when such efforts were unsuccessful served WikiLeaks via Twitter on March 13, 2020.

---

[21] Dkt. 133.

Plaintiff respectfully requests the Court's permission to use the stay period to meet-and-confer about these issues and, if unsuccessful, to file related motions practice if necessary.

### D. Defendants' Third-Party Service Providers (If Necessary)

In his RFPs, Plaintiff has requested Defendants Butowsky and Couch to produce responsive records from their cloud-based social media accounts and their mobile phone records.[22] Plaintiff has raised Defendants' refusal to produce responsive materials, including from cloud-based accounts, in various motions to compel, as well as in deficiency letters to the Defendants dating back to last year.[23] Even this week, Plaintiff has continued to meet and confer with counsel for the Defendants on the deficiencies of their productions, including with respect to those materials stored on cloud-based accounts.

On the other hand, in response to Defendants' fishing expeditions into his own and his brother's cloud-based accounts and phone records, Plaintiff has already produced, and will continue to provide supplementary productions that include, materials from a wide range of third-party providers, including but not limited to: Dropbox, Ebay, Signal, Proton Mail, Verizon, and various Gmail accounts (including those about which Defendant Butowsky is now issuing subpoenas to third-party service providers). In spite of Plaintiff's broad production of materials, and his good-faith search and production efforts (at great expense) to respond to unreasonably broad and burdensome discovery requests—and without even attempting to litigate any issues with this Court—Defendant Butowsky has devoted a substantial amount of his third-party discovery on subpoenaing third-party providers for content belonging to Plaintiff and/or his brother. Most recently, on March 26, 2020, Defendant Butowsky noticed his intent to serve subpoenas on

---

[22] *See, e.g.,* Dkt 63-1; Dkt. 71-1.

[23] *See, e.g.,* Dkt. 93; Dkt. 160; Dkt. 71-5 at 8-9 (deficiency letter to Defendant Couch); Dkt. 93-4 at 37 (deficiency letter to Defendant Butowsky).

8

Google, eBay, AT&T and Verizon for *inter alia* "Any and all . . . account information," "records of any deletions" and "telephone and text messages" relating to accounts of Plaintiff and/or his brother.[24]

Plaintiff has just received these subpoenas and does not yet understand whether the subpoenas are consistent with the Stored Communications Act or other federal statutes, including because Defendant Buotwsky already has access (from Plaintiff) to the records he now seeks to obtain from a third-party service provider. In any event, if this Court permits Defendant Butowsky to serve subpoenas on third-party content providers for information belonging to Plaintiff and/or his brother, **then Plaintiff requests the Court grant Plaintiff permission to serve identical subpoenas on the third-party service providers belonging to Defendants Butowsky and Couch, including but not limited to, the third-party service providers for the communications accounts that Defendants hold with Twitter, Google, Proton Mail, Sprint, Verizon, Facebook, and Periscope**.

     E.  <u>Chapwood Capital Investment Management (Chapwood) (Noticed and Served)</u>

Plaintiff served a subpoena on Chapwood, Defendant Butowsky's company, on June 19, 2019. After months of unsuccessful attempts to secure compliance, Plaintiff filed a motion to compel in the United States District Court For The Northern District of Texas on November 12, 2019. *See Rich v. Chapwood Capital Investment Management*, 19-mc-00092 (N.D. Tex. Nov. 12, 2019). That motion remains ready for that Court's resolution and Plaintiff respectfully requests this Court's permission to continue to litigate that subpoena as necessary.

---

[24] Defendant Butowsky's latest notice follows additional notices of intent to subpoena Google (multiple), AOL, eBay, and Reddit.

Dated: March 27, 2020

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on March 27, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: March 27, 2020

/s/ *Meryl C. Governski*
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com