UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 18-681 (RJL) |
| ) | |
| ED BUTOWSKY, *and* ) | |
| MATTHEW COUCH, *and* ) | |
| AMERICA FIRST MEDIA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER
April 9th, 2020 [# 114]

In 2018, plaintiff Aaron Rich sued defendants Edward Butowsky, Matthew Couch, and America First Media, alleging defendants defamed him by publishing false statements that he conspired with his deceased brother, Seth Rich, to download emails from the Democratic National Committee ("DNC"); received money from Wikileaks for those emails; and knew his brother would be murdered but did nothing to prevent it. *See* Compl. ¶¶ 1, 7 [Dkt. # 3]. Less than a year earlier, Fox News published an article authored by Malia Zimmerman ("Fox News Article") on May 16, 2017, which reported that Seth Rich provided the stolen DNC emails to Wikileaks prior to his murder in July 2016. Pl.'s Opp'n to Mot. for Protective Order ("Opp'n"), Ex. 1 at 2 [Dkt. # 138]. On May 23, 2017, Fox News retracted the story, stating the article "was not initially subjected to the high degree of editorial scrutiny we require for all our reporting." Dkt. # 116-7 at Ex. 59. Plaintiff

alleges that after the retraction, defendants began making defamatory statements that plaintiff was involved in his brother's alleged scheme to provide DNC emails to Wikileaks. Opp'n at 2. And, according to plaintiff, Zimmerman was in frequent contact with defendant Butowsky both before and after Fox News made the retraction. *Id.* at 2-3; *see also id.* at 4-9. Indeed, Butowsky and Couch have both stated that Zimmerman has "knowledge about her investigation of and the article she wrote" about Seth Rich's murder, *see* Dkt. ## 83-3 at 2 (Butowsky Initial Disclosures), 91-29 at 2 (Couch Initial Disclosures), and Butowsky appears to rely on her Fox News Article as a basis for his defense, *see* Dkt. # 127 at 5.

On January 7, 2020, plaintiff served a subpoena to depose Zimmerman. *See* Opp'n at 3. In plaintiff's view, Zimmerman testimony is "central to understanding what information Defendant Butowsky communicated to or from third parties regarding Mr. Rich, but also to determine whether Butowsky acted intentionally or recklessly . . . when he shifted his narrative to focus on Plaintiff subsequent to the retraction of the Fox News Article." Opp'n at 3-4. On January 15, 2020, non-parties Zimmerman and Fox News Network, LLC (collectively, "Zimmerman") moved for a protective order barring the deposition of Zimmerman entirely, arguing her testimony is protected by the newsgathering privilege under the First Amendment and New York state law. *See* Mot. for Protective Order ("Mot.") at 2 [Dkt. # 114]. On March 25, 2020, I denied the motion, noting that I would later explain more fully my ruling. I now do so here.

Zimmerman's motion to bar her deposition fails for three reasons. First, Zimmerman has not satisfied her burden of showing that the privilege applies to many of

2

the topics upon which plaintiff seeks her testimony, including: (1) testimony related to the decision to retract the Fox News Article; (2) communications about plaintiff with defendant Butowsky, who is neither a journalist nor a news "source;"[1] (3) post-publication communications with both Butowsky and Couch; and (4) discussions regarding Butowsky's "public relations campaign relating to litigation filed by Rod Wheeler." *See* Opp'n at 14-15. No matter the scope of the newsgathering privilege, it does not extend to those topics, which do not involve "newsgathering." *See Westmoreland v. CBS, Inc.*, 97 F.R.D. 703, 707 (S.D.N.Y. 1983); *Guzman v. News Corp.*, 877 F. Supp. 2d 74, 76-77 (S.D.N.Y. 2012).

Second, with respect to information she shared with Butowsky, Zimmerman has waived any newsgathering privilege. *See Westmoreland*, 97 F.R.D. at 704-05, 706; N.Y. Civil Rights Law § 79-h(g); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1177 (D.C. Cir. 2006) (Tatel, J., concurring). As noted above, Butowsky is not himself a source, nor did Zimmerman assert that he was in her motion. *See generally* Mot. at 1-4, 9-10. Although Zimmerman now contends in reply that Butowsky *was* a source, those arguments are not persuasive. *See* Reply in Supp. of Mot. for Protective Order at 8-9 [Dkt. # 150]. Nothing in the record suggests Butowsky himself provided Zimmerman with information undergirding the claim that the FBI produced a report showing Seth Rich transferred DNC documents to Wikileaks.

---

[1] Butowsky, himself, described his role as a facilitator of the article, not a source. *See* Dkt. # 95-4 at 1; *see also* Opp'n at 19-20. And he has elsewhere emphatically denied that he provided information to Zimmerman. *See* Compl. ¶¶ 53 & n.16, *Butowsky v. Folkenflik*, No. 18-cv-442 (E.D. Tex. June 21, 2018).

3

Third, even assuming a federal or state newsgathering privilege applies to *some* of plaintiff's proposed topics of testimony, plaintiff has overcome the privilege because those topics go to the heart of his claims. *See Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 241, 242 (D.D.C. 2013). With respect to communications with Butowsky both before and after publication as well as the decision to retract the Fox News Article, Zimmerman's testimony is central to Butowsky's state of mind when he made the allegedly defamatory statements at issue in this suit. Whether Zimmerman spoke directly to the "federal investigator" source mentioned in the Fox News Article is also central to plaintiff's claims and, as plaintiff points out, Butowsky appears to rely on this purported federal source as the basis for his allegedly defamatory statements. Although the identity of the purported federal source and any direct communications between Zimmerman and the source might arguably be covered by a newsgathering privilege, plaintiff is permitted to ask Zimmerman *whether or not* she spoke directly to the source prior to publication, or instead relied on representations by third-parties in making the assertions in the Fox News Article.[2]

Finally, Zimmerman's request that I stay her deposition pending her possible deposition in another lawsuit is without merit. Zimmerman fails to establish good cause to further delay discovery in this case simply because she will likely be deposed in a separate action brought by other plaintiffs. *See* Fed. R. Civ. P. 26(c)(1). Accordingly, her request is denied.

---

[2] I further conclude that plaintiff has exhausted all reasonable alternative sources for this information. *Estate of Klieman*, 293 F.R.D. at 242. With respect to many of the topics, Zimmerman is the only witness who can provide testimony, other than defendant Butowsky. Plaintiff should not have to rely solely on his testimony to gather evidence on these issues.

4

Zimmerman remains free, of course, to object to specific questions at her deposition should plaintiff seek to elicit testimony that she has a good-faith basis to believe is subject to the privilege, meaning the information was gathered from sources with the intent to publish that information and was not shared with non-source third-parties. But she cannot wholly shirk her civil discovery obligations simply because she is a journalist.

In light of the foregoing, it is hereby

**ORDERED** that non-parties Malia Zimmerman and Fox News Network, LLC's joint motion for a protective order barring deposition is **DENIED**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge