UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,  
                        Plaintiff,

v.

EDWARD BUTOWSKY,  
MATTHEW COUCH,  
AMERICA FIRST MEDIA,  
                        Defendants.

Case No. 1:18-cv-00681-RJL  
Honorable Richard J. Leon

## NOTICE OF REQUEST FOR CLARIFICATION

On March 20, 2020, the Court entered an order staying the above-captioned litigation for a 45-day period beginning on March 27, 2020. Dkt. 169.  The Court also required that the parties submit lists of all outstanding discovery by March 27, 2020.  *Id.*  Plaintiff and Defendants complied with this order.  Dkt. 173 and 174.  During the stay, the Court stated that the parties could continue to attempt service of outstanding subpoenas but did not suggest that there would be any other exceptions to the stay.

During the stay, the parties have also continued to attempt to resolve discovery issues arising from document requests served before the stay began.  Notably, counsel for Mr. Couch and Plaintiff met and conferred recently with respect to Mr. Couch's responses to interrogatories. Declaration of Eden P. Quainton, dated April 15, 2020 (the "Quainton Decl.") ¶ 2.  The parties were unable to resolve their differences and counsel for Plaintiff indicated they would file a motion to compel if Defendant did not modify his interrogatory responses as requested by Friday, April 17.  Quainton Decl., Ex. 1.  Defendants hereby request clarification on the extent to which motion practice may continue during the stay and certain other matters discussed below.

1

I.       MOTION PRACTICE.

Defendants have been operating under the assumption that motion practice is currently stayed and that motions are not to be filed or responded to during the stay.  This is the traditional interpretation of a stay of litigation.  *See, e.g., In re United Gas Pipe Line Co. Litig.*, 391 F. Supp. 774, 775 (J.P.M.L. 1975)(defendants not required to file answers during pendency of stay); *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199 (D.D.C. 2005)(stay defers obligation to respond to order to show cause); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 26 (D.D.C. 2008)(summary judgment motion to be filed on lifting of stay).

Plaintiff has brought or is contemplating bringing two motions potentially affected by the stay.  The first motion is one filed by Plaintiff on the first day of the stay, March 27, 2020, seeking to compel the testimony relating to an expert report to be prepared by one of Mr. Botowsky's experts, Larry Johnson.  Plaintiff is seeking to compel testimony relating to matters to be covered by Mr. Johson's expert report notwithstanding Plaintiff's express acknowledgment that Mr. Johnson's deposition was to be limited to matters of fact and that any deposition on matters encompassed in Mr. Johson's expert report would only occur after Mr. Johnson had prepared his report, in conformity with FRCP 26(b)(4)(A).  Dkt. 171-11 at 7.[1]

The second motion is the one referenced above that Plaintiff contemplates bringing if Defendant Couch does not revise his interrogatory responses in the manner demanded by Plaintiff by April 17, 2020.  Defendants and Mr. Johnson have assumed that the opposition to

---

[1] In explaining the scope of Mr. Johnson' deposition, counsel to Plaintiff wrote:

> whether you are designated as an expert, or not, has no bearing on our right to depose you as a fact witness.  We have made the decision to do so and have sent you a subpoena along those lines.  If Mr. Butowsky chooses to call you as an expert, you will be deposed separately on the contents of your expert report.  But regardless, your participation as an expert does not prohibit our taking your deposition as a fact witness.

Plaintiff's motions to compel would be deferred until the stay is lifted or that the filing of the contemplated motion during the stay would be improper. Defendants respectfully request clarification from the Court and permission to file oppositions to the motions notwithstanding the pendency of the stay if the Court determines that motion practice should continue during the stay.

For their part, Defendants are also considering filing motions to compel production of documents from Plaintiff. However, Defendants do not want to burden the Court with discovery motions if the Court's intention is to prohibit such motions during the pendency of the stay. If the Court will permit motion practice during the stay, Defendants have additional motions they would want to bring.

