# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AARON RICH,                              )
                                         )
        Plaintiff,            )
                                         )
   v.                                 )      Civil Case No. 18-681 (RJL)
                                         )
ED BUTOWSKY, *and*                       )
MATTHEW COUCH, *and*                     )
AMERICA FIRST MEDIA,                     )
                                         )
        Defendants.           )

## ORDER

April 23, 2020

       Plaintiff Aaron Rich filed this suit on March 26, 2018.  Fact discovery was set to close almost two years later, on January 27, 2020.  On January 6, 2020, defendants Edward Butowsky and Matthew Couch requested four additional months to complete discovery, citing defendant Butowsky's medical issues and the fact that defendant Couch had appeared pro se until November 7, 2019.  *See* Dkt. # 106 at 2-3.  On February 5, 2020, I granted defendants' request in part and permitted Butowsky, in light of his medical issues, an extension through March 27, 2020 to complete all fact discovery.  I further noted that should Butowsky's medical condition prevent him from sitting for his own deposition during that period of time, he could seek leave to hold the deposition outside the extended

discovery period.[1]  I granted Couch an extension through March 27, 2020 to take three

depositions, but I otherwise denied an extension of discovery as to him.

On March 3, 2020, Butowsky moved for yet another discovery extension, requesting

an additional sixty days.  Dkt. # 161.  Plaintiff opposed the request, arguing that Butowsky

had failed to establish good cause for another across-the-board extension.  Dkt. # 165 at 5.

Plaintiff disputed Butowsky's assertion that his medical condition rendered him unable to

assist in his own defense, pointing out that Butowsky had been "aggressively advancing

offensive discovery" since the last extension and continued to prosecute suits in other

courts.  *Id.* at 5 (citing 38 requests for production and 18 third-party subpoenas); *see also*

*id.* at 10-11 (describing litigation in Texas and New York).  Plaintiff also argued that

Butowsky's motion asserted the need to depose new individuals not listed his on initial

disclosures—including the British ambassador and an individual under indictment in New

Zealand—without explaining why that testimony was relevant to Butowsky's allegedly

defamatory statements about plaintiff.  *Id.* at 8-9.

After holding two telephonic conferences with the parties, I ordered them to submit

a list of all outstanding document requests, document subpoenas, and deposition subpoenas

("discovery requests") by March 27, 2020.  *See* 3/20/20 Order [Dkt. # 169].  I directed

them to include the specific rationale for each discovery request and explain why that

---

[1] On the same day defense counsel represented to this Court that his client was physically and
mentally incapacitated by his medical condition, Butowsky recorded and posted a video providing
investment advice and soliciting financial clients, severely undercutting his counsel's
representations that he was completely unable to assist in his defense in this suit.  *See* Dkt. # 126.

request should be permitted after discovery closed on March 27, 2020.[2] I noted my intent to evaluate those submissions and issue an order either permitting or prohibiting the parties from pursuing those requests beyond the discovery period. I now do so here.

Plaintiff's Depositions:

I previously granted plaintiff permission to take 10 depositions. *See* 11/1/2019 Minute Order. To date, he has completed three depositions, and he seeks to complete two currently held open: Couch and Larry Johnson. *See* Pl.'s Notice at 1 [Dkt. 173]. With respect to Couch, I previously ordered Couch to either enter a stipulation regarding certain matters or to sit for a second deposition. *See* 1/24/2020 Order [Dkt. # 133]. Couch chose the latter. Given my previous order, plaintiff is permitted to complete Couch's deposition.

With respect to Larry Johnson, plaintiff has filed a motion requesting that the Court require Johnson to appear again for his deposition and answer questions he previously refused to answer. *See* Dkt. 171 at 2. Defendants have not yet responded to plaintiff's motion, and on April 15, 2020, they sought clarification whether motions practice would continue during the stay. *See* Dkt. # 180. As explained more fully below, motions to resolve discovery disputes may continue during the stay, and defendants shall file any response to plaintiff's motion to remedy Johnson's refusal to answer questions within ten days of this order. Plaintiff, in turn, may reply to any opposition within five days of defendants' response. When briefing on that motion is complete, the Court will rule on

---

[2] Defendants filed their entire submission under seal, without filing a redacted version. *See* Dkt. # 174. Defendants are ordered to file a redacted version of Dkt. # 174-1 ("Memorandum in Support Letter to Judge Leon") within 7 days of this order.

whether Johnson must sit for a second deposition.  Should Johnson be ordered to do so, plaintiff may complete that deposition.

