EDEN P. QUAINTON
**QUAINTON LAW, PLLC**

1001 AVENUE OF THE AMERICAS, 11ᵀᴴ FLOOR
NEW YORK, NY 10018

33 TYSON LANE
PRINCETON, NJ 08540

TELEPHONE (212) 813-8389; (609) 921-0529
FAX (212) 813-8390
CELL: (202) 360-6296
EMAIL EQUAINTON@GMAIL.COM

March 27, 2020

**VIA HAND DELIVERY**

Honorable Richard J. Leon
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue N.W
Washington D.C. 20001
Room 1225

Re:    Outstanding discovery

Dear Judge Leon,

During the most recent telephonic conference between the parties and in your subsequent

order, dated March 20, 2020, your Honor requested that the parties provide a list of outstanding

document requests, document subpoenas and deposition subpoenas. Defendants' list is set forth

below. In reviewing this list, Defendants believe it would be helpful to keep in mind the core

issues on which Aaron Rich ("Aaron" or "Plaintiff") bears the burden of proof. First, Aaron

must establish that it would be false to state or suggest that Aaron (1) participated in leaking

emails to Wikileaks, (2) received funds in exchange for leaking or participating in leaking emails

to Wikileaks, (3) interfered with "investigations," (4) "knew the hit was coming" and/or warned

Seth that he was in danger and (5) engaged in an altercation with Donna Brazile before Seth

Rich's murder. Philadelphia Newspapers. Inc. v. Hepps. 475 U.S. 767, 768–69 (1986)(on

matter of public concern, plaintiff cannot recover damages without also showing that the

statements at issue are false). Second, if Aaron can carry his burden of proving the falsity of the

allegedly defamatory statements to the satisfaction of the trier of fact, he must then prove than

any such statements were made with a degree of fault. Moss v. Stockard, 580 A.2d 1011, 1022

(D.C. 1990)(defamation plaintiff must show statements were false, defamatory and published

with some degree of fault). Defendants maintain that Aaron Rich is (and deliberately made

himself) a public figure who appeared on television, radio and the Internet to promote his false

statements about Defendants. As a result, Aaron must establish that Defendants acted with "with

knowledge" that [their statements were false or with "reckless disregard" of whether or not they

were false. *New York Times v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686

(1964). The New York Times v. Sullivan "actual malice" standard must be proven with "clear

and convincing evidence." Beeton v. D.C., 779 A.2d 918, 920 (D.C. 2001).

 In connection with the foregoing, it is important to note Aaron's involvement in leaking

emails to Wikileaks is intertwined with the question of his brother Seth's involvement, not only

because one of the allegedly defamatory statements is that Aaron assisted his brother, but also

because Aaron Rich has maintained it is a baseless conspiracy theory to question the claim of

certain elements of the U.S. intelligence community that the DNC emails at issue were hacked

by Russian military intelligence and transmitted to a shadowy figure known as Guccifer 2.0 and

then communicated them to Wikileaks. If this dominant narrative can be shown to be false or

questionable, it cannot be "reckless" to suggest that Seth Rich was involved in leaking emails,

particularly in light of the well-known statements of Sy Hersh and Ellen Ratner. By the same

token, it cannot be reckless to have relied on statements linking Aaron to Seth Rich or indicating

Aaron played a role in leaking the emails to Wikileaks.

In addition, for reasons that are obscure, Plaintiff has chosen to advance a wildly implausible conspiracy theory – ████████████████████████████████████████
████████████████████ that Defendant Ed Butowsky conspired with Defendant Matt Couch to defame Aaron Rich. This conspiracy theory is utterly devoid of any factual underpinnings, but it means that Mr. Butowsky is potentially liable for statements made by Mr. Couch and that Mr. Butowsky has an interest, therefore, in defeating Plaintiff's claims of falsity with respect to Mr. Couch and/or in establishing that Mr. Couch did not make any statements with reckless disregard of the truth.

    I.    <u>Defendants' Party Document Requests.</u>

        A.    <u>Emails.</u> While Plaintiff is demanding that Defendants' scour all their email and social media accounts (to what end is unclear), Aaron has not been forthcoming about his own and Seth's email accounts. There are five email accounts that were not initially disclosed to us:



Defendants are entitled to complete disclosure of the relevant information from these accounts.
████████████████████████████ was originally disclosed to Defendants through a response to a subpoena issued by Plaintiff to eBay for records relating to Seth Conrad Rich. The subpoena is set forth as Ex. 1 to the Declaration of Eden P. Quainton, dated March 27, 2020 (the "Quainton Decl.") hereto. eBay's response is set forth as Ex. 2 to the Quainton Decl. This response

3

indicates that an eBay account related to Seth Rich was set up with the pseudonym ██████

████████████████████████████████████████ The response further indicates that

this account was registered <u>after</u> Seth's death, on September 18, 2017.  The email linked to the

account ████████████████████ ████████████████████████████████████

██████████████████████████████████████████████████.  <u>See</u>

Quainton Decl., Ex. 3.[1]  Defendant Butowsky then issued a subpoena to Google for information

relating to the████████████████████ account.  Google responded with the information set

forth on Quainton Decl., Ex. 4, showing that the ████████████████ account had been set up

on November 8, 2011 and that its recovery account was set to ████████████████████

████████████████████████████ protonmail is an end-to-end encrypted email service

used by parties particularly keen to preserve the confidentiality and, some might say, the secrecy

of email communications.  Moreover, there were two logins to the account during 2018,

indicating that whoever had access to the account was still using it.

