# EXHIBIT 4

     Eden Quainton &lt;equainton@gmail.com&gt;

---

## Rich v. Butowsky -- Motion for Protective Order

---

**Eden Quainton** &lt;equainton@gmail.com&gt;     Mon, May 4, 2020 at 4:16 PM
To: "Hall, Samuel" &lt;SHall@willkie.com&gt;
Cc: "Gottlieb, Michael" &lt;MGottlieb@willkie.com&gt;, Joshua Riley &lt;jriley@bsfllp.com&gt;, Meryl Governski &lt;mgovernski@bsfllp.com&gt;

Sam,

I'm not sure why my motion would come as a surprise. Obviously, if you have no right under Rule 27(b)(4)(A) to ask the questions I instructed my witness not to answer, I have a right to seek the Court's intervention to ensure that you do not continue to violate the Rules. I made clear to you during the deposition that I would seek relief from the Court and and my relief is simply the flip side of your meritless motion. As to authority, you have things backwards. You did not provide -- and cannot provide because none exists -- any authority for your absurd position that an expert can be examined on the subject matter of his expert report before the report has been prepared. Not a single case you have cited comes anywhere close to providing any authority for your position. There is no need for you to respond this as you will see the argument set forth in detail in my motion papers. As to authority for sanctions against you, they derive from the Court's inherent authority to sanction vexatious, bad faith conduct. If, after reading my motion, you file an additional motion for fees, I will file an additional motion against you.

Sincerely,

Eden

On Mon, May 4, 2020 at 3:57 PM Hall, Samuel &lt;SHall@willkie.com&gt; wrote:

> Eden,
>
> Your proposed motion comes as a surprise to us, given that you have never before mentioned seeking a protective order, including during the time provided for you to file such a motion after having received the subpoena. Your motion is plainly untimely under the federal rules, and if you are going to be seeking fees we will expect you to provide case law for the proposition that your motion for a protective order filed over two months after receiving the deposition subpoena, and two months after the deposition actually took place, is proper. *See Cason-Merenda v. Detroit Med. Ctr.,* No. CIV.A. 06-15601, 2008 WL 2714239, at *1 (E.D. Mich. July 7, 2008) ("[T]he provisions of Fed.R.Civ.P. 26(b)(2)(B) and 26(c) plainly contemplate that a motion for protective relief (including cost shifting) is to be brought before the court *in advance* of the undue burden, cost or expense from which protection is sought.").
>
> We will also point out to the Court, in response to your motion, that as of this date you have failed to cite a single case from any court in the United States – and certainly no case from within this Circuit – supporting the instruction you provided to Mr. Johnson during his deposition. As you surely know, you are obliged to provide us with such authority before you file a motion seeking fees and costs, because without such authority we are deprived of our opportunity to change our position based upon clear law. To date, despite our multiple requests and despite your insistence during Mr. Johnson's deposition that you know of hundreds of cases that support your instructions to Mr. Johnson, you have cited only one case— a Western District of Washington District Court case, *Inteum Co., LLC v. Nat'l Univ. of Singapore*, 371 F. Supp. 3d 864 (W.D. Wash. 2019). We have reviewed this case closely, and do not understand its relevance. For starters, *Inteum* did not involve the permissibility of instructing a witness not to answer questions based on Rule 26 within a deposition; it involved a separate question about whether an expert may submit an affidavit for a summary judgment motion if the expert has not yet been deposed. *See Inteum*, 371 F. Supp. 3d at 871. But more importantly, no argument was made in *Inteum* that there were any grounds to treat the

expert *as a fact witness*; rather, the witness in question was serving *solely* as an expert.  *See id*.  *Inteum*, therefore, is entirely inapposite to the issue raised here, where your own client disclosed Mr. Johnson as a fact witness in their initial disclosures.

Because you have not provided us with any support for your position, we have no reason to believe your request to withdraw our motion is appropriate.  And if you move forward with a motion for fees and costs against us having never provided us with a single case even roughly in support of your legal argument, we will cross-move for our fees/costs in having to respond to a frivolous motion, and reserve our right separately to move for Rule 11 sanctions against you for pursuing frivolous litigation.

Regards,

Sam

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

---

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, May 04, 2020 12:39 PM
**To:** Hall, Samuel <SHall@willkie.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Joshua Riley <jriley@bsfllp.com>; Meryl Governski <mgovernski@bsfllp.com>; Kristin Bender <kbender@bsfllp.com>
**Subject:** Rich v. Butowsky -- Motion for Protective Order

*** EXTERNAL EMAIL ***

Sam,

I am submitting my opposition to your motion to compel and also filing a cross motion for a protective order preventing the testimony you seek to compel and for attorneys fees in bringing an abusive motion.

I assume you will oppose this motion.  Please let me know by 5:00 p.m. today whether you agree to withdraw you motion and consent to to our motion for a protective order (that would bar the deposition testimony you seek in your proposed order set forth at Dkt. 174-14).

Sincerely,

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

www.quaintonlaw.com

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.


--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com