**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AARON RICH

                Plaintiff,

    v.

EDWARD BUTOWSKY, MATTHEW
COUCH, and AMERICA FIRST
MEDIA,

                Defendants.

Civil Action No. 1:18-cv-00681-RJL
Hon. Richard J. Leon

## PLAINTIFF'S OPPOSITION TO MALIA ZIMMERMAN AND FOX NEWS NETWORK, LLC'S MOTION FOR RECONSIDERATION OF DENIAL OF PROTECTIVE ORDER

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

Plaintiff Aaron Rich ("Plaintiff") respectfully submits this Opposition ("Opposition") to the Motion for Reconsideration of Denial of Protective Order ("Motion"), Dkt. 181, filed by Fox News Network, LLC ("Fox News") and Fox News reporter Malia Zimmerman.

## INTRODUCTION

Ms. Zimmerman,[1] dissatisfied with this Court's resolution of her Motion for a Protective Order, now seeks to achieve through this Motion for Reconsideration what she failed to achieve before.  On the merits, there is nothing in the Motion that comes close to meeting the relevant standard for granting reconsideration.  But by simply filing this Motion—even after this Court denies it, as it should under the relevant legal authorities governing reconsideration motions—Fox News and Ms. Zimmerman will have further delayed complying with their discovery obligations while draining Plaintiff's limited resources.  In addition to obtaining this delay—in line with the stay for which Ms. Zimmerman unsuccessfully moved in the first place—this Motion appears aimed at extra-judicial objectives, including garnering media attention by offering statements from Fox News representatives in stories about this Court's Order that curiously were published *not* when the Order was issued, but only when the present Motion was filed.[2]  There is no reason for

---

[1] Although the motion was filed jointly by Fox News and Ms. Zimmerman, for ease of reference, this Opposition refers generally to the movants as "Ms. Zimmerman."

[2] *See* Colin Kalmbacher, *Fox News Asks Judge Not to Force Journalist to Sit for Deposition on Retracted Seth Rich Story*, Law & Crime: A Dan Abrams Production (Apr. 23, 2020, 4:35 PM), https://lawandcrime.com/lawsuit/fox-news-asks-judge-not-to-force-journalist-to-sit-for-deposition-on-retracted-seth-rich-story/ (an article, discussing the Court's order and the Motion, in which a "Fox News executive" comments on the decision); Eriq Gardner, *Fox News Admits Error.  It's Now Become a Constitutional Issue*, The Hollywood Rep. (Apr. 23, 2020, 9:32 AM), https://www.hollywoodreporter.com/thr-esq/fox-news-admits-error-now-become-a-constitutional-issue-1291494 ("In a written opinion two weeks ago that has until now escaped any attention, a DC federal judge ruled that Fox News journalist Malia Zimmerman had to sit for a deposition. . . . On Wednesday, Fox News pushed that judge to change his mind – or at least retreat

this Court to reconsider the same issues that it appropriately resolved on the basis of comprehensive briefing and that have not changed in the intervening months.  The Motion should be denied promptly.

**ARGUMENT**

Having failed to carry her burden of establishing both the need for a protective order and the applicability of the federal and New York newsgathering privileges (the "Newsgathering Privileges"), Ms. Zimmerman tries again to "wholly shirk her civil discovery obligations."[3]  This Court should not allow her to do so, and should deny in full the Motion.  First, motions to reconsider should only be granted in extraordinary instances, and the Motion does not meet that standard.  *Infra* Section I.  Second, Ms. Zimmerman fails to point to any controlling case law (or any analogous case law, for that matter) that demonstrates the Court erred in holding that aspects of Ms. Zimmerman's testimony regarding the retraction of the May 16, 2017 article were outside the Newsgathering Privileges.  *Infra* Section II.  Third, Ms. Zimmerman's arguments that communications with Defendant Edward Butowsky both pre- and post-publication of the May 16, 2017 article are protected by the Newsgathering Privileges fail because the evidence now offered should not be considered given the standards governing motions to reconsider and, even if it is considered, it is insufficient.  *Infra* Section III.  Fourth, Ms. Zimmerman's arguments that post-publication communications with individuals besides Mr. Butowsky are covered by the Newsgathering Privileges fail because the Motion fails to even address a large swath of such communications (*infra* Section IV(A)) and the Motion fails to introduce facts to carry Ms.

---

somewhat. . . .").

[3] *See* Memorandum Order, Dkt. 177, at 5.

Zimmerman's burden that the communications with Defendant Matthew Couch are covered by the Newsgathering Privileges (*infra* Section IV(B)).  Fifth, the Court also correctly determined that Ms. Zimmerman had waived the Newsgathering Privileges, including by sharing information from sources with Mr. Butowsky, a topic the Motion does not even address.  *Infra* Section V.  Sixth, the Court correctly held that Plaintiff had overcome the Newsgathering Privileges, to the extent they were applicable.  *Infra* Section VI. Seventh, the Court's Memorandum Order does not address constitutional issues and hence there is no need for the Court to amend its Memorandum Order. *Infra* Section VII.

