UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

      Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

      Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

## NOTICE OF REQUEST FOR CLARIFICATION

On April 23, 2020, the Court entered an order granting in part and denying in part Defendants' outstanding discovery requests. Dkt. 182. Notably, the Court ordered that Defendants could not serve subpoenas on Google, eBay, Verizon, AT&T, Crowdstrike, the Freedom of the Press Foundation and the FBI. *Id.* at 7-8. However, as noted in the list of outstanding discovery items submitted to the Court, subpoenas for these parties had already been issued. Dkt. 183 at 21 (Google, eBay, Verizon and AT&T), 22 (Crowdstrike and FBI), and 23 (Freedom the Press Foundation).

While this may not have been clear in Defendants' submission, these subpoenas had already been sent out for service. Declaration of Eden P. Quainton, dated May 6, 2020 (the "Quainton Decl.") at ¶ 1 and Ex. 1. AT&T was served on or about April 2, 2020. *Id.* Ex. 2. The FBI was served on April 9, 2020. *Id.* Ex. 3; Google and the Freedom of the Press Foundation were served on April 13, 2020; *Id.* Ex. 4 and Ex. 5; and Crowdstrike was served on April 15,

1

2020. *Id.* Ex. 6. Defendant Butowsky paid the subpoena processing fees to AT&T and Google before entry of the Court's April 23, 202 order. *Id.* Ex. 7 and Ex. 8. [1]

On April 23, 2020, Google produced responsive documents to Defendant Butowsky's subpoena for an identification of emails deleted from the two most relevant accounts currently known to Defendants relating to Seth Rich. *Id.* Ex. 9. As of the date of this Notice, neither Plaintiff nor Defendants have been able to decipher fully the documents produced in ".mbox" format by Google. *Id.* Ex. 10. On April 20, 2020 Crowdstrike responded to Mr. Butowsky's subpoena, lodging its objections and asserting that the subpoena was invalid. *Id.* Ex. 11. On April 24, counsel to Crowdstrike further communicated to Mr. Butowsky's counsel that it believed the subpoena was invalid. *Id.* Ex. 12. Mr. Quainton responded that he disagreed and would be seeking clarification from the Court. *Id.* Ex. 13. As of today, the Freedom of the Press Foundation has not responded to Mr. Butowsky's subpoena.

On April 10, the FBI responded to Defendant Butowsky's subpoena, requesting a so-called *Touhy* letter and an executed Privacy Act release from Plaintiff. *Id.* Ex. 14 and Ex. 15. Defendant forwarded the Privacy Act Release and the FBI correspondence to Plaintiff's counsel on April 16, 2020. *Id.* Ex. 16. Defendant also prepared and submitted a *Touhy* letter to the FBI on April 17. *Id.* Ex. 17. Separately, in the matter of *Edward Butowsky v. David Folkenflik, et al.*, 4:18-cv-00442 (ALM-CM), the court noted in ruling on a Motion to Compel that the FBI has admitted it did not search the Washington Field Office or the FBI's Computer Analysis Response Team ("CART") records for materials relating to Seth Rich. *Quainton Decl.* Ex. 18 at 29. This conclusion was not disturbed by the recent summary judgment order entered in the Freedom of Information Act ("FOIA") lawsuit prosecuted by Ty Clevenger holding only that the FBI had

---

[1] Verizon was not served because the address on the subpoena was incorrect. As of this writing, Guaranteed has not confirmed whether eBay was served.

complied with its FOIA obligations by conducting a search "reasonably calculated" to locate responsive documents. *See* Quainton Decl. Ex. 19, *Clevenger v. U.S. Department of Justice, Federal Bureau of Investigation, and National Security Agency*, 18-cv-01568 (LB), at 18. Indeed, the court in the *Clevenger* summary judgment order relied on the same Declaration of David M. Hardy, dated October 3, 2018, that had been before the court in the above referenced Motion to Compel. *See id.* at 6-7; and *compare* Quainton Decl. Ex. 20 *with* Quainton Decl. Ex. 21.

Notwithstanding the foregoing, it is now a matter of public record that ***at least six*** members of the Washington Field Office, ***in addition to*** two members of the FBI Counterintelligence Division and a member of the FBI Office of the General Counsel, were aware of and exchanged communications relating to Seth Rich. Quainton Decl. Ex. 22. The FBI has stated that the Washington Field Office did not conduct a murder investigation into the death of Seth Rich and that it did not provide assistance to the Metropolitan Police Department in connection with the murder investigation. *Id.*, Ex. 21 at 9 and ¶¶ 22 and 23. This representation has been taken as establishing the reasonableness of the FBI's failure to specifically search its Washington Field Office and Computer Assisted Research Team ("CART") files or databases, on the theory that, had a murder investigation been opened, the FBI would have separately logged the name "Seth Rich" as an index entry. *Id.* Ex. 19, *Clevenger v. DOJ et al.*, at 18.

