EXHIBIT 11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH,

          Plaintiff,

   v.

EDWARD BUTOWSKY, et al.,

          Defendants.

Civil Action No. 1:18-cv-0068-RJK

## NON-PARTY CROWDSTRIKE, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rules 45 and 26(b) of the Federal Rules of Civil Procedure, non-party CrowdStrike, Inc. ("CrowdStrike"), through its counsel, hereby submits its Responses and Objections to the Subpoena to Produce Documents and the Addendum thereto (together, the "Subpoena"), issued in the above- captioned action, from Defendants Edward Butowsky, Matthew Crouch, and America First Media, as follows:

**GENERAL OBJECTIONS**

The following objections are based on the information currently available to CrowdStrike. CrowdStrike reserves the right to alter, supplement, amend, or otherwise modify its objections.

1.     CrowdStrike objects to the Subpoena pursuant to Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, a joint or common interest privilege, or any other privilege recognized by law, to which no exception or waiver applies.  CrowdStrike will not produce such privileged documents or materials.

2.      CrowdStrike objects to the Subpoena to the extent it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce such confidential or proprietary information.

3.      CrowdStrike objects to the Subpoena to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information of a third party to whom CrowdStrike owes an obligation of confidentiality including but not limited to the Democratic National Committee.  CrowdStrike will not produce such third-party confidential information.

4.      CrowdStrike objects to the Subpoena to the extent it calls for disclosure of information pertaining to the investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or any other governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities. CrowdStrike will not produce such information potentially implicating confidential governmental investigative activities.

5.      CrowdStrike objects to the Subpoena to the extent it calls for any individual's personal and private information that may be protected by such individual's right to privacy under the U.S. Constitution and/or any State constitution.  CrowdStrike will reasonably interpret each and every Request as not seeking the production of protected information and will not produce such personal and private information potentially protected by an individual's right to privacy.

6.      CrowdStrike objects to the Subpoena under Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks documents that are not relevant to a party's claim or defense in the underlying action and it is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7.      CrowdStrike objects to the Subpoena under Rule 26(b)(1) of the Federal Rules of Civil Procedure because the burdens of producing the requested information would significantly outweigh the benefits of any such production.

8.      CrowdStrike objects to the Subpoena to the extent it seeks discovery of information, including electronically stored information (ESI), from sources that are not reasonably accessible in light of the burdens or costs required to identify, locate, restore, review, and produce whatever responsive information may be found.

9.      CrowdStrike objects to the Subpoena's introductory description and definition of the "2016 Data Breach" as undefined, vague, and ambiguous.

10.     CrowdStrike objects to the Subpoena as overbroad, unduly burdensome and not proportional to the needs of the case to the extent any Request is not limited to a relevant time period.

11.     CrowdStrike objects to the Subpoena to the extent that it seeks materials that are not within CrowdStrike's possession, custody, or control.

12.     CrowdStrike objects to the Subpoena to the extent that it purports to impose obligations on CrowdStrike greater than what the Federal Rules of Civil Procedure and other applicable laws require.

13.     CrowdStrike objects to Subpoena on the basis that the Subpoena is in violation of the geographical limitation set forth in Fed. R. Civ. P. 45(c) and is therefore invalid.

14.     CrowdStrike objects to the Subpoena on the basis that it seeks information that is equally or more easily available to the parties through party discovery.  Accordingly, it is inappropriate to proceed with third-party discovery.

3

15.     CrowdStrike objects to the Subpoena to the extent it is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the Democratic National Committee.

16.     CrowdStrike reserves the right to seek all appropriate remedies and sanctions resulting from the Defendant's presentation of unnecessary and improper discovery requests, including, but not limited to, related costs and counsel fees incurred by CrowdStrike in responding to the Subpoena pursuant to applicable legal authorities.

17.     By responding to the Subpoena, CrowdStrike does not in any way waive or intend to waive any objection as to the relevance or admissibility of any document produced in response to the Subpoena.

18.     By providing these written objections and responses to the Subpoena, CrowdStrike does not in any way admit that any of the documents or materials sought by any Request actually exist.

