# EXHIBIT 14



**U.S. Department of Justice**

Federal Bureau of Investigation

*Office of the General Counsel*  Washington, D.C. 20535-0001

April 10, 2020

Via E-mail

Mr. Eden P. Quainton
1001 Avenue of the Americas
11th Floor
New York, NY 10018
equainton@gmail.com

Re: Aaron Rich v. Edward Butowski, et al., No. 18-cv-0681 (D.D.C.)

Dear Mr. Quainton:

On or around April 9, 2020, the Federal Bureau of Investigation ("FBI") received a subpoena seeking the production of, among other things, "all data, documents, records, or communications created or obtained since January 1, 2016 that discuss Seth Rich or Aaron Rich."

The disclosure of FBI records and information in administrative or judicial proceedings is controlled by statute and regulation. In order for the FBI to disclose records or information, the requestor must provide the FBI with a jurisdictionally-valid subpoena, order, or demand of a court or other authority, and a scope and relevancy statement as described in Title 28, Code of Federal Regulations ("C.F.R."), Sections 16.21-29. Because you have not provided this office with sufficient information to properly evaluate your request, we are not authorized to produce any FBI information in connection with this matter. See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Should you provide to the FBI the required information, we will review your submission in light of the relevant federal regulations, and will make a determination as to the propriety of the requested release of information. The referenced provisions of the C.F.R., however, are not intended to, and do not, create any right or benefit, substantive or procedural, against the United States. The FBI reserves its rights under Sections 16.21-29, and your compliance with the referenced regulations may not obligate the FBI to release the information you seek.

In addition, our ability to comply with this request is limited by the Privacy Act, Title 5 of the United States Code, Section 552a. The Privacy Act generally prohibits disclosure of records maintained by government agencies, such as the FBI, that are retrieved by the name of an individual. In order for the FBI to process your request, you may need to supply us with a federal court order, a waiver, or some other basis for production consistent with the Privacy Act.

2

    Finally, we note that, while the subpoena return date of April 20, 2020 would provide insufficient time to respond to such overly broad discovery requests under normal operating conditions, the FBI's ability to review and provide records in response to your request could be hampered by the current COVID-19 National Emergency.  The FBI has implemented applicable Office of Management and Budget guidelines to protect its employees and their communities, and to ensure that it can continue to protect the American people during this national emergency.  The Governors of Maryland and Virginia and the Mayor of Washington, D.C. have issued stay-at-home orders, prohibiting residents from leaving their homes except for essential trips. Violation of these orders may result in fines or imprisonment.  The majority of FBI Headquarters employees live in the National Capital Region.  These restrictions may hinder our ability to respond to your subpoena once you provide sufficient information to permit us to evaluate your request.

    Please direct any further communication regarding this request to Assistant General Counsel Steven Parker.  He may be reached by email at sjparker2@fbi.gov.

    Sincerely,

    /s/ Paul R. Wellons
    Paul R. Wellons
    Unit Chief