## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH

                    Plaintiff,

        v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA,

                    Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

### PLAINTIFF'S RESPONSE TO DEFENDANTS'
### NOTICE OF REQUEST FOR CLARIFICATION

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

For the second time in three weeks, Defendants have filed a "notice of request for clarification" that amounts to a disguised motion for reconsideration, pontificates on theories that are baseless and irrelevant to issues before the Court, and lodges excuses for their own failure to follow the rules and orders of this Court. *See* Dkt. 194 ("Notice"); *see also* Dkt. 180.[1]  Plaintiff respectfully submits this narrow response to draw the Court's attention to context omitted from the Notice.

*First*, on March 20, 2020, the Court ordered fact discovery to close on March 27, 2020, and instructed all parties to "submit a list of ***all*** outstanding document requests, document subpoenas, or deposition subpoenas" in order for the Court to "evaluate these submissions and issue an order either permitting or prohibiting the parties from pursuing these outstanding requests beyond the discovery period."  Dkt. 169 ("Order") (emphasis in original).  In the Order, the Court explained: "after March 27, 2020, __no__ other discovery requests will be permitted."  *Id.* (emphasis in original).  Despite this Order, Defendants have admitted that they continued to attempt to serve third-party subpoenas after March 27, 2020, irrespective of the fact that the Court had not yet issued its decision "permitting or prohibiting the parties from pursuing these outstanding requests beyond the discovery period."  *Id.*  Specifically, the Defendants served third-party subpoenas in April 2020 that the Court has since evaluated and prohibited them from serving after March 27, 2020:

> "AT&T was served on or about ***April 2, 2020***.  The FBI was served on ***April 9, 2020***. Google and the Freedom of the Press Foundation were served on ***April 13, 2020***; and Crowdstrike was served on ***April 15, 2020***."

---

[1] Plaintiff does not concede the accuracy or merit of any portion of the Defendants' April 15, 2020 "Notice of Request for Clarification," even though he determined it did not warrant a response.

*See* Notice at 1-2 (citations omitted); *see also* Dkt. 182 at 8 (denying Defendants permission to serve subpoenas on AT&T, FBI, Google, Freedom of the Press Foundation, and Crowdstrike, among others).  The Notice comments that "subpoenas for these parties had already been issued" prior to March 27, 2020, but it omits that Defendant Butowsky waited to issue notices of intent to serve the relevant subpoenas on AT&T and Google until March 26, 2020, and for the FBI, Freedom of the Press Foundation, and Crowdstrike until March 27, 2020.  *See* Dkt. 178-4.

Defendants argue (via Mr. Quainton's declaration) that these subpoenas had been "sent for service" as of March 27, 2020, Dkt. 194-1 ¶ 2, but that is no excuse for having moved to serve subpoenas that were clearly the subject of this Court's Order.  The Court made clear to the parties that it would evaluate subpoenas not served by March 27, 2020, and the Court did not grant the parties permission to continue efforts to serve third parties in the absence of approval from the Court.  At minimum, Counsel for Defendants was obliged to inform the Court and Plaintiff of these developments in a timely fashion, rather than waiting for weeks and doing so only after this Court issued an Order directly bearing on the developments.

Defendant Butowsky now seeks permission to litigate the third-party subpoenas that he served before receiving the Court's permission to do so, and in spite of now having been prohibited from doing so.  *See* Notice at 2, 5-6.  The Court should not permit Defendant Butowsky to benefit from his decision to abuse the subpoena power of this Court.  Instead, this Court should consider remedies appropriate for Defendant's decision to serve subpoenas bearing this Court's seal before this Court granted permission to do so.  *See* Fed. R. Civ. P. 16(f) (authorizing courts on their own or by way of motion to sanction and impose fees or costs on party or its attorney for failure "to obey a scheduling or other pretrial order"); Fed. R. Civ. P. 37(b) (sanctions for failing to comply with court discovery order); *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015) ("[T]he rules of civil procedure vest district judges with the authority to define the parameters and

the sequence of discovery" including to "set deadlines, resolve disputes and, when necessary, to sanction any party that runs afoul of its obligations" (internal quotation marks omitted)).[2]

*Second*, despite being packaged as a "notice," the Notice essentially moves the Court to reconsider its April 23, 2020 Order denying Defendants permission to serve the very subpoenas they are now asking the Court to authorize. *See* Dkt. 182. There is no basis in fact or law to reconsider the Court's April 23, 2020 Order, and even if the Court were amenable to considering the relief the Defendants here seek, it should require that they follow the procedure contemplated by the federal rules.

