UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

    Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

**NOTICE OF REPLY TO RESPONSE TO REQUEST FOR CLARIFICATION**

On May 11, 2020, counsel for Plaintiff Aaron Rich filed a response (Dkt. 196) to the Notice of Request for Clarification filed by counsel for Defendants Matthew Couch and Edward Butowsky on May 5, 2020. Dkt. 194. Defendants briefly respond to Plaintiff's filing to correct some of the more egregious misstatements, distortions and attacks in Plaintiff's filing.

First, Plaintiff contends that the Notice is a disguised Motion for Reconsideration of the Court's April 23, 2020 order (the "Order). Dkt. 182. This is nonsense. Defendants do not seek reconsideration of the Order. There is nothing even remotely resembling a motion for reconsideration in Defendants' request. Defendants plainly state that all they seek is clarification. Dkt. 194 at 2, 5. Counsel's bad faith in attacking Defendants is palpable. Plaintiff himself has sought to benefit from the discovery received pursuant to one of the subpoenas that had been sent for service and that he now challenges as abusive. *See* Declaration of Eden P. Quainton, dated May 13, 2020, Ex. 1 (Notice of Intent to Serve Subpoena on Google); Ex. 2 (email notifying Plaintiff that documents received from Google had been uploaded to Boies Schiller discovery platform); Ex. 3 (email from counsel for Plaintiff requesting that counsel for Defendants contact Google and request files in a different format); Ex. 4 (response of Mr. Quainton responding to

1

Ms. Governski and stating that the files can be opened with a program called "Notepad"); Ex. 5 and Ex. 6 (the contents of the .mbox files ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as accessed through "Notepad" and saved to PDF); Ex. 7 (transmittal letter from Google stating that the .mbox files can be opened with "Notepad"). For Plaintiff to demand sanctions against Mr. Quainton when Plaintiff's legal team was encouraging Mr. Quainton to reach out to Google in connection with a subpoena they did not challenge at the time of this encouragement is the height of bad faith. Plaintiff's conduct is most like explained by their belated realization that Google's disclosures ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. These disclosures indicate that, at the same time Aaron Rich was responding to Defendants' document requests, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Instead of addressing these disclosures head-on, Plaintiff's legal team seeks to attack counsel personally in the hopes of ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The Court should not countenance this conduct.

Second, in an act of brazen chutzpah, Mr. Gottlieb accuses Mr. Quainton of running a "parallel" media campaign because he consented to one interview. Dkt. 196 at 4. This is truly the pot calling the kettle black. Mr. Gottlieb and Ms. Governski have been running a media blitz for the better part of two years, seeking to smear Defendants as "liars," "conspiracy theorists," "trolls" and to taint the jury pool by spreading their false narrative on outlets with the loudest megaphones, including CNN, Vox, Yahoo News, and HBO. *See* Butowsky v. Gottlieb, et al., 4:19-cv-490 (ALM)(citing March 27, 2018 CNN interview with Michael Gottlieb in which Mr. Gottlieb falsely attributed statements to Ed Butowsky; https://www.vox.com/policy-and-politics/2018/10/1/17923178/washington-times-seth-rich-aaron-rich-trump-fox-news (quoting Plaintiff's counsel stating as fact, without evidence, that Defendants are "conspiracy theorists

who spread malicious lies for personal and political gain");

https://www.stitcher.com/podcast/yahoo-news/conspiracyland/e/63039394, Yahoo News, Conspiracyland, Episode 6, 14:30-16:28, 18:17-19:39, 19:41-20:22, 20:50-22:05 (containing an extensive interview with Plaintiff's counsel, who again presents as fact and without evidence that Defendants were spreading "lies," a "contrived story," a "fake contrived narrative" that was "all false," and also containing an interview with Aaron Rich claiming that Defendants are guilty of "lies" and "profiting off of lies"). Of course, whether any statements made by Defendants are lies is precisely the allegation to be proven in Plaintiff's lawsuit, not itself a truth to be broadcast without evidence to a mass audience.

