UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH,              )<br>                                           )<br>         Plaintiff,         )<br>                                           )<br>    v.                              )<br>                                           )<br>ED BUTOWSKY, *and*      )<br>MATTHEW COUCH, *and*  )<br>AMERICA FIRST MEDIA,   )<br>                                           )<br>         Defendants.      )  | Civil Case No. 18-681 (RJL) |

**ORDER**

May 19, 2020

On March 20, 2020, this Court ordered the parties to submit a list of all outstanding document requests, document subpoenas, and deposition subpoenas. The Court made clear that it would evaluate those submissions and issue an order permitting or prohibiting those outstanding requests. It did so on April 23, 2020. As part of that order, the Court denied defendants' requests to serve subpoenas on Google, Verizon, AT&T, Crowdstrike, the Freedom of the Press Foundation, and the FBI. On May 6, 2020, defendants filed Notice of Request for Clarification, informing the Court that they had nevertheless served several of those subpoenas *after* the close of discovery on March 27, 2020 but *before* the Court's April 23, 2020 order denying those requests. Dkt. # 194. Defendants noted that several of the served third-parties have objected to the subpoenas or not responded. Their notice, which is styled as a motion, requests leave to "continue to litigate[]" these third-party

subpoenas. The motion is **DENIED**. The Court previously instructed the parties that it would review and rule on all outstanding discovery requests, and that *no* fact discovery—other than the requests specifically permitted by the Court—would occur in this case. The fact that defendants opted to pursue certain discovery *before* the Court ruled on their outstanding requests does not warrant a different result. And, as noted in the Court's April 23, 2020 order, when discovery is complete, the parties remain free to engage in motions practice should they have a good faith basis to believe that another party's production is deficient with respect to any social media or service provider accounts. Should that occur, the Court will consider whether subpoenas to third-party service providers are appropriate.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge