UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AARON RICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 18-681 (RJL) |
| | ) | |
| ED BUTOWSKY, *and* | ) | |
| MATTHEW COUCH, *and* | ) | |
| AMERICA FIRST MEDIA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

July 16th, 2020 [Dkt. ## 160, 171, 190]

Pending before the Court are several motions concerning ongoing discovery disputes between the parties. First, plaintiff has moved to compel defendant Couch to produce documents from Flock, a "multi-party messaging platform" that—according to plaintiff—Couch has used for communications relevant to this case. Pl.'s Mot. to Compel at 2 [Dkt. # 160]. Plaintiff served Couch with his First Request for Production of Documents on April 23, 2019. *Id.* Couch did not respond for several months, and on July 31, 2019, I granted plaintiff's motion to compel him to do so. *Id.* Two months later, counsel for Couch informed plaintiff that other responsive Flock documents in Couch's possession had not been produced. *Id.* For months, the parties discussed possible methods for production, with plaintiff offering to pay Flock half the cost of $500 to make the database searchable for Couch. *Id.* at 2-3. Sometime thereafter, a discovery vendor—

apparently acting at the direction of Couch's counsel—sent plaintiff an invoice for a $4,000 retainer toward an estimated cost of $12,000 for document collection. *Id.* at 3. Not surprisingly, discussions between the parties broke down. *Id.* To date, Couch has failed to produce any of the relevant documents. *Id.* at 3.

Couch advances three arguments as to why he should not be ordered to produce these relevant documents in his possession. First, Couch contends that the Flock documents contain communications with third parties, and, because he has "no right over any other uses of Flock," he cannot produce them without the consent of those third parties. Defs.' Opp. to Mot. to Compel ("Defs.' Mot. to Compel Opp'n") at 1 [Dkt. # 166]. That is wrong. Couch does not assert that the documents are privileged, and he is obligated to produce clearly relevant documents in his possession. Second, Couch argues he is not required to produce the Flock documents because defendant Butowsky did not use Flock, and Couch does not intend to rely on Flock documents in his defense. *Id.* But again, the pertinent question is not whether Couch intends to rely on certain discovery but rather, whether it is relevant to the issues in this case. And the fact that Butowsky did not use Flock does not alone render these documents irrelevant. Third, Couch submits that he does not have "any resources to fund discovery efforts." *Id.* Although the Court is sensitive to Couch's financial situation, those concerns are not animated here. Couch is able to produce the Flock documents at *zero* cost by simply taking screenshots of the communications. For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion is **GRANTED**.

Plaintiff also moves to remedy third-party Larry Johnson's refusal to answer questions during his deposition, including to impose Rule 37 sanctions on his counsel. Pl.'s Mot. to Remedy [Dkt. # 171]. Defendants, in turn, have cross-moved for a protective order and sanctions against plaintiff. Defs.' Opp. to Mot. to Remedy and Cross-Motion for Protective Order and Sanctions ("Defs.' Cross Mot.") [Dkt. # 189]. Defendant Butowsky listed Johnson in his initial disclosures as a fact witness with "knowledge of his investigation of Seth Rich's murder and communications with Mr. Butowsky regarding the same." *Id.* at 2. At his deposition, Johnson's counsel Eden Quainton—who also represents Butowsky and Couch in this matter—instructed Johnson not to answer certain questions. *Id.* at 2-3. Johnson's counsel contends that because defendants intend to offer Johnson as an expert in this case, he cannot be deposed on any matters that might be covered in a future expert report. Defs.' Cross Mot. at 2, 3 (citing Fed. R. Civ. P. 26(b)(4)(A)). In Johnson's view, plaintiff would have an unfair "sneak peak" into defendants' trial strategy if he is permitted to "venture into areas to be covered by Mr. Johnson's report" before the report is prepared. *Id.* at 6.

The law in this Circuit permits plaintiff to depose Johnson as to "facts known or opinions held . . . *prior to the time* at which he began to devote his talents to the litigation." *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 989 (D.C. Cir. 1979) (emphasis added). In other words, facts "derive[d] . . . as an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit" are fair game. *Id.* Facts known and opinions held *in anticipation of litigation or for trial* are not. *Id.* Were it otherwise, parties could shield any fact witness by retaining that witness as an

3

expert. Johnson was retained in April 2018. *See* Defs.' Cross Mot. at 15. His personal observations, knowledge, and opinions prior to April 2018 cannot—by definition—have been made in anticipation of litigation or the preparation of an expert report. They are thus the proper subject of deposition questions in his capacity as a designated fact witness. Plaintiffs are instructed, however, to refrain from asking Johnson questions specifically directed to his qualifications as an expert in this litigation during his deposition as a fact witness. Accordingly, plaintiff's motion to remedy is **GRANTED IN PART** and **DENIED IN PART**, and Johnson's cross-motion is **DENIED**. Johnson is directed to answer questions relating to transactions or occurrences he participated in or observed prior to his retention in April 2018. I decline to impose sanctions against Johnson's counsel at this time.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge