UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>             Plaintiff,<br><br>      v.<br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA<br><br>             Defendants. | Civil Action No. 1:18-cv-00681-RJL<br>Hon. Richard J. Leon |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE OF OUTSTANDING DISCOVERY REQUESTS**

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

*Attorneys for Plaintiff Aaron Rich*

This litigation has been pending for more than two years, and discovery—which already has been extended once[1]—has been active for third parties for nearly two years[2] and for parties for more than a year since the Court denied Defendants' motions to dismiss.[3] The Court has made clear that discovery is now closed, with possible limited exceptions that the Court permits for good cause.[4] On March 20, 2020, the Court instructed the parties to submit a list of outstanding discovery that the parties wish to pursue notwithstanding the close of discovery, having instructed the parties to be judicious about any requests for discovery beyond the end of March.[5] Plaintiff identified a handful of depositions and outstanding document requests, all of which have been served but which Plaintiff, for good cause, has been unable to complete.[6] Defendants have taken a radically different approach by requesting that this Court effectively authorize another discovery period to begin whenever the current stay lifts. The audacity of that request in the face of this Court's admonition, along with certain knowingly-false and misleading representations made by counsel for Defendants, necessitates this response.

---

[1] *See* Dkt. 151.

[2] *See* Dkt. 18 (Rule 26(f) Report).

[3] *See* 03/29/2019 Minute Order.

[4] *See* Dkt. 169.

[5] *See* Dkt 173.

[6] *See* Dkt. 174. Plaintiff has identified two depositions (Zimmerman and Housley) that were the subject of recently denied motions for protective orders; two depositions (Couch and Johnson) that could not be completed because Defendants' counsel improperly instructed witnesses not to answer questions; and one deposition (Defendant Butowsky) that has not been taken because the witness has claimed disability. Plaintiff also has identified a limited number of document requests that have been served but remain outstanding. For example, Defendant Butowsky did not produce documents until March 16, 2020, and Plaintiff has an outstanding motion to compel Defendant Couch to produce documents from Flock.

Defendants continue to behave as they have throughout this litigation: having waited until the last minute to seek discovery that could have been sought months or years ago,[7] Defendants now blame others and make excuses for their delay, make empty promises about forthcoming "evidence" to support their outlandish conspiracy theories about Plaintiff, and demand that this Court grant them more time to get the evidence that has eluded them to date. Defendants now ask this Court to authorize discovery from nearly *three dozen* parties, including unidentified "sources" within the Intelligence Community, the former U.K. ambassador to Uzbekistan, and the girlfriend of the roommate of Plaintiff's murdered brother. All told, in addition to the discovery Defendants have already taken, they now are asking the Court for permission to take twelve depositions, serve or otherwise pursue thirty-four third-party subpoenas, and continue to pursue over one-hundred document requests that they have served on Plaintiff—all of which could have and should have been done before the close of discovery.[8] Defendants are, in effect, asking the Court to treat March 27, 2020, as the beginning, not the end of discovery.

The Court should not tolerate Defendants' latest effort to avoid responsibility for the strategic choices they have made throughout this case. Rather than permit the Defendants to enlarge the scope of discovery, the Court should hold both parties to the same reasonable standard– any discovery from this point forward should be limited to subpoenas that have been properly noticed and served absent a concrete demonstration of exigency and necessity. Plaintiff Aaron Rich and his counsel already have invested substantial time, effort, and resources to timely

---

[7] For example, on the day his Notice was due, Defendants' counsel issued five notices of intent to serve third-party subpoenas, and he served Plaintiff with nine additional document requests.

[8] All of the requests for production that the Defendants have served on Plaintiff are attached as Exhibit A. The Defendants' last-served notices of intent to serve third-party subpoenas that are relevant to this response are attached as Exhibit B.

complete discovery, including out-of-pocket costs exceeding $200,000 in discovery-related costs, including to comply with Defendants' discovery demands. If the "evidence" Defendants now seek truly were as "critical" or "central" to this case as Defendants claim, Defendants could and should have pursued that evidence at some point in the past year.

