UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

    Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

### MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OR FOR PERMISSION TO EFFECT ALTERNATE SERVICE ON ELLEN RATNER

EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendant Edward Butowsky and Matthew Couch*

1

## FACTUAL BACKGROUND

On April 23, 2020, Judge Richard J. Leon authorized service of a subpoena on Ellen Ratner, provided service was made on or before June 1, 2020. Dkt. 182.

Dkt. 167.

Declaration of Eden P. Quainton (the "Quainton Decl."), Ex. 1.

Quainton Decl., Ex. 2.

*Id.* at 3.

*Id.* at 4.

[1]

Quainton Decl., Ex. 3, Ex. 4.

Quainton Decl., Ex. 3.

Quainton Decl., Ex. 4.

Quainton Decl. ¶ 12.

---

[1] Defendants have conferred with Plaintiff's counsel with respect to the present motion. Plaintiff opposes the request for an extension of time, but opposes the alternate relief sought on the grounds Defendants' counsel was not sufficiently clear as to the precise relief sought.

Quainton Decl. ¶ 13.

Quainton Decl. ¶ 14.

Quainton Decl. ¶ 14 and Ex. 2 at 6-7.

Quainton Decl. Ex. 5-8.

Quainton Decl. ¶ 18 and Ex. 8.

Quainton Decl. ¶ 20 and Ex. 8.

Quainton Decl. ¶ 19.

At this point, Defendants are in a highly prejudicial position, in which, absent additional Court action, their due process rights may be violated.

Quainton Decl. ¶ 22.

*Id.*

*Id.*

and Ex. 9.

*Id.*

Quainton Decl., Ex. 10.

Quainton Decl. ¶ 24.

Quainton Decl. ¶¶ 26, 27 and Ex. 12.

Quainton Decl. ¶ 27 and Ex. 2 at 2.

. Quainton Decl., Ex. 2 at 2.

*Id.*

*Id.*

Quainton Decl. Ex. 12.

## LEGAL ARGUMENT

Ellen Ratner is a crucial witness in the present litigation. Plaintiff has repeated over and over again in his Complaint that it is a "lie" and a "fabrication" that Seth Rich was involved in leaking emails to Wikileaks.

4

Quainton Decl. Ex. 13 at 10.

Quainton Decl. Ex. 14, 13:22 – 15:5.

Quainton Decl. ¶ 32.

. Quainton Decl. ¶ Ex. 14 12:24-25-13:1-2; *Id.* 5-9; *Id.* 21:23-23:15.

Quainton Decl. Ex. 14 36-40.

*O'Donnell v. Breuninger*, 9 F.R.D. 245, 247 (D.D.C 1949)(either party has the right to take the testimony of any person, including a party, by deposition for the purpose of discovery or for use as evidence in the action, or for both purposes).

Crucially, a non-noticing party has an independent right to notice a witness for deposition. See *United States v. AT&T Inc.*, No. 1:11-CV-01560 (ESH), 2011 WL 13242960, at *2 (D.D.C. Nov. 27, 2011)(non-noticing party may notice independently the witness to obtain the right to an additional 7 hours of deposition time). It is clear beyond cavil, that Defendants have a right to take Ms. Ratner's deposition

The only real question concerns the practicality of such a deposition. Here, the Court has indicated that it would continue to stay discovery until July 10. Party depositions are unlikely to be possible until the fall and, even then, there is a possibility of a second wave of COVID-19 that could further delay trial. There is ample time for the witness to lodge any objections to the form of the deposition proposed by Defendants and/or to negotiate a mutually agreeable time, place and manner of the deposition.

Under the circumstances, there is more than ample good cause for the Court to grant Defendants additional time to serve Ms. Ratner.

Generally speaking in evaluating a party's request for an extension of time to effect service, courts look at three factors: the moving party's diligence, the prejudice the moving party would suffer from a denial of an extension; and the prejudice the non-moving party would suffer

from permitting an extension of time. *Rogers v. Amalgamated Transit Union Local 689*, 98 F. Supp. 3d 1, 7 (D.D.C. 2015).

. *See supra* at 3. if Defendants were denied the right to conduct their own examination of a critical witness, the judicial process would make a mockery of their rights to a fair trial

There would be no material prejudice to the witness since she has

every latitude to negotiate reasonable terms and conditions of a deposition

. All these factors strongly weigh in favor of granting Defendants an additional thirty days to effect service.

Alternatively, the Court should grant Defendants the right to alternate service. *See e.g., In re Barkats*, No. 14-00053, 2014 WL 4437483, at *2 (Bankr. D.D.C. Sept. 8, 2014)(alternate by email appropriate where diligent efforts had been made to locate and serve debtor who was aware of proceedings and represented by counsel); *St. Francis Assisi v. Kuwait Fin. House*, 2016 WL 5725002, at *1–*2 (N.D. Cal. Sept. 30, 2016) (authorizing service via Twitter where the plaintiff was unable to determine defendants' whereabouts and service by social media would be

7

reasonably calculated to give notice). *See also Kipu Sys., LLC v. ZenCharts*, LLC, No. 17-24733-Civ-WILLIAMS/TORRES, 2018 WL 8264634, at *3 (S.D. Fla. Mar. 29, 2018); *WhosHere, Inc. v. Gokhan Orun*, No. 1:13–cv– 00526–AJT–TRJ, 2014 WL 670817, at *4 (E.D. Va. Feb. 20, 2014); *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013) (permitting service via Facebook).[2]

. Quainton Decl. Ex. 13.

*Id.* Alternatively, the Court could authorize substituted service

*See supra* at 3; *Yukos Capital S.A.R.L. v. Feldman*, No. 15-CV-4964 (LAK), 2016 WL 3545947, at *1 (S.D.N.Y. June 21, 2016)(authorizing substituted service). In addition, the Court could authorize service of subpoena on Ms. Ratner's counsel. *Id.*

effecting service in this manner would be efficient and cost-effective.

## CONCLUSION

For the reasons set forth above, the Court should either grant Defendants an additional 30 days to effect service on Ms. Ratner or permit service by alternate means, either via social media, substituted service on a family member or through service on Ms. Ratner's counsel.

---

[2] The Court appeared to rely on these cases in granting Plaintiff's motion to permit service of a Rule 45 subpoena via Twitter. See Dkt. 89 and Dkt. 133. It would be unfair if the court were to permit one party to use alternate methods of service, but to deny the other party the same right.

Dated: June 1, 2020

                                */s/ Eden Quainton*
                                EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
                                QUAINTON LAW, PLLC
                                1001 Avenue of the Americas, 11th Floor
                                New York, New York 10018
                                Telephone: (212) 813-8389
                                E-mail: equainton@gmail.com
                                *Attorneys for Defendants Edward Butowsky*
                                *and Matthew Couch*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on August 3, 2020 the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

                                **QUAINTON LAW, PLLC**

                                */s/ Eden Quainton*
                                EDEN P. QUAINTON, ESQ.

                                1001 Avenue of the Americas, 14th Floor
                                New York, New York 10018
                                Telephone: (212) 813-8389
                                E-mail: equainton@gmail.com
                                *Attorneys for Defendants Edward Butowsky and Matthew Couch*