# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AARON RICH

     Plaintiff,

  v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA

     Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## PLAINTIFF'S UNOPPOSED MOTION TO RECONSIDER THE COURT'S ORDER DENYING MOTION FOR ISSUANCE OF A LETTER OF REQUEST

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

Following a lengthy history during which Plaintiff unsuccessfully attempted to enlist the assistance of the U.S. Government in serving Julian Assange and/or WikiLeaks with a civil subpoena, *see* Dkt. 89 at 4-6, Plaintiff moved this Court on November 8, 2019 to issue a Letter of Request seeking judicial assistance from the United Kingdom court system requiring Julian Assange to appear for a deposition to respond to a limited set of questions relating to his knowledge that neither Plaintiff nor his brother ever provided any documents to, or received any payments from, WikiLeaks or its agents.  *See* Dkt. 91 ("Motion"); Dkt. 91-2 ("Letter of Request").

Defendant Butowsky and his counsel did not participate in the efforts described above. Instead, Defendant Butowsky falsely accused Plaintiff of attempting to thwart service of a subpoena to WikiLeaks and Mr. Assange, a shameless and slanderous accusation that has remained in each amended version of Mr. Butowsky's frivolous federal litigation in Texas, including his amended complaint *filed months after Plaintiff had filed his Motion for a Letter of Request* here. *See Butowsky v. Gottlieb et al*, 4:19-cv-180, Dkt. 207 (Mar. 11, 2020) ¶ 61 ("His attorneys subsequently claimed that they would issue their own subpoena for Wikileaks. They later reneged, however, because they realized that Wikileaks would likely construe the subpoena as a waiver, in which case it would likely release records showing that Aaron Rich and Seth Rich were both responsible for leaking the DNC emails."); *id.* ¶ 68 (". . . they reneged on their earlier statements about issuing their own subpoenas").  Defendants did not file an opposition to Plaintiff's November 8, 2019 Motion—instead, on January 6, 2020 (on the eve of this Court's initial discovery deadline, Dkt. 80) Defendants used the content of Plaintiff's motion in Defendants' own request.  *See* Dkt. 100 ("Defendants' Request").  On January 24, 2020, the Court denied both the Motion and Defendants' request.  *See* Dkt. 133 ("Order").

In the same Order, this Court authorized Plaintiff to serve WikiLeaks a Rule 45 subpoena

via Twitter, which Plaintiff did on March 13, 2020.  *See* Dkt. 133; *see* Rich_v_Butowsky, Twitter, https://twitter.com/Rich_v_Butowsky/status/1238576313537101826 (Mar. 13, 2020).   Despite efforts to engage with known counsel for WikiLeaks, Plaintiff has had no success in securing compliance with the subpoena, or even acknowledgment of receipt of the Rule 45 subpoena served via Twitter pursuant to this Court Order.

On July 20, 2020, Fox News Network, LLC moved the United States District Court for the Southern District of New York ("SDNY") to issue a similar letter of request in connection with related litigation involving Plaintiff's parents, Defendant Butowsky, and Fox News.  *See Rich v Fox News Network, LLC, et al*, No. 18-cv-2223 (March 13, 2018) ("SDNY Lawsuit"); *id*, Dkt. No. 163 (July 20, 2020) ("Fox News' Request").   Two weeks later, the SDNY granted Fox News' Request and issued a formal request for the Senior Master of the Royal Courts of Justice "direct Julian Assange, located at Prisoner #A9379AY, HMP Belmarsh, Western Way, London SE28 0EB United Kingdom, to appear for testimony."  *See id.*, Dkt. 173 (Aug. 5, 2020).

Pursuant to the Federal Rules of Civil Procedure, Mr. Rich therefore respectfully submits that "good reason" exists for the Court to vacate the Order, grant the Motion, and issue the Letter of Request.[1]  Despite this Court denying all parties' requests to depose Mr. Assange, Defendant Butowsky—who is represented by Eden Quainton in both this litigation and the SDNY Lawsuit, and has a common interest agreement with Fox News in that litigation—has effectively been

---

[1] *See* Fed. R. Civ. P. 54(b); *Rosenberg v. U.S. Dep't of Def.*, 442 F. Supp. 3d 240, 253 (D.D.C. 2020) (Rule 54(b) granted where there is "good reason" for doing so, including a "change in the court's awareness of the circumstances"); *Murphy v. Exec. Office for United States Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), *aff'd sub nom. Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204 (D.C. Cir. 2015) ("Rule 54(b) governs reconsideration of interlocutory or non-final orders"); *see also* Fed. R. Civ. P. 60(a) ("The court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."); Fed. R. Civ. P. 60(b)(6) ("On motion and just terms, the court may relieve a party or its legal representative" from an "order" based on "any" reason that "justifies relief").

granted access to Mr. Assange's testimony in the SDNY Lawsuit.[2]  Unlike Defendant Butowsky, Plaintiff is not a party to the SDNY Lawsuit, and will not be permitted to participate in the deposition of Mr. Assange should it occur, including but not limited to the opportunity to attend, question, review, challenge, or use the resulting testimony.  Plaintiff will suffer prejudice if Defendant Butowsky, but not Plaintiff, is able to participate in a deposition of Mr. Assange. Defendants will suffer no prejudice by permitting Plaintiff the opportunity to move forward with the Letter Rogatory process, and Plaintiff has no objection to this Court reconsidering and granting the Letter of Request sought by Defendant on January 6, 2020 as well.

For the reasons stated herein, Mr. Rich respectfully submits that good cause exists for the Court to reconsider its Order and grant Plaintiff's Motion.[3]

Dated: August 13 2020

/s/Michael J. Gottlieb_____
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com/ mgovernski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

---

[2] Defendant Butowsky has asserted a common interest privilege with Fox News in connection with the SDNY lawsuit and according to Court filings the plaintiffs in that lawsuit "have learned during discovery, after this lawsuit was filed, Fox and Butowsky agreed to a settlement agreement requiring Butowsky's cooperation with Fox."  *See* SDNY Lawsuit, *Dkt.* 175 (Aug. 7, 2020).
[3] Pursuant to Local Rule 7(m), Plaintiff conferred with counsel for Defendants, who indicated that Defendants do not oppose this motion and intend to file their own motion seeking similar relief.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on August 13, 2020,  the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky, and Defendant Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: August 13, 2020

/s/Michael J. Gottlieb_____
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com