UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH<br><br>       Plaintiff,<br><br> v.<br><br>EDWARD BUTOWSKY, MATTHEW COUCH, and AMERICA FIRST MEDIA<br><br>       Defendants. | Civil Action No. 1:18-cv-00681-RJL Hon. Richard J. Leon |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (THE "HAGUE CONVENTION")**

The United States District Court for the District of Columbia presents its compliments to the appropriate judicial authority of the United Kingdom ("UK"), and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. Upon hearing the Plaintiff's Motion for Issuance of a Letter of Request supported by the Declaration of Meryl C. Governski (hereinafter "Governski Decl."), this Court has determined that it would further the interests of justice if by the proper and usual process of your Court, you summon Julian Assange to appear before a person empowered under English law to administer oaths and take testimony forthwith, to give testimony under oath or affirmation by questions and answers upon oral examination in respect of the matters and issues identified below, and permit the parties to create a written transcript and video recording of such testimony.

The applicant for this letter is Aaron Rich. UK counsel is available to answer any questions the Court may have.

This request is made pursuant to Rules 4(f)(2)(B) and 28(b)(1)(B) of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. § 1651 and 28 U.S.C. § 1781 (permitting the

transmittal of letters rogatory/letters of request through the district courts and the Department of State); the Evidence (Proceedings in Other Jurisdictions) Act 1975, c. 34 (UK); and Part 34 of the Civil Procedure Rules 1998. The United States District Court for the District of Columbia is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses both within and outside its jurisdiction. On information and belief, Mr. Assange is imprisoned in the HM Belmarsh High Security Prison in London, UK. On information and belief, Mr. Assange has or is likely to have knowledge of the subject matter specified in Section 7 below.

The testimony is intended for use at trial, and in the view of this Court, will be relevant to claims and defenses in the case, including Plaintiff Aaron Rich's allegations of defamation.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a UK court. The requesting Court is satisfied that the testimony sought to be obtained through this request is critical, relevant and necessary, for the reasons stated in Section 7 below, and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel participation of Mr. Assange and, such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Central Authority for the United Kingdom.

1. **SENDER**

    HONORABLE SENIOR JUDGE RICHARD J. LEON
    United States District Court Judge
    United States District Court for the District of Columbia
    E. Barrett Prettyman United States Courthouse
    333 Constitution Ave, NW
    Washington, DC 20001
    United States of America

2. **CENTRAL AUTHORITY FOR THE UNITED KINGDOM**

    THE SENIOR MASTER OF THE QUEEN'S BENCH DIVISION
    For the attention of the Foreign Process Section
    Room E16
    Royal Courts of Justice
    Strand
    London WC2A 2LL
    United Kingdom

3. **IDENTITY AND ADDRESS OF THE PERSON TO BE EXAMINED**

    JULIAN ASSANGE
    HM Prison Belmarsh
    Western Way
    London SE28 0EB
    United Kingdom

4. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

    THIS COURT AND REPRESENTATIVES OF THE PLAINTIFF
    PETER BURRELL AND MICHAEL J. GOTTLIEB
    WILLKIE FARR GALLAGHER (UK) LLP
    Citypoint, 1 Ropemaker Street London EC2Y 9AW
    United Kingdom

5. **SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE REQUEST**

    Discovery is now closed except for limited matters approved by Court order, trial is pending.

Because this matter has a similar subject matter to and some overlapping parties with *Rich v. Fox News Network, LLC et al*, No. 1:18-cv-02223 (S.D.N.Y.), Plaintiff Aaron Rich respectfully requests a response simultaneous to that case, which requested a response date of September 1, 2020.

4

6. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

The evidence requested relates to the action *Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-000681-RJL (D.D.C.), United States District Court for the District of Columbia.

