UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

    Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

**DEFENDANTS' UNOPPOSED MOTION TO RECONSIDER THE COURT'S ORDER DENYING MOTION FOR ISSUANCE OF A LETTER OF REQUEST**

EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendant Edward Butowsky and Matthew Couch*

## INTRODUCTION

Defendants did not oppose the relief sought by Plaintiff and granted by the Court in revisiting its prior decision denying Plaintiff's request for assistance in taking the deposition of Julian Assange. *See* Plaintiff's Unopposed Motion to Reconsider the Court's Order Denying Motion for Issuance of a Letter of Request, dated August 13, 2020 ("Plaintiff's Motion for Reconsideration"), Dkt. 229, and the Court's August 18, 2020 Minute Order granting the requested relief. Indeed, Defendants welcome the Court's decision and continue to believe that the deposition of Julian Assange is **critical, necessary and relevant** to the resolution of the issues in the pending dispute, as they had stated in their previous Motion for Issuance of a Letter Request to Take the Deposition of Julian Assange ("Defendants' Letter Request Motion"). Dkt. 100-5 at 2. However, Defendants believe that it would be unfair for the Court only to reverse its decision with respect to the Letter Request sought by Plaintiff and not to award Defendants similar relief with respect to Defendants' Letter Request Motion. Accordingly, Defendants respectfully submit that the Court should reconsider its denial of Defendants' Letter Request Motion and agree to issue a Letter Request in substantially the form set forth by Defendants at Dkt. 100-5.[1]

## LEGAL ARGUMENT

As noted in Plaintiff's Motion for Reconsideration, in related litigation involving Plaintiff's parents, Defendant Butowsky and Fox News Network, LLC ("Fox News"), on July 20 2020, Fox News moved the United States District Court for the Southern District of New York

---

[1] Pursuant to Local Rule 7(m) Defendants have conferred with Plaintiff with respect to the present motion. Plaintiff has indicated that he does not oppose the present motion. Dkt. 229 at 4 ("Plaintiff has no objection to this Court reconsidering and granting the Letter of Request sought by Defendant on January 6, 2020 as well"). Should the Court so order, Defendants would be willing to work with Plaintiff to prepare a joint letter combining the parties' proposed requests.

(the "SDNY") to issue a letter of request for assistance in taking the deposition of Julian Assange (the "Fox News Request"). *See Rich v Fox News Network, LLC, et al,* No. 18-cv-2223 (March 13, 2018) (the "SDNY Litigation").

Shortly thereafter, the SDNY granted Fox News' application and issued a formal request for the Senior Master of the Royal Courts of Justice to direct Julian Assange to appear for testimony. *Id.*, Dkt. 173. This development, although positive, does not fully address the concerns of Defendants in this litigation. First, while the interests of Defendant Butowsky and Fox News overlap to some extent, they are not identical. Moreover, Defendant Couch is not a party to the SDNY Litigation and would have no effective representation of his position absent relief from this Court. Thus, unless the Court reconsiders its decision, Defendants here would be in the extremely unfair position of having no request made on their behalf, whereas Plaintiff here and Fox News in the SDNY Litigation would have their interests clearly reflected in the judicial assistance provided by the SDNY and this Court. This would be fundamentally unfair. For a court to take action to benefit some parties, but to deny similar relief to other similarly situated parties would violate basic notions of due process and judicial impartiality. *See, e.g.*, *First Nat. City Bank v. Banco Nacional de Cuba*, 406 U.S. 759, 793 (1972)(stressing the need for "fair and equal treatment to individual litigants")(Brennan, J., dissenting); *Guffey v. Duff*, 330 F. Supp. 3d 66, 75 (D.D.C. 2018)(underscoring that protecting even the appearance of judicial impartiality is an interest "of the highest order").

Accordingly, Defendants submit that there is "good reason" for the Court to vacate its order denying Defendants' Letter Request Motion, grant Defendants' Motion and issue the Letter Request as set forth at Dtk. 100-5, in accordance with the rules and cases cited in Plaintiff's

Motion for Reconsideration.[2] As noted above at 1 and Note 1, Defendants would be willing to work with Plaintiff to prepare a joint letter to ease the burden on the Court. But Defendants need the opportunity to frame their own questions of Mr. Assange and elicit testimony necessary for their defense. Defendants should not be put in the position of having their rights to critical, necessary and relevant testimony rest on the actions of others with different and/or opposing agendas.

## CONCLUSION

For the foregoing reasons, the Court should reconsider and reverse its prior decision denying Defendants' Letter Request Motion, grant said Motion and issue the Letter Request proposed by Defendants, either on a stand-alone basis or as part of a joint submission to be prepared with Plaintiff.

Dated August 24, 2020

                               */s/ Eden Quainton*_____
                               EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
                               QUAINTON LAW, PLLC
                               1001 Avenue of the Americas, 11th Floor
                               New York, New York 10018
                               Telephone: (212) 813-8389
                               E-mail: equainton@gmail.com
                               *Attorneys for Defendant Edward Butowsky and Matthew Couch*

---

[2] *See* Fed. R. Civ. P. 54(b); *Rosenberg v. U.S. Dep't of Def.*, 442 F. Supp. 3d 240, 253 (D.D.C. 2020) (Rule 54(b) granted where there is "good reason" for doing so, including a "change in the court's awareness of the circumstances"); *Murphy v. Exec. Office for United States Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), *aff'd sub nom. Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204 (D.C. Cir. 2015) ("Rule 54(b) governs reconsideration of interlocutory or non-final orders"); *see also* Fed. R. Civ. P. 60(a) ("The court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."); Fed. R. Civ. P. 60(b)(6) ("On motion and just terms, the court may relieve a party or its legal representative" from an "order" based on "any" reason that "justifies relief").

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on August 24, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*