UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

    Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

## UNOPPOSED MOTION TO MODIFY EXPERT DISCOVERY SCHEDULE

EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
QUAINTON LAW, PLLC
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
*Attorneys for Defendants Edward Butowsky and Matthew Couch*

## BACKGROUND

On June 16, 2020, the Court entered a scheduling order setting forth the deadlines for preparation of expert reports, rebuttal reports and the close of expert discovery. Dkt. 213. Under this order, the parties were to exchange expert report designations by July 9, 2020 prepare opening expert reports by September 4, 2020, serve rebuttal reports by October 2, 2020, with expert discovery closing on November 13, 2020. *Id.* The parties exchanged initial expert designations on July 9, 2020 and amended expert designations on August 14, 2020. Declaration of Eden P. Quainton, dated August 27, 2020 (the "Quainton Decl.") ¶ 2. Plaintiff's Amended Expert Designations are set forth on Exhibit on Exhibit A to the Quainton Decl. and Defendants' Amended Expert Designations are set forth on Exhibit B to the Quainton Decl.[1]

Plaintiff contemplates the preparation of five expert reports. Quainton Decl., Ex. A. Defendants contemplate the preparation of six expert reports, including on highly technical topics such as the refutation of the theory of alleged Russian military intelligence hacking of the DNC in 2016, digital evidence analysis of documents produced in discovery, a financial forensic report of Plaintiff's bank accounts and financial information, and the nature of the specific communications at issue in the present litigation. Quainton Decl., Ex. B. Given the complexity of the expert reports and issues with Defendant Butowsky's insurance carrier, Defendants sought an initial two-week extension, to which Plaintiff agreed.[2] In light of the volume of work involved in preparing the expert reports, Defendants sought Plaintiff's consent for a further extension of the dates for expert disclosures and discovery as follows:

---

[1] Pursuant to Local Rule 7(m), the parties have met and conferred regarding the Court's existing expert discovery schedule and Plaintiff does not oppose the relief requested herein.
[2] Quainton Decl. ¶¶ 5-6.

1

      Initial Expert Reports:      September 30, 2020

      Rebuttal Reports:      October 31, 2020

      Close of Expert Discovery:      November 30, 2020[3]

Plaintiff responded with a compromise proposal:[4]

      Initial Expert Reports:      September 23, 2020

      Rebuttal Reports:      October 23, 2020

      Close of Expert Discovery:      November 20, 2020

Defendants promptly accepted Plaintiff's proposed compromise.[5]

## ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order, including one setting the date for the completion of discovery, "may be modified only for good cause." FRCP 16(b)(4). The primary consideration in the "good cause" analysis is whether the party seeking the amendment was diligent in obtaining the discovery sought during the discovery period. *Equal Rights Ctr. v. Post Properties, Inc.*, No. CV 06-1991(RJL)(AK), 2008 WL 11391642, at *1 (D.D.C. May 27, 2008)(internal citation omitted). An additional, yet secondary, consideration is "the existence or degree of prejudice to the party opposing the modification." *Equal Rights Ctr. v. Post Properties, Inc.*, No. CV 06-1991(RJL)(AK), 2008 WL 11391642, at *1 (D.D.C. May 27, 2008)(internal quotation and citation omitted).

Here, Defendants have been diligent in obtaining the agreement of six individuals to serve as experts and to prepare expert reports. When Defendants anticipated difficulty in meeting the existing schedule, Defendants promptly reached out to Plaintiff and sought in good faith to

---

[3] Quainton Decl. ¶ 7
[4] Quainton Decl. ¶ 8
[5] Quainton Decl. ¶ 9

reach a mutually acceptable schedule that resulted in only a very minor one-week modification of the overall expert discovery schedule.[6] Moreover, there would be no prejudice to Plaintiff from the requested modification as Plaintiff proposed the compromise schedule that Defendants accepted.[7] Finally, Defendants submit that the trier of fact would benefit from the additional time to ensure that the reports are of the best possible quality. For all these reasons, Defendants respectfully submit that good cause exists to modify the expert discovery schedule as set forth in the compromise proposal agreed to by Defendants and Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reset the expert discovery deadlines as follows:

| | |
|---|---|
| Initial Expert Reports: | September 23, 2020 |
| Rebuttal Reports: | October 23, 2020 |
| Close of Expert Discovery: | November 20, 2020 |

Dated: August 27, 2020

> /s/ Eden Quainton_____
> EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
> QUAINTON LAW, PLLC
> 1001 Avenue of the Americas, 11th Floor
> New York, New York 10018
> Telephone: (212) 813-8389
> E-mail: equainton@gmail.com
> *Attorneys for Defendants Edward Butowsky*
> *and Matthew Couch*

---

[6] Quainton Decl. ¶¶ 5-9
[7] Quainton Decl. ¶ 8

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on August 27, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Telephone: (212) 813-8389
E-mail: equainton@gmail.com
*Attorneys for Defendants Edward Butowsky and Matthew Couch*