UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

    Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (THE "HAGUE CONVENTION")

The United States District Court for the District of Columbia presents its compliments to the appropriate judicial authority of the United Kingdom ("UK"), and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. Upon hearing the Defendant's Motion for Issuance of a Letter of Request supported by the Declaration of Eden P. Quainton (the "Quainton Decl."), this Court has determined that it would further the interests of justice if by the proper and usual process of your Court, you summon Julian Assange to appear before a person empowered under English law to administer oaths and take testimony forthwith, to give testimony under oath or affirmation by questions and answers upon oral examination in respect of the matters and issues identified below, and permit the parties to create a written transcript and video recording of such testimony. The applicant for this letter is Edward Butowsky, Defendant in a lawsuit brought by Aaron Rich, *Rich v. Butowsky, et al.*, 18-cv-0681 (RJL) (the "Rich Lawsuit"). This request is made pursuant to Rules 4(f)(2)(B) and 28(b)(1)(B) of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. §

1

1651 and 28 U.S.C. § 1781 (permitting the transmittal of letters rogatory/letters of request through the district courts and the Department of State); the Evidence (Proceedings in Other Jurisdictions) Act 1975, c. 34 (UK); and Part 34 of the Civil Procedure Rules 1998.

The United States District Court for the District of Columbia is a competent court of law and equity which properly has jurisdiction over this proceeding and has the power to compel the attendance of witnesses both within and outside its jurisdiction. On information and belief, Mr. Assange is imprisoned in the HM Belmarsh High Security Prison in London, UK. On information and belief, Mr. Assange has or is likely to have knowledge of the subject matter specified in Section 7 below.

The testimony is intended for use at trial, and in the view of this Court, will be relevant to claims and defenses in the case, including Defendant Edward Butowsky's defenses to allegations of defamation made against him by Plaintiff Aaron Rich.

The testimony is intended for use at trial, and in the view of this Court, will be relevant to claims and defenses in the case, including Defendants' defenses of truth and absence of malice. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a UK court. The requesting Court is satisfied that the testimony sought to be obtained through this request is critical, relevant and necessary, for the reasons stated in Section 7 below, and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel participation of Mr. Assange and, such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Central Authority for the United Kingdom.

1. **SENDER HONORABLE SENIOR JUDGE RICHARD J. LEON**

   United States District Court Judge United States District Court for the District of Columbia
   E. Barrett Prettyman United States Courthouse
   333 Constitution Ave, NW Washington, DC 20001
   United States of America

2. **CENTRAL AUTHORITY FOR THE UNITED KINGDOM**

   THE SENIOR MASTER OF THE QUEEN'S BENCH DIVISION
   For the attention of the Foreign Process Section
   Room E16
   Royal Courts of Justice
   Strand
   London WC2A 2LL
   United Kingdom

3. **IDENTITY AND ADDRESS OF THE PERSON TO BE EXAMINED**

   JULIAN ASSANGE HM
   Prison Belmarsh
   Western Way
   London SE28 0EB
   United Kingdom

4. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

   THIS COURT AND REPRESENTATIVES OF THE DEFENDANT, EDEN P. QUAINTON, QUAINTON LAW, PLLC,
   1001 Avenue of the Americas, 11th Fl.
   New York, NY 10018
   United States

5. **SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE REQUEST**

   Because this matter has a similar subject matter to and one overlapping party with *Rich v. Fox News Network, LLC et al*, No. 1:18-cv-02223 (S.D.N.Y.), Plaintiff Aaron Rich respectfully requests a response coordinated with the response sought in that case, which requested a response date of September 1, 2020.

6. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

The evidence requested relates to the action *Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-000681-RJL (D.D.C.), United States District Court for the District of Columbia. The parties and their representatives are listed herein as follows:

    a. **Plaintiff**:

Aaron Rich
c/o Michael J. Gottlieb
WILLKIE FARR GALLAGHER LLP
1875 K Street, NW Washington, DC 20006

*Represented By*:

BOIES SCHILLER FLEXNER LLP
Joshua P. Riley
Meryl C. Governski
1401 New York Ave, NW
Washington DC 20005
(202) 237-2727
(202) 237-6131 facsimile

WILLKIE FARR GALLAGHER LLP
Michael J. Gottlieb
1875 K Street, NW
Washington, DC 20006
(202) 303-1000
(202) 303-2000 facsimile

    b. **Defendants**:

Edward Butowsky

*Represented By*:

QUAINTON LAW, PLLC
Eden P. Quainton
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 813-8389
(212) 813-8390 facsimile

Matthew Couch

*Represented By*:

QUAINTON LAW, PLLC
Eden P. Quainton
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 813-8389
(212) 813-8390 facsimile

America First Media
2300 West Ash Street
Rogers, AR 72758
*Pro Se*

## 7. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

Plaintiff Aaron Rich filed this civil lawsuit on March 26, 2018 against Edward Butowsky, Matthew Couch, America First Media, and The Washington Times (who has been dismissed from the case pursuant to settlement) for *inter alia* defamation and intentional infliction of emotional distress, seeking damages and injunctive relief. Complaint, *Rich v. Butowsky*, et al., No. 1:18-cv00681-RJL (D.D.C. Mar. 26, 18), Dkt. 3. The Complaint alleges that Defendants defamed Aaron Rich by allegedly stating that Mr. Rich and his brother Seth downloaded emails from the Democratic National Committee ("DNC") servers and transferred these emails to Wikileaks in exchange for payment.  Complaint ¶ 1. The Complaint further alleges that Defendants made defamatory statements that Aaron Rich had impeded investigation into his brother's murder. *Id.* ¶ 54. The American media has characterized the view that anyone other than Russia military intelligence was responsible for the provision of emails to Wikileaks as a "conspiracy theory." However, Mr. Assange is in the best position to confirm or deny the veracity of Defendants' alleged statements, as well as to detail the precise mechanism by which the DNC emails were transmitted to him.  Under U.S. Constitutional law, the plaintiff in a matter of public importance has the burden of

