**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON RICH<br><br>                Plaintiff,<br><br>   v.<br><br>EDWARD BUTOWSKY,<br>MATTHEW COUCH, and<br>AMERICA FIRST MEDIA,<br><br>                Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br>Hon. Richard J. Leon |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DE-DESIGNATE CERTAIN AUDIO RECORDINGS PRODUCED BY DEFENDANT MATTHEW COUCH**

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com

Plaintiff Aaron Rich by and through undersigned counsel respectively files this reply in support of his Motion to De-designate Certain Audio Recordings Produced By Defendant Matthew Couch and designated as "Highly Confidential – Attorney's Eyes Only" (AEO).  *See* Dkt. 233 (public), Dkt. 234-1 (sealed) ("Motion").  In response to Plaintiff's Motion seeking a narrow and specific remedy—namely moving the Court to remove all designations to five specific audio recordings (collectively, "Audio Recordings")—Defendant Couch has filed a sprawling response comprised of non-sequiturs, baseless accusations, and a legally and procedurally improper motion to file a counterclaim that bears little if any relationship to Plaintiff's underlying discovery Motion.  *See* Dkt. 244 ("Opposition").  Plaintiff will file a separate response to Defendant Couch's procedurally improper cross-motion before the due date for such opposition under the rules.  *See* D.D.C. R. 7(b).  For present purposes, Plaintiff notes that the purported cross-motion does not seek any relief that would affect, one way or the other, Plaintiff's Motion to de-designate five audio recordings, and instead the cross-motion appears designed to complicate and delay this Court's resolution of what is a straightforward discovery motion.  This Court should decide the present Motion and consider separately, once briefing is complete, Defendant Couch's belated request to file a counterclaim and affirmative defenses long since waived.  *Id.*

As an initial matter, the Opposition misstates the relief that the Plaintiff is seeking by claiming, without basis, that ███████████████████████████████████ ███████████████████████████████████ Opposition at 5.  Defendant Couch's understanding is wrong and contrary to the Motion on its face.  In both the Motion and Proposed Order, Plaintiff explicitly asks the Court to remove "***all*** confidentiality designations" from the five Audio Recordings and permit them to be *publicly* filed if and when such material is pertinent to a filing, including but not limited to summary judgment briefings.  *See* Motion at 3 ("The Court should reject Defendant Couch's attempt to deprive Plaintiff ***and the public*** of the truth, ***and order***

1

*that all confidentiality designations be removed* from the corresponding five audio recordings" (emphasis added)); Dkt. 133-13 (Proposed Order asking that the Court permit the Audio Recordings to "be ***publicly*** filed" (emphasis added)).  There is no basis in the law or in the Protective Order governing the case for *any* designation, and as explained herein Defendant Couch has not carried his burden to prove why the Audio Recordings should be shielded from anyone, Plaintiff or the public.  As explained in the Motion, Defendant Couch should not be permitted to ***publicly*** rely on summaries of the Audio Recordings while shielding the actual conversations from the ***public***.

      The Opposition lacks any factual or legal support for maintaining the Audio Recordings' confidentiality designations, which is Defendant Couch's burden as a matter of law.  *See* Motion at 2 (citing cases).  The Opposition does not address, and therefore concedes, that: (1) the Audio Recordings document the state of minds of the Defendants contemporaneous to the events of issue; (2) they are relevant to Plaintiff's ability to prepare his case; (3) their content does not fall remotely within the definitions of AEO or Confidential Information as defined by the Protective Order; and (4) Defendant Couch has publicly divulged the sources and content of information, including as a sword in written discovery.  *Compare* Motion at 1-2, *with* Opposition at 4-8;  *see also* D.D.C. R. 7(b); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (D.D.C. R. 7(b) "is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded . . .").  The Opposition also concedes that the law requires Defendant Couch to establish "good cause" to shield discovery materials by articulated "a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements….'" *Compare* Motion at 2 (citing *John*

*Does I-VI v. Yogi*, 110 F.R.D. 629, 632 (D.D.C. 1986) and *Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C. Cir. 1983)), *with* Opposition at 5.[1]

