# Exhibit 2

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Office of the Attorney General



**ATTORNEY GENERAL**
**KARL A. RACINE**

**Civil Litigation Division**

June 26, 2020

Eden P. Quainton, Esquire
1001 Avenue of the Americas
11th Floor
New York, NY 1001851

*Aaron Rich v. Edward Butowsky, et al*., C.A. No. 18-cv-681-RJL

Dear Mr. Quainton:

This letter is in response to two subpoenas issued by you on behalf of Edward Butowsky and Matthew Couch, defendants in a defamation civil lawsuit pending in the United States District Court for the District of Columbia. The plaintiff in that case is Aaron Rich. The first subpoena ("Subpoena to Testify at a Deposition in a Civil Case,") was served on Detective Joseph Della Camera of the District of Columbia Metropolitan Police Department (MPD) (hereinafter "the Della Camera subpoena"). The subpoena commands Detective Della Camera to appear for a deposition and produce a variety of documents and things allegedly relating to an investigation into the apparent killing of Aaron's brother, Seth Rich. The second subpoena, served on the MPD General Counsel (hereinafter "MPD subpoena"), seeks the same information as requested in the Della Camera subpoena. The information requested in the subpoenas includes, but is not limited to, MPD Body Worn Camera (BWC) footage, radio transmissions, search warrants, subpoenas, witness statements, investigative notes, documents and communications concerning many individuals (U.S. citizens and non-U.S. citizens), political entities, news outlets and social media platforms.

The District has identified two public documents that it will make available and are being produced with this letter. The documents are an award flier and a public incident report. No other documents or things will be provided. The documents being withheld are identified in the attached declaration from MPD Lieutenant Christopher Petz, Homicide Branch, Criminal Investigation Division, Investigative Service Bureau. There are three reasons justifying the District's decision to withhold this information.

First, the documents are protected from disclosure under the law enforcement privilege which the District asserts. *See* Petz Declaration, ¶ 10. The District asserts the privilege to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of

individuals involved in the investigations, to prevent interference with the investigation and the successful prosecution of the crimes." *Id*., ¶ 12.

Second, the documents are also being withheld because Fed. R. Crim. Pro. 6(e) prohibits the disclosure of grand jury material. Mr. Rich died on July 10, 2016. A grand jury investigation began two days later, on July 12, 2016. All information obtained on and after July 12, 2016 is subject to grand jury protection. Moreover, as indicated by Lieutenant Petz, some documents, such as search warrants, are filed under seal.

Third, the documents set forth in the Subpoena Addendum attached to the Della Camera subpoena are not the personal property of Detective Della Camera but rather, the documents are the property of the District. Detective Della Camera is not the custodian of records for MPD. He has not been and will not be authorized to produce any documents in response to the subpoena. Also, as of January 6, 2019, Detective Della Camera is no longer assigned to the Rich investigation. He therefore has no responsive documents. Even if a subpoena had been properly served on the custodian of records, for the reasons stated above, the documents would still be withheld under the law enforcement privilege and Fed. R. Crim. Pro. 6(e).

Lastly, the deposition of Detective Della Camera has not been resolved. The deposition was originally scheduled for June 16, 2020 but you and I mutually agreed to not go forward with the deposition on that date. We have had at least two telephone conversations and exchanged emails for the purpose of determining the subject matters on which Detective Della Camera will be allowed to testify. To reiterate the District's position, Detective Della Camera will not testify as to any matter protected by the law enforcement privilege or Fed. R. Crim. Pro. 6(e). Detective Della Camera's deposition testimony will be limited to the two documents produced with this letter but, even testimony as to those documents will be limited by the law enforcement privilege asserted by the District.

We tentatively rescheduled Detective Della Camera's deposition for July 2, 2020. However, that date is not firm. Because of the limitations of the documents being produced and the limited scope of Detective Della Camera's deposition testimony, you inquired as to whether, economically, it is more efficient to conduct Detective Della Camera's deposition by written question. Fed. R. Civ. Pro. 31. We are still considering your request but have not made a final decision. I am, therefore, requesting that the July 2, 2020 deposition be postponed at this time.

The above sets forth the District's final decision as to producing documents and things obtained by MPD during the course of investigation into the death of Seth Rich and the scope of Detective Della Camera's deposition testimony.

Sincerely,

KARL A. RACINE
Attorney General

By:   /s/ David A. Jackson
      DAVID A. JACKSON
      Assistant Attorney General