# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH

                Plaintiff,

    v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA

                Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## PLAINTIFF'S OPPOSITION TO DEFENDANT BUTOWSKY'S CROSS-MOTION TO STRIKE CERTAIN SCANDALOUS AND IMPERTINENT MATERIAL AND THE ENTIRETY OF MS. RATNER'S RULE 31 DEPOSITION

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

On August 31, 2020, third-party Ellen Ratner filed a Motion To Quash Subpoena For Second Deposition And Documents, Or For Alternative Relief.  Dkt. 238.  On September 14, 2020, Defendant Edward Butowsky filed an Opposition to Motion of Third-Party Witness Ellen Ratner To Quash Subpoena For Second Deposition And Cross-Motion to Strike Certain Scandalous and Impertinent Material And the Entirety of Ms. Ratner's Rule 31 Deposition.  Dkt. 248 (the "Opposition" or "Cross Motion" or "Cross Mot.").   Plaintiff, by and through undersigned counsel, respectfully submits this filing to oppose Defendant Butowsky's Cross Motion and to respond to the inaccurate factual and legal arguments contained therein, as well as in the Opposition.

Defendant Butowsky ███████████████████████████████████ ███████████████████████████████████████████ Defendant offers no persuasive explanation as to why this relief should be granted for a deposition that was completed more than *nine months ago*. ████████████████████████████████████████ ████████████ Defendant Butowsky has no one but himself to blame for failing to meet the deadlines imposed by the Federal Rules of Civil Procedure ("Rules" or "Rule") and/or this Court.   Defendant Butowsky has failed to disclose to the Court the chain of events that necessitated this round of motions practice, which has its genesis in Defendant Butowsky's own failure to notice any cross-questions or objections to the Rule 31 deposition within the time frame required by the Rule (or even at any time before the deposition) or to act diligently upon discovery of his oversight.   Defendant Butowsky's Opposition and Cross Motion presents an incomplete and inaccurate narrative of events, *see infra* at Factual Background, and seeks a remedy that is unsupported by law, *infra* at Argument.   Plaintiff respectfully requests the Court deny Defendant Butowsky's Cross Motion.

**FACTUAL BACKGROUND**

While spending multiple pages on irrelevant, inaccurate, and hyperbolic factual and procedural assertions,[1] the Opposition and Cross Motion fails to disclose the relevant history leading up to Ms. Ratner's Rule 31 deposition, including all of the following:

- On **October 14, 2019** (after Plaintiff had filed an affidavit of his default), Defendant Butowsky belatedly served initial disclosures via his counsel at the time (Philip J. Harvey) and listed a dozen individuals likely to have discoverable information, including Ms. Ratner. *See* Dkt. 83-3; *see also* Dkt. 56 (affidavit of default).[2]  That same day, Plaintiff sought approval to take additional depositions, including Ms. Ratner's deposition,  Dkt. 83 at 2, which was partially granted on **November 1, 2019** by Minute Order.

- On **December 17, 2019** Plaintiff noticed and served questions for the Rule 31 deposition of Ms. Ratner on Defendant Butowsky's current counsel, Eden Quainton, who had entered an appearance in the case the previous month.  *See* Dkt. 248-2 (notice); Dkt. 92 (appearance).[3]

- Defendant Butowsky was required but failed to serve cross questions by **December 31, 2019**. Fed. R. Civ. P. 31(a)(5) (cross questions "within 14 days after being served with the notice and direct questions").

- On **January 13, 2020**, Defendant Butowsky filed a motion to extend discovery, which at that time was slated to close January 20, 2020, in which he did not mention the need for any of the defendants to depose Ms. Ratner. *See generally* Dkt. 103-2; *see also id.* at 17 n.8 (listing as the four "necessary" depositions to Defendant Butowsky to include Plaintiff, Joel Rich, Seymour Hersh, and Rod Wheeler).  At this point in time, there is no dispute that Defendant Butowsky was aware of Plaintiff's intent to depose Ms. Ratner, given she was listed in Plaintiff's filing to the Court in October, Dkt. 83, and the Rule 31 notice sent nearly a month earlier.

