UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,                                  Case No. 1:18-cv-00681-RJL
                                                     Honorable Richard J. Leon

       Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

       Defendants.

## MOTION TO COMPEL DISCLOSURE

                                   */s/ Eden P. Quainton*_____
                                   **DUNNINGTON, BARTHOLOW**
                                   **& MILLER LLP**
                                   230 Park Avenue
                                   New York, New York 10169
                                   (212) 682-8811
                                   equainton@dunnington.com
                                   *Attorneys for Defendants Edward Butowsky*
                                   *and Matthew Couch*

## ARGUMENT

This Court has already held that the newsgathering privilege, even if it is available, properly asserted and has not been waived, is **not** absolute and must yield to the demands of litigation when the information sought to be protected "goes to the heart" of a case. Dkt. 162 at 3. Defendant Matthew Couch ("Defendant" or "Mr. Couch") was specifically required to disclose the identity of a confidential source, over counsel's objection and instructions to his client, so that Plaintiff could determine what further action he wished to take. *See* Declaration of Eden P. Quainton, dated October 2 (the "Quainton Decl."), Ex. A, Extracts from Deposition of Matthew Couch, dated December 12, 2019 (the "Couch Deposition Extracts") at 493:7-14; Dkt 164 at 8-10; Dkt.162 at 2. This is now the law of the case and must be evenly applied. *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 149 (D.D.C. 2002).

Sy Hersh ("Mr. Hersh") is a well-known journalist central to the dispute between Aaron Rich ("Plaintiff" or "Aaron") and Defendants. Mr. Hersh was recorded by Defendant Edward Butowsky ("Butowsky") in 2017 stating that Mr. Hersh had a source who had told him that according to an FBI report, Seth Rich transmitted emails to Wikileaks, requested payment, and made copies of the material transmitted as a form of protection. Quainton Decl, Ex. B, Extracts from the Deposition of Seymour Hersh, dated July 15, 2020 (the "Hersh Deposition Extracts") at 198:18-25-199:1-7; 109:13-25-110:1-14.

Mr. Hersh's statements are central to the pending litigation. Plaintiff's entire theory is that the idea Seth Rich transmitted DNC emails to Wikileaks is a complete fabrication, a "conspiracy theory" engaged in for notoriety, financial gain, and partisan political motives. Dkt. 3 ¶ 6. Sy Hersh's recording and deposition completely debunk that theory. Because of the importance of Mr. Hersh's statements, Plaintiff is highly likely to attempt to discredit the Hersh recording at trial or fight its admissibility and that of Mr. Hersh's damaging deposition testimony

1

on hearsay grounds. It is critical that Defendants be permitted to confirm the accuracy of Mr. Hersh's information directly with the source, to obtain directly admissible testimony confirming that Seth Rich transmitted DNC emails to Wikileaks.[1] Yet Mr. Hersh's counsel has given his client the exact same instruction Defendants' counsel gave Mr. Couch, prohibiting disclosure of the identity of the source or information that could lead to his or her identification. *Compare* Ex. A at 493:7-14 *with* Ex. B at 76:1-23. The Court has already ruled this instruction must yield to the demands of civil litigation when, as here, the information sought to be protected goes to the heart of the case. *See supra* at 1.

In addition, Plaintiff contends it was defamatory to suggest he knew a "hit" was coming on his brother. Dkt. 3 ¶ 53 at 29. Mr. Couch's highly confidential source claims to know why a "hit" would have been coming: Seth Rich was in possession of a USB thumb drive containing information relating to the DNC emails and certain persons wanted to get possession of this drive. Dkt. 164 at 10-11. Sy Hersh's source claimed that Seth had made copies of the DNC emails that were shared with Seth's roommates as a form of protection. Ex. B at 109:13-25-110:1-18. Sy Hersh's source is critical to corroborating the testimony of Mr. Couch's source, since the copies would almost certainly have been stored on thumb drives and it is not plausible that Aaron, who claimed to be exceptionally close to his brother, would be left in the dark on a matter as sensitive as this. It would violate due process and the law of the case for this Court to

---

[1] It is highly unlikely that Julian Assange, the person with the greatest degree of direct personal knowledge, will ever be deposed or testify at trial. There is no indication that any U.S. officials attempted to perpetuate Mr. Assange's testimony. As a result, "official" statements, such as those in the Mueller report that Assange was spreading "false" statements about Seth Rich, were made based on pure speculation and lack any evidentiary basis or value. Sy Hersh's source, on the other hand, has first-hand knowledge of or can identify the individuals with first-hand knowledge that Seth Rich did, in fact, leak DNC emails to Wikileaks. His identity need not be made public, but he needs to be identified so that Defendants can properly prepare their defense.

hold that the reporter's privilege is qualified and must yield to the needs of civil litigants if the information goes to the "heart of the case" when Mr. Couch makes the argument, but that it is absolute when Mr. Hersh makes the argument.

The Court left no doubt that it was not basing its ruling on Mr. Couch's status, as Plaintiff had urged, Dkt. 95 at 8, but on the qualified nature of the privilege itself. Dkt. 162-2 (reporter's privilege is "qualified"). Mr. Hersh cannot now come before this Court and seek to have the law applied differently to him. Either the reporter's privilege is qualified and must yield when the information sought goes to the "heart of the case" or it is not. The Court has already ruled on this question, which has become the law of the case and cannot now be discarded simply because Mr. Hersh is more "serious" or has more "important" sources than Mr. Couch.

## CONCLUSION

For the reasons set forth above, Mr. Hersh must be ordered to do exactly what Defendant was ordered to do: disclose the identity of his source to counsel for Defendants so that Defendants can properly evaluate how best to prepare their defense. The Court can enter any further orders necessary to prevent the source's identity from being made public.

Dated: October 2, 2020

                          */s/ Eden P. Quainton*
                          **DUNNINGTON, BARTHOLOW & MILLER LLP**
                          230 Park Avenue
                          New York, New York 10169
                          (212) 682-8811
                          equainton@dunnington.com
                          *Attorneys for Defendants Edward Butowsky and Matthew Couch*