UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH
AMERICA FIRST MEDIA,
Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

### DECLARATION OF KRISTINA BORJESSON IN SUPPORT OF OPPOSITION TO MOTION TO INTERVENE OF LUMINANT MEDIA

I, Kristina Borjesson, declare under penalty of perjury that the following is true and correct:

1. I am an independent journalist with an award-winning radio show which provides an alternative to corporate media.

2. I am the host of The Whistleblower Newsroom, a radio show that covers heavily censored stories, many of which are covered up by official narratives and disinformation and that airs around the world on various audio and audiovisual media platforms.

3. The Whistleblower Newsroom has extensively covered the Seth Rich story and the alleged Russian hacking of the DNC.

4. I have interviewed various individuals connected professionally or otherwise with Seth Rich story, including counsel to Defendants, former CIA analyst Ray McGovern, former NSA Technical Director Bill Binney and investigative journalist Seymour Hersh.

1

5. On or about July 5, 20201, I became aware that Luminant Media, Inc. was seeking to unseal certain discovery materials that had been produced by Defendants in connection with the above-captioned litigation.

6. My audience is intensely interested in the Seth Rich affair and is particularly interested in discovery material produced by Plaintiff in connection with the litigation.

7. If the Court appears amenable to unsealing discovery materials considered in connection with motions I intend to seek permission to intervene to unseal or lift the confidentiality on discovery materials produced by Plaintiff and other documents that influenced the Court's decisions in this matter, including the following:

> the full record filed under seal in connection with the Motion to De-Designate including all attachments thereto; the depositions of Sy Hersh and Ellen Ratner and materials submitted under seal in connection therewith; the documents submitted under seal in connection with Defendants' Motion to Extend Discovery, Dkts 103, 117 and 129; Plaintiff's Sealed Reply to Defendants' Opposition to Motion for Sanctions, Dkt. 119; Defendant Couch's Sealed Filing of Supplemental Authority for Permission to Take Five Depositions, Dkt. 141; Plaintiff's Sealed Motion to Compel, Dkt. 172; Defendants' Sealed Motion for Leave to File Documents under Seal and the exhibits thereto in connection with outstanding discovery requests responding to the Court's March 20, 2020 order, Dkt. 174; Plaintiff's sealed motion dated June 3, 2020, Defendant's sealed opposition thereto, dated June 17, 2020, and Plaintiff's sealed reply, dated June 24, 2020, Dkts. 211, 216, 217; Plaintiff's Sealed Motion entered September 27, 2020, Defendant's Sealed Opposition, entered September 27, 2020 and Plaintiff's Sealed Reply entered September 27, 2020, Dkts. 281, 282, and 283; Defendants Sealed Motion for Reconsideration and Permission to Take Additional Depositions and the Exhibits thereto, dated September 25, 2020, Dkt. 258, Plaintiff's Sealed Response dated October 9, 2020 Dkt. 274.

7. I believe many other progressive media outlets also have audiences with intense interest in the sealed materials filed in this case.

Dated: July 30, 2021
114 Miller Avenue
Sayreville, New Jersey 08872

Kristina Borjesson