## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AARON RICH,<br><br>      Plaintiff,<br><br>v.<br><br>EDWARD BUTOWSKY, MATTHEW COUCH, and AMERICA FIRST MEDIA,<br><br>      Defendants. | Civil Action No. 1:18-cv-00681-RJL<br><br><br><br>Hon. Richard J. Leon |

### REPLY MEMORANDUM OF THIRD-PARTY LUMUNANT MEDIA, INC. IN SUPPORT OF ITS MOTION TO INTERVENE AND UNSEAL DOCKET NUMBERS 234(2-6) AND 241(2)

LINCOLN D. BANDLOW (Bar ID: CA00099)
ROM BAR-NISSIM (admission application pending)
LAW OFFICES OF LINCOLN BANDLOW, P.C.
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
Tel: (310) 556-9680 / Fax: (310) 861-5550
Email: Lincoln@BandlowLaw.com; Rom@BandlowLaw.com

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................. 1

II.  ARGUMENT ...................................................................................................................... 4

   A.  The Opposition Fails To Demonstrate Luminant's Intervention is Improper ................... 4

      1.  The Opposition's Argument that the Motion is Untimely Lacks Merit....................... 4

      2.  The Opposition's Argument Regarding Commonality is Inapposite.. ........................ 5

      3.  The Opposition's Argument Regarding "Special Circumstances" Fails .................... 6

   B.  The Opposition Fails to Demonstrate that the Certified Transcripts Should Remain Under
       Seal................................................................................................................................. 7

      1.  The Opposition Fails to Refute the Certified Transcripts are Judicial Records .......... 7

         a.  Discovery Materials are Subject to the Right of Access........................................ 8

         b.  The Opposition Fails to Demonstrate Good Cause For Keeping the Certified
             Transcripts Under Seal........................................................................................ 9

            i.  The Opposition's Argument that Luminant is "Partisan" and will make a
                Defamatory Use of the Certified Transcripts is Unconstitutional and
                Rejected by Existing Case Law ...................................................................... 9

            ii.  The Opposition's "Lack of Authentication" Argument Lacks Merit ............. 11

            iii.  The Opposition's Argument that Plaintiff would not have Filed the Audio
                  Recordings Lacks Merit.............................................................................. 12

            iv.  The Opposition Misrepresents *Nixon v. Warner Communications* ............... 13

            v.  The Opposition's Invasion of Privacy Argument Lacks Merit ..................... 14

            vi.  The Opposition's Argument based on Unwanted Publicity Lacks Merit ...... 15

            vii.  The Opposition's Argument based on Couch's "Proprietary Interest" in the
                  Audio Recordings Lacks Merit .................................................................. 16

      2.  The Opposition Fails to Demonstrate the *Hubbard* Factors Weigh Against
          Disclosure.. ................................................................................................................ 17

         a.  The Opposition Fails to Demonstrate There is No Public Need for the Certified
             Transcripts....................................................................................................... 17

b.  The Opposition Fails to Demonstrate its Objections to Unsealing the Certified
    Transcripts Warrants Keeping them Under Seal ................................................... 18

c.  The Opposition Fails to Refute the Reason for the Lack of Public Access
    of the Certified Transcripts Favors Disclosure ..................................................... 19

d.  The Opposition Fails to Refute the Lack of Proprietary or Privacy Interest ........ 20

e.  The Opposition Fails to Demonstrate that Opposing Defendants will Suffer
    Any Prejudice......................................................................................................... 21

f.  The Opposition Fails to Dispute that the Reason Why the Certified Transcripts
    were Introduced into the Record Favors Disclosure.............................................. 21

III.    CONCLUSION............................................................................................................. 22

# TABLE OF AUTHORITIES

## CASES

*Aristotle International, Inc. v. NGP Software, Inc.*,
    714 F.Supp.2d 1 (D.D.C. 2010) ........................................................................19

*Avirgan v. Hull*,
    118 F.R.D. 252 (D.D.C. 1987) ................................................................. *passim*

*Bartnicki v. Vopper*,
    532 U.S. 514 (2001 ........................................................................................14

*Beckman Industries, Inc. v. International Insurance, Co.*,
    966 F.2d 470 (9th Cir. 1992) ...........................................................................6

*Bond v. Utreras*,
    585 F.3d 1061 (7th Cir. 2009) .........................................................................7

*Brandenburg v. Ohio*,
    395 U.S. 444 (1969) ......................................................................................16

*Cable News Network, Inc. v. Federal Bureau of Investigation*,
    984 F.3d 114 (D.C. Cir. 2021) .........................................................................8

*EEOC v. National Children's Center, Inc.*,
    146 F.3d 1042 (D.C. Cir. 1998) .............................................................1, 4, 5, 7

*In re McCormick*,
    316 F.Supp.3d at 464 .....................................................................................19

*New York v. Microsoft Corp.*,
    206 F.R.D. 18 (D.D.C. 2002) ...............................................................2, 6, 8, 12, 14

*New York Times v. U.S.*,
    403 U.S. 713 (1971) ......................................................................................10

*Nixon v. Warner Communications, Inc.*,
    435 U.S. 589 (1978) ......................................................................................13

*Pansy v. Borough of Stroudsburg*,
    23 F.3d 772 (3rd Cir. 1994) .............................................................................5

*Phillips ex rel Estates of Byrd v. General Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) .........................................................................8

*Proctor & Gable v. Bankers Trust*,
    78 F.3d 219 (6th Cir. 1996) ...................................................................................19

*Seattle Times, Co. v. Rhinehart*,
    467 U.S. 20 (1984).................................................................................................8

*United Nuclear Corp. v. Cranford Insurance Co.*,
    905 F.2d 1424 (10th Cir. 1990) .........................................................................5, 6

*United States v. El-Sayegh*,
    131 F.3d 158 (D.C. Cir. 1997)..............................................................................18

*United States v. Hubbard*,
    650 F.2d 293 (D.C. Cir. 1980) ........................................................................ 17-21

## I.     INTRODUCTION

The Opposition ("Opposition" or "Opp.") of Defendants Edward Butowsky and Matthew Couch (collectively, "Opposing Defendants") is built on unconstitutional arguments, speculative assertions and misrepresentations of the law.  The object of the Opposition is nothing more than an effort to confuse this Court, distort the record and malign third-party intervenor Luminant Media, Inc. ("Luminant").

