## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AARON RICH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 18-681 (RJL)** |
| | ) | |
| **EDWARD BUTOWSKY,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

March 30, 2022 [Dkt. # 291]

Pending before the Court in this closed civil case is a motion by a third party, Luminant Media, Inc. ("Luminant"), to intervene in the case for the limited purpose of unsealing certain exhibits originally filed under seal with the Court. *See* Luminant Mot. to Intervene & Mot. to Unseal Docket Number 234(2-6) & 241(2) [Dkt. 291] ("Mot. to Intervene"). Specifically, Luminant asks the Court to unseal certified transcripts of six audio recordings that were submitted to the Court in connection with a motion by the plaintiff in this matter, Aaron Rich, to remove the designation of "Attorneys' Eyes Only" that had been applied to the recordings by defendant Matthew Couch. *See* Pl. Mot. to De-Designate Certain Audio Recordings [Dkt. 233] ("Mot. to De-Designate"). Defendants Couch and Edward Butowsky oppose, arguing that the motion to intervene is untimely given that this case was dismissed three months prior to Luminant's motion, that the recordings are not judicial records encompassed by the relevant common law and

constitutional rights of access, and that, in any event, the factors to be considered in adjudicating a motion to unseal point collectively toward maintaining the exhibits' sealed status.[1]  I agree with defendants on at least the second of these stated rationales for denial: the relevant documents are not judicial records, and Luminant thus no right to access attaches to them.  Accordingly, I find that Luminant cannot establish a right to intervene and unseal the documents, and therefore its motions must be **DENIED**.[2]

Nonparties to cases may intervene to "assert the common law right of public access to 'records of [the] judicial proceeding.'"  *League of Women Voters v. Newby*, 963 F.3d 130, 135 (quoting *United States v. Hubbard*, 650 F.2d 293, 314 (D.C. Cir. 1980)).  If a document is a judicial record, there is a "strong presumption" in favor of the public's right to access the record.  *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021).  But "not all documents filed with courts are judicial records," and a Court must look to "the role it plays in the adjudicatory process" to determine whether a given document is encompassed by this right to access.  *SEC v. Am. Int'l Grp. ("AIG")*, 712 F.3d 1, 3 (D.C. Cir. 2017) (quoting *United States v. El-Sayegh*, 131 F.3d 158, 161 (D.C. Cir. 1997)).  Specifically, "[i]f the goal in filing a document is to influence a judge's decisionmaking, the document is a judicial record."  *Cable News Network, Inc.*, 984 F.3d at 118.  Correspondingly, a document does not comprise a judicial record where the Court has

---

[1] Plaintiff Rich has not taken a position on Luminant's motions.

[2] Luminant's motions to intervene and to unseal are of course separate.  However, because Luminant's basis for seeking permissive intervention under Federal Rule of Civil Procedure 24(b) is entirely to seek unsealing of the records, my decision on the merits of the motion to unseal also resolves whether Luminant may intervene in this case. *See League of Women Voters v. Newby*, 963 F.3d 130, 135 (D.C. Cir. 2020).

"made no decisions about them or that otherwise relied on them." *AIG*, 712 F.3d at 4. In circumstances where the Court has made a decision only as to a document's confidentiality, including whether a document may or may not be kept under seal, the document in question is not automatically transformed into a judicial record subject to the right of access. *See El-Sayergh*, 131 F.3d at 162; *see also Am. Intern. Grp.*, 712 F.3d at 4 n.1 (noting that district court's orders as to documents' confidentiality were not relevant to question of whether documents were judicial records). This rule is consistent with that of other circuits, as well, which have rejected the proposition that documents filed with the Court solely for the purpose of adjudicating discovery disputes, including the appropriateness of confidentiality designations, are to be considered judicial records. *See, e.g.*, *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 435–36 (3d Cir. 2016); *SEC v. TheStreet.com*, 273 F.3d 222, 233 (2d Cir. 2001); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001).

Here, the documents sought to be unsealed fall outside of the category of judicial records, for they were filed with the Court for the limited purpose of adjudicating a confidentiality dispute and had no bearing on any substantive decision in this case. Plaintiff Rich filed the certified transcripts at issue in connection with an August 2020 motion seeking to have defendant Couch remove a designation of "Highly Confidential Information—Attorneys' Eyes Only" from the underlying audio recordings. *See* Mot. to De-Designate at 1; *see also* Pl. Sealed Mot. for Leave to File Document Under Seal [Dkt. 234] (seeking leave of Court to file certified transcripts of challenged audio recordings under seal for purposes of *in camera* review to adjudicate motion to de-designate); Pl.

Sealed Mot. for Leave to File Document Under Seal [Dkt. # 242] (same).  The certified transcripts were filed with the Court for no other purpose, and the Court made no decision as to the documents beyond adjudicating that motion.[3]  Indeed, in November 2020, within a few weeks of disposition of the motion, the parties jointly moved for a stay and referral to mediation, *see* Joint Mot. to Stay, Joint Mot. for Mediation [Dkt. # 284], and the case was thereafter settled, *see* Pl.'s Mot. to Dismiss Defs. Couch and America First Media [Dkt. # 286]; Pl.'s Mot. to Dismiss Def. Butowsky [Dkt. # 287].  The Court's consideration of the documents at issue here thus related exclusively to their confidentiality in the context of the parties' ongoing conduct of discovery; the documents had no other bearing on the proceedings.  In light of this posture, "[d]isclosure of the [transcripts] would do nothing to further judicial accountability," the touchstone of the judicial records inquiry.  *AIG*, 712 F.3d at 4.

Because I find that the transcripts are not judicial records, no right of access attaches under the common law,[4] and Luminant has not otherwise established a basis for its motion

---

[3] By Minute Order dated August 27, 2020, the Court granted plaintiff's Motion to De-Designate.  The transcripts played no role in any subsequent decision by the Court.

[4] Though Luminant asserts a right under both the First Amendment and the common law to access the documents, its arguments are not differentiated depending on the source of its putative right.  *See* Mot. to Intervene at 11–14.  In any event, at least in this context, there is no material difference in the inquiry.  In the *AIG* case, our Court of Appeals noted that "[t]he common law right of access predates the Constitution, so it is not surprising the Framers enshrined analogous principles in the First Amendment, which 'guarantees the press and the public access to aspects of court proceedings, including documents, if such access has historically been available, and serves an important function of monitoring prosecutorial or judicial misconduct."  *AIG*, 712 F.3d at 5 (quoting *El-Sayegh*, 131 F.3d at 160–61)).  In *AIG*, the Court rejected the moving party's contention that certain documents were judicial records giving rise to a right to access under the First Amendment for the same reasons it rejected that contention in the common law context.  *Id.*  I adopt the same approach here.

to intervene or to unseal.   Accordingly, Luminant's motions to intervene and to unseal documents are **DENIED**.

      **SO ORDERED.**


RICHARD J. LEON
United States District Judge