First, Defendants intend to move under FRCP 12(h)(3) to dismiss the action against America First Media, allegedly responsible for participating in a conspiracy to defame Mr. Rich with Mr. Couch and Mr. Butowsky, for lack of subject matter jurisdiction. Such a motion can be brought at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 500 (2006). Subject matter jurisdiction is based on diversity in the present case. Dkt. 3 ¶ 18. But America First Media is not a corporate entity or even an unincorporated association and, as a result, diversity jurisdiction cannot be maintained over it on the facts here. *See International Ass'n of Machinists v. Eastern Airlines, Inc.*, 1963, 320 F.2d 451 (5th Cir. 1963); *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016); *Denver & R. G. W. R. Co. v. Bhd. of R. R. Trainmen*, 387 U.S. 556, 559 (1967). Complete diversity would have to exist between Plaintiff and all "members" of the America First Media group, which Plaintiff has not bothered to plead and cannot possibly establish, since the identity of several members of the group is unknown. Declaration of Matthew Couch, dated April 15, 2020 ("Couch Decl.") ¶ 1. If the Court is

entertaining motions during the stay, Defendants submit this would be a useful motion to address before the litigation resumes in earnest.

Second, to the extent Plaintiff seeks leave in response to the foregoing motion to amend the complaint under Rules 15 and 17 naming America First Media Group, Inc. rather than America First Media as the proper party in interest, but without otherwise modifying the substance of the Complaint, Defendants intend to file a motion for sanctions.  Plaintiff now knows what it should have known at the outset of the litigation, namely, that America First Media Group, Inc. is an empty shell, has no activities, assets, bank account, EIN or officers and cannot possibly commit the acts ascribed to it in the Complaint.  Couch Decl. ¶¶ 1-2. Defendants seek clarification as to whether the foregoing motions may be briefed during the stay or whether such motions should be deferred.

    II.       SUBPOENAS.

The Court expressly contemplated that the parties would continue to attempt to effect service of subpoenas through the stay period.  Dkt. 169.  Mr. Butowsky has encountered certain difficulties in this process and seeks clarification from the Court as to the additional steps that are permitted during the stay.  The difficulties are identified below.

        A.       <u>Document Subpoenas</u>.

            1.       <u>America Online "AOL"</u>.  Mr. Butowsky issued a subpoena for records from America Online relating to a recently discovered email account.  The subpoena was served on AOL but was apparently invalid because AOL and Yahoo were merged into a single entity named "Oath Inc." following Verizon's acquisition of AOL in 2017.  Quainton Decl., Ex. 2. Defendant conferred with counsel for Plaintiff who took the position that issuance of a corrected subpoena would technically constitute a new subpoena and could only be issued with

court approval. Quainton Decl.¶ 5. Mr. Butowsky respectfully requests clarification on this point and permission to issue a new subpoena to the proper legal entity.

        2.    <u>Democratic National Committee</u>. Service on the Democratic National Committee (the "DNC") of a subpoena validly issued before the close of discovery has been attempted, but is not currently possible, as the DNC is closed because of the Coronavirus pandemic. As a result, the DNC subpoena is no longer valid. Defendant respectfully requests clarification as to whether permission will be granted to reissue the subpoena as soon as the DNC has been reopened and service can be attempted.

        3.    <u>Ms. Ratner and Ms. Fairbanks</u>. Before the close of discovery, Mr. Butowsky issued subpoenas to Ms. Ellen Ratner and Cassandra Fairbanks. However, Mr. Butowsky was not able to serve the subpoenas and needs to issue new subpoenas with new dates for depositions (at some point following the lifting of the stay). Since these subpoenas were validly issued prior to the close of discovery and the Court's March 20, 2020 order seeks to encourage the parties to use the time during the stay to finalize service of subpoenas to the extent possible, Defendant Butowksy respectfully requests clarification as to whether subpoenas substantively identical to those that were previously issued may be re-issued during the stay.