Plaintiff also seeks to depose three individuals already noticed and served: Butowsky, Malia Zimmerman, and Adam Housley.  Butowsky's deposition was postponed due to his medical issues, and it may proceed.  *See* 2/5/2020 Order.  Whether the depositions of Zimmerman and Housley could proceed depended on the Court's ruling on Zimmerman's motion for a protective order barring her deposition.  *See* Dkt. # 114.  I denied that motion on March 25, 2020, two days before discovery closed.  *See* 3/25/20 Minute Order; 4/10/20 Order [Dkt. # 177].  Accordingly, plaintiff is permitted to take the depositions of Zimmerman and Housley.

Finally, plaintiff requests permission to notice and serve additional depositions depending on two considerations: (1) whether the Court permits defendants to depose additional individuals and (2) whether Couch intends to rely on certain sources in his case. *See* Pl.'s Notice at 4.  I address the first consideration in the section below.  As to the second, the Court orders Couch to notify the plaintiff in writing within 5 days of this order whether he intends to rely on "Source Two" for any defense or other claim in this litigation. If he does intend to rely on "Source Two," plaintiff may seek to notice and serve that individual's deposition.  Should Couch seek to modify or quash that subpoena, the Court will rule on those issues at the appropriate time.

Defendants' Depositions:

I previously granted Butowsky permission to take five depositions.  Because Couch was proceeding pro se at the time and had no deposition experience, I ordered him to seek

leave of Court before noticing any depositions. *See* 7/31/19 Hearing Tr. at 9:13-10:12. Couch did not seek leave until January 6, 2020, at which point he had been represented by counsel for several months. *See* Dkt. # 108; *see also* 11/7/2019 Notice of Appearance by Eden P. Quainton [Dkt. # 90]. Because discovery was set to close on January 27, 2020, I ordered Couch to submit a list of the five individuals he sought to depose, including his basis for believing those depositions were likely to lead to relevant evidence. 1/24/20 Order. Based on Couch's submission, I permitted him to take three of his five proposed depositions. 2/5/2020 Order.

To date, defendants Couch and Butowsky have taken two depositions. *See* Defs.' Notice at 24-28 [Dkt. #174].[3] They now seek to depose three additional individuals that have already been noticed and served: Brad Bauman, Sy Hersh, and Joe Capone. Defendants are permitted to take those depositions, as well as the deposition of plaintiff. Defendants next seek to depose four individuals that have been noticed but *not* served: Joseph Della Camera, Ellen Ratner, Cassandra Fairbanks, and Deborah Sines. Those depositions may also proceed, but defendants must effect service on those three individuals on or before June 1, 2020.[4] Defendants are further required to submit a status report on

---

[3] Defense counsel's submission lumps together depositions sought by both Butowsky and Couch, seeking a total of 14 depositions without denoting which defendant seeks to take which depositions. Defs.' Notice at 23-28.

[4] Although the Court is aware that the ongoing public health crisis poses unique challenges, defendants are expected to make best efforts to effect service during this window. If the pandemic prevents them from doing so before June 1, 2020, they shall submit documentation of their efforts as of June 1, 2020 and how the pandemic rendered them unable to effect service.

May 11, 2020—the date the stay is set to lift—updating the Court on the status of their not-yet-served outstanding subpoenas.

In light of my ruling as to defendants' deponents and plaintiff's request to cross-notice certain individuals, plaintiff is permitted to cross-notice the deposition of Seymour Hersh. Should defendants successfully serve Joseph Della Camera and Cassandra Fairbanks, plaintiff may move for leave to cross-notice those individuals at that time, and the Court will determine whether good cause exists to permit those notices.

Defendants also seek to depose Warren Flood, Craig Murray, and KimDotCom. Defendants have not yet served notices of their intent to subpoena these individuals, two of whom are not located in the United States. Defendants contend that these individuals have information that would undermine certain conclusions made in the Mueller Report. Defs.' Notice at 26-27. Unfortunately for them, they have failed to establish good cause for these late-breaking depositions, and their requests are, accordingly, denied.[5]

<u>Party Discovery:</u>

Defendants and plaintiff both appear to have outstanding document requests and interrogatories. It is unclear on the record before the Court whether certain productions are complete and, if so, whether they are deficient. The parties may continue to object and respond as appropriate to party discovery during the stay. Should a party conclude that a

---

[5] I again deny defendants' request to depose Donna Brazile, which I initially denied in my February 5, 2020 order. Defendants note that they served a subpoena for documents on Brazile and that she is producing documents in response. Should those documents provide good cause to depose Brazile, defendants remain free to file the necessary motions to depose her at that time.

particular production or response is deficient, he may file the appropriate motion at that time.