████████████████████████████████████████████████

████████████████████████████████████████████.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ Because of the central importance of Seth and Aaron's

---

[1]  Kim Dotcom is a crucial witness because he has publicly stated that he communicated with Seth Rich about the leaking of emails to Wikileaks and that Seth must have worked with someone "close" to him.

email communications in this litigation – because Plaintiff insists that any suggestion that there is a link between these accounts and the leak of DNC emails is a "lie" and a "conspiracy theory" concocted to further a financial and political agenda – Defendants seek all communications from or to the ███████████████████████████████████████████████████████████ account from December 31, 2015 to the present. Notably, Defendants do not seek emails before 2016 and any emails after Seth's murder would presumably be very limited. Plaintiff implausibly maintains – or at least his production to date suggests███████████████████

███████████████████████████████████████████████████████████████████

██████████████████. Quainton Decl., Ex. 5. This is inherently implausible, but Defendants need to review all the correspondence during 2016 into and out of this account in order to assess

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

In addition, Mr. Butowsky's contemplated forensic expert has recently determined that the ████████████ account links to another email account also apparently connected ██████████

██████████████████████████████████████████████████ ████████████

████████████████ ████████████████████████████, it is not unreasonable to believe this account belongs to Aaron and may hold clues to Aaron's involvement in the leaking of emails to Wikileaks. Defendants have issued subpoenas to AOL for information relating to this account, but Aaron must also provide all information in his possession relating to this account. We do not believe that Aaron provided ███ ████████████████████████████████████████ to law enforcement so that they could conduct their own forensic examination. ████████████ ███████

5

██████████████████████████████████████████████████████████████████

███████████████████████████    ██████████████████████████████████

██████████████████████████████████████████████████████████████████

██████ Deborah Sines has recently testified that Plaintiff was not authorized to delete information. See Declaration of Ty Clevenger, dated March 27, 2020, at ¶ 4.

Finally, Aaron uses two additional accounts that were not initially disclosed to Defendants in Aaron's initial ██████████████ ████████████████████████████████████. Since these accounts may have had uses entirely separately from any matters related to the litigation, Defendants are willing to have Plaintiff search these accounts with the key words that are modeled on Plaintiff's own list of key words provided to Mr. Butowsky and that Mr. Butowsky has applied at great expense to his own email records (even thought Mr. Butowsky's email records are not at issue in this litigation with the same degree of centrality as are Aaron's records). Quainton Decl., Ex. 8.

       B.   Origin of funds. Aaron claims that he has provided sufficient information to assess ████████████████████████████████████. This is false. ██████████████

██████████████████████████████████    ██████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

However, Aaron's disclosures do not permit verification of the origins of the relevant funds or the truthfulness of Aaron's statements to law enforcement. ██████████████████████

██████████████████████████████████████████████████████████████████

6

███████████████████████████████████████████████████████████████████

██ ████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████. This must be explained or Defendants are entitled to an adverse inference.

Second, Aaron has not provided any evidence to support his claim███████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Defendants are entitled to an exact

accounting of where the money in Aaron's account came from including through a reconciliation

to Aaron's tax returns. If Aaron does not provide the relevant information an adverse inference

should be entered against him.

      C.    Use of ██████████████ ██████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████.

7

D.    Outstanding Discovery Requests.   Mr. Butowsky has issued a total of five requests for production.[2]  Plaintiff has completed his production in response to the first request for production and is either in the process of responding to or has not responded to the remaining requests.  Each of the parties issued their final requests today.   The items requested and the status of Plaintiff's production is set forth below.

1.    All Documents and communications from or relating to the email accounts ███████████████████████████████████ from the period January 1, 2016 to the present, including the complete history of all back-up and recovery accounts used by either of these two accounts during this period[3].

Response: Plaintiff has objected on various grounds to this request but has stated that he will produce responsive documents on a rolling basis.  To date no responsive documents have been produced.

2.    All Documents and communications from or relating to the email accounts, ████████████████████████ for the period from January 1, 2016 to December 31, 2016.

Response: Plaintiff has objected on various grounds to this request but has stated that he will produce responsive documents on a rolling basis.  To date no responsive documents have been produced.   Defendants have prepared a list of search terms they are willing to serve on Plaintiff.