## I.      A Motion To Reconsider Should Only Be Granted In Very Limited Circumstances, None Of Which Are Applicable Here

There is no reason for this Court to reconsider its measured and appropriate ruling, and the Motion does not even attempt to justify reconsideration under the relevant legal standard.  Whether a motion to reconsider is brought under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)(6) (all of the Rules under which Ms. Zimmerman asserts she can bring this Motion), the movant bears the burden of demonstrating she is entitled to such relief.[4]  After extensive briefing from the parties, including 65 pages submitted by Ms. Zimmerman, this Court correctly held that (1) Ms. Zimmerman had not met her burden in showing the Newsgathering Privileges applied to many of the topics of her sought deposition; (2) that Ms. Zimmerman had waived the Newsgathering Privileges with respect to the information she shared with Edward Butowsky; and (3) that Plaintiff

---

[4] *See Allen v. Dep't of Justice*, No. 17-cv-1197, 2020 WL 474526, at *4 (D.D.C. Jan. 29, 2020) (moving party has the burden of proving harm would accompany denial of a Rule 54(b) motion); *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (under Rule 59(e), moving party bears the burden of proving "extraordinary circumstances" warrant granting the motion); *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 97 (D.D.C. 2015) (moving party bears the burden under Rule 60(b)).

had overcome the Newsgathering Privileges.  Although one would not know it from reading the Motion, it was Ms. Zimmerman's burden to establish each of the first two points, and this Court was correct to conclude that Ms. Zimmerman failed to carry her burden.

A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).  *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).  Under Federal Rule of Civil Procedure 54(b), "a court should be loathe [sic] to revisit its own prior decisions in the absence of extraordinary circumstances."  *White v. Hilton Hotels Ret. Plan*, No. 16-cv-856, 2019 WL 6877834, at *2 (D.D.C. Dec. 17, 2019).  Reconsideration motions are inappropriate where, as here, the moving party simply seeks to relitigate the same arguments raised in the initial motion.  Courts should grant a motion to reconsider under Rule 54(b) only "as justice requires."  *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (internal quotations omitted).  This standard allows for reconsideration of an order where the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court."  *Singh*, 383 F. Supp. 2d at 101 (D.D.C. 2005) (internal quotations omitted); *see also Allen*, 2020 WL 474526, at *10 (cited by Ms. Zimmerman and articulating the *Singh* standard).

The Court did not misunderstand either party, did not make a decision outside the issues presented, and Ms. Zimmerman has not pointed to any change in the law or the facts since the Court decided the issue.  Ms. Zimmerman now provides a Declaration allegedly in support of her motion for reconsideration, but it was her burden to provide evidence when she filed her original

motion, which she failed to do.[5]  She cannot cure that failure now; the evidence offered, her own Declaration, could have been put forward with the original motion.  There has been no change in facts or law, and Ms. Zimmerman's lack of diligence in briefing her original motion does not compel this Court to revisit its prior rulings.  Thus, the Motion appears to rely upon an alleged error of apprehension, examples of which include failing to consider "controlling decisions or data."  *Singh*, 383 F. Supp. 2d at 101 (internal quotations omitted).  As detailed below, there was no such error here.[6]

---

[5] *See* Plaintiff's Opposition to Non-Parties Malia Zimmerman and Fox News Network, LLC's Joint Motion for a Protective Order Barring Deposition ("Protective Order Opposition"), Dkt. 138, at 12-17.

[6] Ms. Zimmerman also moves for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(6).  But the appropriate rule for a motion to reconsider an interlocutory order is Rule 54(b).  *See Cobell v. Norton*, 224 F.R.D. 266, 271-72 (D.D.C. 2004).  Even if Rule 59(e) and/or 60(b) were appropriate rules under which to consider the Motion, the Motion should be denied. Rule 59(e) and Rule 60(b) have even more stringent standards a movant has to meet for the motion to reconsider to be granted.  *Id.* at 272.  Neither is a vehicle for a party to relitigate old arguments. *Duarte v. Nolan*, No. 16-cv-7102, 2017 WL 7736939, at *1 (D.C. Cir. Apr. 18, 2017).  Under Rule 59(e), a motion to reconsider can only be granted "(1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice."  *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotations omitted).  Under Rule 60(b)(6), "[r]econsideration can be properly granted only when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust."  *Walsh v. Hagee*, 10 F. Supp. 3d 15, 21 (D.D.C. 2013) (internal quotations omitted).  Ms. Zimmerman cites to no change in the law.  *See* Motion.  She cites to no new evidence that was not previously available.  She could have submitted a declaration as part of the original motion for a protective order, but chose not to do so, and she should not be permitted to use the extraordinary remedy of reconsideration to obtain another bite at the apple.  *See Leidos*, 881 F.3d at 217 (holding that a Rule 59(e) motion cannot be used to "present evidence that could have been raised prior to the entry of judgment").  Finally, as will be described below, this Court did not make any "clear error" in its Memorandum Order nor does Ms. Zimmerman's motion put forward a "previously undisclosed fact."  Although Ms. Zimmerman has now submitted a Declaration that Mr. Butowsky was a "source" for Ms. Zimmerman, her previous filing made that claim.