However, this reasoning is circular and unpersuasive. First, since the FBI has admitted that its Washington Field Office did ***not*** open a murder investigation, a statement as to what it might have done had it opened such an investigation is irrelevant. Second, it is evident that issues relating to Seth Rich and Aaron Rich would not have been of primary interest to the FBI Criminal Division, but to the ***FBI Counterintelligence Division***, as indicated by the inclusion of Peter Strozk, the lead agent on the Crossfire Hurricane counterintelligence investigation into

Russian connections with the Trump campaign, in the now public FBI emails relating to Seth Rich. Quainton Decl., Ex. 22. The issues relating to Seth Rich's computer, his emails and any email accounts of his in the custody and control of Aaron Rich would have been of interest to the FBI in connection with the Crossfire Hurricane investigation that also covered the alleged Russian hacking into the DNC. Had this investigation been conducted competently and free of political bias, it would have also explored possible sources for the emails leaked to Wikleaks *other* than Russian military intelligence, including Seth and Aaron Rich, if only to exclude these possibilities for the thoroughness of the investigation.[2]

That Seth Rich was not indexed by name in the FBI's central index is thus not surprising: persons of interest in Crossfire Hurricane, or in Crossfire Razor (relating to Mike Flynn) or Crossfire Wind (Carter Page), would have likely been listed under a generic heading such as "persons of interest," "non-Russian sources" or "Wikileaks claims." There were likely far too many persons of interest in the sprawling Crossfire Hurricane investigation and its progeny for all relevant individuals to be listed by name. Since all information relating to Seth and Aaron Rich would have been classified under Counterintelligence Division subheadings in the Crossfire Hurricane portion of the index, and not in any Criminal Divisions subheadings, it is natural that the specific names of Seth or Aaron Rich would not have been identified in the Central Records

---

[2] The only evidence supplied to the FBI in support of the Russian military intelligence hacking theory was provided by a private organization, Crowdstrike, hired by another private organization, the Democratic National Committee, with an obvious interest in the conclusion that Russia was responsible for the alleged hack as this would divert attention away from the politically damaging substance of the emails themselves.

System index that was searched. Quainton Decl., Ex. 21 at 6 and ¶ 14; Exhibit 18, *Butowsky v. Folkenflix*, at 25 (noting the FBI does not index every possible relevant name).[3]

The importance of an unbiased and exhaustive search of the FBI's records cannot be overstated in this case. As the Court knows, investigative journalist Sy Hersh has been recorded describing the contents of an FBI report detailing email communications between Seth Rich and Wikileaks. As the administrator of his brother's estate, Aaron Rich must, at a minimum, have known about these email communications if they can be confirmed. Confirmation of the existence of the FBI report and/or specific communications between Seth Rich and Wikileaks would be fatal to Plaintiff's case. The failure to conduct a complete search also deprives Plaintiff of the opportunity to meet his threshold burden of proving falsity and is thus also highly prejudicial to him.

Mr. Butowsky requests clarification that subpoenas issued before the discovery cut-off date and served and responded to before the Court's April 23 order can continue to be litigated. Specifically, Mr. Butowsky requests clarification that he can request files from Google in a different format from that produced on April 23, 2020 (not only for himself but also in response to a request made by Plaintiff's counsel as noted above), that he can respond to Crowdstrike, and

---

[3] In addition, the FBI has admitted that it conducted an investigation into Seth Rich and his computers sometime after his death. *See* Quainton Decl., Ex. 23 at 2 (noting that Deborah Sines, the Assistant US Attorney responsible for the Seth Rich murder investigation, communicated with FBI agents who were conducting a separate investigation, presumably from within the Counterintelligence Division, to ascertain whether foreign hackers had attempted to create a fake email account for Seth Rich or plant emails on his computer, a point also made by Ms. Sines on Michael Isikoff's Conspiracyland podcast). Aaron Rich must have known of this investigation. Since this investigation appears to be closed and is not referenced in the Mueller Report, Form 302's, emails and other documents relating to Seth and Aaron Rich must be in the possession of the FBI. This information can be compared to the information produced in discovery by Aaron Rich to assess his credibility and honesty, particularly relevant in a defamation case. The information may also shed light on the evidence pertaining to the underlying leaking of emails to Wikileaks.

5

that he can continue working with Plaintiff and the FBI to ensure that a complete search for responsive documents is performed.[4]

Defendants remain available to provide any additional documents or explanations the Court may request.

Dated: May 6, 2020

                                  */s/ Eden Quainton*_____
                                  EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
                                  QUAINTON LAW, PLLC
                                  1001 Avenue of the Americas, 11th Floor
                                  New York, New York 10018
                                  Telephone: (212) 813-8389
                                  E-mail: equainton@gmail.com
                                  *Attorneys for Defendants Edward Butowsky*
                                  *and Matthew Couch*

---

[4] To the extent responsive documents are provided by AT&T, eBay and the Freedom of the Press Foundation, Mr. Butowsky will promptly share such documents with Plaintiff.

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on May 6, 2020 the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

                                      **QUAINTON LAW, PLLC**

                                      */s/ Eden Quainton*_____
                                      EDEN P. QUAINTON, ESQ.

                                      1001 Avenue of the Americas, 11th Floor
                                      New York, New York 10018
                                      Telephone: (212) 813-8389
                                      E-mail: equainton@gmail.com
                                      *Attorneys for Defendants Edward Butowsky and Matthew Couch*