19.     Each of these General Objections is hereby specifically incorporated into each set of the Specific Objections and Responses, set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST NO. 1:**  Produce unredacted copies of all reports (and draft reports) that CrowdStrike, Inc. (hereinafter "CrowdStrike") prepared, distributed or submitted regarding the 2016 Data Breach (or any other breaches of DNC servers during 2016).

**RESPONSE AND OBJECTIONS TO REQUEST NO. 1:**  CrowdStrike incorporates its General Objections set forth above.  To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 1 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client

privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 1 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 1 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 1 to the extent it calls for disclosure of information pertaining to the investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.

Additionally, CrowdStrike objects to Request Number 1 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "2016 Data Breach," "all reports," "draft reports," and "other breaches of DNC servers," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CrowdStrike further objects to Request Number 1 as overbroad, unduly burdensome, and not proportional to the

needs of the case because it is not limited to a relevant time period.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 1 is unreasonably duplicative and cumulative of discovery Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 1 to the extent such exist.

**REQUEST NO. 2:**  Produce all raw data that CrowdStrike relied on to produce any and all reports identified above in Paragraph 1.  This would include, for example, mirror images of any servers that were breached.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 2:**  CrowdStrike incorporates its General Objections set forth above.  To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 2 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 2 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 2 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any

6

such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 2 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.

Additionally, CrowdStrike objects to Request Number 2 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all raw data," "all reports," and "mirror images," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   CrowdStrike further objects to Request Number 2 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant time period.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 2 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 2 to the extent such exist.

**REQUEST NO. 3:**  Produce all documents, communications, records or other evidence regarding the 2016 Data Breach that were exchanged between (1) CrowdStrike, its representatives, or its agents and (2) government investigators (*e.g*., the FBI or Metropolitan Police Department), the U.S. Department of Justice, members of Congress, or Congressional personnel.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 3:**  CrowdStrike incorporates its General Objections set forth above.   To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 3 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.   CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 3 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.   CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 3 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 3 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.

Additionally, CrowdStrike objects to Request Number 3 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all documents," "all . . . communications," "all . . . records," "all . . . other evidence," "2016 Data Breach," "CrowdStrike . . . representatives," and "CrowdStrike  . . . agents," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CrowdStrike further objects to Request Number 3 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant time period.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 3 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 3 to the extent such exist.

**REQUEST NO. 4:**   Produce all documents, records, or communications setting the parameters of what information CrowdStrike was or was not allowed to share with government agencies or representatives (*e.g.*, FBI, Metropolitan Police, Congressional investigators, etc.) regarding the unauthorized release of data from Democratic National Committee servers.  If, for example, an email forbade CrowdStrike (or its representatives) from sharing certain information from the FBI, that email should be produced.

9

**RESPONSE AND OBJECTIONS TO REQUEST NO. 4:**  CrowdStrike incorporates its General Objections set forth above.   To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 4 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.   CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 4 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.   CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 4 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 4 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.

Additionally, CrowdStrike objects to Request Number 4 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all documents," "all . . . records," "all . . . communications," and "was or was not allowed to share," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the

issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CrowdStrike further objects to Request Number 4 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant time period. CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 4 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 4 to the extent such exist.

**REQUEST NO. 5:** Produce all metadata (*e.g.*, download speeds, file markings, etc.) indicating whether the 2016 Data Breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who entered DNC facilities and downloaded the data onto a storage device.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 5:** CrowdStrike incorporates its General Objections set forth above. To the extent that any responsive documents exist, CrowdStrike responds as follows: CrowdStrike further objects to Request Number 5 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine. CrowdStrike will not produce any such privileged or protected information. CrowdStrike also objects to Request Number 5 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or

11

commercially sensitive information.   CrowdStrike will not produce any such confidential or proprietary information.   CrowdStrike also objects to Request Number 5 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.   CrowdStrike will not produce any such confidential or proprietary information of any third party.   CrowdStrike also objects to Request Number 5 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution.   CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 5 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all metadata," "file markings," "2016 Data Breach," "outside forces," "Russian agents," and "Pakistani agents," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CrowdStrike further objects to Request Number 5 on the grounds that the term "all metadata" is not defined, and that the purported examples of "metadata" in the parenthetical following that term are not metadata, rendering Request Number 5 unintelligible.   CrowdStrike further objects to Request Number 5 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant time period.   CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 5 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 5 to the extent such exist.