*Third*, the majority of the Notice, and its two dozen exhibits, recycles conspiracy theories about the FBI that are as unfounded as they are irrelevant to this litigation. Plaintiff does not deem it necessary to burden the Court here with a discussion of the merits of the Notice's arguments and respectfully refers the Court to the previous submissions addressing Defendant Butowsky's long-running crusade to locate materials at the FBI that he has had more than *three-and-a-half years* to obtain and still cannot (because they do not exist). *See, e.g.*, Dkt. 117 at 26-29; Dkt. 179.[3]

---

[2] *See also Lytes v. D.C. Water & Sewer Auth.*, No. CV 05-402 (RMC), 2007 WL 9718949, at *3 (D.D.C. May 9, 2007) ("Blatant disregard for those rules cannot be tolerated."); *accord United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 176 (D.D.C. 2015) ("Because subpoenas are issued with the Court's seal and backed by the threat of court-imposed sanctions, the mere fact that an attorney abuses the subpoena power directly implicates the court itself and creates an embarrassment for the institution." (internal citations, alterations, and quotation marks omitted)).

[3] For example, the Notice continues to distort the opinion of Magistrate Judge Caroline Craven in Defendant Butowsky's lawsuit against NPR, 18-cv-442, in which she *denied* his motion to compel the FBI because she was "not convinced" of the relevance to the allegations and concluded that the "FBI had already conducted some searches for records" and found "those searches were adequate." *Compare* Notice Ex. 18 at 32 (194-19), *with* Notice at 2; *see also* Dkt. 117 at 26-29. The Notice also attaches an email purportedly between Peter Strzok and Lisa Page in which an individual with the FBI field office inquiries about whether the FBI is playing a role in the investigation in light of Julian Assange's implication of a link between WikiLeaks and Mr. Rich, to which an individual responds: "I'm aware of this reporting from earlier this week *but not any specific involvement in any related case*." Notice at 3-4; *id.* Ex. 22 at 3 (194-23) (emphasis added). Defendants turn a blind eye to the fact that this documents refutes, rather than confirms, that the FBI would have any substantive documents relating to the Rich family.

But it does bear noting that Defendants are using the Notice, like nearly every filing they

submit, as a way to provide fodder for a parallel public-relations media campaign to tar Plaintiff,

his lawyers, this lawsuit, and this Court.  For example, on May 1, 2020, The Whistleblower

Newsroom published an audio interview with Mr. Quainton to discuss the Defendants' letter to

the Court detailing outstanding discovery; the interview was marketed with the following promo:

> *OUTSTANDING DISCOVERY: Lawyer Eden Quainton talks about secrecy and tantalizing breadcrumbs of information in a heavily redacted document titled "Outstanding Discovery" that he submitted to the judge hearing a defamation case murdered DNC staffer Seth Rich's brother Aaron brought against Quainton's client Ed Butowsky for allegedly claiming that Aaron was involved and made money helping his dead brother sell DNC emails to Wikileaks.*

The Whistleblower Newsroom, podcasts.apple.com/us/podcast/the-whistleblower-newsroom-

outstanding-discovery/id1469071070?i=1000473285699 (May 1, 2020).  The next day, Ty

Clevenger—who represents Defendant Butowsky in his Plaintiff-sided litigation, including the one

against undersigned counsel, but who withdrew his motion to appear *pro hac vice* before this Court

on the same day that the Southern District of New York denied his motion to do so there, *see* Dkt.

32; *see also* Dkts. 24, 25[4]—also did a media interview about Defendants' letter:

> *Eden sent a letter to the judge that describes some of that evidence. It's now public record that Eden has said that Aaron is withholding email accounts and has potentially destroyed evidence, of email communications involving Seth Rich, possibly some of his own. According to Eden and according to the letter that he filed in the U.S. District Court of DC, Aaron Rich is—at least appears to be— withholding evidence and it also appears that he did not provide evidence to law enforcement.*

*See* The Pete Santilli Show, *EXCLUSIVE: Evidence & Testimony Re: Seth Rich/Wikileaks Turned*

*Over to John Durham's Office*, youtube.com/watch?v=qcCAg-ucB7M, at 14:47 (May 2, 2020)

---

[4] In nearly every filing, the Defendants reference the size of Plaintiff's legal team, but Defendant Butowsky's privilege log indicates that he has amassed an army of individuals to actively work on his own defense, including Mr. Clevenger, Mr. Biss, Larry Johnson, Kirk Wiebe, Bill Binney, Edward Loomis, and various other individuals.  Plaintiff reserves the right to challenge the propriety of withholding documents involving some or all of those individuals.