Most recently, Mr. Gottlieb appeared on camera in the highly tendentious HBO special "After Truth" in which Seth and Aaron Rich's potential involvement in the leaking of DNC emails to Wikileaks is presented as "disinformation" and "fake news." *See* https://www.amazon.com/After-Truth-Disinformation-Cost-Fake/dp/B085WHWBNH. Aaron Rich also plays a starring role in the HBO special, appearing from 33:00-34:11, 42:02-42:54, and 43:33-43:44, and is allowed to assert that statements relating to his and/or Seth's involvement in leaking Wikileaks emails have been "proven" false, "again and again." This is itself a lie and Aaron Rich knows it. No one has ever proven that Seth or Aaron did not participate in leaking emails. Aaron Rich is attempting to saturate the airwaves with the narrative that his defamation case has already been "proven," whereas nothing could be further from the truth. Such appearances by Plaintiff are extremely damaging to Defendants' right to a fair trial. The harm is exacerbated by the pious appearances of Mr. Gottlieb and Ms. Governski, sandwiched in between other "experts" who concur that the idea that Seth or Aaron Rich could have participated in the leak of emails to Wikileaks is "fake news" and technology-enabled "disinformation," all in an effort to make Plaintiff's position seem authoritative, unquestionable.

Of course no air time is given to those who question the increasingly discredited official narrative on which Plaintiff and his team rely for their arrogant and false claims, including Sy Hersh, Ray McGovern, William Binney, Kim Dotcom and, of course, Julian Assange himself, whom none of the pundits or experts has ever bothered to interview.

For Mr. Gottlieb to complain of a single interview on an alternative news site in light of Plainitff's sustained media campaign over several years on CNN, Vox, HBO, and Yahoo! is frankly absurd. With hyperbole such as this, reminiscent of Plaintiff's lawyers previous assertion that they were the true Davids against Mr. Quainton's Goliath, Plaintiff and his lawyers are in fact betraying their insecurity about their case: they know they cannot prove falsity as they are legally required to do and so they are attempting to pre-try the case in the media and prevent a fair hearing of the evidence. Plaintiff and his team hope that by simply repeating over and over to as many "authoritative" and friendly outlets as possible that all statements allegedly made by Mr. Couch and Mr. Butowsky are "lies," "false," "fake," "perverted," "contrived," "concocted," they will so "carpet bomb" the jury pool that it will be taken as a given, before the trial ever begins and counsel have made their first argument, presented their first witness or offered their first document, that Aaron has already met his burden of proving falsity, leaving only the question of fault to be litigated. This is an understandable strategy, but it is difficult to imagine a more fundamentally unfair process.

Plaintiff's strategy likely continues to this day. Mr. Quainton was recently contacted by a reporter from Rolling Stone working on a piece about Seth Rich tendentiously framed around the question of the "the impact [of the Seth Rich story] on the Rich family, and what accountability (if any) there has been for those involved in the creation of the story." Quainton Decl. Ex. 8. While Mr. Quainton declined to be interviewed, the reporter made clear he was also reaching out to Plaintiff's counsel, who are likely to be quoted in his article and to repeat their evidence-free

4

claims that anything that could hurt Plaintiff's case is "false," "fake," "contrived," "concocted." Plaintiff's counsel's projection of their own strategy onto Mr. Quainton would be laughable if it were not so damaging to Defendants' ability to get a fair trial.

Moreover, Mr. Gottlieb knows that Mr. Quainton has not said anything objectionable and, naturally, does not quote any statements of Mr. Quainton, but rather quotes statements made by Mr. Clevenger, Defendant Butowsky's counsel in a separate case. By juxtaposing Mr. Quainton and Mr. Clevenger, Mr. Gottlieb seeks to confuse the Court and poison the well without ever inquiring of Mr. Quainton whether he knew or approved of Mr. Clevenger's comments, which of course he did not. Quainton Decl. ¶ 10.