In particular, Defendants should not be allowed to pursue discovery against third parties that they have known about since 2017. There is no excuse—none—for Defendants' having delayed efforts to locate and serve these parties until 2020. Indeed, it is grossly misleading for Mr. Quainton to assert that Defendant Butowsky's medical condition made it impossible for Defendants to serve third parties such as the Federal Bureau of Investigations ("FBI"), the Democratic National Committee ("DNC"), Crowdstrike, and various members of the Metropolitan Police Department ("MPD") prior to this point. Defendant Butowsky has known about these entities since before this case was filed, and his medical condition did not prevent him from serving subpoenas on three of these four entities in his affirmative litigation in Texas.[9] Permitting Defendants to serve subpoenas they have waited until the very end of discovery to even notice and on parties who will undoubtedly litigate the subpoenas (such as the DNC, Ms. Brazile, Ms. Ratner, Crowdstrike), will reward Defendants and prejudice Plaintiff by creating more delay and a de facto extension of discovery—indeed, litigation that begins only now over such subpoenas would likely drag discovery in this case well into 2021.

---

[9] Ty Clevenger, "Subpoenas issued for FBI, Crowdstrike, and DNC records on 'Russian hacking' and Seth Rich," LawFlog (July 2, 2019), *available online at* http://lawflog.com/?p=2177 ("This afternoon I issued subpoenas to the FBI, CrowdStrike, and the Democratic National Committee for their records on murdered DNC employee Seth Rich. The subpoenas further demand all evidence that Russian hackers were responsible for obtaining DNC emails in 2016 that were later published by Wikileaks.").

Defendants engage in a blame game to justify this massive expansion of discovery, including making a series of accusations ███████████████████████████████████ ███████████████████████████████. Those accusations are false and misleading, as will be explained further below, and completely ignore that Defendants' did *nothing* to pursue discovery from Plaintiff for months. Indeed, the irony of Defendants' accusations regarding deficiencies is that for many of the allegations referenced in the Notice, this is the first and only time that Defendants have identified these alleged issues—Defendants to date have not filed a single motion relating to any discovery deficiency. In any event, the reason Defendants still do not have a shred of evidence showing that Plaintiff was involved in stealing or selling the DNC emails to WikiLeaks is not due to a lack of time to find it, it is because no such evidence exists, and no amount of additional discovery will change that fact.

**A.   Defendants' Proposed Depositions**

The Court has already ruled that Defendant Butowsky could take up to five depositions and that Defendant Couch could take the depositions of Kelsey Mulka (Plaintiff's brother's girlfriend who now has been deposed), Joe Capone (the former owner of Lou's City Bar), and Detective Joseph Della Camera.[10] Defendants are now trying to re-litigate those rulings and re-open discovery, asking for permission to take *twelve depositions* after the stay lifts. In addition to the depositions Defendants have already taken, Defendants are now asking to take additional third-party depositions that consist of:

- One party whose deposition the Court already has rejected (Donna Brazile);[11]

---

[10] *See* Dkt. 151.

[11] *See* Dkt. 142 (Defendants' request to take these depositions); Dkt. 151 (Court's order rejecting request).

4

- Eight parties whom Defendants do not appear to have served with deposition subpoenas despite having had nearly a year to do so (Joseph Della Camera,[12] Ellen Ratner, Cassandra Fairbanks, Warren Flood, Craig Murray, KimDotCom, Deborah Sines, and Donna Brazile), and all of whom (except Mr. Flood) appeared on one of the parties' initial disclosures;[13]

- Four parties for whom Defendants have not even served a *notice* of their intention to serve a deposition subpoena, much less the subpoena itself (Warren Flood, Craig Murray, KimDotCom, and Deborah Sines, the last of whom has already been deposed by Defendant Butowsky in his ongoing and overlapping litigation against National Public Radio in Texas);

- One party who was not listed on any parties' initial disclosures and whom Defendants never previously mentioned as being potential witnesses (Warren Flood); and

- A party whose deposition was already taken, with a transcript and video both having been made available to Defendants, via Rule 31 (Ellen Ratner), but whom Defendants' counsel wishes to re-depose because he declined to submit his own questions pursuant to Rule 31 and belatedly discovered that he did not like the testimony that Ms. Ratner provided.[14] Counsel for Ms. Ratner has objected repeatedly to Mr. Quainton's characterizations and stated need for this deposition, including in a letter that is attached to this filing as Exhibit C.[15]

---

[12] Defendants inexplicably have not served a deposition subpoena to Detective Della Camera, and had the audacity to blame this failure on a purported attempt to evade service, despite the Metropolitan Police Department's publicly available procedures for doing so. *See* https://go.mpdconline.com/GO/GO_701_04.pdf.

[13] For each of these parties, Defendants either state that they have not served deposition subpoenas or Defendants do not say one way or another whether they have served deposition subpoenas.

[14] *See* Dkt. 165 at 6-7.