**The parties and their representatives are listed herein as follows:**

a. **Plaintiff:**

Aaron Rich
c/o Michael J. Gottlieb
WILLKIE FARR GALLAGHER LLP
1875 K Street, NW Washington,
DC 20006

*Represented By:*
WILLKIE FARR GALLAGHER LLP
Michael J. Gottlieb 1875 K
Street, NW Washington,
DC 20006
(202) 303-1000
(202) 303-2000 facsimile

b. **Defendants**

Edward Butowsky 2200
Bradbury Court
Plano, TX 75093

Matthew Couch
2300 West Ash Street
Rogers, AR 72758

*Represented By:*
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 813-8389
(212) 813-8390 facsimile

America First Media
2300 West Ash Street
Rogers, AR 72758

*Pro Se*

5

7. **NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS**

Plaintiff Aaron Rich filed this civil lawsuit on March 26, 2018 against Edward Butowsky, Matthew Couch, America First Media, and The Washington Times (who has been dismissed from the case pursuant to settlement) for *inter alia* defamation and intentional infliction of emotional distress, seeking damages and injunctive relief. Complaint, *Rich v. Butowsky, et al.*, No. 1:18-cv-00681-RJL (D.D.C. Mar. 26, 18), Dkt. 3.

Mr. Rich's brother, Seth Rich, worked for the Democratic National Committee ("DNC") and was murdered in Washington, D.C. in July 2016 in what law enforcement has described as a botched armed robbery. *Id.* ¶¶ 25-26. Exploiting the circumstances of Seth Rich's death, Defendants promoted a false conspiracy theory that the Plaintiff and his brother stole emails from the DNC and sold those emails to WikiLeaks in exchange for money. *Id.* ¶¶ 6–7.

Defendants have seized upon statements that WikiLeaks' founder, Julian Assange, made on a Dutch television program approximately one month after Seth Rich's murder. In that interview, Mr. Assange made comments that Defendants have interpreted as an insinuation (or more) that Seth Rich may have been a WikiLeaks source. Although WikiLeaks subsequently released a statement on Twitter that its policy of neither confirming nor denying "whether any person has ever been a source for WikiLeaks" should "not be taken to imply that Seth Rich was a source to WikiLeaks or to imply that his murder is connected to our publications," WikiLeaks nonetheless continued to publish tweets about Seth Rich that provided fodder for Defendants' conspiracy theories. Special Counsel Robert Mueller concluded that Assange's and WikiLeaks' "statements about Rich implied falsely that he had been the source of the stolen DNC emails," noting that "information uncovered during the investigation discredit WikiLeaks' claims about the source of material that it posted."

Under District of Columbia law, to state a claim for defamation, a plaintiff must show he was the subject of a false and defamatory statement, negligently made to a third party, which caused the plaintiff harm. *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 272 (D.D.C. 2017) (citing *Farah v. Esquire Magazine*, 736 F.3d 528, 533-34 (D.C. Cir. 2013)). Whether the statements made by the Defendants—that Mr. Rich and his brother stole emails from the DNC and provided them to Mr. Assange and/or WikiLeaks in exchange for payment—are false is therefore central to the resolution of this dispute. Mr. Assange is uniquely positioned to provide testimony confirming what Mr. Rich knows to be true: that neither Mr. Rich nor his brother has ever provided any documents to or received any payments from WikiLeaks or its agents. Mr. Assange's testimony is therefore critical, relevant, and necessary to the trial and resolution of this matter.

8. **STATEMENT OF THE SUBJECT MATTER ABOUT WHICH MR. ASSANGE WILL BE EXAMINED**

The Plaintiff seeks testimony from Mr. Assange on a narrow set of topics:

1) The alleged provision of stolen DNC documents to Mr. Assange and/or WikiLeaks by Mr. Rich (and/or his brother).

2) The alleged payment by Mr. Assange and/or WikiLeaks to Mr. Rich in exchange for the provision of DNC documents.

3) Alleged conversations and interviews in which Mr. Assange participated relating to Topics 1 and 2.

The Plaintiff seeks testimony in response to the following specific questions:

1) Does Mr. Assange claim that he and/or WikiLeaks received the DNC documents from Mr. Rich (and/or his brother), and if so, which documents did he and/or WikiLeaks receive, when, and by what means?

2) Does Mr. Assange claim that he and/or WikiLeaks paid Mr. Rich or his brother in exchange for the provision of the DNC documents, and if so, how much did he and/or WikiLeaks pay, to whom, when, and by what means?

3) Did WikiLeaks cause money to be deposited into Mr. Rich's bank account?
4) Did WikiLeaks cause money to be paid to Mr. Rich through ebay?

5) Did Mr. Assange have the conversation with Ms. Cassandra Fairbanks referred to in the below statement made by Defendant Couch, and if so, when and where did that conversation take place?