proving the falsity of Defendants statements. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986) (even where plaintiff is a private figure and the matter is one of public concern, plaintiff bears burden of showing falsity, as well as fault, before recovering damages). In the District of Columbia, where a Plaintiff seeks "presumed damages," as Mr. Rich does in his lawsuit, the plaintiff must show actual malice or the statement of a reckless or knowing falsehood. *Phillips v. Evening Star Newspaper Co.*, 424 A.2d 78, 86 (D.C. 1980). With respect to actual damages, the U.S. constitution also imposes an "actual malice" standard for actions brought by public figures, as the U.S. Supreme Court has held in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and its progeny. In the present case, Plaintiff claims to be an "intensely" private person, Complaint at ¶ 3, but he has chosen, among thing things to make his case publicly, together with his attorneys, to a world-wide audience through the recently broadcast six-part Conspiracyland podcast produced by journalist Michael Issikof. The parties have not yet briefed the applicable standard of fault.

Regardless of the standard of fault, however, Mr. Assange is uniquely positioned to provide testimony confirming or denying the matters set forth in Section 8 below. This Court is convinced by submissions of both parties that Mr. Assange's testimony is critical, relevant, and necessary to the trial and resolution of this matter.

   8. **STATEMENT OF THE SUBJECT MATTER ABOUT WHICH MR. ASSANGE WILL BE EXAMINED**

In addition to the testimony sought by Plaintiff in his Letter Request, Defendant seeks testimony from Mr. Assange stating that:

1) Russian military intelligence did not, directly or indirectly, provide Mr. Assange or Wikileaks with the DNC emails published in the summer and fall of 2016.

2) Seth Rich, Aaron Rich or an individual using a handle or username known or reasonably assumed to belong to Seth or Aaron Rich offered DNC emails to Mr.

    Assange/Wikileaks, requested payment for said emails and provided emails to Mr. Assange/Wikileaks either directly or through an intermediary.

Plaintiff also omits the following, which Defendant views as critical:

3) To the extent the individual(s) identified in point 2 above communicated with Mr. Assange/Wikileaks via an intermediary, or to the extent Mr. Assange confirms that the DNC emails were provided through an intermediary, the identity of said intermediary so that further investigation can be conducted to obtain additional evidence critical, necessary and relevant to the action.

4) The names of other individuals and/or intermediaries likely to have knowledge as to the role of Seth Rich and Aaron Rich in the transmission of emails to Mr. Assange/Wikileaks.

5) A description of the technical mechanism by which the DNC emails were provided to Mr. Assange/Wikileaks, important for the parties' expert witness submissions.

6) Confirmation that the DNC emails could not have been provided by means of remote exfiltration but were provided following a download by an internal DNC source.

## 9. **REQUIREMENT THAT THE TESTIMONY BE GIVEN UNDER OATH**

It would further the interests of justice if, by the proper and usual process of your Court, you summon Mr. Assange to appear, before a person empowered under UK law to administer oaths and take testimony, to give testimony under oath or affirmation on the topics listed in Section 8 by questions and answers upon oral examination at a time and place to be determined by the High Court.

## 10. **SPECIAL PROCEDURES OR METHOD TO BE FOLLOWED**

This Court respectfully requests that with respect to the examination sought, that such orders be entered as English law permits to direct that the examination takes place. The examination shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of England. This Court further requests: (1) that the examination be taken orally; (2) that the examination be

taken before a commercial stenographer and videographer selected by Mr. Butowsky; (3) that the videographer be permitted to record the examination by audiovisual means; (4) that the stenographer be allowed to record a verbatim transcript of the examination; (5) that the examination be conducted in English; (6) that the witness be examined for no more than seven hours; and (8) that the witness be examined as soon as possible. In the event that the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the laws of England for the formal taking of testimonial evidence. To the extent that any portion of this Letter of Request cannot be granted, it is respectfully requested that the remaining parts be granted.

## 11. REQUEST FOR NOTIFICATION

We respectfully request that any order made by the Court will require the examining party to send notice of the time and place for the taking of testimony, and to provide copies of the transcript and video recording of such deposition to Defendants' representatives as identified in Section 4 above and to:

> HONORABLE SENIOR JUDGE RICHARD J. LEON
> United States District Court Judge
> United States District Court for the District of Columbia
> E. Barrett Prettyman United States Courthouse
> 333 Constitution Avenue, NW
> Washington, DC 20001
> United States of America

## 12. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST

None.

## 13. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

14. **STATEMENT OF RECIPROCITY**

The United States District Court for the District of Columbia is willing to provide similar assistance to the judicial authorities of the UK courts.

15. **REIMUBURSEMENT**

Mr. Butowsky will reimburse the judicial authorities for costs incurred in issuing and executing this request. Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by the Defendant. The Defendant's payment of any such fees and costs is without prejudice to his making a subsequent request to be reimbursed for these costs by other parties to the action.

_____   _____
 Date                                                        RICHARD J. LEON
                                                             United States District Judge
                                                             United States District Court for the
                                                             District of Columbia


                                                             _____
                                                             Seal of the United States District Court
                                                             for the District of Columbia