The *sole* basis Defendant Couch asserts he is entitled to deprive Plaintiff of admittedly admissible, relevant, and case-critical recordings is that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opposition at 4. The Opposition does not cite a single case to defend the proposition that the law permits ▮▮▮▮▮▮ ▮▮▮ to solely overcome the "statutory presumption in favor of open discovery." *Id; John Does I-VI*, 110 F.R.D. at 632. Further, the Opposition does not provide the "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" that the law requires. *Id*. Defendant Couch does not even attempt to explain whether or how these specific Audio Recordings—three with Defendant Butowsky that memorialize ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and two with third-party Rod Wheeler in which Defendant Couch expresses ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮—contain material that would cause "serious harm" if disclosed to Plaintiff or to the public. *See* Motion at 2-5, 10. Nor could he because (as the Opposition concedes) the content of the Audio Recordings does not contain any of the type of material that the Protective Order contemplates as AEO: "medical records, bank records, non-public personal addresses, law enforcement investigations, and matters related to national security" that the Protective Order defines as warranting AEO designation. *See* Motion at 3.[2] Defendant

---

[1] While ignoring the law directly addressing the applicable standard when attempting to shield discovery materials, the Opposition attempts to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Opp. At 5. Not only does the Opposition fail to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it also is irrelevant since Plaintiff has now filed the motions under seal and is seeking to unseal them by de-designation.

[2] Likewise, they do not include content often contemplated in the context of protective orders. *E.g.*

Couch also does not attempt to reconcile how the Court could credibly determine that he suffers no harm from his *own* disclosure of the sources and content in his public social media and in discovery responses but would be harmed by the release of the underlying Audio Recordings.

Rather than provide a "particular and specific demonstration of fact" about why the Audio Recordings in particular are worthy of any designation, the Opposition avoids discussion of the Audio Recordings virtually entirely, and, instead, devotes nearly all of its 15 pages ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3] But none of the accusations about Plaintiff provide any cause, let alone the "good" cause that the law requires, for why Plaintiff should be shielded from reviewing recorded conversations Defendants had about the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendant Couch does not and cannot claim that Plaintiff has <u>ever</u> violated the Protective Order or publicly disclosed or discussed any of the contents of discovery.

Defendant Couch's entire argument is based upon a strawman that collapses with the slightest of scrutiny. Namely, Defendant Couch claims that Plaintiff ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

*John Does I-VI*, 110 F.R.D. at 632 ("proprietary business information" such a trade secrets).

[3] Plaintiff vehemently disagrees with many of the Opposition's factual representations and characterizations, and questions how counsel for Defendant Couch satisfied his duties under Fed. R. Civ. P. 11 prior to signing his name to such assertions and accusations. Plaintiff reserves all rights to address the lack of merit of factual assertions but declines to do so here because even if they were true (which they are not), they are utterly irrelevant to the question before the Court.

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████.[4] By contrast, in Defendant Couch's world, he and Defendant Butowsky were entitled to claim in public broadcasts that they had "evidence" that could "prove everything" about Seth and Aaron Rich (*e.g.* Dkt. 3 ¶ 51), yet they had no obligation to report said information to law enforcement. In sum, in Defendant Couch's inverted worldview,

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████. It is impossible to reconcile Defendant Couch's ever-evolving theory of Plaintiff's obligations vis-à-vis law enforcement except to surmise that Defendant Couch believes the family of a murder victim is obliged ██████████████████████████████

████████████████████████████████████████

████████████████████.

---

[4] Defendant Couch's counsel does not even attempt a nod to his duty of candor when he calls Plaintiff ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ *and sworn testimony about their attendance at a meeting during which there were discussions about launching a "surveillance operation against the Rich family,"* see Motion at 8.

In all events, Defendant Couch has failed to meet his burden to demonstrate that the five audio recordings at issue should be properly designated as either AEO or Confidential under the Protective Order. This Court should order all recordings de-designated.

DATED:  September 15, 2020                    Respectfully submitted,

*/s/ Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
MERYL C. GOVERNS KI (D.C. Bar No. 1023549)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovemski@bsfllp.com

***Attorneys for Plaintiff Aaron Rich***

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on September 15, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky, and Defendant Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: September 15, 2020

*/s/ Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com