- On **January 14, 2020**, Mr. Quainton emailed counsel for Plaintiff to ask whether the deposition of Ms. Ratner was "going forward" on January 15, to which counsel for Plaintiff responded by re-attaching the December 17, 2019 notice and explaining that: "We served Defendants with that notice, along with a full copy of Plaintiff's written questions and

---

[1] ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████ Plaintiff declines to burden the Court with addressing the factual allegations in the Opposition and Cross Motion but does not waive the right or concede the accuracy of the statements.

[2] ████████████████████████████████████████████████████████

[3] The subpoena stated that the deposition was to take place on or before January 15, 2020.

exhibits, on December 17.   Under Rule 31(a)(5), Defendants had 14 days to serve any cross-questions.   No cross-questions or objections were served.   The served notice and questions were delivered to the designated officer identified in the subpoena following Rule 31(b).   As stated in the subpoena, the specific time and place of the deposition is at the discretion of the designated deposition officer—while we do not know the address, *we understand that the deposition will be completed by the end of this week*.   As required by Rule 31(c)(1), we will inform you as soon as we have received notice that the deposition is complete." Ex. A (emphasis added).

- At no point between January 14 and January 17 did Mr. Quainton request Plaintiff to delay or reschedule the deposition, submit written questions to be asked at the deposition, or file any motion with this Court seeking any relief with respect to the deposition.

- On **January 17, 2020**, a court reporter in Ohio administered the Rule 31 deposition of Ms. Ratner (hereinafter "First Deposition") and the same day provided Plaintiff with a transcript, a gratis copy of which Plaintiff's counsel provided to Mr. Quainton.  *See* Dkt. 165-8. ██████████████████████████████████

On February 21, 2020, Defendant Butowsky raised for the first time the desire to "do an hour of cross on Ellen Ratner" but that it "*should [not] count against Mr. Butowsky's five depositions*." Dkt. 165-7 (emphasis added).   In response, Plaintiff's counsel explained (again) that Defendant Butowsky had waived his right to cross Ms. Ratner, writing:

> Plaintiff's deposition of Ms. Ratner is "complete" by the terms of Rule 31, and there is no provision in that rule for cross examination now.  This was not a Rule 30 deposition, so you would not be entitled to "an hour of cross" even if you had timely requested it.  Instead, you were required to submit cross questions in writing as laid out under Rule 31(a)(5). Defendants did not do so, the deposition took place based on the written questions submitted, and the deposition was then "completed" under the terms of Rule 31(c)(l).  You did not object to the Rule 31 notice (which we served on December 17 (attached), and included all of the questions that Ms. Ratner· was asked at the deposition, when we exchanged emails about the deposition on January 14 before the deposition took place, or when we provided notice that the deposition was complete on January 17.  In sum, we think it's clear that Defendants waived their right to submit cross examination questions under Rule 31, and there is no provision for re-opening a "complete" deposition under Rule 31.

Dkt. 165-7.

████████████████████████████████████████████████████

██████████████████, it was not until *February 29 2020*, a month before

3

discovery was scheduled to close that Defendant Butowsky served a notice of his own deposition subpoena for Ms. Ratner.  Dkt. 165-5. ███████████████████████████████████

███████████████████ *first time* counsel for Defendant Butowsky ever objected to Ms. Ratner's First Deposition or its procedure was **March 3, 2020**—nearly *five months* after listing Ms. Ratner in his initial disclosures; nearly *three months* after Plaintiff noticed the deposition of Ms. Ratner; more than *two months* after waiving the right to serve cross-questions; *seven weeks* after Plaintiff confirmed that the deposition would take place during the week of January 14, 2020; and more than *six weeks* after receiving a copy of the transcript for the First Deposition.

███████████████████████████████████████

███████████████████████████████████████

███████████████████

## ARGUMENT

The Opposition and Cross Motion does not dispute that Defendant Butowsky received proper notice of Ms. Ratner's First Deposition.  The Cross Motion ignores entirely that Defendant Butowsky and his counsel failed to serve cross questions or cross notice for that deposition so as to prevent undue burden on Ms. Ratner (not to mention on Plaintiff and this Court).  Plaintiff is unaware of any law, and Defendant Butowsky cites none, for the proposition that a party can strike the *entirety* of a deposition based on one's own failure to comply with the Federal Rules.  *Infra* § I.  Even if there were some rule that empowered a Court to strike a deposition at this time, Defendant Butowsky's professed reasons do not warrant that remedy.  *Infra* § II(B).  Defendant Butowsky's Cross Motion should therefore be denied.