Importantly, the Opposition fails to demonstrate what it should: that Luminant's Motion to Intervene and Unseal Docket Numbers 234(2-6) and 241(2) ("Motion") should be denied.  In its Motion, Luminant explained in plain and simple terms why: (1) Luminant's intervention in this matter for the sole purpose of unsealing judicial records is wholly proper; and (2) why Docket Numbers 234(2-6) and 241(2) (collectively, the "Certified Transcripts") should be unsealed.  In response, the Opposition merely spews numerous confused and confusing arguments that lack foundation in law or fact.  Where the Opposition brought confusion, Luminant shall bring clarity.

**Intervention**:  In its Motion, Luminant explained that intervention for the sole purpose of disclosing judicial records is proper under Federal Rule of Civil Procedure ("F.R.C.P.") Rule 24(b).  *See E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Despite the Opposition having repeatedly cited *E.E.O.C.*, the Opposition argues that *E.E.O.C.* states the exact opposite of what it states and Luminant must meet the traditional test for intervention under F.R.C.P. Rule 24(b).  Such misrepresentations of law cannot be countenanced and, therefore, Luminant should be allowed to intervene for the sole purpose of unsealing the Certified Transcripts.

**Unsealing:** The Opposition's arguments against unsealing the Certified Transcripts is

both a mixture of confession and projection. It relies on rank speculation and inapposite law to argue the Certified Transcripts should remain under seal.

The Opposition's most pervasive "justification" for denying the Motion is the factually and legally baseless argument that Luminant is part of the "partisan" media, lacks objectivity and could theoretically manipulate or distort the contents of the Certified Transcripts in a misleading and/or defamatory manner. In essence, the Opposition is asking this Court to: (1) engage in prior restraint by finding Luminant will use the Certified Transcripts in an unlawful manner before Luminant even creates and disseminates its documentary series; and (2) engage in viewpoint discrimination because it cites with approval the declaration of Kristen Borjessen (a journalist that Opposing Defendants approve) and not Luminant. Prior restraints and viewpoint discrimination are barred by the First Amendment and this Court should not countenance it.

The Opposition also argues that the Certified Transcripts are not subject to the right of access because they were not submitted in connection with a dispositive motion and, therefore, are so-called "discovery materials." This is false. Courts within this circuit have repeatedly applied the right of access to materials that were not submitted in connection with a dispositive motion, such as allowing the press to attend depositions and obtain deposition transcripts and video. *See New York v. Microsoft Corp.,* 206 F.R.D. 19, 22 (D.D.C. 2002); *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987). Therefore, assuming *arguendo* the Certified Transcripts are "discovery materials," the right of access still applies to those materials.

The Opposition further argues that the Certified Transcripts are not authenticated and could misrepresent the contents of the Audio Recordings. Yet, despite Opposing Defendants sharing the same attorney and being in possession of the Certified Transcripts and their underlying audio recordings (the "Audio Recordings"), the Opposition fails to point to a single

2

line in the Certified Transcripts that does not accurately reflect the Audio Recordings. Therefore, not only is this argument meritless, it highlights the Opposition's attempt to obfuscate the obvious through speculative arguments that are easily refutable.

In addition, the Opposition argues that Opposing Defendants and their families have been the subject of harassment and Butowsky has experienced health issues from this case. Luminant takes this issue seriously, but the Opposition fails to explain how disclosure of the Certified Transcripts will create further harassment and health issues. Indeed, the Opposition undermines this very argument by citing with approval Ms. Borjessen's reporting of this case and her desire to unseal the Certified Transcripts and additional documents. To say that Opposing Defendants (and their families) would face harassment and health issues from public scrutiny brought by Luminant's reporting but not Ms. Borjessen's reporting further emphasizes that the Opposition asks this Court to engage in – not only rank speculation – but unconstitutional prior restraints and viewpoint discrimination.

The Opposition also argues that the Audio Recordings are Couch's property and, therefore, he has an absolute right to control their usage – including the Certified Transcripts. This too is false. The Audio Recordings are subject to copyright law and, therefore, protected by the doctrine of fair use – which authorizes the use of copyrighted material for purposes of criticism, commentary and news reporting, like Luminant's documentary series. Rather, Couch seeks to use his copyright as a form of prior restraint to censor any public scrutiny of information highly relevant to a matter of tremendous public interest and importance.

Stripped bare, the Opposition is solely comprised of unconstitutional arguments, speculative assertions and misrepresentations of the law to deceive this Court into performing a prior restraint and viewpoint discrimination. The Opposition's objective is clear: to cherry-pick

who can discuss the Certified Transcripts and silence any discussion on Opposing Defendants' involvement in the creation and promulgation of the conspiracy theory[1] surrounding Seth Rich's murder.  The First Amendment does not countenance such conduct and neither should this Court.

Therefore, for the reasons stated in this Reply brief and Luminant's Motion, this Court should grant Luminant's Motion and unseal the Certified Transcripts.

## II.   ARGUMENT

### A.   The Opposition Fails To Demonstrate Luminant's Intervention is Improper

Each and every argument contained in the Opposition against Luminant's intervention is premised on misrepresentations of the law.  *See* Opp., pp. 5-15.  These meritless arguments can be summarized as: (1) Luminant's Motion was untimely; (2) Lack of Commonality; and (3) no special circumstances exist to warrant intervention.  Each argument shall be addressed below.