        4.    <u>Metropolitan Police Department</u>. Service on the Metropolitan Police Department of a subpoena validly issued before the close of discovery was attempted but was rejected by the Department because of the Coronavirus crisis. The MPD indicated to Mr. Butowsky's process server that documents could be submitted electronically, but there are no guarantees that such submission would be accepted as valid service. Mr. Butowsky has submitted the subpoena electronically and is waiting for a response. In the meantime, Mr. Butowsky respectfully requests clarification as to whether he would be authorized to issue a subpoena with a new date for document production if necessary to meet any objections.

5. <u>Various third-party subpoenas</u>.  Multiple subpoenas were validly issued to various individuals believed to have relevant evidence identified and service was attempted diligently over a period of months.  In their filing dated March 27, 2020, Defendant Butowsky requested permission to reissue subpoenas with valid dates for these third parties.  Dkt. 171-1 at 18-21.  Defendant respectfully requests clarification as to whether new subpoenas will be authorized for issuance.

B. <u>Depositions</u>.  Separately from the request for clarification, Mr. Butowsky respectfully requests a response from the court as to the subpoenas proposed to be issued to Craig Murray, Kim Dotcom, Deborah Sines and Donna Brazile.  Depositions could be conducted by video or written questions under Rule 31, but service of process may present difficulties, and alternative service of process (via Twitter) would be necessary on witnesses outside the United States.  Defendants submit it would be useful to pursue such service during the period of the stay to avoid a bottleneck of issues that will need to be resolved once the stay is lifted.  Defendants are prepared to brief any issues to the extent the Court believes such briefing would be helpful.

III. USE OF OTHER DEVICES TO CONTINUE LITIGATING DURING THE STAY

A. <u>Reply to Plaintiff's Response to Defendants' March 27, 2020</u>.  On April 10, 2020, without seeking permission or clarification from the Court, Plaintiff filed a response to Defendants' March 27, 2020 letter.  Dkt. 178.  It would be highly prejudicial to permit Plaintiff's response to stand unchallenged.  Defendants respectfully seek clarification that the filing of reply to Plaintiff's response would be consistent with the stay.  Alternatively, Defendants submit the Court should strike the response from its docket as filed in violation of the stay.

B. <u>Notice of Supplemental Authority</u>.  Unprompted, Plaintiff today filed a Notice of Supplemental Authority.  Dkt. 179.  Under the guise of bringing to the attention of the

Court a decision from the Eastern District of New York, Plaintiff instead is blatantly attempting to poison the well during a period when the litigation is meant to be stayed and when Mr. Butowsky has validly served his own subpoena on the FBI.  Plaintiff states as "truth" the falsehood that there is no evidence in support of the existence of an FBI report documenting the communications between Seth Rich and Wikileaks when Plaintiff knows perfectly well that Sy Hersh, a Pulitzer Prize winning journalist with no plausible motive to lie, has unambiguously stated that the contents of the relevant FBI report ***were*** read to him by a trusted source.[2]

Moreover, Plaintiff conveniently glosses over procedural complexities surrounding the recent decision that require separate briefing.  Suffice it say that the Eastern District decision, which is subject to reconsideration and appeal, was ruling on a Freedom of Information Act request that applies an entirely different standard than the one that governs Rule 45 subpoenas directed to government agencies, and as to which there is a split in the circuits.  *See Upsher-Smith Labs., Inc. v. Fifth Third Bank*, No. 16-CV-556 (JRT/HB), 2017 WL 7369881, at *6 (D. Minn. Oct. 18, 2017).  Defendants seek clarification as to whether the continued filing of such "notices" is consistent with the stay and, if so, whether Defendants will be afforded an opportunity to reply fully, as due process requires.

Dated: April 15, 2020

          */s/ Eden Quainton*_____
          EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
          QUAINTON LAW, PLLC
          1001 Avenue of the Americas, 11th Floor
          New York, New York 10018
          Telephone: (212) 813-8389
          E-mail: equainton@gmail.com
          *Attorneys for Defendants Edward Butowsky*
          *and Matthew Couch*

---

[2] *See* http://debunkingrodwheelersclaims.net/.