Third-Party Discovery:

Plaintiff has noticed and served third-party document subpoenas to Larry Johnson, Fox News and related parties, WikiLeaks, and Chapwood Capital Investment Management.  Should any of those outstanding subpoenas require motions practice, plaintiff is permitted to file the appropriate motions as necessary.  Plaintiff also requests the ability to serve document subpoenas on third-party providers for accounts belonging to Butowsky and Couch, should the Court permit defendants to serve document subpoenas on third-party service providers.  Pl.'s Notice at 8-9.  The requests to serve subpoenas on third-party service providers are denied as to all parties.  As noted above, the parties are directed to complete party discovery during the stay, responding and objecting to document requests as appropriate. Once party discovery is complete, the parties may engage in motions practice should they have a good faith basis to believe that another party's productions are deficient with respect to any social media or service provider accounts. Based on those motions, the Court will consider whether subpoenas to third-party service providers are necessary at that time.

For their part, defendants seek to serve *eighteen* additional third-party document subpoenas, including subpoenas to the NSA, FBI, and four of Seth Rich's former

roommates.[6]    Defs.' Notice at 18-23.    Defendants are permitted to subpoena the

Metropolitan Police Department.  Their requests are otherwise denied.  Defendants have

also served Stuart Blaugrund and Michael Issikof with document subpoenas, but neither

has produced documents in response.  Defendants are permitted to litigate those subpoenas

as necessary during and after the stay.  And finally, as noted above, defendants' requests

to serve subpoenas on various third-party service providers (Google, eBay, AOL, Verizon,

and AT&T) are denied.

<u>The Stay:</u>

Finally, defendants have sought clarification as to the parameters of the 45-day stay

beginning March 27, 2020.  That stay pauses all deadlines with respect to expert discovery,

Daubert motions, and dispositive motions.  It does not, however, prevent the parties from

engaging in motions practice with respect to outstanding fact discovery issues.

In light of the foregoing, it is hereby

**ORDERED** that plaintiff is permitted to complete the deposition of Couch and to

take the depositions of Butowsky, Malia Zimmerman, and Adam Housley.  When the

motion to compel briefing is complete, the Court will rule on whether Larry Johnson will

sit for a second deposition.  Plaintiff is further permitted to cross-notice the deposition of

Seymour Hersh.   Should defendants successfully serve Joseph Della Camera and

Cassandra Fairbanks, plaintiff may move for leave to cross-notice those individuals at that

---

[6] Defendants has served three document subpoenas to the following individuals that have produced
documents in response:  Kelsey Mulka; Donna Brazile; and Joel and Mary Rich.  To the extent
necessary, defendants are permitted to receive documents from those individuals.

time, and the Court will consider whether good cause exists to permit those cross-notices. It is further

**ORDERED** that Couch shall notify plaintiff within five days of this order whether he intends to rely on "Source Two" for any defense or claim in this litigation. If he does so intend, plaintiff may seek to notice and serve that individual. It is further

**ORDERED** that defendants are permitted to take the depositions of Brad Bauman, Sy Hersh, Joe Capone, and plaintiff. Defendants are also permitted to take the depositions of Joseph Della Camera, Ellen Ratner, Cassandra Fairbanks, and Deborah Sines, but they must effect service on those individuals on or before June 1, 2020. Defendants shall file a status report as to these outstanding subpoenas on May 11, 2020. It is further

**ORDERED** that defendants' requests to depose Warren Flood, Craig Murray, and KimDotCom are **DENIED**. It is further

**ORDERED** that the parties may continue to object and respond as appropriate to party discovery. Should a party conclude that a particular production or response is deficient, he may file the appropriate motion at that time. It is further

**ORDERED** that the parties' respective requests to serve subpoenas on third-party service providers are **DENIED**. It is further

**ORDERED** that defendants' request to issue a document subpoena to the D.C. Metropolitan Police Department is **GRANTED**. Defendants' requests to issue document subpoenas to Cathy Lanier, Pratt Wiley, Amy Dacey, Dov Friedman, Michael Cass Antony, Elissa Nadworny, Eric Baker, Google, eBay, AOL, Verizon and AT&T, Reddit, Antoine Weston, Andrew Theriault, Crowdstrike, Democratic National Committee, FBI,

National Security Administration, and Freedom of the Press Foundation are **DENIED**.  It is further

 **ORDERED** that the parties are permitted to engage in motions practice to resolve discovery issues during the stay, including filing motions to compel.  The parties are, of course, expected to meet and confer to resolve discovery disputes without Court intervention wherever possible. It is further

 **ORDERED** that defendants shall file any response to plaintiff's motion to remedy within ten days of this order.  Plaintiff shall file any reply within five days of defendants' response.  It is further

 **ORDERED** that defendants shall file a redacted version of Dkt. # 174-1 ("Memorandum in Support Letter to Judge Leon") within 7 days of this order.

 **SO ORDERED.**

RICHARD J. LEON
United States District Judge