3.    All cryptocurrency (Bitcoin, Ethereum, Litecoin, XRP, Dogecoin,

---

[2] As noted below, Plaintiff has issued five Requests for Production to Mr. Butowsky and four Requests for Production to Mr. Couch.

[3] To the extent there was a typo that indicating Mr. Butowsky was seeking records from 2015, the request is hereby corrected.

etc.) addresses or wallets created or used by You or Seth Rich from January 1, 2015 to December 31, 2016.

Response: ▮laintiff has stated that there are no responsive documents. Defendants would like to supplement this request to specify that Aaron provide any and all cryptocurrency "wallet ids" and any cryptocurrency declarations made to the IRS for either Aaron or Seth Rich.

4.    A list of all accounts belonging to Seth Rich deleted by You or of which the contents were partially or wholly deleted by you.

Response: Plaintiff has stated he does not have any responsive documents.

Defendants' Reply: Assuming that Plaintiff does not have a "list" of deleted accounts and content, Defendants respectfully request permission to issue an interrogatory requiring Aaron (a) to identify all accounts belonging to Seth Rich he has deleted or from which he has deleted information, (b), the relevant content from any accounts that he has deleted and (c) the steps he has taken to recover all deleted information. Defendants have issued a further subpoena to Google requesting information on emails deleted from the

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ accounts.

Defendants have a good faith basis for believing that Aaron has deleted relevant information. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮

5.    All Documents and Communications constituting, referring or

9

relating to bank records for each bank account in Your name or in the name of any corporate entity controlled in whole or in part by You for the period July 15, 2015 to December 31, 2015.

Response: Plaintiff has objected on various grounds to this request but has stated that he will produce responsive documents on a rolling basis. To date no responsive documents have been produced.

6. All Documents and Communications constituting, referring or relating to bank records for each bank account in Seth Rich's name or in the name of any corporate entity controlled in whole or in part by Seth Rich for the period July 15, 2015 through the date of Seth Rich's death.

Response: Plaintiff has objected on various grounds to this request but has stated that he will produce responsive documents on a rolling basis. To date no responsive documents have been produced.

7. The engagement letter between You and Molly Zwerdlinger (or Molly Rich) covering the provision of legal services to You by Ms. Zwerdlinger (or Molly Rich).

Response: Plaintiff has stated he does not have any responsive documents.

8. All Documents and Communications between you [redacted] from the period July 10, 2016 and December 31, 2017.

Response: Plaintiff has objected on various grounds to this request but has stated that he will produce responsive documents on a rolling basis. To date no responsive documents have been produced.

9. All video footage of You in any television or other audio-visual recording during which Seth Rich was discussed or mentioned.

Response: Plaintiff has stated he has produced all responsive documents.

Defendants' Reply: Defendants are aware of at least one ABC

documentary in which Aaron Rich appeared shortly after the Seth Rich murder that has not been

produced. https://www.youtube.com/watch?v=LOn09bhDXMo.   Aaron has admitted ■

_____

■■■■■■ and he has appeared on Michael Issikoff's Conspiracyland podcast.  Defendants'

reiterate their request that Plaintiff search for all responsive audio and video.

          10.    All Documents and Communications relating to the use of funds

_____

■■■■■■■.

Response: Plaintiff has objected on various grounds to this request but has

stated that he will produce responsive documents on a rolling basis.  To date no responsive

documents have been produced.

11. All Documents and Communications relating to any purchase of

property in 2016, including any pre-approval letter, bank statements, tax return information,

paychecks and mortgage application.

Response: Plaintiff has objected on various grounds to this request but has

stated that he will produce responsive documents on a rolling basis.  To date no responsive

documents have been produced.

12. Your federal tax returns for the years 2015 and 2016.

Response: Plaintiff has objected on various grounds to this request but has

stated that he will produce responsive documents on a rolling basis.  To date no responsive

documents have been produced.

13.     A complete list of all code names, aliases, handles, usernames and

pseudonyms used by each of You and Seth Rich in connection with the use of any email, eBay,

PayPal or Coinbase account. █████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████

Response: Plaintiff has stated he has produced all responsive documents.

14.     All Documents and Communications relating to any attempts to

reset the passwords to any email or DropBox account for Seth Rich.

Response: Plaintiff has objected on various grounds to this request but has

stated that he will produce responsive documents on a rolling basis. To date no responsive

documents have been produced.

15.     All Documents and Communications relating to any DropBox

account for Seth Rich.

Response: Plaintiff has objected on various grounds to this request but has

stated that he will produce responsive documents on a rolling basis. To date no responsive

documents have been produced.

16.     All Documents and Communications relating to any cell phone

number belonging to Seth Rich over which you retained control at any time after the murder of

Seth Rich, including any text message to any such cell phone number and screenshots of any

phones or phone numbers attempting to communicate with the cell phone of Seth Rich.

Response: Plaintiff has objected on various grounds to this request but has

stated that he will produce responsive documents on a rolling basis. Plaintiff has begun

producing responsive documents.