**II.     The Court Correctly Held That Discussion Of The Decision To Retract The May 16, 2017 Article Was Outside The Scope Of The Newsgathering Privileges**

The Motion asks the Court to undo the Memorandum Order's holding that discussions regarding the retraction of the May 16, 2017 article authored by Malia Zimmerman are outside the scope of the Newsgathering Privileges.  This issue was fully briefed and presented to the Court, and the Motion offers no new facts or intervening law that this Court did not consider.  Thus, the Motion's argument essentially boils down to a disagreement with the Court as to the meaning of existing law.  But the Motion does not even attempt to argue (as is required under Rule 54(b)) that this Court *clearly* misunderstood *controlling* law;[7] indeed, the Motion fails to identify a single case, from any court anywhere, that has held that communications relating to a decision to retract a news story are protected by the news*gathering* privilege.

None of the cases cited in the Motion constitute controlling authority with respect to the question of whether materials relating to retractions fall within or outside of the scope of any newsgathering privilege.  *In re Eisinger* involved plaintiffs' request to depose a journalist relating to investigative reporting he performed and the related pre-publication editorial decisions.  No. 11-MC-00060, 2011 WL 1458230, at *1-3 (S.D.N.Y. Apr. 12, 2011).  In *Application of Consumers Union of United States, Inc.*, plaintiffs and defendants sought testimony and documents relating to the pre-publication reporting and editing of a series of articles authored by a reporter.  495 F. Supp. 582, 584-85 (S.D.N.Y. 1980).  *Palandjian v. Pahlavi* concerned two pre-publication interviews conducted by a reporter, and the notes and tapes of the interviews.  103 F.R.D. 410, 411-12 (D.D.C. 1984).  *Giuffre v. Maxwell* related to the pre-publication reporting of a series of articles written by

---

[7] *See Singh*, 383 F. Supp. 2d at 101 (stating an error of apprehension, the only grounds for reconsideration under Rule 54(b) applicable to this case, is an error to understand controlling law or facts).

a print journalist.  221 F. Supp. 3d 472, 474-75 (S.D.N.Y. 2016).  *Maughan v. NL Industries* related to a party seeking the notes, tape recordings, and other documents relating to pre-publication reporting of an article published in the Washington Post.  524 F. Supp. 93, 94-95 (D.D.C. 1981). The fact that none of these cases is either controlling or even persuasive as to the application of the privilege to a retraction decision is enough to reject the Motion.

Contrary to Ms. Zimmerman's assertion, *Westmoreland v. CBS, Inc.* is the most analogous authority, and this Court was correct to rely upon it given the absence of conflicting authorities. In *Westmoreland*, CBS issued a written statement (the "Sauter Memorandum") that criticized aspects of a CBS broadcast, along with providing support for the "substance of the broadcast." *Westmoreland v. CBS, Inc.*, 97 F.R.D. 703, 704-05 (S.D.N.Y. 1983).  As part of the statement, Sauter acknowledged the news program had failed to comply with certain standards of journalism that, according to Sauter, CBS had maintained.  Jonathan Friendly, *CBS Criticizes Documentary But Stands By It*, N.Y. Times, July 16, 1982, https://www.nytimes.com/1982/07/16/arts/cbs-criticizes-documentary-but-stands-by-it.html.  The Sauter Memorandum was based upon an internal investigation, to which the Sauter Memorandum referred.  *Westmoreland*, 97 F.R.D. at 704.  The court in *Westmoreland* held that the Sauter Memorandum and the investigative report were not newsgathering, and thus the newsgathering privilege was inapplicable.  *Id.* at 707.  As such, the court granted plaintiff's motion to compel production of the investigative report that supported the Sauter Memorandum.  *Id.* at 704, 707.

Here, Fox News published a statement removing the May 16, 2017 article on its website.[8] The statement made reference to an investigation conducted by Fox News: "Upon appropriate

---

[8] Dkt. 116-7 at Ex. 59.

review, the article was found not to meet" the "high degree of editorial scrutiny" Fox News stated it required for its reporting.[9]  Thus, just as in *Westmoreland*, the news agency determined that the relevant article did not meet its own professional standards,[10] and further, the retraction statement did not reject the substance of the article.[11]  No case cited by Ms. Zimmerman presents even remotely comparable facts.