**REQUEST NO. 6:**  For the period from January 1, 2016 until July 10, 2016, produce user access logs for each of the disks that were breached during the 2016 Data Breach (or any other security breaches of DNC servers during 2016) as of the time those breach(es) was/were first detected by CrowdStrike and/or the DNC system administrator. Also produce all data or records indicating the dates (1) when CrowdStrike examined each original disk and/or (2) when a mirror image of any such disk was taken from the original.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 6:**  CrowdStrike incorporates its General Objections set forth above.    To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 6 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 6 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 6 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any

13

such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 6 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution.  CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 6 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "user access logs," "each of the disks that were breached," "2016 Data Breach," "any other security breaches of DNC servers," and "first detected," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 6 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 6 to the extent such exist.

**REQUEST NO. 7:**  For the period from January 1, 2016 to July 10, 2016, produce records indicating all occasions (time and date) that Seth Rich downloaded or saved onto any device (*e.g.*,

flash drive, data disc, etc.) any data from Democratic National Committee servers, as well as records reflecting the exact amount of data that Seth Rich downloaded.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 7:**  CrowdStrike incorporates its General Objections set forth above.   To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 7 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.   CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 7 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.   CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 7 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.

Additionally, CrowdStrike objects to Request Number 7 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all occasions" and "downloaded or saved," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 7 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 7 to the extent such exist.

**REQUEST NO. 8:**  For the period from January 1, 2016 to July 10, 2016, produce records indicating all other occasions (time and date) that more than 10 MB of data were downloaded or saved from Democratic National Committee servers onto any device (*e.g.*, flash drive, data disc, etc.), as well as records reflecting (1) the exact amount of data greater than 10 MB that was downloaded and (2) the person or persons responsible for each such download.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 8:**  CrowdStrike incorporates its General Objections set forth above.    To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 8 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 8 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 8 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request

Number 8 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution. CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 8 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all other occasions," "downloaded or saved," and "person or persons responsible," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 8 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 8 to the extent such exist.

**REQUEST NO. 9:**  Produce all metadata (*e.g.*, download speeds, file markings, etc.) indicating whether the 2016 Data Breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who entered DNC facilities and downloaded the data onto a storage device.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 9:**  CrowdStrike incorporates its General Objections set forth above.    To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 9 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.   CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 9 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.   CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 9 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 9 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution.   CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 9 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all metadata," "file markings," "2016 Data Breach," "outside forces," "Russian agents," and "Pakistani agents," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CrowdStrike further objects to Request Number 9 on the grounds that the term "all metadata" is not defined, and that the purported examples of "metadata" in the parenthetical following that term are not metadata, rendering Request Number 9 unintelligible. CrowdStrike further objects to Request Number 9 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant time period. CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 9 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

CrowdStrike also objects that Request Number 9 is an exact duplicate of Request Number 5.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 9 to the extent such exist.

**REQUEST NO. 10:**  Produce all documents, communications, records or other evidence (including written reports) suggesting that someone other than Russian hackers may have been responsible for the 2016 Data Breach.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 10:**  CrowdStrike incorporates its General Objections set forth above.  To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 10 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 10 because it

calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information. CrowdStrike will not produce any such confidential or proprietary information. CrowdStrike also objects to Request Number 10 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee. CrowdStrike will not produce any such confidential or proprietary information of any third party. CrowdStrike also objects to Request Number 10 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities. CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.