("Santilli Show").   Notably, despite Defendants' public campaign to accuse Plaintiff of withholding or destroying evidence, to date Defendants have filed precisely *zero* motions challenging Plaintiff's production of discovery, likely because the reality is that Plaintiff has complied with each and every one of Defendants' 105 Requests for Production and other discovery demands.[5]  This campaign is plainly designed to influence public opinion, including by tainting a potential jury pool in this matter.

During the same and an additional media appearance, Defendant Butowsky's counsel in the related Texas litigation disparaged this Court, including by describing the Court as "dirty" and "biased" and "paranoid" and having "conflicts of interest" and "something to hide." [6]  *See, e.g.*, *id.* at 9:34; The Whistleblower Newsroom, *THE BIG BRUTAL BALL OF WAX GROWS AND ROLLS ON*,  https://podcasts.apple.com/podcast/the-whistleblower-newsroom/id1469071070?i=1000471109305 at 42:02 (April 10, 2020).[7]  Mr. Butowsky's counsel also admitted that he was the source of the Gateway Pundit article with the title "MUST READ: Seth Rich Family AND Defendants REQUEST TESTIMONY From Julian Assange – But Podesta-Linked Judge Richard Leon REFUSES"[8] and discussed his filing of a judicial misconduct complaint against Your Honor, stating:

---

[5] Separately, Defendant chastises Plaintiff for the amount that he has been forced to spend on discovery to date.  That is a curious argument.  The majority of the $200,000 that Plaintiff's counsel has incurred in discovery costs relates to hiring a discovery vendor to assist in responding to the Defendants' 105 patently overbroad and irrelevant fishing expeditions.

[6] On March 11, 2020, this Court admonished the Defendants about their "public commentary about this case" and stated that "if they're going to keep commenting about this case, especially comments that are ridiculous and inaccurate and not productive and which could maybe some day impact on a jury pool in this case, it's got to stop."  Dkt. 164 at 18:13-21.

[7] The Whistleblower Newsroom is the same outlet on which Mr. Quainton appeared to discuss the Defendants' discovery filing.

[8] Jim Hoft, The Gateway Pundit, thegatewaypundit.com/2020/02/must-read-seth-rich-family-and-defendants-request-testimony-from-julian-assange-but-podesta-linked-judge-richard-leon-refuses/ (Feb. 11, 2020).

> *"[Judge Leon] has gone in quite deep to protect these lawyers who are representing Aaron Rich. He has gone in quite deep, I think to protect the Russia Collusion Narrative and so he seems to have a dog in the fight and he really needs to get off the case but yet he wants to hang on, he wants to control things."*

Santilli Show at 13:25; *see also id.* at 11:05.  These extra-judicial statements by Defendants'

counsel detract from the truth-seeking purpose of this litigation, and they further the same lies that

caused Plaintiff to sue Defendants in the first instance.


DATED:  May 11, 2020                                Respectfully submitted,

                                                    */s/ Michael J. Gottlieb*
                                                    MICHAEL J. GOTTLIEB (D.C. Bar No.
                                                    974960)
                                                    WILLKIE FARR & GALLAGHER LLP
                                                    1875 K Street NW
                                                    Washington, DC 20006
                                                    Tel: (202) 303-1000
                                                    Fax: (202) 303-2000
                                                    mgottlieb@willkie.com

                                                    JOSHUA P. RILEY (D.C. Bar No.
                                                    1026900)
                                                    MERYL C. GOVERNS KI (D.C. Bar No.
                                                    1023549)
                                                    BOIES SCHILLER FLEXNER LLP
                                                    1401 New York Ave NW
                                                    Washington, DC 20005
                                                    Tel: (202) 237-2727
                                                    Fax: (202) 237-6131
                                                    jriley@bsfllp.com
                                                    mgovernski@bsfllp.com

                                                    **Attorneys for Plaintiff Aaron Rich**

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on May 11, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky, and Defendant Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: May 11, 2020

> */s/ Michael J. Gottlieb*
> MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
> WILLKIE FARR & GALLAGHER LLP
> 1875 K Street NW
> Washington, DC 20006
> Tel: (202) 303-1000
> Fax: (202) 303-2000
> mgottlieb@willkie.com