Third, Mr. Gottlieb accuses Mr. Quainton of "pontificating" and peddling "conspiracy theories." Dkt. 196 at 1, 3. As usual, Mr. Gottlieb does not cite any evidence to support his attacks. Plaintiff and his counsel appear to believe that anyone who disagrees with them is, by definition, a "conspiracy theorist." This is remarkable given that that <u>Plaintiff</u> is the one promoting the idea of a conspiracy between Mr. Butowsky and Mr. Couch and <u>Plaintiff</u> makes no secret of his intention to hide behind the thoroughly debunked Trump-Russia conspiracy theory and the increasingly discredited Russian military intelligence hacking conspiracy theory, as the most recent declassifications of congressional testimony makes clear. In particular, the CEO of Crowdstrike, on whose analysis the FBI (and Plaintiff) rely, has admitted, under oath, that Crowdstrike ***did not have any direct evidence*** that the "Russians" actually took any documents from the DNC servers. *See* Quainton Decl. Ex. 9, Executive Session of Permanent Select Committee on Intelligence, U.S. House of Representatives, Interview of Shawn Henry, dated December 5, 2017, 32:6-7 ("we do not have direct evidence that data was exfiltrated from the DNC"). Given Plaintiff's claims about "contrived narratives," "concocted" stories, "fake news" and "disinformation," Mr. Henry's admission should be read and re-read.

5

Fourth, Plaintiff's team now seems terrified that the FBI will produce responsive documents in response to Defendant Butowsky's subpoena, in a sharp turnaround from Plaintiff's earlier attitude. Mr. Gottlieb made no objection when he was informed that the FBI had responded to Defendant's subpoena–even though he knew it had been sent for service on March 27, 2020. *See* Quainton Decl. Ex. 10. When Mr. Quainton forwarded the Privacy Act Waiver received from the FBI in response to the subpoena noticed and sent for service on March 27, 2020, Mr. Gottlieb did not even suggest that the subpoena power of the Court had been abused, although he knew the FBI was responding to the subpoena he now claims was wrongfully served. Quainton Decl. Ex. 11. Rather than objecting to anything Mr. Quainton had done, he politely asked to review the correspondence sent by the FBI and promised to respond promptly once he had reviewed the FBI material. *Id.* This is hardly the conduct of someone who believes that Defendants' counsel was abusing the subpoena process.[1]

It was only when Plaintiff's counsel reviewed Mr. Quainton's Notice of Request for Clarification and realized that the FBI has clearly been withholding responsive and potentially damaging documents that counsel expressed his objection. Counsel and the Court now know that at least six Washington Field Office agents, two counterintelligence officers and one member of the office of the General counsel exchanged correspondence on Seth Rich, and that the FBI's Washington Field Office and CART division records were never searched for relevant documents. Dkt. 194 at 3. Evidently, once Mr. Gottlieb realized that the damning evidence in the FBI's possession might see the light of day he felt moved to answer and demand that the Court issue sanctions. But this is just a smokescreen. If Mr. Gottlieb had had any legitimate concerns, he would have brought them to Mr. Quainton's attention on April 16, three weeks earlier, when

---

[1] Mr. Quainton promptly provided the correspondence from the FBI, to which Mr. Gottlieb also did not object. *Id.*

he learned that Mr. Quainton had received a response from the FBI. In truth, it was neither the subpoena nor the response that moved Mr. Gottlieb to go on the attack, but rather the fear that the FBI might disclose damaging documents. That possibility is not a "conspiracy theory" but flows logically from counsel's careful documentation of the FBI's previously inadequate search for documents. Dkt. 194 at 3-4.

Finally, Mr. Gottlieb accuses Defendants of engaging in a "public campaign" to accuse Plaintiff of withholding or destroying evidence even though they have not yet filed any motions to compel compliance with their discovery requests. Dkt. 196 at 5. As an initial matter, it is evident that, outnumbered seven to one, Defendants' counsel cannot do everything in this case as quickly as Plaintiff's legal army can. Counsel should rest assured that the relevant motions will be made. However, Mr. Gottlieb's accusation falls flat when in his very response to Defendants' Notice, he is essentially seeking to quash ████████████████████████████████████ ██████████ after his colleague acknowledged receipt of the Google discovery obtained from the subpoena he now challenges and, far from objecting to the disclosure, asked Mr. Quainton to obtain more readable files from Google. *See supra* at 1-2.

Due process and fair play argue for providing Defendant an opportunity to pursue the subpoenas sent for service on March 27, 2020 with notice to Plaintiff. Defendants respectfully request clarification that they may do so as both they and Plaintiff – until counsel's recent change of heart – reasonably believed they could.

Dated: May 14, 2020

*/s/ Eden Quainton*
EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com

*Attorneys for Defendants Edward Butowsky
and Matthew Couch*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on May 14, 2020 the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*
EDEN P. QUAINTON, ESQ.

1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*