[15] It is worth recalling with respect to Defendant Butowsky's claims regarding Ms. Ratner that Defendant Butowsky initially peddled a fabricated version of what he claims Ms. Ratner told him, in his first version, claiming that Ms. Ratner told him that Julian Assange told her that Aaron Rich was involved in transferring documents from the DNC to WikiLeaks. *See e.g.,* Beowolf, "Ex-Fox News Commentator Reveals Source For Claims That Seth Rich Sold DNC Emails To Wikileaks" RickUngarshow.com (July 10, 2019), *available online at* https://www.rickungarshow.com/ex-fox-news-commentator-reveals-source-for-claims-that-seth-rich-sold-dnc-emails-to-wikileaks/. Defendant Butowsky was sufficiently committed to that version of events that he included the allegation in an amended Complaint he filed against Michael Gottlieb, Meryl Governski, Boies Schiller Flexner LLP, and others, in the Eastern District of Texas. *Edward Butowsky v. Michael Gottlieb, et al.*, Case No. 4:19-cv-00180 (E.D.Tex.) (Dkt. No. 62). Later, apparently upon realizing that this version of events was not truthful, the same lawyer who has now accused this Court of

Thus, Defendants have identified only two third-party depositions (Joe Capone and Brad Bauman) that they previously had the Court's permission to take and for which they appear to have served deposition subpoenas prior to the close of discovery. Plaintiff does not object to Defendants being permitted to take those depositions, along with Plaintiff's deposition, after the stay lifts. But Plaintiff does not believe that Defendants have justified delaying the close of discovery in this case for another 6-12 months so that they may belatedly pursue discovery that they could and should have pursued months or years ago.

**B.**     **Defendants' Proposed Third-Party Document Subpoenas**

Defendants have provided a sweeping list of *thirty-five third-party document subpoenas* that they wish to pursue notwithstanding the close of discovery.[16] The third-party document subpoenas on Defendants list consist of:

- Twenty-three parties whom Defendants do not appear to have served document subpoenas, despite having had nearly a year to do so (Cathy Lanier, the Metropolitan Police Department, Pratt Wiley, Amy Dacey, Dov Friedman, Michael Cass Anthony, Elissa Nadworny, Eric Baker, Reddit, Antoine Weston, Andrew Theriault, Crowdstrike, the Democratic National Committee, the Federal Bureau of Investigation,

---

judicial misconduct, *see* http://lawflog.com/wp-content/uploads/2020/03/2020.03.31-Judicial-misconduct-complaint-form-merged.pdf, averred that the error in including this allegation was his rather than a falsehood spread by his client. *See* Ty Clevenger, "Correction: Ellen Ratner only relayed information about Seth Rich, according to Butowsky," LawFlog (July 29, 2019), *available online at* http://lawflog.com/?p=2248. That allegation was and remains incredible given that Defendant Butowsky, prior to filing his false complaint, gave a public interview in which he made precisely the same allegation. Beowolf, "Ex-Fox News Commentator Reveals Source For Claims That Seth Rich Sold DNC Emails To Wikileaks" RickUngarShow.com (July 10, 2019), *available online at* https://www.rickungarshow.com/ex-fox-news-commentator-reveals-source-for-claims-that-seth-rich-sold-dnc-emails-to-wikileaks/. In any event, all of the above speaks to whether Defendant Butowsky should be given the benefit of the doubt in belatedly pursuing discovery relating to these theories—and the obvious implication of his ever shifting versions of the truth is that he is owed no further length of leash.

[16] This list consists of 24 third-party document subpoenas plus 11 subpoenas for documents and depositions.

the National Security Agency, Joseph Della Camera, Ellen Ratner, Cassandra Fairbanks, Warren Flood, Craig Murray, KimDotCom, Deborah Sines, and the Freedom of the Press Foundation);

- Five parties for whom Defendants have not even served a notice of their intention to serve a document subpoena, much less the subpoena itself (Warren Flood, Craig Murray, KimDotCom, Deborah Sines, and Andrew Theriault);

- Nine parties for whom Defendants waited until after the Court's March 20 order to serve notices of their intention to serve document subpoenas on (Google, eBay, Verizon, AT&T, Crowdstrike, the DNC, the FBI, the NSA, the Freedom of the Press Foundation);

- Seven parties whose only apparent relevance to this case is that they may have been Plaintiff's brother's roommates or co-worker or, in one case, the girlfriend of a roommate of Plaintiff's brother (Dov Friedman; Michael Cass Antony; Elissa Nadworny; Eric Baker; Pratt Wiley; Amy Dacey; and Andrew Theriault); and

- Nineteen parties who were not listed on any party's initial disclosures (Reddit, Google, eBay, Dov Friedman; Michael Cass Antony; Elissa Nadworny; Eric Baker; Antoine Weston; Cathy Lanier; Amy Dacey; AOL; Verizon; AT&T; DNC; FBI; NSA; Freedom of the Press Foundation; Andrew Theriault; and Warren Flood).