> *"The communications with Cassandra Fairbanks was [sic] in person and in the form of a conversation during dinner at a meeting in March of 2018. At which time Ms. Fairbanks informed our team that **she had met with Julian Assange at the Ecuadorian embassy in the UK**. Ms. Fairbanks informed us that **Mr. Assange told her that he paid Seth Rich and Aaron Rich for information. Mr. Assange's exact words according to Ms. Fairbanks, yes, I paid the boys'**. Ms. Fairbanks also informed us at the time that **Mr. Assange pulled her aside into a private stairwell where recording devices were not present and stated 'if I were to buy something on eBay, could I have it shipped here to the embassy. To which Ms. Fairbanks replied, 'sure you could'**. Mr. Assange reiterated his point and stated, 'I'm not saying that's how it happened - but I could do that - right?"*

Governski Decl. Ex. 30 (inconsistent quotation marks present in original).

6) Did Mr. Assange have the conversation with a close friend referred to in the following statement made by Defendant Butowsky, and if so, when and where?

> "*On or about November 14, 2018, I was allowed to listen to a **phone conversation between Julian Assange and a third party**. During that conversation, **Mr. Assange discussed how Seth Rich and Aaron Rich had transferred emails to Wikileaks and received payment in return**.*"

Governski Decl. Ex. 31 ¶ 5.

7) Did Mr. Assange have the conversation with Ms. Ellen Ratner referred to in the following statement made by Defendant Butowksy, and if so, when and where?

> "*In December of 2016 I was contacted by a friend, Ellen Ratner, who said she had recently met with **Julian Assange in London, England**. . . . According to Ms. Ratner, Mr. Assange wanted to relay information to Joel and Mary Rich regarding the murder of their son **Seth**. In particular, she said **Mr. Assange** wanted to let the Riches know that **Seth had leaked emails from the Democratic National Committee ('DNC') to Wikileaks**, and that might have been a motive for his murder.*"

Governski Decl. Ex. 31 ¶ 1.

8

9. **REQUIREMENT THAT THE TESTIMONY BE GIVEN UNDER OATH**

It would further the interests of justice if, by the proper and usual process of your Court, you summon Mr. Assange to appear, before a person empowered under UK law to administer oaths and take testimony, to give testimony under oath or affirmation on the topics listed in Section 8 by questions and answers upon oral examination at a time and place to be determined by the High Court.

10. **SPECIAL PROCEDURES OR METHOD TO BE FOLLOWED**

This Court respectfully requests that with respect to the examination sought, that such orders be entered as English law permits to direct that the examination takes place. The examination shall be conducted pursuant to the discovery rules as provided by the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of England. This Court further requests: (1) that the examination be taken orally; (2) that the examination be taken before a commercial stenographer and videographer selected by Mr. Rich; (3) that the videographer be permitted to record the examination by audiovisual means; (4) that the stenographer be allowed to record a verbatim transcript of the examination; (5) that the examination be conducted in English; (6) that the witness be examined for no more than seven hours; and (8) that the witness be examined as soon as possible.

In the event that the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the laws of England for the formal taking of testimonial evidence.

To the extent that any portion of this Letter of Request cannot be granted, it is respectfully requested that the remaining parts be granted.

11. **REQUEST FOR NOTIFICATION**

We respectfully request that any order made by the Court will require the examining party to send notice of the time and place for the taking of testimony, and to provide copies of the transcript and video recording of such deposition to Plaintiff's representatives as identified in Section 4 above and to:

> HONORABLE SENIOR JUDGE RICHARD J. LEON
> United States District Court Judge
> United States District Court for the District of Columbia
> E. Barrett Prettyman United States Courthouse
> 333 Constitution Avenue, NW
> Washington, DC 20001
> United States of America

12. **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST**

None.

13. **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

14. **STATEMENT OF RECIPROCITY**

The United States District Court for the District of Columbia is willing to provide similar assistance to the judicial authorities of the UK courts.

15. **REIMUBURSEMNT**

Mr. Rich will reimburse the judicial authorities for costs incurred in issuing and executing this request. Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by the Plaintiff. The Plaintiff's payment of any such fees and costs is without prejudice to their making a subsequent request to be reimbursed for these costs by other parties to the action.

_____           _____
                Date                                              RICHARD J. LEON
                                                               United States District Judge
                                                         United States District Court for the
                                                                   District of Columbia




                                                          _____
                                                          Seal of the United States District
                                                          Court for the District of Columbia