## I.   DEFENDANT BUTOWSKY DOES NOT CITE A SINGLE RULE OR CASE THAT SUPPORTS THE ADMITTEDLY "EXTREME REMEDY" HE SEEKS.

[REDACTED]

[REDACTED] *Defendant Butowsky is unable to muster a single legal citation* related to, in support of, or authorizing a party to seek or a Court to enter such a remedy. *See id.* at 29-32.  None of the four cases cited in the Cross Motion—two from this district and two from out-of-circuit district courts—have anything to do with motions to strike.  *See id.* at 29, 31, 32 (citing cases).[4]  The only case cited in the Cross Motion that even mentions Rule 31 holds that a party cannot use a Rule 31 motion in lieu of a Rule 30 one because (contrary to Defendant Butowsky's argument) the former is just as onerous on the deponent as the latter.  *See id.* at 31.[5]

---

[4] The two cases from this district relate to when a noticing party must pay attorney fees or witness costs in connection with Rule 30 depositions (including in a situation analogous to third-party Larry Johnson's refusal to answer questions at Mr. Quainton's instruction), and neither remotely relate to declaring a subpoena "null and void" or "invalid" as the Cross Motion's parenthetical describe.  *Compare United States v. All Assets Held at Bank Julius Baer & Co., Ltd., Guernsey Branch, Account No. XXXXXX*, No. CV 04-798 (PLF/GMH), 2017 WL 4183450, at *4 (D.D.C. Sept. 20, 2017) and *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 212 F.R.D. 429, 431 (D.D.C. 2003), *with* Cross Mot. at 29.  The case from Connecticut stands for the unremarkable proposition that in order to secure a third-party deposition, a Rule 45 subpoena that demands a deposition (and not just documents) is required and must be served (neither of which there occurred).  *Stancuna v. Iovene*, No. 3:08-CV-30 (JBA), 2016 WL 11589754, at *3 (D. Conn. Oct. 31, 2016).

[5] The court in *Dallas Buyers Club, LLC v. Doe-70.181.229.254*, denied a party leave to take a deposition by Rule 31 (after having denied him the right to a Rule 30 deposition) based on a determination that the former is no less burdensome than the latter because after the written questions are submitted under Rule 31, the "deposition then proceeds in a manner similar to oral depositions" for the deponent.  No. 16cv317-BAS DHB), 2016 WL 3854547, at *1-2 (S.D. Cal. July 15, 2016).  In turn, *Dallas Buyers Club, LLC* actually supports the principle that the deponent's counsel is entitled to protect their client during the deposition in the same way he or she would during an oral deposition under Rule 30.  *Id.*

Even if there were some theoretical law supporting the striking of deposition testimony, there is no legal basis for striking the *entirety* of the First Deposition. ███████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████   In contrast to the "extreme remedy"

---

[6] ███████████████████████████████████████████████████████   The substance of Ms. Ratner's testimony is not relevant to whether Defendant Butowsky is entitled to a second bite at the apple that he has sought entirely because of the substantive damage done to his claims by the testimony.

[7] The purported ███████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

[8] ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████

Defendant Butowsky is seeking, there are rules and a procedural vehicle that actually contemplate how to deal with evidence that a party believes are "inadmissible" or "prejudicial," namely the Federal Rules of Evidence and motions in limine, and those vehicles are the appropriate mechanism for addressing testimony that Defendant Butowsky believes would be prejudicial.  The Court need not credit and should reject the baseless legal say-so of Defendant Butowsky or his lawyer to enter an "extreme remedy" that has no basis in law.

## II.   THERE IS NO LEGAL AUTHORITY OR JUSTIFICATION FOR STRIKING THE RULE 31 DEPOSITION.

Assuming *arguendo* that the Court has authority to strike an entire deposition at this time, Defendant Butowsky would bear the burden of meeting the exacting standard that would be required.  *Cf. Brown v. Broad. Bd. of Governors*, 662 F. Supp. 2d 41, 47 (D.D.C. 2009) (noting that motions to strike are "an extreme and disfavored remedy").  ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████  Each of these arguments fundamentally misunderstands the Rule 31 deposition process, which is likely why Mr. Butowsky cannot find a single case to support his request, and provides no basis for the "extreme remedy" he seeks.