#### 1.   The Opposition's Argument that the Motion is Untimely Lacks Merit

The Opposition attempt to argue that the Motion is untimely (*see* Opp., pp. 6-7) is false. As a threshold matter, the timeliness requirement is inapplicable in light of the procedural posture of this case and the purpose of the Motion.  As the Court of Appeals stated: "Rule 24(b)'s timeliness requirement is to prevent prejudice in the ***adjudication of the rights of existing parties***, a concern that is ***not present*** when the existing parties have ***settled their dispute*** and intervention is for a ***collateral purpose***."  *E.E.O.C.*, 146 F.3d at 1047 (emphasis added) (quoting *United Nuclear Corp. v. Cranford Insurance Co.*, 905 F.2d 1424, 1427 (10th Cir.

---

[1] Contrary to Opposing Defendants' assertions, the use of the term "conspiracy theory" is not biased, negative or pejorative.  It is simply accurate:  Seth Rich was found having been killed and there is some consensus that it was a random and sudden robbery gone terribly wrong resulting in his death.  In contrast, others have proposed that Mr. Rich, who worked with the Democratic National Committee, may have leaked Hillary Clinton's emails and because of this, some unknown persons "conspired" to, and did, have him killed.  Thus, there is a "random crime theory" of his death and a "conspiracy theory" of his death.

1990)).

Indeed, the "consensus among the courts of appeals" is "that intervention to challenge confidentiality orders may take place *long after a case has been terminated*." *E.E.O.C.*, 146 F.3d at 1047 (emphasis added) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3rd Cir. 1994); citing *United Nuclear Corp*, 905 F.2d at 1427 (allowing intervention *three years* after the case had been settled because intervention "was for the sole purpose of challenging a protective order") (emphasis added)).

Here, Luminant's sole purpose for intervention is to challenge the confidentiality order as it applies to the Certified Transcripts.  Further, the present action was settled in January and March of 2021 and dismissed on March 29, 2021.  *See* Dkt Nos. 286-289.  Luminant filed its Motion on June 29, 2021 – *i.e.*, *three months* after the case was dismissed with prejudice.  Dkt. No. 291.  This is much shorter that the motion at issue in *E.E.O.C.*, which was filed "almost *two years* after the original parties had settled the case" and intervention was allowed.[2]  *E.E.O.C.*, 146 F.3d at 1047 (emphasis added).

Therefore, the Opposition's argument that Luminant's Motion is untimely is false, irrelevant and explicitly rejected by the Court of Appeals' decision in *E.E.O.C.* that the Opposition repeatedly cites.

## 2.   The Opposition's Argument Regarding Commonality is Inapposite

The Opposition argues that the Court of Appeals' decision in *E.E.O.C.* requires Luminant to show some commonality of claims or defenses with the present matter.  *See* Opp., p. 7.

---

[2] Luminant wishes to address, in a footnote, the Opposition's arguments that: (1) Luminant knew of the transcripts "eight months" before seeking access; and (2) Luminant had a duty to consult the docket and be aware of Butowsky's health condition.  The Opposition does not cite any law or fact for these arguments.  Rather, it is part of the Opposition's consistent pattern of conduct in distorting the law and facts relevant to the Motion.

*E.E.O.C.* expressly states the contrary: "the commonality requirement is ***satisfied*** whenever a third party objects to a confidentiality order" and is "***not required*** when intervenors are not becoming parties to the litigation."  146 F.3d at 1047-48 (emphasis added) (quoting *Beckman Industries, Inc. v. International Insurance, Co.*, 966 F.2d 470, 474 (9th Cir. 1992)).  Therefore, the Opposition explicitly misrepresents *E.E.O.C.* containing such a requirement.[3]

Moreover, it appears the Opposition argues that media intervenors cannot show commonality under any circumstances under F.R.C.P. Rule 24(b).  *See* Opp., pp. 7-9.  This is false.  Courts have routinely allowed media defendants to intervene for the purpose of challenging a confidentiality designation to unseal various court documents.[4]  Further, courts within this Circuit have allowed the media to intervene for the purpose of attending depositions and obtaining deposition video and transcripts.  *See New York*, 206 F.R.D. at 21-23, (D.D.C. 2002); *Avirgan*, 118 F.R.D. at 258 fn. 2. & 262.

Therefore, the Opposition's argument that Luminant must satisfy the commonality requirement is also legally baseless and devoid of merit.

### 3. The Opposition's Argument Regarding "Special Circumstances" Fails

The Opposition makes another bizarre argument by claiming no "special circumstances" exist to justify intervention.  *See* Opp., pp. 9-10.  This is false.  In *E.E.O.C.*, the Court of Appeals

---

[3] Equally bizarre is the Opposition's reliance on *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  *See* Opp., p. 7.  *Lujan* did not involve a party seeking intervention whatsoever; it concerned standing.  *See generally* 504 U.S. 555.  Further, as discussed in Section II.A.1., *supra*, intervention for the purpose of challenging a confidentiality order after a case has settled is completely appropriate.

[4] *See e.g., Commissioner, Alabama Department of Corrections v. Advance Local Media, LLC*, 918 F.3d 1161 (11th Cir. 2019); *In re Associated Press*, 162 F.3d 503 (7th Cir. 1998) *Coleman v. County of Suffolk*, 174 F.Supp.3d 747 (E.D.N.Y. 2016); *Exum v. U.S. Olympic Committee*, 209 F.R.D. 201 (D. Colo. 2002); *In re Bridgestone/Firestone, Inc.*, 198 F.R.D. 654 (S.D. Ind. 2001); *Dorsett v. County of Nassau*, 289 F.R.D. 54 (E.D.N.Y. 2012); *State Farm Fire and Casualty, Co. v. Hood*, 266 F.R.D. 135 (D. Miss. 2010).

explicitly recognized that courts must "adopt flexible interpretations of Rule 24 in special circumstances", such as when "third parties" seek intervention for the "limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." 146 F.3d at 1045-46; *see also* Sections II.A.1-2, *supra*.