12

17.  All Documents and Communications relating to any criminal

investigation of ███████████████████████████████████. All privileged documents

must be identified on Your privilege log.

>   Response: Plaintiff has stated he has produced all responsive documents.

18.  All Documents and Communications relating to the account

███████████████ including all emails to and from this account and your role in setting up,

monitoring and using this account ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████.

>   Response: Plaintiff has objected on various grounds to this request but has
> stated that he will produce responsive documents on a rolling basis. Plaintiff has not yet
> produced responsive documents.

19.  All Documents and Communications relating to the alleged

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████.

>   Response: Plaintiff has stated he has produced all responsive documents.

20.  All Documents and Communications relating to ████████████████

████████████████████████████████████████.

>   Response: Plaintiff has objected on various grounds to this request but has
> stated that he will produce responsive documents on a rolling basis. Plaintiff has not yet
> produced responsive documents.

21.  All Documents and Communications relating to the ███████

account of Seth Rich ███████████████████.

      Response: Plaintiff has objected on various grounds to this request but has stated that he will produce responsive documents on a rolling basis. Plaintiff has not yet produced responsive documents.

      22.    All Documents and Communications relating to ███████████████

████████████.

      Response: Plaintiff has objected on various grounds to this request but has stated that he will produce responsive documents on a rolling basis. Plaintiff has not yet produced responsive documents.

      23.    All Documents and Communications relating to any email account You have used███████████████.

      Response: Plaintiff has objected on various grounds including that the phrase████████ is vague and ambiguous and has stated that he does not have any responsive documents.

      Defendants' Reply: To the extent Defendants' request was vague and ambiguous, Defendants seek leave to rephrase the request as follows: "All Documents and Communications relating to any account you have use████████████████████

████████████████████████████████

████████████████████████████." ███████████████

██████████████████████████████

████████████████████████████████

██████████████████████████████

14

█████████.

24.    All Documents and Communications relating to ██████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████.

Response: Plaintiff has stated he has no additional responsive documents.

Defendants' Reply.   Plaintiff claims it is false to suggest ██████████████

███████████████████████████████   ██████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████   ████████████████

██████████████████████████████████████████████████████████

████████████████████████████   ████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

25.    All Documents and Communications referring, relating to or
constituting Communications with Peter Herman, Michael Cass-Anthony, Eric Baker, James
Kissel and Elissa Nadworny, relating to Seth Rich, any property belonging to Seth Rich,
Wikileaks, and the hacking or leaking of DNC emails in 2016.

26.    Response: Plaintiff has objected on various grounds to this request
but has stated that he will produce responsive documents on a rolling basis.  Plaintiff has not yet
produced responsive documents.

27.    All Documents and Communications relating to the email account

15

██████████.[4]

28.     All Documents and Communications relating to all names

(including subscriber names, usernames, and screen names) used in connection with the

████████████████████████████████████████████████accounts

(the "Accounts").

29.     All address (including mailing addresses, residential, addresses,

business addresses, and email addresses) associated with the Accounts.

30.     Local and long-distance telephone connection records relating to

the Accounts.

31.     Records of session times and durations, and the temporarily

assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those

sessions for each of the Accounts from January 1, 2015 to the present.[5]

32.     Length of service (including start date) and types of service

utilized for each of the Accounts.

33.     Telephone or instrument numbers (including Electronic Serial

Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Identification Numbers

(MIN), Subscriber Identity Modules (SIM), MSISDN, International Mobile Subscriber

Identifiers (IMSI) and International Mobile Station Equipment Identities (IMEI)) relating to the

Accounts.[6]

---

[4] Plaintiff's responses are not yet due on the remaining requests.

[5] Plaintiff can find this information either through his account settings or by requesting it from the administrator for the Accounts.

[6] Aaron can obtain this information from the administrator for the Accounts, which will not be provided to a third party in civil litigation.  This information will help determine whether the

34.     Other subscriber numbers or identities, including any temporarily assigned network addresses and registration IP addresses relating to the Accounts; and

35.     The means and source of payment for services (including any credit card or bank account number) and billing records used in connection with or relating to the Accounts. [7]

36.     All Documents and Communications relating to ▇▇▇▇▇

▇▇▇▇▇▇ including the name of the real person behind this username and the full email account for this person/username.

37.     All Documents and Communications between Michael Gottlieb, Joseph Riley and/or Meryl Governski and Deborah Sines, ▇▇▇▇▇▇▇ or Joseph DellaCamera relating to any civil action proposed to be brought or any civil action filed by Plaintiff or Joel and Mary Rich, and all Documents and Communications relating to any of Deborah Sines, ▇▇▇▇▇

▇▇▇▇ or Joseph DellaCamera subsequent to the relevant law enforcement official's retirement or reassignment from the Seth Rich murder investigation.