Zimmerman's contrast between *Westmoreland* and *Consumers Union* only serves to reinforce the distinction, plainly understood by Judge Pierre Leval, as between *pre-publication* editorial discussions, on the one hand, and discussions relating to *post-publication* criticism of news on the other.  Judge Leval's reasoning is entirely consistent and in line with this Court's opinion—in *Consumers Union* (decided in 1980) Judge Leval protected pre-publication discussions, but declined to extend those protections to internal investigative reports as to the accuracy or falsity of a news program in *Westmoreland* (decided in 1983).[12]  This distinction is entirely consistent with the fundamental principle, which the Motion does not dispute, that the publication of false information has no First Amendment value.  *Herbert v. Lando*, 441 U.S. 153, 171 (1979) ("Spreading false information in and of itself carries no First Amendment credentials.  There is no constitutional value in false statements of fact.").  Applying that principle, the

---

[9] *Id.*

[10] *See id.*

[11] *Id.*; Motion, Dkt. 181, at 6 ("The retraction did *not* state that Fox had concluded the article was false.  On the contrary, Fox News told its readers: 'We will continue to investigate this story and will provide updates as warranted.'").

[12] The Motion also ignores *Guzman v. News Corp.*, 877 F. Supp. 2d 74 (S.D.N.Y. 2012), another case on which the Court correctly relied in finding the retraction discussion was outside the scope of newsgathering and hence the newsgathering privilege.

Newsgathering Privileges provide no "newsgathering" immunity for communications relating to the investigation and retraction of false claims.[13]  The Motion cites no contrary authority, from this Circuit or any other.  There is thus no reason to revisit this aspect of the Court's Order.

**III.  The Court Correctly Held That Communications With Mr. Butowsky Were Not Protected By The Newsgathering Privileges**

A.   *The Court Correctly Held That Pre-Publication Communications With Mr. Butowsky Were Not Newsgathering*

The Motion makes much of the banal proposition that the Newsgathering Privileges are not limited to conversations between a reporter and a source, yet fails to grapple with the equally simple proposition that not *all* communications a reporter has constitute newsgathering.  Again, in order to justify an order for a protective order *prohibiting the entire* deposition, it was Ms. Zimmerman's burden to establish that *all of her* relevant communications with Mr. Butowsky involved newsgathering as that term has been defined in the cases, and it is glaringly obvious that she cannot satisfy that burden.  Mr. Butowsky was not an employee of Fox News, nor was he an editor, a fact-checker, or a reporter.[14]  Thus, at minimum any information that Ms. Zimmerman (or others at Fox News) voluntarily shared with Mr. Butowsky falls outside of any newsgathering privilege.

As to information that Mr. Butowsky may have relayed to Ms. Zimmerman, this Court was correct to conclude (and need not reconsider its finding) that Ms. Zimmerman failed to carry her

---

[13] Despite Fox News's statement that it has not concluded the May 16, 2017 article was false, Plaintiff has alleged (and will prove at trial) that the article was false.  *See* Complaint, Dkt. 3, ¶¶ 29-31.

[14] *See* Plaintiff's Surreply in Support of His Opposition to Non-Parties Malia Zimmerman and Fox News Network, LLC's Joint Motion for a Protective Order Barring Deposition ("Surreply"), Dkt. 170, at 3-4.

burden to demonstrate that Mr. Butowsky was a "source" as that term is understood under the relevant cases.[15]   It is worth recalling that neither the original Motion for a Protective Order nor the Reply cited *anything* on which this Court could have concluded that Mr. Butowsky was a source, even though Ms. Zimmerman had the burden of establishing the applicability of the Newsgathering Privileges.   Only now in this Motion for Reconsideration has Ms. Zimmerman introduced any evidence—here, a Declaration in which she asserts Mr. Butowsky was a source for the May 16, 2017 article.   But this Court should not consider this belated submission on reconsideration, and even if it did, the Declaration would not warrant a different result.

In order to support her introduction of this Declaration at this stage, Ms. Zimmerman relies upon *Rosenberg v. U.S. Department of Defense*.   However, that case is fundamentally different from this case, and illustrates the very narrow circumstances upon which a motion to reconsider should be granted.   In *Rosenberg*, the plaintiff had submitted information from a database that tracked the hunger strikes and force-feedings of detainees at Guantanamo Bay.   *Rosenberg v. U.S. Dep't of Defense*, No. 17-cv-00437, 2020 WL 1065552, at *1, 4 (D.D.C. Mar. 5, 2020).   The court, in ruling against the plaintiff, noted that the plaintiff had failed to demonstrate that each instance in the database had been confirmed by the U.S. government.   *Id.* at *4.   After the plaintiff submitted such specific evidence on this narrow point *and the defendant did not dispute such evidence*, the court ruled reconsideration was appropriate.   *Id.* at *5.