Additionally, CrowdStrike objects to Request Number 10 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all documents," "all . . . communications," "all . . . records," "all . . . other evidence," "written reports," "2016 Data Breach," and "Russian hackers," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CrowdStrike also objects to Request Number 10 for failure to describe with reasonable particularity the documents sought. CrowdStrike further objects to Request Number 10 as overbroad, unduly burdensome, and not proportional to the needs of the case because

it is not limited to a relevant time period.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 10 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee. Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 10 to the extent such exist.

**REQUEST NO. 11:**  Produce all documents, communications, records or other evidence (including written reports) suggesting that Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, and/or Rao Abbas improperly accessed data, improperly removed data, or otherwise compromised the security of the DNC's computer systems.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 11:**  CrowdStrike incorporates its General Objections set forth above.    To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 11 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 11 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 11 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any

21

such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 11 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.  CrowdStrike also objects to Request Number 11 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution.  CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 11 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all documents," "all . . . communications," "all . . . records," "all . . . other evidence," "written reports," "improperly accessed data," "improperly removed data," and "otherwise compromised the security of the DNC's computer systems," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CrowdStrike also objects to Request Number 11 for failure to describe with reasonable particularity the documents sought.  CrowdStrike further objects to Request Number 11 as overbroad, unduly burdensome, and not proportional to the needs of the case because

it is not limited to a relevant time period.  CrowdStrike will not undertake such a burdensome search

for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 11 is unreasonably

duplicative and cumulative of discovery that Defendant has propounded or can propound on other

sources from which the documents and materials sought are more readily obtainable, including

without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number

11 to the extent such exist.

**REQUEST   NO.   12:**   A   July   18,   2018   *Washington   Post*   article

(https://www.washingtonpost.com/news/politics/wp/2018/07/13/timeline-how-russian-agents-

allegedly-hacked-the-dnc-and-clintons-campaign/?noredirect=on&utm_term=.alfd9f9dba2a)   lists

several alleged dates that Russian hackers tried to compromise DNC servers:

> **March 15, 2016.**  Russian hackers allegedly begin trying to identify vulnerabilities in the network of the Democratic National Committee.
> **April 18, 2016.**  Hackers allegedly gain access to the DNC network using credentials stolen from a Democratic Congressional Campaign Committee ("DCCC") employee. By June, they've allegedly compromised 33 computers, using the same relay system as for the DCCC.
> **April 22, 2016.** Hackers allegedly compress and steal several gigabytes of opposition research material.
> **May 2016.** Both the DCCC and DNC become aware that their networks have been compromised.
> **May 25 – June 1, 2016.**  Hackers allegedly access the DNC's Microsoft Exchange server and steal thousands of emails.

Produce all evidence (e.g., user logs) that corroborates or refutes the *Washington Post*'s allegations

above regarding the activities of Russian hackers.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 12:**  CrowdStrike incorporates its

General  Objections  set  forth  above.    To  the  extent  that  any  responsive  documents  exist,

CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 12 because it

seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such privileged or protected information.  CrowdStrike also objects to Request Number 12 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 12 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 12 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.  CrowdStrike also objects to Request Number 12 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution.  CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 12 under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including the use of the terms "all evidence," "corroborates or refutes," and "Russian hackers," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not

proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CrowdStrike also objects to Request Number 12 for failure to describe with reasonable particularity the documents sought.  CrowdStrike further objects to Request Number 12 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant time period.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 12 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the *Washington Post* and the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 12 to the extent such exist.

**REQUEST NO. 13:**  Produce a copy of the Windows Security Log Events for all computers, servers and networks that were examined by Crowdstrike as a result of the 2016 Data Breach.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 13:** CrowdStrike incorporates its General Objections set forth above.   To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 13 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine.  CrowdStrike will not produce any such

privileged or protected information.  CrowdStrike also objects to Request Number 13 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information.  CrowdStrike will not produce any such confidential or proprietary information.  CrowdStrike also objects to Request Number 13 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 13 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.  CrowdStrike also objects to Request Number 13 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution.  CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 13 under Rule 26(b)(1) of the Federal Rules of Civil Procedure because it incorporates by reference the various terms contained in Request Number 1 through Request Number 12 that CrowdStrike objected to in response to such requests as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CrowdStrike further objects to Request Number 13 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant time period. CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike further objects to the extent that Request Number 13 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 13 to the extent such exist.