The Defendants waited until March 27, 2020 to notice five subpoenas, including to Crowdstrike, the DNC, the FBI, and the NSA, which include anywhere from nine to twenty-three separate demands, many of which seek to disprove that Russia hacked the DNC. For example, the Defendants demand the DNC produce "for inspection the actual servers that were breached," "mirror image(s) of the disks that were breached," "all documents, communication, records, or other evidence regarding the 2016 Data Breach," and "all metadata" indicating whether the DNC hack was the result of "outside forces (*e.g.*, Russian agents, Pakistani agents, etc.)" or an inside job. The Defendants do not, nor could they, explain why they waited until the last day of discovery to notice documents requests they now call "highly relevant" and "critical," or explain why the Court should permit them to use its power to seek to disprove the conclusions of the Intelligence Community by burdening third parties with overbroad subpoenas that will undoubtedly lead to

7

motions practice costing thousands, if not millions, of dollars with which to comply. These subpoenas, both by virtue of the parties they are served upon and the fishing expedition in which they attempt to engage, will embroil this Court in months of motions practice.

Defendants seek to justify this discovery on the argument that Plaintiff has "maintained it is a baseless conspiracy theory to question the claim of certain elements of the U.S. intelligence community that the DNC emails at issue were hacked by Russian military intelligence and transmitted to a shadowy figure known as Guccifer 2.0." Notice at 2. There is no claim for liability anywhere in Plaintiff's Complaint that relies upon this argument. Plaintiff has not sued Defendants for questioning Russia's role in the hack of the DNC—instead, Aaron (not Seth) Rich has sued Defendants for making false statements *of and concerning his* (not his brother's) alleged involvement in activities about which Defendants had then, and have now, *zero evidence*. Indeed, not a single one of the critical witnesses identified by Defendants, whether Seymour Hersh, Ellen Ratner, or Kim Dotcom, ever so much as mentioned Aaron Rich—rather, the genesis for the theory that Aaron Rich had involvement in this alleged conspiracy was Defendant Butowsky, aided by Defendant Couch. *See infra*, at 11-13. The question whether the DNC was hacked by Russian intelligence, or whether a so-called "deep state" misled the American public about the predicates for investigating the Trump Campaign, are sideshows that have no bearing on what Defendants knew about Aaron (not Seth) Rich when they took to television, social media, and other publications to accuse Aaron (not Seth) Rich of engaging in criminal and other wrongdoing. This Court should not indulge Defendants' Counsel's efforts to transform this defamation case into a private commission into Russian involvement in the 2016 election and other theories regarding the deep state.

C.     **Defendants' Proposed Document Discovery of Plaintiff**

Plaintiff timely has responded to all of Defendants' document requests and interrogatories, and he and his counsel diligently searched for, reviewed, and produced thousands of documents. Even prior to the Court's February 5, 2020 order granting Defendants' request for an extension of the discovery deadline, Plaintiff's counsel had incurred nearly $200,000 solely in costs related to discovery, including by hiring a discovery vendor to assist in responding to forty-nine document requests from Defendants. Notably, Defendants have not identified a single deficiency in Plaintiff's responses that has required them to file a motion to compel.

Since the Court granted an extension of discovery on February 5, 2020, Defendants have served an *additional fifty-six* document requests to Plaintiff, and Plaintiff and his counsel are incurring additional costs and fees to respond to those requests.[17] While Defendants use their latest filing to raise purported complaints about some of Plaintiff's document productions, they neglect to inform the Court that the deadline for Plaintiff to respond to several of those document requests has not even arrived yet because Defendants waited until the last minute to serve their requests. If Defendants believe there is a deficiency in Plaintiff's productions (which there is not), then the appropriate course is for Defendants' counsel to meet-and-confer with Plaintiff's counsel about the issue to try to resolve it. Apart from that, Plaintiff objects to the extent that Defendant has abused the Notice requested by this Court as an opportunity to present unripe issues before counsel

---

[17] Defendant Butowsky represents to have served only five sets of RFPs, but he has served six sets: 30 Requests in his First Set on November 15, 2019; 13 Requests in his Second Set RFPs on February 20, 2020; 13 Requests in his Third Set of RFPs on February 24, 2020; 12 Requests in his Fourth Set of RFPs on February 28, 2020; nine Requests in what he named his Fourth Set of RFPs on March 13, 2020; and an additional nine Requests in what he named his Fifth Set of RFPs on March 27, 2020.