### A.   Defendant Butowsky Does Not And Cannot Demonstrate Any Prejudice From Or Entitlement To A Specific Deposition Date.

████████████████████████████████████████████████ ████████████████████████████████████████████████

7

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████    This argument is nonsensical—Defendant Butowsky does not explain

why the fact that the deposition was held on January 17 rather than January 15 deprived him of

any rights whatsoever given that he had waived his ability to submit cross-questions more than

two weeks before.  *See* Factual Background; Fed. R. Civ. P. 31(a)(5).  Indeed, Defendant

Butowsky was granted a greater opportunity to object to the deposition by virtue of it taking

place on January 17 rather than 15.  The relevant date for purposes of Defendant Butowsky's due

process rights, given that this was a Rule 31 subpoena, was the date on which Defendant

Butowsky's cross-questions were due, not the date on which the designated officer selected for

holding the deposition.  In any event, the change to a date *later* than the date contemplated in the

subpoena had the effect of giving Defendant Butowsky *more* time, not less, to object, seek relief

in this Court, or submit questions—Defendant Butowsky did none of these things.  It is obvious

that Defendant Butowsky's objection is *not* about *when* the deposition took place—it is entirely

about the fact that the deposition took place at all given his failure to follow the process laid out

by Rule 31.

Even accepting *arguendo* that Defendant Butowsky faced some hypothetical prejudice

from a two-day lag in the taking of a deposition he waived the right to participate in, he has not

cited any authority for the proposition that he was entitled to a precise date in advance of the

Rule 31 deposition.  In contrast with Rule 30, nothing in Rule 31 requires notice of a specific

deposition date:

> A party who wants to depose a person by written questions must serve them on
> every other party, with a notice stating, if known, the deponent's name and
> address. If the name is unknown, the notice must provide a general description

8

> sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

Fed. R. Civ. P. 31(a)(3); *compare with id*. 30(b)(1) ("The notice must state the time and place of the deposition[.])". The reason for requiring notice of the date, time, and location for depositions conducted pursuant to Rule 30 but not for Rule 31 is obvious: Rule 30 depositions permit opposing parties the option to attend, state their objections live, and perform a live-cross of the witness; Rule 31 establishes the process by which the parties draft and serve written questions *ahead of time* so that, as the Rule lays out, they may provide the questions to an Officer, recording staff, and individual being deposed and their counsel. *See* Fed. R. Civ. P. 31(a)(3), (b). For the same reason, Rule 31 does not require the deposition Officer to provide an exact date *even to the party noticing the deposition*. Instead, the Officer must "promptly" take the deposition after receiving "all the questions served and [] the notice[.]" Nothing in the rules nor in the Cross Motion stand for the proposition that Defendant Butowsky is entitled to strike a Rule 31 deposition because it occurred two days after the date noticed. It remains true that Defendant Butowsky waived his right to participate in the deposition, that he (and every other party) had no right to receive notice of the deposition's exact date, and that in any event a delay of two days could not possibly have effected any due process right Defendant Butowsky might have (if any).

████████████████████████████████████████████████████████

████████████████████████████████████████████████ Defendant

Butowsky's consent was not required. Rule 31 expressly permits a noticing party to "depose any person" without leave of Court unless narrow (inapplicable) circumstances apply and establishes the only procedural requirements vis-à-vis the other parties, namely providing them the

opportunity to provide "cross-questions" within 14 days.  Defendant Butowsky cites no contrary authority.[9]

**B.     Defendant Butowsky Does Not Cite Any Support For Striking A Deposition Solely Based On Ms. Ratner Having Counsel Present And Engaging In "Clean Up" Testimony.**



Ignoring counsel's histrionics, Defendant Butowsky's argument appears to be that allowing a deponent's lawyer to speak during a Rule 31 deposition violates the due process rights of any party who is not present.  *Id.* Defendant Butowsky does not cite any case law to support his point and, instead ████████ ████████████████████████████████████████████████████  *Id.* at 31-32.  But the fact that Rule 31(a)(5) articulates a process for questions "*to the deponent from other parties*" but is silent on the role of counsel *for the deponent* does not mean that the rule prohibits deponent's counsel from having a role.[10]