Equally strange is the Opposition's reliance on *Bond v. Utreras* 585 F.3d 1061, 1072 (7th Cir. 2009). *See* Opp., p. 9. In direct contradiction to the Opposition's assertion that "[s]ome Federal courts have flatly refused to permit media intervention in dismissed cases," *Bond* stated the exact opposite: "It is beyond dispute that ***most documents filed in court are presumptively open to the public***; ***members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view***." *Bond*, 585 F.3d at 1073 (emphasis added; collecting cases). Rather, the reason why intervention was denied in *Bond* was because the media intervenor sought access to "discovery materials that have ***never*** been filed with the court and have ***never*** influenced the outcome of a judicial proceeding." *Id.* at 1074 (emphasis added). Therefore, the Opposition explicitly misrepresents *Bond* because the case actually supports granting the Motion.

In sum, each and every argument raised in the Opposition against intervention is premised on misrepresentations of law and devoid of merit.

> ### B.   The Opposition Fails to Demonstrate that the Certified Transcripts Should Remain Under Seal
>
> > #### 1.   The Opposition Fails to Refute the Certified Transcripts are Judicial Records

The Opposition makes a confused and confusing argument that intervention should be denied because the Certified Transcripts are not judicial records and, instead, discovery

materials.  *See* Opp., pp. 16-21.  This is false.

The Opposition does not dispute that a filing will constitute a judicial record when "the goal in filing a document is to influence a judge's decisionmaking."  *Cable News Network, Inc. v. Federal Bureau of Investigation,* 984 F.3d 114, 118 (D.C. Cir. 2021).  Further, the Opposition explicitly concedes that the Certified Transcripts were filed in connection with the motions to de-designate filed by Plaintiff Aaron Rich ("Plaintiff") and were made to influence the Court's decision regarding those motions.  Opp., pp. 3-4, 9-10.  Therefore, it is beyond dispute that the Certified Transcripts constitute as judicial records.

### a.      Discovery Materials are Subject to the Right of Access

Even assuming the Certified Transcripts constituted discovery materials – which they are not – they are not categorically barred from disclosure.  *See New York*, 206 F.R.D. at 22; *Avirgan*, 118 F.R.D. at 254.  Rather, "the party seeking to exclude others from pretrial discovery must establish that good cause exists for the exclusion" and courts must "balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense."  *New York*, 118 F.R.D. at 22 (internal quotes omitted) (citing *Avirgan*, 118 F.R.D. at 254; *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).[5]

*New York* is particularly instructive.  In *New York*, various media intervenors sought deposition transcripts and video recordings.  206 F.R.D. at 23.  The Court found that "Microsoft [did] not offer ***any*** affirmative evidence or argument to indicate that the release of the redacted transcripts and video tapes would in any way burden, oppress or embarrass the parties to the

---

[5] The Opposition – relying on out of circuit authority – advocates this Court adopting a standard that Luminant must show a "compelling interest" to justify disclosure.  *See* Opp., p. 17 (citing *Phillips ex rel Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  This is not the law of this Circuit and clearly contradicted by *New York*.

litigation or third-parties who were deposed." *Id.*  Further, the Court stated that "Microsoft fail[ed] to offer any explanation as to why provision of the transcripts and video recordings from these four depositions would be so troublesome and vexatious that the circumstances justify the denial of the Media's request." *Id.*

As discussed in Section II.B.1.b., *infra*, the Opposition fails to provide any affirmative evidence or non-speculative argument that disclosure of the Certified Transcripts will burden, oppress or embarrass the Opposing Defendants.

**b.**     <u>**The Opposition Fails to Demonstrate Good Cause for Keeping the Certified Transcripts under Seal**</u>

The Opposition utterly fails to demonstrate good cause for keeping the Certified Transcripts under seal and relies solely on rank speculation and unconstitutional arguments. Each of these arguments shall be discussed below.

**i.**     <u>**The Opposition's Argument that Luminant is "Partisan" and will make a Defamatory Use of the Certified Transcripts is Unconstitutional and Rejected by Existing Case Law**</u>

A pervasive argument throughout the Opposition is its repeated speculation that Luminant is the "partisan media" that will "cherry-pick" from the Certified Transcripts and will use them in a misleading and defamatory manner, including using editing techniques, sound effects and ominous voice over. *See* Opp., pp. 10-15.  Further, the Opposition argues that this would require Opposing Defendants to initiate additional litigation as a result of those defamatory statements.  *See Id.*, pp. 12, 14-15.  In essence, the Opposition would have this Court decide that Luminant will use the Certified Transcripts in a defamatory manner ***before*** Luminant

9

even discusses them and based on the Opposition's unfounded assumption on how Luminant would use the Certified Transcripts in its documentary series.

This argument is an unabashed attempt to compel this Court to engage in prior restraint and viewpoint discrimination in violation of the First Amendment. *See New York Times Co. v. U.S.*, 403 U.S. 713, 714 (1971) ("Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity."); *Near v. Minnesota*, 283 U.S. 697, 701-02 & 721 (1931) (public nuisance statute targeting "malicious, scandalous and defamatory" media and creating an exception based on "good motives and for justifiable ends" constituted an unconstitutional prior restraint); *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 829 (1995) ("When the government targets not subject matter, but particular views taken by the speakers on a subject, the violation of the First Amendment is all the more blatant.").