38.     All Documents and Communications relating to the purchase, leasing or use of the property located ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

39.     All Documents and Communications relating to ▇▇▇▇▇▇▇▇.

40.     Any Currency Transaction Reports ("CTR's") filed by You or Seth Rich at any time from January 1, 2016 to December 31, 2017 and all Documents and

---

Accounts were used to communicate via the mobile phone network with Wikileaks or any Wikileaks intermediaries.  Plaintiff is demanding that Defendants issue subpoena to obtain third-party data; Plaintiff should be held to the same standard.

[7]  This will ensure that Aaron has provided all relevant financial information.

Communications relating to any requirement that You file CTR's with the Internal Revenue
Service.

      41.    All Documents and Communications relating to travel to the U.K.
by You or Seth Rich at any time from January 1, 2015 to December 31, 2016, and all Documents
and Communications relating to travel to and from Washington D.C. by Aaron Rich from
January 1, 2016 to December 31, 2016.

      42.    All Documents and Communications relating to Seth Rich's

██████████████.

      43.    All Documents and Communications relating to Philip Rich.

      44.    All Documents and Communications relating to Kevin Poulsen,

James Dolan, the Freedom of the Press Foundation, or the Electronic Frontier Foundation.

II.    Document subpoenas

    Defendants have issued the following document subpoenas. The relevance of the
witness and his or her information (if not obvious from the context) and the status of the
subpoena follows the name of the person or entity.

    A.    Kelsey Mulka: Girlfriend of Seth Rich; served; documents produced.

    B.    Stuart Blaugrund: ████████████████████████████

████████████████████████████████████ Has been served, but no documents have been

produced.

    C.    Cathy Lanier: Former DC Chief of Police, ████████████████

████████████████████████████████████ multiple attempts at service have been

made without success. The latest subpoena called for responsive documents by March 16, 2020.

18

Defendants will need to re-issue a subpoena and/or seek leave for permission to effect alternate service)

          D.     Metropolitan Police Department: Defendants are seeking information relating to any warrant to search Seth Rich's apartment or belongings; the audio and video recordings from the responding officers' bodycams; and the transcript of the "call out" or "look out" issued after Seth Rich was shot. The MPD has not yet been served and is now no longer accepting service as a result of the COVID-19 crisis. Defendants will need to seek leave to reissue a subpoena when the D.C. "lockdown" order is lifted.

          E.     Pratt Wiley: Seth's immediate supervisor at the DNC ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ The importance of Pratt Wiley ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is described ▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Quainton Decl. ¶ 20. This in turn is relevant to the alleged falsity or reckless disregard of Mr. Couch's statement that "Aaron knew the hit was coming." Multiple attempts at service of Pratt Wiley have failed. The most recent subpoena called for the production of documents by March 16, 2020. Defendants will need to re-issue a subpoena and/or seek leave for permission to effect alternate service.

          F.     Amy Dacey: ▆▆▆▆▆ DNC supervisor with potential information about Seth's ▆▆▆▆▆ behavior at work. Multiple attempts at service of Amy Dacey have failed. The

19

most recent subpoena called for the production of documents by March 16, 2020. Defendants will need to re-issue a subpoena and/or seek leave for permission to effect alternate service)

      G.    Michael Issikof: Prominent media conspiracy theorist, pushed Trump-Russia conspiracy hoax and professionally invested in "debunking" Seth Rich story and any involvement by Aaron Rich. Has been served but is refusing to produce documents.

      H.    Dov Friedman: Seth Rich roommate, has not been served despite multiple attempts. Believed to have knowledge of Seth Rich's political leanings, ███████ and motive to leak emails. The most recent subpoena called for production of documents by March 12, 2020. Defendants will need to re-issue a subpoena and/or seek leave for permission to effect alternate service.

      I.    Michael Cass Antony: Roommate of Seth Rich, believed to have knowledge of Seth's political leanings, which would provide a motive for leaking emails damaging to Hilary Clinton. Has not been served despite multiple attempts. The most recent subpoena called for production of documents by March 12, 2020. Defendants will need to re-issue a subpoena and/or seek leave for permission to effect alternate service.

      J.    Elissa Nadworny: Girlfriend of Michael Cass Anthony, believed to have knowledge of Seth's political leanings, reporter at NPR with knowledge of media efforts to mis-report Seth Rich story. Has not been served despite multiple attempts. The most recent subpoena called for production of documents by March 12, 2020. Defendants will need to re-issue a subpoena and/or seek leave for permission to effect alternate service.

      K.    Eric Baker: Roommate of Seth Rich, believed to have knowledge of Seth's political leanings, which would provide a motive for leaking emails damaging to Hilary Clinton. Has not been served despite multiple attempts. The most recent subpoena called for production

of documents by March 12, 2020. Defendants will need to re-issue a subpoena and/or seek leave for permission to effect alternate service.

L.     Google: Has been served and has produced responsive documents; has been served with follow-up subpoenas.

M.     eBay: Has been served and has produced responsive documents; follow-up subpoena has been issued for information relating to ▇▇▇▇▇▇▇▇, pseudonym used by Aaron Rich.