The Court should not consider Ms. Zimmerman's Declaration on a Motion for Reconsideration given the lack of any excuse for having provided that Declaration timely along with the submission of the original Motion for a Protective Order.   It was Ms. Zimmerman's burden

---

[15] Memorandum Order, Dkt. 177, at 3.

to establish that the Newsgathering Privileges applied to these pre-publication communications in the first place, and a motion to reconsider is not a vehicle for Ms. Zimmerman to rehash old arguments or belatedly introduce evidence that was entirely within her control at the time of the original motion for a protective order.  *See Anatolie Stati v. Republic of Kaz.*, 302 F. Supp. 3d 187, 197 (D.D.C. 2018) ("The Court did not err as a matter of fact in its May 11, 2016, Order for the simple reason that respondent did not present the facts it now seeks to introduce in its motion for reconsideration. And because respondent does not claim that these facts were not available to it at the time it filed its initial motion to include additional defenses, they are improperly raised now" as part of a Rule 54(b) motion to reconsider.).

Separately, unlike in *Rosenberg*, here the evidence belatedly submitted by Ms. Zimmerman has already been refuted.  As Plaintiff has repeatedly argued, and as this Court agreed based upon Mr. Butowsky's own statements, Mr. Butowsky was not a source for the May 16, 2017 article. Memorandum Order, Dkt. 177, at 3 n.1.

Even if the argument and the Declaration are considered, the best Ms. Zimmerman can offer, aside from vague references to "leads" and "background information," is a citation to comments made to Mr. Butowsky by Seymour Hersh, another journalist.[16]  The problems with that theory are legion, including that the "source" in that conversation was either Mr. Hersh or the alleged "sources" on whom Mr. Hersh relied.  It strains credulity to imagine that Fox News would defend the propriety of calling Mr. Butowsky the "source" for information relating to an alleged federal investigation that a Fox News reporter heard about third-hand from Mr. Butowsky.  In sum,

---

[16] Motion, Dkt. 181, at 8.

Ms. Zimmerman has failed to carry her burden that Mr. Butowsky was a source for the May 16, 2017 article.

B.     *The Court Correctly Held That Post-Publication Communications With Mr. Butowsky Are Outside The Newsgathering Privileges*

As this Court correctly held, it was *Ms. Zimmerman's burden* to establish that the *post-publication* communications with Mr. Butowsky were covered by the Newsgathering Privileges.[17] In order to claim that her post-publication communications with Mr. Butowsky are covered by the newsgathering privilege, Ms. Zimmerman asserts in her Declaration that Mr. Butowsky was not just a source for the May 16, 2017 article, but also a source for "*additional news stories*." Recognizing that no such stories were ever published, Ms. Zimmerman nonetheless claims Mr. Butowsky was a source for unpublished articles.[18]  As with the argument about pre-publication communications, the Court should not even consider this Declaration for purposes of post-publication communications.  *See Anatolie Stati*, 302 F. Supp. 3d 187 at 197 ("The Court did not err as a matter of fact in its May 11, 2016, Order for the simple reason that respondent did not present the facts it now seeks to introduce in its motion for reconsideration. And because respondent does not claim that these facts were not available to it at the time it filed its initial motion to include additional defenses, they are improperly raised now" as part of a Rule 54(b) motion to reconsider.).

Even if the Court were to consider this new Declaration from Ms. Zimmerman, it does not demonstrate what Ms. Zimmerman avers.  The assertion that Mr. Butowsky was a source after

---

[17] Memorandum Order, Dkt. 177, at 2-3; *see also* Protective Order Opposition, Dkt. 138, at 12-17; Surreply, Dkt. 170, at 1-3.

[18] Motion, Dkt. 181, at 5.

May 16, 2017, for any unpublished articles pertaining to Seth Rich, Aaron Rich, or the transfer of documents from the Democratic National Committee to WikiLeaks strains credulity and is entirely inconsistent with the record before this Court as *Mr. Butowsky* has declared that he was not a source for the *original* article.   Indeed, Mr. Butowsky points to *Ms. Zimmerman* as the one possessing the relevant information, and seeks to rely on Ms. Zimmerman as a basis for his defamatory statements about Plaintiff.[19]   This makes sense.   Mr. Butowsky is a financial and wealth management adviser in Texas who serves as a part-time, unpaid commentator for Fox News—there is no reason to believe he was in possession of any material information relating to unpublished articles on these topics.[20]   The Declaration is insufficient to overturn the Court's previous ruling that Mr. Butowsky was not a source for either pre- or post-publication communications.

## IV.   The Court Correctly Held That Other Post-Publication Communications, Including With Mr. Couch, Are Outside The Newsgathering Privilege

### A.   *The Motion To Reconsider Does Not Even Address Certain, Relevant Types Of Post-Publication Communication*

Ms. Zimmerman did not simply object to certain lines of contemplated testimony—instead, she moved for a protective order that would have effectively quashed the deposition subpoena as a whole.   As such, it was (and remains) Ms. Zimmerman's burden to demonstrate that *all* of her post-publication communications were subject to the Newsgathering Privileges, yet even in

---

[19] *See* Dkt. 127 at 5 ("It has likewise been widely reported that the FBI has inspected Seth's laptop, as attested to by two separate independent sources, the FBI source quoted by Sy Hersh **and the FBI source quoted by Malia Zimmerman.**") (emphasis added).