**REQUEST NO. 14:**   If any item or thing requested by this subpoena was destroyed, produce documents, communications, records or other evidence indicating as much.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 14:**  CrowdStrike incorporates its General Objections set forth above.    To the extent that any responsive documents exist, CrowdStrike responds as follows:  CrowdStrike further objects to Request Number 14 because it seeks documents and materials protected by the attorney work product doctrine, the attorney-client privilege, and the common or joint interest doctrine. CrowdStrike will not produce any such privileged or protected information. CrowdStrike also objects to Request Number 14 because it calls for disclosure of CrowdStrike's confidential or proprietary business information, trade secrets, or commercially sensitive information. CrowdStrike will not produce any such confidential or proprietary information. CrowdStrike also objects to Request Number 14 to the extent it calls for disclosure of confidential or proprietary business information, trade secrets, or commercially

sensitive information belonging to a third party to whom CrowdStrike owes an obligation of confidentiality including the Democratic National Committee.  CrowdStrike will not produce any such confidential or proprietary information of any third party.  CrowdStrike also objects to Request Number 14 to the extent it calls for disclosure of information pertaining to governmental investigative activities of the Federal Bureau of Investigation, the Metropolitan Police Department, the U.S. Department of Justice, members of Congress, Congressional personnel, or another governmental entity or personnel, that may implicate the government's interests in maintaining the confidentiality of its investigative activities.  CrowdStrike will not produce any such information potentially implicating confidential governmental investigative activities.  CrowdStrike also objects to Request Number 14 to the extent it calls for individuals' personal and private information that may be protected by such individuals' right to privacy under the U.S. Constitution and/or any State constitution.  CrowdStrike will not produce such personal and private information potentially protected by an individual's right to privacy.

Additionally, CrowdStrike objects to Request Number 14 under Rule 26(b)(1) of the Federal Rules of Civil Procedure because it incorporates by reference the various terms contained in Request Number 1 through Request Number 13 that CrowdStrike objected to in response to such requests as vague, ambiguous, overbroad, unduly burdensome, and/or seeking information that is not relevant to any claim or defense in the underlying action and is not proportional to the needs of the case, considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CrowdStrike further objects to Request Number 14 as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to a

relevant time period.  CrowdStrike will not undertake such a burdensome search for information that is not relevant and proportional to the claims in the case.

CrowdStrike also objects to the extent that Request Number 14 is unreasonably duplicative and cumulative of discovery that Defendant has propounded or can propound on other sources from which the documents and materials sought are more readily obtainable, including without limitation the discovery Defendant may seek from the Democratic National Committee.

Pursuant to its Objections, CrowdStrike will not produce documents in response to Request Number 14 to the extent such exist.


Dated: April 20, 2020                                Respectfully submitted,

                                                     _____
                                                     MARC ZWILLINGER
                                                     marc@zwillgen.com
                                                     ADYA BAKER
                                                     adya@zwillgen.com
                                                     ZWILLGEN LAW PLLC
                                                     1900 M Street NW, Suite 250
                                                     Washington, DC  20036
                                                     Telephone:     (202) 296-3585
                                                     Facsimile:     (202) 706-5298

                                                     *Attorneys for non-party*
                                                     *CrowdStrike, Inc.*

.

## CERTIFICATE OF SERVICE

I, Jamie Moses, hereby certify that on this 20th day of April, I served a copy of the foregoing **NON-PARTY CROWDSTRIKE, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS** upon the following counsel of record by FedEx and electronic mail as follows:

> EDEN P. QUAINTON, ESQ.
> QUAINTON LAW, PLLC
> 1001 Avenue of the Americas, 11th Floor
> New York, New York 10018
> 212-813-8389
> equainton@gmail.com

Date:  April 20, 2020

_____
Jamie Moses