9

has had the opportunity to address them, as well as to misrepresent facts relating to alleged email accounts on the basis of inaccurate (or no) evidence.

**D.     Defendants' Arguments on the Merits**

Defendants' Notice is replete with facially bogus assertions and fantastical speculations about Plaintiff,[18] blatant misrepresentations about what the evidence in this case shows, and even an inaccurate statement of the applicable law.[19]  Plaintiff's counsel does not understand the Court to have solicited such briefing on the legal or factual merits at this time and will not here address each of the myriad inaccurate factual claims made in Defendants' filing, though Plaintiff does reserve the right to respond in full, inter alia, to allegations regarding discovery deficiencies, the appropriate legal standard to be applied to Plaintiff's claims, and the sufficiency of the evidence supporting those claims at the appropriate time.  However, Plaintiff respectfully offers one response to a particularly hyperbolic accusation now.

Defendants use their Notice to sketch out what appears to be their core defense for trial—namely, the "I know you are but what am I defense." Specifically, Defendants' theory of the case is that they did not defame Aaron Rich by accusing him (with no evidence) of having participated in a conspiracy with his brother to steal DNC documents and sell them to WikiLeaks; instead, it is Plaintiff that has engaged in a "wildly implausible conspiracy theory" that is "utterly devoid of any factual underpinnings" and is ███████████████████████████████████

---

[18] Running through much of Defendants' filing is the notion that Plaintiff—along with law enforcement, the Intelligence Community, journalists, and various third-parties—must be hiding "evidence" of Plaintiff's alleged involvement in the leak of DNC documents because no such evidence has been produced in response to Defendants' many discovery requests.  But the reason no such evidence has been produced is because it does not exist.

[19] *See* Dkt. 174-1 at 1-2 (setting forth proposed legal standard for defamation claims).

██████ "[20] To be clear, the evidence offered by Defendants to date showing that Aaron Rich conspired with his murdered brother to steal DNC documents and sell them to WikiLeaks is nonexistent. By contrast, the evidence showing that Defendants conspired to spread falsehoods about Plaintiff includes sworn testimony in this case stating that Defendant Butowsky convened a September 2017 meeting at his house with Defendant Couch and a group that described itself as a "private militia," during which the parties discussed a surveillance operation designed to discredit Plaintiff and his family.[21] It includes sworn testimony that Defendant Butowsky ████ ████████████████████████████████████████████████████████ ████████████████████████████████.[22]

Perhaps most importantly, and egregiously from the perspective of Defendants' claim, Plaintiff's counsel has only recently received audio recordings—which Defendant Couch ████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ ████████████████████████ ████████████████████████████████████████

---

[20] Dkt. 174-1 at 3.
[21] *See* Dkt. 83; Dkt. 83-4.
[22] Ex. E at 171:11-174:14; 186:24-189:7.



12

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[23]

Pages upon pages of text messages ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[24]   In fact, Defendant Couch has stated in this litigation that Defendant Butowsky was his *only* source for the allegations he has made against Plaintiff.[25]   Shortly after Defendants' collaboration began, Defendant Butowsky ▮▮ Defendant Couch.[26]   And Defendant Couch publicly has stated that he spoke with Defendant Butowsky three times on the day that The Washington Times article was published to vindicate his team.[27]   Notwithstanding Defendants' new approach of name calling, this is not "wildly implausible conspiracy theory" "utterly devoid of any factual underpinnings."   Quite the opposite.

Dated: April 10, 2020

/s/ Michael J. Gottlieb_____
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

---

[23] Ex. D at 3:10-4:8; 28:23-30:18; 53:14-54:9 (all emphases added).

[24] *See, e.g.* Dkt. 117 at Exhibit 1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[25] *See* Dkt. 71-4.

[26] Dkt. 96 at Exhibit 4 at …033-36; *id.* at Exhibit 7 at 391:21-392:5.

[27] Matt Couch, *America First Media LIVE #SethRich #Mueller #KimDotcom #EdButowsky*, Periscope (Mar. 3, 2018), https://www.pscp.tv/RealMattCouch/1mrGmRDaYXDJy at 21:30-21:50, 49:30-50:04.

13

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on April 10, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: April 10, 2020

/s/ Michael J. Gottlieb
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com