There is no logic in Defendant Butowsky's invented rule.   Rule 31 depositions are sometimes ordered by courts in order to handle sensitive depositions involving issues such as the

---

[9] That Defendant Butowsky and his counsel rest the Cross Motion on procedural formalities stands in stark contrast to the way he has conducted himself in the course of discovery.  As Plaintiff noted in the opposition to Defendant Butowsky's second request to extend discovery, Defendants' "pattern and practice in this case is to notice depositions with arbitrary dates and without conferring with counsel in an apparent rush to meet discovery cut-offs, and then neglecting to serve them, notify counsel proactively of their withdrawal, or serve updating deposition notices."  Dkt. 165 at 6 n.10.

[10] *See also* Antonin Scalia & Bryan A. Garner, *Reading Law* 93 (2012) (noting the interpretive canon that a matter not covered should be treated as not covered).

invocation of privileges.  *See, e.g., Alexander v. FBI,* 186 F.R.D. 1 (D.D.C. 1998) (ordering deposition of White House staffers to take place via Rule 31); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 429 (E.D. Pa. 1981) (court ordered Rule 31 depositions over counsel to address privilege concerns).  There is no question that counsel may—indeed must— represent the deponents at such testimony to propound objections and address issues such as waiver.  *Cf.* Rule 31 Notes of Advisory Committee on Rules—1970 Amendment (indicating that the time for submitting questions in Rule 31 is designed in part to give the deponent time to retain counsel).  Yet Defendant Butowsky's rule would essentially forbid a deponent (especially a third-party one) to have counsel present and engaged, violating the rights of the deponent. *Powell v. Alabama*, 287 U.S. 45, 68 (1932) ("Historically and in practice, in our own country at least, it has always included the right to the aid of counsel when desired and provided by the party asserting the right.").  The Rules, and Rule 31 in particular, contemplate that the deponent will have counsel present to represent their client's legal interest, which routinely allow a deponent's counsel to ask clarifying or rehabilitation questions at the end of a deposition. *Castelino v. Rose-Hulman Inst. of Tech.*, No. 2:17-CV-139-WTL-MJD, 2018 WL 1140389, at *9 (S.D. Ind. Mar. 2, 2018) ("[I]f Castelino has more that he wants to say about a topic than defense counsel's questioning permits him to say, that can be addressed during his counsel's rehabilitation questioning.").

### C.    Defendant Butowsky Does Not Cite Any Support For Striking A Deposition Solely Based On Generalized Grievances Of A Deprivation of Due Process.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████     It is notable, given the

dramatic nature of his claims, that Defendant Butowsky is utterly incapable of explaining what

process was due to him that he did not receive.  The Due Process Clause does not guarantee any particular result in litigation or a deposition, nor does the substantive nature of a witness's testimony have any bearing on the process owed to a party under either Rule 30 or Rule 31.  Not a single case Defendant Butowsky cites is even remotely relevant in this context, where Defendant Butowsky's counsel made strategic judgments about when and how to engage that he came to regret when the substance of Ms. Ratner's testimony was not to his liking.  The Cross Motion is silent as to what about the deposition violated any rights owed to Defendant Butowsky

███████████████████████████████████████████████████████████████████

████████████     Separate from the fact that the Federal Rules of Evidence exist to address the precise claim Defendant Butowsky is raising, that the remedy he seeks (striking of the deposition) is disproportionate to the alleged offense, and that he waived his right to seek these remedies by sitting on his rights for more than nine months, Defendant Butowsky faces the additional problem that even if he had decided to participate in the Rule 31 deposition he would not have been in a position to ask follow-up questions following counsel's introduction of these notes—that is the nature of a Rule 31 deposition.  In sum, the Court should not permit Defendant Butowsky to undo his own failure to comply with the terms of Rule 31 based on assertions of due process violations that have no basis in fact or law.

Dated: September 29, 2020

/s/ Michael J. Gottlieb
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

JOSHUA P. RILEY (D.C. Bar No. 1026900)

BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com

*Attorneys for Plaintiff Aaron Rich*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on September 29, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky, and Defendant Matthew Couch.  A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com.  Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: September 29, 2020

/s/ Michael J. Gottlieb
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com