Further highlighting that the Opposition asks this Court to engage in prior restraints and viewpoint discrimination is that the Opposition cites and relies on the declaration of Ms. Borjesson, a journalist that Opposing Defendants appear to approve, who also desires the Certified Transcripts along with other documents filed under seal in this case.[6] *See* Opp.,pp. 19-20. To approve of Ms. Borjesson's use based on her viewpoint, yet to seek to silence Luminant based on its perceived viewpoint, is quintessential viewpoint based discrimination.

---

[6] The Opposition also argues that, if Luminant was truly interested in objectivity, it would have asked this Court to unseal additional documents. *See* Opp., pp. 9-10, 19-20. Luminant would be ecstatic if this Court were to decide to unseal additional documents. Luminant's Motion only asked that the Certified Transcripts be unsealed because the Court previously held that five of the six underlying Audio Recordings were improperly designated as "Attorneys' Eyes Only" by Couch and could be publicly filed (*i.e.*, they are not subject to the protective order in the first instance). Indeed, the ***only reason*** why the Certified Transcripts remain under seal is because Couch improperly designated the Audio Recordings as "Attorneys' Eyes Only" in the first instance. This highlights the disingenuousness of the Opposition because it, essentially, seeks to exploit the fact that, due to Couch's improper designation, the Certified Transcripts had to be filed under seal and asks this Court to maintain the seal on this improper designation.

Indeed, the Opposition's argument is nearly identical to the argument made by the third-party deponent in *Avirgan*.  In that case, the third-party deponent objected to the press attending his deposition because of "false statements and accusations" made by opposing counsel to the press that resulted in "annoyance and harassment."  *Avirgan*, 118 F.R.D. at 254-55.  The Court rejected this argument and held "disseminating false information about [the third-party deponent], (an allegation that clearly cannot be decided here), and that the threatening calls and letters and the decline in his business are attributable directly to the actions of plaintiffs and their counsel, ***this does not constitute good cause for closing his deposition before it has even occurred.***"  *Id.* at 256 (emphasis added; internal footnote omitted).

Here, the case is even stronger than *Avirgan*.  Like *Avirgan*, the Opposition advances an argument based on misleading and defamatory statements.  Unlike *Avirgan* (where plaintiff's counsel already made statements to the press), Luminant has not even spoken yet about the Seth Rich conspiracy theory, in general, or the Certified Transcripts in particular.  Therefore, in light of *Avirgan*, Luminant must be given access to the Certified Transcripts.

In sum, the Opposition's argument advances unconstitutional principles and has been expressly rejected as insufficient to demonstrate good cause for maintaining the Certified Transcripts under seal.

### ii.     The Opposition's "Lack of Authentication" Argument Lacks Merit

Second, the Opposition argues that the Certified Transcripts "have not been authenticated and have not been shown to be free from editing, doctoring or manipulation."  *See* Opp., pp. 10-11 (citing Declaration of Edward Butowsky ("Butowsky Decl."), ¶ 10).  This argument is spurious.  As made clear by the Opposition, Butowsky and Couch share the same counsel – who

was also responsible for filing the opposition to Plaintiff's motion to de-designate the underlying

Audio Recordings.  Therefore, if there were any issues of "editing, doctoring or manipulation" in

the Certified Transcripts (or even the underlying Audio Recordings), Butowsky could and should

have identified with particularity such issues, but failed to do so.  Stripped bare, the Opposition's

argument is based on rank speculation and insufficient to demonstrate good cause.  *See New*

*York*, 206 F.R.D. at 23 (granting access to deposition videos and transcripts because Microsoft

failed to offer "any affirmative evidence" that such materials would "in any way burden, oppress,

or embarrass the parties to the litigation or the third-parties who were deposed").

In sum, by failing to identify a single problematic portion of the Certified Transcripts, the

Opposition fails to demonstrate good cause for keeping them under seal.

      **iii.**  **The Opposition's Argument that Plaintiff would**
           **not have Filed the Audio Recordings Lacks**
           **Merit**

Third, the Opposition speculates that Plaintiff would not have "acted so irresponsibly" to

publicly file the Certified Transcripts (and their underlying Audio Recordings) prior to trial

because it "could have tainted the jury pool," "undermined Plaintiff's credibility at trial" and

"sever[e] prejudice" would have resulted from a "partisan press" further manipulating the Audio

Recordings and Certified Transcripts.  *See* Opp., p. 11.  Again, this argument is comprised of

rank speculation and relies on a "what if" scenario that did not – and will not – occur.  There is

absolutely no possibility that disclosure of the Certified Transcripts would prejudice this judicial

proceeding because this case has already been dismissed with prejudice.  Furthermore, it is

another instance of the Opposition making unconstitutional arguments based on prior restraint

and viewpoint discrimination because – without any evidence whatsoever – the Opposition

argues that Luminant is partisan media and will make a defamatory use of the Certified Transcripts.

In sum, the Opposition's argument that Plaintiff would not have filed the Certified Transcripts is speculative and fails to demonstrate good cause for keeping them under seal.

### iv.   The Opposition Misrepresents *Nixon v. Warner Communications*

Fourth, the Opposition falsely claims that the Supreme Court in *Nixon* stated that "the use of audio by the press can lead to phrases being taken out of context or edited in such a way as to be extremely unfair to the defendant." Opp., p. 11. This is not what the Supreme Court held in *Nixon*; rather, the Supreme Court was summarizing President Richard Nixon's argument against disclosing the infamous White House tapes.

> *Petitioner [i.e., President Nixon] disputes this claim of "accuracy," emphasizing that the tapes required 22 hours to be played*. If made available for commercial recordings or broadcast by the electronic media, only fractions of the tapes, necessarily taken out of context, could or would be presented. Nor would there be any safeguard, other than the taste of the marketing medium, against distortion through cutting, erasing, and splicing of tapes. There would be strong motivation to titillate as well as to educate listeners. *Petitioner insists that this use would infringe his privacy, resulting in embarrassment and anguish to himself and the other persons who participated in private conversations that they had every reason to believe would remain confidential*.