N.     AOL: Has been served; waiting for responsive documents.

O.     Verizon and AT&T: Have been served with subpoenas for 2016 phone and text message records.

P.     Reddit: Subpoena has been issued but not served; relevant for Seth Rich communications concerning his political leanings, important to shed light on a possible motive for leaking emails damaging to Hilary Clinton. New subpoena will need to be issued.

Q.     Donna Brazile: Former Chairwoman of the DNC, prominent conspiracy theorist, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, obsessed with Seth Rich, appears to believe murder of Seth Rich was linked to hacking of DNC. Has been served with document subpoena; has produced documents; Defendants and counsel for Ms. Brazile are negotiating scope of response.

R.     Joel and Mary Rich: Have been served and have produced documents in response; adequacy of response under review).

S.     Antoine Weston: Law enforcement officer involved in Seth Rich investigation; subpoena has been issued, but Defendants have not been able to effect service.

21

T.    Andrew Theriault: Seth Rich DNC supervisor, ███████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ subpoena has been issued but Defendants

have not been able to effect service despite multiple attempts.

U.    Crowdstrike: Third-party that conducted forensic examination of DNC

servers allegedly establishing that Russian military intelligence hacked into the DNC, never

provided servers or hard drives to law enforcement. Plaintiff believes that Crowdstrike data logs

and other evidence available through subpoena will show that the timing of the imaging of the

DNC hard drives is inconsistent with the Russian military intelligence hacking theory. Subpoena

has been issued but not served.

V.    Democratic National Committee. The DNC is obviously in possession of

highly relevant evidence relating to Seth Rich, including his work email account, the results of

any internal investigation into his death or into the leaking of emails to Wikileaks and the alleged

Russian "intrusion" into the DNC servers. A subpoena has been issued but not served.

W.    FBI: The existence of the FBI report described by Sy Hersh detailing Seth

Rich's involvement in leaking emails to Wikileaks and requesting payment is obviously a critical

issue in the litigation. Defendants have issued a subpoena to the FBI which has not yet been

served.

X.    National Security Administration: Plaintiffs' experts are unanimous in

maintaining that any "hard" evidence of remote hacking of the DNC and any evidence of Seth or

Aaron Rich's leaking of emails to Wikileaks would necessarily be housed with the NSA. It is

significant that in the so-called "Intelligence Community Assessment" on Russian interference in

the 2016 election, the NSA only expressed "moderate" confidence in the theory espoused by

John Brennan and James Comey. If the NSA had any hard evidence of remote hacking they would have expressed "high" confidence in the Brennan/Comey theory, but they did not. Accordingly, documents from the NSA are absolutely critical both the dispute the central narrative on which Plaintiff relies and to establish whether Seth and Aaron Rich intercepts exist at the NSA.

        Y.     Freedom of the Press Foundation. In his audio recording, Sy Hersh suggests that Seth Rich used a "Dropbox." Defendants believe that is a misnomer. Wikileaks sources generally use a highly secure (some might say impenetrable) platform known as Securedrop. See https://securedrop.org/. Securedrop is in turn managed by the Freedom of the Press Foundatin. See https://freedom.press/. Mr. Butowsky has issued a subpoena to the Freedom of the Press Foundation, but it has not been served. Mr. Butowsky anticipates that service may prove difficult or that it may be difficult to address the subpoena to the Securedrop division of the Freedom of the Press Foundation. Accordingly, if he is unable to effect service by conventional means, he requests permission to serve Securedrop directly at the Tor address listed on the Securedrop website, secrdrop5wyphb5xonion.

        Z.     Additional document subpoenas have been issued in connection with the subpoenas duces tecum identified below.

        III.     Depositions. Defendants have issued subpoenas for or need to take the following depositions. The relevance of the witness and his or her information (if not obvious from the context) and the status of the subpoena/deposition follows the name of the person or entity served.

     A.     <u>Kelsey Mulka</u>: Deposition taken; documents produced.

     B.     <u>Rod Wheeler</u>: Depositions taken by both Plaintiff and Defendants;

documents have been produced.

     C.     <u>Brad Bauman</u>: ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████ Has been served;

deposition was scheduled but will be rescheduled given the Coronavirus crisis.

     D.     <u>Sy Hersh</u>: Pulitzer prize winning journalist, claims that an FBI source read

him portions of a report that stated that Seth had provided emails to Wikileaks and requested

payment. Has been served but has not responded and deposition was cancelled for

timing/Coronavirus reasons.  May need to be re-served if counsel cannot be located.  Defendants

may need assistance from the Court to permit alternate service, because physical service on an

elderly man in D.C. will be impossible during the crisis.

     E.     <u>Joe Capone</u>: Manager of Lou's City Bar and Grill ████████████

███████████████████████████████████████████. Has been served and retained

counsel.  Deposition is being rescheduled.