[20] *See* Surreply, Dkt. 170, at 3-4; Dkt. 3 ¶ 14; Dkt. 23 at 24-25; Dkt. 52-5; Dkt. 116-2 at Ex. 8 at 6:5-10.

demanding reconsideration, Ms. Zimmerman completely fails to address several such relevant topics.[21]   The Motion and Declaration make no reference to Ms. Zimmerman's discussions regarding Mr. Butowsky's public relations campaign relating to the litigation filed by Rod Wheeler.  It also makes no reference to Ms. Zimmerman's post-publication communications with Mr. Wheeler regarding the public controversy over the May 16, 2017 Fox News article.  All of these are post-publication communications that are not covered by the Newsgathering Privileges (it is implausible that Ms. Zimmerman was reporting a story about her own initial false story and the resulting litigation) and the Motion does not argue otherwise.

B.   *The Court Correctly Held That Post-Publication Communications With Mr. Couch Are Outside The Newsgathering Privileges*

The post-publication communications with Couch are also not covered by the Newsgathering Privileges.  The Motion's position on these post-publication communications with Mr. Couch is unclear: the heading of the relevant section refers to communications with Mr. Butowsky only, but then the first sentence of the section refers to both Messrs. Butowsky and Couch.  The Motion provides no basis, as is Ms. Zimmerman's burden, for determining that communications with Mr. Couch would fall under the newsgathering privilege.[22]   Indeed, the Declaration from Ms. Zimmerman to support her claims makes no mention of Mr. Couch.  To the

---

[21] *See* Memorandum Order, Dkt. 177, at 2-3 (holding it was Ms. Zimmerman's burden to show the Newsgathering Privileges apply); *Allen*, 2020 WL 474526, at *4 (moving party has the burden of proving harm would accompany denial of a Rule 54(b) motion); *see also* Protective Order Opposition, Dkt. 138, at 12-17 (Ms. Zimmerman has the burden of demonstrating the need for a protective order and the applicability of the Newsgathering Privileges); Surreply, Dkt. 170, at 1-3 (Ms. Zimmerman has the burden of establishing the applicability of the Newsgathering Privileges).

[22] *See Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 119 n.4 (D.D.C. 2002) (holding that the journalist asserting the federal privilege has the burden of demonstrating it applies); *In re Andrews v. Andreoli*, 92 Misc. 2d 410, 418 (N.Y. Sup. Ct. 1977) (holding that the journalist bears the burden of offering evidence that establishes the privilege).

extent Ms. Zimmerman is claiming Mr. Couch was a source for news articles, this is an unsupported argument.  Given it is her burden, the argument should be denied.

## V.      The Court Correctly Held That Ms. Zimmerman Had Waived The Newsgathering Privileges

It was (and is) also Ms. Zimmerman's burden to demonstrate she did not waive the Newsgathering Privileges.  *Lozman v. City of Riviera Beach*, No. 08-cv-80134, 2014 WL 12360697, at *4 (S.D. Fla. Oct. 8, 2014) ("It is axiomatic that '[t]he party seeking to invoke a privilege has the burden of establishing the non-waiver of the privilege.'") (quoting *United States v. Weissman*, No. 94-CR-00760, 1996 WL 737042, at *25 (S.D.N.Y. Dec. 26, 1996)).  The Motion fails to explain how Ms. Zimmerman satisfied that burden, or how the Court erred in ignoring evidence that she had met that burden.  In any event, for purposes of resolving the present Motion, it is undisputed that Ms. Zimmerman waived any source privilege (1) to the extent she shared information from sources with Mr. Butowsky, and (2) to the extent she shared with others any information received from Mr. Butowsky.  Both the federal and state newsgathering privileges are waived when journalists share information with non-journalist third parties, including (but not limited to) other sources.  *See* N.Y. Civ. Rights § 79-h(g); *Bredemus v. Int'l Paper Co.*, No. 06-cv-01274, 2008 WL 11348492, at *8 (D. Minn. Aug. 22, 2008) (finding the reporter waived any federal privilege by voluntarily providing footage and information to third parties); *Lozman*, 2014 WL 12360697, at *4-5 (finding that by voluntarily disclosing information to others related to events that occurred at a marina on a specific date, the reporter waived the federal privilege for any information he had related to the events of that date); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1177 (D.C. Cir. 2006) ("reporters . . . may waive the privilege") (Tatel, J., concurring); *Palandjian v. Pahlavi*, 103 F.R.D. 410, 413 (D.D.C. 1984) (holding that although the journalist had not done so in this case, journalists could waive the newsgathering

privilege).   Yet in the section of the Motion arguing that she did not waive the newsgathering privilege, Ms. Zimmerman never speaks of her communications *to* Mr. Butowsky, and the reason for that is obvious—those communications, which indisputably took place, clearly demonstrate waiver.