*Nixon*, 435 U.S. at 601 (emphasis added).[7]

Indeed, it would be a shocking form of prior restraint for the Supreme Court to justify barring disclosure and discussion of governmental documents merely because such use could *potentially* infringe on certain rights, as it would be a prior restraint

---

[7] The Supreme Court did not opine on this argument. Rather, since the recorded phone calls were made by the president and not part of a judicial proceeding, the Court held that the common law right of access did not apply. *See Nixon*, 435 U.S. at 604-608.

In sum, the Opposition's misrepresentation of *Nixon* in no way demonstrates good cause for keeping the Certified Transcripts under seal.

v.      **The Opposition's Invasion of Privacy Argument**

**Lacks Merit**

Fifth, the Opposition argues that "Butowsky had no idea he was being recorded at any time during any conversations with Couch" and disclosure would "invade his privacy" and "result in embarrassment and anguish" that Butowsky sought to avoid when "the case was dismissed with prejudice."  *See* Opp., p. 12 (citing Butowsky Decl., ¶ 10).  As a threshold matter, Luminant is immune from an invasion of privacy claim from the disclosure of the Certified Transcripts because the Opposition concedes they involve a matter of public concern and it was Couch – not Luminant – that made the unauthorized recordings without Butowsky's permission. *See Bartnicki v. Vopper*, 532 U.S. 514, 528 (2001) (holding that, if the media "lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need of the highest order.").

Further, the Opposition fails to identify any information in the Certified Transcripts that would invade Butowsky's privacy or result in embarrassment and anguish.  *See New York,* 206 F.R.D. at 23-24; *Avirgan*, 118 F.R.D. at 256.  In essence, the Opposition asks this Court to adjudicate Luminant as violating Butowsky's rights before Luminant even speaks – which would be an unconstitutional prior restraint.

In sum, the Opposition's invasion of privacy argument is not only foreclosed by the Supreme Court, it would constitute as an unconstitutional prior restraint and, therefore, cannot be used to demonstrate good cause.

vi.     **The Opposition's Argument based on Unwanted**

        **Publicity Lacks Merit**

Sixth, the Opposition asserts that Butowsky's health has taken a toll from the media's

coverage of this case and his family has experienced various threats.  *See* Opp., pp. 12-13.  The

Opposition also asserts that Couch and his family has received similar threats.  Opp., p. 15.

Luminant takes the health and safety of Butowsky and the families of Butowsky and Couch very

seriously.  This argument, however, was already rejected in *Avirgan* and fails to withstand

scrutiny.

In *Avirgan*, the deponent received unwanted publicity from his congressional testimony

at the Iran/Contra Affair hearings and used it to justify excluding the media from his deposition.

118 F.R.D. at 254-255.  The Court rejected this argument:

> In the instant case, [the deponent] has focused on annoyance and harassment he
> attributes to plaintiffs' efforts to publicize this case, but has not persuaded the
> Court that these allegations constitute good cause to close the scheduled
> deposition.  Although [the deponent's] concerns are more weighty because he is
> not a party to the underlying action, it is impossible to determine the appropriate
> weight to give those allegations about past occurrences without knowing what
> specific information will be revealed in [the deponent's] deposition that has not
> already been the subject of public and press scrutiny.

*Avirgan*, 118 F.R.D. at 255.

Here, like *Avirgan*, the Opposition and its supporting declarations fail to identify what

information in the Certified Transcripts would further aggravate Butowsky's health issues or the

harassment of Opposing Defendants' families.  Unlike *Avirgan*, however, Butowsky and Couch

were parties to the underlying action.  In light of Opposing Defendants' status as parties to this

action and their failure to identify anything from the Certified Transcripts that would result in

further health issues or harassment, *Avirgan* dictates that this argument fails to demonstrate good

15

cause.

Further, the Opposition does not – and, indeed, cannot – distinguish whether the harassment of Opposing Defendants' families was due to this case, media coverage or the most plausible explanation: Opposing Defendants' involvement in the creation and promulgation of the theory about Seth Rich's murder.  Even assuming *arguendo* that media coverage of the case was (and would be) the cause of this harassment, Luminant is not responsible for the conduct of third-parties unless it engages in incitement – *i.e.*, where "advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action."  *Brandenburg v. Ohio,* 395 U.S. 444, 447 (1969).  Of course, under no circumstances would Luminant instruct its audience to engage in ***any*** harassment of Opposing Defendants.  Rather, the Opposition asks this Court to engage in an unconstitutional prior restraint by holding Luminant responsible for some purported incitement before Luminant even uttered a single word.

In sum, the health and safety of Opposing Defendants and their families should be taken seriously.  But since the Opposition and its supporting documents fail to indicate a single portion or line from the Certified Transcripts that would result in aggravating these issues and employs unconstitutional legal theories, this argument fails to demonstrate good cause for keeping the Certified Transcripts under seal.

> ### vii.    The Opposition's Argument Based on Couch's "Proprietary Interest" in the Audio Recordings Lacks Merit

Finally, Couch argues he owns a proprietary interest in the contents of the Audio Recordings and, therefore, the Certified Transcripts.  *See* Opp., p. 15.  While Couch may possibly own the Audio Recordings (which the Opposition concedes he unlawfully obtained

because he failed to secure consent), his rights in the Audio Recordings are governed by copyright law. *See* 17 U.S.C. § 102(a)(7) (stating "sound recordings" are the subject matter of copyright); 17 U.S.C. § 101 (defining "sound recordings"). Consequently, any use of Couch's copyright in the Audio Recordings or Certified Transcripts is subject to the limitations imposed by fair use. *See* 17 U.S.C. § 107. The fair use doctrine allows the use of copyrighted material for purposes of "commentary, criticism" and "news reporting" – *i.e.*, the exact purpose for which Luminant's documentary shall use the Certified Transcripts. *Id.* Therefore, Couch does not have an absolute right to control the Audio Recordings or the Certified Transcripts.