     F.     <u>Joe Della Camera</u>: Former lead detective on Seth Rich case; has not been

served.  Efforts at service are ongoing, but may be complicated by the Coronavirus lockdown.  In

the event no progress can be made on service because institutions such as the Metropolitan

Police Department are not receiving service, Defendants respectfully request additional time to

serve Mr. DellaCamera (and others on whom service was similarly rendered difficult or

impossible).

G.    Ellen Ratner: Friend and associate of Edward Butowsky, reportedly told Mr. Butowsky that Seth Rich leaked DNC emails to Wikileaks, has publicly stated that Julian Assange told her that the DNC emails were provided by a DNC insider. A Rule 31 deposition of Ms. Ratner was taken by Plaintiff.  Defendants were not timely notified of the date of the deposition and counsel for Ms. Ratner improperly conducted live direct examination of Ms. Ratner without an opportunity for cross examination after the witness had answered the written questions.  Mr. Butowsky needs to take his own independent examination of Ms. Ratner. Counsel for Ms. Ratner has objected and refused service, claiming it is unreasonable for Defendants to exercise their rights to depose a critical witness in this case.  The relevant correspondence with counsel for Ms. Ratner was previously filed with the Court as Dkt. 167-3. However, it would constitute a denial of due process for Mr. Butowsky not to be able to take Ms. Ratner's deposition simply on counsel's say-so.  Mr. Butowsky should have every opportunity to take Ms. Ratner's deposition and present the Court with his arguments in the event Ms. Ratner's counsel continues to be uncooperative.  Mr. Butowsky intends to continue to effect service and to continue to search for Ms. Ratner's current address (Ms. Ratner has moved numerous times recently, as described in Dkt. 167).  To the extent Ms. Ratner cannot be served by conventional means, Mr. Butowsky respectfully requests permission to effect alternative service on Ms. Ratner.

H.    Cassandra Fairbanks: Journalist with the Gateway Pundit, author of numerous stories on Seth and Aaron Rich,

25

███████████████████████████████████████████████████████

████████████████ Ms. Fairbanks is obviously a critical witness. A subpoena for a deposition has been issued, but Ms. Fairbanks is refusing service. Mr. Butowsky seeks to continue to attempt service of his subpoena and, failing this method of service, to be authorized to effect alternative service via social media, where Ms. Fairbanks is active.

I.      Warren Flood: Mr. Flood is a democratic political operative and Joe Biden's former information technology officer. Mr. Flood has been credibly linked to the creation of the narrative that Russian military intelligence hacked the DNC and transmitted emails to Guccifer 2.0 who then provided them to Wikileaks. This narrative forms the core of the Mueller report's claims that Russian military intelligence hacked the DNC and Plaintiff's view that any contrary theory is a conspiracy theory promoted by individuals attempting to "smear" the Rich family for financial and political gain. One of Mr. Butowsky's experts, Larry Johnson, has provided a declaration setting forth in detail certain findings debunking the "Russian" nature of the Guccifer 2.0 cut-out and credibly linking Guccifer 2.0 to Mr. Flood. See Declaration of Larry Johnson, dated March 27, 2020. Because of Plaintiff's reliance on the Mueller Report and other intelligence community pronouncements that repeat the same narrative relating to Russian military intelligence/Guccifer 2.0, it is critical that Mr. Butowsky be provided with an opportunity to take the deposition of an individual with alleged first-hand knowledge as to the construction of the Guccifer 2.0 figure and the manipulation of Guccifer 2.0 data for partisan political purposes.

J.      Craig Murray: Former U.K. ambassador to Uzbekistan, acquaintance of Julian Assange, and fierce critic of Mueller Report, has also claimed to have communicated directly with the Wikileaks source for DNC emails. Mr. Murray is obviously a central figure to

26

counter Plaintiff's claim that the Russian military hacking theory is a "fact" and any deviation from it is a "conspiracy theory" designed to damage the Rich family. Mr. Murray is believed to reside in the U.K. As a result, any in person deposition would be impossible in light of the Coronavirus crisis. However, Defendants should be permitted to proceed either with a Rule 31 deposition or a video deposition and to effect service by social media, where Mr. Murray also has an active presence.

      K.    Kim Dotcom: Controversial Internet billionaire and hacker, first publicly identified Seth Rich's ▮▮▮▮▮▮▮▮▮▮ email account, claims to have had direct communication with Seth Rich relating to transmitting DNC emails to Wikileaks. Has provided public comments to Consortium News, but testimony needs to be authenticated. See https://consortiumnews.com/2019/08/02/watch-cn-live-kim-dotcom-bill-binney-mike-gravel-on-episode-4/ (starting at minute 48). Mr. Dotcom lives in New Zealand so an in-person deposition is not possible in light of the Coronavirus crisis. However, a Rule 31 deposition or a deposition by video link should be permitted. Defendants should be permitted to serve Mr. Dotcom via social media, with copy to his current counsel. This testimony is critical, necessary and relevant.