**VI.     The Court Correctly Held That Plaintiff Overcame The Newsgathering Privileges**

A.     *The Court Properly Held That Ms. Zimmerman's Testimony Goes To The Heart Of Plaintiff's Claims And Is Critical Or Necessary To His Claims*

Fox News and Ms. Zimmerman continue to assert that they know better than both this Court and Plaintiff what allegations from Plaintiff's Compliant go to the heart of this case. Repeating these claims on a Motion for Reconsideration does not change that they are based on nothing more than the say-so of counsel, without citations to law or even particular allegations in the relevant Complaint.   This Court need not revisit its prior decisions based upon Ms. Zimmerman's subjective disagreements as to which allegations in the Complaint are more or less important than others—particularly when those views advance self-serving objectives to delay discovery in this matter for as long as possible.

The Motion argues that Ms. Zimmerman's testimony cannot be critical or necessary enough to overcome the Newsgathering Privileges because it would be either cumulative or undermine Mr. Butowsky's credibility.   This Court has already ruled that Ms. Zimmerman's testimony is necessary, based not just on the allegations in Plaintiff's Complaint, but also the disclosures of the Defendants in this case and a wealth of evidence cited in the relevant papers on the original motion.[23]   Plaintiff will not repeat those arguments here, but incorporates them by reference.   In any event, it is hard to see how Ms. Zimmerman's testimony will be cumulative

---

[23] *See* Memorandum Order, Dkt. 177, at 2, 4.

since, as a starting point, she has asserted that Mr. Butowsky was a source for the May 16, 2017 article and Mr. Butowsky has asserted he was not.

The Motion cites to *Liberty Lobby, Inc. v. Rees* to argue that Plaintiff has not overcome the Newsgathering Privileges, but that case demonstrates just the opposite.  In *Liberty Lobby*, the plaintiffs argued that the identity of a confidential source was highly relevant to the plaintiffs' case. *Liberty Lobby, Inc. v. Rees*, 111 F.R.D. 19, 21 (D.D.C. 1986).  The court ruled that the source's identity would result in "cumulative evidence undermining the credibility" of a defendant.  *Id.* at 22.  That decision was based in part, however, on the statement by the defendant that he would not rely on the identity of a confidential source in his defense as evidence of truth or lack of malice. *Id.*  As the Court already noted, the exact opposite situation is present here; Mr. Butowsky is relying on aspects of Ms. Zimmerman's article as part of his defense.[24]

> B.      *The Court Correctly Held That Plaintiff Has Exhausted All Reasonable Sources Of Information*

The Motion omits a crucial adjective when, in describing what steps Plaintiff must take to overcome the Newsgathering Privileges, it argues that "Mr. Rich has not shown that he has exhausted all alternative sources of information."[25]  That is not the test.  Rather, as the case cited to in the Motion holds, overcoming the federal newsgathering privilege requires plaintiff to demonstrate that he exhausted all *reasonable* alternative sources.  *Zerilli v. Smith*, 656 F.2d 705, 713 (D.C. Cir. 1981) (holding that the newsgathering privilege is overcome "only after the litigant

---

[24] Memorandum Order, Dkt. 177, at 4.

[25] Motion, Dkt. 181, at 12.

has shown that he has exhausted every *reasonable* alternative source of information") (emphasis added).[26]

The Court already considered this argument and concluded that Plaintiff had "exhausted all reasonable alternative sources for this information."[27]  The Motion does not present any error in law or fact that contradicted the Court's conclusion, it simply disagrees with the Court's analysis.  That is not reason for granting a motion to reconsider.[28]

## VII.    The Court's Ruling Did Not Unnecessarily Reach Constitutional Issues

Ms. Zimmerman argues that the Court's ruling on the Newsgathering Privileges addresses constitutional issues that this court should avoid, if possible.  As an initial matter, Ms. Zimmerman cited to N.Y. Civ. Rights Law § 79-h as the basis for the New York newsgathering privilege. Plaintiff is not aware of, and the Motion does not cite to, any case law requiring the avoidance of matters of state law.

---

[26] A reasonableness limitation has also been applied to the New York newsgathering privilege. *See In re Grand Jury Subpoenas Served on Nat'l Broad. Co.*, 178 Misc. 2d 1052, 1057 (N.Y. Sup. Ct. 1998) (The court held that it could not accept "the movants' argument that the District Attorney be required to exhaust every conceivable avenue of investigation before being given resort to the out-takes" from news broadcasts.).

[27] Memorandum Order, Dkt. 177, at 4 n.2.

[28] The Motion cites to *Brown & Williamson Tobacco Corp. v. Wigand* for the proposition that the New York newsgathering privilege could not be overcome where plaintiff argued that the defendant was "not a reliable alternative source because he [was] inherently dishonest."  No. 101678/96, 1996 WL 350827, at *5 (N.Y. Sup. Ct. 1996).  However, as the court noted in that case, all the plaintiff had offered in support of that statement was unproven allegations of Wigand's dishonesty.  *Id.*  Here, among other things, Plaintiff cited to an email written by Mr. Butowsky in which he stated that he had "no credibility."  Protective Order Opposition, Dkt. 138, at 19.  Thus, it is not merely allegations by Plaintiff that Mr. Butowsky has no credibility; it is his own words.