In essence, the Opposition asks this Court to engage in an unconstitutional prior restraint by determining that Luminant will engage in copyright infringement before Luminant is able to access – let alone use the Certified Transcripts in the documentary series. This is completely improper and insufficient to demonstrate good cause to keep the Certified Transcripts under seal.

In sum, assuming *arguendo* that the Certified Transcripts are discovery materials and not judicial records, the Opposition fails to demonstrate good cause for keeping the Certified Transcripts under seal.

## 2.    The Opposition Fails to Demonstrate the *Hubbard* Factors Weigh Against Disclosure

The Opposition – for the most part – regurgitates its false and speculative arguments to demonstrate that the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980) weigh against disclosure. Each of the Opposition's arguments will be discussed below.

### a.    The Opposition Fails to Demonstrate There is No Public Need for the Certified Transcripts

To demonstrate a lack of public need for the Certified Transcripts, the Opposition

regurgitates its argument that – since the Certified Transcripts supposedly constitute discovery materials and not judicial records – there is no cognizable public interest in the Certified Transcripts.  *See* Opp., 28-32.  As discussed in Section II.B.1, the Opposition is incorrect.[8]

Further, this *Hubbard* factor asks – not whether there is a cognizable public interest in the Certified Transcripts – but whether there is a public need for the Certified Transcripts.  The Opposition – not only fails to demonstrate that there is no public need for the Certified Transcripts – it proves there is a public need by submitting the declaration of Ms. Borjesson that expresses her desire to unseal the Certified Transcripts and other filings for the purposes of reporting on and commenting upon them.[9]

In sum, the Opposition's arguments to refute the public need for the Certified Transcripts are completely devoid of merit.

      **b.**    **The Opposition Fails to Demonstrate its Objections to Unsealing the Certified Transcripts Warrants Keeping them Under Seal**

The Opposition merely regurgitated its "justifications" for why good cause exists to keep the Certified Transcripts under seal as their objections.  For the reasons stated in Section II.B.1., *supra*, none of these "justifications" have merit and, instead, are premised on unconstitutional theories of prior restraint and viewpoint discrimination and rely on a foundation of speculative

---

[8] Further, the Opposition misrepresents the applicability of *United States v. El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997).  *See* Opp., p. 30.  In *El-Sayegh*, the court never ruled on the motion to seal the plea agreement but the document remained under seal.  131 F.3d at 162.  Here, the Court did rule on Plaintiff's Motion to De-Designate and found that Couch improperly designated the Audio Recordings.

[9] The Opposition also makes a "slippery slope" argument that there are numerous issues that are of public interest and to allow this factor to weigh in favor of disclosure would prejudice defendants, create undue publicity and invade privacy.  *See* Opp., p. 31 & fns. 6-9.  But none of the cases cited in the Opposition applied this *Hubbard* factor – let alone involve the unsealing of documents.

evidence that are woefully insufficient.

Therefore, the Opposition's arguments to "justify" their objections to disclosure are completely devoid of merit.

<strong>c. The Opposition Fails to Refute the Reason for the Lack of Public Access of the Certified Transcripts Favors Disclosure</strong>

The Opposition completely fails to address that this Court has already held that Couch improperly designated the underlying Audio Recordings as "Attorney's Eyes Only" and Couch's improper designation is the sole reason why the public cannot access the Certified Transcripts in the first instance. *See* Opp., pp. 21-22. Rather, the Opposition argues that because the underlying Audio Recordings could have been publicly filed (and were not) weighs against disclosure. This argument is disingenuous because it ignores that Couch is directly responsible for the Certified Transcripts being filed under seal and remaining under seal. The Opposition fails to cite any authority that a party who improperly designates a document as "Attorney's Eyes Only" and that designation is successfully challenged can remain under seal. To the contrary, as discussed in Luminant's Motion, the fact that a document was filed under seal does not justify keeping said document from remaining under seal – which the Opposition completely fails to refute. *See* Motion, pp. 15-16 (quoting *In re McCormick & Company, Inc., Pepper Products Marketing and Sales Practices Litigation*, 316 F.Supp.3d 455, 464 (D.D.C. 2018) (quoting *Aristotle International, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 20 (D.D.C. 2010); *Proctor & Gamble v. Bankers Trust,* 78 F.3d 219, 227 (6th Cir. 1996)) (a district court "cannot abdicate its responsibility to determine whether filings should be made available to the public by allowing the parties to control public access pursuant to a protective order").

In sum, the Opposition fails to demonstrate that this *Hubbard* factor weighs against

19

disclosure.

          **d.**        **The Opposition Fails to Refute the Lack of Proprietary or**

                 **Privacy Interest**

Luminant's Motion explained that this factor focuses on whether public access should be denied to : (1) "protect trade secrets"; (2) protect "the privacy and reputation of victims of crimes"; (3) "guard against risks to national security interest"; or (4) "minimize the danger of an unfair trial by adverse publicity." *See* Motion, p. 16 (quoting *United States ex rel. Grover v. Related Companies, LP*, 4 F.Supp.3d 21, 25 (D.D.C. 2013)). The Motion also explained that Opposing Defendants could not make this showing because there are no trade secrets at issue, they are no victims of crimes, there is no national security interest at issue and there is no risk of an unfair trial due to adverse publicity because this matter has been dismissed with prejudice.