      L.    Deborah Sines: AUSA responsible for the Seth Rich murder investigation from 2016-2018. Plaintiff is likely to seek to introduce into evidence an affidavit from Ms. Sines relating to the conduct of her investigation. Defendants should have the opportunity to obtain her live testimony first, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ms. Sines' deposition has already been taken in a companion case, but there may be issues as to the admissibility of this testimony. See Declaration of Ty Clevenger, dated March 27, 2020.

M.     Ms. Donna Brazile. Defendants reiterate their request for the deposition

of Ms. Brazile. Not only is Ms. Brazile the DNC official with perhaps the most personal

knowledge surrounding the hacking of the DNC, but she is also the only person who can testify

conclusively as the veracity of the claim that Aaron Rich met with Donna Brazile before Seth

Rich's death and threw a chair in the heat of an argument. Plaintiff insists this allegation is

defamatory and has caused him great suffering and professional harm. It is only fair to

Defendants, and Mr. Couch in particular, who is alleged to have made this statement, that he

have an opportunity to examine the one person whose testimony on this topic would be most

credible. Ms. Brazile can also testify as to the climate of fear in Washington before Seth Rich's

murder and can confirm Kelsey Mulka's claim██████████████████████████████████

████████████████████████. As noted, this allegation is highly relevant to the claim that it

would be defamatory to state that Aaron "knew the hit was coming."

N.     Aaron Rich. Defendants intend to issue a deposition notice to Aaron Rich.

Mr. Rich has agreed to the deposition, subject to agreement on scheduling and location.

IV. Plaintiff's Outstanding Requests.

1.     Plaintiff issued additional Requests for Production and Interrogatories to

Defendants on February 28, 2020. Responses and objections are due on Monday, March 30.

Defendants intend to lodge their objections to these requests and agree to produce responsive

documents on a rolling basis in the same manner as Plaintiff has done.

2.     Flock. This is a chat service used by Mr. Couch, who does not own or

control the service. Plaintiff has filed a Motion to Compel production of Flock information. Mr.

Couch has proposed issuing a subpoena to Flock for documents based on search criteria provided

by Plaintiff, which would then be reviewed by Mr. Couch. Responsive, non-privileged

28

documents would then be provided to Plaintiff. Plaintiff is still considering this proposal. The alternative of having Mr. Couch screenshot chat exchanges seems unsatisfactory and unduly burdensome in light of the irrelevance of the Flock information (on which Mr. Couch has stated he is not relying and which cannot provide any evidence in support of Plaintiff's conspiracy theory because Mr. Butowsky has never used Flock). In addition, it appears that Flock information, like Twitter information, is only available for the previous two years, which is presumably insufficient for Plaintiff's purposes. Thus Mr. Couch could spend an enormous amount of time screen-shotting conversations only to be told his production is deficient. This is not fair. A final alternative would be for Plaintiff to bear whatever costs are necessary for each user of the Flock system (there are approximately 12 such users) to upgrade to a "Pro" subscription, which may be sufficient to permit key word searches, although no assurances to that effect can be given. However, as noted, a subpoena jointly issued by Mr. Couch and Mr. Hannibal Moot, who set up the Flock account, would appear to be the best approach.

3.    Twitter.  Mr. Couch has issued a subpoena to Twitter requesting correspondence with individuals/accounts identified by Plaintiff. Upon receipt of information from Twitter, Mr. Couch will review the documents and produce responsive, non-privileged material. Plaintiff has also requested that Mr. Couch or counsel provide a declaration to Twitter confirming that Mr. Couch is the owner of the @realMattCouch account. Mr. Couch has agreed to provide this letter, which is anticipated will be sent shortly.

4.    Mr. Butowsky's alleged deficiencies.  Plaintiff alleged yesterday that Mr. Butowsky's production remains deficient, despite the thousands of additional pages of discovery provided and his 60-page privilege log. Mr. Butowsky spent the day today until the bleeding in

29

his incision prevented him from working further on searching for additional text and social media messages. Quainton Decl. ¶ 23. He will make a further production over the weekend. Id.

        5.     Additional document requests. This afternoon at 3:47 p.m. Plaintiff issued his Fifth Set of Requests for Production to Defendant Ed Butowsky and his Fourth Set of Requests for Production to Defendant Matthew Couch. Defendants have not yet had an opportunity to review these requests.

As your Honor knows, the Coronavirus has caused significant disruption to the parties, and counsel has not been spared. Quainton Decl. ¶ 19. In addition, Mr. Butowsky continues to suffer significantly and face serious medical challenges. Id. ¶ 23. Defendants respectfully request that the Court take the current circumstances into consideration and permit Defendants to brief any issues fully before taking any action to limit Defendants' requested discovery.

                             Very truly yours,

                             /s/ Eden P. Quainton
                             EDEN P. QUAINTON
                             QUAINTON LAW PLLC
                             D.C. Bar No. NY0318
                             1001 Avenue of the Americas, 11th Fl.
                             New York, NY 10018
                             212-813-8389
                             equainton@gmail.com