With respect to the federal newsgathering privilege, Ms. Zimmerman has the burden of persuasion for this motion to reconsider.[29]   This Court did not rule, and Plaintiff has never suggested, that every aspect of Ms. Zimmerman's work was exempt from the Newsgathering Privilege.[30]   Rather, Plaintiff has specifically identified topics and lines of questioning outside the scope of the Newsgathering Privileges and/or over which Ms. Zimmerman has waived the Newsgathering Privileges.[31]   Ms. Zimmerman, *who had the burden of demonstrating the need for the protective order and the applicability of the Newsgathering Privileges*, has still not adequately shown that the topics and lines of questions are protected by the Newsgathering Privileges and, thus, she cannot show how they implicate the First Amendment.

It appears that Ms. Zimmerman's alternative argument is designed to limit the topics and lines of questioning Plaintiff can pursue at Ms. Zimmerman's eventual deposition.   That is inappropriate—the privilege either protects information from disclosure or it does not protect it, and the law is clear that it is the reporter's burden to establish the applicability of the privilege in order to justify limitations on an otherwise valid subpoena.[32]   Ms. Zimmerman has not identified a single likely question, or single line of testimony, that would compel the disclosure of

---

[29] *See Allen*, 2020 WL 474526, at *4 (moving party has the burden of proving harm would accompany denial of a Rule 54(b) motion).

[30] Memorandum Order, Dkt. 177, at 5.

[31] *See generally* Protective Order Opposition, Dkt. 138; Surreply, Dkt. 170.   As the Court held, Plaintiff has also demonstrated that his need for these lines of testimony also overcomes the Newsgathering Privileges.   Memorandum Order, Dkt. 177, at 4.

[32] *See* Protective Order Opposition, Dkt. 138, at 12-16 (Ms. Zimmerman has the burden of demonstrating the applicability of the Newsgathering Privileges); Surreply, Dkt. 170, at 1-3 (Ms. Zimmerman has the burden of establishing the applicability of the Newsgathering Privileges).

constitutionally protected information.  Her failure to do so makes it unnecessary for this Court to alter or limit its prior holding in any respect.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion for Reconsideration.

DATED:  May 6, 2020

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on May 6, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Malia Zimmerman, Fox News Network LLC, Defendant Edward Butowsky, and Defendant Matthew Couch.   A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com.  Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: May 6, 2020

/s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
D.C. Bar No. 974960

*Attorney for Plaintiff Aaron Rich*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>                        Plaintiff,<br><br>        v.<br><br>EDWARD BUTOWSKY, MATTHEW<br>COUCH, and AMERICA FIRST<br>MEDIA,<br><br>                        Defendants. | Civil Action No. 1:18-cv-00681-RJL<br>Hon. Richard J. Leon |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Motion of Malia Zimmerman and Fox News Network, LLC For Reconsideration of Denial of Protective Order and Plaintiff's Opposition to Malia Zimmerman and Fox News Network, LLC's Motion for Reconsideration of Denial of Protective Order, it is hereby:

ORDERED that the Motion of Malia Zimmerman and Fox News Network, LLC For Reconsideration of Denial of Protective Order is Denied.

SO ORDERED.

ENTERED this _____ day of _____, 2020

_____
Hon. Richard J. Leon
U.S. District Judge

## NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY

In accordance with Local Rule 7(k), listed below are the names and addresses of the

attorneys and parties entitled to be notified of the proposed order's entry:

Michael J. Gottlieb
Willkie Farr Gallagher LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442
Fax: (202) 303-2000
mgottlieb@willkie.com

Joshua P. Riley
Meryl C. Governski
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: (212) 813-8389
Fax: (212) 813-8390
equainton@gmail.com

***Attorney for Defendants Edward Butowsky
and Matthew Couch***

America First Media
2300 West Ash Street
Rogers, AR 72758

***Pro Se***

David H. Stern
Vincent H. Cohen Jr.
Nicolle Lipper Jacoby
Dechert LLP
U.S. Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 808-5720
Fax: (213) 808-5760

1900 K Street, NW
Washington, DC 20006
Tel: (202) 261-3432
Fax: (202) 261-3333

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3820
Fax: (212) 808-3599
david.stern@dechert.com
vincent.cohen@dechert.com
nicolle.jacoby@dechert.com

***Attorneys for Non-Party Malia
Zimmerman***

Joseph M. Terry
Stephen J. Fuzesi
Katherine A. Petti
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jterry@wc.com
sfuzesi@wc.om
kpetti@wc.com

***Attorneys for Non-Party Fox News
Network, LLP***