The Opposition proved Luminant was correct by failing to identify any such interest. *See* Opp., pp. 23-25. Instead, the Opposition regurgitates that: (1) Butowsky did not know he was recorded; (2) the Audio Recordings could have been doctored; (3) the case has been dismissed; (4) the harassment faced by Butowsky's and Couch's families; (5) the media's alleged misrepresentation of the facts; (6) that Luminant will "cherry-pick" from the Certified Transcripts; and (7) Couch's proprietary interest in the Audio Recordings. As discussed above, these arguments are either based on rank speculation, unconstitutional argument and/or contradicted by the law.

In sum, the Opposition fails to demonstrate that this *Hubbard* factor weighs against unsealing the Certified Transcripts.

/ / /

/ / /

e.   **The Opposition Fails to Demonstrate that Opposing Defendants will Suffer Any Prejudice**

The sole argument the Opposition advances to argue prejudice is that, by granting Luminant's Motion, the floodgates will open for additional motions to unseal other court filings in this matter.  *See* Opp. pp. 26-27.  The Opposition does not cite any authority to support the assertion that additional motions to unseal will result in prejudice.  Further, the Opposition fails to acknowledge Opposing Defendants' own role in manufacturing such motion practice by refusing to unseal court filings, in general, and the Certified Transcripts, in particular.

In sum, the Opposition fails to demonstrate that this *Hubbard* factor weighs against disclosure.

f.   **The Opposition Fails to Dispute that the Reason Why the Certified Transcripts were Introduced into the Record Favors Disclosure**

The Opposition does not – and indeed cannot – dispute that the Certified Transcripts were introduced into the record because Couch improperly designated them as "Attorneys' Eyes Only."  Nor can the Opposition dispute that this Court held Couch improperly designated the Certified Transcripts.

Instead, the Opposition seeks to capitalize on the fact that the Certified Transcripts were filed under seal due to Couch's improper designation and characterization of them as discovery materials.  For the reasons stated in Section II.B.1., *supra*, the Certified Transcripts are not discovery materials and courts within this Circuit have repeatedly held that discovery materials are subject to the right of access.

In sum, the Opposition completely and utterly fails to dispute that all the *Hubbard* factors

weigh in favor of disclosure.

## III.    <u>CONCLUSION</u>

The Opposition asks this Court to employ unconstitutional legal theories, speculative

evidence and misrepresentations of law and fact to justify denying the Motion.  It is an

unabashed attempt by Opposing Defendants to control the public discourse about their

involvement in the creation and propagation of a theory about Seth Rich's murder that implicates

public officials at the highest levels and that is of the utmost public concern.  It simply strains

credulity for Opposing Defendants to shield themselves under the First Amendment's protections

when creating and disseminating this theory, yet seek to silence others from exercising their own

First Amendment rights to scrutinize Opposing Defendants' role in the creation and

dissemination of it.

Under the First Amendment, all citizens have the right to engage in public debate without

the government stating such speech would be unlawful before the speech occurs (*i.e.*, prior

restraint) and without the government quashing a viewpoint it does not like (*i.e.*, viewpoint

discrimination).

For the reasons stated above, this Court should grant Luminant's Motion in full and

unseal the Certified Transcripts.

DATED:  August 19, 2021                                   Respectfully submitted,
                                                                              */s/ Lincoln D. Bandlow*

                                                  LINCOLN D. BANDLOW (BAR ID: CA00099)
                                                  ROM BAR-NISSIM (BAR ID: CA00105)
                                                  LAW OFFICES OF LINCOLN BANDLOW, P.C.
                                                  1801 Century Park East
                                                  Suite 2400
                                                  Los Angeles, CA 90067
                                                  Tel: (310) 556-9680
                                                  Fax: (310) 861-5550
                                                  Email: Lincoln@BandlowLaw.com; Rom@BandlowLaw.com

                                                  ***Attorneys for Third-Party Luminant Media, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on August 13, 2021, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Aaron Rich, Defendants Edward Butowsky, Matthew Couch, American First Media and *The Washington Times*, third-party petitioners, Fox News Network, LLC, Malia Zimmerman and Ellen Ratner and interested person Larry Johnson.  Courtesy copies of the foregoing document was also emailed to counsel as follows:

1.   Martin J. Weinstein, Michael Gottlieb and Meryl Conant Governski (Counsel for Plaintiff Aaron Rich) at mweinstein@willkie.com; mgottlieb@willkie.com; mgovernski@willkie.com;

2.   Eden Quainton (Counsel for Defendants Butowsky, Couch and American First Media and interested person Larry Johnson) at equainton@gmail.com;

3.   Allen Vern Farber (Counsel for Defendant *The Washington Times*) at allen.farber@faegredrinker.com;

4.   Joseph Marshall Terry Jr., Stephen J. Fuzesi and Katherine A Petti (Counsel for third-party petitioner Fox News Network, LLC) at jterry@wc.com; sfuzesi@wc.com; kpetti@wc.com;

5.   Vincent H. Cohen, Jr., David Stern and Nicolle L. Jacoby (Counsel for third-party petitioner Malia Zimmerman) at Vincent.cohen@dechert.com; dstern@bakerlaw.com; nicolle.jacoby@dechert.com; and

6.   Charna Eve Sherman (Counsel for third-party petitioner Ellen F. Ratner) at csherman@charnalaw.com.

1

DATED:  August 19, 2021                     Respectfully submitted,

                                            */s/ Lincoln D. Bandlow*

                          LINCOLN D. BANDLOW (admission application pending)
                          ROM BAR-NISSIM (*pro hac vice* application pending)
                          LAW OFFICES OF LINCOLN BANDLOW, P.C.
                          1801 Century Park East
                          Suite 2400
                          Los Angeles, CA 90067
                          Tel: (310) 556-9680
                          Fax: (310) 861-5550
                          Email: Lincoln@BandlowLaw.com; Rom@BandlowLaw.com